**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Clerk's Minutes**
**Before the Honorable Kenneth J. Gonzales**

**CASE NO.:** **CR 15-4268 KG**
**CR 15-4269 KG**

**DATE:** **1/20/2016**

**Time in court:** **48 minutes**

**TITLE:** **United States v. DeLeon, et al.**
**United States v. Varela, et al.**

**COURTROOM CLERK:** **Chris Eubanks** **COURT REPORTER:** **Danna Schutte Everett**

( ) Albuquerque ( X) Las Cruces ( ) Santa Fe ( ) Roswell

( ) Bench warrant ordered

**INTERPRETER: NONE**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**

**Maria Armijo**
**Randy Castellano**

**ATTORNEYS PRESENT FOR DEFENDANT(S):**

**Brock Benjamin**
**Cori Ann Harbour-Valdez**
**Russell Dean Clark**
**Jason Bowles (Telephonic)**
**Carlos Ibarra**
**Jeffrey Lahann**
**Orlando Mondragon**
**Noel Orquiz**
**Billy R. Blackburn**
**Stephen Hosford**
**Jerry Herrera (Telephonic)**
**Pedro Pineda**
**Gary Mitchell (Telephonic)**
**Margaret Strickland**
**Steven Almanza**
**Mary Stillinger**
**Richard Jewkes**
**B. J. Crow (Telephonic)**
**Marc Lowry (Telephonic)**

**Charles McElhinney**
**Marcia Milner**
**Amy Sirignano (Telephonic)**
**Roman Romero (Telephonic)**

**TYPE OF PROCEEDING:** **Status Conference**

**EVIDENTIARY:** **No**

**PROCEEDINGS:**

**2:17 p.m. Court in Session**

Court: Counsel enters appearances. Defendants are not present. Also present are Stephen McCue, Mark Donatelli, Russell Aoki and Agent Bryan Acee.

Court: Trying to develop plan to go forward with discovery. What discovery and when will discovery will be given to defense counsel.

Mr. Castellano: Advises status of discovery, what it contains, amount. Possible duplication, discovery provided as to each defendant. FBI continuing to give documents. Initial discovery order by February 26, 2016, disclosure through USA FX.

Court: One half by February 26.

Mr. Castellano: That is what proposing or maybe more.

Court: Will allow counsel to ask questions through the court. Inquires what USA FX is.

Mr. Castellano: Explains what he understands; Mr. Aoki is familiar with system if the Court appoints him.

Ms. Armijo: Tried to start discovery Friday; not everyone has an USA FX account yet, tried to send via email. Heard from several attorneys on case who want discovery disclosed in that manner. Plan to set up for attorneys who do not have an account and move forward.

Court: Inquires as to why some attorneys do not have an account.

Ms. Sirignano: Addresses the Court. Meeting with Government to come up with an agreed upon method for disclosure of discovery. Government has spoken with Mr. Aoki. Not opposed to using it but having difficulties.

Mr. Castellano: Discovery which was disclosed last week was not through USA FX. Will redisclose again.

Court: Asks to hear from Mr. Aoki.

Mr. Aoki: Responds.

Mr. Mitchell: Addresses the Court. Has no objection to Mr. Aoki as the discovery coordinator.

Mr. Castellano: Responds. Inquires as to protective orders and how Mr. Aoki handles those.

Mr. Aoki: Responds; have worked with protective orders and explains safeguards.

Court: Based on what have heard and read, no reason not to approve a discovery coordinator being Mr. Aoki. Inquires of Mr. Aoki when his job is complete.

Mr. Aoki: Until defense team does not need assistance, more often than not when case goes to sentencing.

Court: Expecting to be on hand during course of trial.

Mr. Aoki: Yes, first 3 months the busiest as discovery is rolled out.

Ms. Armijo: Addresses the Court. Understanding Mr. Aoki discloses it to defense counsel, will field calls instead of government. No control how discovery is disclosed or in what manner.

Court: Inquires of Mr. Aoki if correct.

