IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                              CR. No. 15-4268 KG

ANGEL DELEON, et al.,

                Defendants,

and

UNITED STATES OF AMERICA,

                  Plaintiff,

v.                              CR. No. 15-4269 KG

MAURICIO VARELA, et al.,

                  Defendants.

**ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY**

THIS MATTER comes before the Court on Defendants' Joint Ex Parte Motion for Order Appointing Coordinating Discovery Attorney, Russell M. Aoki for the Benefit of All Court-Appointed Counsel (Doc. 231). On January 20, 2016, the Court held a hearing on the motion. Counsel for all defendants were present at the hearing or participated via telephone, including the Federal Public Defender and Resource Counsel. Also present were Assistant United States Attorneys Maria Armijo and Randy Castellano. Proposed Discovery Coordinator Russell M. Aoki also was present and provided all

counsel and the Court a summary of his services. The Court, being sufficiently advised on the premises, finds that the motion is well-taken and should be granted.

Certainly, this case and its companion case, *United States v. Mauricio Varela*, et al., Cr. No. 15-4269 KG, are complex. The number of defendants charged in the indictment in Cr. No. 15-4268 KG is 24, and the number in Cr. No. 15-4269 KG is four. Nineteen of the defendants in Cr. No. 15-4268 KG are charged with capital crimes.

Moreover, the volume of discovery is substantial, including thousands of pages of investigative reports spanning 14 years (2001 to 2015); multi-media surveillance recordings; approximately 1,000 jail telephone recordings; and approximately 4,000 pages of hard documents. Discovery also is expected to include an additional 2,000-3,000 pages of documents that include duplicate pages, and several consensual telephone recordings that may require cataloguing and transcribing. Discovery further includes a CD with 4,158 text messages and approximately 1,000 recorded telephone calls, and another 1-2 CDs containing another 90 recorded telephone calls. Discovery will include transcriptions of the telephone calls.

Currently all or substantially all discovery is in ".pdf OCR" format. Many of the documents are historical, in hardcopy format, and have been scanned. The documents in the custody of the government are in ".pdf" format. The majority of the documents also have multiple pages. One document, for example, includes 500 pages. The quantity and complexity of the discovery warrants granting the motion.

Moreover, due to the complexity of this case, the Court finds that the government should be afforded additional time to receive and review discovery and, in a controlled manner, forward said discovery to Russell M. Aoki as Coordinating Discovery Attorney for defense counsel in the above-referenced cases.

IT IS THERFORE ORDERED that the Joint Ex Parte Motion for Order Appointing Coordinating Discovery Attorney, Russell M. Aoki for the Benefit of All Court-Appointed Counsel (Doc. 231) is granted, and that Russell M. Aoki is appointed as Coordinating Discovery Attorney for joint defense counsel in both Cr. Nos. 15-4268 KG and 15-4269 KG.

IT IS FURTHER ORDERED that the Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants in the above-referenced cases.  His responsibilities will include:

- Managing and, unless otherwise agreed upon with the government, distributing discovery produced by the government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services; and

- Assessing any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial

presentation, and other technology depending on the case.

IT IS FURTHER ORDERED that the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

IT IS FURTHER ORDERED that discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the government and not through the Coordinating Discovery Attorney.  The Coordinating Discovery Attorney's duties do not include providing additional representation services, and therefore he will not be establishing an attorney-client relationship with any of the defendants.

FINALLY, IT IS ORDERED that the government shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed.  To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel.  The government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

_____
UNITED STATES DISTRICT JUDGE