IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 KG |
| | ) | CRIMINAL NO. 15-4269 KG |
| vs. | ) | CRIMINAL NO. 15-4272 KG |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| **MAURICIO VARELA, et al.,** | ) | |
| **CHRISTOPHER GARCIA,** | ) | |
| | | |
| Defendants. | | |

### UNITED STATES' SEALED MOTION TO UNSEAL COURT HEARING

The United States hereby moves this Court to unseal the hearing currently scheduled on March 3, 2016 in this case.

Defendants Gerald Archuleta, Roy Martinez, Ruben Hernandez, Eugene Martinez, Allen Patterson, Robert Martinez and Mauricio Varela are not opposed to this motion.

Defendants Edward Troup, Javier Alonso, Joe Gallegos, David Calbert, Christopher Garcia and Joe Gallegos are opposed to this motion based on the fact that Defendants are not allowed to be present at the hearing.

Defendants Anthony Baca, Daniel Sanchez, Arturo Garcia and Billy Garcia are not opposed if the Court also unseals all the pleadings related to the hearing and if the Defendants are allowed to be present.

The United States has not received a response from the remaining defendants as of the time of this filing.

1

## I. BACKGROUND

On February 25, 2016, a Sealed Notice of Hearing for the United States' Sealed Motion for Protective Order (Doc. 260) and Defendants' Joint Motion for Protective Order Concerning All Defendants' Professional Visits and Correspondence (Doc. 277) was filed in this case. (Doc. 285).

Based on the fact that the notice was sealed, the United States has not informed victims or their next of kin of the hearing.

## II. ARGUMENT

There is a presumption of openness in criminal trials. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). Openness in criminal trials "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty. (Press-Enterprise I)*, 464 U.S. 501 (1984). "Essentially the public-trial guarantee embodies a view of human nature, true as a general rule, that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings." *Waller v. Georgia*, 467 U.S. 39, 46 n.4 (1984) (quotation marks and citation omitted).

The first federal victims' rights legislation was the Victim and Witness Protection Act of 1982 ("VWPA"), which was later amended and modified by a series of subsequent acts. The two most recent and relevant of these acts are the Victim Rights Clarification Act of 1997 and the Justice for All Act of 2004. In the 1997 amendments to the Act, it was stressed that the VWPA was enacted "(1) to enhance and protect the necessary role of crime victims and witnesses in the criminal justice process; (2) to ensure that the Federal Government does all that is possible within

2

limits of available resources to assist victims and witnesses of crime without infringing on the constitutional rights of defendants; and (3) to provide a model for legislation for State and local governments." *See* Pub. L. No. 97-291, § 2.

Through the various legislative acts, Congress eventually enumerated a specific list of crime victim's rights codified at 18 U.S.C. § 3771. These rights are:

> (1) The right to be reasonably protected from the accused.
>
> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
>
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
>
> (5) The reasonable right to confer with the attorney for the Government in the case.
>
> (6) The right to full and timely restitution as provided in law.
>
> (7) The right to proceedings free from unreasonable delay.
>
> (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771(a).

A "victim" is defined as a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime including in the case of a victim that is deceased, a

spouse, a legal guardian, a parent, a child, a sibling, another family member or another person designated by the Court. 42 U.S.C. § 10607(e).

The victims in this case have a right to be present for the hearing scheduled on March 3, 2016. As such, the United States respectfully requests Court permission to (1) inform the victims of the hearing and (2) allow the victims to be present, should they chose to attend.

III. CONCLUSION

The United States respectfully requests that the Court unseal the hearing scheduled on March 3, 2016, to allow the victims to be present.

Respectfully Submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed 2/29/16*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM 88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney