UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

Clerk's Minutes
Before the Honorable Kenneth J. Gonzales

CASE NO.: CR 15-4268 KG
CR 15-4269 KG
CR 15-4275 KG

DATE: 3/3/2016

Time in court: CR 15-4268 -  59 minutes
CR 15-4269 -  59 minutes
CR 15-4275 -  59 minutes

TOTAL TIME: 2 hours and 57 minutes

TITLE: United States v. DeLeon, et al.
United States v. Varela, et al.
United States v. Garcia

COURTROOM CLERK: Chris Eubanks    COURT REPORTER: Danna Schutte Everett

( ) Albuquerque   ( X) Las Cruces   ( ) Santa Fe   ( ) Roswell

( ) Bench warrant ordered          INTERPRETER: NONE

ATTORNEYS PRESENT FOR PLAINTIFF(S):

Maria Armijo
Randy Castellano

ATTORNEYS PRESENT FOR DEFENDANT(S):

Brock Benjamin (Telephonic)
Cori Ann Harbour-Valdez
Patrick J. Burke (Telephonic)
Russell Dean Clark
Jason Bowles
James Castle (Telephonic)
Robert Gorence

David Lane (Telephonic)
Jeffrey Lahann
Phillip Linder
Orlando Mondragon

Noel Orquiz
Nathan Chambers (Telephonic)
Billy R. Blackburn (Telephonic)
Stephen Hosford
Pedro Pineda
Gary Mitchell (Telephonic)
Margaret Strickland

                    **Larry Hammond (Telephonic)**
                    **Santiago Hernandez**
                    **Steven Almanza**
                    **Jacqueline Walsh (Telephonic)**
                    **Mary Stillinger**
                    **David Lindsey**
                    **Richard Jewkes**
                    **Amy Jacks**
                    **George Harrison**
                    **B. J. Crow (Telephonic)**
                    **Theresa Duncan (Telephonic)**
                    **Charles McElhinney**
                    **Marcia Milner**
                    **Amy Sirignano (Telephonic)**
                    **Roman Romero (Telephonic)**

## TYPE OF PROCEEDING:

    **Govt's Sealed Motion for Protective Order (Doc. 260)**
    **Defts' Joint Motion for Protective Order Concerning All Defts' Professional Visits and Correspondence (Doc. 277)**
    **Defts' Motion for Due Process at Hearing (Doc. 291)**
    **Deft's Motion for Determination of Mental Competency (Doc. 292)**

## EVIDENTIARY:      No

## PROCEEDINGS:

**1:33 p.m.   Court in Session**

Court: Takes role care of counsel via in person and via telephone. Defendants are not present.

Ms. Harbour-Valdez: Here on behalf of her client who does not waive his appearance.

Ms. Strickland: Here on behalf of her client who does not waive his appearance.

Ms. Duncan: Here on behalf of her client who does not waive his appearance.

Court:  Addresses counsel; motions which will be heard.  Asks counsel to remain to address motion for determination of Competency, rest of counsel will be excused.

Ms. Harbour-Valdez:  Asks that Mr. Lane take the lead on the motion for due process; notice was not received.

Court:  Addresses concerns; Ms. Duncan made reference in response.

Ms. Duncan:  Responds; concerns of factual issues being raised by the Government; outlines reasons for defendants' presence.

Mr. Lane:  Addresses his motion; object to lack of presence of all clients; critical importance to entire case; having defendants see what is going on is greatly beneficial to attorney/client relationship and beneficial to all.

Court:  Inquires as to issues of matter of law and absence of clients; this hearing is not so much different than that instance.

Mr. Lane:  Responds; protective order is a mixed question of law and facts.

Ms. Harbour-Valdez:  Concerns that the Court unsealed the hearing.

Ms. Armijo:  Responds; speaking with some counsel who would waive their clients' appearance.

Mr. Lane:  Clarification is to defendants listed on the pleading.

Ms. Armijo: Not declared a death penalty case yet; gives update on process, passed through committee and will be going to the Attorney General.

Court:  As indictment is framed, proceed as a death penalty case at this time. Scheduling order and discovery deadline.  Fed.R.Crim.P 43(b)(3).  Cites case law. Addresses issue of defendants not being present for hearing; states findings.  Inquires of individual counsel for if there is anything to add.

(Counsel respond.)

Court:  Addresses issue of learned counsel present.  Inquires if counsel has anything else to add.

Mr. Lane:  Responds; stymies ability to consult with Mr. Gorence.

Court:  Makes further inquiry regarding contact with Mr. Gorence.

Mr. Lane:  Responds.

Court:  Will allow counsel to speak with co-counsel; please advise counsel and a recess will be called.  Inquires of Mr. Lane as to need to file reply and timing of hearing; reply filed yesterday; anything else to be considered or is issue moot.

Mr. Lane:  Nothing else.

Ms. Sirignano:  Inquires if pleadings have been unsealed or just the hearing.

