IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

    vs.                                                      NO.   CR 15-4268 KG

ANGEL DELEON, et al.,

    Defendants.

## PROTECTIVE ORDER

The Court having been advised that all counsel agree to the provision set forth herein, and the Court having considered the pleadings and oral arguments of the parties, hereby grants the United States' Sealed Motion for Protective Order (Doc. 260) and enters the following protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure.

For purposes of this protective order, the term "Confidential Material" is defined as follows: (1) any defendant's post-arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statements in (1) or (2), above.

**Discovery materials shall be disclosed to defense counsel immediately and no later than the previously set deadline of March 25, 2016.** The government shall have a continuing duty to disclose following that date. Any disclosure of discovery material in the above-referenced cases shall be subject to the following restrictions:

1.    All discovery material may be reproduced and provided to the following persons: defense counsel, attorneys for the United States of America, any paralegal, secretarial, or clerical

personnel regularly employed by counsel for the United States or defendants in preparation of these proceedings, including, but not limited to, associate attorneys, law enforcement and defense investigators, expert witnesses, mitigation specialists, and Court personnel and stenographic reporters necessarily involved in these proceedings.

2.   All discovery material may be disclosed to and viewed by a defendant in the presence of and under the direct supervision of his counsel of record or staff, or another individual described in paragraph 1 of this Order.  Absent further order of the Court, the defendants are not to be provided paper copies of any discovery materials.

3.   As soon as practicable, but in no event later than April 4, 2016, the government is to provide each defendant with a password protected tablet or laptop computer, or its substantial equivalent ("Computer") suitable for the purposes described herein.  The government discovery materials not designated as Confidential Material shall be loaded onto the Computers by the designated Discovery Coordinator, who shall also update these Computers at regular intervals to include all government discovery materials not designated as Confidential Material.  These Computers shall be accessible to the defendants in their cells and during legal visits.  The defendants may display the contents of their Computers only to those individuals described in paragraph 1 of this order.  The password for each Computer shall be set by the defendant and his counsel and shall not be disclosed to counsel for the government, United States Marshals, or corrections officers.  Once provided to a defendant, the Computer and the materials and any markings thereon will be protected by the attorney/client privilege.  Corrections officials may periodically ask the defendants to unlock the Computers and scan the devices for contraband and damage.  Corrections officials shall not read or otherwise examine the content of the Computers.  At the conclusion of the case, the Discovery Coordinator shall provide defense counsel with an

electronic copy of the entire contents of their client's Computer. Thereafter, all materials on the Computer shall be deleted by the Discovery Coordinator, who shall then return the Computers to the New Mexico Department of Corrections.

4. Nothing contained herein shall preclude the government, defendants or their counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the government or defendants, including interviewing witnesses, showing witness statements contained in the Confidential Material to witnesses and asking witnesses about the content of such statements.

5. Should either party seek to add or subtract discovery material from the category of Confidential Material, as defined herein, the party seeking the addition or subtraction shall notify and confer with all other parties of the exact discovery materials it seeks to add or subtract from the category of Confidential Material and the reason(s) it believes such materials should be added or subtracted. The parties shall make all reasonable efforts to limit the volume of discovery materials designated as Confidential Material. In the event the government and defense counsel arrive at an impasse as to the designation of particular discovery materials, the party seeking to add to or subtract from the category of Confidential Material may file an application with the Court seeking its proposed modification. Any such application shall set forth the party's showing of good cause for the requested modification and be served on the Court and all parties. The opposing party will be given 14 days to respond to the application, unless there is an emergency or exigent situation, which shall be stated in the application. If necessary, the Court will request additional briefing and/or schedule a hearing regarding any modification to the Confidential Material category prior to issuing a ruling.

6. A copy of this order must be provided to any individual working for or with the

defense before providing that individual with access to any discovery material.  Counsel for the defendants shall maintain a record of all persons to whom access to the discovery material has been provided.

7. Should counsel withdraw or cease to participate in these cases, any discovery material and any copies derived therefrom shall be provided to new counsel once the substitution is ordered by the Court.

8. All discovery material disclosed by the government in this matter shall be used solely in connection with these proceedings, or any related appellate proceedings and collateral review, and not for any other purpose, including any other litigation or proceeding.

9. The provisions of this order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

_____
KENNETH J. GONZALES
UNITED STATES DISTRICT JUDGE