IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    CR No. 15-4268-KG

1.    ANGEL DE LEON,
2.    JOE GALLEGOS,
3.    **EDWARD TROUP**,
4.    LEONARD LUJAN,
5.    **BILLY GARCIA**,
6.    EUGENE MARTINEZ,
7.    ALLEN PATTERSON,
8.    CHRISTOPHER CHAVEZ,
9.    **JAVIER ALONSO,**
10.   **ARTURO ARNULFO GARCIA**,
11.   BENJAMIN CLARK,
12.   RUBEN HERNANDEZ,
13.   JERRY ARMENTA,
14.   JERRY MONTOYA,
15.   MARIO RODRIGUEZ,
16.   **TIMOTHY MARTINEZ**,
17.   MAURICIO VARELA,
18.   **DANIEL SANCHEZ**,
19.   GERALD ARCHULETA,
20.   CONRAD VILLEGAS,
21.   **ANTHONY BACA**,
22.   ROBERT MARTINEZ,
23.   ROY MARTINEZ, and
24.   CHRISTOPHER GARCIA,

Defendants.

**MOTION FOR ORDER DIRECTING THE UNITED STATES TO COMPLY WITH
COURT RULES AND FOR FUNDAMENTAL DUE PROCESS**

1

Defendants, Edward Troup, Billy Garcia, Javier Alonso, Arturo Garcia, Timothy Martinez, Daniel Sanchez, and Anthony Baca, through counsel, respectfully request an Order directing the United States to comply with this Court's rules.  As grounds, Defendants state as follows:

1.  In this case twenty-four defendants are charged by Indictment with sundry violations of 18 U.S.C. 1959(a)(1)(5)(6) and 18 U.S.C. 2 – Violent Crimes in Aid of Racketeering. [Doc. 2].  At least nineteen of these defendants are charged with capital eligible offense and face the possibility of the death penalty pursuant to 18 U.S.C. 3591 *et seq*. The Indictment contains allegations of special findings required for the imposition of the death penalty.

2.  The United States has violated this Court's rules and in so doing deprived the Defendants of fundamental due process.  The United States has filed pleadings in this case "under seal" without providing notice to all parties and without obtaining the approval of the Court.

3.  Local Rule 49.4 for the United States District Court for the District of New Mexico provides as follows:

> "Sealed Documents.
> a. Sealed Documents to be Filed Electronically. A motion to file documents under seal is filed electronically, unless prohibited by law. If the motion is granted, the sealed documents are also filed electronically. Sealed filings are explained in the CM/ECF Administrative Procedures Manual.

>    b. Sealed filings do not Produce Notice of Electronic Filing (NEF). When a pleading is electronically filed under seal, the CM/ECF system does not produce a Notice of Electronic Filing (NEF). The filer must serve the pleading by an alternate method."

4.  Local Rule 49.4 specifically references the CM/ECF Administrative Procedures Manual. Section 9 of the District of New Mexico CM/ECF Administrative Procedures Manual provides as follows:

>    (h) Setting Document Access Restrictions.
>        (1) Responsibility. CM/ECF allows for various levels of restricted access to documents filed with the Court. It is the Participant's duty to select the appropriate access restriction level for the document being filed. Participant must also ensure that permission of the Court to restrict access to the filing has been granted. Leave of Court is not required to file documents sealed or restricted under Fed. R. Civ. P. 5.2(f), Fed. R. Crim. P. 49.1(f) or statute.
>        (2) Restrictions. The three restriction levels available in CM/ECF are: (A) Accessible by public and all case participants. The filed document will be available to the public, the parties to the case, and the Court (most documents are filed this way). (B) Accessible by all case participants but not the public. The filed document will be available to the parties in the case and the Court. The document will not be available to the public. (C) Accessible only by the filer and the Court. The filed document will be available to the filing party (or parties) and the Court. The document will not be available to the other parties in the case or the public

5.  It cannot be disputed that permission from the Court is required before a pleading may be filed under seal. The CM/ECF Procedures Manual is explicit. Furthermore, D.N.M.LR-Cr 49.4(a) permits documents to be filed under seal "if" the motion to file documents under seal is granted. Here the Government has not filed the mandatory motion to file documents under seal nor has permission to file sealed documents been

granted by the Court.  Rather, by all appearances, and defendants' attorneys must rely on appearances inasmuch as they have been excluded from the process, the Government, without notice to the parties and without the Court's permission, filed pleadings and unilaterally decided that those documents should be sealed.

