Pursuant to 28 U.S.C. 1746, I, James Castle, declare and state as follows:

1. I am counsel for defendant Billy Garcia in the above captioned case.

2. I am aware of the protective order issued in this case (Doc. No. 313). The terms of that protective order authorized the government to designate certain materials as "confidential." Confidential materials were not to be put on the tablets that were to be provided to the defendants. The protective order defined "confidential materials" as (1) any defendant's post-arrest statement; (2) statements by eyewitnesses, cooperating witnesses, and confidential government sources regarding the crimes charged in these cases; and (3) photographs and/or audio/video recordings that would identify such persons or the content of the statements in (1) or (2), above.

3. I have received discovery materials in this case. The materials are broken down into folders for confidential and non-confidential materials.

4. I have reviewed discovery relating to the two homicides of F.C. (Count One) and R.G. (Count Two).

5. In the confidential folders there appears material, which does not appear to have any need to be labeled "confidential" as they do not relate to a confidential informant.

6. For the homicide of F.C. (Count One) only 238 pages of material has been marked as non-confidential whereas 489 pages have been marked as confidential.

7. For the homicide of F.C., the below materials do not appear to have any material which should be kept confidential and not reviewable by the defendants:

    a. Page 1-38 is an incident report, which describes crime scene information and statements of corrections officers, medical personnel investigators and inmates who did not request anonymity. No statements of any confidential informants are contained within these pages. Some material could be redacted as it contains inmate statements.

    b. Pages 131-197 comprise a supplementary report, which describes evidence collection.

    c. Pages 198-201 are materials from the state of New Mexico indicating they were declining to prosecute in the matter and materials indicating the transfer of the case.

   d. Pages 490-502 are reports of interviews with correctional officers.

   e. Pages 513-519 are pages of an interview of a correctional officer.

   f. Pages 543-590 are pages from a PowerPoint setting forth the government's presentation of the evidence against the defendants. These pages do not contain any information concerning confidential informants.

   g. Pages 613-620 is an FBI document which sets forth the information the government possesses allegedly linking the numerous homicides. One portion discusses a confidential human source, which can be redacted but the remainder of the document does not contain information regarding confidential informants.

   h. Pages 656-658 is a report of SNM activity at Southern New Mexico Correctional Facility. A portion of the document is in regard to an informant can be redacted but the remainder does not relate to confidential informants.

   i. Pages 676-678 is a report of an interview of a police officer.

   j. Pages 716-727 is an interoffice memo from the SNMCF. It does contain some information from confidential informants which can be redacted but but the remainder does not contain such information.

8. For the homicide of R.G. (Count Two) 320 pages have been marked as non-confidential and 236 pages have been marked as confidential.

9. For the homicide of R.G. (Count Two), the below materials do not appear to have any material which should be kept confidential and not reviewable by the defendants.

   a. Pages 728-762 comprise an incident report, which describes crime scene information and statements of corrections officers, medical personnel investigators and inmates who did not request anonymity. No statements of any confidential informants are contained within these pages. Some material could be redacted as it contains inmate statements.

   b. Pages 763-775 comprise a supplementary report, which describes evidence collection.

   c. Pages 930-935 are pages of a supplementary report, which describes statements of corrections officers and medical personnel.

    d. Pages 938-1076 is a supplementary report, which contains the autopsy findings, photographic logs, a note and interview from a clerk and other evidence logs.

    e. Pages 1093-1095 are handwritten notes from investigators.

    f. Pages 1114-1146 are notes and transcripts of interviews of correctional officers.

    g. Pages 1153-1200 and page 1215 are pages from a PowerPoint setting forth the government's presentation of the evidence against the defendants. These pages do not contain any information concerning confidential informants.

    h. Pages 1224-1225 is a report by an investigator regarding proposed DNA testing.

    i. Pages 1246-1247 are handwritten notes regarding bruises or marks on inmates observed on date of discovery of body.

Executed on this 18th day of April, 2016.

s/James A. Castle
James A. Castle
Attorney for Billy Garcia