IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN PARTIAL OPPOSITION TO
DEFENDANTS' MOTION TO SUSPEND THE SCHEDULING
ORDER (DOC. 250), REQUEST FOR STATUS CONFERENCE AND EX
PARTE CONFERENCE WITH THE DISTRICT COURT [DOC. 535]**

The Defendants' Motion to Suspend the Scheduling Order (Doc. 250), Request for Status Conference and Ex Parte Conference with the District Court [Doc. 535] ("Motion for Status Conference") requests a status conference to discuss only "matters involving discovery, the Scheduling Order, the Protective Order, and other case related matters," as well as some "CJA matters" ex parte. Id. ¶ 12. The Motion for Status Conference asserts that "the government opposes the defendants being present for the status conference." The United States of America files this response to clarify that, in accordance with Rule 43 of the Federal Rules of Criminal Procedure, it asks only that the Court not order that all Defendants be present at the Status Conference.

The United States Court of Appeals for the Tenth Circuit provided clear guidance that the constitution does not require that defendants attend conferences or hearings on matters of law, including "administrative conference[s]." United States v. Oles, 994 F.2d 1519, 1525 (10th Cir. 1993). The United States Marshals Service is concerned about logistics and public safety in coordinating 30 dangerous Defendants' personal appearance at the June 2, 2016 conference. And

several Defendants have voiced their wishes, out of concern for their and their families' safety, not to be compelled to be present personally in the courtroom with the other Defendants. Given these circumstances, and given the Tenth Circuit's clear guidance that there is no requirement or right of a defendant to attend administrative conferences, should this Court order and compel each and every one of the approximately 30 Defendants in this matter to attend personally the status conference?

## <u>BACKGROUND</u>

This complex criminal matter involves approximately 30 Defendants who have been indicted on charges of racketeering, including charges that they conspired to murder certain individuals. Moreover, the Indictment includes allegations that these Defendants, at the time that they were incarcerated within the District of New Mexico and elsewhere, orchestrated this conspiracy to murder these individuals both within and outside of prisons.

As this Court is presumably aware, the Defendants are high-ranking members of the Syndicato de Nuevo Mexico ("SNM") prison gang. Part of SNM's operations is to take out "hits" on members who cooperate with law enforcement authorities, and to take out hits on members who do not follow orders (including the orders to hit those cooperating SNM members). But SNM's murder conspiracies do not stop there; SNM goes so far as to order hits not only on the cooperating members themselves, but also on their entire families.

Sound public policy dictates protection of cooperating defendants. The effective prosecution of multi-defendant criminal conspiracies necessarily requires the cooperation of certain defendants. And cooperation has taken place in this case. Generally, cooperation in any multi-defendant case places the cooperator in harm's way. But particularly here, given the charges and allegations in the Indictment, including the Defendants' orchestration of assaults and murders

of SNM cooperators within the prison walls, and orchestration of assaults and murders of the cooperators' families outside of those walls, it is unsurprising that certain Defendants do not want to be compelled to appear personally alongside certain co-Defendants in open court. The United States therefore asks the Court simply to abide by the proposition that Rule 43 of the Federal Rules of Criminal Procedure recognizes: a "defendant need not be present" at conferences or hearings, where "[t]he proceeding involves only a conference or hearing on a question of law." Id. Fed. R. Crim. P. 43(b)(3).

## PROCEDURAL HISTORY

On December 1, 2015, the United States filed the Redacted Indictment [Doc. 2] in this matter ("Original Indictment"), charging approximately 24 defendants with violations of, among others, 18 U.S.C. § 1959(b)(2). See id. ¶ 2. That Original Indictment charges that each of the co-Defendants "were members/prospects/associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities, including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking." Id. ¶ 1. The Original Indictment additionally charges that SNM, a prison gang consisting of over 250 members who reside both inside and outside of prisons across New Mexico and elsewhere, is led by a table of leaders who orchestrate murders and assaults of members who fail to follow SNM orders and their families. See id. ¶¶ 3-5, 8, 13(c).

On January 7, 2016, the United States filed an Unopposed Motion to Declare the Case Complex [Doc. 210], which the Court granted the same day, see Order [Doc. 211].

On April 21, 2016, the United States filed the Redacted Superseding Indictment [Doc. 368] ("Indictment"), which alleged the same charges against the same Defendants, but added additional Defendants and additional counts to bring the case to 30 Defendants.

On May 18, 2016, Defendant Christopher Garcia, on behalf of many of the Defendants indicted in this matter, submitted the Motion for Status Conference, requesting "a Status Conference "to discuss matters involving discovery, the Scheduling Order, the Protective Order, and other case related matters." Motion for Status Conference ¶ 12. When Defendant Christopher Garcia's counsel called Ms. Armijo, counsel for the United States, to ask for the United States' position on this motion, Ms. Armijo informed Counsel that the United States does not oppose the motion, but asks that not all Defendants be required to attend the status conference. See Motion for Status Conference ¶ 13. The United States takes this position because Defendants, including both Defendants who cooperated and at least one Defendant who has not cooperated with the United States, through their counsel, has told the United States that they wish not to attend the hearing personally.

