UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 15-4268 JB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL DeLEON, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNOPPOSED MOTION TO WAIVE EUGENE MARTINEZ'S
PRESENCE AT HEARING**

PLEASE TAKE NOTICE that the Defendant, EUGENE MARTINEZ, by and through his counsel, David A. Lane and Douglas E. Couleur, hereby files the following UNOPPOSED MOTION TO WAIVE DEFENDANT'S APPEARANCE, the grounds for which are set forth fully herein:

1. On February 29, 2016, undersigned counsel filed a motion with this Court seeking a competency evaluation for Eugene Martinez.  [Doc. #292].

2. On March 3, 2016 this Court Ordered the competency evaluation pursuant to statute.  [Doc. #298].

3. Mr. Martinez is currently in Los Angeles being evaluated for competency.

4. This Court has scheduled a hearing on this matter for June 2, 2016 and has requested information from each and every party regarding their respective positions on whether they oppose a waiver of appearance by Mr. Martinez.

5. Undersigned counsel contacted all parties, including the government, and no party opposes Mr. Martinez waiving his appearance.

1

6. In addition to the waiver, this Court requested a short brief on whether all proceedings are held in abeyance for a defendant who is pending a competency determination. The short answer is yes, all proceedings are held in abeyance.

7. Section 4241(a) of Title 18 of the United States Code provides that a motion to determine a defendant's competency may be made "[a]t any time after the commencement of a prosecution for an offense" 18 U.S.C. § 4241(a). As the court held in *United States v. Moser,* 541 F. Supp. 2d 1235, 1237 (W.D. Okla. 2008):

> Moreover it is clear from the language of Section 4241 in its entirety that if it is determined that there is reasonable cause to believe the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, all proceedings against such defendant are stayed or suspended until such time that it is determined that the Defendant is mentally competent with the requisite ability to understand and assist in proceedings against him. *See United States v. Weathers*, 374 F.Supp.2d 957 (D.N.M. 2004); *United States v. Gallinari*, 1999 WL 33117079 (D. Me. Oct. 26, 1999).

8. In this case, there is clearly reasonable cause to believe that Mr. Martinez is not competent to proceed, thus the evaluation. The court in *Moser* went on to defer the defendant's preliminary hearing and detention hearing pending the outcome of the competency evaluation. *Id.* 541 F. Supp.2d at 1237.

9. In *United States v. Weathers*, 374 F. Supp. 2d 957, 958 (D.N.M. 2004), this very Court suspended proceedings pursuant to 18 U.S.C. § 3161(h)(4) and the Due Process Clause of the Fifth Amendment to the United States Constitution, pending a competency determination. The law has not changed since this Court suspended all proceedings in *Weathers*.

10. This Court has requested a personal waiver from Eugene Martinez however obtaining a knowing, voluntary and intelligent waiver from an incompetent client is a

both a nullity and testimonial evidence in the estimation of his counsel. Indeed, because this is a capital case and Mr. Martinez's capacity to either proceed on the one hand, or to be eligible for the death penalty based upon his intellectual disability on the other hand may ultimately be hotly contested by the government, (*see Atkins v. Virginia*, 536 U.S. 335 (2002)) counsel respectfully declines this Court's request to obtain a written waiver from Mr. Martinez. The government could use any statements made by Mr. Martinez in a waiver form as evidence that he is not intellectually disabled and is thus eligible for the death penalty under the statute given his "knowing, voluntary and intelligent" waiver of his right to be present. Because by merely signing a waiver, he is producing evidence that he is not intellectually disabled which the government may then use in an effort to kill him, he will not produce a waiver. This is consistent with general notions of heightened reliability and due process inherent in a death penalty prosecution as well as Mr. Martinez's right to remain silent under the Fifth Amendment. *Gardner v. Florida*, 430 U.S. 349(1977); *Woodson v. North Carolina*, 428 U.S. 280 (1976).

WHEREFORE it is respectfully requested that this motion be granted and for any further relief this Court deems just and proper.

Respectfully submitted,

/s/ David Lane

David Lane
Douglas Couleur
   Attorneys for Eugene Martinez

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/David A. Lane*