IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                          No. 15-cr-4268-JB

ANGEL DELEON, et al.,

        Defendants.

## DEFENDANTS' JOINT MOTION TO VACATE MARCH 2017 TRIAL SETTING, IMPOSE A DISCOVERY SCHEDULING ORDER AND REQUEST FOR A HEARING

       Defendant Rudy Perez, by his counsel, Ryan J. Villa, joined by Defendants Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Allen Patterson, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Jerry Montoya, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Robert Martinez, Roy Martinez, Christopher Garcia, Carlos Herrera, Rudy Perez, Andrew Gallegos, Santos Gonzales, Paul Rivera and Shauna Gutierrez, by their respective counsel, move this Court to vacate the March 2017 trial setting, set a discovery scheduling order and set a hearing on this matter.

## INTRODUCTION

       The instant criminal prosecution is perhaps the single largest and most complicated prosecution this district has ever seen.  Because the Unites States chose to prosecute thirty defendants in this indictment, with multiple counts, spanning over 3 decades, the discovery is massive.  Moreover, discovery is being disclosed in this matter as well as the parallel RICO indictment in 16-cr-1613.  Trial is likely to last months in the absence of severance, with corresponding trial preparation and pretrial motions litigation likely to take twice as

long. The corresponding investigation needed to effectively represent each defendant is massive.  However, due to the nature in which the United States is disclosing discovery, and the limitations set forth in the discovery order requiring defendants to have discovery on tablets, the March trial date and corresponding proposed scheduling order is unworkable.  The United States is producing discovery in a rolling fashion and a manner that makes it difficult for counsel to efficiently ascertain which documents are pertinent to a specific defendant and a specific count or counts.  Compounding the issue is that defendants themselves have just begun to review discovery.  Defendants who were initially indicted in this case in December only just received their tablets a couple weeks ago and recently learned that they will need to be sent back due to technical problems, and defendants who were indicted via the superseding indictment have not received them to date.

The defendants identified herein request the Court vacate the trial date and schedule a hearing so the parties can discuss a realistic timetable for all discovery to be produced by the government, and for defendants to review said discovery.  Defendants cannot adequately assist counsel in preparing a defense if they cannot review discovery.  Counsel cannot adequately prepare for trial without sufficient time to review discovery, discuss the discovery with Defendants after they have reviewed it, conduct an investigation into the facts of the case, conduct any research into the facts and then prepare for trial.

## BACKGROUND

In this case, the 24 original defendants were charged by Indictment with violations of 18 U.S.C. §1959(a)(1)(5)(6) and 18 U.S.C. §2 (Violent Crimes in Aid of Racketeering). *See* Indictment [Doc. 2].  At least 19 of the original defendants were charged with capital

eligible offenses and faced the possibility of the death penalty under 18 U.S.C. § 3591 et. seq.  The original Indictment contains special findings required for the imposition of the death penalty.  The Court declared the case complex on January 7, 2016.  *See* Order [Doc. 211]. On April 21, 2016, the government unsealed a superseding indictment in this case which alleges additional crimes and adds additional defendants.  *See* Superseding Indictment [Doc. 368].  The government also revealed a new indictment in related case no. 16-cr-1613 JB in which some, but not all, of the defendants in the above-captioned matter are charged with additional criminal acts.  Both indictments allege defendants are members of the Syndicato Nuevo Mexico (SNM), which engaged in racketeering and committed violent crimes in aid thereof. The United States also obtained a separate indictment against defendant Chris Garcia in cause no. 2:15-cr-4275 (Garcia indictment), who is a defendant in this and the other RICO indictment.  In this matter, the United States has notified the parties it does not intend to seek the death penalty, but in 16-cr-1613, the case is still death eligible.  For ease of reference, counsel will refer to these cases as the "SNM cases."  With respect to discovery, the United States has produced all discovery in the SNM cases to all defendants named in the SNM cases.  There are a number of other indictments against alleged members of SNM or those alleged to have aided and abetted SNM racketeering activity that have not been grouped with these cases, at least insofar as discovery production is concerned.

Since the inception of the SNM cases, discovery has been produced by the United States to the discovery coordinating law firm, Aoki Law, PLLC.  Aoki Law has, in turn, produced this discovery to counsel for all Defendants in the SNM cases.  As of August 12, 2016, there have been 40,784 pages and 412 hours of audio and video recordings produced

by the Government.  According to Assistant United States Attorney (AUSA) Maria Armijo, this production is still ongoing and it is uncertain when it will be complete.  *See* Email Thread from Armijo to Jim Castle, dated 8/18/16, *attached as* **Exhibit 1**.  Ms. Armijo's letter was in response to two letters written by Jim Castle, counsel for defendant Billy Garcia, inquiring when the Rule 16 discovery production will be complete.  *See* Letter from Castle to Armijo dated June 23, 2016 (requesting certain Rule 16 discovery), *attached as* **Exhibit 2**, and Letter from Castle to Armijo dated August 18, 2016 (requesting approximate date of completion of Rule 16 discovery), *attached as* **Exhibit 3**.   It is apparent from Ms. Armijo's response that discovery is still being obtained by the United States, even though it may be in possession of law enforcement, and it is unknown when all that information can be provided to defendants.  For instance, in Mr. Castle's letter of June 23, 2016 he requested 3 categories of discovery covered by Rule 16: 1.) statements of defendants, 2.) prior records of defendants, and 3.) documents and objects seized from defendants, including accompany documentation such as search warrants, inventories and returns.  To date, all of these items have not been produced.

The Government has provided discovery in 10 separate productions.    *See* Declaration of Russell M. Aoki, dated August 29, 2016, *attached as* **Exhibit 4.**  Initial discovery was produced on March 18, 2016, and appears to be related to the allegations contained in the single defendant indictment against Defendant Garcia in cause no. 2:15-cr-4275.  *See* **Ex. 4**, Aoki Dec. at 2.  However, because it was produced to all Defendants, counsel for all Defendants have a duty to review this discovery and Defendants have a corresponding right to review said discovery.

On March 25, 2016, the Government produced discovery that appears to be primarily related to the charges alleged in the indictment in this case. *See* **Ex. 4**, Aoki Dec. at 3. This production is divided into numerous folders based on specific alleged victims as well as approximately five other folders containing hundreds of audio recordings and texts purportedly made by cooperating witnesses. *Id.* There were also a few video recordings. Although the folders related to specific alleged victims are easy to associate with a particular count as are the video, the folders with the hundreds of audio recordings and texts are not. These cooperating witnesses were involved in more than one particular count and defendant, and require counsel to sift through each one to determine which particular count or defendant it might apply to. Transcripts have been ordered by the government for some of these recordings, but are not available yet. Following this production, the government obtained the superseding indictment on April 21, 2016 in this case, adding six new defendants.

Per the government's request, the Court issued a protective order restricting defendants from having any paper discovery and requiring it only be reviewed in the presence of counsel or employee working at the direction of counsel. *See* Protective Order, ¶ 2 [Doc. 589]. The Order directed the Government to provide to Defendants a tablet computer by no later than August 15, 2016, which contained discovery. Upon information and belief, the original 24 defendants indicted in this cause in December 2015 have received their tablets. However, some have experienced technical problems and may have to be returned. The six new defendants indicted in the Superseding Indictment have not received their tablets. According to the discovery coordinating attorney, Russ Aoki, these

tablets have not been received by his office, but are on the way.  His office is currently estimating the new defendants will receive their tablets by the end of September.

The Court held a status hearing in this matter on June 2, 2016.  At that hearing, it scheduled the trial in this matter to commence in March of 2017.  *See* Transcript of Motion Proceedings, at 103 [Doc. 624].  The Court also ordered the United States to produce discovery within 30 days of the date of this hearing.  *See* Trans. at 91-92.  Subsequently, the Government produced some discovery to all defendants in this case and the parallel RICO case on June 17 and 24.  *See* **Ex. 4**, Aoki Dec. at 3.  It then produced discovery in this matter on July 1, 18 and 22.  *Id.* at 3-4.  The Government produced discovery related to the Garcia indictment to all defendants on July 26 and 27, and related to the Baca indictment on August 8 and August 11.  *Id.* at 4.  On September 6, 2016, counsel were informed by Mr. Aoki's office that additional discovery was produced on August 31, 2016, which has been identified as being related to this case.  To date, counsel is unaware of the contents of this discovery as it has not yet been reviewed.

## ARGUMENT

The Court should vacate the March trial setting as, due to the extreme complexity and size of the case, counsel cannot be prepared for trial because:

1.) the United States is still obtaining and producing Rule 16 discovery;

2.) counsel for defendants need additional time to review the enormous amount of discovery produced to date and receive the discovery not yet produced;

3.) defendants need time to review discovery on their tablet computers;

4.)  counsel for defendants need time to confer with their clients regarding the discovery, identify discovery not produced and seek to obtain it via request from the United States or the Court by way of motion practice;

5.)  counsel for defendants need more time to conduct an investigation into the facts of the case, and

6.)  counsel for defendants need time to conduct legal research regarding legal issues that arise from said discovery and investigation, and to prepare and litigate any pretrial motions that may need to be filed.

The parties have at all times acted with due diligence.  However, the enormity and complexity of the case has made obtaining and reviewing discovery difficult both for counsel and Defendants.  This case has been declared complex for speedy trial purposes. *See* Order [Doc. 211].  Given the above-state needs, Defendants believe a continuance of the trial date is warranted.   Defendants submit that, pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist for the continuance as explained herein.

As the Court is aware, there are 30 defendants charged in the Superseding Indictment in this matter with a total of 15 counts.  All but one count alleges violent crimes in aid of racketeering pursuant to 18 U.S.C. § 1959.  The racketeering allegations date back to the early 1980s. Counts 1, 2, 3, 5, 7 allege murder of seven different victims.  If convicted of these murder counts, defendants would be sentenced to life in prison.  *See* 18 U.S.C. § 1959(a)(1).   Given these allegations, short of the death penalty, the stakes could not be higher for these defendants.  That a criminal enterprise and racketeering allegations have been made dating back to the 1980s, means counsel for defendants must begin their

investigation at that date.  The discovery produced by the United States to date is massive and the discovery that will be produced or will be the subject of motions to produce will be exponentially larger.  Critical to preparation of the defense is the ability of defendants to review their discovery.

Federal Rule of Evidence 16 requires the Government, upon request, produce certain discovery.  "Rule 16 is designed to provide the defendant with sufficient information to make an informed decision about a plea, to allow the court to rule on admissibility motions before trial, to minimize prejudicial surprise at trial, and to generally increase the efficiency of litigation.  *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1010 (10th Cir. 1999). None of these purposes can be met if the defendants themselves cannot review the discovery.  "While there is no general constitutional right to discovery in a criminal case, the Constitution mandates that a defendant be accorded the opportunity to present a defense."  *United States v. Libby*, 453 F. Supp. 2d 35, 42 (D.D.C. 2006).  Defendants' constitutional right to present a defense as provided for in *South Carolina v. Holmes*, 547 U.S. 319 (2006), cannot be effectuated fully without the ability of the defendants, not just their counsel, to review all of the discovery. While most of the defendants just received their tablets and have begun reviewing discovery, six defendants still have not.  As currently scheduled, trial begins in six months and Defendants have only begun to review their discovery and many have not received discovery.  Accordingly, more time is needed to permit discovery review.  Given the quantity of discovery in this case, much more time is needed than normal.

Discovery review and investigation into the allegations of the indictment will be an impossible task to be completed by the current trial date of March 2017.  Defendants are

entitled to a constitutionally adequate investigation sufficient to enable counsel to properly defend their case. *See Medina v. Barnes,* 71 F.3d 363, 369 (10th Cir. 1995). Once the defense review of discovery and investigation is complete, identifying legal issues, participating in motion practice and developing trial strategy will be demanding. Should any defendants proceed to trial, the trial is likely to last a month or longer. Should all or multiple defendants proceed to trial it could last several months. Trials of this length and complexity require significantly more preparation time than normal. Defendants who join this Motion agree that they cannot be prepared to try a case of this complexity by the March trial date and a continuance is needed.

## CONSULTATION WITH COUNSEL

Counsel for Rudy Perez, Ryan J. Villa, sought the position of all counsel for all parties on this Motion. All Defendants concur in this motion except Defendant Eugene Martinez, who takes no position on the motion due to ongoing competency issues. Defendants Hernandez, and Martinez's counsel did not respond. Counsel for the United States, Maria Armijo, opposes this Motion. *See* Email from AUSA Armijo to Villa, *attached as* **Exhibit 5**. In her opposition, Ms. Armijo indicates she would agree to a continuance in this matter if the defendants in the parallel RICO indictment in 16-cr-1613 do not oppose a continuance of their trial date in July. Defendants in this matter are not in a position to extract a continuance from the defendants in the 1613 matter and such is not practical.

## <u>CONCLUSION</u>

For the reasons stated herein, the Court should vacate the March trial date. This date is simply unworkable as Defendants are in need of significantly more time. Defendants request a status hearing to discuss rescheduling the trial date, setting meaningful and

attainable discovery deadlines and deadlines for discovery motions, and a scheduling order

that realistically reflects the anticipated timeframes in this case.

      Respectfully submitted,

      */s/ Ryan J. Villa*
      Ryan J. Villa
      Attorney for Rudy Perez (26)

      **Joined by**:

      */s/ Brock Benjamin*
      Brock Benjamin
      Richard Sindel
      Attorneys for Joe Gallegos (2)

      */s/ Cori Harbour-Valdez*
      Cori Harbour-Valdez
      Patrick Burke
      Attorneys for Edward Troup (3)

      */s/ Russell Dean Clark*
      Russell Dean Clark
      Donald R. Knight
      Attorney for Leonard Lujan (4)

      */s/ Robert R. Cooper*
      Robert Cooper
      James Castle
      Attorneys for Billy Garcia (5)

      */s/ Jeffrey Lahann*
      Jeffrey Lahann
      Phillip Linder
      Attorneys for Allen Patterson (7)

      */s/ Orlando Mondragon*
      Orlando Mondragon
      Attorney for Christopher Chavez (8)

      */s/ Nathan Chambers*
      Nathan Chambers
      Noel Orquiz
      Attorneys for Javier Alonso (9)

*/s/ Billy Blackburn*
Billy Blackburn
Attorney for Arturo Garcia (10)

*/s/ Benjamin Clark*
Jerry Herrera
Stephen Hosford
Attorneys for Arturo Garcia (11)

*/s/ Gary Mitchell*
Gary Mitchell
Attorney for Javier Armenta (13)

*/s/ Larry Hammond*
Larry Hammond
Margaret Strickland
Attorneys for Jerry Montoya (14)

*/s/ Mario Rodriguez*
Santiago Hernandez
Steven M. Potolsky
Attorneys for Mario Rodriguez (15)

*/s/ Mary Stillinger*
Mary Stillinger
Joe Spencer
Attorneys for Mauricio Varela (17)

*/s/ Amy E. Jacks*
Amy E. Jacks
Richard Jewkes
Attorneys for Daniel Sanchez (18)

*/s/ B.J. Crow*
B.J. Crow
Attorney for Conrad Villegas (20)

*/s/ Theresa Duncan*
Theresa Duncan
Marc M. Lowry
Attorneys for Anthony Ray Baca (21)

*/s/ Charles J. McElhinney*
Charles J. McElhinney
Attorney for Robert Martinez (22)

*/s/ Marcia J. Milner*
Marcia J. Milner
Attorney for Roy Paul Martinez (23)


*/s/ Amy Sirignano*
Amy Sirignano
Christopher W. Adamas
Attorneys for Christopher Garcia (24)

*/s/ Michael V. Davis*
Michael V. Davis
Attorney for Carlos Herrera (25)


*/s/ Donavon A. Roberts*
Donavon A. Roberts
Attorney for Andrew Gallegos (27)

*/s/ Erlinda O. Johnson*
Erlinda O. Johnson
Attorney for Santos Gonzalez (28)

*/s/ Keith R. Romero*
Keith R. Romero
Attorney for Paul Rivera (29)

*/s/ Angela Arellanes*
Angela Arellanes
Attorney for Shauna Gutirrez (30)

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Ryan J. Villa*
Ryan J. Villa