IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        NO.  15-CR-4268-JB

ANGEL DELEON, et al.,

        Defendants.

## UNOPPOSED MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER[1]

COMES NOW, defendant Christopher Garcia, by and through co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and joined by defendants Joe Gallegos, Edward Troup, Leonard Lujan, Billy Garcia, Christopher Chavez, Javier Alonso, Arturo Arnulfo Garcia, Benjamin Clark, Ruben Hernandez, Jerry Armenta, Jerry Montoya, Mauricio Varela, Daniel Sanchez, Anthony Ray Baca, Robert Martinez, Carlos Herrera, Rudy Perez, Santos Gonzalez, Paul Rivera, and Shauna Gutierrez by their respective counsel, and files this Unopposed Motion Continue the October 4, 2016 Trial Setting

---

[1] On September 7, 2016, Counsel for Mr. Rudy Perez, Ryan Villa, filed Defendants Joint Opposed Motion to Vacate the March 2016 Trial Setting, Impose a Discovery Scheduling Order and Request for Hearing (Doc. 676).

(Doc. 250), and related Scheduling Order.[2] In support thereof, defendants state the following:

    1.    In this case, the 24 original defendants were charged by Indictment with violations of 18 U.S.C. §1959(a)(1)(5)(6) and 18 U.S.C. §2 (Violent Crimes in Aid of Racketeering ("VICAR"), Aiding and Abetting). *See* Indictment (Doc. 2). At least 19 of the original defendants were charged with capital eligible offenses and faced the possibility of the death penalty under 18 U.S.C. § 3591 et. seq. *Id.* The original Indictment contains special findings required for the imposition of the death penalty. *Id*.

    2.    The Court did not set an initial trial date after each defendants' respective Arraignment.

    3.    On April 21, 2016, the government unsealed a superseding indictment in this case, which alleged additional crimes and added additional defendants. *See* Superseding Indictment (Doc. 368). The government also revealed a new indictment in related case, 16-CR-1613, in which some, but not all, of the defendants in the above-captioned matter are charged with additional criminal acts (Doc. 1, 16-CR-1613). Both indictments allege defendants are members or affiliates of the Syndicato de Nuevo

---

[2] A Motion to Suspend the Scheduling Order Request for Status Conference and Ex Parte CJA Conference was filed on May 18, 2016 (Doc. 535).

Mexico ("SNM") prison gang, which the government alleges engaged in racketeering and committed violent crimes in aid thereof.

4. The United States also obtained a separate indictment against defendant Chris Garcia in 15-CR-4275 (Garcia indictment) (Docs. 2, 49, 15-CR-4275), who is a defendant in this matter and also in 16-CR-1613.

5. In this matter, on June 6, 2016, the United States notified the parties it does not intend to seek the death penalty (Doc. 567), but in 16-CR-1613, the case is still death eligible, *See Indictment*, (Doc. 1, 16-CR-1613). For ease of reference, counsel will refer to these cases as the "SNM cases."

6. On January 7, 2016, the government filed an Unopposed Joint Motion to Declare the Case Complex (Doc. 210). The Court entered an order declaring the case complex that same day. (Doc. 211).

7. On January 22, 2016, the Court set a Scheduling Order and initial jury trial setting on October 4, 2016 in Las Cruces, NM (Doc. 250).

8. All pending SNM cases were reassigned to this Court on March 30, 2016 (Doc. 352, in 15-CR-4268; and Doc. 57 in 15-CR-4275).

9. The parties filed a Motion to Suspend Scheduling Order, Request for Status Conference and Ex Parte CJA Conference on May 18, 2016 (Doc. 535). The Court held a hearing on June 2, 2016. (*Transcript of June 2, 2016 Hearing*, Doc. 624; Clerk's

Minutes, (Doc. 536, 537, 552, 557).  The Scheduling Order was ordered suspended by this Court during that hearing (Doc. 624, p. 102-103).

> THE COURT: All right. Well, let me do this: Let's set the case for March. And I understand that the defense counsel think that that's not realistic, and I'll remember that. I'm going to put the burden on the parties to draft a motion or an order that complies -- I know it's designated complex, but I'd still like to have it comply as much as possible with *Toombs* and *Hernandez-Mejia*. And I'm going to put the burden on the United States to do the first draft. And then defendants load it up as much as possible, so that if anybody reviews that down the road -- and I'll remember this -- I mean, we all know we're going to have to probably look at the schedule from time to time, and see if it can be done on the schedule.

Doc. 624, p. 102-103 (lines 12-25).

10.     During the June 2, 2016 hearing, the Court ordered a March 6, 2017 trial date.  (Doc. 624 at p. 103).  No Clerk's post-hearing minutes have been entered pending the filing of this motion.

11.     Counsel for Mr. Anthony Ray Baca, Theresa Duncan, contacted AUSA Maria Armijo on August 1, 2016, to discuss a proposed Scheduling Order after the June 2, 2016 hearing.  On August 10, 2016, Ms. Armijo sent Ms. Duncan an initial scheduling order, which Ms. Duncan edited and circulated to other defense counsel.  Many defense counsel were hesitant to enter into a Scheduling Order with the government due the volume of discovery disclosed to date in this case and uncertainties regarding when the government would disclose any remaining discovery.  Ultimately, defense counsel were unable to reach a consensus regarding the proposed scheduling order.

4

12.     Counsel has been practicing law in the District of New Mexico since approximately 2002. These three interwoven SNM cases are among the most complex ever filed in the District.

13.     Because the Unites States chose to prosecute thirty defendants in this indictment, with multiple counts, spanning over 3 decades, the discovery is massive. Moreover, discovery is continually being disclosed in this matter as well as the parallel RICO indictment in 16-CR-1613 and 15-CR-4275. Trial is likely to last months in the absence of severance, with corresponding trial preparation and pretrial motions litigation likely to take twice as long. The corresponding investigation needed to effectively represent each defendant is massive. However, due to the nature in which the United States is disclosing discovery, and the limitations set forth in the discovery order requiring defendants to have discovery on tablets, the October 4, 2016 trial date and corresponding proposed scheduling order (Doc. 250) is unworkable.

14.     The United States is producing discovery in a rolling fashion and a manner that makes it difficult for counsel to efficiently ascertain which documents are pertinent to a specific defendant and a specific count or counts. Compounding the issue is that defendants themselves have just begun to review discovery. Defendants who were initially indicted in this case in December, 2015 only just received their tablets on or about August 3, 2016, and recently learned that the tablets will need to be sent back to the NM Department of Corrections due to technical problems. Accordingly, most

defendants and counsel are not placing defense attorney-client materials on their tablets due to possible access by the NM Department of Corrections and the government (which is the only way counsel can leave documents with their clients since they are prohibited pursuant to the Protective Order (Doc. 589) to leave hard copy documents with their client.  Defendants who were indicted via the superseding indictment have not received tablets to date and thus have only reviewed discovery during limited, in person meetings with counsel.

15.     The discovery in 15-CR-4275 has been produced to all counsel in 15-CR-4268 and the racketeering (death) case, 16-CR-1613.  Most, if not all pretrial motions that will be filed in this case will also be filed in 15-CR-4275 and 16-CR-1613, notably motions to suppress evidence -- since the evidence will be used by the government in all three (3) cases.

16.     Approximately 48 pages of discovery were initially disclosed by the government in 15-CR-4275.  The same discovery was disclosed to all defendants in the related 15-CR-4268 VICAR conspiracy case.  On March 15, and March 25, 2016, the government disclosed over 3,000 pages of discovery to the expert discovery coordinator and all defense counsel on this case and 15-CR-4275.  In late July 2016, the government produced additional discovery in 15-CR-4275 to the discovery coordinator that was initially disclosed in mid-May 2016, but due to technical reasons was not properly disseminated.  As of August 12, 2016, there have been 40,784 pages and 412 hours of

audio and video recordings produced by the Government. According to Assistant United States Attorney (AUSA) Maria Armijo, this production is still ongoing and it is uncertain when it will be complete. *See Motion to Vacate*, Doc. 676, Exhibit 1.

17. The government sent a number of discovery productions **after** some of the defendants received their tablets. Specifically, the government produced discovery with a letter dated August 8, 2016 in the 16-CR-1613 case, and with a letter dated August 11, 2016 in the 16-CR-1613 case. The expert discovery coordinator prepared a Declaration on discovery productions in all related matters, attached hereto as Exhibit A.

18. All counsel and defendants are attempting to timely review approximately 40,784 pages of discovery and 412 audio and video files that have been produced in all three SNM cases to all defendants as of August 12, 2016.[3] The written reports contain thousands of pages of telephone calls, text messages, FBI-302s, Bernalillo County Sheriff's Office (BCSO) investigative reports, NM Department of Corrections STIU investigative reports, reports on alleged victims, witnesses, confidential informants, confidential human sources and other alleged SNM gang members, many of which are *highly redacted*.[4] The government has identified at least

---

[3] Russell Aoki, Expert Discovery Coordinator provided these numbers to all defense counsel on August 12, 2016 via email.
[4] Counsel is concerned that identifiers needed to ascertain whether evidence is exculpatory is being redacted.

7

12 confidential informants/cooperating witnesses/confidential human source(s) thus far that will provide testimony in all three SNM cases.

19. The government's redactions have increased the burden of reviewing discovery and conducting necessary investigations. For example, one folder recently disclosed by the government titled, MISC, contains approximately 91 confidential human source (CHS) reports. Counsel must review these individual reports with their respective clients and conduct an independent investigation into the veracity of each CHS.

20. The expert discovery coordinator does not disseminate the discovery immediately to defense counsel, as required sorting and conversion is necessary before producing. The government is taking the position that discovery is complete and is producing discovery on a rolling basis. However, many Rule 16 documents have not yet been produced, and will be subject to multiple motions to compel.

21. As in all complex prosecutions (all three of Mr. Garcia's matters could result in life imprisonment for many defendants, or in the matter of 16-CR-1613, death), the defense must fully investigate all charges against their client, and identify exculpatory evidence. The defense must identify expert and lay witnesses to defend the alleged acts and research the applicable law and penalty enhancements at the time of the alleged charged offenses, and must then determine the intent of all the players

involved.  Multiple individuals were allegedly involved in each Count/Overt Act in all three SNM indictments.

22.     This process will not only require substantial additional discovery from the government that has not yet been demanded as Counsel is diligently determining what has already been produced in each case and attempting to match it up to each Count/Overt Act in the three Indictments.  It has been a challenging task since the government's discovery productions have been recent, voluminous, and not produced in an organized fashion.

23.     Moreover, an independent analysis of the government's narcotics, fingerprint, DNA, and firearms laboratory findings, and the reliability, protocol, and procedures of all the testing done by the laboratory will also be required to proceed to trial in all three SNM Indictments.  Defense experts must be engaged once all the discovery is disclosed.

24.     Litigation on the Protective Order, Scheduling Orders, Complex Case Designation and Discovery has already consumed more than seven (7) months on all three cases.

25.     Counsel have been reviewing discovery with their clients in a diligent fashion.  Per the Court's oral order on June 2, 2016 (Doc. 624), defense counsel require that the October 4, 2016 trial date be continued, to give counsel time to obtain and review discovery with their respective clients, compensate for the time when the

defendants' have not had access to their tablets and the discovery, continue the defense investigation, summarize and transcribe thousands of audio recordings, locate witnesses, hire expert witnesses, file pretrial motions, including, but not limited to multiple discovery motions, motions to suppress (impacting all three cases), *Brady* motions, a motion to identify the multiple CHS/informants early, Motion to Produce unredacted discovery, a Motion to Dismiss based on Multiplicity/Duplicity, among others.  Counsel also need time to ascertain if any competency or mental health issues exist with their respective clients, conduct plea negotiations, and obtain records necessary for each clients' defense.  Many CJA counsel are also in the process of compiling discovery demands and motions to compel discovery to the government while reviewing the discovery.

26.     Pursuant to 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist for the continuance as explained herein.  The defendants stated need for a continuance outweigh the best interests of the public and the defendant in a speedy trial.  As appears from the foregoing, the parties and their counsel have been exercising due diligence.  The parties have been diligently communicating, continuing to review thousands of pages of discovery with their clients, compensating for the lost time when the defendants have not had access to their tablets and the discovery, and continuing their respective defense investigations.  Counsel must summarize and transcribe

10

thousands of audio recordings, locate witnesses, hire expert witnesses, file pretrial motions, including, but not limited to multiple discovery motions, motions to suppress (impacting all three cases), *Brady* motions, a motion to identify the multiple CHS/informants early, Motion to Produce unredacted discovery, a Motion to Dismiss based on Multiplicity/Duplicity, among others. Counsel must also ascertain if any competency or mental health issues exist with their respective clients, conduct plea negotiations, and obtain records necessary for their client's defense. Many counsel are also in the process of compiling discovery demands and motions to compel discovery to the government while reviewing the discovery. Therefore, defendants submit that, pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), as further clarified by the decision of the Tenth Circuit Court of Appeals in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist to continue the October 4, 2016 trial setting and related Scheduling Order (Doc. 250).

27.    The defendants respectfully request that the Court exclude the time between October 4, 2016 and the Court's June 2, 2016 oral setting of trial on March 6, 2017, for purposes of the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(B).

28.    The defense has made inquiry with the parties concerning this motion. The government is not opposed. Counsel for Eugene Martinez takes no position. Undersigned did not receive a response from the following defendants: Allen Patterson,

Conrad Villegas, and Andrew Gallegos.  The remaining defendants, who are not signatories, have no objection to the motion.

For the foregoing reasons, the defendants and their respective counsel respectfully request that the Court enter an Order continuing the October 4, 2016 trial date to March 6, 2017.

Respectfully submitted,

　/s　
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

　/s　
Christopher W. Adams, Esq.
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston SC 29401-2276
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com
*Attorneys for Christopher Garcia*

*s/ Brock Benjamin*
Brock Benjamin
Richard Sindel
*Attorneys for Joe Gallegos*

*s/ Cori A. Harbour-Valdez*
Cori A. Harbour
Patrick J. Burke
*Attorneys for Edward Troup*

*s/ Russell Dean Clark*
Russell Dean Clark
*Attorney for Leonard Lujan*

*s/ James Castle*
James Castle
Robert Cooper
*Attorneys for Billy Garcia*

*s/ Orlando Mondragon*
Orlando Mondragon
*Attorney for Christopher Chavez*

*s/ Nathan Chambers*
Nathan Chambers
Noel Orquiz
*Attorneys for Javier Alonso*

*s/ Billy Blackburn*
Billy Blackburn
*Attorney for Arturo Arnulfo Garcia*

*s/ Steve Hosford*
Steve Hosford
J.D. Herrera
*Attorneys for Benjamin Clark*

*s/ Pedro Pineda*
Pedro Pineda
*Attorney for Ruben Hernandez*

*s/ Gary Mitchell*
Gary Mitchell
*Attorney for Jerry Armenta*

*s/ Margaret Strickland*
Margaret Strickland
Larry Hammond
*Attorneys for Jerry Montoya*

*s/ Mary Stillinger*
Mary Stillinger
Joe Spencer
*Attorneys for Mauricio Varela*

*s/ Amy Jacks*
Amy Jacks
Richard Jewkes
*Attorneys for Daniel Sanchez*

*s/ Theresa M. Duncan*
Theresa M. Duncan
Marc Lowry
*Attorneys for Anthony Ray Baca*

*s/ C.J. McElhinney*
C.J. McElhinney
*Attorney for Robert Martinez*

*s/ Michael Davis*
Michael Davis
*Attorney for Carlos Herrera*

*s/ Ryan Villa*
Ryan Villa
*Attorney for Rudy Perez*

*s/ Erlinda Johnson*
Erlinda Johnson
*Attorney for Santos Gonzalez*

*s/ Keith Romero*
Keith Romero
*Attorney for Paul Rivera*

*s/ Angela Arellanes*
Angela Arellanes
*Attorney for Shauna Gutierrez*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system to opposing counsel, AUSAs Maria Armijo, Matthew Beck, and Randy Castellano, this 13th day of September 2016.

*s/ Cori A. Harbour-Valdez*
Cori A. Harbour-Valdez