IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JERRY MONTOYA,** | ) | |
| **MARIO RODRIGUEZ,** | ) | |
| **TIMOTHY MARTINEZ,** | ) | |
| **DANIEL SANCHEZ,** | ) | |
| **ANTHONY RAY BACA,** | ) | |
| **CARLOS HERRERA, and** | ) | |
| **RUDY PEREZ,** | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY [DOC. 668]

The Defendants' Motion to Compel Discovery [Doc. 668] ("Discovery Motion") requests discovery to which neither the Federal Rules of Criminal Procedure nor the United States Constitution entitles them. At least not at this stage in the litigation. The Discovery Motion advocates for a broad scope of discovery that the Court already concluded the United States Court of Appeals for the Tenth Circuit rejected as inconsistent with Brady v. Maryland, 373 U.S. 83, 87 (1963). The United States of America opposes many of these requests because they are nothing more than unsupported fishing expeditions. Accordingly, the United States asks this Court to deny the requests for the materials that the United States has not agreed to disclose.

## BACKGROUND

This criminal matter involves approximately 30 Defendants who have been indicted on charges of, among others, violent crimes in aid of racketeering, including charges that they

conspired to murder and assault certain individuals. In pursuit of these illegal purposes and activities, SNM, and its leaders and members, including Defendants Jerry Montoya, Mario Rodriguez, Timothy Martinez, Daniel Sanchez, Anthony Ray Baca, Carlos Herrera and Rudy Perez (the "Defendants"), in March 2014 and on March 7, 2014, conspired to murder and murdered J.M. at the Southern New Mexico Correctional Facility ("SNMCF"). They murdered J.M. to further SNM's purposes and reputation in the New Mexico prison system, and to further their own standing within SNM.

## PROCEDURAL HISTORY

On December 1, 2015, the United States filed the Redacted Indictment [Doc. 2] in this matter, charging approximately 24 defendants with violations of, among others, 18 U.S.C. § 1959(b)(2). See id. ¶ 2. On April 21, 2016, the United States filed the Redacted Superseding Indictment [Doc. 368] ("Indictment"), which alleged the same charges against the same Defendants, but adds additional Defendants and additional counts to bring the case to 30 Defendants. The Indictment charges that each of the Defendants "were members/prospects/ associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities, including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking." Indictment ¶ 1.

Count 6 of the Indictment charges the Defendants with conspiracy to murder J.M. See id. at 20-21. Count 7 of the Indictment charges the Defendants with the knowing and intentional murder of J.M. See id. at 21-26.

This is the third discovery motion in this criminal matter to which the United States responds. See Doc. Nos. 539 & 678 (Defendants' Specific Discovery Motions); see also Doc. Nos. 613 & 694 (Governments' Responses to the Discovery Motions).[1] The United States opposes many of the requests for the reasons discussed below.

## LEGAL AUTHORITIES

A.    Rule 16 of the Federal Rules of Criminal Procedure.

Rule 16 of the Federal Rules of Criminal Procedure guides the discovery process in criminal proceedings. Rule 16(a)(1)(E) provides the Government's obligation to disclose documents and objects:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item it its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Rule 16 does not authorize a defendant to engage in a fishing expedition, nor does it grant defendants access to the prosecution's file: "Although rule 16's language is permissive, it does

---

[1] The defendants' two Motions for Specific Discovery, Documents Number 539 & 678, request many of the same types of materials as this Discovery Motion and rely on much of the same reasoning and precedent. The United States therefore directs the Court to its previous responses in opposition to those motions, Documents Number 613 & 694, and recommends that the Court read those two responses before this third response. While this Discovery Motion was filed before the second Motion for Specific Discovery [Doc. No. 678], the United States responded to that motion before filing this response. Cf. United States' Motion for Extension of Time to Respond to Defendants' Motion to Compel Discovery [Doc.668] [Doc. No. ____] (Filed Sept. 30, 2016).

not authorize 'a blanket request to see the prosecution's file,' and a defendant may not use the rule to engage in a 'fishing expedition.'" United States v. Hykes, No. CR 15-4299 JB, 2016 WL 1730125, at *5 (D.N.M. Apr. 11, 2016) (Browning, J.) (quoting United States v. Maranzino, 860 F.2d 981, 985-86 (10th Cir. 1988)). Rule 16 does not require the Government to discover information that it does not have. And Rule 16 does not require the Government to secure information from third parties. See id. (citing United States v. Badonie, No. CR 03-2062 JB, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005) (Browning, J.)).

With regard to Rule 16(a)(1)(E)(i), an item is material to the defense's preparation "if 'there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, or assisting impeachment or rebuttal.'" Id. (quoting United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996)). "'[T]he Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor.'" Id. (quoting United States v. Graham, 83 F.3d at 1474).

B.     The United States Constitution's Criminal Disclosure Obligations.

Aside from the criminal procedural rules, the United States Constitution's Due Process clause also imposes disclosure obligations on the Government. It requires the Government to disclose "any evidence that 'is material either to guilt or to punishment,'" including "evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory." Hykes, 2016 WL 1730125, at *6 (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963); citing Giglio v. United States, 405 U.S. 150, 153 (1972)).

"'[T]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard.'" United States v. Rivas, 26 F. Supp. 3d 1082, 1110 (D.N.M. 2014)

(Browning, J.) (quoting United States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994)).

Duplicative impeachment evidence isn't material; nor is inadmissible information. See id.

"Favorable evidence is only material and thus subject to mandated disclosure when it 'could

reasonably be taken to put the whole case in such a different light as to undermine confidence in

the verdict.'" Id. at 1111 (quoting Cone v. Bell, 556 U.S. 449, 470 (2009)).

      Defendants cite to United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D. Cal. 1999), for

the proposition that, "[i]n analyzing these requests, the standard of the trial court should simply

be whether the evidence is favorable to the accused." Discovery Motion at 4.

      But this Court already considered -- and rejected -- the broader pretrial discovery

standard in Sudikoff. See United States v. Padilla, No. CR 09-3598 JB, 2010 WL 4337819, at *5

(D.N.M. Sept. 3, 2010) (Browning, J.) ("[T]he Court is not inclined to adopt Judge Pregerson's

broad pretrial disclosure standard." (citing United States v. Comosona, 848 F.2d 1110 (10th Cir.

1988))). The Court recognized that "[t]he Tenth Circuit has not adopted such a broad standard of

disclosing all evidence which might reasonably be favorable to a defendant. To the contrary, the

Tenth Circuit has found that requiring the United States to produce evidence which might be

favorable creates an 'insuperable burden' . . . ." Id. (quoting Comosona, 848 F.2d at 1115). As

the Court noted, Judge Pregerson's approach in Sudikoff is in direct "tension" with "the Supreme

Court's unambiguous holding that no constitutional violation occurs unless the United States

withholds evidence material to guilt or punishment." Id. The Court pointed that, "[t]o adopt

Judge Pregerson's standard would effectively require the government to produce all information

rather than conduct a materiality review; the Court believes that such an approach gets close to

civil discovery rather than the standard the American courts have employed since <u>Brady v. Maryland</u>." <u>Id.</u>

Thus, the Court has concluded that, to show that certain materials should be disclosed, a defendant must demonstrate specific facts that support that the requested discovery may contain material information. For example, in <u>Hykes</u>, the Court required the United States to search its files once the defendant came forth with facts which demonstrated that the requested material information may exist:

> Hykes is not sending the United States on a fishing expedition. Hykes demonstrates that the officers' personnel files may contain impeachment evidence. As support, Hykes points to the officers' involvement in several excessive-force lawsuits, discrepancies between the officers' story and eyewitnesses' stories, and evidence that the officers had a personal feud with Hykes.

<u>Hykes</u>, 2016 WL 1730125, at *20 (citation omitted).

The timing when the Government must disclose materials under <u>Brady</u> and <u>Giglio</u> varies. But "[a]s a general matter, 'some limitation on disclosure delay is necessary to protect the principles articulated in <u>Brady v. Maryland</u>.'" <u>Rivas</u>, 26 F. Supp. 3d at 1106-07 (quoting <u>United States v. Burke</u>, 571 F.3d 1048, 1054 (10th Cir. 2009)). The Supreme Court articulated a bright-line rule that <u>Brady</u> does not require "preguilty plea disclosure of impeachment information." <u>United States v. Ruiz</u>, 536 U.S. 622, 629 (2002). The United States Court of Appeals for the Tenth Circuit recently affirmed this Court's conclusion in <u>United States v. Harmon</u>, 871 F. Supp. 2d 1125, 1151 (D.N.M. 2012) (Browning, J.), that the Government is not required to disclose impeachment information before a suppression hearing. <u>See United States v. Harmon</u>, 742 F.3d 451 (10th Cir. 2014).

C.    <u>The Jencks Act.</u>

In response to the Supreme Court of the United States' decision in <u>Jencks v. United States</u>, 353 U.S. 657 (1957), Congress enacted the Jencks Act, 18 U.S.C. § 3500, which requires the Government to disclose a government witness's statements after that witness's trial testimony. <u>See</u> <u>United States v. Lujan</u>, 530 F. Supp. 2d 1224, 1232-33 (2008) (Brack, J.) (quoting 18 U.S.C. §§ 3500(a) & (b)) (cited in <u>Hykes</u>, 2016 WL 1730125, at *11). While the Tenth Circuit held that "[i]nterview notes could be 'statements' under the [Jencks] Act if they are substantially verbatim," <u>United States v. Smith</u>, 984 F.2d 1084, 1086 (10th Cir. 1993), this Court has required the Government to turn over law enforcement agents' reports and even investigative and interview notes that contain statements from a testifying Government witness. <u>See</u> <u>United States v. Tarango</u>, 760 F. Supp. 2d 1163, 1164, 1167 (D.N.M. 2009) (Browning, J.); <u>United States v. Harry</u>, No. CR 10-1915 JB, 2013 WL 684671, at *11-12 (D.N.M. Feb. 6, 2013) (Browning, J.).

## <u>ARGUMENT</u>

The Defendants request materials and information to which neither the Federal Rules of Criminal Procedure nor the United States Constitution entitle them, and other materials and information which simply aren't material to guilt or punishment. The United States opposes those requests. On the other hand, the Defendants request some impeachment materials to which they may be entitled -- <u>at some future point</u>. But not yet. <u>See, e.g.</u>, <u>Rivas</u>, 26 F. Supp. 3d at 1106-07. The United States therefore opposes those requests at present as well.

1. <u>Defendants' Statements</u>.

Defendants first request their statements provided to New Mexico State Police after J.M.'s murder. <u>See</u> Discovery Motion at 2. The United States disclosed all of the requested

statements to the Discovery Coordinator on March 25, 2016. The requested recorded statements do not exist for Defendants Herrera or Perez.

    2.  <u>Video</u>

Defendants request video of the pod in which J.M. was housed on March 7, 2014 and the "neighboring pod." Discovery Motion at 2. They assert that "[e]ach prison pod has several cameras filming from different angles that continually record." <u>Id.</u> They contend that, because the United States alleges that J.M. was murdered after paperwork was passed between neighboring prison pods, these videos are discoverable in this criminal matter.

Because the State of New Mexico, and not the United States, runs SNMCF, the United States asked the New Mexico Corrections Department ("NMCD") whether these videos exist. The United States disclosed the video from J.M.'s housing pod to the Discovery Coordinator on March 14, 2016. NMCD informed us that the videos from the neighboring pod do not exist.

    3.  <u>Procedures, Log Books, and Master Roster from SNMCF and STIU</u>.

    A.  <u>Procedures</u>.

The Defendants in this section first request "SNMCF's procedures for monitoring inmates in housing until [sic] 1A." Discovery Motion at 3. The United States understands this to be a request for SNMCF's procedures for monitoring inmates in housing unit 1A. Assuming that's the case, the United States opposes this request for two reasons.

First, the United States opposes this request, because the Defendants have not provided any facts that demonstrate why they may be entitled to this information. Without any factual basis for the request, this is nothing more than an impermissible fishing expedition. <u>See</u> <u>Hykes</u>, 2016 WL 1730125, at *5 ("Although rule 16's language is permissive, it does not authorize 'a

blanket request to see the prosecution's file,' and a defendant may not use the rule to engage in a 'fishing expedition.'" (quoting <u>Maranzino</u>, 860 F.2d at 985-86)). Second, somewhat related to the first, Defendants do not explain how these requested documents relating to assessing or classifying individuals may be "both favorable to the accused, and 'material either to guilt or to punishment.'" <u>Hykes</u>, 2016 WL 1730125, at *6 (quoting <u>Brady</u>, 373 U.S. at 87). And they cannot, because SNMCF's procedures simply cannot be "'material either to guilt or to punishment'" of any defendant. <u>Id.</u> (citation omitted).

The United States articulates more fully in paragraphs 16 and 17 of the United States' Response in Opposition to Defendants' Motion For Specific Discovery [Doc. 678] [Doc. No. 694] ("Second Discovery Motion Response"), why these requested procedures are not properly discoverable in criminal proceedings. <u>See</u> Second Discovery Motion Response ¶¶ 16-17, at 15-17. Suffice it to say that, as the Court notes in <u>Padilla</u>, while such procedures may be properly discovery in a civil matter -- against NMCD, and not the United States – they are not discoverable in criminal matters. <u>See</u> 2010 WL 4337819, at *5. For these reasons, and the reasons in the United States Second Discovery Motion Response, the Court should deny the Defendants' request for the SNMCF's procedures.[2]

B. <u>Log books</u>.

---

[2] Moreover, any procedures related to SNMCF are not in the United States' possession or control. SNMCF is a facility that the State of New Mexico runs, and not the United States Government. While the United States concedes that the Tenth Circuit imputes knowledge of certain facts of investigation to the United States when the State is intimately involved in the prosecution, <u>see</u> <u>Smith v. Secretary of N.M. Dep't of Corr.</u>, 50 F.3d 801, 825 n.36 (10th Cir. 1995) (cited in Discovery Motion at 4), this imputed <u>knowledge</u> doesn't extend to impute <u>custody, control or possession</u> of unrelated, proprietary procedures or policies of the State. <u>See</u> <u>id.</u> ("Clearly, if the prosecution had actual knowledge that several arms of the State were involved in the investigation of a particular case, then <u>the knowledge</u> of those arms is imputed to the prosecution.").

The United States opposes the Defendants' request for the log books at SNMCF housing unit 1A, because the Defendants have not met the threshold requirement that they come forth with facts that "demonstrate" that the log books may contain information to which they are entitled in criminal discovery. Hykes, 2016 WL 1730125, at *20. Indeed, they ask for seven months' total of daily log books from a housing pod without alleging even one fact how these log books may contain information that may be helpful to their defense and material to their guilt or punishment. Compare id. (Court required United States to look through state's personnel file for officers when Defendant "demonstrate[d] that the officers' personnel files may contain impeachment evidence," by pointing to specific facts, including "the officers' involvement in several excessive-force lawsuits, discrepancies between the officers' story and eyewitnesses' stories, and evidence that the officers had a personal feud with Hykes"). The United States therefore opposes their request.

      C.  Master Roster.

The United States pointed out in its First Discovery Motion Response and in its Second Discovery Response that NMCD doesn't have what the Defendants refer to as the Master Roster. Cf. United States' Response to Defendants' Motion for Specific Discovery [Doc. 539] [Doc. No. 613] ¶ 16, at 17 ("First Discovery Motion Response"); Second Discovery Motion Response ¶ 15, at 15. On September 30, 2016 (the same day the United States filed this response), the Defendants' counsel e-mailed the United States that they read that portion of the response briefs, and, given that, they want "whatever documentations NMDC has on inmate information about threats to other inmates in that pod for the relevant time." The Defendants have not, however, "demonstrat[ed]" with sufficient facts that these requested documents about other inmates in

J.M.'s housing unit may contain information to which they are entitled. <u>Hykes</u>, 2016 WL 1730125, at \*20. To the extent that these documents may be identifiable by the NMCD, and to the extent that they exist, the United States therefore opposes this discovery request.

    4.  <u>Impeachment materials and STIU file for Jerry Armenta and any other cooperating witness</u>.

For the same reasons that the United States opposed this request in the Defendants' First Discovery Motion, <u>see</u> First Discovery Motion Response ¶ 3, at 10-11; Second Discovery Motion Response ¶ 4, at 11, the United States opposes this same request here. The United States incorporates here its reasons for opposing this overbroad request in its previous responses.

<u>**CONCLUSION**</u>

For the reasons above, the United States of America asks that the Court deny the requests that the United States opposes, because the Defendants fail to demonstrate that the requested materials may contain information to which they are entitled.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

***Electronically filed on 9/30/16***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/_____
MATTHEW M. BECK
Assistant United States Attorney