IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          No. CR 15-4268 JB

ANGEL DELEON, et al.,

        Defendants.

## ORDER GRANTING MOTION TO CONTINUE THE OCTOBER 4, 2016, TRIAL SETTING, AND RELATED SCHEDULING ORDER

THIS MATTER having come before the Court on joint defendants Unopposed Motion to Continue the October 4, 2016, Trial Setting and Related Scheduling Order (Doc. 683), and the Court being fully advised of the circumstances finds that pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the defense requires the time from October 4, 2015 to March 6, 2017, to continue to review thousands of pages of discovery with their respective clients, compensate for the time when the defendants' have not had access to their tablets and the discovery, and to continue the defense investigation. Counsel must also summarize and transcribe thousands of audio recordings, locate witnesses, hire expert witnesses, file pretrial motions, including, but not limited to multiple discovery motions, motions to suppress (impacting all three cases), *Brady* motions, a motion to identify the multiple CHS/informants early, Motion to Produce unredacted discovery, a Motion to Dismiss based on Multiplicity/Duplicity, among others. Counsel Many CJA

counsel are also in the process of compiling discovery demands and motions to compel discovery to the government while reviewing the discovery.

IT IS THEREFORE ORDERED THAT:

1.  The Unopposed Motion to Continue the October 4, 2016, Trial Setting and Related Scheduling Order (Doc. 683) is granted.

2.  The trial setting is rescheduled for _March 6_, 2017 at 9:00 am on a trailing docket.

3.  After weighing the best interests of the public and the Defendants with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendants for the reasons stated in the motion requesting continuance filed September 13, 2016 (Doc. 683).  Specifically, the joint defendants need additional time to continue to review thousands of pages of discovery with their respective clients, compensate for the time when the defendants' have not had access to their tablets and the discovery, and to continue their respective defense investigations.  Counsel must summarize and transcribe thousands of audio recordings, locate witnesses, hire expert witnesses, file pretrial motions, including, but not limited to multiple discovery motions, motions to suppress (impacting all three cases), *Brady* motions, a motion to identify the multiple CHS/informants early, Motion to Produce unredacted discovery, a Motion to Dismiss based on Multiplicity/Duplicity, among others.  Counsel must also ascertain if any competency or mental health issues exist for their respective clients, conduct plea

negotiations, and obtain records necessary for each client's defense.  Many counsel are also in the process of compiling discovery demands and motions to compel discovery to the government while reviewing the discovery, which outweighs the Defendants and the public's interest in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(B).

The Court will set the trial for March 6, 2017, as ordered during the June 2, 2016 hearing (Doc. 624).  This 153 day continuance is sufficient, without being greater than necessary, for the Defendants to complete the tasks set forth in the motion to continue.

6.    The time between the October 4, 2016 trial setting and March 6, 2017, is excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B).

_____
UNITED STATES DISTRICT JUDGE

Submitted by:
/s/_____
Cori A. Harbour-Valdez
*Counsel for Edward Troup*

---

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendants for the reasons stated at the hearing held June 2, 2016 and the written motion justifying the request for a continuance, filed September 13, 2016 (Doc. 683). Specifically, the Defendants' need to obtain and review discovery, summarize and transcribe audio recordings, locate witnesses, hire expert witnesses, file pretrial motions, determine if any competency or mental health issues exists, conduct plea negotiations and obtain records necessary for their defense, outweighs the Defendants' and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for March 6, 2017____. This 153 day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

10/4/16