IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                       No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

        Defendants.

### JOINT MOTION TO EXCLUDE THE PROSECUTION TEAM FROM DECEMBER 2, 2016 EVIDENCE VIEWING

Defendant, Rudy Perez, by counsel, The Law Office of Ryan J. Villa (Ryan J. Villa) and Justine Fox-Young, P.C. (Justine Fox-Young) hereby moves the Court to order that the prosecution team, including employees of the Office of the United States Attorney and agents of the Security Threat Intelligence Unit of the Department of Corrections ("STIU"), be precluded from attending the evidence viewing scheduled for December 2, 2016. Mr. Perez is joined in this motion by Defendants Anthony Ray Baca, Joe Lawrence Gallegos, Shauna Gutierrez, Carlos Herrera, Timothy Martinez, Jerry Montoya and Daniel Sanchez, and in support thereof argues as follows:

1. The Defendants charged in Counts 6 and 7 of the superseding indictment have arranged with the Government to view the evidence in this case and to visit relevant areas of the Southern New Mexico Correctional Facility ("SNMCF") in Las Cruces, New Mexico.

2. The evidence viewing and visit to SNMCF are scheduled for December 2, 2016. These activities will generate work product that is protected from disclosure to the prosecution.

3. Members of the prosecution team, including the assigned Assistant United States Attorneys, the case agent and STIU agents, should therefore not be permitted to attend the evidence viewing or the visit to SNMCF.

4. A failure to exclude the prosecution team from the evidence viewing would likely increase defense costs in this case, in that it may create the necessity for a second visit to view the evidence after subsequent discussions and further investigation outside the presence of the prosecution.

5. Defendants do not object to the presence of agents and correctional officers at the evidence viewing and visit to SNMCF, as necessary for chain of custody and security purposes, but posit that members of the prosecution team need not and should not serve those functions for the reasons articulated below.

6. Counsel for Defendant Perez contacted United States Attorney Maria Armijo regarding the Government's position on this motion, and Ms. Armijo responded that the "government will be present."

7. Counsel for Defendants Anthony Ray Baca, Joe Lawrence Gallegos, Shauna Gutierrez, Carlos Herrera, Timothy Martinez, Jerry Montoya and Daniel Sanchez have informed the undersigned counsel that their clients join in this Motion. Counsel for all other Defendants, except where noted below, have indicated they do not oppose this motion. Counsel for Defendants Eugene Martinez and Robert Martinez take no position. Counsel for Defendants Javier Alonso, Gerald Archuleta, Jerry Armenta, Christopher Chavez, Benjamin Clark, Andrew Gallegos, Christopher Garcia, Ruben Hernandez, Leonard Lujan, Roy Paul Martinez, Allen Patterson, Paul Rivera, Mario Rodriguez, Mauricio Varela, and Conrad Villegas did not respond.

I.   **Defendants' Viewing of Evidence Will Necessarily Generate Work Product Which is Not Discoverable by the Prosecution**

Counsel for the defendants charged in counts 6 and 7 of the superseding indictment, Doc. 368, are scheduled to view the evidence in this case[1] and to visit Southern New Mexico Correctional Facility ("SNMCF") on December 2, 2016. This visit will necessarily generate various types of work product, as members of the respective defense teams, including counsel, investigators and experts view, discuss, document and record evidence and their impressions of that evidence. The resulting processes, discussions, notations, recordings, measurements, photographs and other tangible things that will be generated and created by the respective defense teams constitute work product and are not discoverable by the prosecution.

The work product privilege covers both "fact" and "opinion" work product created in preparation for litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947); *In re Grand Jury Proceedings*, 33 F.3d 342 (4th Cir.1994); *United States v. Nobles,* 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.") The doctrine protects material prepared by agents, to include investigators and other members of the defense team, as well as material prepared directly by the attorney. *See Nobles*, 422 U.S. at 238-239. *See also* Fed.R.Crim.P.16(b)(2) (stating that, "reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense" are not subject to disclosure); *United States v. Harry*, 2014 WL 6065705 at *4 (D.N.M. Oct. 14, 2014) (Browning, J.) (noting that Rule 16(b)(2) is considered to be the "work product exception[] to the general discovery requirements.")

---

[1] Although this visit will involve only the defendants charged in counts 6 and 7, all of the physical evidence must be made available given that defendants are charged with crimes in aid of a racketeering enterprise. *See* Doc 368.

"Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *Nobles,* 422 U.S. at 236–37. The doctrine reflects the strong "public policy underlying the orderly prosecution and defense of legal claims," *Hickman*, 329 U.S. at 510, and helps foster the effectiveness of legal assistance upon which our adversarial system of justice depends. Fact work product may be discovered only in very limited circumstances, and opinion work product, representing the actual thoughts and impressions of an attorney, enjoys near absolute immunity. *See In re Grand Jury Proceedings*, 33 F.3d at 348.

## II. Defendants are Therefore Entitled to a "Prosecution-Free Zone" In Which to View, Record and Discuss the Evidence

Defense counsel must be free to sift through and examine the evidence in this case as well as to develop trial strategy, "free from the roving eye of the prosecutor . . . ." *United States v. Regan*, 281 F.Supp.2d 795, 801 (E.D. Virginia 2002). The defense must be assured the privacy to view, measure, record and otherwise examine and discuss the evidence in this case outside the view and earshot of the prosecution team. As the Supreme Court expounded in *Hickman*:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways . . . .

329 U.S. at 510-511.

Lastly, the defense team's viewing of the evidence and visit to SNMCF will not compromise or otherwise impair the prosecution team's custody and control of the evidence. Counsel does not object to the presence of government agents, who are not part of the prosecution team, and correctional officers, for chain of custody and security purposes. Such measures will preserve counsels' ability to observe and analyze the evidence in the case without interference from the prosecution.

WHEREFORE, for all of the above reasons, Defendant Perez respectfully requests that the Court grant his request to preclude the prosecution team, including employees of the Office of the United States Attorney, the case agent, and "STIU" agents, from attending the viewing of evidence and visit to SNMCF.

Respectfully submitted,

*/s/ Justine Fox-Young*
Justine Fox-Young
1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW, Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                              /s/ *Justine Fox-Young*
                              JUSTINE FOX-YOUNG