# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Nos.   2:15-CR-04268-JB
                                                        2:16-CR-01613-JB

ANTHONY RAY BACA, et al.

       Defendant.

## ANTHONY RAY BACA'S JOINT, UNOPPOSED MOTION FOR DISCLOSURE OF GRAND JURY AND PETIT JURY DATA

COMES NOW, Defendant Anthony Ray Baca, by and through undersigned counsel, and, under 28 U.S.C. § 1867(f), the Fifth & Sixth Amendments to the United States Constitution, and the doctrine announced in *Duren v. Missouri*, 439 U.S. 357 (1979), and moves the Court to order the District Court Clerk for the District of New Mexico to make available to the defense for inspection and photocopying all relevant data and procedures used in the selection of grand and petit jurors in the Las Cruces Division of the District of New Mexico.  In support of the Motion, Anthony Ray Baca states:

On April 20, 2016, a federal grand jury indicted Anthony Baca in 15-CR-04268 for, *inter alia*, violent crimes in aid of racketeering under 18 U.S.C. §1959(a)(1); on April 21, 2016, a federal grand jury indicted Anthony Baca in 16-CR-01613 for conspiracy to engage in racketeering contrary to 18 U.S.C. §1962(d).  Under standards established by the Sixth Amendment of the federal constitution and the Jury Selection and Service Act, grand juries that determine whether to charge an individual and petit juries that decide the guilt or innocence of

that person must be selected "at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. § 1861.

In order to demonstrate a violation of the fair cross section requirement, Anthony Baca must show that a race, class, or other identifiable group was excluded in the jury selection process.  The legal test is whether a defendant can demonstrate that (1) the excluded group was a distinctive group; (2) the representation of the group in jury venires was not reasonable in relation to the total number of such persons in the community; and (3) the deficient representation was due to a systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357 (1979).  Anthony Baca is not in a position to make his required showing under the law without access to information in the possession of the District Court Clerk concerning the individuals who qualified for jury service, including information addressing how these individuals were qualified.

In addition to statutory protections, the Fifth Amendment's guarantee of equal protection safeguards the rights of those jurors who may be excluded from the jury because of their race or ethnicity.  *United States v. Orvalle*, 136 F.3d 1092, 1104 (6th Cir. 1998).  The standard for considering a Fifth Amendment challenge was discussed in *Orvalle*:

> Traditionally, in order to establish a prima facie case that a jury was selected in violation of a defendant's right to equal protection, the defendant is required to met a three-part test established by the Supreme Court in *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977).  "First, he must establish that the group excluded from the grand jury is one that is a recognizable, distinct class capable of being singled out for different treatment under the laws.  Second, he must establish that the selection procedure used by the state to select grand juries is susceptible to abuse or is not racially neutral.  Finally, he must establish the degree of underrepresentation occurring over a significant period of time by comparing the proportion of the excluded group in the total population to the proportion serving as

2

grand jurors."  *Jefferson v. Morgan*, 962 F.2d 1185, 1189-89 (6th
Cir.) (citations omitted), *cert. denied*, 506 U.S. 905, 113 S.Ct. 297,
121 L.Ed.2d 221 (1992).  "Once [a defendant] has established a
prima facie case, the burden shifts to the state to rebut the
inference of intentional discrimination."  *Id*. at 1189 (citing
*Castaneda*, 430 U.S. at 495, 97 S.Ct. at 1280-81).

It is no secret that the use of voter registration rolls as the sole source of data for the

selection of jurors, as the District of New Mexico does, results in fewer minorities participating

as jurors.  *United States v. Gault*, 973 F. Supp 1309, 1314 (D.N.M. 1997) (documenting the

disparity between Hispanics and Native Americans in the population at large and Hispanics and

Native Americans participating on qualified jury wheels).  Counsel is of the belief that this pre-

existing underrepresentation of Native Americans and Hispanics may have unfairly influenced

the selection of Anthony Baca's grand jury and, if demonstrated and allowed to continue, may

also adversely influence selection of his petit jury.

"Under 28 U.S.C. § 1867(f), parties 'shall be allowed to inspect' records of the

jury selection process in order to prepare motions challenging jury selection. The right to inspect

jury lists is essentially unqualified."  *U.S. v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing

*Test v. United States,* 420 U.S. 28, 30 (1975) (*per curiam*)); *United States v. Armstrong*, 621 F.2d

951, 955 (9th Cir. 1980).  *Armstrong* acknowledges that the "right to inspect, produce, and copy

such records or papers at all reasonable times" when preparing for jury challenge extends not

only to qualified jurors, "but also to the master wheel."  *Id.*  The current motion is evidence of

Anthony Baca's due diligence in attempting to determine whether the jury selection process in

New Mexico is fair and lawful.

Accordingly, Anthony Baca requests that counsel be provided access to all materials

related to the master jury wheel from which his grand jury was selected, as well as prospective

disclosure of all materials that will be generated, gathered, or produced in conjunction with the new master jury wheel to be drawn for 2017, from which Anthony Baca's petit jury will be selected for trial.

The information derived from the master jury wheels for the Las Cruces Division is necessary because Anthony Baca's grand jury was selected from those wheels, as his petit jury will be. Prospective disclosure of information to be generated by the next master wheel will be necessary to assess the constitutionality of the petit jury that could hear the trial(s) in these matters. As for information generated from master jury wheels that have been emptied, those materials are no longer protected from disclosure under federal law. 28 U.S.C. § 1867(f) (allowing disclosure of all records and papers generated for a master jury wheel once the "master jury wheel has been emptied and refilled . . . and all persons selected to serve as jurors before the master wheel was emptied have completed such service"). Of course, Anthony Baca's request includes all information concerning the master wheels themselves.

The kind of information counsel seeks includes:

(1)     a list of each member of all grand jury venires who appeared for service that were drawn from the master jury wheel from which the grand jury that indicted Anthony Baca on April 20 & 21, 2016 was drawn, as well as a list of each member of all venires that have been or will be drawn from the master jury wheel from which his 2017 petit jury will be assembled;

(2)     a list of all individuals excused from grand or petit jury service drawn from the relevant grand jury and petit master jury wheels, including their juror questionnaires, along with the reason each individual was excused from jury service (this request only concerns persons excused from service; it is not meant

4

to include those jurors excused during jury selection in individual trials);

(3)      all information regarding the procedures and data sources used to create the relevant grand and petit jury panels, including the area, by county, from which the panels were drawn;

(4)      any lists, questionnaires, or other information at the Clerk's office regarding jurors summonsed for jury duty who did not appear for jury selection (no shows);

(5)      all data, including statistical information, concerning the jurors who were deemed unqualified, including the reason for their disqualification;

(6)      all statistical data concerning jurors deemed qualified for jury service;

(7)      the list of all jurors, including surnames, drawn from qualified jury wheels to form petit jury pools, including all statistical analysis of race, ethnicity, and gender for individual pools;

(8)      the list of all jurors, including surnames, drawn from the qualified jury wheels to form grand jury arrays, including all statistical analysis of race, ethnicity, and gender for each array;

(9)      a list of all individuals excused from service on grand jury arrays or petit jury pools and the reason each individual was excused;

(10)     access to all of the juror questionnaires returned to the Court for processing; and

(11)     access to rosters of jurors who actually appeared for jury selection during the life of any juror wheel.

The examples listed are by no means exhaustive, but are merely illustrative of the kind of information that Anthony Baca needs in order to assess the lawfulness of jury selection process within the Las Cruces Division of the District of New Mexico.

5

In making this request, Anthony Baca's counsel assures the Court that counsel will maintain the confidentiality of the materials as required under the District's Jury Selection Plan, federal statutory law, 28 U.S.C. § 1867(f), and any confidentiality order to be issued by the Court.

The Government, through Assistant United States Attorney Maria Armijo, takes no position on this motion, although the United States seeks a copy of the records produced should the Court grant the motion.

Through counsel, Defendants Javier Alonso, Daniel Archuleta, Manuel Benito, Anthony Cordova, Joe Lawrence Gallegos, Richard Gallegos, Arturo Arnulfo Garcia, Billy Garcia, Christopher Garcia, Vincent Garduno, Santos Robert Gonzales, Carlos Herrera, Timothy Martinez, Jerry Montoya, Allen Patterson, Rudy Perez, Sergio Loya Rodriguez, Daniel Sanchez, and Edward Troup, join this motion.

Through counsel, Defendants Manuel Jacob Armijo, Robert Martinez, Roy Paul Martinez, and Frederico Munoz, take no position on this motion.

Counsel for Defendants Gerald Archuleta, Jerry Armenta, Christopher Chavez, Benjamin Clark, Andrew Gallegos, Shauna Gutierrez, Ruben Hernandez, Leonard Lujan, Eugene Martinez, Mandel Lon Parker, Paul Rivera, Mario Rodriguez, Mauricio Varela, and Conrad Villegas, were contacted but did not provide their position by the time of the filing of this motion.

WHEREFORE, in order for Anthony Baca to determine whether a motion challenging the jury selection process under 28 U.S.C. § 1867(a) is warranted, Anthony Baca requests all information in the possession of the office of the District Court Clerk for the District of New Mexico concerning the identity and background of individuals selected for the relevant jury wheels and juror panels comprising grand and petit juries in the Las Cruces Division, including

6

information addressing the manner in which those individuals are selected for jury service. Anthony Baca requests a hearing be held, with the appropriate personnel from the District Court Clerk's Office in attendance, so that a workable and precise plan for disclosure can be mutually agreed upon by all concerned.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, SCHOENBURG & BIENVENU, LLP

MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorney for Anthony Ray Baca*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of November, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiffs and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

ROTHSTEIN, DONATELLI, HUGHES
 DAHLSTROM, SCHOENBURG & BIENVENU, LLP