# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CLERK'S MINUTES

### BEFORE DISTRICT JUDGE JAMES O. BROWNING

| | | | |
|---|---|---|---|
| **CR CASE NO.:** | 15-4268 JB &<br>15-4269 JB | **DATE:** | November 29, 2016 |
| **CASE CAPTION:** | *USA v. DeLeon, et al.* | | |
| **CRD:** | K. Wild | **COURT REPORTER:** | J. Bean |
| **COURT IN SESSION:** | 9:19 a.m.<br>11:26 a.m.<br>2:22 p.m. | **COURT IN RECESS:** | 11:00 a.m. = 1:39<br>1:01 p.m. = 1:35<br>3:29 p.m. =  1:07<br>**TOTAL = 4:21** |

**TYPE OF PROCEEDING:**    Motion Hearing (see below)

**COURT'S RULING/DISPOSITION:**

1.  Defendant Anthony Ray Baca's Opposition to Proposed Restrictions on His Participation and Inclusion in Court Proceedings [777] – **TAKEN UNDER ADVISEMENT**
2.  Defendant Anthony Ray Baca's Joint, Unopposed Motion for Disclosure of Grand Jury and Petit Jury Data [773] – **GRANTED**
3.  Defendants' Joint Motion to Vacate March 2017 Trial Setting, Impose a Discovery Scheduling Order and Request for a Hearing [676] – **GRANTED IN PART AND DENEID IN PART**
4.  Joint Motion for Disclosure and Production of Confidential Informant  [698] – **GRANTED**
5.  Joint Motion to Exclude the Prosecution Team From December 2, 2016 Evidence Viewing [763] - **TAKEN UNDER ADVISMENT – INCLINED TO GRANT IN PART AND DENY IN PART**

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:**    Forms of order to be submitted by counsel/opinions to be entered by Court as noted below

| **ATTORNEYS PRESENT FOR PLAINTIFF(S):** | **ATTORNEYS PRESENT FOR DEFENDANT(S):** |
|---|---|
| Maria Armijo/Randy Castellano/<br>Matthew Beck, AUSA's | Brock Benjamin (for Deft. Joe Lawrence Gallegos) |
| | Cori Harbour-Valdez/Pat Burke (for Deft. Edward Troup) |
| | Dean Clark (for Deft. Leonard Lujan) |
| | Robert Cooper/James Castle (for Deft. Billy Garcia) |
| | Doug Couleur (for Deft. Eugene Martinez) |
| | Jeff Lahan (for Deft. Allen Patterson) |
| | Orlando Mondragon (for Deft. Christopher Chavez) |

Noel Orquiz/Nathan Chambers *(appearing telephonically beginning at 12:03 p.m.)* (for Deft. Javier Alonso)

Scott Davidson for Billy Blackburn (for Deft. Arturo Arnulfo Garcia)

Pedro Pineda (for Deft. Ruben Hernandez)

Gary Mitchell (for Deft. Jerry Armenta)

Margaret Strickland *(appearing telephonically)*/Larry Hammond (for Deft. Jerry Montoya)

Santiago Hernandez (for Deft. Mario Rodriguez)

Steve Almanza (for Deft. Timothy Martinez)

Mary Stillinger (for Deft. Mauricio Varela)

Richard Jewkes (for Deft. Daniel Sanchez)

B.J. Crow (for Deft. Conrad Villegas)

Marc Lowry/Theresa Duncan (for Deft. Anthony Ray Baca)

Amy Sirignano/Christopher Adams (for Deft. Christopher Garcia)

Michael Davis (for Deft. Carlos Herrera)

Ryan Villa/Justine Fox-Young (for Deft. Rudy Perez)

Donovan Roberts (for Deft. Andrew Gallegos)

Erlinda Johnson (for Deft. Santos Gonzalez)

Keith Romero (for Deft. Paul Rivera) (appearing telephonically)

Angela Arellanes (for Deft. Shauna Gutierrez)

Wayne Baker (for Deft. David Calbert) (*in 15-4269 only*)

## PROCEEDINGS

**COURT IN SESSION:**      9:19 a.m.

| **COURT:** | Calls case. Counsel enter appearances. Defendants present in custody. Case agents Bryan Acee, Thomas Neale, Joe Sainato and Nancy Stemo present. Defendant Angel DeLeon remains at large. Court confirms with Defendant Garcia that he consents to Mr. Davidson standing in for Mr. Blackburn today.  Keith Romero not present in person. |

## DEFENDANT ANTHONY RAY BACA'S OPPOSITION TO PROPOSED RESTRICTIONS ON HIS PARTICIPATION AND INCLUSION IN COURT PROCEEDINGS [777]

**Court:**  Will first take up the opposition filed by Mr. Baca as to the courtroom restrictions requested by USM.  Understand Mr. Lowry has informed counsel of what occurred during yesterday's hearing in CR 16-1613 – if there is anything further that other counsel want to say will not shut down.  Will work to get opinion out on issue before next time are convened. In the meantime, believe Mr. Baca has given the Court his *assurance* that he will not try to communicate with any of the co-Defendants in this case – the Court has not put any sort of partition up, so Mr. Baca can see everything and the agreement was that there would not be any communication with co-Defendants in the courtroom. So this being a judicial proceeding everybody would agree to that.  Counsel are not restricted from talking to other counsel.  Ask that the Defendants communicate through counsel at least in the courtroom.  Those are the agreements worked out until the Court could review the submissions that were made – some were coming in in this case last night and this morning, so will try to put an opinion together. Had a fairly full and robust argument in the hearing on CR 16-1613 - took some evidence which will consider and probably making some findings of fact. Asks if anyone wants to say anything further?

**9:29 a.m.  Mr. Hammond:**   Addresses Court re: same – requests Court reconsider order as to Defendants communicating in the courtroom at least at the times when court is not in session..

**Court:**  Same rules are going to apply across the board in this and the 16-1613 case.  Will take comments into account when putting opinion together – may be different at next hearing but at least for today will operate under ground rules the Court has laid out. USM is concerned Defendants are communicating about things besides just greetings, so will have to give some thought.  Notes overflow courtroom today is the Bonito.

**9:33 a.m.  Mr. Castle:**  Addresses Court – to extent Court is relying on testimony in other case requests transcript from yesterday's hearing be made part of the record in this case.

**Court:  Fine -** not sure what is meant by being part of record – Mr. Baca filed his opposition in all 3 cases he is in and will be citing to that. Can get transcript from other case if want it.

## ANTHONY RAY BACA'S JOINT, UNOPPOSED MOTION FOR DISCLOSURE OF GRAND JURY AND PETIT JURY DATA [773]

**Court:** Asks if there is any objection to Mr. Baca's motion for grand/petit jury data?

No opposition.

**Court:** Confirms Mr. Lowry and Govt. will submit form of order.

Counsel confirm.

## DEFENDANTS' JOINT MOTION TO VACATE MARCH 2017 TRIAL SETTING, IMPOSE A DISCOVERY SCHEDULING ORDER AND REQUEST FOR A HEARING [676]

**9:35 a.m.  Court:** Yesterday all parties in CR 16-1613 agreed to move the trial in that matter to 11/6/17.   Given this, any remaining issues with this motion?  Want to set trial in this matter before November 2017.

**9:37 a.m.  Mr. Villa:** Argues in support of motion.  Asserts still issue with tablets – his client has still not received his and was told he would be on Wednesday (11/23) of last week.  Has not been in touch with Aoki to determine what the problem is. Suggests should not set trial until understand status of receiving discovery. Asserts no Defendant at TCDC has received a tablet. Understand part of delay is that there is discovery still being provided for uploading – cannot speak to what discovery or when it was provided to Aoki.  There is no issue with counsel receiving the discovery – issue is with Defendants not having it/the tablets. Requests Court reconsider entered Scheduling Order provided by the Defendants. Know some Defendants want trial after November 2017.

**9:45 a.m.  Mr. Hammond:** Argues motion.  As to tablets, talked with Aoki's office yesterday and was advised that a large number of the tablets – including his client - has not come back from DOC. Suggests not set a trial date/start scheduling order deadlines until tablets are received.  Scheduling order Defendants proposed contemplated an 8 month schedule from the date the Govt.'s discovery disclosure was completed.

**9:48 a.m.  Mr. Davis:** Argues motion - due to where client is housed is taking more time to go through discovery with him – since Defendant received his tablet have not had opportunity to meet with him.

**9:52 a.m.  Mr. Castle:** Argues motion – Court has contemplated trial in this matter proceeding before that in CR 16-1613.

**Court:** Yes – thinks all have been working under that assumption.

**Mr. Castle:** Given volume of discovery and complexities of case, do not think case can be tried in 2017.  Agrees should wait set a trial date/start scheduling order deadlines until tablets are received.

**9:56 a.m.  Ms. Harbour-Valdez:** Argues motion – just received e-mail from Aoki as to status of

tablets – 14 Defendants have at facility now – he received 6 reconfigured tablets from DOC yesterday – 5 of those have been uploaded with the discovery and are being sent back today – one of them had an error message pop up when tried to copy discovery on to it, so it was shipped back to DOC.  DOC still has 17 tablets they are reconfiguring – they continue to send to Aoki on a rolling basis, six at a time.  Do not know why the rolling basis.

**9:58 a.m.  Mr. Lowry:**  Argues motion – agree w/Mr. Hammond and Mr. Castle's arguments. Estimates longest period of time client has had tablet in the past was for 30 days.

**10:00 a.m.  Ms. Armijo:**  Argues in response to motion – agreed to continuance based on the parties in Baca agreeing to continuance in that case, as well.  Want this case tried before *Baca*.  Want to know position of parties in 15-4269 as to continuance – want a trial date set in that case, as well. Vast majority of discovery is out, but it is still ongoing as a result of Defendants' requests. Continue to serve search warrants and investigate. Discovery will be ongoing on a rolling basis. Asserts defense never conferred w/Govt. as to a scheduling order, so the Govt. submitted its own proposal. Want trial date set in this matter next summer. Today is first time hearing issues with tablets, but not involved w/Aoki and how discovery has gone out – only involved a bit with regard to Mr. Gallegos given the quick trial setting for him.

**Court:**  Keep hearing 40,000 documents have been produced - asks if there will be more than 1,000 additional pages produced by Govt.?  Large document production?

**Ms. Armijo:**  Does not anticipate any other large document drops. Just because one matter involves more Defendants than another does not necessarily mean that the ones with fewer Defendants are less complex. Anticipates will take 2 months to try case.

**10:10 a.m.  No other counsel have argument.**

**Mr. Villa:**  Argues motion further.  Concerned because discovery has just been produced as to his client that the Govt. must have had before indictment – what else is out there?

**10:12 a.m.  Ms. Sirignano:**  Argues motion.  Tablet situation is not working – problem is not with Aoki or DOC, but with how the Govt. is putting productions together – defense must go through – not evidence which documents go with which counts. Now in November having to make hard copy of production to take into jail to review with clients.  Would like Govt. to come up with solution as to problem with tablets.

**10:15 a.m.  Mr. Davis:**  Argues motion further – protective order prevents counsel from being able to leave documents with client for review between visits with counsel. Will be asking for 17(c) subpoenas to obtain discovery independently, as well.

**10:17 a.m.  Court:**  Grants motion in part and denies in part – sets JS/JT for 7/10/17.  Asks if there

are other deadlines that need to be modified?

**Ms. Armijo:** Requests Court modify current scheduling order deadlines to comport with trial date of 7/10 – will provide a proposed order re: same. Asks if 15-4269 will be set at same time?

**Court:** How long needed for trial in that matter?

**Ms. Armijo:** 2 weeks – suggests early October.

**Mr. Calbert:** Fine.

**Ms. Stillinger:** Addresses Court re: same – want to know order trials will go in so know how to proceed.

**Court:** Sets JS/JT on 10/2/17 for 15-4269. Anything further needed on status conference portion of hearing as to 15-4269?

**Ms. Armijo:** No.

**Court:** Do not think realistic to not set a trial until discovery is done.

**10:25 a.m. Mr. Villa:** Addresses Court further. Understand Court wants to stick with Scheduling Order at Doc. 759. Would like those dates moved to comport with July setting.

**Court:** Understand Govt. is going to be submitting form of order.

**Mr. Villa:** So relieved of current deadlines, now?

**Court:** No – if reciprocal deadlines in place now need to comply. Parties should work together to get new dates to the Court.

**Mr. Villa:** Suggests move all deadlines by 4 months.

**Ms. Armijo:** Fine.

**Court:** Will move all out by 4 months – to be outlined in new scheduling order to be entered by Court. Anything further?

Counsel inform there is not.

**Court:** CRD will prepare order.

### JOINT MOTION TO EXCLUDE THE PROSECUTION TEAM FROM DECEMBER 2, 2016 EVIDENCE VIEWING [763]

**10:32 a.m. Court:** If the visit were being done in an office or the like – if party was a private corporation – might be a need for counsel to be present. Inclined to grant motion.

**10:36 a.m. Ms. Fox-Young:** Argues in support of motion. Will also be inspecting physical evidence – want to see all evidence as to all counts – only set up now as to Counts 6 & 7. Also want to visit A-pod and B-pod (upstairs and downstairs), the control room, the wheelchair program and also pods where the Defendants were housed after the murder. Would like any evidence obtained by agents or C.O.'s during inspection not be shared w/Govt.

- 6 -

**10:39 a.m.  Mr. Davis:**  Anticipate videotaping certain areas of the facility for use a trial – request Court provide permission for same.

**10:40 a.m.  Mr. Castellano:**  Argues in response in opposition to motion.  Never seen a request like this before – asks if Court has seen before?

**Court:**  Perhaps in civil context, probably not criminal.

**Mr. Castellano:**  Asserts reason is because has never before been requested - continues arguing motion.  Makes sense as practical matter because all evidence will be in one place at one time.  No on point cases because this is typically not an issue.  Physical evidence will likely be available at state police office.

**10:48 a.m.  Ms. Fox-Young:**  Argues in reply in further support of motion.

**10:53 a.m.  Mr. Castle:**  Argues motion.

**10:56 a.m.  Mr. Lowry:**  Argues motion.

**10:57 a.m.  Court:**  Grants motion.  Prosecution team should not after the visit try to elicit information about what the defense counsel did when there – if approached by anyone with the corrections department or the state police with information should not take that information without consulting with coordinating counsel to see if can be worked out – if cannot be worked out do not take without approaching Court.  If Govt. wishes to challenge down the road the fact that there is no work product here can raise in specific context of the information trying to obtain or saying has been waived. Trying to preserve the Defendants ability to talk while they are there and do what need and can do during visit. As far as other requests being made, not going to start ordering folks – especially not here - corrections – to do things – if there are problems can reapproach.

**Court in recess:  11:00 a.m.**

**Court in session:  11:26 a.m.**

**Ms. Fox-Young:**  No further argument on motion.

**Ms. Armijo:**  Two sets of viewings set-up – Counts 1 & 2 and then the ones for the Molina murder. There will be one defense counsel who will be point person as to each murder.

**Mr. Cooper:**  Point person for 12/15 SNM site inspection.

### JOINT MOTION FOR DISCLOSURE AND PRODUCTION OF CONFIDENTIAL INFORMANT  [698]

**Court:**  Seems like Mr. Villa has had his issues resolved.

**11:29 a.m.  Mr. Villa:**  Today no remaining issues to request from Court.  Should Court grant any other requests today, may come back and seek other things.

**Court:**  Seems are now moving into a different phase in case – parties know much more than Court does – parties should not presume Court knows all facts – parties should not hesitate to provide more

detail rather than less.  Asks if should first take up motion as to request by Mr. Troup?

**11:32 a.m. Ms. Harbour-Valdez:**  Argues in support of motion re: same/as to F.S.

**11:43 a.m.  Mr. Beck:**  Argues in response in opposition to motion re: same. Intend to call C.I. at trial.
Do not know who Cheech is – have not asked CHS who that is.  References legal section in Doc.
255- in CR 16-1613.

**11:49 a.m.  Ms. Harbour-Valdez:**  Argues further.

**11:51 a.m.  Mr. Beck:**  Argues further in opposition.  Will provide the identity of Cheech.

**12:03 p.m.  Mr. Chambers:**  Joins hearing telephonically.

No other defense counsel have argument as request as to F.S.

**12:04 p.m.  Ms. Harbour-Valdez:**  Argues in reply in further support of motion as to F.S.

**Court:**  Not going to order production of CHS as to F.S. incident at this time – going to first determine
whether the C.I. analysis is obviated, if, in fact, the person is going to be testifying.  Will take up the
Govt.'s suggestion and will determine the C.I. issue.  At the moment, will require the Govt. to provide
identity of Cheech – defense may be able to talk to him to figure out who he is and then may be able
to bulk up their request – can send Court letter or something if figure out more information. At
moment seems the CHS as far as Mr. Troup may be a  little bit on the periphery of just somebody that
– you know – obviously all would like to know who is there.  But, if start staying going to disclose
every CI to see if they were there, think have just pretty much required every CI to be disclosed – so
think has to be higher standard than that.  So, inclined to leave on the *Jencks* disclosure list, but
maybe defense can bulk up with what learn from Cheech – will think about – not making a final ruling
because do not have to because of *Jencks* issue.

**Ms. Harbour-Valdez:**  Okay to submit supplement briefing on C.I. issue?

**Court:**  Yes.  Will next take up request by Daniel Sanchez.

**12:09 p.m.  Mr. Jewkes:**  Informs request pertains to J.M. murder.

**Court:**  Will come back to Mr. Molina, then.

**12:11 p.m.  Mr. Lowry:**  Argues in support of motion as to Mr. Baca's request as to J.M. murder.

**12:19 p.m.  Mr. Hammond:**  Argues in support of motion re: same.

**12:27 p.m.  Mr. Castle:**  Argues motion re: same.

**12:29 p.m.  Mr. Lowry:**  Argues in reply in support of motion as to J.M. murder.

**12:30 p.m.  Mr. Beck:**  Argues in opposition to same.

**12:37 p.m. No other counsel have argument.**

**Mr. Lowry:**  No further argument.

**Court:** Because Court is going to have to review this in connection with *Jencks*, not going to order

the production to Mr. Baca at this time.  Will study the legal issue and see if this requires any CI analysis – but if it does require CI analysis, going to think about it a little further, but inclined to order the production here because of the timing issue.  Realize that there may be strong evidence against Mr. Baca from recordings that links him to this murder, but need to figure out whether that still undercuts this theory of --- just because Govt. has strong evidence linking him to the murder - if that is his defense that it could not have happened that this information got to him and then Mr. Perez made shanks out of his walker all within 24 hours - seems that since this is the only source of this information to either Mr. Perez or Mr. Baca, Court may need to require its production if do the CI analysis.

**12:38 p.m.  Mr. Lowry:**  There are plenty of recordings involving Mr. Baca, but there are no direct recordings of him involved in J.M. murder.

**Mr. Beck:**  Not correct. Tapes have been provided where he admits involvement in J.M. murder. Counsel argue further.

**Court:**  Know what thinking and critical point, so if some discovery want Court to review before making final decision should get to Court.

**12:44 p.m.  Mr. Davis:**  Argues motion in support of Carlos Herrera's request as to J.M. murder.

**Ms. Armijo:**  Provides theory as to Herrera's involvement – sanctioned hit – have recordings of him evidencing his involvement.

**12:47 p.m.  Mr. Davis:**  Have not heard recording that substantiates.  Continues arguing.

**12:52 p.m.  Mr. Beck:**  Argues in response in opposition to request.  Do not want to produce due to safety concerns for C.I.

**12:54 p.m.  Mr. Davis:**  Argues in reply in further support of request.

**Mr. Beck:**  Cannot provide defense with direction to the evidence.

**12:59 p.m.  Court:**  Recalls the days when USAO would hand a Defendant a book and say 'here is the evidence against you', but probably not going to solve that today.

**Mr. Davis:**  Argues in reply in further support of request.

**1:00 p.m.  Court:**  Absent a stronger showing, probably not going to require disclosure of C.I.'s because of what is not in the CHS reporting documents.  Bit of a proponent of 'the dog doesn't bark theory' from time to time, but it has probably got to the be stronger than that, so probably not going to make the Govt. disclose CHS's on what is not in the reports without a stronger showing. Will break for lunch until 2:00 p.m.

**Court in recess:  1:01 p.m.**

**Court in session:  2:22 p.m.**

**Court:**  Queries Mr. Romero as to why he is not present at the courthouse?

Mr. Romero informs he is having car issues and is stranded in Moriarty.

**Mr. Hammond:**  Argues in support of motion as to Daniel Sanchez re: J.M. murder.

**2:37 p.m.  No other defense counsel have argument re: same.**

**Mr. Beck:**  Argues in response in opposition to same.

**2:41 p.m.  Ms. Armijo:**  Argues in response in opposition to same.

**2:47 p.m.  Mr. Beck:**  Continues arguing in response in opposition to same.

**2:55 p.m.  Mr. Villa:**  Argues regarding same.

**2:57 p.m.  Mr. Lowry:**  Argues regarding same.

Counsel argue further.

**Court:**  Inclined to find C.I. should be disclosed – probably will allow as to Baca, but not as to Montoya.  Confirms there are no other C.I.'s teed up today.

**3:06 p.m.  Mr. Beck:**  If Court is inclined to grant disclosure of C.I. to Mr. Baca, request Court impose the entry of a protective order that limits disclosure to Mr. Baca and his counsel.

**Court:**  Amenable to same.

**Mr. Lowry:**  No opposition – have seen that in Mr. Perez's case and not opposed.

**3:08 p.m.  Mr. Villa:**  Okay to confer with Mr. Baca's counsel re: same?

**Mr. Beck:**  Fine.

**Mr. Adams:**  This is the one that will be supplemented.

**Court:**  In all 3 cases?

**Mr. Adams:**  Yes.  Will try to make a more particularized request.

**Court:**  As to redactions to be discussed tomorrow during Mr. Gallegos' hearing, suggests parties work together to see if can agree – is it worth fighting over?  Will probably go through one at a time – probably will not make blanket rulings - are personal identifiers really needed?  Anything further today?

**Ms. Armijo:**  There is an outstanding motion regarding appeal of detention as to Shauna Gutierrez.

**Court:**  Want to do today?

**Ms. Arellanes:**  Prefer to address another day.

**Mr. Lowry:**  Asks if can set routine status conferences so there are dates on the books?

Court confers off record with CRD.

**Court:**  Sets hearing on 2/7/17 at 8:30 a.m.

**Ms. Stillinger:**  Client has asked her to ask Court if he can be excused from all hearings other than those evidentiary in nature?

**Court:**  Declines to honor request.

**Mr. Benjamin:**  Suggests Court could find a way to reduce the 18 hour time period in shackles.

**Court:**  Cannot think of anything at this time.

**Mr. Jewkes:**  Requests Court and USM reconsider the use of bellychains.

**Court:**  Anything further?

**Court in recess:  3:29 p.m.**