IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' NOTICE OF EXPERT WITNESS TESTIMONY**

The United States of America hereby provides notice, pursuant to Federal Rule of Criminal Procedure 16, of its intent to introduce, during its case-in-chief at trial, expert testimony. The United States submits that such evidence is relevant to the issues to be tried before the jury in this case. The United States asserts that this testimony is admissible evidence, pursuant to Federal Rule of Evidence 702, and that the witnesses have a reliable basis in knowledge and experience regarding their testimony. The United States advises as follows:

**OMI Medical Investigator Ross E. Zumwalt, M.D.**

The United States may call as a witness Ross E. Zumwalt, M.D. It is anticipated that Dr. Zumwalt will testify about the autopsies he performed on victims F.C., R.G. and F.S. Dr. Zumwalt's opinion is that the cause of death in all three homicides was ligature strangulation, and the manner of death was homicide. Dr. Zumwalt will testify to all his findings listed in the autopsy reports. His testimony will include his expert opinion, education, training, experience and specialized knowledge. The autopsy reports were previously disclosed to Defendants. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Serology Analyst Kristen Radecki

The United States may call as a witness Kristen Radecki, a Forensic Serology Analyst with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Radecki will testify regarding the tests conducted, and the results and conclusions of those tests involving DNA as to the homicides of F.C. and R.G., as previously revealed in her written reports disclosed to Defendants. Ms. Radecki's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Eve Tokumaru

The United States may call as a witness Eve Tokumaru, a Forensic Scientist, specializing in forensic serology and DNA analysis, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Tokumaru will testify regarding the tests conducted, and the results and conclusions of those tests involving DNA as to the homicide of F.C., as previously revealed in her written report disclosed to Defendants. Ms. Tokumaru's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Latent Print Analyst/Photography Shirley Garcia

The United States may call as a witness Shirley Garcia, a Forensic Latent Print Analyst, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Garcia will testify regarding the tests conducted, and the results and conclusions of those tests involving shoe impressions at the scene of the crime as to the homicide of R.G., as previously revealed in her written report disclosed to Defendants. Ms. Garcia's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Jennifer Otto

The United States may call as a witness Jennifer Otto, a Forensic Scientist, specializing in forensic serology and DNA analysis, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Otto will testify regarding the tests conducted, and the results and conclusions of those tests involving DNA as to the homicide of F.S., as previously revealed in her written reports disclosed to Defendants. Ms. Otto's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### OMI Medical Investigator Ian Paul, M.D.

The United States may call as a witness Ian Paul, M.D. It is anticipated that Dr. Paul will testify about the autopsy he performed on victim A.B. Dr. Paul's opinion is that the cause of death was a gunshot wound to the head, and the manner of death was homicide. Dr. Paul will testify to all his findings listed in the autopsy report. His testimony will include his expert opinion, education, training, experience and specialized knowledge. The autopsy report was previously disclosed to Defendants. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Kevin M. Streine

The United States may call as a witness Kevin M. Streine, a Forensic Scientist, with the New Mexico Department of Public Safety Forensic Laboratory. Mr. Streine will testify regarding the tests conducted, and the results and conclusions of those tests involving bullet comparison, general rifling characteristics, cartridge examination, cartridge case examination and comparison, shot shell examination, and integrated ballistics identification system/National integrated ballistics information network entry, as to the homicide of A.B., as previously

revealed in his written reports disclosed to Defendants. Mr. Streine's testimony may include expert opinions or specialized knowledge regarding these matters that is derived from his education, training, and professional experience as a forensic scientist. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Margo Mikesica

The United States may call as a witness Margo Mikesica, a Forensic Scientist, specializing in forensic serology and DNA analysis, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Mikesica will testify regarding the tests conducted, and the results and conclusions of those tests involving DNA as to the homicide of A.B., as previously revealed in her written report disclosed to Defendants. Ms. Mikesica's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Tracy Zehringer

The United States may call as a witness Tracy Zehringer, a Forensic Scientist, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Zehinger will testify regarding the results and conclusions of examinations conducted by the Latent Prints Unit as to the homicide of A.B., as previously revealed in her written reports disclosed to Defendants. Ms. Zehinger's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Teresa Vigil

The United States may call as a witness Teresa Vigil, a Forensic Scientist,

with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Vigil will testify regarding the results and conclusions of examinations conducted by the Latent Prints Unit as to the homicide of A.B., as previously revealed in her written report disclosed to Defendants.   Ms. Vigil's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Eric Young

The United States may call as a witness Eric Young, a Forensic Scientist, with the New Mexico Department of Public Safety Forensic Laboratory. Mr. Young will testify regarding the results and conclusions of examinations conducted by the Trace Unit (Fire Debris) as to the homicide of A.B., as previously revealed in his written report disclosed to Defendants. Mr. Young's testimony will include his expert opinion, education, training, experience and specialized knowledge. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### FBI Forensic Examiner Tiffany L. Smith

The United States may call as a witness Tiffany L. Smith, a Forensic Examiner with the Federal Bureau of Investigation Laboratory. Ms. Smith will testify regarding the results and conclusions of examinations conducted by the DNA Analysis Unit as to the homicide of A.B., as previously revealed in her written report disclosed to Defendants. Additionally, Ms. Smith is examining a firearm for a possible DNA match.   The United States will disclose her findings and results once received by the United States.   Ms. Smith's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

5

### OMI Medical Investigator Hannah Kastenbaum, M.D.

The United States may call as a witness Hannah Kastenbaum, M.D. It is anticipated that Dr. Kastenbaum will testify about the autopsy she performed on victim J.M. Dr. Kastenbaum's opinion is that the cause of death was stab wounds, and the manner of death was homicide. Dr. Kastenbaum will testify to all her findings listed in the autopsy report. Her testimony will include her expert opinion, education, training, experience and specialized knowledge. The autopsy report was previously disclosed to Defendants. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Scientist Cindy Wood

The United States may call as a witness Cindy Wood, a Forensic Scientist, specializing in forensic serology and DNA analysis, with the New Mexico Department of Public Safety Forensic Laboratory. Ms. Wood will testify regarding the tests conducted, and the results and conclusions of those tests involving DNA as to the homicide of J.M., as previously revealed in her written report disclosed to Defendants. Ms. Wood's testimony will include her expert opinion, education, training, experience and specialized knowledge. A copy of her *curriculum vitae* will be provided to defense counsel upon receipt.

### NMDPS Forensic Audio/Video Analyst Roger Cain

The United States may call as a witness Roger Cain, a Forensic Audio/Video Analyst with Rocky Mountain Information Network. Mr. Cain will testify regarding the results and conclusions of examinations. Specifically, Mr. Cain examined the Verbatim DVD-R containing video of the assault on J.M., in order to enhance the audio and video, as previously revealed in his written report disclosed to Defendants. Mr. Cain's testimony will include his expert opinion,

education, training, experience and specialized knowledge. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### FBI Forensic Examiner Theodore Chavez

The United States may call as a witness Theodore Chavez, a Forensic Examiner with the Federal Bureau of Investigation Laboratory, to testify about the tests he performed on the firearm, and his findings as to the firearm described in his report disclosed to Russ Aoki on April 3, 2017. Mr. Chavez's testimony will include his expert opinion, education, training, experience and specialized knowledge. A copy of his *curriculum vitae* will be provided to defense counsel upon receipt.

### LAW and ARGUMENT

Federal Rule of Evidence 702 controls the admissibility of expert testimony and requires district courts to ensure that all scientific, technical or other specialized testimony of an expert witness is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (applying same principles to "technical" evidence). To determine whether an expert's testimony is reliable, the court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). Courts consider four nonexclusive factors in determining whether expert testimony is sufficiently reliable:

(1) whether the theory at issue can be and has been tested;

(2) whether the theory has been subjected to peer review and publication;

(3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and

(4) whether the theory generally has been accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94.   The Rule 702 inquiry under *Daubert* is a "flexible one," and these factors "do not all necessarily apply . . . in every instance."   *Kumho Tire*, 526 U.S. at 150-51.   A trial court has the same wide "latitude in deciding *how* to test an expert's reliability ... as it enjoys when it decides *whether or not* an expert's testimony is reliable."   *Id*. at 152 (emphasis in original).

WHEREFORE the United States respectfully requests this Court to allow the above-described expert witnesses' testimony because it has "a reliable basis in the knowledge and experience" in the witnesses' respective disciplines, as prescribed by *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).   *See United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) (Rule 702's reliability requirement for proffered expert testimony may be satisfied where an expert witness' "specialized knowledge" is "acquired through 'experience' and 'training' ").

Respectfully Submitted,
JAMES D. TIERNEY
Acting United States Attorney
**Electronically filed on 4/3/2017**
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney