IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANTHONY RAY BACA,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE OPPOSING DEFENDANT ANTHONY RAY BACA'S
MOTION FOR A BILL OF PARTICULARS (DOC. 1056)**

The United States of America, by and through undersigned counsel, hereby submits this

Response Opposing Defendant Anthony Ray Baca's Motion for a Bill of Particulars. For the

reasons set forth more fully in the memorandum, the requested bill of particulars is not necessary

and should be denied.

**MEMORANDUM**

On April 5, 2017, Defendant Anthony Ray Baca filed a Motion for a Bill of Particulars.

(Doc. 1056.) The defendant's motion seeks information regarding Counts 6-10 of the Second

Superseding Indictment. Because the defendant has fallen short of demonstrating that he needs

the requested information in order to prepare for trial, the motion should be denied.

The decision whether to grant or deny a motion for a bill of particulars rests with the

sound discretion of the district court. *Will v. United States*, 389 U.S. 90, 98-99 (1967); *see* 1

Wright & Leipold, Fed. Prac. & Proc. Crim § 130 (4th ed. 2015) ("A defendant is not entitled to a

bill of particulars as a matter of right."); Fed. R. Crim. P. 7(f) ("The court *may* direct the

government to file a bill of particulars.")[1] (emphasis added). A bill of particulars is intended to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense *when the indictment itself is too vague and indefinite for such purposes.*" *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (emphasis added). In ruling on a motion for a bill of particulars, a district court should consider "whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." 1 Wright & Leipold, Fed. Prac. & Proc. Crim § 130. The key question is whether the information sought is necessary for the preparation of a defense, not whether the defendant may find it helpful. *United States v. Fennell*, 496 F. Supp. 2d 279, 284 (S.D.N.Y. 2007).

It is well-established that a bill of particulars is not a discovery device. "The purpose of a bill of particulars is *not* to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories." *United States v. Nguyen*, 928 F.Supp. 1525, 1551-52 (D.Kan. 1996), citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (emphasis in original).

## I.     The Superseding Indictment is Sufficiently Detailed and Specific.

A bill of particulars should be rejected when the indictment sets forth the charges against the defendant. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988). "An indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute

---

[1] Rule 7(f) also requires the motion for bill of particulars to be filed "before or within 14 days after arraignment or at a later time if the court permits."   There is no indication the defendant has sought or received the Court's permission to file his motion at this late date.

adequately states the elements of the offense." *Id*. "Sufficiency is determined by practical rather than technical considerations." *Id*.

The Second Superseding Indictment returned in this case is 18 pages long and goes far beyond what Mr. Baca needs to prepare his defense and avoid unfair surprise at trial. With respect to the racketeering enterprise, the Indictment contains two paragraphs introducing the alleged enterprise, seven paragraphs explaining the background of the enterprise, two paragraphs identifying the roles of the defendants, six paragraphs summarizing the purpose of the enterprise, and the types of racketing activity in which the defendants allegedly engaged. (Doc # 949 at 2-9).

Counts Seven through Ten charge Mr. Baca with committing Violent Crimes in Aid of Racketeering in violation of 18 U.S.C. §§ 1959(a)(1), (5), and (6) for murder, conspiracy to murder, and conspiracy to commit assault resulting in serious bodily injury.   Each of these counts contains two paragraphs that state the date and location of the offense, name other co-conspirators, identify the victim, and set forth the elements of the crimes and the statutes violated. (*Id.* at 12-15.)

The Second Superseding Indictment provides more than enough information for the defendant to understand the charges against him and fully and fairly prepare for trial. In this circuit, nothing more is required. *See, e.g., United States v. Dunn*, 841 F.2d 1026; *United States v. Dahlman,* 13 F.3d 1391, 1400 (10th Cir. 1993). Mr. Baca's motion should be denied.

## II.    The United States Has Provided Extensive Discovery.

A bill of particulars is also properly denied where the government has supplemented the indictment, through discovery or other means, with information that the defendant requires to understand the crimes charged and prepare for trial. *United States v. Kunzman*, 54 F.3d 1522,

1526 (10th Cir.1995) (denying motion for bill of particulars when government provided defendant sufficient discovery prior to trial to inform him of charges and enable him to prepare his defense).

As this Court is aware, the United States has provided an extraordinary amount of information to Mr. Baca and his co-defendants in this case. Discovery has been produced in multiple rounds – in March 2016, July 2016, October 2016, November 2016, December 2016, February 2017, March 2017, and April 2017 – and each time the data was provided to Mr. Russ Aoki, the discovery coordinator. The discovery consists of information in various forms, including documents, photographs, audio recordings, video recordings, and other investigatory materials.   All told, the United States has produced over 30 gigabytes of information thus far. In addition to the information provided, the United States has made the physical evidence in this case available to all defense attorneys for inspection.   The United States is aware of its continuing discovery obligations and will supplement its prior productions, if and when appropriate. Witness statements and other *Jencks* material will be disclosed in due course.

In short, because the United States has substantially augmented (and will continue to augment) the Second Superseding Indictment with Rule 16 discovery, *Jencks* information, and other disclosures that will allow Mr. Baca ample opportunity to prepare for trial, the instant motion for a bill of particulars should be denied. *See, Kunzman*, 54 F.3d at 1526.

### III.   The Information that Mr. Baca Seeks is Not Properly the Subject of a Bill of Particulars

Putting aside the sufficiency of the Indictment and the considerable amount of discovery that the United States has produced, a careful review of Mr. Baca's motion demonstrates why it must be denied.   Exhibit 1 to his motion discusses an organizational chart prepared by an FBI

4

staff operations specialist which refers to the "four distinct organizations of the SNM Gang."

Doc. 1056-1 at 1.   Even this report does not indicate that there are four gangs—it mentions four

groups that are part of one gang.   Furthermore, Exhibit 2 is a summary report of a retired gang

investigator, Robert Martinez, who gives an overview of the history of the gang.   Mr. Martinez,

is quoted as saying that different factions had formed *within* the SNM as the result of a shift in

leadership.   Doc. 1056-2 at 6.   Mr. Martinez also does not refer to four separate gangs but to

one gang with different factions.   He is further quoted as saying that the "SNM is a statewide

prison gang."   *Id.*   Exhibit 3 refers to the SNM as one organization with two factions.   Doc.

1056-3 at 8.   Once again, there is no mention of multiple gangs, contrary to the assertions by

Mr. Baca.   Furthermore, Exhibit 3 notes that "Archuleta, Garcia and Romero each know that all

SNM members are equal, with the exception of Juan Baca, Jacobo Armijo, Angel Munoz, and

[name redacted], who are put at a higher level *in the organization*."   *Id.* at 11-12. (emphasis

added)   Finally, Exhibit 4 refers to a hierarchy in 1997 in which "the power of the SNM was

placed under the control of Billy Garcia, Ray Baca, and Gerald Archuleta."   Doc. 1056-4 at 2.

Among other things, this exhibit establishes that there was a leadership structure in place at that

time and that leadership could be fluid depending on what happened to other leaders.   For

example, in the "early nineties, Billy Garcia challenged Barros.   This was (sic) attempt to prove

that Barros was helping the prison administration."   *Id.*   Moreover, Exhibit 4 makes clear that

Gerald Archuleta did not start the All-Stars.   "Within the last two years, [name redacted] was

told by Billy Garcia that Archuleta wants to kill him because he was old and that Archuleta

stated the All-Stars.   In fact, it was Billy Garcia trying to cause turmoil by starting rumors."   *Id.*

In essence, Mr. Baca already has the information he needs to defend his case.   A bill of

particulars is unwarranted.

Mr. Baca has (or will have) access to much, if not all, of the information he requested in his motion. For example, the Second Superseding Indictment states the nature, date, and location of each of the alleged acts in Counts Six through Ten. The United States supplemented the allegations in the Indictment with discovery that shed more light on the charged crimes—discovery that revealed information about the acts and potential witnesses. To the extent that the United States has already disclosed the information sought in the defendant's motion, the requested bill of particulars should be denied as moot.

Even if the Court were to find that the United States has not provided all the information that Mr. Baca is requesting, the motion should fail because courts have rejected bills of particulars that simply request a preview of the United States' legal theories. *Nguyen*, 928 F.Supp. at 1551-52 ("The purpose of a bill of particulars is *not* to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories."); *United States v. Muyet*, 945 F.Supp. 586, 598-99 (1996). The United States is not even required to give notice of the specific evidence it will present in support of aggravating factors. *Nguyen*, 928 F.Supp. at 1551-52.

Finally, this Court has previously denied a request for a bill of particulars under similar circumstances. *United States v. Gould*, No. CR 03-2274 JB, 2007 WL 1302592, at *1 (D.N.M. Mar. 12, 2007) (Browning, J.). The Court stated that

> Contrary to Ms. Gould's assertions, the Court finds that Count V of the Second Superceding Indictment is sufficient to apprise her of the essential elements of the crime charged, and to inform her of the charge against which she must prepare a defense. Count V cites the statute that Ms. Gould is alleged to have violated, tracks the statutory language of that statute, provides a description of the way in which Ms. Gould violated that statute, and includes the date on and the location where the

violation allegedly took place. . . . The Court thus concludes that Count V adequately provides the elements of the alleged offense and apprises Ms. Gould of the charges she must meet.

That Ms. Gould has identified six statements that may relate to the allegations contained in Count V strengthens that conclusion. Moreover, the Court notes that Ms. Gould has filed several motions in the case thus far, so any lack of detail in Count V has not hampered her defense. Indeed, the Court learned about the six statements at issue in this case from reading Ms. Gould's motion in limine. Further, the Court notes that Ms. Gould has had access, for some time, to discovery materials, including Grand Jury, *Brady,* and *Jencks* materials, with which to inform herself of the circumstances and conduct underlying the allegations against her contained in Count V.

Ms. Gould need only scrutinize one sixty-page document to know the basis of the criminal charge against her and the parties have already identified the six material statements therein. The court does not believe ordering a bill of particulars would give Ms. Gould any information she does not already have.

*Gould*, 2007 WL 1302592, at *4.   As discussed above, this case is very much like the defendant's in *Gould*. The superseding indictment in this case is eighteen pages long, names the defendant in specific counts, and those counts are listed by statutory citation and track the language of the charging statutes. Furthermore, the defendant has received voluminous amounts of discovery which has been reviewed in order for the defendant to file various motions. Clearly, as in *Gould*, this defendant's ability to present a defense has not been hampered. This is demonstrated by Doc. 807, in which the defendant joined with others in a motion to sever his case from that of other charged defendants. In that pleading the defendant acknowledges that fellow SNM gang members have implicated him.   Doc. 807 at 6.   In fact, the defendant can read the plea agreements cited in Doc. 807 to gain a better idea of additional evidence that will be introduced against him at trial. Many of the answers he seeks in his motion can be found in the plea agreements alone. A bill of particulars will not give the defendant any information he does not already have.

## CONCLUSION

For the reasons stated herein, the Court should exercise its discretion and deny Mr. Baca's request for a bill of particulars. The lengthy Second Superseding Indictment and voluminous discovery in this matter provide more than enough notice for Mr. Baca to understand the charges against him, prepare his defense, and avoid unfair surprise at trial. Any additional details that the defendant seeks are not properly the subject of a bill of particulars. Because Mr. Baca has not established that a bill of particulars is necessary, the instant motion should be denied.

Respectfully Submitted,

JAMES D. TIERNEY
Acting United States Attorney

***Electronically filed on 4/20/2017***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM   88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/_____
RANDY M. CASTELLANO
Assistant United States Attorney