## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**
    **Plaintiff,**

**v.**                         **Case No. 15-CR-4268**

**DeLeon, et al**
**EUGENE MARTINEZ**
    **Defendant.**

### DEFENDANT EUGENE MARTINEZ' JOINDER IN
### MOTION TO SEVER COUNTS 1 & 2 (Doc 882 & 1014)

Eugene Martinez joins in Defendants Troup and Garcia's Motion to Sever Counts 1 and 2 (Docs 882, 1014) and files this supplemental pleading in support of Martinez' request to sever.[1]

Mr. Martinez is charged with one count of violent crimes in aid of racketeering (murder), Count 2 of the Second Superseding Indictment (Doc. 949).  On March 20th and 21st, 2017, the Court heard evidence and arguments of counsel on the issue of Martinez' competence.  The Court filed its Sealed Memorandum Opinion and Order on April 12, 2017 (Doc. 1091), with an unsealed order to follow, pending redactions.  The Court made several findings and legal conclusions that are relevant to the motion to sever Counts 1 & 2.[2]

Dr. Westfried diagnosed Martinez as meeting "the criteria for diagnoses of a language disorder, mild neurocognitive disorder, and a generalized anxiety disorder with a rule out for [PTSD]." Westfried Report at 14. See Tr. at 55:3-11 (Couleur, Westfried). (Doc 1091, p. 37, ¶271).  Dr. Westfried testified that Martinez "would have great difficulty tracking what is being said here [in court], one because his processing speed is slow; two, because his language abilities

---

[1] Martinez incorporates and joins in the legal arguments contained in the motions to sever filed by various co-defendants.

[2] Although this motion only summarizes specific findings in the Court's Memorandum Opinion and Order that Martinez believes are relevant to severance, Martinez acknowledges that there were a number of additional findings the Court made with regards to Martinez' competence.

are so low that the language used in the courtroom is way above his capacity in terms of his

language use." Tr. at 59:21-60:10 (Westfried). (Doc 1091, p. 37, ¶273).  Westfried concluded

that Martinez is:

> probably capable of making his way through a plea agreement and sentencing. Because
> that process is slow. You can spend time with him, the Court can move slowly, can
> check in with him that he's getting what's going on. The problem becomes a protracted
> in length trial, where his ability to track what is happening in the courtroom, and assist
> in his defense I don't think he has the capability of doing that cognitively.

(Doc 1091, p.55, ¶22).

As a legal matter, the Court concluded Martinez had not "met his burden on that proffer

primarily because the Court sees no fundamental difference between the context of a plea

hearing and a trial." (Doc 1091, p. 56, ¶23).  The Court noted that "the medical profession seeks

to highlight the gray area in cognitive functioning, but the legal profession has instead chosen to

apply a bright-line rule to the construct of mental competence." (Doc 1091, p. 56, ¶25; p. 57,

¶33).

Specifically addressing Dr. Westfried's concerns about Martinez' ability to assist in his

defense in a "protracted in length trial," the Court stated that "a trial can be, and certainly can be

made to be, as deliberate and slow paced as a guilty plea, and the Court can assure that the

defendant has plenty of time to understand the proceedings." (Doc 1091, p. 58, ¶42).  Further, the

Court indicated that "it can, if necessary, slow the proceedings down sufficiently to ensure that

E. Martinez understands the trial proceedings and can take breaks so that his competent and

professional attorney can explain everything to E. Martinez and so that E. Martinez can ask

questions." (Doc 1091, p. 62, ¶64).

Martinez suggests that as an initial matter the most effective manner of ensuring that

Martinez understands the trial proceedings is to sever Counts 1 & 2 from the remaining counts.

The events of one day – March 26, 2001, are far less complicated to explain in advance of trial or

to follow during a trial, than events scattered over 15 years.  Where all the evidence is focused on just the events of one day or events leading up to the one day, Martinez would be far more likely to "track" what's happening in the courtroom and assist in his defense.  This would make it far less likely that the Court would have to take specific measures to accommodate Martinez.  Even if the Court had to take breaks or in some fashion "slow down" the proceedings, the impact on only the defendants and attorneys in Counts 1 & 2, is far less than it would be in a trial involving all the counts and all the defendants.  Significantly, Dr. Joel Lieberman discusses the exact issue in the context of jurors who presumably do not have anxiety disorders, neurocognitive disorders or language processing disorders.  In his affidavit, he explained that "[e]xperimental research has also shown that when jurors are forced to contend with greater information load, as a function of a complex trial, their ability to effectively process evidence is hindered." (Doc 1014-1, p. 9).

In *United States v. Zannino*, the District Court with the government's consent, severed the defendant in the ongoing trial due to the defendant's health.  *895 F.2d 1, 12 (1ˢᵗ Cir. 1990)*. Later, the defendant moved for a continuance for health reasons. There, the defendant suffered from a number of heart related issues which a panel of doctors concluded would likely worsen in a protracted trial. *Id*. *at 13*.  The court denied the continuance, but severed the most complex charges deciding that the health risks "could be substantially reduced by a shorter trial on fewer charges, conducted under prophylactic conditions." *Id*.  *See also U.S. v. Parker, 1997 WL 205298, at *1 (10ᵗʰ Cir. 1997)* (noting that the co-defendant had been severed for medical reasons); *U.S. v. Torres, 983 F.Supp. 1346, 1357 (D.Kan. 1997)* (two pregnant defendants will be severed if necessary for medical reasons upon proper medical documentation). *But see United States v. DePalma, 466 F.Supp. 920 (SDNY 1979)* (denying severance for health reasons; two principal defendants pled, many issues resolved in first trial,  risk reduced by regularized court hours and trial restricted to four days a week).

The Government opposes this motion.  There is no opposition from any Conference with-defendant.

Therefore, Eugene Martinez joins in Defendants Troup and Garcia's Motion to Sever Counts 1 & 2 (Docs 882 & 1014), with the additional grounds as stated in this pleading.

Respectfully submitted,


/s/ Douglas E. Couleur
Douglas E. Couleur
1640 Old Pecos Trail, Suite A
Santa Fe, NM 87505
(505) 984-1962
(505) 819-0522 (fax)
doug@couleurlaw.com

I certify that on April 21, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the United States and co-defendants to be served with a copy of this pleading by electronic means.

*Electronically filed* /s/ Douglas E. Couleur