**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       Plaintiff,

**vs.**                                                    No. 2:15-cr-04268-JB

**ANGEL DELEON, et al.,**

       Defendants.

<u>**DEFENDANT RUDY PEREZ'S RESPONSE TO MOTION TO CONTINUE**
**TRIAL**</u>

Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, hereby submits this Response to the Motion to Continue the July 11, 2017 trial, Doc. 1101.  Mr. Perez submits this Response to explain his opposition to the continuance of the trial on Counts 6 and 7 and explains herein that while his Motion to Sever Counts 6 and 7 (Doc. 807) remains pending, he cannot take a meaningful position on the motion to continue.

**ARGUMENT**

In March of 2014, a Doña Ana County, New Mexico, grand jury indicted Defendants Jerry Montoya and Jerry Armenta on charges of first-degree murder and four other felonies related to the death of Javier Enrique Molina, Montoya and Armenta's fellow inmate during their incarceration at the Southern New Mexico Correctional Facility ("SNMCF"). *See* Memorandum Opinion and Order dated October 28, 2016 at 6-7 (Doc. 753) ("MOO"). The New Mexico Third Judicial District Attorney's Office accused Montoya and Armenta of fatally stabbing Molina with a shank in a gang-related attack. *Id.* at 6. That grand-jury indictment charged Montoya and Armenta with: (i) Molina's murder; (ii) possessing a deadly weapon; (iii) tampering with evidence; and (iv) two counts of

conspiracy. *Id.* at 6-7. The Doña Ana County District Attorney then dismissed the charges against Montoya and Armenta -- as well as separate charges against an alleged accomplice and Defendant Mario Rodriguez, who had been charged with possession of a deadly weapon by a prisoner, tampering, and conspiracy -- in November of 2015. *Id.* at 7. Defendant Perez was not charged in the state case.

On April 26, 2016, Mr. Perez was charged along with 8 other co-Defendants in Counts 6 and 7 of the Superseding Indictment (Doc. 368). As a result, he was taken out of state custody where he was serving a sentence, and brought into federal custody via a writ ad prosequendum. *See* Doc. No. 404. Consequently, he is not receiving any good-time credit for his state sentence, and should he be convicted of any offense in this case and sentenced to incarceration, he will not receive any credit toward this sentence. Nearly a year has gone by and the Government continues to disclose discovery that was in its possession prior to the indictment (notwithstanding this Court's order to the Government to produce discovery to the discovery coordinator by July 2, 2016, *see* Trans. of Hearing, June 2, 2016, at 91-92). Numerous motions to sever, compel discovery, and for disclosure of confidential informants remain pending. To be sure, this is expected in a case of this size. However, should Counts 6 and 7 be severed, Mr. Perez submits his case and the motions pending related to Counts 6 and 7, could proceed much more expeditiously.

On March 9, 2017, a grand jury returned the Second Superseding Indictment in this case, indicting twenty-two defendants. *See* Second Superseding Indictment (Doc. 949). Defendants Mario Rodriguez, Anthony Ray Baca, Mauricio Varela, Daniel Sanchez, Carlos Herrera and Rudy Perez are alleged in Counts 6 and 7 to have conspired to murder Javier Molina in furtherance of SNM racketeering activities. *Id.* at 12-13. Mr. Perez,

despite being unable to ambulate without his walker, is alleged to have provided pieces of his walker for use in making shanks to use to carry out the murder of Mr. Molina.  Prior to the Second Superseding Indictment and after the Superseding Indictment, Defendants Armenta, Montoya and Martinez entered plea agreements and are believed to be cooperating witnesses.  *See* Docs. 802, 852 and 855.  These three are the alleged "hands-on" killers of Mr. Molina.   The cases against the remaining defendants, including Mr. Perez, are weak and appear to be highly dependent on these three co-defendants testimony and other "jailhouse" informants whose credibility is suspect.   It is believed all the remaining defendants, including Mr. Perez, will proceed to trial.

At the time of Mr. Molina's murder, March 7, 2014, Mr. Perez was extremely ill and in poor health.  He slept most of the time, required a walker to ambulate, and was rarely seen outside of his cell.   The Government alleges he knowingly agreed to allow others to use a piece from his walker, which rendered the walker useless, leaving him with no means to ambulate, to make a shank for the Molina murder.  This is despite a wealth of evidence that the pod in which Molina was killed contained many hidden shanks prior to the date of the murder.  To date Mr. Perez's health continues to suffer and deteriorate as a result of his incarceration, which for reasons that have never been disclosed by the United States Marshal's Service, require him to be in segregation.  Until this case is tried, Mr. Perez will apparently have to be held in segregation, even though he and other co-defendants were previously allowed in general population where Mr. Perez had no incidents of misconduct. Mr. Perez has never been provided any grounds for his placement in segregation.  As a result, the more delay that is occasioned by size of the case, the more Mr. Perez's health will suffer.

While Mr. Perez objects to a continuance of Counts 6 and 7, he does not object to a continuance of the remaining counts.  However, while his Motion to Sever Counts 6 and 7 (Doc. 807) remains pending, he cannot take a meaningful position on the motion to continue.  Mr. Perez submits that given the large number of pending motions, and the motions anticipated to be filed for the upcoming substantive motions deadline, should severance not be granted, a continuance of the trial to November is a half-measure. Because of the large number of counts and defendants, the litigation in this case has been slowed substantially.  Mr. Perez fears the parties will be in the same position in November, and again will be seeking a continuance.  However, if Counts 6 and 7 were severed, they could be tried in November or sooner.

Mr. Perez recognizes that there are a number of motions pending that must be ruled on by the Court before trial on Counts 6 and 7.  He also acknowledges that he, along with other co-defendants in Counts 6 and 7, may file substantive motions that will require evidentiary hearings.  This too may cause delay of the July trial, a delay Mr. Perez is willing to accept to have these crucial motions heard.  However, if these motions must be heard alongside dozens of others from the other co-defendants in the other counts, and a joint trial must be held, this case is not likely to proceed to trial until this time next year at best.

Mr. Perez also recognizes that other issues unique to this case may cause delay.  For instance, the United States Marshal Service (USMS) recently seized all of the defendants' tablets.  Mr. Perez submits this was done at the behest of the Government in this case and in violation of the protective order governing these issues.  The United States filed a Notice of Statement of Cause, doc. 1107, which indicates that one of the cooperating witnesses,

who has access to a tablet,[1] has been able to bypass the security features of the tablet.  On this basis alone, the government requested the USMS seize all of defendants' tablets, including Mr. Perez's.  Thus, Mr. Perez is without discovery that he needs to be reviewing to assist counsel in preparing his defense, including preparing substantive motions which are due in less than two weeks.

Nothing in the Statement of Cause indicates any reason to believe Mr. Perez's tablet is subject to seizure as outlined in the Protective Order (Doc. 589).  It does not even mention Mr. Perez or any other co-defendants' tablet that has been seized.  *See* Statement of Cause (Doc. 1107).  Essentially, because a cooperator figured out a way to bypass the security procedures in his tablet, the government assumes Mr. Perez, and every other defendant in this case, must have done the same.  This is not a ground for seizure of his tablet as outlined by this Court.  *See* Protective Order, ¶ 4 (Doc. 589) (stating a corrections officer may seize the tablet if a cursory review of the tablet in the presence of defense counsel reveals the tablet contains contraband or is damaged, or "if the government otherwise has cause to believe the [tablet] contains contraband or is damaged").  At a minimum, the government should be required to provide individualized suspicion as to a particular defendant's tablet before conducting a seizure.[2] The government has requested an inspection of Mr. Perez's tablet to which counsel has denied, citing this Court's order.

---

[1] The CW is not identified.  It is assumed the CW is a former co-defendant turned cooperator because he has a tablet.

[2] To be sure, if there are technical concerns with the tablets that the government would like to address, it can simply ask counsel to investigate it with his client, and ultimately, if necessary, request the tablets be repaired.  However, seizure of the tablet at this critical time is unnecessary and is the reason this Court took great pains to set out the procedure for seizure, which the government has blatantly violated.

Counsel has demanded the immediate return of Mr. Perez's tablet.  While this is not an acceptable ground to cause delay in this case, Mr. Perez would accede to delay in order to have adequate time to resolve this issue so he can continue reviewing the discovery in this case.

## CONCLUSION

Given Mr. Perez's health concerns, unjustified incarceration in segregation, the procedural posture of Counts 6 and 7, which makes it uniquely more ready for trial than the other counts, he must object to a continuance to a November trial date, if it were a joint trial that, in counsel's estimation, would simply require another continuance.  In other words, Mr. Perez cannot take a meaningful position on a trial continuance without knowing the Court's ruling on his Motion to sever Counts 6 and 7.  Mr. Perez recognizes that trial on Counts 6 and 7 may need to be continued to permit the Court to rule on the pending motions related to those counts, and any motions to suppress or other motions that require evidentiary hearings.  However, the continued joinder of these counts with the remaining counts in the Second Superseding Indictment are unduly delaying the trial on Counts 6 and 7.  If the Court were to continue the July trial without severing Counts 6 and 7, Defendant Perez is concerned the next trial date would also be in jeopardy given the pace of litigation that is caused by pretrial litigation alongside the other 16 Defendants with whom the Count 6 and 7 Defendants are joined.

Respectfully submitted,

THE LAW OFFICE OF RYAN J. VILLA

*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104

(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

JUSTINE FOX-YOUNG, P.C.

*/s/ Justine Fox-Young*
Justine Fox-Young
1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Rudy Perez*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2017, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Ryan J. Villa*
RYAN J. VILLA

7