
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.          No. 2:15-CR-4268-26-JB

RUDY PEREZ,

      Defendant.

## DEFENDANT PEREZ'S MOTION FOR AN ORDER TO SHOW CAUSE, FOR THE IMMEDIATE RETURN OF HIS TABLET AND REQUEST FOR THE UNITED STATES TO FILE AN EXPEDITED RESPONSE TO THIS MOTION

Defendant, Rudy Perez, by counsel, by Ryan J. Villa and Justine Fox-Young, joined by Defendants Anthony Baca, Daniel Sanchez, Carlos Herrera, Arturo Garcia, Billy Garcia, Edward Troup, Mauricio Varela, Andrew Gallegos, Joe Gallegos, Santos Gonzales, Javier Alonso, Shauna Gutierrez, hereby submits this Motion requesting the Court issue an Order to Show Cause to the United States to determine whether it has violated this Court's Protective Order [Doc. 589] by seizing Mr. Perez's tablet without cause and order the immediate return to Mr. Perez of his tablet.

    1.    Sometime after April 17, 2017, the United States had all of the Defendants' tablets seized from them, including Mr. Perez's.

    2.    As will be discussed, this was done in violation of the Court's Protective Order and without any cause to believe the individual tablets could be seized.

    3.    The tablets contain all of the discovery in this case and provide the only means by which Mr. Perez may effectively review discovery in this matter.

    4.    Per this Court's Order, "Once provided to a defendant, the Computer and all data in any form inside that Computer, including any markings thereon, will be protected by the attorney/client privilege." Protective Order, ¶ 3 [Doc. 589].

5. Therefore, Mr. Perez and the other Defendants are without discovery that they need to be review to assist counsel in preparing their defense, including in preparing substantive motions which are due in one week.

6. The United States filed a Notice of Statement of Cause [Doc. 1107], which indicates that one of the cooperating witnesses (CW), who has access to a tablet,[1] has been able to bypass the security features of the tablet.

7. As noted in the Notice, the CW was able to access Wi-Fi on his tablet. *Id.* It does not state any reason to believe any of the non-cooperating defendants in this matter have been able to do the same.

8. Apparently on this basis alone, the government requested the United States Marshals Service (USMS) seize all of defendants' tablets, including Mr. Perez's.

9. Nothing in the Statement of Cause indicates any reason to believe Mr. Perez's tablet is subject to seizure as outlined in the Protective Order [Doc. 589]. It does not even mention Mr. Perez nor does it detail or address the government's recent seizure of Defendants' tablets. *See* Statement of Cause [Doc. 1107]. Essentially, because a cooperator figured out a way to bypass the security procedures in his tablet, the government apparently assumes that Mr. Perez, and every other defendant in this case, must have done the same.

10. Sandoval County Detention Center (SCDC), where the CW is incarcerated and where he demonstrated his ability to access Wi-Fi, is located in close proximity to Walmart and McDonald's. Upon information and belief, the CW used one of these unsecured Wi-Fi networks to access the internet.

---

[1] The CW is not identified. It is assumed the CW is a former co-defendant turned cooperator because the Statement of Cause indicates that he has a tablet.

11. Mr. Perez and many of his co-defendants are housed at Torrance County Detention Center (TCDC). TCDC is not close to any business where Wi-Fi is accessible. TCDC does not have any Wi-Fi networks that Mr. Perez could access, even if he bypassed the security features on his tablet, which he has not.

12. Accordingly, there is no imminent reason to seize Mr. Perez's tablet.

13. The information set forth in the government's Notice is not a ground for seizure of Mr. Perez's tablet as outlined by this Court. *See* Protective Order, ¶ 4 (Doc. 589) (stating a corrections officer may seize the tablet if a cursory review of the tablet in the presence of defense counsel reveals the tablet contains contraband or is damaged, or "if the government otherwise has cause to believe the [tablet] contains contraband or is damaged"). At a minimum, the government should be required to provide individualized suspicion as to a particular defendant's tablet before conducting a seizure.[2]

14. The government has requested an inspection of Mr. Perez's tablet to which counsel has denied, citing this Court's order. Counsel demanded the immediate return of Mr. Perez's tablet. The tablet has not been returned.

15. Accordingly, Mr. Perez requests this Court issue an Order to show cause to the United States to determine if it violated this Court's Protective Order and an Order requiring the immediate return of Mr. Perez's tablet.

---

[2] To be sure, if there are technical concerns with the tablets that the government would like to address, it can simply ask counsel to investigate it with his client and in conjunction with the defense discovery coordinating attorney, and ultimately, if necessary, request the tablets be repaired. However, seizure without cause of the tablet at this critical time is unnecessary and is the reason this Court took great pains to set out the procedure for seizure, which the government has blatantly violated.

16. Given Mr. Perez's and the other Defendants' immediate need for their tablets, Mr. Perez requests this Court order the United States file an expedited response to this motion, so the matter can be heard during the hearings scheduled next week.

17. The United States opposes this Motion.

18. All remaining Defendants not identified as joining this Motion, do not oppose this Motion.

                    Respectfully submitted,

                    */s/ Ryan J. Villa*_____
                    Ryan J. Villa
                    2501 Rio Grande Blvd. NW Ste. A
                    Albuquerque, NM 87104
                    (505) 639-5709
                    (505) 433-5812 (facsimile)
                    ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                    /s/*Ryan J. Villa*
                    RYAN J. VILLA