IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.    15-4268 JB |
| | ) | |
| ANGEL DELEON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION
TO OBTAIN MENTAL HEALTH RECORDS [Doc. 1190]**

Defendants filed a motion requesting the Court to order the Government to provide copies of mental health records for Eugene Martinez, a co-defendant in this case. According to Defendants, the records are necessary for their use in impeaching Martinez and/or attacking his credibility if he testifies at trial.   The government argues that the Defendants' right to confrontation of witnesses pursuant to the Sixth Amendment would not be violated by the Court's denial of their request to order production of the mental health records in their entirety.

The records sought by the Defendants are mental health records and thus are privileged. The Supreme Court recognized a privilege for communications between psychotherapists and their patients in *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996).   The Supreme Court held communications of that type are shielded from compelled disclosure pursuant to Fed.R.Evid. 501 *Id.* Since the records are privileged, Defendants must provide a basis to overcome the privilege and permit their disclosure.

In the criminal trial context, the Fifth Amendment protects a defendant's right to a fundamentally fair trial. To that end, where the government is in possession of material favorable to the accused, it must be disclosed.   *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence which

bears on a witness's credibility is material evidence under *Brady*. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Defendants argue they are entitled to obtain the documents, and cite to the Tenth Circuit decision in *United States v. Robinson*, 583 F.3d 1265 (10th Cir. 2009) in support of their argument. However, the error in *Robinson* was not in refusing to produce the material but in barring its use in cross-examination of the witness. Regarding disclosure of medical and psychiatric records, the Honorable Robert C. Brack, United States District Judge for the District of New Mexico recognized a witness's mental health could lead to impeachment evidence, and thus, "if the government has knowledge of such evidence, it should disclose *that fact* to the defense." *United States v. Lujan,* 530 F. Supp. 2d 1224, 1260 (D.N.M. 2008) (Brack, J.) (emphasis added).

A witness's mental health condition that casts doubt on the accuracy of his testimony may be material impeachment evidence. *Robinson*, 583 F.3d at 1272. Furthermore, use of drugs or alcohol during the time the witness perceived events or at that time the witness is testifying may constitute impeachment evidence, if the use impairs the witness's memory or perception of the event. *Id.* However, there is no indication in this case that "[a]ll mental health records relating to Eugene Martinez are *Giglio* material." Doc. 1190 at 2.

Eugene Martinez's mental health records as they relate to his competency evaluation contain privileged and inadmissible information. The United States intends to assert this privilege on Mr. Martinez's behalf to the extent it can. Plus, his counsel asserted the privilege to areas where it apples on June 26, 2017. The United States expects that the Court will rule that some information contained in the confidential reports prepared for the Court for the purpose of determining competency will contain material helpful to the defense. However, not all the

information is subject to disclosure.  Consequently, the United States requests the Court to conduct an *in camera* review of these potentially privileged records "to determine whether they contain material evidence when the asserted privilege is not absolute but contains exceptions that might allow for disclosure of material evidence."  *Robinson*, 583 F.3d at 1270. If this Court determines that a more in-depth disclosure is required, the records would need to be reviewed for materiality and redacted prior to that disclosure. Due to the competency hearings previously held in this case, the Court is familiar with all of the records at issue, and the United States asserts that the records in question are the Court's.

  The Defendants here are all aware that this Court has found that Martinez is competent to stand trial and to take a guilty plea. The record shows that Martinez has had a mental health evaluation, and the defense may cross-examine him about this fact, to include any treatment he may or may not have received, to gain more information and potentially impeach him. Therefore, Defendants' motion to disclose all of the mental health records of Mr. Martinez should be denied.

  The United States maintains its obligation to produce evidence favorable to the defense as required under *Brady* and *Giglio*, and the Court's order to produce discovery materials to defense counsel.  The United States will provide additional information to the defense regarding Martinez's mental health if ordered to do so by this Court.  However, the government argues that Defendants' due process rights will not be violated if this Court refuses to mandate disclosure of the actual mental health records or the records in their entirety.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*<u>Electronically filed on 6/27/17</u>*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
RANDY M. CASTELLANO
Assistant United States Attorney