UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. CR 15-4268 JB

ANGEL DELEON *et. al.*,

        Defendant.

### DEFENDANT RUDY PEREZ'S MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THEIR ADMISSIBILITY

**Rudy Perez**, by and through his counsel of record, Ryan J. Villa and Justine Fox-Young, hereby respectfully moves the Court for the production of any and all alleged co-conspirator statements that the government seeks to introduce under Fed.R.Evid. 801(d)(2)(E) in this matter and for a pre-trial hearing on the admissibility of those statements.

Mr. Perez is joined in this motion by the following co-Defendants charged in counts 6 and 7: **Anthony Baca**, by and through his counsel of record, Theresa Duncan and Marc Lowry, **Carlos Herrera**, by and through his counsel of record, Michael Davis and Carey Bhalla, **Daniel Sanchez**, by and through his counsel of record Amy Jacks and Richard Jewkes, and **Mauricio Varela**, by and through his counsel of record Mary Stillinger and Joe Spencer.

Mr. Perez is joined in this motion by the following co-Defendants charged in counts other than counts 6 and 7: **Allen Patterson**, by and through his counsel of record Jeff Lahann, and and **Billy Garcia**, by and through his counsel of record Robert Cooper and James Castle.

Defendants Jerry Montoya, by and through his counsel of record Margaret Strickland and Larry Hammond, and Javier Alonso, by and through his counsel of record Nathan Chambers, take no position on the motion.

The remaining Defendants do not oppose this motion or the relief requested herein.

The Government has not responded to a request regarding its position on this motion, and its opposition is therefore presumed.

I.   **Introduction**

In March of 2014, a Doña Ana County, New Mexico, grand jury indicted Defendants Jerry Montoya and Jerry Armenta on charges of first-degree murder and four other felonies related to the death of Javier Enrique Molina, Montoya and Armenta's fellow inmate during their incarceration at the Southern New Mexico Correctional Facility ("SNMCF"). *See* Memorandum Opinion and Order dated October 28, 2016 at 6-7 (Doc. 753) ("MOO"). The New Mexico Third Judicial District Attorney's Office accused Montoya and Armenta of fatally stabbing Molina with a shank in a gang-related attack. *Id.* at 6. That grand-jury indictment charged Montoya and Armenta with: (i) Molina's murder; (ii) possessing a deadly weapon; (iii) tampering with evidence; and (iv) two counts of conspiracy. *Id.* at 6-7. The Doña Ana County District Attorney then dismissed the charges against Montoya and Armenta -- as well as separate charges against an alleged accomplice and Defendant Mario Rodriguez, who had been charged with possession of a deadly weapon by a prisoner, tampering, and conspiracy – in November of 2015. *Id.* at 7. Defendant Perez was not charged in the state case.

On March 9, 2017, a grand jury returned the Second Superseding Indictment in this case, indicting twenty-two defendants. *See* Second Superseding Indictment (Doc. 949). Defendants Mario Rodriguez, Anthony Ray Baca, Mauricio Varela, Daniel Sanchez, Carlos Herrera and

Rudy Perez are alleged to have conspired to murder Javier Molina in furtherance of SNM racketeering activities. *Id.* at 12-13. Mr. Perez, despite being unable to ambulate without his walker, is alleged to have provided pieces of his walker for use in making shanks to use to carry out the murder of Mr. Molina.

II. **The Court Should Require the Government to Promptly Produce Any Alleged Co-Conspirator Statements It Seeks to Introduce at Trial and Should Hold a Pre-Trial Hearing on the Admissibility of Those Statements**

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is not admissible. *See* Fed. R. Evid. 802. The government may hurdle the barrier of the hearsay rule in some cases with testimony from a co-conspirator. *See, e.g., United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir.1995). Rule 801(d)(2)(E) excludes from the definition of hearsay "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."

To admit out-of-court statements by co-conspirators as non-hearsay pursuant to rule 801(d)(2)(E), the United States must demonstrate by a preponderance of the evidence that: (i) a conspiracy existed; (ii) the declarant and the defendant were members of that conspiracy; and (iii) the statements that the United States seeks to admit were made during the course and in furtherance of the conspiracy. *See United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997); *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E) . . . [t]here must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made in the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 107 S.Ct. 2775, 2778 (1987). The existence of the conspiracy and the

defendant's involvement in that conspiracy are preliminary questions of fact that, under Rule 104 of the Federal Rules of Evidence, must be resolved by the court. *Id. See also United States v. Warman*, 578 F.3d 320, 336 (6th Cir. 2009) ("On the question of admissibility, the court is tasked with making specific findings on each of the Rule 801(d)(2)(E) elements with respect to the contested statements.") (emphasis in original).

In determining the admissibility of co-conspirator statements, "[t]he strongly preferred order of proof" is for the district court to hold a hearing "outside the presence of the jury to determine by a preponderance of the evidence the existence of a predicate conspiracy." *See United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). *See also United States v. James*, 590 F.2d 575 (5th Cir. 1979). A failure to make the required factual findings before admitting evidence of a co-conspirator's statements under Fed.R.Evid. 801(d)(2)(E) is an abuse of discretion. *See United States v. Perez*, 989 F.2d 1574, 1581 (10th Cir.1993) (en banc).

> **A.     The Court Must Make Preliminary Factual Determinations on the Basis of Independent Evidence as to Whether a Conspiracy Existed and as to Whether Mr. Perez Was a Member of that Conspiracy**

In order to admit any statements under the hearsay exception contained in Rule 801(d)(2)(E), the Court must first find, by a preponderance of evidence, that a conspiracy existed.

The Court must also find, by a preponderance of the evidence, that Mr. Perez was a member of the conspiracy before proceeding to determine whether any statements are admissible as co-conspirator statements. *See Bourjaily*, 483 U.S. at 177-81. "The preliminary question of the existence of a conspiracy and the defendant's participation in it may also coincide with an ultimate question of fact for the jury if a conspiracy is charged in the indictment. Nevertheless, the fact-finding responsibilities of the judge and jury are distinct." *United States v. Enright*, 579

F.2d 980, 985 (6th Cir. 1978). In making its preliminary factual determination as to whether a conspiracy exists, the court may consider the co-conspirator statement sought to be admitted as evidence of the conspiracy; however, the proffered co-conspirator statement alone is not sufficient to establish the existence of a conspiracy. *See* Fed.R.Evid. 801(d)(2)(E); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir.1996). The government must also submit "some independent evidence linking the defendant to the conspiracy." *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir.1987)). The Tenth Circuit has defined "independent evidence" as "evidence other than the proffered coconspirator statements themselves." *Id.* at 1451.

      **B.**      **The Court Must Determine Whether Statements Were Made "During the Course of the Conspiracy" and "In Furtherance of the Conspiracy"**

If the Court determines that the first two requirements are met, it then proceeds to the third requirement for Rule 801(d)(2)(E) admissibility, which has two parts. First, the statement in question must have been made "during the course" of the conspiracy. Second, the statement must have been made "in furtherance of the conspiracy." "A coconspirator statement is made 'during the course' of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved." *Owens*, 70 F.3d at 1126 (quoting *Perez*, 989 F.2d at 1579). A statement is "in furtherance of the conspiracy" if it is "intended to promote the conspiratorial objectives." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir.1986).

The Tenth Circuit has emphasized that "Rule 801(d)(2)(E) is a 'limitation on the admissibility of co-conspirators' statements that is meant to be taken seriously" and has highlighted "the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." *Perez*, 989 F.2d at 1578. (emphasis in original).

The Tenth Circuit has also held that statements are not in furtherance of the conspiracy if they are "mere narratives," that is "statements relating to past events, even those connected with the operation of the conspiracy, where the statement serves no immediate or future conspiratorial purpose. *See United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir.), *cert. denied*, 488 U.S. 923 (1988); *United States v. Roberts*, 14 F.3d 502, 514-515 (10th Cir.1993). *See also United States v. Foster*, 711 F.2d 871, 880 (9th Cir.1983), *cert. denied*, 465 U.S. 1103 (1984) (noting that "mere narrative declarations" made without the intent to induce assistance for the conspiracy do not fall within the "strict requirements" of Rule 801); *United States v. Darwich*, 337 F.3d 645, 657-658 (6th Cir.2003) (statements by the defendant's nephews about the amount of marijuana they had packaged the previous evening were casual conversation and not made "in furtherance" of the conspiracy); *United States v. Cornett*, 195 F.3d 776, 782-784 (5th Cir.1999) (finding prejudicial error in admission of statements implicating defendant made regarding "such diverse issues as the bowling prowess of certain friends and relatives, the appearance of some of the patrons at the bowling alley, the merits of certain designer outfits and the respective talents of certain exotic dancers"); *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir.1994) (holding that a statement that "simply informs a listener" of speaker's criminal acts does not satisfy the in-furtherance requirement); *United States v. Urbanik*, 801 F.2d 692, 698-99 (4th Cir.1986) (finding prejudicial error in admission of statement identifying defendant as a marijuana connection, which was "merely a casual aside"). "A declarant's statement explaining the current status of the conspiracy is 'in furtherance' of that conspiracy only if the addressee is also a co-conspirator." *See United States v. Weaver*, 507 F.3d 178, 185–186 (3d Cir. 2007).

**III.     Conclusion**

Wherefore, for the foregoing reasons, Mr. Perez respectfully requests that the Court order the Government to promptly produce the alleged co-conspirator statements it intends to introduce at trial in this matter. Furthermore, Mr. Perez requests that the Court hold a pre-trial hearing in order to make findings with regard to the admissibility of these statements under Rule 801(d)(2(E).

Respectfully submitted,

THE LAW OFFICE OF RYAN J. VILLA

*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

JUSTINE FOX-YOUNG, P.C.

*/s/ Justine Fox-Young*
Justine Fox-Young
1903 Wyoming Blvd. NE, Ste B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Rudy Perez*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Justine Fox-Young*
Justine Fox-Young