IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No. 15-CR-4268-JB

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ANGEL DELEON, *et. al.*

**3. EDWARD TROUP,**
**5. BILLY GARCIA,**

    Defendants.

---

### DEFENDANTS BILLY GARCIA AND EDWARD TROUP'S SECOND MOTION TO COMPEL DISCOVERY

---

COMES NOW, Defendants Billy Garcia and Edward Troup, by and through undersigned counsel, respectfully submit this Second Motion to Compel Discovery.

### BACKGROUND

On March 26, 2001, two inmates were killed at the Southern New Mexico Correctional Facility (SNMCF). Frank Castillo was killed in the P-1-Green (P-1-G) housing unit. Rolando Garza was killed in the Ocean-1-Yellow (O-1-Y) housing unit. The New Mexico State Police immediately began an investigation of the two homicides.

On November 2, 2001, the District Attorney for the Third Judicial District formally declined to prosecute Angel Deleon, whose DNA was found in Castillo's cell, or anyone else for the killing of Castillo. Nor was a prosecution brought for the killing of Garza at that time.

There is no physical evidence linking either Billy Garcia or Edward Troup to these homicides. The prosecution is based on the testimony of informants who are doing the government's bidding. Informants are presumptively unreliable. *E.g., Banks v. Dretke*, 540 U.S. 668, 701-02 (2004) (citing *On Lee v. United States*, 343 U.S. 747, 757 (1952)). A growing body of research establishes that such testimony is a leading cause of wrongful convictions. Northwestern Center on Wrongful Convictions, *The Snitch System* (2004-2005), http://www.law.northwestern.edu/legalclinic/wrongfulconvictions/documents/SnitchSystemBooklet. Billy Garcia and Edward Troup should not be forced to accept the government's reliance on such individuals while facing the prospect of life in prison. There is no reason to trust these informants and no reason to trust that the government has provided a balanced view of the investigation which led to these defendants being indicted.

Given the underpinnings of the government's case against these defendants, counsel have vigorously pursued discovery, particularly discovery relating to Leonard Lujan and all individuals who have made statements about the homicides.

## PROCEDURAL HISTORY

The undersigned filed their first Motion for Specific Discovery on May 23, 2016 (Doc. 539). Thereafter, litigation ensued. The history of the litigation relating to discovery, as of January 3, 2017, is set forth in the Court's Sealed Memorandum Opinion and Order (Doc. 809). In that Memorandum Opinion and Order, the Court reminded the government of its obligations:

> "Further, with respect to how closely the United States needs to look at these files, the Court reminded the United States that it "takes a human being sitting there putting their feet in the defense lawyers' shoes and saying, 'Could I use this?'"  (October 4, 2016 Hrg. Tr. at 111:2-18 (Court).  (Memorandum Opinion and Order, p. 48)

2

Unfortunately, that hasn't happened.

On April 6, 2017, the undersigned filed their first Motion to Compel Discovery (Doc. 1061) specifically outlining some of the government's many failures to provide discovery. After initially opposing the motion to compel, the government essentially agreed to provide the discovery at the Motions Hearing on May 19, 2017.  (Hearing Trans., 05/19/17, beginning at p. 28)

To date, the government has not provided all of the documents that it said it would provide.  This is true with respect to the discovery outlined in the first Motion to Compel.  It is also true with respect to Confidential Informants. *See,* Defendants Troup and Garcia's Motion to Compel the Government to Reveal the Identity of Certain Confidential Informants Referenced in Discovery Materials. (Doc. 869, filed 01/31/17).  And, most pertinent to this Second Motion to Compel Discovery, it is true with respect to the government's obligation to provide *Giglio* and *Brady* materials.

The parties have had a vigorous debate about the *timing* of the disclosure of *Giglio* and *Brady* materials.  On May 9, 2017, this Honorable Court directed the prosecution to provide *Giglio* and *Brady* materials to the defendants promptly.  (05/09/17 Trans. pps. 206, 209, 215.)  The Court went on to say that the prosecution was required to review its files and produce *Giglio, Brady*, and Rule 16 materials by June 9, 2017.  (05/09/17 Trans. p. 215, lines 4-6.)

In spite of the foregoing Court Orders, the prosecution has not provided all *Giglio* materials relating to its witnesses.  An example would be the bad acts committed by informant defendants that the U.S. Marshals house at Sandoval County Detention Facility.

The government has not disclosed all of the records relating to the informants who are housed at that facility.  Another example are the phone calls that informant defendants have placed while incarcerated.  It is clear that the FBI has access to all of these phone calls.  The defense made IPRA requests for some of those calls, but has been informed by Mr. Ricardo Montoya (formerly from the Office of General Counsel for NMCD) and Mr. Jim Brewster, General Counsel for NMCD, that the FBI has taken custody of these requested phone calls.  With the exception of one informant, no other calls from these informant defendants have been disclosed.  It is unfathomable that none of these individuals have said anything which is exculpatory in all of their calls.  These examples are only a small subset of numerous instances the defense is aware of in which the government has not disseminated *Giglio* materials.

This case was set for trial to begin on July 10, 2017.  It was eventually continued on June 19, 2017, 21 days before that trial date.  The government was required to provide the *Giglio, Brady*, and Rule 16 materials for all of their trial witnesses by June 9, 2017.  Thus, it appears that the prosecution is withholding these materials despite a Court Order directing disclosure – and is doing so for improper tactical reasons.

Aside from ignoring the Court's Orders, the prosecution's actions in withholding *Giglio* and *Brady* materials could cause chaos shortly before trial.  If these materials are not produced soon, it will surely lead to preventable litigation on the eve of trial.  The government should comply with the Court's Orders and disclose all *Giglio*, *Brady* and Rule 16 materials <u>now</u>.

The defense requests that the Court issue an order requiring full disclosure by a reasonable and certain date to be set by the Court.  If the government fails to produce

4

*Giglio* or *Brady* materials as that date, any witness as to whom *Giglio* or *Brady* materials are not provided should be stricken as a trial witness.

### Consultation

Defendants Joe Gallegos, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Mario Rodriguez, Mauricio Varela, Daniel Sanchez, Conrad Villegas, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, Shauna Gutierrez and Brandy Rodriguez join this Motion. Defendant Andrew Gallegos does not oppose this motion. Given the contentions set forth in the motion, concurrence wasn't sought from the government pursuant to D.N.M.LR-Cr 47.1.

Respectfully submitted this 15th day of September, 2017.

        *s/ Patrick J. Burke*
        Patrick J. Burke
        Cori Harbour-Valdez
        Attorneys for Edward Troup (3)

        *s/ Jim Castle*
        Jim Castle
        Robert Cooper
        Attorneys for Billy Garcia (5)

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2017, I e-filed the foregoing to the Clerk of the Court via the CM/ECF system which will send notification of such filing to counsel of record.

        *s/ Jennifer J. Feldman*