**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                  No. 15-CR-4268 JB

ANGEL DELEON, et al.,

     Defendants.


**RESPONSE TO UNITED STATES AMENDED NOTICE**
**OF EXPERT WITNESS TESTIMONY (DOC. 1242) AND MOTION TO EXCLUDE**
**GOVERNMENT'S EXPERT WITNESSES**

     COMES NOW, defendant Christopher Garcia, by and through CJA counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, defendant Edward Troup by and through CJA counsel Patrick J. Burke, and Cori Harbour-Valdez, defendant Daniel Sanchez, by and through CJA counsel Amy E. Jacks, and Richard Jewkes, defendant Christopher Chavez, by and through CJA counsel Orlando Mondragon, and John Granberg, defendant Brandy Rodriguez, by and through CJA counsel Jerry A. Walz, defendant Joe Gallegos, by and through CJA counsel Brock Benjamin, and Rick Sindel, defendant Conrad Villegas, by and through CJA counsel B.J. Crow, defendant Billy Garcia, by and through CJA counsel James Castle, and Robert Cooper, defendant Rudy Perez, by and through CJA counsel Ryan Villa, and Justine Fox-Young, defendant Carlos Herrera, by and through CJA counsel Michael Davis and Carey Bhalla, Arturo Garcia, by and through CJA counsel Billy Blackburn, and Scott Davidson, defendant Anthony Baca, by and through CJA counsel Marc Lowry and Theresa Duncan, and respectfully objects to the Government's noticed expert witnesses for failure to comport with Federal Rule of Criminal

Procedure 16 notice requirements.[1] In support thereof, Mr. Garcia respectfully submits the following:

## BACKGROUND

In case 15-CR-4268, Mr. Christopher Garcia is charged in a Second Superseding Indictment with three counts alleging in Count 10: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. §§ 1959(a)(5); Count 11, 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of a Firearm; Count 12: 18 U.S.C. § 924(c): Using and Carrying a Firearm During and in Relation to a Crime of Violence (Doc. 949).

In case 15-CR-4268, Mr. Troup is charged in a Second Superseding Indictment with two counts alleging in Count 1: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 3: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id.*

In case 15-CR-4268, Mr. Sanchez is charged in a Second Superseding Indictment with two counts alleging Count 6: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 7: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id.*

In case 15-CR-4268, Mr. Chavez is charged in a Second Superseding Indictment with one count alleging in Count 2: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id.*

---

[1] In case 15-CR-4268, all defendants not listed as joining do not oppose this response.

In case 15-CR-4268, Ms. Rodriguez is charged in a Second Superseding Indictment with three counts alleging in Count 14: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 15: Violent Crime in Aid of Racketeering ("VICAR") (Attempted Murder, Assault Resulting in Serious Bodily Injury and Assault with a Deadly Weapon), in violation of 18 U.S.C. §§ 1959(a)(3) and (5), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 16: Witness Tampering, in violation of 18 U.S.C. 1512(a)(2)(A), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id.*

In case 15-CR-4268, Mr. Gallegos is charged in a Second Superseding Indictment with seven counts alleging in Count 1: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1) and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 4: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 5: Violent Crimes in Aid of Racketeering ("VICAR") (Murder); in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 13: Violent Crimes in Aid of Racketeering ("VICAR") (Assault with Dangerous Weapon), in violation of 18 U.S.C. § 1959(a)(3), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 14: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 15: Violent Crime in Aid of Racketeering ("VICAR") (Attempted Murder, Assault Resulting in Serious Bodily Injury and Assault with a Deadly Weapon), in violation of 18 U.S.C. §§ 1959(a)(3) and (5), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 16: Witness Tampering, in violation of 18 U.S.C. 1512(a)(2)(A), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id.*

In case 15-CR-4268, Mr. Villegas is charged in a Second Superseding Indictment with one count alleging in Count 8: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Commit Assault Resulting in Serious Bodily Injury), in violation of 18 U.S.C. § 1959(a)(6). *Id*.

In case 15-CR-4268, Mr. Billy Garcia is charged in a Second Superseding Indictment with two counts alleging in Count 1: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1) and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 2: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id*.

In case 15-CR-4268, Mr. Perez is charged in a Second Superseding Indictment with two counts alleging in Count 6: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 7: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id*.

In case 15-CR-4268, Mr. Herrera is charged in a Second Superseding Indictment with two counts alleging in Count 6: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 7: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id*.

In case 15-CR-4268, Mr. Arturo Garcia is charged in a Second Superseding Indictment with one count alleging in Count 3: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. § 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2. *Id*.

In case 15-CR-4268, Mr. Baca is charged in a Second Superseding Indictment with five counts alleging in Count 6: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 7: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 8: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Commit Assault Resulting in Serious Bodily Injury), in violation of 18 U.S.C. § 1959(a)(5); and Count 9: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 10: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5). *Id*.

On April 3, 2017, the government filed its United States' Notice of Expert Witness Testimony (Doc. 1043). On September 9, 2017, the government filed its United States' Amended Notice of Expert Witness Testimony (Doc. 1242).

## DISCUSSION

Mr. Garcia and joining defendants' object to all the government's proposed expert witnesses and reminds the government of the very strict rules of Fed. Rule of Criminal Procedure, Rule 16, for an Expert Notice. The government violated Rule 16(a)(1)(G) by failing to provide proper expert notice to the defense of all its expert witness testimony. Fed. R. Crim. P. 16(a)(1)(G). The government failed to provide the defense with "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." *Id*. The government has a duty to properly notice the defense following the requirements of Rule 16.

The government neglected to properly notice the defense of its proposed expert witnesses in its first notice (Doc. 1043), and its amended notice (Doc. 1242). Additionally, despite repeated and multiple oral and written requests by counsel for Edward Troup, the government failed to provide three (3) expert CVs or resumes (Docs. 1043, 1242). Mr. C. Garcia, Mr. Troup, Mr. Sanchez, Mr. Chavez, Ms. Rodriguez, Mr. Gallegos, Mr. Villegas, Mr. B. Garcia, Mr. Perez, Mr. Herrera, Mr. A. Garcia, and Mr. Baca objects to all the proposed experts listed in the government's amended notice of expert witness testimony listed as follows: OMI Medical Investigator Ross E. Zumwalt, M.D.; NMDPS Forensic Serology Analyst Kristen Radecki; NMDPS Forensic Scientist Eve Tokumaru; NMDPS Forensic Latent Print Analyst/Photography Shirley Garcia; NMDPS Forensic Scientist Jennifer Otto; OMI Medical Investigator Ian Paul, M.D.; NMDPS Forensic Scientist Kevin M. Streine; NMDPS Forensic Scientist Margo Mikesica; NMDPS Forensic Scientist Tracy Zehringer; NMDPS Forensic Scientist Teresa Vigil; NMDPS Forensic Scientist Eric Young; FBI Forensic Examiner Tiffany L. Smith; OMI Medical Investigator Hanna Kastebaum, M.D.; NMDPS Forensic Scientist Cindy Wood; NMDPS Forensic Audio/Video Analyst Roger Cain; FBI Forensic Examiner Theodore Chavez.

For each expert witness, the government provides the topic or report the proposed expert will testify to (not by Bates number, adding to the confusion), and that the proposed expert's will testimony will include, his or her "expert opinion, education, training, experience and specialized knowledge." These short one sentence statements in the Government's Notice simply do not meet the specific and strict disclosure requirements of Rule 16(a)(1)(G).

Under Rule 16(a)(1)(G) for expert witnesses, the government must give the defendant "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P.

16(a)(1)(G). The written summary of any testimony must also include and "must describe the witness's opinions, *the bases and reasons* for those opinions, and the *witness's qualifications*." *United States v. Sandoval*, No. 15-1311, 2017 U.S. App. LEXIS 3692, *7 (10th Cir. March 1, 2017) (emphasis added). Failing to comply with the requirements of Rule 16 could result in the government being sanctioned, "including exclusion of the expert testimony." *See id*.

A written summary of the government's proposed expert's testimony has not been provided to Mr. Garcia and his co-defendants to properly prepare for trial. "Endorsing a witness as an expert also triggers Federal Rule of Criminal Procedure 16's pretrial disclosure requirements, which ensure that an opposing party will have time to adequately prepare for trial (*e.g.*, to prepare 'an effective cross-examination challenging the experts' qualifications and conclusions,' or to obtain a competing expert)." *Sandoval*, 2017 U.S. App. LEXIS 3692 at *6-*7 (citing *United States v. Banks*, 761 F.3d 1163, 1190 (10th Cir. 2014)).

> Failure to comply with a Rule 16 request could subject the government to sanctions, including exclusion of the expert testimony. Fed. R. Crim. P. 16(d)(2); *Banks*, 761 F.3d at 1198. And a party may not circumvent the heightened requirements of Federal Rule of Evidence 702 and corresponding Federal Rule of Criminal Procedure 16 disclosure requirements by offering expert testimony in the guise of lay opinion.

*Id*. (citing *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015), cert. dismissed in part, 136 S. Ct. 1511, 194 L. Ed. 2d 600 (2016), and cert. denied, 136 S. Ct. 2046, 195 L. Ed. 2d 221 (2016)) (citing also *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216 (10th Cir. 2011)).

The government failed to meet the requirements of Rule 16 and *Sandoval*. It did not provide the defense with Rule 16 written summary of any of its expert witnesses' testimony. It did not describe the witnesses' opinions and the bases and reasons for those opinions. Instead,

the government references the reports generated by the proposed experts. A proposed expert witness' report cannot be reasonably considered a summary of expert's testimony when a report can contain highly technical language to being hundreds of pages in length. *See United States v. Raymond Moya*, 15-CR-1889-JCH (Docs. 248, 257).

The requirements of Rule 16 are clear and well-known. The failure by the government to meet its standard procedural duty should result in sanctions by the Court following Rule 16(d)(2). Rule 16(d)(2) which provides:

> If a party fails to comply with this rule, the court may:
> (A)    order that party to permit the discovery or inspection; specify its time place, and manner; and prescribe other just terms and conditions;
> (B)    grant a continuance;
> (C)    prohibit that party from introducing the undisclosed evidence; or
> (D)    enter any order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

Mr. Garcia and his co-defendants are unable to adequately prepare for trial with relation to the government's expert witnesses because the government failed to meet its pretrial disclosure requirements. For failing to comply with Rule 16 requirements, the government's expert witnesses should be excluded.

**CONCLUSION**

Wherefore, defendants respectfully object to all the government's proposed expert witnesses.

Respectfully submitted,

_____/s_____
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

_____/s_____
Christopher W. Adams
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com

*Attorneys for Christopher Garcia*

_____/s_____
Patrick J. Burke
Patrick J. Burke, PC
999 18th Street
Suite 2055
Denver, CO 80202
303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com

Cori Harbour-Valdez
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net

*Attorneys for Edward Troup*

/s
Amy E. Jacks
Law Office of Amy E. Jacks
315 E. 8th St.
#801
Los Angeles, CA 90014
213-489-9025
Fax: 213-489-9027
Email: amyejacks@sbcglobal.net

Richard Jewkes
Richard Jewkes
701 N. Saint Vrain St
El Paso, TX 79902
(915) 534-7400
Fax: (915)534-7407
Email: richardjewkes@sbcglobal.net

*Attorneys for Daniel Sanchez*


/s/ Orlando Mondragon
Orlando Mondragon
Attorney at Law
SBN: 21803
1028 E. Rio Grande
El Paso, TX 79902
(915) 566-8181
Mondragon@att.net

/s/ John Granberg
John Granberg
Attorney at Law
310 N. Mesa, Ste. 424
El Paso, TX 79901
(915) 543-9000
(915) 543-3201 Fax
granberglawoffice@yahoo.com

*Attorneys for Christopher Chavez*

_____/s_____
Jerry A. Walz
Walz and Associates
133 Eubank NE
Albuquerque, NM 87123
505-275-1800
Fax: 505-275-1802
Email: jerryawalz@walzandassociates.com

*Attorney for Brandy Rodriguez*


_____/s_____
Brock Benjamin
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
(915) 412-5858
Fax: (915) 503-2224
Email: brock@brockmorganbenjamin.com

Rick Sindel
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
(314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com

*Attorneys for Joe Gallegos*


_____/s_____
James Castle
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com

_____/s_____
Robert Cooper
1011 Lomas Blvd NW
Albuquerque, NM 87102
505 842-8494

Fax: (505) 243-6279
Email: bob@rrcooper.com

*Attorneys for Billy Garcia*


        /s
_____
Ryan Villa
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
(505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com


        /s
_____
Justine Fox-Young
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
505-796-8268
Email: justine@foxyounglaw.com

*Attorneys for Rudy Perez*


        /s
_____
Michael Davis
Michael V. Davis, Attorney & Counselor at Law,
P.C.
Post Office Box 3748
3949 Corrales Road
Suite 130
Corrales, NM 87048
(505) 242-5979
Fax: 505-899-3103
Email: mdavis@swcp.com


        /s
_____
Carey Corlew Bhalla
Law Office of Carey C. Bhalla LLC
925Luna Cir NW
Albuquerque, NM 87102
505-508-5589
Email: carey@bhallalaw.com

*Attorneys for Carlos Herrera*

_____/s_____

Billy R. Blackburn
1011 Lomas Blvd. NW
Albuquerque, NM 87102
505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com


_____/s_____

Scott Moran Davidson
1011 Lomas Boulevard NW
Albuquerque, NM 87102
505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net

*Attorneys for Arturo Garcia*


_____/s_____

Marc M. Lowry
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com


_____/s_____

Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com

*Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system to opposing counsel, AUSAs Maria Armijo, Randy Castellano, and Matthew Beck, this 15th day of September 2017.

_____/s_____

Amy Sirignano, Esq.