IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

      Defendants.

## DEFENDANT PEREZ'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THEIR ADMISSIBILITY

    Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, submits this Reply in support of his Motion to Sever [Doc. 1228].

    The government's Response [Doc. 1243] completely ignores Mr. Perez, and his co-Defendants' chief request in the motion, which is also the title of the motion, to produce alleged co-conspirator statements it intends to admit at trial. The government does not even attempt to respond to this request. Instead, it proceeds to delve into the facts it alleges against Mr. Perez, including statements he allegedly made at different points in time regarding the Molina murder. Rather than address the propriety of producing these statements, the government complains that Mr. Perez did not identify any statements. This, of course, begs the question. Mr. Perez, and four of his co-defendants in Counts 6 and 7, seek the production of the co-conspirator statements in order to challenge them pretrial. One cannot challenge the admission of evidence, especially a purported co-conspirator statement, if one does not know the statements sought to be admitted.

    Rather than tackle this issue head on, the government claims it can satisfy all of the elements of a conspiracy, discusses the other elements required for a statement to meet the co-

conspirator definition, argues to limit the scope of any *James* hearing, and asks the Court to hold the hearing on the eve of trial. Mr. Perez and his co-Defendants cannot meaningfully address these arguments without knowing what statements the government seeks to admit.

      To be sure, statements made by Mr. Perez himself are statements by a party opponent, and not subject to challenge by him. However, his co-Defendants can certainly challenge them. The same is true for any other statement made by any other Defendant. The speaker of the statement cannot raise a *James* challenge, but his co-Defendants can. If the government identifies these statements, the parties can then determine, prior to any hearing, which need to be challenged, and on what grounds. For instance, a party may concede that the only issue as to a particular statement is whether it was made in the course and furtherance of a conspiracy, or instead after the conspiracy concluded. Thus, the salient issues before the Court will not be whether a conspiracy existed. Mr. Perez's 2016 statement alluded to by the government is a prime example. He allegedly made this statement almost two years after the murder. Although he cannot challenge it on hearsay grounds, if the government seeks to use it against any of his co-Defendants, those co-Defendants can. If the government does not intend to use it against co-Defendants, then there may be no need for a *James* hearing on that statement. Moreover, there may be statements where the parties can agree, pre-*James* hearing, do not meet the co-conspirator statement definition, or perhaps are admissible on other grounds.

      Mr. Perez and his co-Defendants can likely identify 100s, if not 1000s of statements made by all. They can point to 100s of examples of statements that may or may not be admissible under *James*. Rather than have Defendants guess, and in abundance of caution identify each and every potential statement, and then spend needless hours briefing and arguing each statement, it seems

more efficient for the government to identify which statements it seeks to admit as a co-conspirator statement and against whom.

The entire purpose of the request for production of co-conspirator statements is to help the parties and the Court streamline the argument on these statements. The time, place and manner of the *James* hearing is largely dependent on which statements the government plans to introduce. Defendants contend, however, that a simple, short hearing on the eve of trial is likely to be counter to the goals of streamlining the trial and limiting evidentiary argument and bench conferences during trial. Further, once it is known what statements are going to be admitted, the parties will need time to draft appropriate limiting instructions. If this can be accomplished pre-trial, rather than on the eve of trial, it is anticipated that evidence presentation to the jury will proceed in a much more efficient fashion. Given the expected length of the trial and the large number of statements at issue, the prudent course of action is to require the government to identify the statements, and then determine how to conduct the *James* hearing.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA
*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

*/s/ Justine Fox-Young*
Justine Fox-Young, P.C.
1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Rudy Perez*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system on, this 19th day of September, 2017, which caused counsel of record for all parties to receive a copy of this Motion electronically.

*/s/ Ryan J. Villa*
Ryan J. Villa