IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANTHONY RAY BACA,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT ANTHONY RAY BACA'S MOTION  FOR AN ORDER COMPELLING SPECIFIC DISCOVERY [1264]**

The United States hereby responds to Defendant Anthony Ray Baca's Motion For An Order Compelling Specific Discovery, [Doc. 1264], ("Motion to Compel"), that requests disclosure of eleven (11) items of discovery.

**RELEVANT LAW**

**A.  Law regarding discovery under Federal Rule of Criminal Procedure 16**

Federal Rule of Criminal Procedure 16 is the primary procedural vehicle for discovery in criminal cases. Under the rule, a defendant is entitled to discovery of *his own* oral statements made "in response to interrogation by a person the defendant *knew was a government agent* if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A) (emphasis added). A defendant is also entitled to discovery of *his own* written or recorded statements if the statement is "within the government's possession, custody, or control" and the "defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(b) (emphasis added). Further, "upon a defendant's request, the

government must permit the defendant to inspect" documents and other tangible objects that are "within the government's possession, custody, or control" and that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).

Although the language of Rule 16 is permissive, the scope of discovery under the rule is governed by certain limitations.  For example, this Court has repeatedly emphasized that rule 16 does not permit criminal defendants to "embark on a 'broad or blind fishing expedition among documents possessed by the government.'" *United States v. Badonie*, No. CR 03-2062 JB, 2005 WL 2312482, at *2 (D.N.M. 2005) (Browning, J.) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957). *See also United States v. Roybal*, 46 F. Supp. 3d 1127, 1145 (D.N.M. 2014); *United States v. Rodella*, 2015 U.S. Dist. LEXIS 20704, at *41 (D.N.M. 2015); *United States v. Burton*, 81 F. Supp. 3d 1229, at *1244 (D.N.M. 2015). Instead, "[a] defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery," and "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) (Brack, J.) (quoting *United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir.1990)). This Court has also held that "rule 16 'does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.'" *Badonie*, 2005 WL 2312482, at *2 (quoting Fed. R. Crim. P. 16(a)(2)). General requests and requests for materials that do not "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" are similarly not subject to disclosure under the rule. *Lujan*, 530 F. Supp. 2d at 1234 (citing *Mandel*, 914 F. Supp. 2d at 1219; *United States v. Jordan*, 316 F.3d 1215, 1250

(11th Cir. 2003)).

**B.  Law regarding disclosures under *Brady* and *Giglio***

Aside from the criminal procedural rules, the United States is also subject to disclosure obligations under the Due Process clause of the United States Constitution. Due Process requires disclosure of any evidence the United States has in its possession that is "material" to the guilt or punishment of a criminal defendant, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), or that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *Giglio v. United States*, 405 U.S. 150 (1972). Numerous courts, including this one, have found the United States' duty does not grant a criminal defendant unfettered access to Government documents based on the mere probability of some benefit to the defendant. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *Smith v. Sec. Dep't of Corr.*, 50 F.3d 801, 823 (10th Cir. 1995); *United States v. Baca*, No. CR 16-1613 JB, 2016 WL 6404772, at *24 (D.N.M. Oct. 20, 2016). Indeed, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of trial does not establish 'materiality' in the constitutional sense." *United States v. Hykes*, No. CR 15-4299 JB, 2016 WL 1730125, at *6 (D.N.M. Apr. 11, 2016) (Browning, J.) (quoting *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994)). The Supreme Court explained, "the touchstone of materiality" under *Brady* "is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514, U.S. 419, 438 (1995). Because "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case," *Id.* at 437-438, "[t]he court should rely on the government's

representations of its compliance with *Brady* unless the defendant shows cause to question them and the materiality of the evidence sought." *Lujan*, 530 F. Supp. 2d at 1256 (citing *United States v. McVeigh,* 923 F. Supp. 1310, 1314 (D. Colo. 1996)).

## C.  Law regarding disclosure under Jencks

In addition to its Constitutional disclosure obligations, Title 18 U.S.C. § 3500 ("Jencks"), requires the United States to produce statements made by a government witness or prospective government witness (other than the defendant), *after* that witness testifies at trial. Although, "[t]he district court may not require the government to produce Jencks material relating to one of its witnesses until after the witness has testified," "some courts have ordered early disclosure." *Lujan*, 530 F. Supp. 2d at 1254-55 (quoting *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994)). In such instances, early disclosure has been considered a "salutary practice" typically arising in cases where the parties seek to avoid interruptions, and where the government has consented to the early disclosure. *Id.* at 1255 (citing *United States v. Beckford*, 962 F. Supp. 780, 795 (E.D. Va. 1997)).

## <u>ANALYSIS</u>

### A.      <u>Prison calls made by Eric Duran</u>

The United States agrees in part to Defendant's first request for prison calls made by Eric Duran from December 1, 2014 through March 5, 2015 and from December 7, 2015 until May 2, 2016.  Motion to Compel at 10. The United States will disclose all calls made by Eric Duran while in custody at the New Mexico Department of Corrections (NMCD) starting from January 1, 2015, through the date of his release from NMCD.  The United States is not agreeing to provide calls prior to January 1, 2015.

### B.      <u>Audio recordings and text messages from Eric Duran's cellular phone from December 5, 2015 until his release</u>.

Defendant is requesting "any audio recordings of phone calls and any text messages from Eric Duran's cellular phone from December 3, 2015 through his release" from NMCD in 2016. Motion to Compel at 11.  However, the cellular phone was not in his possession during that time period.  Thus, there are is nothing to disclose as to this specific request.

       C.      **Grace Duran information**

Defendant's motion requests documents pertaining to Grace Duran.  Motion to Compel at 12.  However, there are no texts, memos, FBI 302s, field notes or any kind of audio or audio-visual recordings of Grace Duran as it pertains to the SNM investigation.  Additionally, there have not been any direct payments to Grace Duran, nor has she signed any agreements in relationship to this case with any Department of Justice agency.  Thus, there is nothing to disclose in regard to this request.

       D.      **Grace Duran smuggling drugs**

Defendant is requesting "any DOC or other records concerning Grace Duran, including any reports, complaints, or records addressing her smuggling drugs into the DOC."  Motion to Compel at 12.

The United States is unaware of any such records.  However, the United States has inquired about any type of records and should they exist, the United States will review the records and make a determination at that time about disclosing the information.

       E.      **Visitation log for Eric Duran**

Defendant requests visitation logs for Eric Duran from December 1, 2014 through his release from NMCD.  Motion to Compel at 13.  The United States agrees to provide Mr. Duran's visitation records from January 1, 2015 through his release date.

### F.    <u>Giglio evidence</u>

Defendant is requesting "all Brady/Giglio evidence" as to numerous individuals.  Motion to Compel at 13.

The United States is aware of its *Brady* obligations, and will continue to discharge those duties as appropriate.

The United States is mindful of its continuing duty to provide discovery under the Federal Rules of Criminal Procedure, which includes all exculpatory information, including information from individuals regardless whether they are going to be witnesses during proceedings. However, *Giglio* and its progeny govern impeachment information. Information used for impeachment necessarily requires a witness at trial. The United States' deadline to disclose its witness list is January 12, 2018. *See* Fourth Scheduling Order [Doc. 1205], filed July 7, 2017. Once the United States finalizes its witness list and decides which co-conspirators and witnesses, including cooperating witnesses, will testify at trial, the United States will ensure that it will then provide to Defendant the *Giglio* material.

### G.    <u>Video recording of Secretary Marcantel</u>

Defendant is requesting "the video recording of Secretary Marcantel addressing" certain defendants.  Motion to Compel at 14.

The United States has disclosed the one video in its possession pertaining to this request. According to NMCD, no other videos currently exist.

### H.    <u>Eric Duran's medical, psychological, or mental health records</u>

Defendant is requesting "all of Eric Duran's medical, psychological, or mental health records in the custody of the DOC."  Motion to Compel at 14.  The Unites States is not in

possession of these records.  Additioanlly, these records are in the custody of the New Mexico

Department of Corrections and covered by the Health Insurance Portability and Accountability

Act, commonly referred to as HIPAA.

    **I.**    **Access to all of the cellular phones and electronic surveillance devices used in the SNM cases.**

Defendant is requesting "access to all of the cell phone and electronic surveillance

devices used in the SNM cases."  Motion to Compel at 15.

The United States agrees in part to Defendant's ninth request.  Motion to Compel at 15.

The cellular phones used in this investigation that are still in existence may be examined by a

defense expert.  However, the United States continues to object to the examination of other types

of recording devices used by the FBI.  This issue was previously briefed and argued before the

Court.

    **J.**    **Visitation Records for Javier Molina**

Defendant is requesting the "DOC visitation records for Javier Molina for the two years

preceding his death on March 7, 2014."  Motion to Compel at 16.

The United States agrees to disclose Javier Molina's visitation records from the New

Mexico Department of Corrections for the two years preceding his death.

    **K.**    **Disclosure of all audio recordings of calls and texts made from the informants' government-issued cellular phones.**

The United States has disclosed information as to cellular telephones used in this case.

There is no further information as to this request in the Motion to Compel.  Without any

additional information, this request is too vague.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court deny

Defendant Anthony Ray Baca's Motion for an Order Compelling Specific Discovery to the

extent the United States opposes disclosure.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*__Electronically filed on 10/2/2017__*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

_____/s/_____
MARIA Y. ARMIJO
Assistant United States Attorney