IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No. 15-CR-4268-JB

UNITED STATES OF AMERICA,
Plaintiff,

v.

ANGEL DELEON, *et. al.*

**3. EDWARD TROUP,**
**5. BILLY GARCIA,**

Defendants.

---

**DEFENDANTS EDWARD TROUP AND BILLY GARCIA'S MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THEIR ADMISSIBILITY**

---

COMES NOW, Defendants **Edward Troup** and **Billy Garcia**, by and through undersigned counsel, and respectfully submit this Motion for Production of Alleged Co-Conspirators Statements and for Pre-Trial Hearing on Their Admissibility.

The following co-defendants JOIN the instant motion: **Joe Gallegos**, by and through his counsel of record Brock Benjamin and Richard Sindel, **Arturo Arnulfo Garcia**, by and through his counsel of record Billy Blackburn and Scott Davidson, **Conrad Villegas**, by and through his counsel of record B.J. Crow, **Anthony Baca**, by and through his counsel of record Theresa Duncan and Marc Lowry, **Chris Garcia**, by and through his counsel of record Amy Sirignano and Christopher Adams, **Carlos Herrera**, by and through his counsel of record Michael Davis and Carey Bhalla, **Rudy Perez**, by and through his counsel of record Ryan J. Villa and Justine Fox-Young, and **Shauna Gutierrez,** by and through her counsel of record Angela Arellanes.

The remaining co-defendants DO NOT OPPOSE the instant motion nor the relief requested herein.

Given the contentions set forth in the motion, concurrence was not sought from the government pursuant to D.N.M.LR-Cr 47.1.

**INTRODUCTION**

Edward Troup and Billy Garcia are both charged in Count One of the Second Superseding Indictment. [Doc. 949] Billy Garcia is also charged in Count Two and Edward Troup is also charged in Count Three. A further discussion of the government's allegations against these defendants is set forth in previously filed motions, particularly the Defendants' Motions to Dismiss filed on October 5, 2017. [Docs. 1283 and 1284]

**A PRETRIAL DETERMINATION OF ADMISSIBILITY IS NECESSARY**

As stated in FED. R. EVID. 104(a), "[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." The Tenth Circuit has recognized that the admissibility of co-conspirator declarations under FED. R. EVID. 801(d)(2)(E) must be resolved preliminarily by the trial court. *See e.g., United States v. Lopez-Guiterrez,* 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). In this respect, the Tenth Circuit has long expressed a "*strong preference*" that determinations of the admissibility of co-conspirator statements be made in advance of trial outside the presence of the jury. *See id.* A pretrial determination enables the Court to determine whether the government has met its burden under FED. R. EVID. 801(d)(2)(E), while still protecting the defendant from the risk of undue prejudice that would result if the evidence "provisionally" offered by the government does not connect up to the alleged conspiracy at trial. *See e.g., Urena*, 27 F.3d at 1491; *United States v. James*, 590 F.2d 575, 581-582 (5th Cir. 1979). The government must present—outside the

presence of the jury—evidence corroborating the contents of the alleged co-conspirators' statements, such as evidence that a conspiracy existed, how each defendant entered the conspiracy, the identity of each coconspirator whose statement will be used at trial, the witness through whom each statement will be offered, or how the statement was made in the course and in furtherance of the conspiracy.[1]

## THE DEFENDANTS ARE ONLY SEEKING THAT TO WHICH THEY ARE LEGALLY ENTITLED

For the reasons set forth above, Messrs. Troup and Garcia respectfully seek a Court Order directing the government to provide them with ***the list*** of any and all alleged co-conspirator statements that it intends to admit at trial as non-hearsay under Rule 801(d)(2)(E), particularly as such statements relate to Counts One – Three, together with the identity of the alleged co-conspirator who made the statement and when the statement was made. The government should provide this list promptly, so that they Court can address the admissibility of such statements in a reasonable way before trial.

## CONCLUSION

WHEREFORE, Messrs. Troup and Garcia request that the Court order the Government to promptly produce its list of alleged co-conspirator statements it intends to introduce at trial, particularly the co-conspirators statements relating to Counts One – Three, and request a pretrial Hearing so that the Court can make findings with regard to the admissibility of these statements under Rule 801(d)(2(E).

[1] A more detailed discussion of the law is set forth in Defendant Rudy Perez's Motion for Production of Alleged Co-Conspirators Statements and For A Pre-Trial Hearing on Their Admissibility [Doc. 1228], and is incorporated herein by this reference.

Dated: October 6, 2017

Respectfully submitted,

*/s/ Cori A. Harbour-Valdez*
Cori A. Harbour-Valdez
The Harbour Law Firm, PC
P.O. Box 13268
El Paso, Texas 79913
Phone: 915-544-7600
Fax: 915-975-8036
cori@harbourlaw.net

&

*/s/ Patrick J. Burke*
Patrick J. Burke
Patrick J. Burke, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
Phone: 303-825-3050
Fax: 303-825-2992
Patrick-j-burke@msn.com

*Counsel for Edward Troup (3)*

*/s/ James A. Castle*
James A. Castle
Castle & Castle, P.C.
1544 Race Street
Denver, Colorado 80206
Phone: 303-675-0500
JCastlelaw@gmail.com

&

*/s/ Robert R. Cooper*
Robert Cooper
Robert R. Cooper Law Firm
1011 Lomas Blvd NW
Albuquerque, New Mexico 87102
Phone: 505-842-8494
bob@rrcooper.com

*Attorneys for Billy Garcia (5)*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2017, I e-filed the foregoing to the Clerk of the Court via the CM/ECF system which will send notification of such filing to counsel of record.

*s/ Cori A. Harbour-Valdez*
Cori A. Harbour-Valdez