IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   15-CR-4268 JB

ANDREW GALLEGOS,

      Defendants.

**OPPOSED SECOND MOTION
BY ANDREW GALLEGOS TO SEVER COUNTS FOUR AND FIVE**

COMES NOW, Defendants Andrew Gallegos, by and through his attorney of record, Donavon A. Roberts, Esq., and joined by Brock Benjamin, Esq. and Rick Sindel, attorneys for Joe Gallegos, Cori Ann Harbour-Valdez, Esq. and Patrick Burke, Esq. attorneys Edward Troup, and Angela Arellanes, Esq., attorney for Shauna Gutirrez, and respectfully summits this Second Opposed Motion to Sever Counts Four and Five from the trial with counts 1-3 and 13-16, and in support states:

**INTRODUCTION**

The law on severance has been argued, briefed and repeated in numerous documents, before the court, including documents 807, 845, 858, 868, 882, 887, 893, 901, 932, 925, 933, 940, 936, 959, 975, 1014, 1031, 1036, and 1108.  Andrew Gallegos (hereafter, may also be referred to as "Gallegos") continues to adopt and incorporate all oral and written arguments previously made in the above documents for severance as though stated fully herein, with the understanding that the court has also previously issued its Order(s) on the matter [Docs. 1187 and 1204], which granted in part and denied in part the various severance motions filed by

1

several defendants in this case. Since the Court's ruling, at least one additional Opposed Motion for Severance has been filed [Doc. 1296], which Andrew Gallegos further adopts and incorporates arguments therein, as additional basis for his renewed Motion for Severance of Counts 4 and 5, and states as follows:

1. Just as the law on severance has been extensively briefed and argued, the facts in this case has also been recited repeatedly. Andrew Gallegos adopts his previous factual statements, but for purposes of this motion wishes to emphasis that he is *only charged in the alleged murder of one individual (specifically, the shooting and burning of A.B.*, as represented by counts 4 and 5 in the Second Superseding Indictment. His brother, Joe Gallegos, however, is charged in: **Count 1** (with Angel Deleon, Edward Troup, a.k.a. "*Huero* Troup", Leonard Lujan, and Billy Garcia, a.k.a. "Wild Bill," for the alleged murder of F.C.); **Count 2** (with L. Lujan, "Wild Bill", Eugene Martinez, a.k.a. "Little Guero", Allan Patterson, and Christopher Chavez, a.k.a. "Critter"); **Count 3**. (with Javier Alonso, a.k.a. "Wineo" "Wild Bill", "Huero Troup, and Arturo Garcia, a.k.a. "Shotgun"); (**Counts 13, 14** (with "Wineo", Paul Rivera, Shauna Gutierrez, and Brandy Rodriguez for the Assault with a Dangerous Weapon and Conspiracy to murder J.G.); **Count 15** (with "Wineo", Paul Rivera, Shauna Gutierrez, and Brandy Rodriguez for Attempted Murder and Assault With a Dangerous Weapon Upon J.G., Resulting in Serious Bodily Injury); and **Count 16**, which adds the charges of Tampering With a Witness, Victim or Informant by Physical Force or Threat, with respect to the Attempted Murder of J.G. in Count 14. Just the nicknames alone (i.e.*, Wild Bill, Critter, Shotgun, Wineo*) are prejudicial in nature, suggesting a violent, reckless lifestyle for these additional defendants who will

[1], adds five additional serious, violent, crimes that include three additional murder victims in Counts 1-3, attempted murder of J.G. in Count 13, and other serious charges related to credibility such as tampering with evidence and threats to witnesses. These are all violent acts against various victims allegedly by Joe Gallegos and others that will be unfairly imputed as character evidence against Andrew Gallegos, his brother, by a jury that would otherwise not be allowed to hear this type of prejudicial character or propensity evidence if counts 4 and 5 were tried separately. This is not only highly prejudicial but violative of Andrews right to a fair trial, as argued in his previous pleadings for Severance [Docs. 868 and 1031].  Andrew Gallegos again asserts, for purposes of this Motion, that he is not a member of the SNM and has never sought consideration of anything of value from SNM, nor has he attempted to gain entrance into SNM. He has never knowingly participated in the activities of the "enterprise", included in this case.  A bill of particulars [Doc. 1143] has been filed against the jurisdictional evidence that allegedly exists, but as the Court heard, at the hearing on May 10th, it was "general" evidence presented at the beginning of the case and relevant to the entire organization, not directed specifically at Counts 4 and 5. Nor it is assumed, was it more specifically directed at Andrew Gallegos' actions to gain or

---

[1] Although several defendants have already entered plea agreements and technically will not be tried with Andrew Gallegos and the remaining eight or nine other defendants, the crimes, bad acts, and violent reputation of **all eleven** defendants, nonetheless, is expected to be introduced by the government to, intended or not, discredit or prove the bad acts/crimes of "The Gallegos".

3

maintain admission or consideration for a thing of value from SNM. In fact, it must be assumed at this juncture, without admitting participation, that if there was a reason for the murder, it presumably would have been for loyalty to family. This is a much more logical justification than has been shown by the Government.

2. Given the limited, two-count, charges against Andrew Gallegos, it is highly prejudicial to expose a jury responsible for his guilt or innocence to the incriminating direct and indirect character and factual evidence of eleven other, unrelated, defendants and two to five other unrelated violent murders, attempted murder or violent crimes. Presumably, other bad acts, convictions, damaging reputation and character evidence of the other eight to eleven defendants will also be introduced at a joint trial. All of these other alleged crimes and/or bad acts, unrelated to Andrew Gallegos would be inadmissible as overly prejudicial and not probative of Andrew's guilt specifically in counts 4 and 5 at a separate trial. The Supreme Court has recognized that when a jury hears large amounts of incriminating evidence it could predispose them to convict a codefendant whom they otherwise would not. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

3. This piling on of evidence, unrelated to Andrew's specific charges in counts 4 and 5 amounts to propensity character evidence against him that is highly prejudicial. This is particularly so given that many of the Defendants that would be before the jury in a joint trial have markedly higher levels of culpability than Andrew Gallegos. In fact, the government has presented little to no direct evidence that would stand on its own to convict Andrew Gallegos of the murder related to Counts 4 and 5. They have even admitted in open court this lack of evidence against Andrew; going so far as to

4. In *United States v. Lujan*, 529 F.Supp.2d 1315, 1326 (D.N.M. 2007), a similar situation to the present case existed. There, severance was granted based, in part, on the concern that prejudice from other crimes evidence, admissible against only one defendant, would increase the risk of prejudice for the other two charged defendants. The court stated:

> …[T]he introduction of the double murder allegedly committed by Mr. Lujan increases the likelihood of prejudice against Mr. Lamunyon and Mr. Medina, because such evidence would not be admissible against them in a separate trial. The possibility exists that a jury might infer Mr. Medina's and Mr. Lamunyon's guilt because of the enhanced likelihood of Mr. Lujan's guilt. *Cf. Basciano*, 2007 WL 3124622 at *5-6 (finding severance warranted because introduction of co-

      defendant's prior conviction for same charge that defendants were facing likely would spillover to defendants).

5. This Court has indicated its belief that limiting instructions can cure any serious risk of prejudice in a joint trial of counts 1-5 and 13 -16, known as the **"Gallegos Counts"**. While this "moniker" will not make it to the jury, it alone shows how Andrew' Gallegos' relation to this case on paper alone is prejudicial. The predominant view of scholars, both law professors and psychologists, however, is that evidentiary instructions are frequently exercises in futility. The main title of a frequently cited study—"On the Inefficacy of Limiting Instructions"— captures the consensus. Roselle L. Wissler & Michael T. Saks, *On the Inefficacy of Limiting Instructions: When Jurors Use Prior Conviction Evidence to Decide on Guilt*, 9 L. & HUM. BEHAV. 37 (1985); see also, e.g., Joel D. Lieberman & Jamie Arndt, *Understanding the Limits of Limiting Instructions: Social Psychological Explanations for the Failures of Instructions to Disregard Pretrial Publicity and Other Inadmissible Evidence*, 6 J. PSYCH. PUB. POL'Y & L. 677 (2000).

6. Each of the co-defendants attorneys have been contacted for their position on this motion to sever and each advised no opposition to the relief sought herein.

Wherefore, Andrew Gallegos states that the allegations claimed by the Government against him is small in comparison to the overall scope of this indictment against the eight other defendants currently set for trial with him. The prejudice suffered by Andrew, in what would ordinally be a short trial, is compounded because the jury is subject to months of trial "dealing with numerous unrelated charges and criminal misconduct that does not involve a minor defendant in any way. *See, US. V. Gallo*, 668 F. Supp. 736 (E.D.N.Y. 1987). For all the

foregoing reasons, Defendant Andrew Gallegos moves the Court to sever Counts 4 and 5 from the Second Superseding Indictment.

Respectfully Submitted,

*/s/ Donavon A. Roberts*
Donavon A. Roberts
P.O. Box 36344
Albuquerque, NM 87176
(505) 506-3749
(505) 503-8405 facsimile
ladar170@aim.com

**Joined by:**

*/s/ Brock Benjamin*
Brock Benjamin
Richard Sindel
Attorneys for Joe Gallegos (2)
brock.benjamin@gmail.com
*Attorneys for Joe Gallegos*

*/s/ Cori Harbour-Valdez*
Cori Harbour-Valdez
Patrick Burke
Charbourlaw@harbourlaw.net
Attorneys for Edward Troup (3)

*/s/ Angela Arellanes*
Angela Arellanes
arellanesattorney@yahoo.com
Attorney for Shauna Gutirrez (30)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system on, this 6th day of October, 2017, which caused counsel of record for the government, co-defendants, and all other parties to receive a copy of this Motion electronically.

*/s/ Donavon A. Roberts*
Donavon A. Roberts