IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          NO. 15-CR-4268 JB

ANGEL DELEON et al.,

    Defendants.

**DEFENDANT CHRISTOPHER GARCIA'S MOTION FOR *DAUBERT* HEARING AND TO EXCLUDE GOVERNMENT EXPERT WITNESS TESTIMONY**

COMES NOW, Christopher Garcia, by and through CJA counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and Joe Gallegos through counsel Brock Benjamin and Rick Sindel, Edward Troup through counsel Cori Harbor-Valdez and Pat Burke, Billy Garcia through counsel Robert Cooper and James Castle, Christopher Chavez through counsel Orlando Mondragon and John Granberg, Arturo Arnulfo Garcia through counsel Billy Blackburn and Scott Davidson, Anthony Ray Baca through counsel Marc Lowry and Theresa Duncan, Carlos Herrera through Michael Davis and Carey Bhalla, Rudy Perez through counsel Ryan Villa and Justine Fox-Young, and respectfully move this Honorable Court to hold a *Daubert* evidentiary hearing to exclude potential evidence to be presented by the government's expert witnesses that it intends to introduce under Federal Rule of Evidence 403 and 702, and require the government to

1

show at a pretrial hearing that those expert statements are admissible. The basis for this motion is as follows:

## BACKGROUND

In the Second Superseding Indictment, Mr. Garcia, along with multiple codefendants, is charged with being a member of the Syndicato de Nuevo Mexico ("SNM") gang and Violent Crimes in Aid of Racketeering ("VICAR"). (Doc. 949). The Second Superseding Indictment contains 16 counts. *Id.*

The government filed its Amended Notice of Expert Witnesses on September 1, 2017 (Doc. 1242). Mr. Garcia, joined by multiple defendants, submitted a response objecting to all the Government's proposed expert witnesses on September 15, 2017 (Doc. 1255). Mr. Garcia opposed all the government's proposed expert witnesses because the government failed to follow the strict notice requirements Federal Rule of Criminal 16(a)(1)(G). *Id*.

The Government filed its reply on September 9, 2017 (Doc. 1277). The government asserted its Amended Notice of Expert Witnesses met the requirements of Rule 16(a)(1)(G), but it failed to provide any legal basis (other than the Rule itself) for its assertions. *Id*. (The Rule requires that the United States give Garcia "a written summary of any testimony that the government intends to use . . . . [, which] must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G)).

The government has not met the notice requirement of Rule 16(a)(1)(G). *Id*. Again, the government, without any case law (other than citing the Rule itself) argued,

> The Expert Notice describes 'the witness's opinions' in the concise one-sentence summaries to which Garcia's Motion to Exclude objects. *See* Expert Witness Response at 6-8; Expert Notice at 1-7. The Expert Notice also describes the bases and reasons for those opinions where it explains that the scientific experts' testimony will be based on 'the tests conducted, and the results and conclusions of those tests.' *E.g.*, Expert Notice at 2. Finally, the Expert Notice provides each witness's qualifications, as the notice provides that the scientific experts' testimony will be based on their 'specialized knowledge,' and the *curriculum vitae* for 13 of the government's 16 expert witnesses were attached.

Doc. 1277, p. 2-3.  The government has not provided Mr. Garcia or his co-defendants a *written summary* of the testimony it intends to use through its expert witnesses under the Federal Rule of Evidence 702, 703 and 705.  The government also failed to provide it expert witnesses' opinions and the bases and reasons for those opinions (Doc. 1255).

The government cites one case, which it generally relies on (no pinpoint citation), *United States v. Goxcon-Chagal*, 886 F.Supp.2d 1222 (D.N.M. 2012) (Browning, J.).  This opinion was reversed and remanded in the Tenth Circuit on July 2, 2014, in *United States v. Medina Copete*, 757 F.3d 1092 (10th Cir. 2014).  The Tenth Circuit panel, Lucero, Gorsuch, and Matheson found,

> We conclude that the law enforcement officer was improperly vetted under Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct.

3

> 1167, 143 L.Ed.2d 238 (1999), and that the testimony thus proffered was both impermissible and prejudicial, requiring us to reverse the convictions and order a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate and remand.

*United States v. Medina Copete*, 757 F.3d 1092, 1095 (10th Cir. 2014).

Trial in this case is scheduled for January 29, 2018 (Doc. 1205), and defendants are very concerned that the government is not timely producing requested discovery, expert CVs, and required Rule 16 materials, which will result in a significant delay or continuance.

## **LEGAL ARGUMENT**

The admission of expert testimony is governed by Federal Rule of Evidence 702 and the Rule's interpretation by the Supreme Court in *Daubert*, *Joiner*, and *Kumho Tire*.[1] Rule 702 was amended in 2000 in response to *Daubert* and *Kumho Tire*. Fed. R. Evid. 702. The 2000 amendment affirms the trial court's role as gatekeeper, necessitating that trial courts exclude unreliable expert testimony. *Id*. Pursuant to Fed. R. Evid. 702 and 703, a District Court judge acts as the "gatekeeper" to ensure any and all scientific testimony or evidence is "not only relevant, but reliable pursuant to Fed. R. Evid. 702. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 589). The gatekeeper function requires

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

> Rule 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The proponent of the evidence has the burden of showing that expert evidence is admissible, by a preponderance of proof. *Daubert*, 509 U.S. at 592 n.10; *United States v. Orr*, 692 F.3d 1079, 1091 (10th Cir. 2012); Fed. R. Evid. 702 advisory committee's note to 2000 amendment. The trial court has "wide latitude" in exercising its discretion to admit or exclude expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004).

The trial court "'generally must first determine whether the expert is qualified.'" *United States v. Avitia-Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012) (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)). "If the expert is sufficiently qualified, then 'the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology.'" *Id.* (quoting *Nacchio*, 555 F.3d at 1241). Trial courts have the responsibility of ensuring that scientific testimony or evidence is both relevant and reliable. *Daubert*, 509 U.S. at 589. "Relevant evidence

'means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Bitler*, 400 F.3d at 1234 (quoting Fed. R. Evid. 401). reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert* 509 U.S. at 592-93. The gatekeeping function requires a "'sufficiently developed record'" to allow a determination of whether the trial court "'properly applied the relevant law.'" *Avitia-Guillen*, 680 F.3d at 1258 (quoting *United States v. Nichols*, 169 F.3d 1255, 1262 (10th Cir. 1999)).

*Daubert* sets forth a non-exclusive list of factors that may be considered by the Court in this analysis, including: (1) whether the theory or technique can be, and has been, tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory is generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94.

The *Daubert* Court emphasized that the inquiry under Rule 702 is "a flexible one." 509 U.S. at 594. "Its overarching subject is the scientific validity—and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission." *Id*. at 594-95. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. *Joiner* added that,

6

"conclusions and methodology are not entirely distinct from one another." 522 U.S. at 146. A court need not admit opinion evidence "that is connected to existing data only by the *ipse dixit* of the expert." *Id*. "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id*.

At this time, Mr. Garcia and co-counsel cannot make a *Daubert* argument that specifically objects to a particular government expert based on the law stated above. Mr. Garcia does not have a written summary of the proposed expert's opinions, the basis and reasoning for those opinions, and even some of the witnesses' qualifications (three witness CV's have yet to be provided) (Docs. 1242, 1255, 1277). Without the expert's CV, to determine qualifications, and documents *more than just the mere report or one sentence in its notice*, there is no way to determine whether the expert's opinion is reliable. The testing documents, notes, and any instrument output, among others must be evaluated to assessing the expert's underlying reasoning and methodology to form its opinion.

Mr. Garcia files this motion to meet the deadlines set out by the Scheduling Order (Doc. 1205). However, Mr. Garcia files this incomplete *Daubert* motion because he does not have adequate Rule 16 disclosures from the government. The government's reply, Document 1277, failed to provide a substantive response or fulfill its requirement's to fully and properly notice Mr. Garcia and co-defendants under Rule 16(a)(1)(G). Mr. Garcia cannot make a proper *Daubert* challenge of expert witnesses when he has only been provided with information that the expert will testify to tests

7

performed and the testimony "will include his expert opinion, education, training, experience and specialized knowledge." *See generally* Doc. 1242. Such base-level statements do not provide any information as to whether the government's proposed experts have evidence that is relevant and reliable or assess their methodology.

Mr. Garcia requires adequate disclosure by the government of its proposed expert witness testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705. Mr. Garcia is unable to properly challenge the government's experts under *Daubert* until the government satisfies its disclosure duties.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons and those previously articulated, Mr. Garcia and joined co-defendants respectfully request this Court enter an order excluding the government's proposed expert witness testimony under *Daubert* and the additional authorities discussed herein. In the alternative, Mr. Garcia and joined co-defendants respectfully request that the Court hold a *Daubert* hearing to resolve these matters.

Respectfully submitted,

  /s                                 
**Amy Sirignano, Esq.**
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
Phone: (505) 242-2770
Fax: (505) 242-2774
Email: amy@abqnmlaw.com

  /s                                 
**Christopher W. Adams**
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
Phone: (843) 577-2153
Fax:(877) 883-9114
Email:chris@chrisadamslaw.com

Counsel for Christopher Garcia


  /s                                 
**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com

  /s                                 
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com

Co-counsel for Joe Lawrence Gallegos

\_\_/s_____
**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net

\_\_/s_____
**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com

Co-counsel for Edward Troup

\_\_/s_____
**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com

\_\_/s_____
**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com

10

Co-counsel for Billy Garcia

  /s
**Orlando Mondragon**
1028 Rio Grande
El Paso, TX 79902
Phone: 915-566-8181
Fax: 915-566-9696
Email: mondragonom@gmail.com

  /s
**John L. Granberg**
Granberg Law Office
310 N. Mesa Suite 424
El Paso, TX 79901
Phone: (915) 543-9000
Fax: (915) 543-3201
Email: granberglawoffice@yahoo.com

Co-counsel for Christopher Chavez

  /s
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com

  /s
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net

Co-counsel Arturo Arnulfo Garcia

   /s/\
**Marc M Lowry**\
Rothstein Donatelli LLP\
500 4th Street N.W. Suite 400\
Albuquerque, NM 87102\
Phone:(505) 243-1443\
Fax: (505) 242-7845\
Email: mlowry@rothsteinlaw.com

   /s/\
**Theresa M Duncan**\
Duncan Earnest LLC\
515 Granite NW, Albuquerque, NM 87102\
Phone: 505-842-5196\
Fax: 505-750-9780\
Email: teri@duncanearnest.com

Co-counsel for Anthony Ray Baca

   /s/\
**Michael V Davis**\
Michael V. Davis, Attorney & Counselor at Law, P.C.\
Post Office Box 3748\
3949 Corrales Road, Suite 130\
Corrales, NM 87048\
Phone: (505) 242-5979\
Fax: 505-899-3103\
Email: mdavis@swcp.com

   /s/\
**Carey Corlew Bhalla**\
Law Office of Carey C. Bhalla LLC\
925 Luna Cir NW\
Albuquerque, NM 87102\
Phone: 505-508-5589\
Email: carey@bhallalaw.com

Co-counsel for Carlos Herrera

         /s
         **Justine Fox-Young**
         1903 Wyoming Blvd. NE Ste. B
         Albuquerque, NM 87112
         Phone: 505-796-8268
         Email: justine@foxyounglaw.com

         /s
         **Ryan J Villa**
         2501 Rio Grande Blvd NW Suite A
         Albuquerque, NM 87104
         Phone: (505) 639-5709
         Fax: 505-433-5812
         Email: ryan@rjvlawfirm.com

         Co-counsel for Rudy Perez

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system to opposing counsel, AUSAs Maria Armijo, Randy Castellano, and Matthew Beck, this 6th day of October 2017.

  /s
Amy Sirignano, Esq.