# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           NO. 15-CR-4268 JB

ANGEL DELEON et al.,

      Defendants.

## OPPOSED MOTION FOR SPECIFICATION OF CO-CONSPIRATOR STATEMENTS AND A PRE-TRIAL HEARING ON THE STATEMENTS' ADMISSIBILITY

COMES NOW, Christopher Garcia, by and through CJA co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and Anthony Ray Baca, through co-counsel Theresa Duncan, and Marc Lowry, and joined by defendants Joe Gallegos through co-counsel Brock Benjamin and Rick Sindel, Edward Troup through co-counsel Cori Harbor-Valdez and Pat Burke, Arturo Arnolfo Garcia through co-counsel Billy Blackburn and Scott Davidson, Carlos Herrera through co-counsel Michael Davis and Carey Bhalla, and Rudy Perez through co-counsel Ryan Villa and Justine Fox-Young, and respectfully move this Honorable Court to order the government to specify any purported statements by alleged co-conspirators it intends to introduce under Federal Rule of Evidence 801(d)(2)(E) and show at a pretrial hearing that those statements are admissible.  The basis for this motion is as follows.

## **BACKGROUND**

In case 15-CR-4268, Mr. Garcia is charged in a Second Superseding Indictment with three counts alleging in Count 10: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. §§ 1959(a)(5); Count 11, 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of a Firearm; Count 12: 18 U.S.C. § 924(c): Using and Carrying a Firearm During and in Relation to a Crime of Violence (Doc. 949).

In case 15-CR-4268, Mr. Baca is charge in a Second Superseding Indictment with five counts, alleging in Count 6: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 7: Violent Crimes in Aid of Racketeering ("VICAR") (Murder), in violation of 18 U.S.C. §§ 1959(a)(1), and Aid and Abetting, in violation of 18 U.S.C. § 2; and Count 8: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Commit Assault Resulting in Serious Bodily Injury), in violation of 18 U.S.C. § 1959(a)(5); and Count 9: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5); and Count 10: Violent Crimes in Aid of Racketeering ("VICAR") (Conspiracy to Murder), in violation of 18 U.S.C. § 1959(a)(5). *Id*.

On June 30, 2017, this Court granted various defendants' motions for severance, holding that counts 6-12 will be tried together.  (Doc. 1204 at 218). Trial on these counts is scheduled to begin on January 29, 2018.  (Doc. 1205 at 2).  Although the discovery

disclosed to date includes a great number of statements from various alleged co-conspirators, it fails to identify which statements the government will seek to admit as co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E), or how the various statements from alleged co-conspirators would be admissible under this rule.

In order for the defense to adequately prepare for trial and for the Court to make a finding, by a preponderance of the evidence, that any proposed statements consist of admissible evidence under Fed. R. Evid. 801(d)(2(E), this Court must hold a pre-trial hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

## MEMORANDUM OF LAW

Out-of-court statements (or hearsay statements) are presumed unreliable, and the proponent of such statements must rebut that presumption. *See Bourjaily v. United States*, 483 U.S. 171, 179 (1987).  When a witness against a defendant will not appear to testify subject to cross-examination, testimonial statements by that witness are excluded unless the witness is unavailable and the defendant had a prior opportunity for cross-examination.  *See Crawford v. Washington*, 541 U.S. 36, 55 (2004).  Very few exceptions to this rule were accepted in 1791 and permit "*testimonial* statements against the accused in a *criminal* case."  *Id*. at 56 (emphasis in original).  For example, there is a "narrow forfeiture rule" permitting the out-of-court statements of a witness against the defendant when the defendant has procured the unavailability of that witness at trial. *See Giles v. California*, 554 U.S. 353, 373-4 (2008).

Pursuant to Federal Rule of Evidence 801(d)(2)(E), statements of alleged co-conspirators may not be introduced unless the government shows, by a preponderance of the evidence, (1) the existence of a conspiracy, (2) that the declarant and the defendant were both members of the conspiracy, and (3) that the statements were made during the course and in furtherance of the conspiracy prior to completion, termination or withdrawal. *See Bourjaily*, 483 U.S. 171 (1987); *United States v. Morgan*, 748 F.3d 1024, 1036 (10th Cir. 2014) (citing *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995)); *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997); *United States v. Johnson*, 911 F. 2d 1394, 1403 (10th Cir. 1990) ("Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E) . . . [t]here must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made in the course and in furtherance of the conspiracy."). Otherwise, admission of such hearsay would be too prejudicial under Federal Rule of Evidence 403 to cure with any instruction and would violate Mr. Garcia's and Mr. Baca's constitutional rights to confrontation, cross-examination, and to a fair trial. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36 (2004).

Statements falling under Rule 801(d)(2)(E) include conspirator's statements in furtherance of the conspiracy when "intended to promote the conspiratorial objectives." *See United States v. Townley*, 472 F. 3d 1267, 1273 (10th Cir. 2007) (quoting *United States v. Reyes*, 798 F. 2d 380, 384 (10th Cir. 1986). Promotion of the conspiracy occurs through

"statements that explain events of importance" or "facilitate its operation," statements between coconspirators providing reassurance to maintain trust and cohesiveness, statements informing each of the status of the conspiracy, and "[s]tatements of coconspirator identifying a fellow co-conspirator." *See id.* (internal citations omitted).

To prevent harmful error, a trial judge may require further assurance beyond the minimum standard above "that such statements (1) are not admitted until properly authenticated by substantial independent evidence and, (2) do not remain in the proof to be submitted to the jury unless their admissibility is established by a preponderance of the evidence." *United States v. James*, 590 F.2d 575, 583 (1979).

As the Court said in *Dennis v. United States*, 384 U.S. 855, 873 (1966):

> A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants . . . In our adversary system of determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.

Under Federal Rule of Criminal Procedure 16(a)(1)(A) and (B), any statements attributed to Mr. Garcia and Mr. Baca, as well as any other co-conspirator statements the government intends to introduce at trial must be produced, with specificity, before trial. *See United States v. Martinez*, 455 F.3d 1127, 1129-30 (10th Cir. 2006) (Rule 16(a)(1)(A) "is designed to provide the defendant with sufficient information . . . to allow the court to rule on admissibility motions before trial . . . .") (quoting *United States v. Hernandez-Muniz*, 170 F.3d 1007, 1010 (10th Cir. 1999)); *United States v. Petersen*, 611 F.

2d 1313 (10th Cir. 1979) (describing the *James* rules for the court to determine the

admissibility of co-conspirators statements); *Unites States v. Roberts*, 793 F.2d 580, 584

(4th Cir. 1986) (en banc) (holding that "Fed. R. Crim. P. 16(a)(1)(A) and Fed. R. Evid.

801(d)(2)(E)" should be construed as "in pari materia"); *United States v. Lujan*, 530 F.

Supp. 2d 1224, 1247 (D.N.M. 2008); *Unites States v. Agnello*, 367 F. Supp. 444, 448

(E.D.N.Y. 1973); *but see United States v. Bennett*, 158 F.R.D. 482, 483-484 (D. Kan. 1994)

(finding that Rule 16(a)(1)(A) does not apply to co-conspirator statements but not

addressing Rule 16(a)(1)(B)).

The existence of a conspiracy and the defendant's involvement in that conspiracy

are preliminary questions of fact that, under Rule 104 of the Federal Rules of Evidence,

must be resolved by the Court, *Bourjaily*, 483 U.S. 171 (1987), with specificity on each

element of the contested statements.

In the Tenth Circuit, a District Court "can only admit coconspirator statements if

it holds a *James* hearing or conditions of admission on forthcoming proof of a 'predicate

conspiracy through trial testimony or other evidence.'" *See Townley*, 472 F. 3d at 1273

(quoting *United States v. Owens*, 70 F. 3d 1118, 1123 (10th Cir. 1995). The Tenth Circuit

strongly prefers *James* proceedings. *See Townley* 472 F. 3d at 1273; *United States v. Lopez-

Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) ("preferred order of proof in determining

the admissibility of co-conspirator statements is first for the District Court to hold a

*James* hearing, 'outside the presence of the jury to determine . . . the existence of a

predicate conspiracy.'"); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 648-49

(10th Cir. 1998); *see also United States v. Austin*, 786 F.2d 986, 990 (10th Cir. 1986) (noting

courts have repeatedly condemned conducting *James* analysis at trial due to blending of

hearsay and non-hearsay statements prior to decision); *United States v. James*, 590 F.2d

575 (5th Cir. 1979). A failure to make the required factual findings before admitting

evidence of co-conspirators statements under Fed. R. Evid. 801(d)(2)(E) is an abuse of

discretion. *See United States v. Perez,* 989 F.2d 1574, 1581 (10th Cir. 1993) (en banc).

The timely pre-hearing disclosure of statements the government intends to

introduce at the *James* hearing will give defense counsel and the Court adequate time to

review and evaluate the statements prior to the hearing to determine if a conspiracy

existed. *See* (Doc. 1228, defendant Rudy Perez's Motion for Production of Alleged Co-

Conspirator Statement and for Pretrial Hearing on Their Admissibility).   Additionally,

early disclosure will expedite an orderly and efficient hearing, which will ultimately

decrease the risk of a mistrial due to unanticipated *Bruton* conflicts and other problems.

*See generally Bruton v. United States*, 391 U.S. 123 (1968) (holding the wrongful admission

of a co-defendant's confession inculpating defendant encroached upon defendant's

Sixth Amendment Constitutional right of confrontation and caused prejudicial error

requiring reversal); *Gray v. Maryland*, 523 U.S. 185 (1998) (expanding *Bruton* to include

confessions that redact or otherwise substitute the defendant's name).

Mr. Garcia and Mr. Baca request that the Court order the government to immediately identify, prior to the *James* hearing, exactly what co-conspirator statements it intends to offer.  For each such statement, the government should indicate the exact wording of the statement, the identity of the declarant, the identity of the person to whom the statement was directed, and the date and the location of when and where the statement was made.  The government must submit "some independent evidence linking the defendant to the conspiracy."  *United States v. Martinez*, 825 F.2e 1451, 1453 (10th Cir. 1987).  Independent evidence is defined by this Circuit as "evidence other than the proffered coconspirator statements themselves." *Id.* at 1451.

Then the Court must determine whether the statement(s) in question were made during the course of the conspiracy and in furtherance of the conspiracy.  *Owens*, 70 F. 3d 1118, 1126 (10th Cir. 1995) (quoting *Perez*, 989 F. 2d at 1579).  A coconspirator statement is made "during the course" of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved." *Id.*  Furthermore, a statement in furtherance of the conspiracy is "intended to promote the conspiratorial objectives."" *United States v. Reyes,* 798 F.2d 380, 384 (10th Cir. 1986).

Mr. Garcia and Mr. Baca request this specificity because the Tenth Circuit disfavors written proffers by the government of co-conspirator statements in the form of mere summaries.  *See United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993). The

trial court should be able to evaluate each specific conversation in context in making its

801(d)(2)(E) evaluation.  *See id.*

Due to the nature of the motion, the defense presumes the government opposes.

No defendant opposes.

<u>**CONCLUSION**</u>

In order to assure a fair and orderly trial, and efficient use of the Court's

resources prior to trial, Mr. Garcia, Mr. Baca, and joined defendants jointly and

respectfully request that the Court order the government to disclose whether it intends

to offer purported statements of alleged co-conspirators at trial.  If so, Mr. Garcia, Mr.

Baca and joined defendants further request that the Court hold a pre-trial *James* hearing

to determine the reliability and admissibility of those statements, and order the

government to immediately disclose, prior to that hearing, the exact statement, the

declarant and witness who will offer the statement into evidence, and the date and

location of the statement in order to permit defense investigation and full briefing of the

Court at the hearing.

Respectfully Submitted,

   /s                          

**Amy Sirignano**
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

___/s_____

**Christopher W. Adams**
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com

 Co-counsel for Christopher Garcia

___/s_____

**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400, Albuquerque,
NM 87102
(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com

___/s_____

**Theresa M Duncan**
Duncan Earnest LLC
515 Granite NW, Albuquerque, NM 87102
(505) 842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com

Co-counsel for Anthony Ray Baca

___/s_____

**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com

   /s
_____
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com

Co-counsel for Joe Lawrence Gallegos

   /s
_____
**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net

   /s
_____
**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com

Co-counsel for Edward Troup

   /s
_____
**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com

      /s
_____
**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com

Co-counsel for Billy Garcia

      /s
_____
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com

      /s
_____
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net

Co-counsel Arturo Arnulfo Garcia

      /s
_____
**Michael V Davis**
Michael V. Davis, Attorney & Counselor at
Law, P.C.
Post Office Box 3748
3949 Corrales Road, Suite 130
Corrales, NM 87048
Phone: (505) 242-5979

Fax: 505-899-3103
Email: mdavis@swcp.com


___/s_____
**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
925 Luna Cir NW
Albuquerque, NM 87102
Phone: 505-508-5589
Email: carey@bhallalaw.com


Co-counsel for Carlos Herrera


___/s_____
**Justine Fox-Young**
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
Phone: 505-796-8268
Email: justine@foxyounglaw.com


___/s_____
**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Phone: (505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com


Co-counsel for Rudy Perez


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing
was served via Court's CM/ECF system on
AUSAs Maria Y. Armijo, Randy M. Castellano,
and Matthew Beck, counsel for the
government, on this 6th day of October 2017.


___/s_____
Amy Sirignano, Esq.