IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Action No. No. 15-CR-4268-JB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGEL DELEON, et al

    Defendants.

**SUPPLEMENT TO MOTION TO DISMISS (DOC. 1283)**

Defendant Billy Garcia moves to supplement his previously filed motion to dismiss (Doc. No. 1283). This supplement sets forth additional grounds for dismissal under the Fifth and Sixth Amendments of the United States Constitution, and the supervisory power of this Court. The government opposes this motion. Defendants Joe Gallegos, Edward Troup, Christopher Chavez, Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, Rudy Perez, and Shauna Gutierrez join in the motion. All other defendants have no objection to the motion.

    1.    The defense incorporates by reference the legal standards as set forth in the prior motion to dismiss (Doc. No. 1283).

    2.    A number of count 1 and 2 defendants had filed a motion to compel the disclosure of a second set of informants that had provided helpful, relevant and exculpatory information (Doc. No. 1248). After the government agreed to either disclose such

1

informants or to notify the defense that such informants can no longer be identified, the defense moved to withdraw the motion to compel. Doc. 1273.

    3.    On October 6, 2017, the government notified the defense that it could only identify one of the informants whose identities had been requested by the defense. The government has not indicated why they cannot identify the additional informants or what they have done to identify such individuals. Each of the nine informants set forth below provide exculpatory, relevant and helpful evidence to Billy Garcia but they no longer can be identified due to the conduct of the government. These informants are set forth below:

    a.    **Informant at Deleon 27899**- On April 10, 2001, FBI Task Force Officer Edgar Rosa met with Mr. Jim Moore, Coordinator, Security Threat Group (STG) at the Southern New Mexico Correctional Facility (SNMCF). Mr. Moore indicated he had interviewed a source who indicated the murders of Castillo and Garza were ordered by Angel Munoz (Deleon discovery page 27899). This informant can no longer be identified by the government. The information this informant provided is helpful and exculpatory as Angel Munoz was not in custody and it disputes the government's theory that the order to kill was brought down from PNM North by Billy Garcia.

    b.    **Informant at Deleon 19127** - Discovery discloses that New Mexico Corrections Department (NMCD) had developed a source given the identifier of "Source 12." This source stated that "the old time convicts would put holes in you and the youngsters would strangle you." (Deleon discovery pg. 19127). The report in discovery indicates that the "dates of interviews and staff conducting the interview" are contained within a document titled, "Memorandum from STG to Warden Tafoya titled- Confidential sources on the

Murders of Inmates Frank Castillo and Rolando Garza." This memorandum has been lost or destroyed and has not been produced in discovery. Billy Garcia has been identified as a member of the old timers whereas inmates Leroy Lucero, Federico Munoz and other alternate suspects were part of the younger set called the "All Stars." This source is exculpatory and helpful in that he described the modus operandi of two different factions of the SNM. The discovery reflects that the strangulation method, used in the murders of Castillo and Garza, was first developed by All Star leader Federico Munoz in combination with his compatriot Leonard Lujan in the 1998 strangulation murder of an inmate. Simply stated, the modus operandi used in the killing of Garza and Castillo was the signature method used by the All Star group of the SNM, a group to which there is no evidence Billy Garcia belonged. This evidence is helpful and relevant to Billy Garcia.

      c.     **Deleon discovery page 14210** - On April 12, 2001 Warden Lawrence Tafoya interviewed a confidential informant who was given the identifier of "Source 1." This unidentified informant stated that he was a very good friend of inmate Rolando "Looney" Garza. He stated that he grew up with inmate Garza on the streets of Albuquerque. This informant reviewed a photo array and identified Allen Patterson, Ray Molina and Eugene Martinez as the killers of Garza. This inmate indicated he was in the pod when Garza was murdered. (Deleon discovery page 14210). This informant provides clear exculpatory information for defendant Christopher Chavez as he provided eyewitness information indicating that it was Molina and not Chavez who participated in the murder. The witness is exculpatory as to all count 1 and 2 defendants as it contradicts the testimony of Lujan. It is also helpful as Ray Molina is a member of the All Star group of the SNM,

which supports the theory that it was the All Star faction that set up and committed the murder and not the Old Timers of which Billy Garcia was a member. This witness would have provided helpful and relevant information for the defense.

      d.    **Informant at Deleon 19126** - On July 11, 2001 an informant was interviewed who was given the identifier of "Source 07." Source 7 stated that inmate Alfred Giron (a leader of the SNM) had put a red light on all hits while he was here at SNMCF. When Inmate Giron left, Inmate Leroy Lucero, took over leadership at SNMCF and he honored the red light put on the hits. Source 7 was interviewed again and this interview was taped.  A review of discovery reveals that the taped interview of Source 7 was not preserved. (Deleon discovery at page 19126).  This information is exculpatory as to Billy Garcia as the informant indicates it was Lucero, a member of the All Star faction, and not Garcia who ordered the hits.  It also appears from discovery that Leroy Lucero is now a cooperating individual for the government and is likely to testify.

      e.    **Informant at Deleon 521** - On June 4, 2004 a confidential source who was given the identifier of "DFS #3" provided information to law enforcement. DFS #3 stated that he was housed in the Yellow unit at SNMCF at the time the double homicide occurred (victim Garza was found dead in the Yellow unit). DFS #3 stated that three to four days prior to the killings, "Smurf" Leroy Lucero #40700 was telling inmates on the compound that they better get ready because the SNM was going to clean house. This informant is exculpatory as to Garcia as this information is consistent with Lucero (a member of the All Star faction), rather than Garcia, giving the order to kill and he is exculpatory as to all defendants as he disputes Lujan.

4

    f.  **Informant at Deleon 19128** – On an unknown date in 2001 Warden Lawrence Tafoya interviewed a confidential informant who was given the identifier of "Source 13." Source 13 states that he overheard Inmate Eugene Martinez talking with Inmates Leroy Lucero and Jessie Ibarra about carrying out assaults on inmates considered to be rats. Source 13 indicated he heard these statements before the murders took place. Leroy Lucero is believed to be a cooperating witness for the government, is a prime alternate suspect in the murders and is a member of the All Star faction of the SNM. Eugene Martinez is a former codefendant who is also now a cooperating witness. This informant would have impeached both Lucero and Martinez and would have identified Ibarra as an alternate suspect. This evidence is helpful and exculpatory to Allen Patterson, Christopher Chavez and Billy Garcia.

    g.  **Informant at Deleon 1222** – On June 16, 2004, a confidential source was interviewed who stated he was good friends with Leroy Lucero as they grew up together as kids. This informant stated that inmate Garza had a rat jacket on him and when inmate Lucero was around inmate Garza that inmate Lucero was really nervous around him, as if inmate Lucero wanted to take out Garza himself. This informant supports the alternate theory that it was Leroy Lucero who ordered the hit on Garza and not Billy Garcia.

    h.  **Informant at Deleon 1257** - This informant was interviewed on an unknown date in 2001. This informant indicated that the order to kill Frank Castillo was on since 2000 and SNM members at SNMCF knew about it at that time. This contradicts the government's theory that the hit was brought down to SNMCF by Billy Garcia in March 2001.

      i.    **Informant at Deleon 18971** – On March 7, 2001, 19 days before the Garza and Castillo murders, an informant was interviewed by a corrections officer. This informant had provided accurate information previously. The informant stated that Inmate Leonard Lujan had put a hit out on Inmate Jimmy Gordon to any location he might be moved. The informant stated, that Gordon owed Lujan $500.00 dollars and that it was too much to just let go. This informant came forward with this information prior to Billy Garcia ever arriving at SNMCF. This informant provides evidence that Lujan was capable, in 2001, of issuing a green light on inmates himself and without direction from anyone else. This informant also provides evidence that contradicts Lujan's statement to authorities that he is not a violent person.

    4.    The exculpatory nature of the information that the above informants provided was known by law enforcement in 2001. Law enforcement had interviewed inmate informants that identified Billy Garcia as being the one who orchestrated the murders and they also had a group of other inmate informants that indicated it was the All Star faction, and in particular Leroy Lucero, who orchestrated the murders. This disparate information gave rise to knowledge on the part of the government that this second set of informants were exculpatory to Mr. Garcia.

The failure to preserve the identities, and in one instance, the tape-recorded interview, of these witnesses was an act in bad faith by the government. The government recorded and retained the identity of informant witnesses who pointed the accusatorial finger at Garcia but failed to record and preserve the identities of informant witnesses that would exculpate him. The government has offered no explanation for this one sided,

prejudicial anomaly. Such a dilemma is the foundation of a finding of bad faith. The government has the right to keep the identities of informants secret for both tactical and safety reasons. With such a right, comes a concomitant responsibility. In this case that responsibility was shirked. Now, some 16 plus years later, the government seeks to continue the prosecution of Garcia while depriving him of the armaments of a defense. Such an injustice must not be tolerated.

Submitted this 10th day of October, 2017.


/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)


CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James A. Castle
James A. Castle