IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

Cause No. 15-4268 JB

**v.**

ANGEL DELEON,
**JOE GALLEGOS**,
**EDWARD TROUP,**
**BILLY GARCIA,**
**ALLEN PATTERSON,**
**CHRISTOPHER CHAVEZ,**
**ARTURO ARNULFO GARCIA,**
**MARIO RODRIGUEZ,**
**MAURICIO VARELA**
**DANIEL SANCHEZ,**
**CONRAD VILLEGAS,**
**ANTHONY RAY BACA,**
**CHRISTOPHER GARCIA,**
**CARLOS HERRERA,**
**RUDY PEREZ,**
**ANDREW GALLEGOS**,
**SHAUNA GUTIERREZ**, AND
BRANDY RODRIGUEZ.

       Defendants.

## GALLEGOS DEFENDANT'S MOTION TO DISMISS
## (PREINDICTMENT DELAY)

Defendants hereby respectfully moves this Court to dismiss Counts 4 and 5, with prejudice, as a result of the pre-indictment delay consisting of three years time after a magistrate's preliminary hearing determined that the State of New Mexico was not able to prove there was sufficient probable cause to determine that movants had murdered Adrian Burns in 2012. As grounds, counsel states:

**I.  Factual Background**

The movants through counsel would show that the following facts are relevant and necessary to enable the Court of fully understand the significance of the underlying events and the legal and factual bases supporting the requested dismissal and why the movants are prejudiced and denied their constitutional rights:

a. On November 12, 2012 Adrian Burns was found dead in a burned-out vehicle. An autopsy later determined he had been shot by a .22 caliber weapon and was in the vehicle when it caught fire.

b. On or about November 20, 2012, Andrew and Joe Gallegos are arrested and taken into custody at a local hotel.

c. Defendant Joe Gallegos had been charged with; Murder in the 1st degree (open charge), Kidnapping (to inflict death, physical injury or a sexual offense on the victim - 1st degree), Tampering with evidence (3rd degree), Conspiracy to commit a felony (2nd degree), and Arson (over $2500), in Cause No. M-52-FR-2012-00231.

d. On or about December 6, 2012 the state Magistrate Judge held a probable cause hearing pursuant to state statute 5-302 NMSA. The State called multiple police officers and civilians as witnesses.  After hearing all of the State's evidence, the Judge determined that there was a "Failure to Make Showing of Probable Cause" and the complaint was dismissed. *See Exhibit "A"*.

e. On November 13, 2014 the records of these and other related proceeding were destroyed.[1]

---

See attached Exhibit "B" the Party Information Sheet for Cause No. M-52-FR-2012-00231.

    f.   On or about December 5, 2015 the defendant Joe Gallegos was charged by indictment in the Federal District of New Mexico *United States v. Angel Deleon et al.*, Cause No. 15-CR-04268-KG. The general thrust of the indictment included allegations that Joe Gallegos had murdered "F.C." on March 26, 2001 "as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM) and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang…." [DOC 2. Count 1]. The indictment never mentioned the 2012 murder of Adrian Burns.

On or about April 21, 2016 in [Doc. 368] the Government filed its Superseding Indictment against Joe Gallegos and added Counts 4 and 5 against him. Additionally the Government added Andrew Gallegos as a defendant and charged him in the indictment in only Counts 4 and 5. During the time period from 2012 to April 21, 2016 it is believed that the United States Government maintained files that listed Joe Gallegos as a suspect in one or more offenses and that they were aware of the failed prosecution in relation to Adrian Burns' murder.

## II.  The Law

In order to prevail on this Motion, Messrs. Gallegos, movants must show both that they were prejudiced by the pre-indictment delay and that the delay was motivated by the government's desire to obtain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 323 (1971), *United States v. Lavasco*, 431 U.S. 783, 789 (1977), *United States v. Wood*, 207 F.3d. 1222, 1234 (10th Cir. 2000), *United States v. Abdush-Shakur,* 465 F.3d 458, 465 (10th Cir. 2006). In evaluating a Due Process claim, the Court must consider both prejudice to the defendant and the reasons for the delay. *Lavasco,* 431 U.S. at 790. If the delay was extensive, which it clearly

was in this case, the violation of the principles of Due Process may be excused if the delay was **caused** by an **active** investigation.[2]  *Lavasco*, 431 U.S. at 796.  The decision to bring charges relating to the 2012 homicides was **no*t*** based on complications resulted from an active and ongoing investigation, but rather to prejudice the defendant by the introduction into evidence and



then parading before the jury gruesome pictures of the **charred corpse of Mr. Burns** and the alleged brutality involved in his demise. Movants have filed a Motion for a Bill of Particulars [DOC. 1143] requesting information that the Government has to support their claim that the murder of Adrian Burns was done in consideration of and for the purposes ascribed in Counts 1 and 2.  The Government's response has been akin to that of Prince Hamlet's last words, "the rest is silence."  Wm. Shakespeare ."*Hamlet Prince of Denmark,* Act V, Scene II, Alfred Harbage ed., Penguin Books, Inc. 1969. The decision to bring charges relating to these formerly dismissed state homicides was motivated by the Government's desire to incite and pander to the jurors passions and prejudices rather than make decisions and reach conclusions based on rational and logical thought unmoved and undirected by prejudice and passion.

### III.  Prejudice

During the initial investigation in 2012 a hearing was conducted that resulted in a determination that a particularly brutal murder failed to meet the lowest standard in criminal

---

[2] Interviews of witnesses appear to have begun anew after the Superseding Indictment.

law—probable cause.. The testimony of the officers and other witnesses at that hearing has long since been destroyed. *See* Exhibit "B". The government profited from its destruction and the loss of testimony that was beneficial to the movants.

The officers who participated at that hearing have been schooled in their mistakes and their testimony will be necessarily tightened to present the Government's case in the most damaging light. Further, the Government has not produced any statements that it has in its possession that may have been obtained or notes thereof, presumably classifying these as Jenks statements. In reality, based on the outcome of the hearing, arguably any information relating to the testimony or notes of any officer involved in the 2012 investigation should be classified as *Brady* material because of the state magistrate's findings in the probable cause hearing and his subsequent ruling. See Exhibit "A.".

The prejudice, as described above, becomes more manifest because the prosecution plays a cat-and-mouse game with discovery. The government refuses to provide *Jencks'* statements until two weeks before trial. The government has failed to fully disclose and provide *Giglio* and *Brady* materials in good faith.[3] Thus, Movants suffer ongoing prejudice. The prejudice caused by the delay might have been ameliorated a bit if the government had had: 1) properly

---

[3] The government's strategies and hide and seek gamesmanship is apparent from its response to Defendants Billy Garcia and Edward Troup's Second Motion to Compel [DOC 1275, 9/29/17]. On is response it advances as an argument for its continued refusal to live up to its discovery and due process obligation by speciously claiming that, "Information used for impeachment necessarily requires a witness at trial. The United States' deadline to disclose its witness list is January 12, 2018... Once the United States finalizes its witness list and decides which co-conspirators and witnesses, including cooperating witnesses, will testify at trial, the United States will ensure that it will then provide to Defendants the *Giglio* material." In other words, the government has no obligation to disclose *Giglio* impeachment material because it has not made a formal declaration of witness identities. This obfuscation deceptively devised and designed to frustrate the Defendants' opportunity to prepare for trial and fully investigate the holes in the government's case. The tactic further ignores that the foundation for *Giglio* are the principles set out in *Brady* and *Giglio* material is quite simply a subset of the type of disclosure that *Brady* has required of prosecutors for more than 50 years. If the government is permitted to get away with this disingenuous tactic, it will have successfully gutted *Giglio*. Not to mention the fact that the government's Response totally ignores its *Brady* obligations.

preserved evidence; or 2) provided all *Jencks* materials early on, or 3) provided all *Giglio* and *Brady* materials early on. The government chose to do none of these, however.

The Supreme Court has made clear that certain delays, due to their sheer length, are presumptively prejudicial. In *Doggett v. United States*, 505 U.S. 647 (1992), the Court declared that:

> Impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. . . . Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.

*Doggett*, 505 U.S. at 655. The Supreme Court has made equally clear that the extent to which the defense will be impaired by the delay is "the most serious" of the accused's interests that warrant constitutional protection: "[T]he inability of a defendant to adequately prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious." *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182 (1972). In *Nikens v. United States*, 323 F.2d 808, 813 (D.C. Cir. 1963), *cert denied*, 379 U.S. 905 (1964), Judge Wright in his concurrence explained that:

> Indeed, a suspect may be at a special disadvantage when a complaint or indictment, or arrest, is purposefully delayed. With no knowledge that criminal charges are to be brought against him, an innocent man has no reason to fix in his memory the happenings on the day of the alleged crime. Memory grows dim with the passage of time. Witnesses disappear. Each day, the accused becomes less able to make out his defense.

In addition, the Government admitted at the May hearings in this matter that it did not have any specific evidence linking the Gallegos brothers to the Rico Conspiracy as alleged in the indictment for the death of Adrian Burns. The Government stated that it had presented some general evidence. This is gamesmanship 101. This is not a crime that is not able to be prosecuted. The allegations are identical to hundreds of similar homicides that are brought in the State of



Exhibit "D"

New Mexico every year. The United States Government has not pled and does not have sufficient facts to construct the nexus between a run-of-the-mill state homicide and the enterprise to confer jurisdiction upon this Court.  See Joe Gallegos' Motion to Dismiss [DOC. 1023][Withdrawn in DOC. 1145].  The prejudice is obvious, the delay unnecessary, and the loss of constitutional validity for this prosecution requires dismissal as does the prejudice that necessarily follows a delay that was devised and designed to insure a tactical victory for the prosecution.

## IV.  The Decision to Include  Counts Four and Five in the Indictment
## Was Based on Tactical Considerations

The delay was due to tactical considerations. The decision to include the Burns homicide investigations into the superseding RICO indictment was unquestionably tactical.  It enabled the prosecution to heap the inflammatory evidence guaranteed to result from the Burns counts to

spill over into the jury's decision-making process on the other counts. The tactical advantage being sought by the government was to bring as many prejudicial charges as it could in an overarching Superseding Indictment in its pursuit of the ultimate political goal-- dismantling the SNM.

The defendant has met his burden of showing both prejudice *and* that the delay was done to secure a tactical advantage for the government.

## Consultation

Given the contentious nature of this motion, concurrence wasn't sought from the government pursuant to D.N.M.LR-Cr 47.1.

WHEREFORE, Defendants Gallegos requests an Order from this Honorable Court that Counts Four and Five of the Second Superseding Indictment (Doc. 949) be dismissed.

Respectfully submitted this 13th day of October, 2017.

Respectfully Submitted,

*/s/ Brock Benjamin*
**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com
Co-counsel for Joe Lawrence Gallegos


/s/
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com
Co-counsel for Joe Lawrence Gallegos

/s/
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
E-Mail:  amy@abqnmlaw.com
Counsel for Christopher Garcia


/s/
Christopher W. Adams
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com
Co-counsel for Christopher Garcia

/s/
**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net
Counsel for Edward Troup

/s/
**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com
Co-counsel for Edward Troup

/s/
**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com
Counsel for Billy Garcia

/s/
**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com
Co-counsel for Billy Garcia

/s/
**Jeffrey C. Lahann**
665 E. University Ave. #2A
Las Cruces, NM 88005
575-523-4394
Fax: 1-888-694-7241
Email: jeff@lahannlaw.com
Counsel for Allen Patterson

/s/
**Orlando Mondragon**
1028 Rio Grande
El Paso, TX 79902
Phone: 915-566-8181
Fax: 915-566-9696
Email: mondragonom@gmail.com
Counsel for Christopher Chavez

/s/
**John L. Granberg**
Granberg Law Office
310 N. Mesa Suite 424
El Paso, TX 79901
Phone: (915) 543-9000
Fax: (915) 543-3201
Email: granberglawoffice@yahoo.com
Co-counsel for Christopher Chavez

/s/
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com
Counsel for Arturo Arnulfo Garcia

/s/
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net
Co-counsel Arturo Arnulfo Garcia

/s/
**Santiago David Hernandez**
Law Office of Santiago D. Hernandez
1219 E. Missouri
El Paso, TX 79902
Phone: 915-351-4300
Fax: 915-351-4372
Email: santilawyer@gmail.com
Counsel for Mario Rodriguez

/s/
**Steven M Potolsky**
PO Box 50973
Jacksonville Beach, FL 32250
Phone: 305-335-5539
Fax: 305-358-5917
Email: stevepo@bellsouth.net
Co-counsel for Mario Rodriguez

/s/
**Mary Stillinger**
4911 Alameda Ave
El Paso, TX 79905
Phone:(915)775-0705
Fax:(915)886-7178
Email: stillingerlaw@sbcglobal.net
Counsel for Mauricio Varela


/s/
**Amy E. Jacks**
Law Office of Amy E. Jacks
315 E. 8th St. #801
Los Angeles, CA 90014
Phone: 213-489-9025
Fax: 213-489-9027
Email: amyejacks@sbcglobal.net
Counsel for Daniel Sanchez


/s/
**Richard Jewkes**
Richard Jewkes
701 N. Saint Vrain St
El Paso, TX 79902
Phone: (915) 534-7400
Fax:(915) 534-7407
Email: richardjewkes@sbcglobal.net
Co-counsel for Daniel Sanchez

/s/
**B.J. Crow**
Crow Law Firm
400 N. Pennsylvania Ave.
Suite 1150
Roswell, NM 88201
575-291-0200
Fax: 575-291-0201
Email: bj@crow-law-firm.com
Counsel for Conrad Villegas


/s/
**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
Phone:(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com
Counsel for Anthony Ray Baca


/s/
**Theresa M Duncan**
Duncan Earnest LLC
515 Granite NW, Albuquerque, NM 87102
Phone: 505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com
Co-counsel for Anthony Ray Baca


/s/
**Michael V Davis**
Michael V. Davis, Attorney & Counselor at Law, P.C.
Post Office Box 3748
3949 Corrales Road, Suite 130
Corrales, NM 87048
Phone: (505) 242-5979
Fax: 505-899-3103
Email: mdavis@swcp.com
Counsel for Carlos Herrera

/s/
**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
925 Luna Cir NW
Albuquerque, NM 87102
Phone: 505-508-5589
Email: carey@bhallalaw.com
Co-counsel for Carlos Herrera

/s/
**Justine Fox-Young**
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
Phone: 505-796-8268
Email: justine@foxyounglaw.com
Counsel for Rudy Perez

/s/
**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Phone: (505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com
Co-counsel for Rudy Perez

/s/
**Donavon A. Roberts**
PO Box 36344
Albuquerque, NM 87176-6344
Phone: 505-506-3749
Fax: 505-503-8405
Email: ladar170@aim.com
Counsel for Andrew Gallegos

/s/
**Angela Arellanes**
PO Box 1784
Albuquerque, NM 87103
505-247-2417
Fax: 505-242-1878
Email: arellanesattorney@yahoo.com
Counsel for Shauna Gutierrez

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of October, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*/s/ Brock Benjamin*
BROCK BENJAMIN

STATE OF NEW MEXICO
SOCORRO COUNTY MAGISTRATE COURT IN SOCORRO

State of New Mexico
v
JOE L GALLEGOS, Defendant

No. M-52-FR-2012-00231

## PROBABLE CAUSE DETERMINATION

*(For use only if the defendant has been arrested without a warrant and has not been released)*

**Finding of Probable Cause**

[ ]   I find that there is a written showing of probable cause to believe that a crime has been committed and that the above named defendant committed it.

   It is ordered that the defendant shall be released:
   [ ]   on personal recognizance.
   [ ]   on the conditions of release set forth in the release order.

FILED IN
SOCORRO COUNTY
DEC 06 2012
MAGISTRATE COURT

**Failure to Make Showing of Probable Cause**

[ xx ]   I find that probable cause has not been shown that a crime has been committed and that the above named defendant committed it.
   It is therefore ordered that the complaint against the defendant be and the same is hereby dismissed without prejudice and the defendant be immediately discharged from custody.

12-6-12
_____
Date

_____
Time

Jim Naranjo, Judge

Unless the defendant has been released on personal recognizance, the amount of bail set and any conditions of release prescribed by a designee must also be reviewed.

This form is not necessary if the finding of probable cause is endorsed by the judge on the criminal complaint or on a statement of probable cause.

Distribution   1 Copy- Court   1 Copy-Defendant   1 Copy-Prosecutor   [Approved effective September 1, 1990.]   Criminal Form 9-207A
**Court Information:**
Socorro County Magistrate Court 102 Winkler
Socorro NM  87801    phone 575-835-2500   (fax) 575-838-0428    web site: www.nmcourts.gov

## EXHIBIT "A"

STATE OF NEW MEXICO
SOCORRO COUNTY MAGISTRATE COURT IN SOCORRO

State of New Mexico
v
JOE L GALLEGOS, Defendant

No. M-52-FR-2012-00231

## PROBABLE CAUSE DETERMINATION
*(For use only if the defendant has been arrested without a warrant and has not been released)*

**Finding of Probable Cause**

[ ]   I find that there is a written showing of probable cause to believe that a crime has been committed and that the above named defendant committed it.

   It is ordered that the defendant shall be released:
   [ ]   on personal recognizance.
   [ ]   on the conditions of release set forth in the release order.

**Failure to Make Showing of Probable Cause**

[ xx ]   I find that probable cause has not been shown that a crime has been committed and that the above named defendant committed it.

   It is therefore ordered that the complaint against the defendant be and the same is hereby dismissed without prejudice and the defendant be immediately discharged from custody.

*FILED IN SOCORRO COUNTY DEC 06 2012 MAGISTRATE COURT*

_12-6-12_  Date

_____  Time

Jim Naranjo, Judge

Unless the defendant has been released on personal recognizance, the amount of bail set and any conditions of release prescribed by a designee must also be reviewed.

This form is not necessary if the finding of probable cause is endorsed by the judge on the criminal complaint or on a statement of probable cause.

Distribution   1 Copy- Court   1 Copy-Defendant   1 Copy-Prosecutor   [Approved effective September 1, 1990.]   Criminal Form 9-207A
Court Information:
Socorro County Magistrate Court 102 Winkler
Socorro NM 87801   phone 575-835-2500   (fax) 575-838-0428   web site: www.nmcourts.gov

# REGISTER OF ACTIONS
## CASE NO. M-52-FR-2012-00231

| | | |
|---|---|---|
| State of New Mexico v. JOE L GALLEGOS | § § § § § § | Case Type: Felony<br>Date Filed: 11/19/2012<br>Location: Socorro County Magistrate Court: Socorro<br>Judicial Officer: Naranjo, Jim |

### PARTY INFORMATION

|  |  |  | Attorneys |
|---|---|---|---|
| Defendant | GALLEGOS, JOE L | Male<br>5' 7", 190 lbs | Lee Deschamps<br>*Public Defender*<br>575-838-0777(W)<br><br>~~Stacey A. Ward~~<br>*~~Public Defender~~*<br>~~505-238-5797(W)~~ |
| Plaintiff | State of New Mexico | | |

### CHARGE INFORMATION

| Charges: GALLEGOS, JOE L | Statute | Level | Date |
|---|---|---|---|
| 1. Murder in the first degree (felony murder) | 30-02-01(A)(2) | Felony | 11/12/2012 |
| 2. Kidnapping (first degree) | 30-04-01 | 1st Degree Felony | 11/12/2012 |
| 3. Tampering with evidence (highest crime a third, fourth or indeterminate degree felony) | 30-22-05 | 4th Degree Felony | 11/12/2012 |
| 4. Murder in the first degree (felony murder) - conspiracy | 30-02-01(A)(2) | 2nd Degree Felony | 11/12/2012 |
| 5. Arson property (over $2,500 but not more than $20,000) | 30-17-05(A) | 3rd Degree Felony | 11/12/2012 |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

12/06/2012  **Disposition** (Judicial Officer: Naranjo, Jim)
    1. Murder in the first degree (felony murder)
        Discharged
    2. Kidnapping (first degree)
        Discharged
    3. Tampering with evidence (highest crime a third, fourth or indeterminate degree felony)
        Discharged
    4. Murder in the first degree (felony murder) - conspiracy
        Discharged
    5. Arson property (over $2,500 but not more than $20,000)
        Discharged

**OTHER EVENTS AND HEARINGS**

11/16/2012  **MTN: MOTION**
    *Motion to Seal Court Pleadings (Berry/ADA)*
11/19/2012  **OPN: CRIMINAL COMPLAINT FILED**
11/19/2012  **AFFIDAVIT OF ARREST WARRANT**
11/19/2012  **WAR: ARREST WARRANT ISSUED**
11/26/2012  **ORD: ORDER FILED**
    *Order Unsealing the Court Records*
11/26/2012  **First Appearance** (9:46 AM) (Judicial Officer Naranjo, Jim)
    Parties Present
    Result: Held
11/26/2012  **MISCELLANEOUS ENTRY**
    *Return of Arrest Warrant: def arrested 11/20/12 by Valencia Co SO*
11/26/2012  **INDIGENT DETERMINATION FOR DEFENDANT FILED**
11/26/2012  **ORD: ORDER OF APPOINTMENT**
    *Lee Deschamps apptd as Public Defender, assigned by CCU*
11/27/2012  **ENTRY OF APPEARANCE FILED**
    *Entry of Appearance, Request for Speedy Trial & Request for Discovery (Deschamps)*
12/06/2012  **Preliminary Examination** (9:30 AM) (Judicial Officer Naranjo, Jim)
    Parties Present
    Result: Held

EXHIBIT "B"

EXHIBIT "C"

U.S. v. DELEON, ET AL. 3646