IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Cause No. 15-4268 JB

**v.**

ANGEL DELEON,
**JOE GALLEGOS**,
EDWARD TROUP,
BILLY GARCIA,
ALLEN PATTERSON,
CHRISTOPHER CHAVEZ,
ARTURO ARNULFO GARCIA,
MARIO RODRIGUEZ,
MAURICIO VARELA
DANIEL SANCHEZ,
CONRAD VILLEGAS,
ANTHONY RAY BACA,
CHRISTOPHER GARCIA,
CARLOS HERRERA,
RUDY PEREZ,
ANDREW GALLEGOS,
**SHAUNA GUTIERREZ**, AND
BRANDY RODRIGUEZ.

        Defendants.

**DEFENDANT JOE GALLEGOS' MOTION FOR A BILL OF PARTICULARS AS TO COUNTS 13-16**

COMES NOW, the Defendants through their counsel of record, and under Fed. Crim. P. 7(f) hereby respectfully moves the Court to order Plaintiff to provide counsel with a bill of particulars in this case. Joe Gallegos seeks an order directing the Plaintiff to provide a bill of

particulars notifying him of his purported involvement in the charged racketeering enterprise and the evidence to support the requisite evidence that he committed the alleged violent offenses in aid of racketeering for "consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise." Additionally, Joe Gallegos seeks an order directing the Plaintiff to provide a bill of particulars describing (1) the evidence that supports the Plaintiff's claim as articulated in the Second Superseding Indictment that the actions were for the benefit of the SNM.

In support of his motion, Joe Gallegos submits the following:

I. **Argument- The Language in the Second Superseding Indictment is Insufficient to Apprise Mr. Gallegos of the Specifics of the Charges Against Him.**

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The indictment must sufficiently apprise the defendant of what evidence he must be prepared to meet at trial.

Joe Gallegos requests the government provide a bill of particulars in this case as to Counts 13-16, as well as how the evidence that proves the enterprise and that J.G. was assaulted in furtherance of the goals of the enterprise at issue. This applies to both assaults upon J.G. The first being the assault in Count 13, March 27, 2016 and the second assault that is alleged to have occurred on February 27, 2016. This second assaults acts make up Counts 14-16 of the Second Superseding Indictment. The purpose of a bill of particulars is to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or

conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *Wyatt v. United States* 388 F.2d 395, 397 (10th Cir. 1968), *quoting United States. v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965); *see also United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992).

The Government's Second Superseding Indictment makes sweeping allegations of Joe Gallegos' involvement in a long-term racketeering conspiracy as overbroadly evidenced in Counts 1, 4, 5, 13, 14, 15, and 16. The failures in the indictment are most obvious and damaging in Count 13, where even the discovery makes no mention of why this act is believed to have been conducted for the benefit of SNM where Joe Gallegos is identify by a cooperator as a member of the East Side Locos (ESL).[1]  The only suggestion from the government that there is evidence that proves either assault of J.G. qualifies as a RICO offense is contained in their Superseding Indictment. Counts 14-16 are equally faulty as they make sweeping allegations that the assaults or attempted murder were for the benefit of Joe Gallegos in relation to the SNM. This where their own witness does not make that allegation in his interview.[2]  Joe Gallegos cannot properly defend against the charges in the Indictment, or to adequately address issues such as his role, or the extent of his alleged participation without Plaintiff providing additional details about these issues in the form of a bill of particulars. There is no other way for Gallegos to guard against the government's shifting its "theory" as the evidence unfolds and is challenged in court.

---

[1] Paul Rivera in his recorded interview identifies Joe Gallegos as an ESL and only on request by the agent conducting the interview affirms that he is SNM. There is nothing in that affirmation that shows that the alleged assault in Count 13 is for the benefit, or advancement of Joe Gallegos in the SNM.

[2] Paul Rivera's plea agreement factual basis clearly states the elements needed. However, this is contradicted by his statement.

Case 2:15-cr-04268-JB   Document 1319   Filed 10/13/17   Page 4 of 14

A bill of particulars supplements an indictment drafted with insufficient particularity. *See United States v. Jensen*, 193 F. Supp. 2d 601, 605 (D.N.Y. 2002). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars is necessary in a given case when the Court needs to ensure that the defendant is informed of "the *substantive facts* of the charges against him." *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005) (emphasis added).

Joe Gallegos is entitled to know what specific factual events the government intends to prove at trial. A bill of particulars is an appropriate means to provide him with an adequate factual foundation to prepare his defense against the charges. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989) (J. Logan, Circuit Judge, concurring); *United States v. Walters*, 188 F.R.D. 591, 596 (D. Kan. 1999), *citing United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) ("The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense") (internal quotations and citation omitted).

Given the fact that the defense has voluminous discovery in this case that does not address Count 13 but minimally and Counts 14-16 the evidence appears to contradict the Indictment. The indictment falls woefully short of the fundamental legal requirements; Joe Gallegos is entitled to bill of particulars in order to achieve a general understanding of the basis for his alleged participation in the charged racketeering conspiracy as to Count 13-16 and the evidence against him. "[I]f the allegations in respect to the manner and means of effecting the object of the

combination and conspiracy are not set forth in detail, the remedy is to apply for a bill of particulars." *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 908 (10th Cir. 1989) (quoting *Frankfort Distilleries v. United States*, 144 F.2d 824, 832 (10th Cir. 1944)).

As it stands, the indictment provides Joe Gallegos with no notice regarding the alleged placement of these counts under the RICO umbrella or that J.G.'s assaults was on behalf of the alleged enterprise. Mr. Gallegos is to left to guess whether the government will contend at trial that Gallegos assaulted J.G. because his pride was hurt, that he did it for money, or prestige.

The government's broom sweeps too broadly and it must advise the Defendant of the evidence it claims supports each of these propositions. The Government's failure to provide this information impermissibly deprives Joe Gallegos of a fair opportunity to prepare his defense. *See Dunn* at 1029.

Additionally, when the government charges violations of Racketeer Influenced and Corrupt Organization (RICO), a bill of particulars is especially important: With the wide latitude accorded the prosecution to frame a charge that a defendant has "conspired" to promote the affairs of an "enterprise" through a "pattern of racketeering activity" comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). It is important to note that judges in other RICO related cases have found it necessary to order bills of particulars. *See United States v. Cerna*, 2009 WL 2998929 (N.D. Cal. Sept. 16, 2009); *United States v Ablett*, 2010 WL 3063145 (N.D. Cal. Aug. 3, 2010*); United States v. Cerna*, 2010 WL 3198927 (N.D. Cal. Aug. 11, 2010); *United States v. Martinez*, 2014 WL 1724490 (N.D. Cal. Apr. 30, 2014); *United States v. Alvarez*, 2014 WL 7240670 (N.D. Cal. Dec. 19, 2014).

Where the charge against the defendant is broad in scope, a bill of particulars may be more appropriate than where the charged conduct is more narrow. *See, e.g., United States v. Barnes,* 158 F.3d 662, 666 (2d Cir.1998 ) ("a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge"); *Davidoff* at 1154–55 (district court abused discretion in denying a bill of particulars identifying victims in <u>seven-year[3]</u> racketeering conspiracy; court noted that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO"). [emphasis added].

Here, the Indictment for Counts 13-16 avers that the "SNM gang enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is acts and threats involving murder and robbery in violation of New Mexico law. . ." [Doc. 368] pg. 9

However, there is no indication of whether Joe Gallegos was an active member or associate of SNM at the time of the assaults. In fact as cited above, it appears that he was a member of another organization, ESL, not SNM.  There is also no produced evidence that Joe Gallegos assaulted J.G., in exchange for or in hopes of receiving anything of pecuniary value, or for the purpose of gaining entrance to and maintaining and increasing his position in the SNM, a prison experience that was eight years in his rear view mirror. The information requested is necessary to defend against the undocumented and conclusory allegations against Joe Gallegos. It is also necessary in order to determine whether, and how, Federal Rule of Evidence 801(d)(2)(E) may apply to statements made by declarants during the course of the conspiracy alleged in Count 13,

---

[3] According to the indictment the enterprise lasted no fewer than 37 years.

of which they and the person the statement is offered against were members. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

Given the inadequacy of the allegations in Counts 13-16, it is imperative for Joe Gallegos and his attorneys to be made aware of, with a bill of particulars, the exact evidence against him. In order for him to properly prepare his defense.  This Court should order the government to provide a bill of particulars identifying the source of the claims leveled against Mr. Gallegos.

AUSA Maria Armijo, Plaintiff presumably opposes the relief requested herein.

## Conclusion

Wherefore, for the reasons discussed above, Joe Gallegos respectfully requests this Court to order Plaintiff to produce a Bill of Particulars addressing the deficiencies in the Second Superseding Indictment as set forth in this motion.

Respectfully Submitted,

*/s/ Brock Benjamin*
**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com
Co-counsel for Joe Lawrence Gallegos

/s/
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com
Co-counsel for Joe Lawrence Gallegos

/s/
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
E-Mail:  amy@abqnmlaw.com
Counsel for Christopher Garcia

/s/
Christopher W. Adams
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
(877) 883-9114 facsimile
chris@chrisadamslaw.com
Co-counsel for Christopher Garcia

/s/
**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net
Counsel for Edward Troup

/s/
**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com
Co-counsel for Edward Troup

/s/
**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com
Counsel for Billy Garcia

/s/
**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com
Co-counsel for Billy Garcia

/s/
**Jeffrey C. Lahann**
665 E. University Ave. #2A
Las Cruces, NM 88005
575-523-4394
Fax: 1-888-694-7241
Email: jeff@lahannlaw.com
Counsel for Allen Patterson

/s/
**Orlando Mondragon**
1028 Rio Grande
El Paso, TX 79902
Phone: 915-566-8181
Fax: 915-566-9696
Email: mondragonom@gmail.com
Counsel for Christopher Chavez

/s/
**John L. Granberg**
Granberg Law Office
310 N. Mesa Suite 424
El Paso, TX 79901
Phone: (915) 543-9000
Fax: (915) 543-3201
Email: granberglawoffice@yahoo.com
Co-counsel for Christopher Chavez

/s/
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com
Counsel for Arturo Arnulfo Garcia

/s/
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net
Co-counsel Arturo Arnulfo Garcia

/s/
**Santiago David Hernandez**
Law Office of Santiago D. Hernandez
1219 E. Missouri
El Paso, TX 79902
Phone: 915-351-4300
Fax: 915-351-4372
Email: santilawyer@gmail.com
Counsel for Mario Rodriguez

/s/
**Steven M Potolsky**
PO Box 50973
Jacksonville Beach, FL 32250
Phone: 305-335-5539
Fax: 305-358-5917
Email: stevepo@bellsouth.net
Co-counsel for Mario Rodriguez

/s/
**Mary Stillinger**
4911 Alameda Ave
El Paso, TX 79905
Phone:(915)775-0705
Fax:(915)886-7178
Email: stillingerlaw@sbcglobal.net
Counsel for Mauricio Varela

/s/
**Amy E. Jacks**
Law Office of Amy E. Jacks
315 E. 8th St. #801
Los Angeles, CA 90014
Phone: 213-489-9025
Fax: 213-489-9027
Email: amyejacks@sbcglobal.net
Counsel for Daniel Sanchez

/s/
**Richard Jewkes**
Richard Jewkes
701 N. Saint Vrain St
El Paso, TX 79902
Phone: (915) 534-7400
Fax:(915) 534-7407
Email: richardjewkes@sbcglobal.net
Co-counsel for Daniel Sanchez

/s/
**B.J. Crow**
Crow Law Firm
400 N. Pennsylvania Ave.
Suite 1150
Roswell, NM 88201
575-291-0200
Fax: 575-291-0201
Email: bj@crow-law-firm.com
Counsel for Conrad Villegas

/s/
**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
Phone:(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com
Counsel for Anthony Ray Baca

/s/
**Theresa M Duncan**
Duncan Earnest LLC
515 Granite NW, Albuquerque, NM 87102
Phone: 505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com
Co-counsel for Anthony Ray Baca

/s/
**Michael V Davis**
Michael V. Davis, Attorney & Counselor at Law, P.C.
Post Office Box 3748
3949 Corrales Road, Suite 130
Corrales, NM 87048
Phone: (505) 242-5979
Fax: 505-899-3103
Email: mdavis@swcp.com
Counsel for Carlos Herrera


/s/
**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
925 Luna Cir NW
Albuquerque, NM 87102
Phone: 505-508-5589
Email: carey@bhallalaw.com
Co-counsel for Carlos Herrera


/s/
**Justine Fox-Young**
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
Phone: 505-796-8268
Email: justine@foxyounglaw.com
Counsel for Rudy Perez


/s/
**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Phone: (505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com
Co-counsel for Rudy Perez

<pre>                                 </pre>

/s/ _____
**Donavon A. Roberts**
PO Box 36344
Albuquerque, NM 87176-6344
Phone: 505-506-3749
Fax: 505-503-8405
Email: ladar170@aim.com
Counsel for Andrew Gallegos

/s/ _____
**Angela Arellanes**
PO Box 1784
Albuquerque, NM 87103
505-247-2417
Fax: 505-242-1878
Email: arellanesattorney@yahoo.com
Counsel for Shauna Gutierrez

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of October, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*/s/ Brock Benjamin* _____
BROCK BENJAMIN