**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

   v.                                      NO: 15-CR-4268 JB

ANGEL DELEON, et al.,

       Defendants.

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE FOR NON-COMPLIANCE**
**OF DISTRICT COURT ORDERS DURING MAY 9-10, 2017 HEARINGS**[1]

    Defendants Christopher Garcia through co-counsel, Amy Sirignano of the Law Office of

Amy Sirignano, PC and Christopher W. Adams of the Law Office of Christopher W. Adams, and

Joe Lawrence Gallegos, through co-counsel Brock Benjamin, and Rick Sindel, and Edward

Troup, through co-counsel, Cori Harbour-Valdez, and Pat Burke, and Billy Garcia, through co-

counsel Robert Cooper, and Jim Castle, and Allen Patterson, through counsel Jeff Lahann, and

Christopher Chavez, through co-counsel Orlando Mondragon, and John Granberg, and Arturo

Arnulfo Garcia, through co-counsel Billy Blackburn, and Scott Davidson, and Mario Rodriguez,

through co-counsel Santiago Hernandez, and Steven Potolsky, and Mauricio Varela, through co-

counsel Mary Stillinger, and Joe Spencer, and Daniel Sanchez, through co-counsel Richard

Jewkes, and Amy Jacks, and Anthony Ray Baca, through co-counsel Marc Lowry, and Theresa

Duncan, and Carlos Herrera, through co-counsel Michael Davis, and Carey Bhalla, and Rudy

Perez, through co-counsel Ryan Villa, and Justine Fox-Young, and Andrew Gallegos, through

---

[1] The Court conducted hearings in this matter during May 9, 10, and 11, 2017.  The Court
ordered the government to provide certain materials only during the first two (2) days (Docs.
1160, 1161).

counsel Donavon Roberts, and Shauna Gutierrez, through counsel Angela Arellanes, respectfully

moves this Court for an Order to Show Cause requiring the government to disclose and/or act

pursuant to the Court's oral orders during the May 9-11, 2017 hearings in this case.   In support

of this Motion, defendants respectfully state:

## PROCEDURAL BACKGROUND

In the Second Superseding Indictment, Mr. Garcia, along with multiple codefendants, is

charged with being a member of the Syndicato de Nuevo Mexico ("SNM") gang.  Mr. Garcia is

alleged to have committed two counts of Violent Crimes in Aid of Racketeering (Conspiracy to

Murder) in Violation of 18 U.S.C. § 1959(a)(5) (Doc. 949, Count 10).  Mr. Garcia was also

charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and

Using and Carry a Firearm During and in Relation to a Crime of Violence in violation of 18

U.S.C. § 924(c) (Doc. 949, Counts 11 and 12).  This case was ordered complex on January 11,

2016 (Docs. 210, 211).

On May 9 -11, 2017, this Honorable Court held hearings on pending motions in this case.

(Docs. 1160, 1161, 1162).


## LAW REGARDING THE PARTIES' OBLIGATIONS TO ABIDE BY A
## DISTRICT COURT ORDER

The obligation of attorneys for the government to comply and follow the Court's orders is

built into the language of the rules and regulations of criminal proceedings. Federal Rule of

Criminal Procedure 16(a)(1)(A) through (G) uses mandatory language "must" requiring the

government to disclose evidence requested by the defendant. Fed. R. Crim. P. 16. Rule 16.1 uses

mandatory language with respect to a Standard Discovery Order issued by the Court by stating

the parties "will comply."  D.N.M.LR-Cr. 16.1.

Rule 16(d)(2) permits the court to regulate discovery should a party fail to comply with

the rule. Rule 16(d)(2) states:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place,
> and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Rule 57.2 states attorneys will comply Rules of Professional Conduct adopted by

the Supreme Court of the State of New Mexico. D.N.M.LR-Cr. 57.2. Rule 16-308 of

New Mexico Rules of Professional Conduct addresses the special responsibilities

required of prosecutors.

> **The prosecutor in a criminal case shall**:
>
> D.   make timely disclosure to the defense of all evidence or information
> known to the prosecutor that tends to negate the guilt of the accused or mitigates
> the offense, and, in connection with sentencing, disclose to the defense and to the
> tribunal all unprivileged mitigating information known to the prosecutor, except
> when the prosecutor is relieved of this responsibility by a protective order of the
> tribunal . . .
> G.   **promptly disclose** new, credible and material evidence that creates a
> reasonable likelihood that a convicted defendant did not commit an offense of
> which the defendant was convicted. Such evidence shall be disclosed in writing
> when it becomes known to the prosecutor, absent court authorization otherwise. If
> the defendant is unrepresented, the prosecutor shall inform a person reasonably
> certain to inform the defendant or take appropriate action.

Rule 16-608 NMRA of the Rules of Professional Conduct (emphasis added).

Also, in a Memorandum issued by the Department of Justice giving guidance to

prosecutors in criminal discovery, Deputy Attorney General Ogden states:

> Prosecutors should consult the local discovery rules for the district in which a case
> has been indicted. Many districts have broad, automatic discovery rules that require
> Rule 16 materials to be produced without a request by the defendant and within a
> specified time frame, unless a court order has been entered delaying discovery, as
> is common in complex cases. Prosecutors must comply with these local rules,
> applicable case law, and any final court order regarding discovery. In the absence

of guidance from such local rules or court orders, prosecutors should consider making Rule 16 materials available as soon as is reasonably practical but must make disclosure no later than a reasonable time before trial . . . Discovery obligations are continuing, and prosecutors should always be alert to developments occurring up to and through trial of the case that may impact their discovery obligations and require disclosure of information that was previously not disclosed . . . Compliance with discovery obligations is important for a number of reasons. First and foremost, however, such compliance will facilitate a fair and just result in every case, which is the Department's singular goal in pursuing a criminal prosecution.

*See* Deputy Attorney General David W. Ogden, Memorandum for Department of

Prosecutors, Department of Justice Archives,

https://www.justice.gov/archives/dag/memorandum-department-prosecutors; Exh. 1.

The government's duty to comply with the District Court's order to disclose evidence and

discovery is a basic and standard premise which allows criminal proceedings to operate

smoothly.

### GOVERNMENT'S DISCOVERY OBLIGATIONS ORDERED BY JUDGE BROWNING DURING THE MAY 9-10, 2017 HEARINGS

During the May 9 -10, 2017 hearings, the Court ordered that the following be produced . . .

Tr. 5/9/17, 5/10/17 (Docs. 1160, 1161).

• Review/Disclose Brady, Giglio, Rule 16 written and recorded statements re allegations in

Counts 6 & 7 made by Timothy Martinez, Jerry Armenta, and Jerry Montoya (Tr. 5/9/17, 203:1-

8) by June 9, 2017 (Tr. 5/9/17, 215:1-9).  The government produced these ordered documents in

the productions titled, "Armenta – DeLeon 28242; dated June 16, 2017, and DeLeon 22113-

22114," dated May 23, 2017.

• Disclose plea addenda for Timothy Martinez, Jerry Armenta, and Jerry Montoya

(Tr. 215:20-25) to all relevant defendants in 14 days (Tr. 5/9/17, 232:10-25, 226:1-8).  The

government produced these ordered documents in the productions titled, "Timothy Martinez –

DeLeon 22127-22128;" and in "Jerry Armenta - DeLeon 22113-22114;" and "Jerry Montoya - DeLeon 22129-22130," all dated March 22, 2017.

- Review/Disclose FBI 302s, law enforcement notes pertaining to Timothy Martinez, Jerry Armenta, and Jerry Montoya (Tr. 5/9/17, 234:2-4) (235:7-24). The government produced these ordered documents in the productions titled, "Timothy Martinez – DeLeon 22127-22128 (Exhibit A)," dated March 22, 2017; "Armenta – DeLeon 28242," dated June 16, 2017; "DeLeon 2249-2253," dated March 25, 2017; "Montoya – Deleon 26520-26526," dated June 16, 2017; and "DeLeon 20595-20596," dated March 10, 2017.

- Preserve law enforcement rough interview notes (Tr. 5/9/17, 236:1-18).

- Provide written response regarding 10 discs observed but not reviewed during SNMCF evidence viewing within 10 days including Bates numbers if already produced. If new evidence, produce within 14 days. (Tr. 5/9/17, 241:2-6, 241:16-22).

- Provide written confirmation that no additional physical evidence exists within 10 days, not to be construed as ground for exclusion (Tr. 5/9/17, 246:15-25, 249:20-25).

- Defense granted permission to handle physical evidence in presence of non-party NMSP evidence tech (Tr. 5/9/17, 250:12-22, 252:20-25).

- AUSA Beck agrees to provide date of Perez/Cordova recording redacted from the transcript (Tr. 5/9/17, 262:13-20).

- AUSA Armijo agrees to produce any transcripts not otherwise disclosed within 10 days (Tr. 5/9/17, 264:5-6, 265:1-4).

- Review/Disclose Brady, Giglio, Rule 16 notes of CHS law enforcement handlers within 14 days (Tr. 5/10/17, 4:17-20, 5:25, 6:1-2).

- Review/Disclose Brady, Giglio, Rule 16 of documentation/correspondence between FBI, STIU, and NMCD regarding Billy Cordova and the possession of contraband such as phones and recording devices within 14 days (Tr. 5/10/17, 6:9-15, 10:1-11).

- AUSA Beck agrees to provide Billy Cordova's Pen Pack and STIU file (Tr. 5/10/17, 10:13-21, 12:1-8).  The government produced these ordered documents in the production titled, "DeLeon 23142-23215," dated May 23, 2017.

- AUSA Beck agrees that if the government obtains it, the government will produce NMCD's internal affairs investigation to attorneys Nate Chambers, and Cori Harbor-Valdez (Tr. 5/10/17, 48:3-8, 49:20-24, 50:2).

- Review/Disclose Brady, Giglio, Rule 16 grand jury transcripts related to Counts 4 & 5 (Tr. 5/10/17, 94:17-25, 105:2-8).

- AUSA Beck agrees, and Judge Browning orders disclosure of specific informant medical/psych records for Teri and Marc (Tr. 5/10/17, 146:3-9).

- AUSA Beck agrees to produce defendant Baca's prison calls and visitor logs at the Dona Ana County Detention Center from 2/1/2015 – 9/14/2016 (Tr. 5/10/17, 146:11-14, 147:3-4).

- AUSA Beck agrees to produce tangible evidence or materials collected during searches of defendant Baca's cells and all documents related to the collection of that evidence or material while Baca was incarcerated in the NMCD (Tr. 5/10/17 *see generally* 148-149).  The government produced these ordered documents in the productions titled, "Deleon 27757-27864," dated June 16, 2017.

- AUSA Beck agrees to send letters to Teresa Duncan, Justine Fox-Young, and the Court regarding whether the CHSs' recording devices contained metadata (Tr. 5/10/17 153:3-8, 153:23).

- AUSA Beck agrees to produce photographs from cell phones that the government provided to informants, if in the possession of the government (Tr. 5/10/17 154:20-25, 155:1-8).

- AUSA Beck agrees to permit defense experts conduct physical review of cell phones in the possession of the government or put in writing that the phones are not in the government's possession (Tr. 5/10/17, 155:11-21).

- Review/Disclose Brady, Giglio, and Rule 16 evidence regarding NMCD Secretary Marcantel's statements to A&E Rookie of the Year or NMCD following the Molina murder and Anthony Baca's move out of the state (Tr. 5/10/17, 163:7-14).  Government to provide whether the statements were recorded by NMCD. AUSA Beck agrees to confer with NMCD regarding whether NMCD recorded the statements and let Theresa Duncan know (*Id.* at 167:1-8).

## <u>CONCLUSION</u>

The defendants have been careful to review the government's propounded discovery to ascertain whether it has abided by the District Court's orders from May 9-10, 2017.  Only the items detailed above have been produced.

Due to the nature of this motion, it is deemed the government is opposed.  All defendants that have not joined this motion do no not oppose.

Wherefore, Christopher Garcia and joining defendants respectfully request that this Court issue an Order to Show Cause and ascertain why the Government has not yet abided by the Court's oral orders during the May 9-10, 2017 hearings.

Respectfully submitted,


    /s
_____
**Amy Sirignano**
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
Fax: (505) 242-2774
Email: amy@abqnmlaw.com


    /s
_____
**Christopher W. Adams**
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
Fax:(877) 883-9114
Email: chris@chrisadamslaw.com


Co-counsel for Christopher Garcia


    /s
_____
**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com


    /s
_____
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com


Co-counsel for Joe Lawrence Gallegos

_____/s_____

**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net

_____/s_____

**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com

Co-counsel for Edward Troup

_____/s_____

**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com

_____/s_____

**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102
505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com

Co-counsel for Billy Garcia

_____/s_____

**Jeffrey C. Lahann**
665 E. University Ave. #2A
Las Cruces, NM 88005
575-523-4394
Fax: 1-888-694-7241

Email: jeff@lahannlaw.com

Counsel for Allen Patterson

_____/s_____
**Orlando Mondragon**
1028 Rio Grande
El Paso, TX 79902
Phone: 915-566-8181
Fax: 915-566-9696
Email: mondragonom@gmail.com

_____/s_____
**John L. Granberg**
Granberg Law Office
310 N. Mesa Suite 424
El Paso, TX 79901
Phone: (915) 543-9000
Fax: (915) 543-3201
Email: granberglawoffice@yahoo.com

Co-counsel for Christopher Chavez

_____/s_____
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com

_____/s_____
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net

Co-counsel Arturo Arnulfo Garcia

_____/s_____
**Santiago David Hernandez**
Law Office of Santiago D. Hernandez
1219 E. Missouri

El Paso, TX 79902
Phone: 915-351-4300
Fax: 915-351-4372
Email: santilawyer@gmail.com

_____/s_____
**Steven M Potolsky**
PO Box 50973
Jacksonville Beach, FL 32250
Phone: 305-335-5539
Fax: 305-358-5917
Email: stevepo@bellsouth.net

Co-counsel for Mario Rodriguez

_____/s_____
**Mary Stillinger**
4911 Alameda Ave
El Paso, TX 79905
Phone:(915)775-0705
Fax:(915)886-7178
Email: stillingerlaw@sbcglobal.net

_____/s_____
**Michael David Lindsey**
David Lindsey, Attorney
7887 East Bellview Avenue Suite 1100
 Engelwood, CO 80111
Phone: 303-228-2270
Fax: 303-228-2271
Email: david@mdavidlindsey.com

Co-counsel for Mauricio Varela

_____/s_____
**Amy E. Jacks**
Law Office of Amy E. Jacks
315 E. 8th St. #801
Los Angeles, CA 90014
Phone: 213-489-9025
Fax: 213-489-9027
Email: amyejacks@sbcglobal.net

_____/s_____

**Richard Jewkes**
Richard Jewkes
701 N. Saint Vrain St
El Paso, TX 79902
Phone: (915) 534-7400
Fax:(915) 534-7407
Email: richardjewkes@sbcglobal.net

Co-counsel for Daniel Sanchez


_____/s_____

**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
Phone:(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com


_____/s_____

**Theresa M Duncan**
Duncan Earnest LLC
515 Granite NW, Albuquerque, NM 87102
Phone: 505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com

Co-counsel for Anthony Ray Baca


_____/s_____

**Michael V Davis**
Michael V. Davis, Attorney & Counselor at Law,
P.C.
Post Office Box 3748
3949 Corrales Road, Suite 130
Corrales, NM 87048
Phone: (505) 242-5979
Fax: 505-899-3103
Email: mdavis@swcp.com


_____/s_____

**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
925 Luna Cir NW

Albuquerque, NM 87102
Phone: 505-508-5589
Email: carey@bhallalaw.com

Co-counsel for Carlos Herrera

_____/s_____
**Justine Fox-Young**
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
Phone: 505-796-8268
Email: justine@foxyounglaw.com

_____/s_____
**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Phone: (505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com

Co-counsel for Rudy Perez

_____/s_____
**Donavon A. Roberts**
PO Box 36344
Albuquerque, NM 87176-6344
Phone: 505-506-3749
Fax: 505-503-8405
Email: ladar170@aim.com

Counsel for Andrew Gallegos

_____/s_____
**Angela Arellanes**
PO Box 1784
Albuquerque, NM 87103
505-247-2417
Fax: 505-242-1878
Email: arellanesattorney@yahoo.com

Counsel for Shauna Gutierrez

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing
pleading was sent via the Court's CM/ECF
system to opposing counsel, AUSAs Maria
Armijo, Randy Castellano, and Matthew
Beck, this 13th day of October 2017.

_____/s_____
Amy Sirignano, Esq.