IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.   NO. 15-CR-4268-JB

CHRISTOPHER GARCIA,

        Defendant.

### REPLY TO GOVERNMENT'S RESPONSE (DOC. 1278) TO OPPOSED MOTION TO CONTINUE THE DEFENDANT'S DEADLINE TO FILE FED. R. CRIM. PROC. 16 MOTIONS (DOC. 1258)

COMES NOW, defendant Christopher Garcia, by and through CJA counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC, and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, and joined by Joe Gallegos through co-counsel Brock Benjamin, and Rick Sindel, and Edward Troup, through co-counsel, Cori Harbour-Valdez, and Pat Burke, and Billy Garcia, through co-counsel Robert Cooper, and Jim Castle, and Arturo Arnulfo Garcia, through co-counsel Billy Blackburn, and Scott Davidson, and Anthony Ray Baca, through co-counsel Marc Lowry, and Theresa Duncan, and Carlos Herrera, through co-counsel Michael Davis, and Carey Bhalla, and Rudy Perez, through co-counsel Ryan Villa, and Justine Fox-Young, respectfully and in support of the defendant's Opposed Motion to Continue the defendant's Rule 16 motion deadline (Doc. 1258) and in reply to the government's response (Doc. 1278) to defendant's opposed motion to continue the deadline to file Federal Rule of Criminal Procedure 16 Motions (Docs. 1258, 1241, 1205), states the following:

1.      The Court set a Fourth Scheduling Order in this case for all parties on July 7, 2017. *See* Doc. 1205. Rule 16 Motions were due on September 1, 2017. *See* Doc. 1205, ¶ 2.

2.      On August 31, 2017, attorney Ryan Villa, on behalf of *all defendants* filed an Unopposed Motion to Extend Time to File Motions Pursuant to Rule 16. *See* Doc. 1241 (emphasis added). "Defendants have several outstanding discovery requests to the United States. The United States and Defendants are working to resolve these disputes . . ." *Id*. ¶ 2. "Accordingly, Defendants request a two-week extension of the September 1, 2017 deadline to file motions pursuant to Rule 16, including motions to compel. The new deadline would be September 15, 2017. Responses would then be due September 29, 2017, and replies, if any, October 13, 2017." *Id.* at ¶ 7. The government did not oppose this request for all "remaining Defendants." *Id.* at ¶ 8.

3.      In an abundance of caution, since the Court did not yet order the unopposed continuance, counsel for Mr. Garcia, on the evening of September 15, 2017, filed a joinder to Mr. Villa's Unopposed motion to Extend. (Doc. 1256). Counsel for Mr. Garcia chose to do so, but didn't need to, since Mr. Villa's motion covered all "remaining defendants." *See* Doc. 1241, ¶ 8.

4.      Accordingly, that same evening, counsel for Mr. Garcia filed an Opposed Motion to Continue the September 15, 2017 deadline to file Rule 16 motions. (Doc. 1258). It was filed opposed since it was after hours and the government did not respond to defense counsel's email. *Id.* ¶ 2.

5.      Counsel's basis for the short extension was because it was awaiting additional information from its potential expert witnesses. *Id.* at ¶ 1.

6.      On September 18, 2017, the Court granted Mr. Villa's Motion for Extension of time to File Motions Pursuant to Rule 16, *for all defendants*. (Doc. 1261) (emphasis added).

7. Mr. Garcia filed two Rule 16 Motions, with many joining defendants. *See* Motion to Compel Discovery and Inspection of Documents and Physical Evidence Pursuant to Rule 16 "Enterprise Discovery Motion" (Doc. 1267), filed September 19, 2017, and the Sealed Opposed Motion to Compel Disclosure of Discovery Materials Pursuant to Rule 16 (Doc. 1270), filed September 22, 2017. These motions were filed as quickly as possible as it was very difficult getting multiple defendants' positions, including joinders to the motions.

8. The government responded to Doc. 1256 (Mr. Garcia's redundant joinder to Mr. Villas' Continuance Motion (Doc. 1241), and Ms. Sirignano's Opposed Motion to Continue the September 15, 2017 Rule 16 deadline (Doc. 1258)), by filing United States' Response in Opposition to Defendant Christopher Garcia's Notice of Joinder to Unopposed Motion to Extend Time to File Motions Pursuant to Rule 16 [Doc. 1256] and to Defendant's Opposed Motion to Continue the Defendant's Deadline to File Fed. R. Crim. Proc. 16 Motions [Doc. 1258], on September 29, 2017. (Doc. 1278).

9. The government takes the position that counsel's motions were late and not properly joined. *See* Doc. 1278. As stated previously, counsel for Mr. Garcia did not need to file the joinder, (Doc. 1256) to Mr. Villa's Motion to Continue, as his motion to extend was for all defendants, and the Court ordered as such. *See* Docs. 1241, 1261.

10. The government also complains that the substantive discovery motions, (Docs. 1267 and 1270) are "overly-broad, unduly burdensome, and improper discovery requests." *See* Doc. 1278 p.1-2. Without any authority for that proposition, it delves into its own "revisionist history" regarding Mr. Garcia's related case, *United States v. Christopher Garcia*, 15-CR-4275

*See* Doc. 1275, p. 2.¹  Counsel for Mr. Garcia did not send any formal discovery letter in this case, as its last defense discovery letters in 15-CR-4275 were neither acknowledged or responded

---

¹ Without getting too far afield of arguing the substance of a Rule 16 motion, and why the government's responses are needed for both defendants' discovery motions (Docs. 1267, 1270) – defense counsel's recollection differs greatly from the government's recitation, (Doc. 1278, p. 2). Counsel for Mr. Garcia's Motions are "not a waste of time," as he and many joining defendants are facing the rest of their life in prison. *Id.*

The Transcript of April 14, 2017 Hearing, Rule 16 Motion (15-CR-4275, Doc. 255), tells a different story:
"MS. SIRIGNANO: I guess what I'm hearing from the Government is that they made these inquiries. And I'm very happy that they made these inquiries. But the fact remains Ms. Armijo doesn't know what she has discovered, or what she hasn't discovered.  And it's not to my liking, Your Honor.  This is something that's required under Rule 16 and Brady, if there is Brady materials that are in there.  And unfortunately, the Government really hasn't made an effort to know what it has disclosed and what it hasn't disclosed.
MS. ARMIJO: I have an entire discovery notebook here. And if you want to sit down and go through it, we can." (15-CR-4275, Doc. 255, p. 30, lns. 12-25).
"THE COURT: Well, Ms. Armijo, with all due respect, you probably need to know what you've produced. This is the hearing. We're not going to sit down and go through a notebook. You need to stand here and tell me what you've produced. You've got this motion in front of you. You need to tell me what you produced and what you haven't produced. Not tell me we need to sit down and look at a notebook. This is a federal court hearing, it's this Friday, on a motion that's been pending since February. So, you tell me you produced it or I'm going to order you to produce it. If you haven't produced it -- if you don't know, I'm going to start ordering you to produce it."  (15-CR-4275, Doc. 255, p. 31, lns. 1-14).
"MS. ARMIJO: We have produced everything that they are telling us that they have on the items.  We have produced --
THE COURT: I don't know what that means.  I have no idea what that sentence means.
MS. ARMIJO: Well, I could get all the printouts.
THE COURT: What do you mean by that sentence?
MS. ARMIJO: What I did was I contacted the labs and I said -- and the case agent, and I said, 'I need all the chains of custody.'
THE COURT: That's -- okay.
MS. ARMIJO: And we received them all.
THE COURT: You can represent to me that every law enforcement agency that's touched this has produced every chain of custody, and it's in their possession? You can represent that to me?
MS. ARMIJO: I can represent that I made that request.
THE COURT: No, that's not what I asked.
MS. ARMIJO: And that I received everything, and that I looked through, when I was going through, and saw that there [were] items, such as --
THE COURT: That's not my question. Can you represent that BCSO and every law enforcement that's touched these drugs has produced every chain of custody?

to by the government, until the defendant filed a discovery motion, months later. *See* Transcript of April 14, 2017 Hearing, Rule 16 Motion, 15-CR-4275, Doc. 255, p. 26, lns. 2-14. Furthermore, Mr. Garcia never abandoned *any discovery request* in 15-CR-4275, as the Court filed its Memorandum Opinion and Order and the parties reached a plea agreement before an Amended Motion to Compel Discovery was filed in 15-CR-4275. *See* Docs. 252 (Memorandum Opinion and Order), 294 (Plea Agreement). Despite the government's erroneous position regarding Mr. Garcia's extensive discovery requests in that related case, 15-CR-4275, the District Court allowed the defense to file a Supplemental or Amended Discovery Motion after Ms. Janine Arvizu testified. *See* 15-CR-4275, Doc. 255, p. 139, lns. 10-17.

11. Counsel for Mr. Garcia and joining defendants have been diligently filing motions and preparing for trial. Counsel for Mr. Garcia did her best to reach out to the government to gets its position on a Motion to Continue the Rule 16 deadline when she realized the defense needed more time. Counsel for Mr. Garcia also filed an additional, and unnecessary joinder to make sure the timing was correct in this case – and requesting additional time since the trial in this matter is scheduled for January 2018. Ms. Sirignano received no response from the government the morning after the late evening request to continue.

12. The government has suffered no prejudice by Mr. Garcia's and joining co-counsel's filings. The defendants request that the Court order the government to respond to the substance of the defendants' Rule 16 motions, Doc. 1267 and Doc. 1270 in a timely fashion. If these motions require additional time for the government to respond, defendant Garcia and the joined co-defendants are happy to provide it that professional courtesy. Especially since the

---

MS. ARMIJO: I believe so. But I will go back and check, Your Honor.
THE COURT: Well, I'm entering a court order that you get all that stuff to them.
MS. SIRIGNANO: Thank you, Your Honor." (15-CR-4275, Doc. 255, p. 31, lns. 15-25; p. 32, lns. 1-23).

parties do not have any Court-opposed deadlines or hearings to consider. *See generally United States v. Gonzalez*, No. CR 12-0128 JB, 81 F.Supp.3d 1212 (D.N.M. 2015) (addressing the Tenth Circuit standard for R. 12 pretrial motions, similar to R. 16 pretrial motions, finding no prejudice to the government's ability to prepare for trial).

For the foregoing reasons, Mr. Garcia and joined co-defendants respectfully request that the Court enter an Order Continuing the September 15, 2017 deadline to file Federal Rule of Criminal Procedure 16 Motions, and also order the government to timely respond to the defendant's substantive Rule 16 motions, Doc. 1267 and 1270.

Respectfully submitted,

/s  
**Amy Sirignano**  
Law Office of Amy Sirignano, PC  
5901J Wyoming Blvd. NE #250  
Albuquerque, NM  87109  
(505) 242-2770  
Fax: (505) 242-2774  
Email: amy@abqnmlaw.com

/s  
**Christopher W. Adams**  
The Law Office of Christopher W. Adams, PC  
102 Broad Street, Suite C  
Charleston, SC 29401  
(843) 577-2153  
Fax:(877) 883-9114  
Email: chris@chrisadamslaw.com

Co-counsel for Christopher Garcia

/s  
**Brock Benjamin**  
Benjamin Law Firm  
747 E. San Antonio, Suite 203  
El Paso, TX 79901  
Phone:(915)412-5858  
Fax:(915)503-2224

Email: brock@brockmorganbenjamin.com

\_\_\_\_/s\_\_\_\_
**Richard Sindel**
Sindel, Sindel & Noble, P.C.
8000 Maryland Avenue, Suite 350
Clayton, MO 63105
Phone: (314) 721-6040
Fax: (314) 721-8545
Email: rsindel@sindellaw.com

Co-counsel for Joe Lawrence Gallegos

\_\_\_\_/s\_\_\_\_
**Cori Ann Harbour-Valdez**
The Harbour Law Firm, PC
PO Box 13268
El Paso, TX 79913
Phone: 915-544-7600
Fax: 915-975-8036
Email: cori@harbourlaw.net

\_\_\_\_/s\_\_\_\_
**Patrick J. Burke**
Patrick J. Burke, PC
999 18th Street, Suite 2055
Denver, CO 80202
Phone: 303-825-3050
Fax: 303-825-2992
Email: patrick-j-burke@msn.com

Co-counsel for Edward Troup

\_\_\_\_/s\_\_\_\_
**James A. Castle**
Castle & Castle, P.C.
1544 Race Street
Denver, CO 80206
(303) 675-0500
Fax: (303) 329-5500
Email: JCastlelaw@gmail.com

\_\_\_\_/s\_\_\_\_
**Robert R. Cooper**
1011 Lomas Blvd NW
Albuquerque, NM 87102

505-842-8494
Fax: (505) 243-6279
Email: bob@rrcooper.com

Co-counsel for Billy Garcia


   /s
**Billy R. Blackburn**
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Phone: 505-242-1600
Fax: 505-243-6279
Email: Billy@BBlackburnlaw.com

   /s
**Scott Moran Davidson**
1011 Lomas Boulevard NW
Albuquerque, NM 87102
Phone: 505-255-9084
Fax: 505-243-6279
Email: scott@justappeals.net

Co-counsel Arturo Arnulfo Garcia

   /s
**Marc M Lowry**
Rothstein Donatelli LLP
500 4th Street N.W. Suite 400
Albuquerque, NM 87102
Phone:(505) 243-1443
Fax: (505) 242-7845
Email: mlowry@rothsteinlaw.com

   /s
**Theresa M Duncan**
Duncan Earnest LLC
515 Granite NW, Albuquerque, NM 87102
Phone: 505-842-5196
Fax: 505-750-9780
Email: teri@duncanearnest.com

Co-counsel for Anthony Ray Baca

      /s
**Michael V Davis**
Michael V. Davis, Attorney & Counselor at Law, P.C.
Post Office Box 3748
3949 Corrales Road, Suite 130
Corrales, NM 87048
Phone: (505) 242-5979
Fax: 505-899-3103
Email: mdavis@swcp.com

      /s
**Carey Corlew Bhalla**
Law Office of Carey C. Bhalla LLC
925 Luna Cir NW
Albuquerque, NM 87102
Phone: 505-508-5589
Email: carey@bhallalaw.com

Co-counsel for Carlos Herrera

      /s
**Justine Fox-Young**
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112
Phone: 505-796-8268
Email: justine@foxyounglaw.com

      /s
**Ryan J Villa**
2501 Rio Grande Blvd NW Suite A
Albuquerque, NM 87104
Phone: (505) 639-5709
Fax: 505-433-5812
Email: ryan@rjvlawfirm.com

Co-counsel for Rudy Perez

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system to opposing counsel, AUSAs Maria Armijo, Randy Castellano, and Matthew Beck, this 13th day of October 2017.

　　/s/　　　　　　　　　　　
Amy Sirignano, Esq.