IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO.   15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR DESIGNATION OF EVIDENCE BY THE
GOVERNMENT PURSUANT TO RULE 12(b)(4)(B) (DOC. 1281)**

The United States hereby responds in opposition to Defendant Christopher Garcia,

Edward Troup, Arturo Arnulfo Garcia, Carlos Herrera, Daniel Sanchez, Chris Chavez, Rudy

Perez, Billy Garcia, Joe Gallegos, Mario Rodriguez, and Mauricio Varela (Defendants)

"Opposed Motion for Designation of Evidence by the Government Pursuant to Rule 12(b)(4)(B)"

(Doc. 1281).

Defendants demands the government immediately designate any and all evidence that the

government intends to use in the prosecution of Defendants.   Doc. 1281 at 1.   While Federal

Rule of Criminal Procedure 12(b)(4)(B) discusses a defendant's opportunity to receive notice of

the government's intended trial evidence upon the defense's request, this rule only pertains to the

evidence the government would seek to use in its case-in-chief.   *See* Fed. R. Crim. P.

12(b)(4)(B).   Despite the clear parameters of this rule, Defendants seeks to move beyond its

language and demands that the government provide notice of evidence it plans to use to in its

rebuttal case, as well.   Doc. 1281 at 8.   The United States opposes this expansion of Rule

12(b)(4)(B). This is a clear misreading and abuse of the rule, and is also moot due to the fact that Defendant has already engaged in extensive motions practice.

This issue has been addressed previously in this district.   In *United States v. Lujan*, Judge Brack held that reading Rule 12(b)(4)(B) as requiring some sort of *de facto* exhibit list by the government, would constitute an unreasonable expansion of the rule.   530 F. Supp.2d 1224, 1246 (D.N.M. 2008).   As Judge Brack noted, the purpose of the rule was not to reveal the government's trial strategy, but merely to provide the defendant with sufficient information to file necessary suppression motions.   *Id*.   Judge Brack ultimately held that in order to comply with Rule 12(b)(4)(B), the United States should inform the defense of any evidence derived from a warrantless search and seizure that it did *not* intend to introduce into evidence at trial.   *Id*. Moreover, and particularly relevant here, the Court explicitly rejected the defense's demand for notice of the evidence that the government planned to use in rebuttal.   *Id*.   As the Court correctly noted, "Rule 12(b)(4)(B) expressly limits the notice to evidence in the government's evidence-in-chief at trial."   *Id*. (citations omitted).   In reaching this conclusion, the Court noted the lack of authority provided by the defense that would entitle them to such notice of rebuttal evidence, and instead looked to countervailing authority that would indicate such notice is not required.   *Id*. at 1246-47 (citing *United States v. Anderson*, 416 F. Supp.2d 110, 112 n.1 (D.D.C. 2006) and *United States v. Bridges*, 2006 WL 3716653 at *6 (E.D. Tenn. Dec. 14, 2006) (unpublished)).

Judge Brack's reasoned approach to Rule 12(b)(4)(B) was subsequently adopted in *United States v. McClusky*, 10-CR-2734 JCH.   The Court noted that "the clear purpose of Rule (b)(4)(B) is to provide [a defendant] with sufficient information to enable [him] to file only

2

germane motions to suppress, but is not intended to provide him with access to the Government's trial strategy.   Doc. 446 at 29 (citing *United States v. Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995)).   As such, the Court rejected the defense's argument that Rule 12(b)(4)(B) obligated the government to provide notice of the evidence it planned to introduce at trial.   *Id* at 29-30. Instead, the Court held that the United States should provide notice of the evidence it did not plan on introducing in its case-in-chief.   *Id*.

Judge Herrera addressed this issue in a similar motion filed by this defense counsel in *United States v. Moya*.   15-CR-01889 JCH.   Judge Herrera opted for the same moderate approach of *Lujan* and *McCluskey*, requiring notice of only what the Government did not intend to use and limiting it to only the Government's case-in-chief.   *Id.* at 3.   Judge Herrera found that the purpose of Rule 12(b)(4)(B) was "to provide the Defendant with sufficient information to enable him to file only germane motions to suppress, but is not intended to provide access to the Government's trial strategy." *Id.*

The United States would urge the Court to follow such a measured course in the instant case.   Trial preparation, as this Court is no doubt aware, is an ongoing and ever-shifting process. Assessments as to what physical evidence, witnesses, and exhibits will be used at trial is in constant flux and simply cannot be determined with absolute specificity weeks or months before the actual trial date.   The rule itself, as well as the interpretation of it, is meant to aid pretrial planning and motions practice, and not convey any sort of substantive right.   *United States v. El-Silimy*, 228 F.R.D. 52, 56-57 (D. Me. 2005) (emphasizing that Rule 12(b)(4)(B) was not meant to allow a defendant to force the government to decide precisely what evidence it planned to introduce at trial).

For these reasons, the United States respectfully requests this Court deny Defendants'

Motion for Notice by the Government Pursuant to Rule 12(b)(4)(B).

Respectfully submitted,
JAMES D. TIERNEY
Acting United States Attorney

***Electronically Filed 10/16/2017***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 - Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record.

_____/s/_____
MARIA Y. ARMIJO
Assistant United States Attorney