## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       Plaintiff,

**vs.**                                    No. 2:15-cr-04268-JB

**ANGEL DELEON, et al.,**

       Defendants.

### MOTION FOR STATEWIDE JURY POOL AND SUPPLEMENTAL JURY QUESTIONNAIRE

Defendant Perez, by his counsel, joined by Defendants Joe Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Garcia, Daniel Sanchez, Anthony Baca, Christopher Garcia, Carlos Herrera, Andrew Gallegos and Shauna Gutierrez, hereby request the Court provide a statewide jury pool for jury selection in the trials of this matter and provide the Defendants' proposed supplemental jury questionnaire to all members of the pool for completion prior to voir dire.

### BACKGROUND

The factual and procedural background of this case generally is set forth in detail in this Court's Memorandum Opinion and Order (MOO), pp. 3-13, filed June 30, 2017 [Doc. 1204]. This motion concerns Defendants' request to have a statewide venire for jury selection and require each member of the venire to fill out Defendants' proposed jury questionnaire. Due to the numerous defendants, numerous locations of alleged incidents that give rise to the charge, widespread media coverage of the case and unique considerations underlying a VICAR trial involving alleged prison gang members, a statewide pool is appropriate.

The Court severed the Second Superseding Indictment for trial into two groups: 1.) Counts 6-12, and 2.) Counts 1-5 and 13-16.  MOO at 162, 218 [Doc. 1204].  Trial of Counts 6-12 is now scheduled to begin January 29, 2018 and for the second group, April 9, 2018.  *See* Fourth Scheduling Order [Doc. 1205]. The Court determined this severance was necessary because it was "convinced that a joint trial of nineteen Defendants runs the risk of preventing the jury from making a reliable judgment," MOO at 171, and due to the potential risk of prejudice.  MOO at 174.  The same considerations are applicable when considering the use of a supplemental questionnaire and comparing a geographically limited versus geographically diverse jury pool that must consider the multitude of facts, charges and players involved in each count.  Under the current jury plan, New Mexico is divided into two jury divisions, the Northern and Southern.  *See* **Exhibit 1**, Jury Division Map.  For cases held in Las Cruces, the jury pool is normally drawn from the Southern Division.

In its MOO the Court considered the Count 6 and 7 Defendants Motion to Sever [Doc. 807], along with several others.  In that Motion, Count 6 and 7 Defendants set forth the distinct geographical location for each alleged count, along with the different time periods within which the alleged crimes were committed and the different alleged participants.  Defendants incorporate this factual background as though set forth herein.  *See* Motion to Sever, pp. 4-7 [Doc. 807]; *see also* Supplement to Defendant Perez's Motion to Sever Counts 6 and 7 [Doc. 902-1] (powerpoint illustrating pertinent facts to each count).  With this information in mind, the Court set forth in its MOO the nature of each count.  MOO at 162-165.  The Court also recognized that "the nature of the Second Superseding Indictment's charges and allegations…suggest that SNM's criminal operations as a prison gang *throughout* New Mexico inherently requires that the SNM have different leaders at the different prisons who order criminal activities and sanction murder of

certain individuals….”  MOO at 181-182 (emphasis added).  Because the allegations in each of the two severed trials occurred throughout the State, Defendants request a statewide jury pool. Due to the nature of the charges in each severed trial, a supplemental jury questionnaire will be critical to determining appropriate jurors to hear the case.

Moreover, this case has been the subject of extensive media coverage.  In addition to the news coverage of key events in the case (such as the indictments, pleas of co-defendants, executions of warrants, and the like), the charges against the defendants were the subject of a television program about rookie correctional officers in New Mexico that aired in 2015 and 2016. *See* A&E Network, Behind Bars: Rookie Year, available at http://www.aetv.com/shows/behind-bars-rookie-year.  Indeed the last episode, which aired November 10, 2016, depicted the arrests of the defendants in this case.  *See* Behind Bars: Rookie Year: The Takedown, summary available at http://www.aetv.com/shows/behind-bars-rookie-year/season-2/episode-12 (“The war against the SNM reaches its climax and the rookies help put the final nail in the gang's coffin. Purto takes part in a surprise raid on SNM leaders and Javier conducts his first extraction…”).   The program depicted SNM members and the defendants in an incredibility negative and inculpating light.

Given the nature of the case, Defendants propose the attached supplemental jury questionnaire.  *See* **Exhibit 2**, Defendants' Proposed Jury Questionnaire. Defendants have provided it to the United States.  The United States indicates it is opposed to the questionnaire. The United States is also opposed to a statewide jury pool.

## ARGUMENT

**I.**    **The Court should provide Defendants with a statewide jury pool, rather than one from only the Southern division.**

A statewide jury pool is warranted in this case given the nature of the charges, the large amount of media attention the case has garnered, the risk of prejudice to Defendants from a non-

diverse jury pool, and the risk of not obtaining a jury pool that represents a fair cross-section of the community. "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C.A. § 1861. As an instrument of public justice, a "jury [must] be a body truly representative of the community." *Taylor v. Louisiana*, 419 U.S. 522, 527 (1975); *See United States v. Grisham*, 63 F.3d 1074, 1080 (11th Cir. 1995) (holding that "the Sixth Amendment does not entitle a federal criminal defendant to a jury summoned from a fair cross-section of the community immediately surrounding the place of the crime, but merely to a jury drawn from a fair cross-section of some previously defined geographical area within the boundaries of the judicial district in which the offense occurred").

This Court has previously ordered a statewide jury pool in complex cases as well as in high profile cases. For example, this Court ordered a statewide panel in *United States v. Robert Vigil* due to extensive pretrial publicity. *See* Memorandum Opinion [Dkt. 290] at 2, *United States v. Vigil*, Case No. 05-cr-2051-JB (filed Aug. 16, 2016) ("To empanel a fair and impartial jury, the Court summoned 1,200 jurors from a venire comprised of citizens from all three of the District's Petit Jury Divisions: (i) Albuquerque/Santa Fe; (ii) Las Cruces; and (iii) Roswell.")[1] In *United States v. McCluskey*, 10-cr-2734-JCH, the Court mailed availability and qualification questionnaires to a statewide venire of 1800 persons. *United States v. McCluskey*, 10-cr-2734-JCH, Doc. 453 (filed May 14, 2012). Given the extensive pretrial publicity in this case, and the

---

[1] At the time the Court issued its opinion in *Vigil*, the District Jury Plan divided the state into three divisions. The current jury plan, effective Oct. 27, 2015, creates two petit jury divisions: the Northern Division and the Southern Division. *See In the Matter of: Adoption of Court's Modified Jury Plan* [Dkt. 42] at ¶ 2(a), MISC No. 15-MC-04-42 (filed Oct. 27, 2015); **Exhibit 1**, attached, Map of Jury Divisions.

geographic diversity of the alleged events giving rise to the charges, a statewide panel is appropriate in this case for the same reasons as in *Vigil* and *McCluskey*.

More recently, in denying a defendant's request for a jury panel selected from a division different from the place of holding court, this Court nonetheless recognized its authority to order a statewide jury in high profile trials such as this one.  *See* Memorandum Opinion [Doc. 80] at 18-19, *United States v. Rodella*, 14-cr-02783-JB (filed Sept. 15, 2014).  As this Court noted, "it could be desirable sometimes to select a statewide venire when publicity on a case is intense. *One side should not be able to prohibit the Court from drawing a statewide venire.*"  *Id.* (emphasis added). In this case, the United States cannot prohibit the Court from drawing a statewide venire as necessary to protect the defendants' rights to a fair and impartial jury.

## II.    The Court should propound Defendants' proposed supplemental Jury Questionnaire.

"To be meaningful, the adequacy of voir dire examination must allow the defendant an opportunity to make reasonably intelligent use of his peremptory challenges and challenges for cause." *United States v. Sandoval*, No. 04-cv-2362-JB; 2006 WL 1304955, at *2 (D.N.M. Feb. 1, 2006) (citing *United States v. Rucker*, 557 F.2d 1046, 1049 (4th Cir.1977)).  "[V]oir dire is within the sound discretion of the trial court, and the court's exercise of that discretion will not be disturbed, absent a clear showing of abuse." *Id.* (quoting *United States v. Whitt*, 718 F.2d 1494, 1497 (1983) (citations omitted). This Court has recognized that it has broad discretion in overseeing and managing the jury selection procedure. *Id.* (quoting *United States v. Morris*, 623 F.2d 145, 151 (10th Cir. 1980).

This Court has noted that a juror questionnaire can be "a useful tool to more easily facilitate voir dire." *Lowery v. City of Albuquerque*, 09-cv-0457-JB-WDS; 2012 WL 1372273, at *5 (D.N.M. Apr. 11, 2012).   The Court has ordered prospective jurors to complete juror

questionnaires before voir dire as it found this would aid the Court and the parties in obtaining information that will be helpful for the exercise of early cause and peremptory challenges and reduce unnecessary questioning during in Court in voir dire. *Lowery,* 2012 WL 1372273, at *5 (quoting *Sandoval*, 2006 WL 1304955, at *3). In *Lowery*, the Court noted how the questionnaire "will aid judicial economy by allowing the Court to use the limited time available for voir dire to more fully explore any issues revealed within the questionnaires." *Id.* The questionnaire will aid the Court and the parties in more effectively determining the existence and substance of challenges for cause, as well as assisting the parties in the exercise of their peremptory challenges.

In *Sandoval*, this Court permitted a jury questionnaire over the government's objection in a child sex abuse case.  The Court reasoned:

> The proposed questionnaire will aid the Court and the parties in obtaining and receiving information that will be helpful for the exercise of early challenges for cause so that prospective jurors do not have to be subjected unnecessarily to questioning in Court in voir dire. The questionnaire will allow the prospective jurors the opportunity to retain some measure of privacy on the sensitive issues that arise in this case, such as sexual abuse, incest, gambling, and religious differences.
>
> The questionnaire will aid judicial economy by allowing the Court and the parties to use the often limited time available for voir dire to address more substantive matters. The questionnaire will also allow the prospective jurors to provide some information about necessary but more mundane lines of inquiry outside the courtroom, thereby relieving the Court of the need to convene to conduct questioning about such mundane matters. By addressing these mundane matters in the questionnaire, the Court will be able to use the time available for in person voir dire more efficiently. The questionnaire will aid the Court and the parties in more effectively determining the existence and substance of challenges for cause, and in exercising those challenges, as well as assisting the parties in determining and exercising peremptory challenges.

*Id.* at 3.  The same considerations are in play here.

Although the character and quality of charges is different than in *Sandoval*, given the allegations in this case, much more exacting jury questioning will be required to explore potential bias than in a normal, run-of-the-mill voir dire.  The allegations of VICAR murders, conspiracy to

commit murders, including the high-profile count of conspiracy to murder the Secretary of Corrections will raise significant emotions in jurors and require delving into matters that may be very sensitive and private.  As the Court recognized in *Sandoval*, a questionnaire can help jurors retain some privacy in answering questions of a sensitive nature.  A questionnaire is a far superior method to inquire into sensitive matters than voir dire in open court,.  Like in *Sandoval*, the proposed questionnaire will promote judicial economy during voir dire and help counsel for all parties identify peremptory and cause challenges.  Because there are five Defendants proceeding to trial in the Count 6 through 12 group, voir dire could take longer and engender more questioning of prospective jurors.  The proposed questionnaire will help streamline this process and limit the number of questions that need to be asked of each juror during voir dire.

## CONCLUSION

For the foregoing reasons, Defendant Perez, by his counsel, joined by Defendants Joe Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Garcia, Daniel Sanchez, Anthony Baca, Christopher Garcia, Carlos Herrera, Andrew Gallegos and Shauna Gutierrez, respectfully request the Court provide a statewide jury pool for jury selection in the trials of this matter and propound Defendants' proposed supplemental jury questionnaire.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

/s/ *Ryan J. Villa*
RYAN J. VILLA
Counsel for Defendant Perez
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

7

/s/ *Theresa Duncan*
THERESA DUNCAN
Counsel for Anthony Baca
515 Granite NW
Albuquerque, NM 87102
(505) 842-5196
teri@duncanearnest.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system on, this 6th day of November, 2017, which caused counsel of record for all parties to receive a copy of this Motion electronically.

*/s/ Ryan J. Villa*
Ryan J. Villa