IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGEL DELEON, et. Al. | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT DANIEL SANCHEZ'S MOTION TO COMPEL THE GOVERNMENT TO COMPLY WITH RULE 16 IN NOTICING ITS INTENT TO RELY ON GANG EXPERT WITNESS TESTIMONY OR, IN THE ALTERNATIVE, TO EXCLUDE THE GOVERNMENT'S GANG EXPERT WITNESSES ALTOGETHER [DOC. 1345]**

Defendant Daniel Sanchez filed his Motion To Compel The Government To Comply With Rule 16 In Noticing Its Intent To Rely On Gang Expert Witness Testimony Or, In The Alternative, To Exclude The Government's Gang Expert Witnesses Altogether [Doc. 1345] ("Motion to Compel") moving the Court to "compel the government to comply with Rule 16 in noticing its intent to rely on gang expert witness testimony, or to exclude the government's gang expert witnesses, altogether." Motion to Compel at 1. But Rule 16 of the Federal Rules of Criminal Procedure doesn't require a "comprehensive disclosure." Rather, the rule's language requires a written summary of the expert's opinions, the bases and reasons for the opinions, and the qualifications. And commentary and case law that discusses this rule makes clear that, in the criminal context, as opposed to the civil context, the United States' Expert Notice meets Rule 16's requirements. Moreover, to the extent that the Court concludes that the Expert Notice is somehow deficient, which it should not, case law supports that the Court should provide the United States time to comply, or impose a much lesser sanction than exclusion. For these

reasons, the Court should deny the Motion to Compel.

## BACKGROUND

The Indictment in this case charged Sanchez and additional defendants with violent crimes in aid of racketeering (VICAR), including charges that, in relation to Sanchez's membership in or association with the SNM prison gang, he conspired to murder, and murdered -- or aided and abetted the murder of – Javier Molina (J.M.). Because Sanchez is charged with VICAR, in addition to proving that Sanchez murdered (or aided and abetted) and conspired to murder J.M., the United States must prove that an enterprise existed at the time and that the J.M. assault was related to the enterprise. *See* 18 U.S.C. § 1959; *United States v. Smith*, 413 F.3d 1253, 1277 (10th Cir. 2005), *overruled on other grounds by United States v. Hutchinson*, 573 F.3d 1011, 1021 (10th Cir. 2009).

To meet its burden, the United States provided Sanchez notice that it "intends to call Ronald Martin, Chris Cupit and Sergio Sapien of the New Mexico Corrections Department Security Threat Intelligence Unit as expert witnesses in the means and methods of operations of prison gangs, including the Syndicato Nuevo Mexico in particular, and gang affiliations of the victims and defendants." Expert Notice at 1.

In relation to all three experts' opinions, the United States noticed that it expects that they will testify to opinions regarding, among other things, the history, culture, and code of conduct of the SNM gang, the membership of Sanchez and J.M., SNM sanctions, and the rules and requirements for participation in SNM-sanctioned violent crimes. *See id.* at ¶¶ a-d, at 1-2. Additionally, the United States provided Sanchez a written summary of the opinions that all of the gang experts may testify to, including their opinions about: the history of the SNM, *see id.* at 2-3; battles with rival gangs and other reasons and purposes for the SNM's systematic

commissions of violent crimes, *see id.* at 3-4, 5; the expectations and requirements of SNM gang members related to those crimes, *see id.* at 4, 5-6; ways and means of SNM members' identification as such, *see id.*

The United States then provided a written summary of each expert witness's bases and qualifications for their above opinions. *See* Expert Notice at 7-10. Each expert witness bases his expert opinions on years of experience in the New Mexico Corrections Department's Security Threat Intelligence Unit, which is the unit responsible for classifying and monitoring prison gangs, including the SNM, with Sergeant Martin having been in that unit for 11 years, Investigator Cupit having been in the unit for 6 and ½ years, and Captain Sapien having been in the unit for 3 years. *See id.* Each of these witnesses base their opinions on their experience with New Mexico prison gangs throughout that time in the unit, as well as their additional time with NMCD, and specifically on investigation into the SNM gang. *Id.* Additionally, each of these witnesses base their opinions on drug-trafficking investigations inside and outside of the facilities, intelligence-gathering activities, prison security threat and risk assessments towards staff, inmates and the public, and internal security investigations. *See id.* at 7, 8, 9.

The United States also provided Sanchez with a written summary of these experts qualifications, including the years in which they worked with NMCD, *see id.* at 7-9, that they've been recognized as experts in, and presented lectures and seminars within, the prison-gang field, *see id.*, and that they're uniquely qualified because of their interactions with SNM, *see id.*

Given this written summary of these gang expert witnesses' opinions, bases of those opinions, and their qualifications, the Court properly should deny the Motion to Compel.

### **RELEVANT LAW**

Rule 16 of the Federal Rule of Criminal Procedure provides in relevant part:

> **Expert witnesses.**—At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G). This Court pointed out: "'It is not clear how much detail must be provided to satisfy this provision.'" *United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1253 (D.N.M. 2012) (Browning, J.) (quoting 25 J. Moore, *Moore's Federal Practice* § 616.05[3], at 616–65 (3d ed. 2012)). Nevertheless, this Court recognized that, in the context of experiential expert witness -- or, as one court classified it, "'skilled witness[es],'" *United States v. Mejia*, 545 F.3d 179, 189 (2d Cir. 2008) -- a simple one-paragraph notice explaining the area of the expected testimony and that the testimony will be based on the law enforcement officers' "'years of training and experience in the area'" of the testimony is sufficient, "'although barely.'" *Goxcon-Chagal*, 886 F. Supp. 2d at 1253 (quoting *United States v. Jackson*, 51 F.3d 646, 651 (7th Cir.1995)).

The Advisory Committee Notes to the 1993 Amendment of Rule 16, in which amendment the expert notice requirements, including the requirements for written reports and bases of opinions, were first codified, provides guidance for what notice may be required. The Federal Criminal Rules Advisory Committee explains, in relation to a written summary of the opinion, that, in some instances, simply "a generic description of the likely witness and that witness's qualifications may be sufficient, e.g., where a DEA laboratory chemist will testify, but it is not clear which particular chemist will be available." Fed. R. Crim. P. 16, advisory

committee notes to 1993 Amendment.

Likewise, federal courts uphold simple notices that comply with Rule 16 by providing the witness's opinions, the reasons and bases of those opinions, and their qualifications. *See, e.g.*, *United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995) (cited in *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1254 (D.N.M. 2015) (Browning, J.) (expert notice complied with Rule 16's expert notice requirements where, in the Seventh Circuit's words, it "notified the defendants that the witnesses were of the opinion that certain paraphernalia and profile evidence were frequently linked to the sale of narcotics," and provided as the reasons "that the witnesses would be testifying from years of experience as narcotics agents").

In the Tenth Circuit, the Honorable Michael W. McConnell explained the differences between the requirements of an expert notice in the context of the Federal Rules of Civil Procedure, and the requirements here, in the context of the Federal Rules of Criminal Procedure. His explanation makes clear that, here in the federal context, parties are not required to produce to the opposing parting a separate, detailed written summary of the witness's opinions:

> Rule 16 of the Federal Rules of Criminal Procedure creates an exception to the usual rule that defendants need not provide notice of their intention to offer expert witnesses. Under Rule 16(b), if the defendant requests disclosure of certain evidence and the government complies, the defendant becomes obligated to make certain disclosures in return. Specifically, if the defendant requests and receives a written summary of any expert testimony the government intends to introduce, the defendant must provide a similar notice of any testimony he intends to use. These written summaries must include a description of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. The required "written summary," however falls far short of the "complete statement" required of litigants in civil cases. *In particular, Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions or to make a written proffer containing the information required under the civil rules.*

*United States v. Nacchio*, 555 F.3d 1234, 1259-1262 (10th Cir. 2009) (McConnell, J. dissenting) (emphasis added) (internal citations omitted). Judge McConnell points out that the civil

5

procedural rules, unlike the criminal procedural rules, require a "'complete statement'" of the expert witness's opinions and their bases:

> [A]ny party who wishes to use a retained expert must give the opposing party in advance of trial a written expert report . . . containing a "complete statement" of the witness's opinions and the "basis and reasons for them"; all data, other information, and exhibits on which the testimony is based; and the witness's qualifications, publications, previous testimony, and compensation statement.

*Nacchio*, 555 F.3d at 1260 (McConnell, J. dissenting) (quoting Fed. R. Civ. P. 26(a)(2)).

The Tenth Circuit recognized that, if a party fails to comply with Rule 16, there are a myriad of sanctions that a Court may impose, and that exclusion of the expert witness's testimony is a sanction that should almost never be imposed:

> If a party fails to comply with Rule 16, the court may order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; grant a continuance; prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances. This court has held that it would be "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." We have noted that the sanction of exclusion of a witness's expert testimony is "almost never imposed 'in the absence of a constitutional violation or statutory authority for such exclusion.'"

*United States v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003) (quoting *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002); *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999)) (citing Fed. R. Crim. P. 16(d)(2)(A)-(D)). To determine the proper sanction, the Tenth Circuit directs district courts to consider: "(1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice with a continuance." *Id.* (citing *Golyansky*, 291 F.3d at 1249).

## ARGUMENT

**A. The United States' written summary in its Expert Notice complies with Rule 16's requirements.**

The advisory committee's notes to Rule 16 and case law that discusses the expert notice requirements of that rule show that Sanchez's Motion to Compel is based on a misinterpretation of what Rule 16(a)(1)(G) requires to provide a sufficient "written summary" of the expert witness's expected testimony. Sanchez contends that Rule 16(a)(1)(G) requires the United States to provide "comprehensive disclosure of the bases of expert opinions." Motion to Compel ¶ A, at 4. But the advisory committee's comments to the 1993 amendment to Rule 16, and the precedent case law that interpret the rule's notice requirements, contradict Sanchez's argument.

The advisory committee explains that the addition requiring a summary of the bases of the expert's opinion was intended to "remedy th[e] problem" in rule 16's language that made it unclear before the amendment that the government had to even disclose its experts before trial. Fed. R. Crim. P. 16, advisory committee notes to 1993 Amendment. The committee provides in its advisory notes as an example a decision in which the court held that the Rule 16 previously "did not otherwise require the government to disclose the identity of its expert witnesses where no reports had been prepared." *Id.*

Here, in contrast to the situation that rule 16's amendments intended to remedy in which no witness was noticed and no reports were given, the United States provided Sanchez with the United States' expert witnesses' names, six pages of their expected testimony, and a page or more each of the bases and qualifications for those opinions. *See* Expert Notice at 1-10. Sanchez's request for a more "comprehensive disclosure" simply goes beyond what Rule 16's expert notice requires for a written summary. Rather, requiring such production would run

contrary to the rule committee's guidance that "[t]he amendments are not intended to create unreasonable procedural hurdles." Fed. R. Crim. P. 16, advisory committee notes to 1993 Amendment.

Rule 16 requires that the United States provide Sanchez "a written summary of any testimony that the government intends to use . . . . [, which] must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Directly contrary to Sanchez's contention that Rule 16 requires the United States to provide a "comprehensive disclosure of the bases of expert opinions," Motion to Compel at 4, Judge McConnell pointed out that "[t]he required 'written summary,'" in Rule 16(a)(1)(G) "falls far short of the 'complete statement' required of litigants in civil cases," which is exactly what Sanchez moves this Court to compel the United States to provide. *Nacchio*, 555 F.3d at 1262 (McConnell, J., dissenting). *"In particular, Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions or to make a written proffer containing the information required under the civil rules*." *Id.* (emphasis added).

The written summary in the United States' Expert Notice meets Rule 16's three requirements. The Expert Notice provides the summary of "the witness[es] opinions" in the first 6 pages, where it explains the background and opinions that these STIU officers may offer at trial. *See* Expert Notice at 1-6. Whereas each of these witnesses, or all of them, may cover this expected evidence, the advisory committee specifically noted that a general notice may cover such a general opinion. *See* Fed. R. Crim. P. 16, advisory committee notes to 1993 Amendment ("[A] generic description of the likely witness and that witness's qualifications may be sufficient, e.g., where a DEA laboratory chemist will testify, but it is not clear which particular chemist will be available.").

The written summary then provides "the bases and reasons for those opinions," as to each witness, where it explains their background and qualifications during their careers with NMCD. The SNM is a prison gang that was formed in New Mexico and, although its operations and influence extend beyond New Mexico, its largest sphere of influence is within NMCD. So the Expert Notice's summary that each of these expert witnesses has had multiple years of employment with NMCD, and especially within STIU, provides them bases for the opinions they intend to offer. Finally, to understand that the qualifications of these three witnesses, including their experience with NMCD, and STIU, which includes their investigations, intelligence-gathering, and threat assessment experience therein, qualifies them to testify as experts in this case, one need only look to the Seventh Circuit's guidance of what meets Rule 16's requirements for law enforcement expert witness notice. *See Jackson*, 51 F.3d at 651. This Court pointed out that, in relation to law enforcement type expert opinions such as those Sergeant Martin, Investigator Cupit, and Captain Sapien may offer, a bare-bones written summary, much shorter than that the United States provided here, is "'sufficient'":

> The Seventh Circuit found the following summary of expert testimony sufficient, "although barely," when the government planned to present evidence regarding a drug courier profile:
>
>> In response to your Request for Written Summary of the Government's Proposed Expert Testimony dated December 3, 1993, please be advised that Officers Emmit C. Carney, Jerry Cheung, and R.J. Kenney may testify at trial concerning the use of beepers, firearms, walkie-talkies, and Western Union wire transfers in connection with the sale of narcotics. In addition, each of these officers may testify that narcotics traffickers often secure locations such as houses or apartments to serve as a base for dealing narcotics. Each of these police officers will base their testimony on their years of training and experience in the area of drug investigations.
>
> *United States v. Jackson,* 51 F.3d 646, 651 (7th Cir.1995). The Seventh Circuit

9

elaborated that in "cases involving technical or scientific evidence," there may be a "greater disclosure" obligation, "including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed.R.Evid. 703." *United States v. Jackson,* 51 F.3d at 651 (citing Fed.R.Crim.P. 16(a)(1)(E) advisory committee's note).

*Goxcon-Chagal*, 886 F. Supp. 2d at 1253.

The United States' Expert Notice meets Rule 16(a)(1)(G)'s written summary requirement. Given the depth of the written summaries provided, in contrast to those that the Advisory Rules Committee and courts recognize are sufficient, the Court properly should deny Sanchez's Motion to Compel.

B. **The Court should not exclude the witnesses' testimony, but, if the Court somehow finds the Expert Notice insufficient under Rule 16, should simply order the United States to produce what the Court views as a sufficient written summary.**

The Court properly should conclude that the written summary in the expert notice complies with Rule 16's requirements. But if the Court concludes otherwise, then the Court should order to rewrite its written summary to comply with the Court's view of Rule 16's written requirements.

The Tenth Circuit holds that "it would be 'a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings.'" *Sarracino*, 340 F.3d at 1170 (citations omitted). Here, there is no bad faith on the government's behalf. Rather, the 10-page written summary of the experts' expected testimony, opinions, bases thereof, and their qualifications, evidence the United States' good-faith compliance with Rule 16. *Accord Goxcon-Chagal*, 886 F. Supp. 2d at 1253; *Jackson*, 51 F.3d at 651.

Trial is still several months away. Sanchez has substantial notice about what the United States' experts intend to testify. And Sanchez has thousands of pages of discovery that support

the experts' testimony about the SNM and its operations. Under the three factors that the Tenth Circuit identified in *Serracino*, the Court properly should simply order the United States to rewrite a written summary immediately. *See* 340 F.3d at 1170 (citing *Golyansky*, 291 F.3d at 1249). The Court should not exclude the United States' witnesses.

## CONCLUSION

The United States' Expert Notice's written summary complies with Rule 16(a)(1)(G)'s expert notice requirements. The Court properly should deny Sanchez's Motion to Compel in full.

          Respectfully Submitted,

          JAMES D. TIERNEY
          Acting United States Attorney

          *Electronically filed on 11/13/17*
          MARIA Y. ARMIJO
          RANDY M. CASTELLANO
          MATTHEW M. BECK
          Assistant United States Attorneys
          200 N. Church Street
          Las Cruces, NM   88001
          (575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney