IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al,

      Defendants.

---

**MOTION FOR ADDITIONAL DISCOVERY REGARDING MONETARY PAYMENTS TO INMATE INFORMANT WITNESSES – NO HEARING REQUESTED**

---

The defendants jointly move for an order of the Court requiring the government to produce additional disclosures regarding payments made to inmate informant witnesses[1]. As grounds therefore, it is stated as follows:

    1.    The government has recently produced discovery which funds handed out by the United States government, through the FBI, to inmate informant witnesses. See Appendix A.

---

[1] The defense uses the term informant to include confidential human sources, confidential informants or any other label used by the government for the inmate witnesses listed in Appendix A.

1

2.	Up to September 25, 2017 the United States government has paid inmate informant witnesses a total of $74,010.26 in taxpayer dollars to 18 inmate informants.

3.	The disclosure provided by the government merely discloses the names of the informants and the amounts and types of payments.

4.	The details surrounding the payments must be disclosed as those details themselves are *Giglio* materials.

5.	The defense requests the Court order the disclosure of the following information:

	a.	<u>The dates of any payment</u>. The dates are important as it will reveal whether the payments were made as part of a quid pro quo for cooperation. DOJ policy[2] requires that the FBI maintain documentation of the dates of any payments to informants.

	b.	<u>The reason for the payments</u>. DOJ policy The reasons again are relevant to determine whether they were part of a quid pro quo for cooperation.

---

[2] During the time of this investigation there have been at least two DOJ policies in effect regarding the handling of informants and Confidential Human Sources. There may be other policies for which the public, and thus counsel, do not have access. If the defense uses incorrect terms regarding the titles of documentation it is hoped that the government will provide the correct titles of documentation in their response.

    c. <u>The dates and manner in which the payments were requested, authorized or promised</u>. This information is relevant to determine whether the payments were part of a quid pro quo for cooperation. For example, some informants were paid for gasoline and car repairs. The impeachment value of that information would be lesser if the payments were related to attending court matters or interviews with investigators but would be greater if it was a payment for services rendered. According to DOJ guidelines, the prosecutor for the government must be contacted and approve the payment of any funds.  All docuemntation concerning the approval of the prosecutors should be provided.

    d. <u>Whether the informant was or was not advised that he must report the payments as taxable income and any summaries provided to informants so they can report their income to the IRS</u>. Although the FBI does not issue 1099's to its informants, DOJ policy requires them to advise informants that they must report income and that the FBI can provide a form detailing the payments so the informant can file a proper income tax return. The FBI is required to document the payment and the advice of taxability in the FBI's files. The defense requests any forms that have been provided to informants that have been paid and any information that details that the  IRS reporting policy was followed. If the informant was not advised that would be in violation of FBI written policies and

could be considered by the jury as the government authorizing these informants to commit new crimes.

      e.      <u>FBI forms requesting authorization to pay informants</u>. DOJ policy requires that a case agent fill out a form and memorandum detailing the information justifying payment to any informant, who is the primary benefit of the payment, and whether the expense was incurred as a direct cost of operating the informant.

      f.      <u>Receipts provided by informants for expenses and payments</u>. DOJ policy requires informants to provide receipts for payments such as gas, food, education and the like, which are reasons attached to certain expenditures listed in Appendix A. In addition, DOJ policy requires that a receipt must be obtained from all informants at the time of each payment. DOJ policy indicates that such receipts will be provided upon order of the court for the current case and any payments paid for any other case. DOJ policy requires that all documentation of payments shall specify whether the payment is for services or expenses.

      g.      <u>All FBI summaries of payments provided to informants</u>. DOJ policy requires agents who give informants more than one payment to document in summary form the information or services provided by the informant, in chronological order, for which the informant has been paid since the prior authorization. This summary should include the general nature of the information

or service provided by the source in the investigation, and a statement as to the value of the information or service provided by the source, including statistical accomplishments attributed to the informant as a result of the information provided. These summaries will also include dates of payments under a prior authorization and the amount paid on each date, divided into the amounts paid for services and the amounts paid for expenses.

    h. <u>Gifts provided to informants by FBI personnel or DOC personnel</u>. DOJ policy authorizes that a gift may be made to an informant in lieu of payment for services. Given that it is the holiday season, government agents may have been moved in the spirit of giving to provide a gift to its inmate informants. This must be disclosed or at least a copy of any gift receipt should be provided.

    i. <u>All payment reports entered into the FBI's Financial Management System or any similar data base currently used by the FBI</u>. DOJ policy requires that payment reports for informants be entered into an electronic database. The defense requests production of these reports for the reasons detailed above.

    j. <u>Any documented requests for or or promises or discussions regarding post-testimony lump sum payments</u>. The FBI polices encourage each field office to submit requests for lump-sum payments for the informant at the conclusion of any case in which he/she has made significant contributions to FBI

investigative matters. This must be disclosed whether it was requested, offered, denied or approved and whether there have been mere discussions about the possibility of a lump sum payment after testimony is rendered. The impeachment value of such information is obvious.

  6. The prosecution must disclose known sources of a witness 's bias, motive or interest. *Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009)("[N]o distinction is recognized between evidence that exculpates a defendant and 'evidence that the defense might have used to impeach the [State's] witnesses by showing bias and interest.'")(quoting *United States v Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985)); *Pennsylvania v. Ritchie*, 480 U. S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988). The constitutional right to cross-examination of one's accusers for such bias and motive would be hollow indeed if the Government possesses such information concerning its own witnesses and does not disclose it. *Davis v. Alaska*, 415 U.S. 308, 315 (1974); *United States v. Ray*, 731 F.2d 1361, 1364 (9th Cir. 1984); *Chipman v. Mercer*, 628 F.2d 528 (9th Cir. 1980); *Patterson v. McCarthy*, 581 F.2d 220 (9th Cir. 1978); see also *United States v. Owens*, 933 F.Supp. 76 (D.Mass. 1996)("All documents which tend to show the bias, prejudice, personal interest of any government witness to testify in favor of the government or against any defendant, and any documents which tend to show a special relationship of the witness or

hostility of the witness either to any other government witness or to any of the defendants in a trial").

7. The defense does not object to the redaction of personal identifying or location information.

8. In the interest of judicial economy, the defense does not request a hearing on this motion but instead requests the Court rule on the papers.

9. All defendants join in this motion and the government objects.


Respectfully submitted this 30th day of November, 2017.



/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)



**CERTIFICATE OF SERVICE**

I hereby certify that on November 30th, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.


/s/ James A. Castle
James A. Castle