IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al

       Defendants.

## MOTION IN LIMINE RE: PLEA AGREEMENTS AND ADDENDA

      The defendants jointly move in limine for an order of the Court preventing the government from introducing the written plea agreements of the cooperating individuals or from referencing certain portions of such agreements in opening statement or during trial absent an order of the Court.

    1.    The defense inquired of the government whether they had any intention of moving for the admission of the written plea agreements and/or addenda of any of the cooperating individuals in this case. The government indicated it may move for admission and/or question witnesses about parts of the agreements and/or addenda.

2.   The plea agreements and addenda all follow a similar format. An example is defendant Jerry Armenta's plea agreement and addenda attached as Appendix A. The plea agreements notably include the following:

   a)   Information about the court accepting the plea agreement. Appendix A, p. 3;

   b)   Specific facts regarding the case. Appendix A, p. 4-5;

   c)   That the United States stipulates that, "the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct." Appendix A, p. 5.

   d)   An attestation by the attorney representing the defendant. Appendix A, p. 9.

   e)   That the defendant will be providing "truthful and complete information and/or testimony concerning the Defendant's participation in and knowledge of criminal activities." Appendix A, p. 10.

3.   A prosecuting attorney may not offer any "improper suggestions, insinuations, and, especially, assertions of personal knowledge," regarding the defendant's guilt or the credibility of government witnesses, as these "are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States*, 295 U.S. 78, 88 (1932); *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir.1980) ("Vouching may occur in two ways: the prosecution may

place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony.") (citing *Lawn v. United States*, 355 U.S. 339, 359-60 n. 15 (1958)).

4. Vouching poses the danger that the jury may decide the case based upon the government's judgment, rather than on an independent consideration of the evidence. *United States v. Young*, 470 U.S. 1, 18-19 (1985) (reversing where prosecutor not only vouched for prosecution witness but invoked the integrity of the court" and thus "placed the imprimatur of the judicial system itself on [the witness's] testimony."); "Vouching is especially problematic in cases where the credibility of the witnesses is crucial." *Roberts*, 618 F.2d at 533.

5. The use of the "truthfulness" portion of a plea agreement "becomes impermissible vouching . . . when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony. *United States v. Bowie*, 892 F. 2d 1494, 1498 (10th Cir. 1990).

6. The defense also asserts that the plea agreements contain testimonial assertions by the representative of the United States and counsel for the defendant, neither of which will be presumably testifying in the trial.

7. Before the government attempts to show a plea agreement to a witness, use it in opening statement or reference the portions set forth above in

paragraph 2, the defense requests that they approach the Court and obtain a ruling on the admissibility of such.

8. The defense does not request a hearing on this motion but instead requests the Court rule on the papers when the issue arises during trial.

9. All defendants join in this motion and the government objects.

Respectfully submitted this 30th day of November, 2017.


/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)


## CERTIFICATE OF SERVICE

I hereby certify that on November 30th, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.


/s/ James A. Castle
James A. Castle