IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al,

       Defendants.

**MOTION FOR ADVANCE NOTICE OF WITNESSES TO BE CALLED BY THE GOVERNMENT – NO HEARING REQUESTED**

       The defendants jointly move for an order of the Court requiring the government to provide one week's advance notice to the defense of the witnesses the government will call each day of the trial.  As grounds therefore, it is stated as follows:

       1.    The defense has employed numerous expert witnesses for whom the defense will require to be present as advisory witnesses during the testimony of certain witnesses. In order to avoid having to use federal funds to have these experts present throughout the trial, the defense is requesting one week's notice so that they can have their experts present only for relevant testimony. Many of the

1

experts do not live locally and some live out of state. The defense requests one week's notice given the complexities in arranging for cost authorization and travel arrangements for these experts.

2. The defense also have staff members, such as investigators and paralegals, who are not needed for every day of court. The government has chosen to indict multiple crimes within a single indictment. For much of each trial, particular defense teams will have no questions or duties as the testimony will be regarding counts for which their respective clients are not charged. Given the cost of housing, transportation and the hourly rates paid to these staff members, advance notice of the witnesses to be called will be fiscally prudent.

3. This case involves tens of thousands of pages of discovery. In order to avoid having a courtroom full of dozens of banker's boxes, one week's advance notice to counsel will allow them to bring only that discovery necessary for the business to be conducted each day in court.

4. When a witness testifies, the parties will need to have materials at hand that may be necessary as exhibits for the purposes of impeachment. In order to avoid delays in the trial, advance notice of which witnesses will be called is also requested.

5. Decisions regarding the mode and order of witnesses lie within the district court's broad discretion. Fed. R. Evid. 611(a). "The Federal Rules of

Evidence also counsel the trial court to 'exercise reasonable control over the . . . examining of witnesses and presenting evidence so as to . . . avoid wasting time . . . .' " *Montoya v. Sheldon*, No. CIV 10-0360 JB/WDS, 2012 U.S. Dist. LEXIS 155667, at *22 (D.N.M. Oct. 29, 2012). As the Committee Comments to Rule 611 point out, "Spelling out detailed rules to govern the mode and order of interrogating witnesses presenting evidence is neither desirable nor feasible. The ultimate responsibility for the effective working of the adversary system rests with the judge."

6.Courts in this district have required advance notice of witnesses to be called. *United States v. Burger*, 773 F. Supp. 1430, 1439 (D. Kan. 1991); *United States v. Wittig*, No. 03-40142-JAR, 2005 U.S. Dist. LEXIS 49772, at *22 (D. Kan. Apr. 4, 2005).

7.In a case of this complexity extraordinary notice will lead to efficiency and a better quality of justice. Of course, trials are living, breathing human events so flexibility should be allowed so a general rule of one week's notice should allow for shorter notice if the demands of the trial make it necessary.

8.In the interests of judicial economy, the defense does not request a hearing on this motion but instead requests the Court rule on the papers.

9.All defendants join in this motion and the government objects.

Respectfully submitted this 30th day of November, 2017.



/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)


# CERTIFICATE OF SERVICE

I hereby certify that on November 30th, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.


/s/ James A. Castle
James A. Castle