IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 2:15-cr-4268-JB

ANGEL DELEON, et al,

    Defendants.

**MOTION IN LIMINE TO PROHIBIT COOPERATING AND OTHER WITNESSES FROM TESTIFYING TO FEAR OF DEFENDANTS, THE SNM OR RETALIATION, AND ABOUT ANY WITNESS PROTECTION MEASURES**

The defendants jointly move for an order of the Court prohibiting the government from eliciting, and requiring the government to inform, cooperating and other witnesses not to testify concerning their fear of Defendants, the Sindicato de Nuevo Mexico (SNM), or retaliation for their testimony or cooperation, and concerning any witness protection measures they have been offered or provided.  As grounds therefore, it is stated as follows:

    1.    It is anticipated that the government will call numerous cooperating witnesses as well as other witnesses who may express fear of Defendants, the SNM, and retaliation for their testimony.

1

2. It is believed these cooperating witnesses and others may have been offered or provided various witness protection measures in connection with this case.

3. The Defendants jointly request the Court order the government not to elicit, and to instruct its witnesses not to testify regarding any fear they may have in connection to their cooperation or testimony in this case, or to any witness protection measures that have been offered or elicited.

4. This evidence is not relevant to any of the issues that will be presented at trial. *See* Federal Rule of Evidence (FRE) Rule 401, 402.

5. If this evidence has any probative value, it is substantially outweighed by the danger of unfair prejudice. *See* FRE 403.

6. This is not a situation involving a specific threat. "Evidence of threats by a defendant against a potential witness against him can ... be used to show guilty knowledge." *United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015) (quoting *United States v. Bein,* 728 F.2d 107, 114–15 (2d Cir.1984). That is certainly true when threats are "inextricably intertwined with the evidence regarding the charged offense." *Id.*

7. Even where there is evidence of actual threats to a witness or of a witness's fear of the defendant, the introduction of such evidence when there is nothing to link the defendant to such fear or threats "except by innuendo" results in a denial of fundamental fairness. *Dudley v. Duckworth*, 854 F.2d 967, 971-72

(7th Cir. 1988) (evidence concerning threats to a witness violated defendant's right to fundamental fairness because such testimony "could only reflect adversely on the petitioner even though the threats were not traced to him or his co-defendants") (citing *United States ex rel. Palmer v. DeRobertis*, 738 F.2d 168, 170 (7th Cir.), *cert. denied*, 469 U.S. 924 (1984)). The court in *Dudley*, quoting *Keyser v. State*, 312 N.E.2d 922, 924 (Ind. App. 1974), recognized that such evidence "becomes so prejudicial to a defendant that no jury could be expected to apply it solely to the question of the credibility of the witness before it and not to the substantial prejudice of the defendant." 854 F. 2d at 970. *See also United States v. Adamo*, 742 F. 2d 927, 945 & n.25 (6thCir. 1984) ("we disapprove of reference by the government's attorney to a witness being protected in a case where it is not obvious, relevant, nor made an issue by defense counsel, and we encourage trial judges to instruct such witnesses not to refer to their participation in the program when testifying before the jury," since such evidence may "raise negative inferences against the defendant if great care is not employed"). *See also Goodman v. Bertrand*, 467 F.3d 1022, 1030 (7th Cir. 2006) (failure to request limiting instruction on use of evidence of threats to witnesses where evidence did not tie defendant to threats, with other failures, constituted ineffective assistance). United States v. Weir, 575 F.2d 668, 670-72 (8th Cir. 1978) (admission of threat evidence without cautionary instruction was reversible error due to risk of unfair prejudice).

8. Defendants are not aware of any specific threats This motion simply addresses witnesses testifying to their fear or any witness protection measures.

9. The defense does not request a hearing on this motion but instead requests the Court rule on the pleadings.

10. All defendants join in this motion and the government objects.

    Respectfully Submitted,
    THE LAW OFFICE OF RYAN J. VILLA

    By: /s/ *Ryan J. Villa*
    RYAN J. VILLA
    Counsel for Defendant
    2501 Rio Grande Blvd. NW, Ste. A
    Albuquerque, New Mexico  87104
    (505) 639-5709
    (505) 433-5812 Fax
    ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30th, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

/s/ *Ryan J. Villa*
Ryan J. Villa