IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

      Defendants.

**OPPOSED MOTION TO EXCLUDE REFERENCES TO AND EVIDENCE
OF UNRELATED "ENTERPRISE" ACTS**

      Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, hereby moves the Court to exclude any references to and evidence of enterprise acts pertaining to allegations other than the charges in Counts 6-12 of the Second Superseding Indictment, as unrelated acts are not relevant to the charges in this trial and are otherwise prejudicial. All defendants join in this motion, and the Government opposes. As grounds, Mr. Perez states as follows:

1.     The Government initially brought four cases related to SNM's alleged federal criminal activity. In addition to the second superseding indictment in this case, the Government filed *United States of America v. Anthony Baca*, No. CR 16-1613 JB (D.N.M.)(Browning, J.), in which the Government names twelve defendants who have allegedly engaged in a racketeering conspiracy, under 18 U.S.C. § 1962(d). The Government also prosecuted one defendant for drug crimes, *see United States of America v. Christopher Garcia*, No. 15-4275 JB (D.N.M.)(Browning, J.), and four defendants for further alleged conduct constituting Violent Crimes in Aid of Racketeering activity, under 18 U.S.C. § 1959, *see United States of America v. Mauricio Varela*, No. 15-4269 JB (D.N.M.)(Browning, J.).

2. The Government also charged additional defendants in "one-off" cases that are related to this case and 15-CR-4275, and 16-CR-1613, with identical introductory paragraphs in some criminal complaints.

3. Counts 6-12 were subsequently severed from Counts 1-5 and 13-16, with Counts 6-12 set to proceed to trial beginning January 29, 2017. *See* Memorandum Opinion and Order Dated June 30, 2017 (Doc 1204).

4. The Government must prove that "an enterprise engaged in racketeering activity," and that individual members committed racketeering activity "for the group and/or in concert with other members, or acted in ways that contributed to [or furthered] the purposes of the group, or that were facilitated or made possible by the group." *United States v. Feliciano*, 223 F.3d 102, 116-17 (2d Cir. 2000).

5. In its efforts to prove this element, the Government should be precluded from making any references to or from introducing evidence related to the three other SNM cases, to Counts 1-5 and 13-16 of this indictment, and to other unrelated acts and "one-off" cases.

6. Evidence pertaining to conduct that is not charged in Counts 6-12 of this indictment is not relevant and is therefore not admissible. Fed. R. Evid. 402.

7. The only relevant "racketeering activity" is that which occurred "during the time period relevant to the indictment." *United States v. Pimentel*, 346 F.3d 285, 299 (2d Cir. 2003). *See also United States v. Dally*, 2009 WL 10681835 at *3 (D.N.M. May 6, 2009)(Armijo, J.) (instructing the jury, in part, as to the parties' stipulation that "the Aryan Brotherhood was an enterprise as defined in 18 U.S.C. § 1959(b)(2) *during the relevant time period*.")(emphasis added).

8. Even if evidence of acts unrelated to Counts 6-12 is arguably relevant based upon the time period of the events, any probative value of evidence of acts pertaining to Counts 1-5, 13-16 or the other SNM-related cases would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

9. The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion. *See United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999). A district court abuses its discretion when it admits evidence that "is of very slight (if any) probative value . . . if there is even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

10. Evidence of enterprise acts that is unrelated to Counts 6-12 of the indictment would be unfairly prejudicial, as it is very likely to provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999).

11. Defendants do not request a hearing on this matter.

WHEREFORE, for all of the foregoing reasons, Mr. Perez and all joined defendants respectfully request that the Court enter an Order excluding any references to and evidence of enterprise acts pertaining to allegations other than the charges in Counts 6-12 of the Second Superseding Indictment, as unrelated acts are not relevant to the charges in this trial and are otherwise prejudicial.

Respectfully submitted,

THE LAW OFFICE OF RYAN J. VILLA

ryan@rjvlawfirm.com

AND

JUSTINE FOX-YOUNG, P.C.

*/s/ Justine Fox-Young*
Justine Fox-Young
1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Rudy Perez*

ADD ALL JOINED DEFENDANTS IN THE SIGNATURE BLOCK PLEASE

**CERTIFICATE OF SERVICE**

4

5

I HEREBY CERTIFY that on the 1st day of December, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Justine Fox-Young*
Justine Fox-Young