IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE QUESTIONING GOVERNMENT WITNESSES REGARDING PERSONAL INFORMATION**

The United States of America hereby moves *in limine* for an order precluding defense counsel from asking government witnesses any questions that attempt to elicit personal information regarding them and their families, including questions about their marital status, their children, their parents, their siblings, their locations and types of employment, and their places of residence, and as grounds asserts:

1. **Background**

This case, in part, involves the murders of Frank Castillo, Rolando Garza, Freddy Sanchez, Adrian Burns, and Javier Molina and conspiracies to assault or murder Julian Romero, Dwayne Santistevan, Gregg Marcantel, and Jose Gomez. The defendants are all members or associates of the Syndicato de Nuevo Mexico ("SNM").

Many of the defendants charged in this case are accused of murdering and assaulting individuals because the victim cooperated with law enforcement officers or violated SNM rules.

Within the operational parameters of the SNM, members enforce the rules and promote discipline among members through murder, attempted murder, conspiracy to murder, assault,

and threats against those who violate the rules or pose a threat to the enterprise. "Snitches" are dealt with severely; assault and murder are the common repercussions for violating SNM rules prohibiting cooperation with law enforcement. The SNM also uses murder and the threat of murder to maintain a position of power inside and outside of prison.

The SNM investigation has uncovered a number of potential threats to witnesses. For example, during a recorded conversation, Anthony Ray Baca can be heard talking about a co-defendant's possible testimony. During the conversation, he states: "And his family, his family gets hit. And that shit will hit the news, carnal. And they're gonna say the only motive behind that has been because that fucker testified. That shit hits the new too. That gives us more power. Because of the fact that…everybody's gonna know, 'a la verga, they're gonna hit my family, I'm never gonna tell 'em." In another recorded conversation, Anthony Ray Baca talks about sending a message to the family of a cooperating witness. The message was that the family would be harmed if the witness testified. Finally, law enforcement officers also discovered that Defendant Baca requested that others find the home address of certain New Mexico Corrections Department employees. In one recorded conversation, Defendant Baca states that he believes it would be easier to "get them" if they do not reside on prison grounds.

2. **Necessity to Protect Law Enforcement Personnel and Other Witnesses**

Several witnesses who will testify at the trial in this matter were formerly SNM members who cooperated with FBI agents. The witnesses were instrumental in the bringing about of federal indictments against SNM members in the District of New Mexico. Since the time that this cooperation became known to SNM members, members have planned to harm witnesses.

One of the beliefs of the SNM is that all acts of cooperation with the government must be met with retaliation. If any of the cooperating witnesses' whereabouts or personal information are made known to SNM members, their lives or the lives of their family members could be in

2

jeopardy.

The FBI case agents who investigated these cases have also been plotted against for their roles in prosecuting SNM members. If the FBI agents' and other law enforcement agents' whereabouts were made known to the SNM, their lives and their families' lives could also be in jeopardy. Because this case involves an alleged conspiracy to murder police cooperators and law enforcement personnel, the United States requests that the Court order defense counsel to refrain from asking government witnesses any questions pertaining to their personal information.

The United States asserts that there is no basis for defense counsel to inquire into this information during trial as it is not relevant. The United States, under D.N.M.LR-Cr. 47.1, sought the position of defense counsel. Counsel for Defendants either opposed the motion or indicated a preference to see the motion prior to stating a position. However, based on the need to file the motions timely, the United States was unable to present the motion itself to the defense.

BASED ON THE FOREGOING, the United States respectfully requests that the Court enter an order precluding defense counsel from asking government witnesses any questions eliciting personal information about them and their families, including questions about their marital status, their children, their parents, their siblings, their locations and types of employment, and their places of residence.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed 12/1/2017*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

　　　　/s/
MARIA Y. ARMIJO
Assistant United States Attorney