IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO PUNISHMENT OR SENTENCING

The defendants proceeding to trial in this case face lengthy prison sentences if convicted at trial. The United States respectfully moves for an order excluding all direct or indirect reference to, or evidence of, the sentences that might be imposed if Defendants are convicted of the offenses charged. Any reference to a defendant's sentencing exposure generally, or the statutory mandatory minimums more specifically, would be irrelevant, and raising the issue would be unfairly prejudicial to the prosecution.

The Court regularly instructs juries that the sentencing consequences of a guilty verdict are not relevant to a jury's determination of whether the United States has proved the elements of the charged crimes beyond a reasonable doubt. *See, e.g.,* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2011). The instruction gives meaning to the well-established principle that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes

sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* Given this division of labor, information regarding what sentence might be imposed following a guilty verdict is "irrelevant to the jury's task," *id.*, and the jury is not to consider the potential punishment that could result from conviction. *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties). Providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579.

Further, the United States requests that the Court prohibit the defense from eliciting testimony about potential punishment from any of the Government witnesses. *See United States v. Mirabal,* Slip Op., No. 16-2188, 2017 WL 571191 (10th Cir. Nov. 29, 2017).

For these reasons, this Court should exclude all direct or indirect reference to, or evidence of, the sentences that might be imposed if the defendants are convicted of the offenses charged in this case. Additionally, this Court should preclude the defense from seeking punishment information from witnesses.

The United States, under D.N.M.LR-Cr. 47.1, sought the position of defense counsel. Counsel for Defendants either opposed the motion or indicated a preference to see the motion prior to stating a position. However, based on the need to file the motions timely, the United States was unable to present the motion itself to the defense.

Respectfully submitted,

                                      JAMES D. TIERNEY
                                      Acting United States Attorney

                                      ***Electronically filed 12/1/2017***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

      /s/
MARIA Y. ARMIJO
Assistant United States Attorney