IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### THE UNITED STATES' MOTION *IN LIMINE* FOR A PRETRIAL ORDER PERMITTING THE PROSECUTION TO PRESENT WITNESS TESTIMONY IN INSTALLMENTS

The United States hereby moves *in limine* for an order from the Court, pursuant to Fed. R. Evid. 611(a), permitting the United States to present witness testimony in installments as needed so that the jury can best understand the evidence, and in support of this motion states as follows:

The order of proof at trial is within the sound discretion of the trial court. *See Geders v. United States*, 425 U.S. 80, 86 (1976); *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987); *United States v. Krohn*, 573 F.2d 1382, 1387 (10th Cir. 1978). Pursuant to Fed. R. Evid. 611(a), "the [trial] court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment and undue embarrassment." Indeed, a trial court has the discretion to permit witnesses to testify in installments to avoid confusing the jury. *See United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir. 2009) (permitting agent to testify in one phase as a fact witness and again later in the same trial as an expert witness). Such testimony is permissible so long as the defendant has a full

opportunity to cross-examine the witness each time he or she takes the stand. *See United States v. DeLuna*, 763 F.2d 897, 911 (8th Cir. 1985).

The United States intends to present testimony at trial from several witnesses who were involved in various portions of the investigation leading to charges in this case, as well as the case agent, Special Agent Bryan Acee, who was involved in several different aspects of the same investigation, and from gang experts Ronald Martin, Chris Cupit and Sergio Sapien of the New Mexico Corrections Department Security Threat Intelligence Unit, who may testify as fact witnesses in additional to their gang expert testimony. As the Court is aware, this investigation involved several phases and multiple indictments that charged various individuals with RICO conspiracy, VICAR murder, attempted murder, conspiracy to commit murder, assault with a deadly weapon resulting in serious bodily injury and conspiracy to commit assault with a deadly weapon resulting in serious bodily injury, felon in possession of firearm, using or carrying a firearm during and in relation to a crime of violence, and aiding and abetting.

Because of the nature and scope of the investigation, and SA Acee's extensive involvement in various different portions of the investigation, Agent Acee's testimony may be needed at different times during the presentation of evidence to maintain a chronological narrative to avoid confusing the jury. In addition, the testimony of the government's gang and other witnesses may need to be presented at different times for the same reason.

The United States submits that under the circumstances of this case it appropriate under Fed. R. Evid. 611(a) to permit the United States to present testimony from Agent Acee, Ronald Martin, Chris Cupit, Sergio Sapien, and others in installments as needed to help the jury best understand the evidence. Permitting the United States to do this, while allowing Defendants a full opportunity to cross examine them during each phase of their testimony, would give the jury the

best opportunity to understand the evidence while at the same time protecting the Defendants' right to confrontation.

WHEREFORE, the United States respectfully requests that this Court grant this motion *in limine* and issue an order permitting the United States to present certain testimony in installments as needed so that the jury can best understand the evidence.

The United States, under D.N.M.LR-Cr. 47.1, sought the position of defense counsel. Counsel for Defendants either opposed the motion or indicated a preference to see the motion prior to stating a position. However, based on the need to file the motions timely, the United States was unable to present the motion itself to the defense.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed 12/1/2017*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

_____/s/_____
MARIA Y. ARMIJO
Assistant United States Attorney