IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 15-4268 JB |
| | ) |
| vs. | ) |
| | ) |
| **ANGEL DELEON, et al.,** | ) |
| | ) |
| Defendants. | ) |

### THE UNITED STATES' MOTION *IN LIMINE* TO ALLOW TRANSCRIPTS CONTAINING ENGLISH TRANSLATIONS OF RECORDED SPANISH CONVERSATIONS AS SUBSTANTIVE EVIDENCE

The United States hereby moves *in limine* for the admission of the English translations of the Spanish-language recorded conversations, words or phrases in this case as substantive evidence. The language of administration of the courts of the United States is English. It is well-settled in this circuit that, when a recording is in English, the recording itself is the substantive evidence, and transcripts of that recording are merely demonstrative aids to help the finders of fact in understanding the evidence. Tenth Circuit Criminal Pattern Jury Instruction 1.40. When this rule is applied, the jurors are usually instructed that "[i]f you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read." *Id.* That rule, however, cannot logically apply to a recording in a foreign language, which the jurors are not required to understand to be qualified for jury service.

Not surprisingly, trial and appellate courts have encountered this issue before and addressed it by admitting English language translations of foreign language conversations as substantive evidence for the jury to read in court, and also to use during deliberations in the jury room. *See e.g., United States v. Curbelo*, 726 F.3d 1260, 1271 (11th Cir. 2013) (holding trial

y

court properly admitted English translations of Spanish language wiretap recordings); *United States v. Gutierrez*, 367 F.3d 733, 735 (8th Cir. 2004) (finding trial court properly admitted transcripts containing English translations of wiretapped phone conversations); *United States v. Galvan-Estrada*, 494 Fed. Appx. 898, 901 (10th Cir. 2012) (finding evidence at trial sufficient where it included "tapes and translated transcripts of a phone conversation between [the defendant] and another man that police drug investigators reasonably believed concerned a drug transaction"); *United States v. Valenzuela*, 484 Fed. Appx. 243, 246 (10th Cir. 2012) (in reviewing sufficiency of trial evidence, the appellate court noted that the United States "introduced into evidence recorded wiretap conversations in Spanish, each of which was accompanied by a Spanish transcript and an English translation. Most of the recordings were played to the jury. An English translator testified to the contents of the conversations").

Indeed, the pattern jury instructions in some other circuits reflect this well-established evidentiary rule. For example, jurors in the Eighth Circuit are instructed as follows:

> The exhibits admitted during the trial included recordings of conversations in the _____ language. You were also given English transcripts of those conversations. The transcripts were prepared [by the [government][prosecution]] so that you can understand the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.…
>
> In considering whether a transcript is accurate, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, 2013 Revised Edition, Instruction 2.06B. Other circuits have adopted similar jury instructions

directing jurors to consider English language transcripts as substantive evidence. For example, trial courts in the Ninth Circuit instruct jurors in criminal cases where the substance of a recording is not in dispute that:

> You are about to [hear] [watch] a recording in the [*specify the foreign language*] language. A transcript of the recording has been admitted into evidence. The transcript is an official English-language translation of the recording. Although some of you may know the [*specify the foreign language*] language, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently."

Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2010 Edition, Instruction 2.8.

To be qualified as a juror in the courts of the United States, one must speak and understand English, but not Spanish. To provide jurors in the courts of the United States with only Spanish-language recordings to analyze and use during their deliberations, then, would be to provide them with evidence that would be meaningless to them. To require all jurors in this case to speak fluent Spanish would impose an additional and unnecessary burden on the Court and the parties during jury selection. The solution is to do as numerous other courts and circuits have done, and as the Tenth Circuit has affirmed, and allow the English translations of the Spanish recordings in this case to be admitted as substantive evidence.

The United States, under D.N.M.LR-Cr. 47.1, sought the position of defense counsel. Counsel for Defendants either opposed the motion or indicated a preference to see the motion prior to stating a position. However, based on the need to file the motions timely, the United States was unable to present the motion itself to the defense.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*<u>Electronically filed 12/1/2017</u>*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

    /s/
MARIA Y. ARMIJO
Assistant United States Attorney