IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO.   15-4268 JB |
| ) | |
| vs. ) | |
| ) | |
| ANGEL DELEON, et al., ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' NOTICE OF INTENT TO USE**
**EVIDENCE PURSUANT TO RULE  609**

The United States of America hereby notices the Court and Defendants of its intent to offer impeachment evidence of Defendants' felony convictions, as previously disclosed by the United States, and requests a pre-trial ruling that these criminal convictions are admissible for impeachment purposes if any of the Defendants testify at trial.

In pertinent part, Federal Rule of Evidence 609 provides:

> For the purpose of attacking the credibility of a witness ... evidence that an accused has been convicted of such a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

Fed.R.Evid. 609(a)(1).  *See also United States v. Lugo,* 170 F.3d 996, 1005 (10th Cir. 1999) (no abuse of discretion to admit conviction of attempted possession of a controlled substance when defendant denied knowledge and stated he never got involved in drugs); *United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991) (no abuse of discretion to admit aggravated robbery conviction, even if it was over ten years old).

Rule 609(b) provides a limitation on the admittance of evidence of a criminal conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."  Fed. R. Evid. 609(b).

When credibility is central, this weighs in favor of admitting a prior conviction. *See* Weinstein's Federal Evidence, § 609.05[3][f] (2d ed. 2001). *See also United States v. Smith*, 10 F.3d 724, 727 (10th Cir. 1993) (no abuse of discretion to allow impeaching with convictions for robbery and burglary given defendant's duress defense and importance of his credibility).

Other circuits have identified the following factors for a district court to consider in weighing prejudice against probative value: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past and present crime; (4) the importance of the defendant's testimony; and (5) the centrality of credibility in the trial. *E.g., United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993) (admitting prior felony conviction in part because defendant contradicted almost all of the officers' testimony, making credibility centrally important).

If any of the Defendants testify, their credibility will be a central issue for the jury to determine. The probative value of their conviction or convictions outweigh the prejudicial effect. Accordingly, evidence of any convictions that fall under Rule 609 should be admitted as impeachment evidence.

The United States, under D.N.M.LR-Cr. 47.1, sought the position of defense counsel by sending an email assuming they were opposed to this motion. At the time of filing, no Defendant indicated they were unopposed to this motion. As such, the United States is assuming Defendants are opposed to this motion.

Based upon the foregoing, the United States respectfully requests that the Court find that any convictions that fall into Rule 609(b) are admissible under Rule 609.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*<u>Electronically filed 12/1/17</u>*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Medico 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent notification to opposing counsel of record on this date.

       */s/*
MARIA Y. ARMIJO
Assistant United States Attorney