IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.                                                                  No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

        **Defendants.**

**DEFENDANT ANTHONY RAY BACA'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT ATTORNEYS OR WITNESSES FROM REFERRING TO ALLEGED VICTIMS AS "VICTIMS"**

Pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Defendant Anthony Ray Baca respectfully moves this Court in limine to prohibit the Government's counsel and its witnesses from referring to the alleged targets of the charged offenses as "victims." As grounds for this request, Mr. Baca states as follows:

        1.       The Second Superseding Indictment alleges multiple counts of violent crimes in aid of racketeering, including murder, conspiracy to commit murder, and conspiracy to commit assault resulting in serious bodily injury. [Doc. 949.] Each of these counts identifies alleged victims of those violent crimes.

        2.       The use of the word "victim" to describe the *alleged* victims identified in the Second Superseding Indictment would violate the Defendants' constitutional right to the presumption of innocence. Even those individuals who died of violent causes are not victims in the context of this case or of these defendants unless the jury finds the defendants guilty beyond a reasonable doubt of committing the crimes causing their deaths (or conspiring to do so). To refer to these individuals as victims invades the province of the jury to decide the guilt or innocence of the defendants.

3.     The presumption of innocence has deep historical roots and is a core tenet of criminal law. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United S*tates, 156 U.S. 432, 453 (1895).  "Due process commands that no man shall lose his liberty unless the Government has borne the burden of … convincing the factfinder of his guilt." *In re Winship*, 397 U.S. 358, 364 (1970).

4.     References to the alleged victims as "victims" necessarily convey the speaker's opinion that a crime in fact occurred, thereby evincing a bias against the defendant and violating the presumption of innocence.  It is improper for the prosecutor to express a personal belief in a defendant's guilt.  See *United States v. Meienberg*, 263 F.3d 1177, 1179–80 (10th Cir. 2001) ("The government concedes that misconduct occurred when the prosecutor expressed his personal belief as to the Defendant's guilt. … Such comments can leave the impression that the prosecutor is basing his conclusion on evidence not presented to the jury and also may induce the jury to rely on the prosecutor's personal conclusion rather than an independent review of the evidence.") (citing *United States v. Young*, 470 U.S. 1, 7-8 (1985) (discussing the impropriety of prosecutors expressing their personal beliefs)); *see also* ABA Prosecution Standards, Commentary to Standard 3-5.8(b) ("It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence of the guilt of the defendant."); *United States v. Modica*, 663 F.2d 1173, 1178 (2d Cir. 1981) (quoting ABA Standards).

5.      It is also improper for a witness to testify about his or her personal opinion, or of matters about which they have no personal knowledge.  See Fed. R. Evid. 602.  In referring to an

alleged victim as a "victim," a witness makes a factual determination that belongs only to the jury.

6.        The other defendants in this case join this motion and the Government opposes it.

### CONCLUSION

WHEREFORE, Defendant Anthony Ray Baca moves in limine for an order prohibiting the Government's counsel and its witnesses from referring to the alleged victims of the charged offenses as "victims."

    Respectfully submitted,

    /s/ Theresa M. Duncan_____
    Theresa M. Duncan
    Duncan Earnest LLC
    515 Granite NW
    Albuquerque, NM 87102
    505-842-5196
    teri@duncanearnest.com

    AND

    ROTHSTEIN DONATELLI, LLP

    /s/ Marc M. Lowry
    MARC M. LOWRY
    500 Fourth Street NW, Suite 400
    Albuquerque, NM  87102
    (505) 243-1443
    mlowry@rothsteinlaw.com

    *Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of December 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan