## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      *Plaintiff*,

v.                                No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

      *Defendants*.

## DEFENDANT ANTHONY RAY BACA'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT ATTORNEYS FROM USING RULE 405, 608 OR 609 CHARACTER EVIDENCE WITHOUT JUDICIAL APPROVAL

Pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Defendant Anthony Ray Baca respectfully moves this Court to prohibit the Government's counsel from introducing, under Fed. R. Evid. 404, 405, 608, 609, impermissible character evidence to the jury.  In addition Mr. Baca seeks to limit, for potential character witnesses for the defense, the scope of any cross examination so that the questioner cannot ask hypothetical question of the witness that may, as the basis of the question, assume that any defendant is guilty.  The other defendants in this case have joined the motion.  The United States has indicated to undersigned counsel that with regard to Fed. R. Evid. 609, this motion is not opposed; concerning character evidence to be used at trial under Fed. R. Evid. 404, 405, and 608, however, this motion is opposed.

1.      The Second Superseding Indictment alleges multiple counts of violent crimes in aid of racketeering, including murder, conspiracy to commit murder, and conspiracy to commit assault resulting in serious bodily injury.  [Doc. 949.]

2.      As the Court recently pointed out, the United States has alleged that Mr. Baca (along with others) is one of the purported "enterprise leaders."[1]  [Dkt. 1533, p. 5]

3.      At this time, Mr. Baca presumes that the United States may be tempted to present reputational or character evidence related to Mr. Baca's alleged leadership role in the criminal enterprise alleged in this case, as well as other enterprise traits like the continuity of the enterprise's associations, in addition to other criminal traits that the United States may deem relevant to any defendant at trial.

4.      The Rules of Evidence, however, do not allow for these kinds of character evidence to be introduced to the jury, unless a defendant first introduces character evidence on the specific trait in question.  *See* Fed. R. Evid. 404(a)(2) (allowing for the prosecutor to "offer evidence to rebut" a defendant's character evidence).  Hence, the Court should prohibit the United States from introducing such evidence to the jury, like Mr. Baca's purported leadership status, in the form of reputation or opinion evidence from the witnesses at this trial.

5.      Similarly, should any defendant use a character witness for any trait that is allowed under Fed. R. Evid. 404(2)(A), the Court should prohibit the United States from asking any questions in the form of hypothetical questions that are based on the assumption that any defendant is guilty of any offenses alleged in the Indictment.

6.      The Court has broad discretion to control the cross-examination of any witness, and has the authority to prohibit hypothetical questions that assume the guilt of any defendant. In *United States v. Polsinelli*, 649 F.2d 793, 796-97 (10th Cir. 1981), for instance, the Court of Appeals reversed a defendant's conviction for drug distribution when the prosecution asked the defense character witness if his opinion about the defendant would change if the witness knew

---

[1] Mr. Baca is not conceding this fact, but merely repeats it here for the sake of this argument.

that the defendant had distributed drugs.  In reversing the conviction, the Tenth Circuit noted that:

> The nature of the question was a far cry from any concept of formulated community opinion.  Rather, the questions posed sought speculative responses resting upon an assumption of guilt.  Government counsel asked if Ledesma's reputation would be affected if he were convicted of the alleged crime.  These hypothetical questions struck at the very heart of the presumption of innocence which is fundamental to Anglo-Saxon concepts of fair trial.  We think that the risk of questions put have no place in a criminal trial.

*Id*.  The Tenth Circuit noted that hypothetical questions that assumed guilt violated the due process rights of the defendant, not simply the rules of evidence.  Such questions have been broadly condemned by our sister-circuit courts as well.  *See, e.g.*, *United States v. Oshatz*, 912 F.2d 534, 539 (2d Cir. 1990); *United States v. Shwayder*, 312 F.3d 1109, 1121 (9th Cir. 2002); United States v. Guzman, 167 F.3d 1350, 1352 (11th Cir. 1999).

## CONCLUSION

WHEREFORE, Defendant Anthony Ray Baca and his co-defendants move in limine for an order prohibiting the Government's counsel from introducing reputation and opinion testimony in this case without first seeking judicial approval from the Court, and to prohibit the prosecution from using guilt-assuming questions as part of any cross-examination of a defense character witness.

Respectfully submitted,

/s/ Theresa M. Duncan_____
Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

AND

ROTHSTEIN DONATELLI, LLP

/s/ Marc M. Lowry
MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorneys for Anthony Ray Baca*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December 2017, I filed the foregoing

pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and

Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic

Filing.

/s/ Marc Lowry
Marc Lowry