IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                                                                                     No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

    *Defendants*.

**DEFENDANT ANTHONY RAY BACA'S MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM QUESTIONING JERRY ARMENTA ABOUT DEFENDANT ANTHONY RAY BACA'S INVOLVEMENT COUNTS 6 & 7**

Pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Defendant Anthony Ray Baca respectfully moves this Court to prohibit the Government's counsel from introducing, under Fed. R. Evid. 801(d)(2)(A) or (E), any potential testimony offered by witness Jerry Armenta that Defendant Anthony Ray Baca played any role or part in the Javier Molina homicide on March 7, 2014. The other defendants in this case have joined the motion. The United States has indicated to undersigned counsel that this motion is opposed.

    1.    The Second Superseding Indictment alleges multiple counts of violent crimes in aid of racketeering, including murder, conspiracy to commit murder, and conspiracy to commit assault resulting in serious bodily injury. [Doc. 949.]

    2.    Counts 6 & 7 of that Indictment refer to the conspiracy to murder and the murder of Javier Molina.

3. As this Court recently acknowledged, Jerry Armenta was charged with the Javier Molina homicide in the District Court for the State of New Mexico during March of 2014. [Dkt. 1533, p. 4]

4. As part of the State case against Jerry Armenta, the State prosecutor interviewed Armenta on October 6, 2015.

5. During that interview, the State prosecutor asked Armenta to describe how the Molina homicide happened.

6. Armenta informed the State prosecutor about his perceptions involving Molina's death, but acknowledged that he did not learn anything about Defendant Anthony Ray Baca's purported involvement in the matter until after the murder had taken place.

7. Armenta described how after he killed Javier Molina, he sat in his cell and reflected on the entire murder.

8. The interviewer then asked Armenta how Defendant Anthony Ray Baca was involved.

9. Armenta, claimed that Defendant Anthony Ray Baca "is, or was, the man in charge."

10. Armenta then claimed that "they said Pup called it," but admitted that he "don't even know Pup."

11. Nothing about Armenta's statement reflected any first-hand knowledge on Armenta's part that Defendant Anthony Ray Baca was involved, in any way, with the Molina homicide. Nothing about Armenta's implication of Defendant Anthony Ray Baca could be considered admissible under any theory or rule of evidence, especially under Fed. R. Evid. 801(d)(2)(A) or (E). Armenta is neither recalling any admission made by Defendant Anthony

Ray Baca (he could not, since they never met each other), nor were the statements Armenta overheard in furtherance of the conspiracy as Armenta heard them after the objective of the alleged conspiracy had been achieved.

12. As Armenta's statements concerning Defendant Baca do not satisfy any exception to the rule against hearsay evidence, the Court should prohibit Armenta from discussing anything that he heard concerning Defendant Anthony Ray Baca's alleged involvement in the Molina homicide.

### CONCLUSION

WHEREFORE, Defendant Anthony Ray Baca and his co-defendants move in limine for an order prohibiting the Government from eliciting evidence from Jerry Armenta touching upon Defendant Anthony Ray Baca's alleged involvement in the Molina homicide as charged in Counts 6 & 7 of the Second Superseding Indictment.

Respectfully submitted,

/s/ Theresa M. Duncan\_\_\_\_\_
Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

AND

ROTHSTEIN DONATELLI, LLP

/s/ Marc M. Lowry
MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 4th day of December 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                                /s/ Marc M. Lowry
                                                Marc M. Lowry