IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANGEL DELEON, et al. )<br>)<br>Defendants. ) | CRIMINAL NO. 15-4268 JB |

**UNITED STATES' RESPONSE TO DEFENDANT ANTHONY RAY BACA'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT ATTORNEYS OR WITNESSES FROM REFERRING TO ALLEGED AS "VICTIMS" [1537]**

Defendant moves this Court to order the Government to prohibit the use of the word "victim."  Doc. 1537.

The authorities and evidentiary rule cited by the defendant do not address the issue of referring to a victim as a "victim."  This appears o be a motion filed by defense counsel throughout the country.  Nevertheless, there is little authority to support the exclusion of the word "victim" from a trial involving crimes against victims.  Reference during a trial to a victim of a crime as "victim" does not impair a defendant's right to a fair and impartial trial.  *United States v. Tony,* 195 F. App'x 789, 793 (10th Cir. 2006).  In *United States v. Edwards,* the court agreed with the government that "referring to victim witnesses as victims does not violate the law, is not vouching, and comports with the definition of a person directly or proximately harmed under Federal law."  CR 16-103-BLG-SPW-1, 2017 WL 4159365, at *1 (D. Mont. Sept. 19, 2017) (Watters, S.).  Even in jury instructions, more and more courts agree that use of "victim" is not "prejudicial to a defendant's right," because the government bears the burden of proving all of the elements of a crime.  *See United States v. Washburn*, 444 F.3d 1007, 1013

(8th Cir. 2006) (citing cases from several different jurisdictions). "Simply because a person or entity involved in this case is accurately referred to as a 'victim,' in no way furthers the government's burden to prove beyond a reasonable doubt that [defendant] is, in fact, guilty of a crime." *United States v. Huynh*, No. 4-CR-14-275, 2016 WL 7411529, at *7 (M.D. Pa. Dec. 22, 2016) (Mannion, M.)   In *United States v. Harding*, the court found that the use of "victim" would not be allowed to describe Medicare beneficiaries because the government stated they were not planning on using that term nor was there any evidence of physical harm but would look at the issue again at the conclusion of the evidence if needed.   No. 08-10061-JTM, 2009 WL 982106, at *4 (D. Kan. Apr. 13, 2009) (Marten, J.).   *See also United States v. Shayota*, No. 15-CR-00264-LHK-1, 2016 WL 5786985, at *4 (N.D. Cal. Oct. 4, 2016) (Koh, L.) ("The use of the terms 'defendant' and 'victim' does not unduly prejudice Defendants.")

Additionally, the term crime "victim" is defined in the Crime Victim's Rights Act at 18 U.S.C. § 3771 (e), as "[a] person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia."   The Act implicitly recognizes the status of a victim before final adjudication against a defendant beyond a reasonable doubt when it provides that a crime victim has the right reasonably to be heard at any public proceeding in the district court involving release or plea, has the right to confer with the attorney for the Government, and has the right to proceedings free from unreasonable delay.   *See* 18 U.S.C. §§ 3771 (a)(4), (5), and (7). The government's theory in the case against the defendants is that the deceased and threatened are victims.

The government has no intention to flagrantly and repeatedly use the term "victim" for the sole purpose of inflaming the passions of the jury. The government asks the Court to deny a

universal prohibition because the government should be entitled to assert its strategy and theories against the defendants in the adversarial process within the boundaries of zealous advocacy as determined by the Court.

## CONCLUSION

Based on the foregoing argument and authority, the United States respectfully requests that the Court deny the defendants motion.

Respectfully Submitted,

JAMES D. TIERNEY
Acting United States Attorney

*/s/   Electronically filed on 12/15/17*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM   88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney