**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
    v.                           )        No. CR 15-4268 JB
                                 )
**ANGEL DELEON**, **et al.,**    )
                                 )
            Defendants.          )
                                 )

**UNITED STATES' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO
EXCLUDE PRIOR BAD ACTS EVIDENCE**

The United States respectfully requests that the Court deny the Defendants' Motions Regarding Alleged Bad Acts.  *See* Docs. 1504, 1512, 1519, 1528, 1530, 1531, 1532, 1538, 1539, 1549, 1555, and 1558 (hereinafter, as "the Motions").   The prior acts evidence which the United States intends to introduce is admissible: (1) to prove that an enterprise existed; and (2) the prior acts are intrinsically linked to evidence of the crimes charged. Thus, the prior act evidence does not implicate Rule 404(b).   Therefore, the United States respectfully requests that the Court deny the Motions, and admit the evidence of prior acts.

I.    **The Prior Acts Evidence is Probative of and Admissible to Prove the Existence
      of the Racketeering Enterprise.**

The United States does not seek to put forward evidence of prior acts for propensity purposes as suggested by the Motions, but rather to prove the existence of an enterprise and conspiracy in which the defendants all took part.    In order to sustain convictions for the offenses charged, the United States must prove that the defendants were members of an *enterprise* as defined by the meaning of RICO.  *See United States v. Kamahele*, 748 F.3d 984, 1007 (10th Cir.

1

2014); *see also United States v. Morrow*, No. CRIMA 04355CKK, 2005 WL 3159572, at *4 (D.D.C. April 7, 2005) ("To prove a RICO conspiracy, the Government must establish that (1) the enterprise is an ongoing organization with some sort of framework for making or carrying out decisions; (2) that the various associates function as a continuing unit; and (3) that the enterprise be separate and apart from the pattern of activity in which it engages.") (citing *United States v. Irizarry,* 341 F.3d 273, 286 (3d Cir. 2003)).

Generally, courts liberally admit evidence of prior bad acts as it is relevant to proving the existence, organization, and nature of the RICO or VICAR enterprise, and how each defendant engaged in the pattern of racketeering.   *See United States v. Diaz*, 176 F.3d 52, 79 (2nd Cir. 1999). In a conspiracy prosecution, and particularly within a RICO or VICAR prosecution, the government "is usually allowed considerable leeway in offering evidence of other [uncharged] offenses 'to inform the jury of the background of the conspiracy charged, and to explain to the jury how the illegal relationship between the participants in the crime developed.'" *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000) (quoting *United States v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000)); *see also Old Chief v. United States*, 519 U.S. 172, 183 (1997); *United States v. Tse*, 375 F.3d 148, 155 (1st Cir. 2004) ("In a conspiracy case, the district court may admit evidence of other bad acts if they tend to suggest a criminal association between the alleged conspirators."); *United States v. Badru*, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996) (evidence relating to earlier overseas smuggling trips did not fall within the scope of Rule 404(b) as 'other bad acts' or 'other crimes' evidence, but was instead *directly relevant* to the conspiracy charged as evidence going to the means, manner, and modus operandi of the drug distribution scheme (emphasis added)); *United*

*States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996) ("One legitimate purpose for presenting evidence of extrinsic acts is to explain how a criminal relationship developed; this sort of proof furnishes admissible background information in a conspiracy case.") (citing *United States v. Lasanta*, 978 F.2d 1300, 1307-08 (2d Cir. 1992)); *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993) ("We have repeatedly held that it is within the court's discretion to admit evidence of prior bad acts to inform the jury of the background of the conspiracy charged, in order to help explain the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators); *Morrow*, 2005 WL 3159572, at *6 (collecting cases).

Specifically, the prior act evidence is admissible as relevant as to the structure and hierarchy of the organization, serving as proof of the enterprise itself. *See United States v. Ashburn*, No. 11-CR-0303 (NGG), 2015 WL 588704, at *16 (E.D.N.Y. Feb. 11, 2015); *see also Diaz*, 176 F. 3d at 79-80 (evidence of prior acts admissible "to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between co-conspirators"); *United States v. Everett,* 825 F.2d 658, 660 (2d Cir. 1987) (other criminal acts evidence "has been consistently held admissible" to corroborate testimony of cooperating witnesses who testify of their own involvement in these crimes).   For example, courts have admitted evidence regarding prior assaults because it is considered evidence of different leadership positions within the organization, and constitutes enterprise evidence.  *United States v. Guerrero*, 882 F. Supp. 2d 463, 492 (S.D.N.Y. 2011), *aff'd* 560 F. App'x 110 (2d Cir. 2014); *Thai*, 29 F.3d at 812-13 (trial court properly admitted testimony that two of the defendants had beaten another member of the

3

gang on the suspicion that he retained robbery proceeds).

This type of prior act evidence to prove the existence of an enterprise does not fall within the bulwark of Federal Rule of Evidence 404(b): "An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States v. Concepcion*, 983 F.3d 369, 392 (2d Cir. 1992); *see also United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997) ("Where, as in this case 'the indictment contains a conspiracy charge, 'uncharged acts may be admissible as direct evidence of the conspiracy itself.'").

It has been argued that "[t]he only relevant 'racketeering activity' is that which occurred 'during the time period relevant to the indictment.'" Doc. 1512 at 2.   This argument suggests that that the admission of the prior act evidence must be confined to the time that conspiracy is alleged to have occurred.   However, courts have allowed the admission of other act evidence which occurred before the charged conspiracy commenced.  *See Ashburn*, 2015 WL 588704, at *15 (citing *Rosa*, 11 F.3d at 334); *see also United States v. Franklin*, 704 F.2d 1183, 1189 (10th Cir. 1983) ("[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case.") (quoting *United States v. Engleman*, 658 F.2d 473, 479 (8th Cir. 1981)).   Prior acts which occurred before the conspiracy are still probative, and may be admitted "to prove the existence of the alleged conspiracy as well as to show its background and history."  *United States v. Langford*, 990 F.2d 65, 70 (2d Cir. 1993).   Thus, the admission of the prior act evidence does not depend on whether it occurred before the crime charged.

Within the Motions, the Defendants stress that the disclosed evidence of prior acts must be excluded under a Rule 404(b)-type rationale.   However, this type of evidence falls outside of the Rule 404(b) bulwark. So these arguments do not find any sound support in the law.   Furthermore, the evidence of prior acts is both necessary and relevant to the government's case.   Relevant evidence is not merely what directly establishes a particular offense element.   Rather, to be considered relevant, evidence needs only to tend to prove the government's case and "evidence that adds context and dimension to the government's proof of charges can have that tendency." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997); *Cf. United States v. Thomas*, No. 13-1874-MV, 2016 WL 10538006, at *2 (D.N.M. Apr. 15, 2016) (Vasquez, J.); *see also* Fed. R. Evid. 401.   This is particularly significant because as the Supreme Court previously stated, as the government maintains the burden of proof, it has a "need for evidentiary richness and narrative integrity in presenting the case." *Old Chief*, 519 U.S. at 183.

Therefore, the United States respectfully requests that the Court deny the Motions, and admit the evidence of prior acts for the purpose of proving the existence of an enterprise.

## II.    The Prior Act Evidence is Intrinsic to the Charged Offenses

As alluded to above, Rule 404(b) is only applicable to evidence of acts extrinsic to the crimes charged; thus, acts which are intrinsic to the crimes charged are not excludable under Rule 404(b).   *United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989); *United States v. Conley*, 878 F. Supp. 751, 755 (W.D. Pa. 1994) ("[E]vidence of uncharged 'other crimes, wrongs, or acts' which are 'part and parcel' of the charged offenses, including conspiracy, and which tends to directly and intrinsically establish the defendant's participation in the charged offenses is simply

not evidence of *other* crimes, wrongs or acts.   Rule 404(b) is not implicated by such evidence.")
(emphasis in original).

Uncharged acts are considered intrinsic, and outside of the Rule 404(b) analysis, if: (1) the act was part of the scheme that is being prosecuted; or (2) the act was "inextricably intertwined with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.'" *Id.* (quoting *United States v. Richardson*, 764 F.2d 1514, 1521-22 (11th Cir. 1984)); *see also United States v. Williams*, 900 F.3d 823, 825 (5th Cir. 1990) ("'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries to the crime charged.'") (citations omitted); *Badru*, 97 F.3d at 1474 ("Evidence of criminal activity other than the charged offense is not considered extrinsic if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of a crime at trial ....") (*quoting United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983) (per curium); *Morrow*, 2005 WL 3159572, at *4.

Similarly, evidence of uncharged criminal activity, or other acts, is admissible when it is direct proof the charged conspiracy.   *United States v. Baez*, 349 F.3d 90, 94 (2d Cir. 2003) (The court upheld the admission of sixteen uncharged crimes in a conspiracy prosecution because "where . . . a conspiracy is charged, uncharged acts may be admissible as direct evidence of the conspiracy itself.")   The prior acts which the United States seeks to introduce are intrinsically intertwined with the alleged offenses.   As these acts are actually direct evidence of the crimes

charged, the prior act evidence is admissible and highly relevant to the proceedings.

### III.     The Prior Acts Evidence is Not Unfairly Prejudicial Under Rule 403

Evidence of the defendants' prior acts are not barred by Rule 403.   "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." *United States v. Pettigrew,* 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides,* 944 F.2d 1554, 1563 (10th Cir. 1991)). The Tenth Circuit has instructed district courts to be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls,* 605 F.3d 765, 787 (10th Cir. 2010). The mere fact that the evidence would damage a defendant's case does not make it unfairly prejudicial.   *See United States v. Caraway,* 543 F.3d 1290, 1301 (10th Cir. 2008); *United States v. Curtis,* 344 F.3d 1057, 1067 (10th Cir. 2003); *United States v. Martinez,* 938 F.2d 1078, 1082 (10th Cir. 1991).   Instead, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway,* 453 F.3d at 1301 (quoting Fed. R. Evid. 403, advisory committee note).

As stated above the prior acts evidence serves several legitimate purposes as it proves the existence of an enterprise and is intrinsically intertwined with the offenses charged. Furthermore, reason and common sense dictate that "other acts evidence is not unfairly prejudicial when the evidence does not involved conduct 'more inflammatory than the charged crime.'" *See Ashburn,* 2015 WL 588704, at *15 (citing *United States v. Livoti,* 196 F.3d 322, 326 (2d Cir. 1999)).   Thus, given the VICAR charges that the United States has assumed the burden

to prove beyond a reasonable doubt, the Court should not properly conclude that the prior acts

evidence is so *unfairly* prejudicial that Rule 403 warrants its exclusion.

**IV.    Conclusion**

The United States respectfully requests that the Court deny the Defendants' Motions.   The

prior acts evidence is not barred by Rule 403 or 404(b).   Instead, this evidence is highly probative

and relevant to the United States' case. Indeed, it's necessary, as the prior act evidence proves that

a racketeering enterprise existed and that the Defendants were members of that enterprise. So this

prior acts evidence is also intrinsic to the crimes charged.   Therefore, the United States

respectfully requests that the Court deny the Motions, and admit the evidence of prior acts.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically Filed 12/15/17*

MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM   88001
(575) 522-2304 – Tel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification to defense counsel of record on this date.

*Electronically Filed 12/15/17*
MARIA Y. ARMIJO
*Assistant United States Attorney*