IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No. 15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al

       Defendants.

---

**REPLY TO UNITED STATES' RESPONSE TO MOTION IN LIMINE RE: PLEA AGREEMENTS AND ADDENDA (DOC. 1568)**

---

       The defendants jointly reply to the government's response to the defendant's motion in liming (Doc. No. 1568) as follows:

       1.    The government cites *United States v. Vigil*, CR 05-2051 JOB, 2006 WL 4109684, at *5 (DENIM. Aug. 14, 2006) (Browning, J.) as evidencing this Court's analysis regarding vouching, which the undersigned overlooked. The government otherwise does not address the arguments made in the defense motion.

       2.    *Vigil*, supra, did not address confrontation clause objections as none were made by counsel to the admission of the plea agreements. Since this Court's decision in *Vigil*, the United States Supreme Court issued its decisions in *Bullcoming v. New Mexico*, 131 Sc.D. 2705 (2011) and *Melendez-Diaz v.*

*Massachusetts*, 129 Sc.D. 2527, 2534 (2009), which analyzed written exhibits as a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Melendez-Diaz,* 131 Sc.D. at 2532. In this case, the plea agreement is not merely the statement of the defendant but includes statements by individual prosecutors representing the government and sets forth claims about the facts of the case.  Any portion of the plea agreement which sets forth the government's agreement or statements is testimonial hearsay prohibited by the confrontation clause. The statement in the plea agreement that "the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct" is not only vouching but the testimonial statement of the prosecutor who will not be testifying.

    3.    As the court in *Vigil* acknowledged, the government may not introduce evidence under the guise of impeachment for the primary purpose of placing before the jury substantive evidence which is not otherwise admissible. *Vigil*, at *9 n's.

    4.    To otherwise allow the entirety of a plea agreement even if it contains objectionable material only encourages prosecutors to include numerous objectionable items in plea agreements. A limiting instruction is insufficient when redaction is possible or when the admissible portions of the plea agreement can be read into the record or be made part of a stipulation. The Court should consider,

alternatives that assures the integrity of the trial's truth-seeking function and eliminates the risk of the jury's improper use of evidence and only if that only can be accomplished by admitting the entire plea agreement should it be sent to the jury in its entirety. *Tennessee v. Street*, 471 U.S. 409, 415, 105 S. Ct. 2078, 2082 (1985).  An example of a redacted plea agreement is attached as Appendix A.

5. In lieu of a redacted plea agreement, the defense is willing to stipulate to the details of the charge or charges to which the informant plead, the sentencing concessions agreed upon and the requirements that the various informants must comply with in order to earn those concessions.

6. All defendants join in this reply.


/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)


**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.


/s/ James A. Castle
James A. Castle