IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al,

Defendants.

**TRIAL BRIEF REGARDING VOUCHING**

The defendants jointly submit the following trial brief regarding the inappropriateness of government agents vouching for the credibility of witnesses.

During the motions hearings in this case government agents provided testimony which vouched for the credibility of their witnesses. For example, the following exchange occurred:

> a. Q. "You referenced in here to a credible and reliable CHS. And that would be Eric Duran?
>
> A. Yes. . . ."

2017.12.08 hr., p. 290.

1

## **EXPERT EVIDENCE CONCERNING THE CREDIBILITY OF A WITNESS**

The government has not endorsed an expert in the area of the credibility of witnesses. Cases regarding expert testimony on the credibility of witnesses, however, shed light on the admissibility of lay testimony regarding the credibility of witnesses.

Under Fed. R. Evid. 702, a qualified expert may provide opinions that are based on sufficient facts or data, the product of reliable principles and methods that are reliably applied, and helpful to the trier of fact to understand the evidence or determine a fact in issue.

In *United States v. Hill*, 749 F.3d 1250 (10th Cir. 2014), the 10th Circuit Court of Appeals addressed the use of expert opinion testimony about the defendant's credibility. In *Hill*, the defendant, Stanley, was charged with bank robbery. At trial, FBI Agent Jones testified about the interrogation of the defendant. Jones testified "that he had attended 'two specialized courses in interrogation and interviews'" and described this education in detail. *Id*. at 1255. He also told the jury that he "had conducted over a thousand interviews as an FBI agent." *Id*.

On direct examination, the prosecution asked, "what Jones 'based on [his] training and experience' took from the interrogation 'as to [Stanley's]

truthfulness." *Id*. at 1256. Jones proceeded to give extensive opinion testimony as to the defendant's credibility. *Id*. The overall testimony provided specific factors the FBI Agent used to ultimately determine that Stanley was not credible during the interrogation. *Id*. at 1255-1256.

On appeal, the defendant argued that the trial court "erred in permitting Jones to provide expert opinion testimony as to [his] credibility." *Id*. at 1257. The 10th Circuit reviewed for plain error as the defense did not object to this testimony at trial. The *Hill* Court concluded that the admission of this testimony by Agent Jones was plain error and reversed. *Id*. at 1252. The *Hill* opinion contains a lengthy discussion ultimately noting that expert opinion testimony as to the credibility of another witness would only be permissible in "some narrowly circumscribed situations." *Id*. at 1262.

Citing United States v. Toledo, 985 F.2d. 1462, 1470 (10th Cir. 1993), the Hill Court stated that "the credibility of witnesses is generally not an appropriate subject for expert testimony." *Hill*, supra at 1257. The Court went on noting that

> "[t]here are several reasons for the prohibition against expert testimony on other witness' credibility. Such testimony: (1) 'usurps a critical function of the jury'; (2) 'is not helpful to the jury, which can make its own determination of credibility'; and (3) when provided by 'impressively qualified experts on the credibility of other witnesses is prejudicial and unduly influences the jury." (citations omitted)

*Id*.

*Toledo* involved expert testimony from two psychiatrists who had examined the victim of a kidnapping and sexual assault. While not stating outright that the victim was credible, these two experts gave testimony that bolstered the victim's credibility. The defense did not object to this testimony at trial. Ultimately, the *Toledo* Court found that admission of the testimony at issue did not constitute plain error though it presented a "close question." *Toledo*, 985 F.2d at 1470.

In both Toledo and Hill, the 10th Circuit discussed the 8th Circuit's decision in *United States v. Azure*, 801 F.2d 336 (8th Cir. 1981). In *Azure*, a child sexual abuse case, the 8th Circuit "held that the testimony of a pediatrician that the victim was believable and that he could see 'no reason why she would not be telling the truth in this matter' was impermissible credibility testimony." *Toledo*, 985 F.2d at 1470. The distinction between *Toledo* and *Azure* was that the expert in *Azure* put "his stamp of believability on [the victim's] story" rather than discussing how medical evidence or consistencies in the victim's story were consistent with the abuse. *Id*.

The *Hill* Court also discussed *United States v. Charley*, 189 F.3d 1251 (10th Cir. 1999). In *Charley*, the 10th Circuit found no error where a pediatrician testified that "sexual abuse would provide a unifying diagnosis for several of the victim's physical and emotional problems." *Hill*, supra at 1259. This is more akin to the "consistent with" type of testimony noted above in *Azure*. However, the

4

*Charley* Court did find error, albeit harmless, where another expert testified to "her unconditional opinion that each of the [victims] was in fact sexually abused" which was based on believing the victims' statements. *Id*. The 10th Circuit found this type of testimony impermissibly vouched for the credibility and truthfulness of the victims' statements. *Id*.

The *Hill* Court also cited an income tax violation case in which the 10th Circuit affirmed the trial court's exclusion of defense expert opinion testimony based on the lack of witness credibility due to felony convictions and lack of documentation. *Id*. at 1259-1260, citing *United States v. Samara*, 643 F. 2d 701, 702 (10th Cir. 1981). The 10th Circuit also noted its prior holdings affirming the exclusion of expert evidence suggesting that a defendant was likely to make a false confession also based on the legal "theory that the credibility of another is not an appropriate subject for expert opinion testimony." *Id*. at 1260.

Last, the *Hill* Court referenced multiple opinions of other Circuit Courts, all holding that an expert may not opine on the credibility of another witness. *Id*.

In *Hill*, the 10th Circuit ultimately determined that "in some narrowly circumscribed situations, expert testimony that touches on the issue of credibility might be properly admitted." (emphasis added) *Id*. at 1262. However, these rare situations should be limited to cases involving "specialized psychiatric knowledge" which most jurors would not possess. Id. In contrast, jurors can resolve credibility

issues without expert "testimony that merely asserts opinions as to the veracity" of a witness. *Id*.

The *Hill* Court placed Agent Jones' testimony into the latter category and found that such testimony "impermissibly 'encroache[d] on the jury's vital and exclusive function to make credibility determinations.'" *Id*. Stated in other words, "[b]ecause our court has clearly held that 'credibility [i]s for determination by the jury,' and '[a]n expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility' the admission of this testimony meets the stringent standard of plain error." (citations omitted). *Id*. at 1263.

Of note, in *Hill*, the 10th Circuit evaluated and rejected the following prosecution arguments:

- While it is impermissible to opine about the credibility of a witness, it is permissible for an expert to opine that a witness is not credible;

- Because the defendant did not testify, and Agent Jones only testified about the credibility of the interrogation (that was played for the jury), the defendant was not a "witness" thus the testimony was permissible;

- Because Agent Jones identified specific aspects of the defendant's statements that were indicative of untruthfulness, his testimony assisted the jury rather than usurping its role;

6

- Agent Jones' testimony was permissible because it merely provided the jury "expert tools to permit them to make their own credibility determinations."

*Id*. at 1261-1262.

## LAY TESTIMONY VOUCHING FOR THE CREDIBILITY OF OTHER WITNESSES

Fed. R. Evid. 701 allows a lay-witness to offer opinions that are rationally based on their own perception and helpful to clearly understand the witness's testimony or to determine a fact in issue.

Fed. R. Evid. 701 also requires that the witness' testimony be "helpful to clearly understanding the witness' testimony or to determining a fact in issue." Fed. R. Evid. 701(b); see also Fed. R. Evid. 702(a).

The advisory committee notes attached to Fed. R. Evid. 701 states "[i]f…attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule." Fed. R. Evid. 701 advisory committee's note; see also *United States v. Martinez-Saavedra*, 372 F. App'x 463, 465 (5th Cir. 2010)(finding Fed. R. Evid. 701 required the exclusion of testimony that a federal agent believed the defendant's story); *United States v. Sanabria*, 645 F.3d 505, 515-516 (1st Cir. 2011)(finding error in the admission of a lay-witness's testimony that she did not

7

believe the defendant's claim that the government "had confused him with someone else").

There is little analysis by the 10th circuit of the admissibility of lay testimony regarding the credibility of other witnesses. Only two reported cases exist and both were in instances in which the defense did not object and the court concluded that any error was harmless.

In *United States v. Chiquito*, 106 F.3d 311 (10th Cir. 1997), the 10th Circuit found no reversible error in the admission of testimony by a social worker, Ms. Lee, opining that the victim was credible. The prosecution failed to qualify the social worker as an expert because they did not provide notice to the defense. However, Ms. Lee testified at trial as a lay witness that she had twelve weekly one-hour sessions with the victim and that she saw no indication that the victim was lying. *Id*. at 313.

Notably, the defense did not object to this testimony at trial. *Id*. The *Chiquito* Court found that Ms. Lee's testimony "played a minor role" in the trial and that any possible error was harmless. *Id*. at 314. The opinion contains no discussion of Fed. R. Evid. 608 or 701.

In *Ives v. Boone*, 101 F. App'x 274 (10th Cir. 2004), the appellant challenged the testimony of two lay witnesses as improperly vouching for the sex-assault victim's credibility. The defense failed to object to the challenged

testimony at trial. *Id*. at 278. The first witness, a police officer, testified on direct examination that, in his opinion, the victim was sincere in her fear of the appellant, her father. The defense did not object to this testimony at trial. The 10th Circuit found this testimony went to the state of mind of the victim (her fear), rather than vouching for her credibility as to the claims of sexual abuse. The court further found that this simple one-word answer, if it was error, did not deprive the appellant of a fair trial. *Id*. at 286.

Although the 10th circuit has not squarely considered whether it is improper to ask a witness to comment on the veracity of another witness, the issue has been addressed in many other jurisdictions. The vast majority of these jurisdictions have expressed the general rule that asking a witness to comment on the veracity of another witness is improper. These courts offer numerous justifications for finding such questions improper, including that they invade the province of the jury, lack probative value, distort the government's burden of proof, create a "no win" situation for the witness, and are argumentative. See *United States v. Henke*, 222 F.3d 633 (9th Cir. 2000); *United States v. Fernandez*, 145 F.3d 59, 64 (1st Cir. 1998); *United States v. Lin*, 322 U.S. App. D.C. 87, 101 F.3d 760 (D.C. Cir. 1996); *United States v. Scanio*, 900 F.2d 485, 493 (2d Cir. 1990); *State v. Santiago*, 269 Conn. 726, 850 A.2d 199, 209-11 (Conn. 2004) (finding such questions invade the province of the jury, have no probative value, distort the government's burden of

proof, and are improper and argumentative); *State v. Singh*, 259 Conn. 693, 793 A.2d 226 (Conn. 2002) (same); *Knowles v. State*, 632 So. 2d 62 (Fla. 1993) (finding such questions improper); *State v. Maluia*, 107 Haw. 20, 108 P.3d 974, 978 (Haw. 2005) (finding "were they lying" questions are improper because they invade province of jury, are argumentative, have no probative value, create a risk that the jury may conclude acquittal depends on finding a contradictory witness has lied, are inherently unfair, and create a "no-win" situation for the defendant); *People v. Riley*, 63 Ill. App. 3d 176, 379 N.E.2d 746, 753, 19 Ill. Dec. 874 (Ill. App. 1978) ("It is improper to ask a defendant's opinion concerning the veracity of other witnesses."); *State v. Graves*, 668 N.W.2d 860, 873 (Iowa 2003) ("'[W]ere they lying' questions are improper under any circumstance."); *State v. Manning*, 270 Kan. 674, 19 P.3d 84 (Kan. 2001) (questions compelling a defendant or witness to comment on the credibility of another witness are improper); *Commonwealth v. Martinez*, 431 Mass. 168, 726 N.E.2d 913, 924 (Mass. 2000) ("It is improper to ask the defendant to testify to the credibility of other witnesses." (citation omitted)); *State v. Flanagan*, 111 N.M. 93, 801 P.2d 675, 679 (N.M. App. 1990) (broadly prohibiting asking the defendant if another witness is "mistaken" or "lying"); *People v. Adams*, 148 A.D.2d 964, 539 N.Y.S.2d 200 (N.Y. App. Div. 1989) (asking defendant to characterize police officer's testimony as a "lie" is a tactic to be condemned); *People v. Montgomery*, 103 A.D.2d 622, 481 N.Y.S.2d

532, 532 (N.Y. App. Div. 1984) ("[W]e write again to condemn, as forcefully as possible, prosecutorial cross-examination which compels a defendant to state that the police or other witnesses lied in their testimony."); *Burgess v. State*, 329 S.C. 88, 495 S.E.2d 445, 447 (S.C. 1998) ("No matter how a question is worded, anytime a solicitor asks a defendant to comment on the truthfulness or explain the testimony of an adverse witness," the questioning is argumentative and improper); *Mason v. State*, 449 S.W.2d 47, 49 (Tex. Crim. App. 1970) (such questions are improper and argumentative); State v. Emmett, 839 P.2d 781, 787 (Utah 1992) (it is argumentative and prejudicial to ask a criminal defendant to comment on the veracity of another witness); *State v. Casteneda-Perez*, 61 Wn. App. 354, 810 P.2d 74, 79 (Wash. App. 1991) (calling for defendant's opinion concerning veracity of other witnesses invades province of jury and is misleading and unfair); *Jensen v. State*, 2005 WY 85, 116 P.3d 1088, 1097 (Wyo. 2005) (finding error and misconduct where defendant is cross-examined "using the 'lying' or 'not telling the truth' or 'mistaken' technique"). See also *Boatwright v. State*, 452 So. 2d 666 (Fla. 4th 1984); *Liggett v. People*, 135 P.3d 725 (Colo. 2006). But see *Whatley v. State*, 270 Ga. 296, 509 S.E.2d 45 (Ga. 1998) (finding such questions merely emphasize the conflict in the evidence and do not improperly invade the role of the jury); *Fisher v. State,* 128 Md. App. 79, 736 A.2d 1125 (Md. App. 1999) (asking a witness if another witness is lying is permissible).

This Court has actually admonished the parties in this case not to ask questions about the honesty of another witness, "I think I'm going to be the one that has to determine whether people are lying or not. So let's make sure, as we get ready for trial, that we don't ask questions like that. I, or the fact finder will make those determinations. Let's not be asking witnesses those." 2017.12.20, pp. 100-101.

The government has not responded in writing to this brief but on January 9, 2018 did indicate on the record that it did not intend on eliciting vouching testimony from its witnesses.  This brief is intended to be informative in the event the issue becomes ripe during trial and as such does not request specific relief at this time.

Respectfully submitted this 10th day of January, 2018.

/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10th, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.


/s/ James A. Castle
James A. Castle