Mr. Aoki: Responds.

Court: Inquires of counsel on the phone if they have any questions.

(No response)

Mr. Jewkes: Inquires of any disclosure on video tape.

Ms. Armijo: Yes.

Court: Any other questions.

Ms. Sirignano: Inquires of status of transcripts and disclosed by February 26 deadline; plan for any superseding indictment which may derail any deadlines.

Ms. Armijo: FBI still transcribing transcripts. Do not anticipate all transcripts being done by end of February but all calls should be disclosed by then. As they become final, will be disclosed; will not hold on to them. No clear idea when all will be disclosed; hopefully be end of April. If later will let the Court know. Maybe sooner. As to superseding indictment contemplated as to certain defendants. If forthcoming, would be within 3 months.

Court: Will cross bridge when get there.

Mr. Lowry: Inquiry as to continuing collection of jail house calls, ongoing process. Rolling disclosure on some time table so not inundated with 6 months of calls at once.

Court: Addresses rolling disclosure process.

**2:45 p.m.** Santiago Hernandez present.

Ms. Armijo: Ongoing jail recordings, priority to get out evidence on current charges; no commitment of capability and manpower to record all of their calls, get copies and disclose. Will work on getting more recent call disclosed once that is done.

Court: Will set aside for the time being. Asks for scheduling order in draft form be provided.

Ms. Harbour-Valdez: Cannot agree to proposed scheduling order as circulated. Proposes an August trial date; too quickly due to not knowing discovery.

Court: Inquires if anyone has agreed to an August trial date.

Mr. Castellano: Responds; some have.

Ms. Harbour-Valdez: Willing to do that once we have a handle on discovery and whether defendants are certified as a death penalty case.

Mr. Castellano: Understands that.

Court: Real priority is discovery. Will look at proposed scheduling order. May set for trial.

Mr. Benjamin: Addresses the Court.

Mr. Jewkes: Addresses the Court. Requested learned counsel by some. Inquires as to when ruling would be made as to learned counsel.

Court: On list to bring up today. Inquires if done with discovery coordinator issue. Will appoint Mr. Aoki as a discovery coordinator based on plan proposed. Asks for proposed scheduling order by end of day. Will set deadlines with what can reasonably be done. Addresses request for learned counsel. Mr. McCue has been very helpful recommending learned counsel; making determinations of eligible counsel and sending to the Clerk's Office for appointment.

Mr. McCue: Inquires of news from Government as to certification.

Ms. Armijo: Nothing to report.

Court: Scope of motion to appoint a discovery coordinator. No motion filed in the companion case, CR 15-4269. Four defendants charge but not capital eligible.

Ms. Armijo: Discovery in that case not that voluminous.

Ms. Sirignano: Contemplated that someone from that case to file the motion; coordinating to get that motion filed in the companion case.

Mr. Catellano: Agree with Ms. Sirignano; relevant in both cases.

Court: Motion has not been made in that case; will wait for counsel to make that motion.

Mr. Romero: Makes motion orally; makes perfect sense to use discovery coordinator.

Court: Based on that scope of order will include CR 15-4269. Recognizes Mr. Hernandez's appearance. Inquries if there is anything else.

Mr. Romero: Asks if a motion should be efiled.

Court: Counsel to submit written motion and it will granted.

Ms. Sirignano: CR 15-4275 companion case related to these cases. Will file ex parte motion as well in that case. Inquires of any other cases.

Ms. Armijo: Two parts to this operation; explains, stand alone cases being handled by other Judges. May use those cases to show an enterprise was going on, may disclose that to defense counsel. Cr 15-4275 was part of that and handled in that manner. One other case may cross over but will disclose as part of general discovery and make counsel aware.

Ms. Sirignano: Will postpone discovery deadline unless that is disclosed sooner than later.

Ms. Armijo: Discovery in those cases has already gone out and will be disclosed with this discovery.

Court: Concludes business for today.

**3:05 p.m. Court in Recess**