Court:  Only hearing; will take up matter of unsealing pleadings at end of hearing.

Ms. Sirignano:  Responds; concerns raised.

Court:  Will take up Government's Motion for Protective Order.  Inquires of Ms. Armijo as to good cause for protective order; items listed in supplement that should be sealed; and Defendants' Motion for Protective order, some agreement of some items that should be under protective order.  Will agree that a protective order is appropriate of items listed in agreement of counsel.  Hear good cause to be consider for protective order.

Ms. Armijo:  Addresses good cause on items listed by the Court.

Court:  Makes additional inquiry of counsel.

Mr. Lane:  Objections; facts based proffer and defendants are not present.

Court:  Made ruling and am hearing from Ms. Armijo; will be allowed to state position. Proceed Ms. Armijo.

Ms. Armijo:  Responds.  Updates on status of discovery disclosure; proceeding to redact information; additional discovery received from FBI but nothing has gone out.

Court:  Inquires of amount of discovery.

Ms. Armijo:  Have a least a minimum of 10,000 pages, same amount jail calls and transcripts.

Court:  Concerns with number of pages of documents and having to take items back from clients if everything is in scope of protective order.  Not amenable capturing everything outlined being in protective order.

Ms. Armijo:  Alternative, Department of Corrections willing to provide defendants a tablet to check out and view discovery on his own, then tablet would be checked back in.  Would not create a paper trail.  Two other attempted murders of a witness just this week, one tied to a defendant in this case.  Willing to provide a tablet to each defendant. Mark Myers, case agent with Department of Corrections present.

Court:  Makes further inquiry of counsel.

Ms. Armijo:  Responds, have not floated alternative by defense counsel.

Court: Inquires makes inquiry of Ms. Jacks.

Ms. Jacks:  Responds; asks for recess for defense counsel to discuss.

Court:  Will recess until 3:00 p.m.

**2:44 p.m. Court in recess.**

**3:03 p.m.  Court back in session.**

Ms. Jacks:  Addresses the Court, in agreement with Government's proposal for tablets for each defendant with password protection on them.  Asks the Court to withhold ruling for thirty so situation can be discussed with the Government.

Court:  Finds there is good cause.

Ms. Jacks:  Responds.  Continuing objection to factual concerns.

Court:  That being a motion to strike those representations, will consider.

Ms. Armijo:  Responds; tablets would be provided for the items not in agreement by defense counsel; items that should go on the tablet; cooperator statements should not go on the tablet.  Holding for another 30 days, discovery will not go out.  Government has conceded and come up with a resolution; position is items agreed to and cooperator statements not be reproduced, the other items go on the tablet.

Court:  Makes further inquiry.

Ms. Armijo:  Refers to page 3 of Doc. 281; those items agreed upon not go on the tablets; everything else could go on the tablets.

Court:  Concern was with paper and this would resolve paper.

Ms. Armijo:  Responds.

Court:  Inquires when tablets would be available.

Mr. Myers:  Responds.

Court:  Would like to set a reasonable deadline.

Ms. Armijo:  Would be in possession of tablets in 2 weeks, unknown for Mr. Aoki to download information.

Court:  Proposal, will grant motion for protective order insofar as the items listed in Doc. 281 on page 3.  Require Ms. Armijo to confer with opposing counsel on the tablet idea;

to extent agree on what to go on tablet, proceed to place on tablet.  Anything Government seeks to be protected, will require motion outlining specific reasons why that particular should fall under protective order; will view items in camera, ex parte.

Ms. Armijo:  Clarification.

Court:  Clarifies order.  Asking counsel to seek agreement on the tablet idea.  Discovery will proceed.

Ms. Armijo:  Asks for additional clarification.

Court:  All discovery to be turned over, articulated to what is protected today, those items listed in Doc. 281, page 3.  Everything else shall be turned over in a tablet.

Ms. Armijo: Use of tablet and disclosure of discovery; all discovery would be subject to the protective order.

Court:  Refines order.  Inquires of individual counsel as to understanding of order.

Mr. Benjamin:  Confused with ruling.

Court:  Addresses confusion.

Ms. Jacks:  Responds.

Ms. Armijo:  Addresses issue.

Court:  Will take a recess.

**3:25 p.m.  Court in recess.**

**3:33 p.m.  Court back in session.**

Court:  States ruling to address questions raised.  **Grant motion for protective order with respect to items listed on Page 3 of Doc. 281; motion is also granted with regard to any discovery that can be put on a tablet.**  Items in Doc. 281 shall be disclosed as soon as possible without regard to whether or not they can be uploaded to

a tablet, no later than March 25. If there is an agreement of any other remaining items that can be put into a tablet, encourages counsel to do that and it is also protected. Ms. Armijo, if there is any item determined not to be disclosed in the tablet, file motion and will be reviewed ex parte in camera; option also available to defense counsel.

Ms. Armijo: Asks for additional clarifications.

Court: Well, it's a protected order, so it cannot be reproduced, copied and provided to the client. Finding of good cause. Any other items, will make a finding of good cause and will do with any motion brought before the court.

Ms. Jacks: Inquires as to reasons filed in the ex parte.

Court: Instructs Government to meet and confer with counsel to see if can come to an agreement; and no agreement motion to be filed and response can be filed. Inquires of counsel of any objections.

(Counsel respond)

Mr. Castle: States objections.

Court: Addresses objections. Continues with inquiry of remaining counsel.

(Counsel respond)

Mr. Mitchell: Responds; some documents have been disclosed in state court case.

Ms. Armijo: Responds.

Court: Information which has been disclosed in state court case will be subject to the protective order.

Ms. Duncan: Objections, client is named in that count; concerns with documents collected by defense separate from the Government’s disclosure.

Court: Continues with inquiry of remaining counsel.

(Counsel respond)

Ms. Stillinger:  Asks for documents to be watermark document.

Mr. Castellano:  Speaking with Mr. Aoki is he does watermark documents.

Court:  Continues with inquiry of remaining counsel.

(Counsel respond)

Ms. Strickland:  Objection learned counsel not able to hear and not being able to be present.  Factual issues objection; strike statements made by Ms. Armijo.  Substantial discovery produced from client's state case.  Inquires if those items are subject to the protective order.

Mr. Castellano:  Responds; should be protected or no need for a protective order.

Court:  Interested in as to how to enforce protective order.

Mr. Castellano:  Responds; would like to brief issue if defense counsel's file.

Court:  Addresses counsel's concerns.  Identical documents in state case and federal case.  Will set issue aside and invite briefing seeking any defense counsel as to joining.  Continues with inquiry of remaining counsel.

(Counsel respond)

Court:  Will defer ruling on state case discovery until briefing is done.  Continues with inquiry of remaining counsel.

(Counsel respond)

Mr. Crow: States objections.

Mr. Castellano:  Responds.

Court:   Nature of a protective order is to avoid inadvertence.  Continues with inquiry of remaining counsel.

(Counsel respond)

Court:  Order as proposed will be entered.  Will look for additional briefing on state disclosures.

Ms. Jacks:  Will submit a proposed protective order, possibly by tomorrow.

Court:  Defendant's joint motion for protective order.

Ms. Duncan:  Argues motion.

Court:  Makes inquiry of counsel as to ordinary practice and attorney/client confidentiality.

Ms. Duncan:  Responds.

Court:  Inquires of any objections to the jail's practice and jail staff.

Ms. Duncan:  No objection.

Mr. Castellano:  Responds; some matters do not disagree with; explains.  Proposal.

Ms. Duncan:  Responds.

Court:  Have not heard anything that we do not normally have in other cases, even the most sensitive.  Nothing heard that causes a protective order is necessary.

Ms. Duncan:  Responds.

Court:  Inquires of counsel of any additional comments.

(Counsel respond)

Mr. Lane:  Supplements via an illustration and states objections.

Court:  Responds to concerns. Not going to enter an order that affects jail staff's ability to do their job under existing policy and under existing law.  If this happens, can bring before the Court.  Continues inquiry of counsel.

(Counsel respond)

Ms. Strickland:  Objections as to calls received.

Mr. Castellano:  Calls received were in other case; procedure to remove call.

Ms. Strickland:  Aware of removal process.

Mr. Castellano:  No one is reading the legal mail, jail practice, legal mail is being opened in the presence of the defendant.

Court:  Concerns would apply to any case.  Follow procedures in place.  If this does occur, to be brought to the attention of the Court immediately.  Continues inquiry of counsel.

(Counsel respond)

Ms. Walsh:  States her objections.

Mr. Castellano:  Responds.

Court:  Continues inquiry of counsel.

(Counsel respond)

Court:  Read motion carefully trying to find any unique difficulties; have not heard anything that makes this case unique that would require a protective order. If counsel has any specific law, they are to bring it to the Court's attention.  **Defendants' motion for protective order is denied.**

Court:  Will take up Defendant Eugene Martinez's motion.  Counsel excused except for counsel for the defendant and the Government.  Receipt of motion; understanding no opposition from the United States.  Process for evaluation before sending for treatment.

Mr. Gorence:  Responds; stipulation by Government should be sufficient.  Report is sufficiently current.

Mr. Castellano:  As to report itself, would like a current evaluation.  Read motion; no objection to motion but would like him to be evaluated.  No objection to evaluation being locally or at treatment.

Mr. Lane:  Responds; does not oppose a local evaluation followed by a treatment evaluation.   Looking at a lifetime commitment.

Mr. Gorence:  Concurs and responds regarding local evaluations not be as extensive.

Court:  No option which is clear.  **Will grant motion.**  Asks counsel to pass on to Ms. Jacks that any additional briefing due in 14 days.

Mr. Castellano:  Clarification.

Mr. Gorence:  Responds.

Court:  They are evaluated at the facility and will forego local evaluation.


**4:57 p.m. Court in Recess**