6.      Additionally, Defendants are aware that the Government has provided notice of "some" sealed pleadings to "some" of the Defendants' attorneys.  For example, upon information and belief, Docket Number 306 and 307 were filed "under seal" and notice was provided to only certain defendants.  This practice does not comply with the applicable rules.  Rule 49(a) of the Federal Rules of Criminal Procedure provides that "a party **must serve on every other party** any written motion (other than one to be heard *ex parte*), written notice, designation of the record on appeal, or similar paper."  The pleadings referenced above are not *ex parte* as some parties where provided notice of the filing and some parties were directed to appear in court for a hearing.  Accordingly, and pursuant to Rule 49(a), service on all parties was and is required.  Furthermore, Section 9(h)(2) of the CM/ECF Manual does not authorize service upon "some" defendants or sealing as to "some" defendants.  Three levels of restriction are authorized by Section 9(h)(2).  Documents under Level A restriction are accessible to all parties and to the public.  Documents under Level B restriction are accessible to "**all case participants** but not the public."  Documents under Level C restriction are accessible only to the Court and the filing party.  Again, there is no provision which permits the Government to inform "some" defendants of action it is taking before the Court while leaving other defendants in

4

the dark.

7.     Regarding Docket Numbers 306 and 307, by searching the available record counsel was able to discern that these are pleadings filed by the government both of which were captioned as Motions "Regarding Attorney Conflict." See Docs. 310 and 311. If a motion to seal Docs 306 and 307 was filed there is no record of such filing. Defense counsel had no opportunity to state their position regarding sealing the documents and had no notice of the motions until the Court set the matters for hearing. This does not comport with the applicable rules or with due process. Defense counsel should not be treated as pigs searching for truffles who must scour the record to learn what documents have been filed and what hearings are being conducted.

8.     By Order dated March 24, 2016, Docket Number 306 was unsealed. Now that Docket 306 is accessible to all parties in this case several facts become evident. First, the government intentionally decided to violate Federal Rule 49(a). (See Doc. 306, FN 1). Second, the government styled Docket Number 306 as an "ex parte" filing as a ploy to avoid the requirements of Rule 49(a). Finally, there is no reason why Docket 306 should have been sealed. Docket 306 should have been a public filing and certainly should have been accessible to all parties in this case.

9.     Defendants' acknowledge the Court's authority to seal documents, based upon the court's inherent supervisory authority over its own files and records. *United States v. Pickard*, 733 F.3d 1297, 1300 (2013), *citing Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). While the Court may seal or

restrict access to pleadings, "Courts have long recognized a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Although this right is not absolute, there is a "strong presumption in favor of public access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

A court can order documents sealed if the party moving for sealing is able to show "some significant interest that outweighs the presumption" in favor of open access to judicial records. *Pickard*, 733 F.3d at 1300; *Colony Ins. Co.* 698 F.3d at 241. Consistent with the presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy. *Id.*

10.     Here, because the Government has not filed the necessary motion to seal, the Government has made no showing to overcome the presumption in favor of open access to judicial records let alone any showing that would justify keeping secrets from defendants who are facing the ultimate punishment. Further, no showing could be made to justify providing notice to only some of the parties in this case. Defendants are entitled to know what documents are being filed in their case and what matters are being heard by the Court. If there is some reason that outweighs the defendants' right to access to pleadings filed in this case, and it is difficult to imagine such a reason, then the government should file the required motion to seal documents, serve all of the parties, and permit the Court to decide, after hearing from all parties, whether sufficient grounds exists to file documents under seal.

11.     Without compliance with the applicable rules, and without compliance with

established precedent, the defendants' Sixth Amendment right to the assistance of effective counsel and their Fifth Amendment right to due process are thwarted.

12. Counsel has attempted to confer with the Assistant United States Attorney regarding this motion in compliance with D.N.M.LR-Cr 47.1.

WHEREFORE, Defendants respectfully request that the Court require the Government to comply with controlling rules and procedure when filing any document under seal.

DATED:   March 28, 2016.

Respectfully submitted,

 */s/ Cori Harbour-Valdez*
 Patrick Burke
 Cori Harbour-Valdez
 Attorneys for Edward Troup (3)

 */s/ Jim Castle*
 Jim Castle
 Attorneys for Billy Garcia (5)

*/s/ Nathan Chambers*
 Nathan Chambers
 Noel Orquiz
 Attorneys for Javier Alonso (9)

*/s/ Billy Blackburn*
 Billy Blackburn
 Attorney for Arturo Garcia (10)

*/s/ Jacqueline K. Walsh*
 Jacqueline K. Walsh
 Steven Almanza
 Attorneys for Timothy Martinez (16)

*/s/ Amy E. Jacks*
Amy E. Jacks
Richard Jewkes
Attorneys for Daniel Sanchez (18)

*/s/ Theresa Duncan*
Theresa Duncan
Marc M. Lowry
Attorneys for Anthony Ray Baca (21)

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Nathan Chambers*