## ARGUMENT AND AUTHORITIES

### I.   GENERAL LAW

The Tenth Circuit recognized that "[t]he constitutional right of the defendant to be present at trial is rooted in both the Confrontation Clause and the Due Process Clause." United States v. Beierle, 810 F.3d 1193, 1198 (10th Cir. 2016) (citing United States v. Gagnon, 470 U.S. 522, 526 (1985) (per curiam)). Other than the actual presentation of evidence at trial, court proceedings implicate the Due Process Clause, and not the Confrontation Clause. See id. Under the Due Process Clause, "'the presence of a defendant is a condition of due process to the extent that a fair

and just hearing would be thwarted by his absence, and to that extent only.'" Id. (original alterations omitted) (emphasis added) (quoting Gagnon, 470 U.S. at 526).

This due-process principle has been codified in Rule 43 of the Federal Rules of Criminal Procedure. Rule 43(b)(3) provides that "[a] defendant need not be present . . . [when] [t]he proceeding involves only a conference or hearing on a question of law."

The late Professor Charles Alan Wright, and Professors Andrew D. Leipold, Peter J. Henning, and Sarah N. Welling explain that the requirements for a defendant's presence under Rule 43 may best be illustrated by distinguishing between a hearing at which there is legal argument only, and one at which factual issues are presented:

> Undoubtedly there are many motions that require only argument on a question of law. Neither the Rule nor the Constitution requires the presence of defendant at the argument on such a motion. If fact issues are presented, however, as they often will be on a pretrial motion to suppress evidence, it would seem that defendant has a right to be present although in some instances the absence can be regarded as harmless error.

3B Charles Alan Wright et al., Federal Practice & Procedure: Criminal § 722 (4th ed.) (internal footnotes omitted). Wright & Miller acknowledge, however, that several courts have gone so far as to hold that Rule 43 and the Constitution do not require even that a defendant be present when factual issues are presented, including at suppression hearings. See id. § 722 n.4 (citing, among others, United States v. Burke, 345 F.3d 416, 422–24 & n.8 (6th Cir. 2003)).

The Tenth Circuit noted, specifically, that the defendant does not have a right to be present at any "administrative conference unrelated to any issues at trial." United States v. Oles, 994 F.2d 1519, 1525 (10th Cir. 1993). Similarly, the Honorable Kenneth J. Gonzales, United States District Court for the District of New Mexico, recognized that "[t]he intent of Rule 43(b)(3) [of the Federal Rules of Criminal Procedure] is to allow courts to engage in trial-management functions without

the need to have criminal defendants present at every pretrial hearing." Transcript of March 3,

2016 Hearing on Motions for Protective Orders at 24:13-16 [Doc. 322] (Gonzales, J.) (citing

United States v. Gonzales-Flores, 701 F.3d 112, 119 (4th Cir. 2012) ("Rule 43 affords a district

court the discretion to decide whether a defendant must be present in order for the proceeding to be

conducted efficiently and fairly . . . . The rule thereby recognizes and safeguards the traditional

trial-management functions of district courts.")).

II.   ARGUMENT

Under Fed. R. Crim. P. 43(b)(3), "[a] defendant need not be present . . . [when] [t]he

proceeding involves only a conference or hearing on a question of law." It's almost axiomatic that

the status conference that Defendants request in their Motion for Status Conference obviously is

"only a conference," or   may involve "a question of law" at most. Id. So the United States simply

asks this Court not to order Defendants to appear personally. That way, the Defendants who

reasonably are concerned for their personal safety, and also for that of their families, may opt out

of appearing if they so choose. So may the other Defendants who for whatever reason may choose

not to attend.

Clearly there is no requirement -- constitutional or otherwise -- that a defendant attend

conferences such as the June 2, 2016 Status Conference. The Tenth Circuit follows the United

States Supreme Court's guidance that a defendant's is required at pretrial hearing only where "'a

fair and just hearing would be thwarted by [the defendant's] absence.'" Beierle, 810 F.3d at 1198

(quoting (quoting Gagnon, 470 U.S. at 526). Wright & Miller helps understand that such hearings

are those in which "fact issues are presented," such as "a pretrial motion to suppress evidence" where "it would seem that [a] defendant has a right to be present." 3B Wright et al., supra, § 722.[1]

Additionally, the Tenth Circuit has provided valuable insight into the high bar that must be met to find that a hearing before trial is one which a defendant has the right to attend. Even if the presence of the defendant at the jury's viewing of an alleged crime scene could "[en]sure that the jury had seen the right place and nothing had been altered," there is no constitutional right to attend that conference so long as the defendant afterward can "learn whatever there was need to know" to defend against the charges by inquiring of the bailiffs or witnesses what they saw. Beierle, 810 F.3d at 1198 (internal quotation marks & citation omitted). And even if the presence of the defendant at a hearing on proposed jury instructions would have "contributed to his opportunity to defend himself against the charges" by learning that the government intended to impeach him by asking about certain previous charges, there is no constitutional right to attend so long as "Defendant could have learned . . . from his counsel all he needed to know about what happened at the instruction conference." Id. at 1199 (internal quotation marks & citation omitted).

Here, there is no constitutional right of the Defendants to attend the June 2, 2016 status conference, because the Defendants can afterwards learn from their counsel all they need to know about what happened at the status conference. Notably, in Beierle and in the cases that Beierle discussed regarding the defendant's presence at a conference with the jurors, the courts concluded that there was no right of the defendant to attend, because the defendant could afterwards learn what happened with ample time to prepare a defense accordingly. The Defendants here similarly have ample time after the June 2, 2016 status conference to prepare their defenses and to address

---

[1]This Response is limited to the administrative status conference to "discuss matters involving discovery, the Scheduling Order, the Protective Order, and other case related matters" that the Defendants' Motion for Status Conference requests. So to the extent that the Court has, or in the future may, set any proceeding for June 2, 2016, at which fact issues will be presented, this Response does not implicate such additional proceedings.

anything that happened at the conference. Currently, even under the Scheduling Order that

Defendants contend is "unworkable," Motion for Status Conference ¶ 11, trial isn't set to begin for

another five months: in October 2016. So there is ample time for the Defendants to "have learned .

. . from [their] counsel all [they] need[] to know about what happened at the . . . conference."

Beierle, 810 F.3d at 1199 (internal quotation marks and citation omitted). If, by some chance, any

factual issues arise -- which the requests in the Motion for Status Conference certainly do not

suggest -- then the Defendants can "learn whatever there was need to know" by inquiring of any

witnesses what they saw. Id. at 1198 (internal quotation marks and citation omitted). Thus, the

Defendants do not have a constitutional right to attend the June 2, 2016 status conference.

But the Court should not lose sight of the issue that this Response presents. This issue is

distinct from that in Beierle and even those issues that gave rise to the discussion in Wright &

Miller. This Response does not present a Defendant's objection to a proceeding that took place

when the Defendant was not present. This Response does not even present a Defendant's objection

to a proceeding that will take place in the future for which the Defendant has been ordered not to

appear. Instead, this Response simply presents the requests of the U.S. Marshals Service and

Defendants not to be compelled to attend the status conference. Notably, none of the cited

constitutional rights, rules or cases discussed even touch on a defendant's ability to opt out of

attending personally the hearing or otherwise waive the right to be present (even when the

defendant may have that right).

The United States does not move the Court to exclude all Defendants. The United States

does not ask the Court to exclude any Defendant. And the United States does not oppose the

presence of Defendants who wish to attend personally the June 2, 2016 status conference. The

United States simply asks this Court to allow any Defendants who prefer not to appear personally

to opt out; regardless whether they indeed have the right to attend, the Court should not impede their right to opt out of attendance if they wish to do so.[2]

The Indictment charges that the SNM gang, of which the grand jury concluded that there is probable cause to find the Defendants as members, murders SNM members who cooperate with law enforcement. But even worse, the Indictment charges that the SNM gang members murder the families of such cooperating SNM member. Given these charges, it's no wonder why some Defendants would ask that they be allowed not to appear personally in the courtroom with their co-Defendants.[3]

The United States therefore requests that the Court not order the appearance, personally, of all Defendants at the June 2, 2016 status conference.[4]

## CONCLUSION

The Defendants do not have a constitutional right to attend the June 2, 2016 status conference that the Defendants' Motion for Status Conference requests. And the Federal Rules of Criminal Procedure and federal precedent case law make clear that the Defendants are not required

---

[2] As the United States pointed out above in the procedural background section, not only counsel for Defendants who have cooperated, but counsel for at least one of the Defendants who has not cooperated has informed the United States that their clients would like to be excused from appearing personally at the June 2, 2016 hearing.

[3] This situation in which some co-Defendants may wish not to appear personally in the courtroom beside the other Defendants may be analogous to a situation in which a confidential informant wishes to be kept confidential from those on whom he or she informs. The Court has, in the past, recognized that the public interest supports protecting that confidentiality. See, e.g., United States v. Rivas, 26 F. Supp. 3d 1082, 1117 (D.N.M. 2014) (Browning, J.) ("The purpose of the [informer's privilege] is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."). While the situation here is not precisely the same, as the Defendants may well know who are their co-Defendants, allowing the Defendants some level of protection from having to sit side-by-side with those on whom they may have informed (or may inform some time in the future) likewise furthers the public interest in effective law enforcement.

[4] Out of an abundance of caution, the United States makes clear that this Response does not in any way object to or oppose the Court requiring presence of counsel personally at the June 2, 2016 status conference for each Defendant, regardless whether the Defendant appears personally.

to attend. The U.S. Marshals Service and the Defendants have asked that the Defendants not be

compelled -- or ordered -- by the Court to attend the status conference. The United States therefore

requests that the Court allow Defendants who choose not to attend the June 2, 2016 status

conference to opt out. Accordingly, the United States respectfully requests that the Court not order

the appearance of each and every Defendant personally in court on June 2, 2016.

Respectfully Submitted,

DAMON P. MARTINEZ

United States Attorney

***Electronically filed on 5/25/16***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney