# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                      15-CR-4268 JB

ANGEL DELEON, et al.,

     Defendants.

## DEFENDANTS PROPOSED JURY INSTRUCTIONS

COMES NOW, Christopher Garcia, by and through co-counsel Amy Sirignano, of the Law Office of Amy Sirignano, PC and Christopher W. Adams, of the Law Office of Christopher W. Adams, PC, Daniel Sanchez, through co-counsel Richard Jewkes and Amy Jacks, and Anthony Ray Baca, through co-counsel Marc Lowry and Theresa M. Duncan, and Carlos Herrera, through co-counsel Carey Bhalla and Bill Maynard, and Rudy Perez, through co-counsel Ryan Villa and Justine Fox-Young, and hereby respectfully request that, before the jurors deliberate in this case, they be given the instructions listed below, in addition to the government's requested jury instructions filed separately (Doc. 1635). Defendants further request permission to submit such additional instructions as may become appropriate during the trial and post-submission and review of government productions (see below).

# TABLE OF CONTENTS

1)  1.01        Preliminary Instructions Before Trial

2)  1.02        Note Taking by Jurors

3)  1.03        Introduction to Final Instructions

4)  1.04        Duty to Follow Instructions

5)  1.05        Presumption of Innocence – Burden of Proof – Reasonable Doubt

6)  1.05.1      Preponderance of Evidence

7)  1.06        Evidence – Defined

8)  1.07        Evidence – Direct and Circumstantial – Inferences

9)  1.08        Credibility of Witnesses

10) 1.08.1      Non-Testifying Defendant

11) 1.10        Impeachment by Prior Inconsistencies

12) 1.11        Impeachment by Prior Conviction (Defendant's Testimony)

13) 1.12        Impeachment by Prior Conviction (Witness Other Than

                Defendant)

14) 1.13        Impeachment by Evidence of Untruthful Character

15) 1.14        Accomplice –  Informant –  Immunity

16) 1.15        Accomplice – Co-Defendant – Plea Agreement

17) 1.16        Witnesses' Use of Addictive Drugs

18) 1.17        Expert Witness

19)            Expert Witness – DNA Evidence

20)  1.18    On or About

21)  1.19    Caution – Consider Only Crime Charged

22)  1.20    Caution – Punishment (Non-Capital Cases)

23)  1.22    Multiple Defendants – Multiple Counts

24)  1.23    Duty to Deliberate – Verdict Form

25)  1.26    Confession-Statement – Voluntariness by Defendant

26)  1.29    Identification Testimony

27)  1.30    Similar Acts

28)  1.31    Actual or Constructive Possession

29)  1.36    Coercion or Duress

30)  1.37    Knowingly – Deliberate Ignorance

31)  1.40    Cautionary Instruction During Trial – Transcript

32)  1.41    Summaries and Charts

33)  1.42    Modified *Allen* Instruction

34)  1.43    Partial Verdict Instruction

35)  1.44    Communication with the Court

36)  2.06    Aid and Abet 18 U.S.C. § 2(a)

37)            UJI 14-2810 NMRA – Conspiracy: Essential Elements

38)            UJI 14-2810 NMRA – Conspiracy: Evidence of Association Alone

Does Not Prove Membership in Conspiracy

39)           UJI 14-2812 NMRA – Conspiracy; Multiple Defendants; Each

Defendant Entitled to Individual Consideration

40)           UJI 14-2814 NMRA – Conspiracy; Evidence of Association Alone

Does Not Prove Membership in Conspiracy

41) 2.44    Possession of a Firearm by a Convicted Felon 18 U.S.C. § 922(g)(1)

42) 1.39    Interstate and Foreign Commerce – Defined in 18 U.S.C. Section 10

43)           Using/Carrying a Firearm During Commission of a Drug

Trafficking Crime or Crime of Violence 18 U.S.C. § 924(c)(1)

44)           UJI 14-5160 NMRA – Entrapment; unfair inducement; not

predisposed

45)           UJI 14-5161 NMRA – Entrapment; law enforcement unconscionable

methods and illegitimate purposes

46)           UJI 14-5181 NMRA – Self-defense; Non-deadly Force by Defendant

47)           UJI 14-201 NMRA – Willful and Deliberate Murder; Essential

Elements

48) 2.74.1  Racketeer Influenced and Corrupt Organization Act: Prejudice

from the Word "Racketeering"

49)           Fifth Circuit Pattern Jury Instruction § 2.78 Violent Crimes in Aid of

Racketeering 18 U.S.C. § 1959(a)

50)          Limiting instruction 404(b): Evidence Introduced at Trial

51)          Limiting Instruction 404(b): Evidence to be Issued at the Close of

Trial

          Verdict Form

## REQUESTED INSTRUCTION NO. 1

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys Maria Armijo, Randy M. Castellano, Matthew Beck. The defendants: Daniel Sanchez, is represented by his lawyers, Richard Jewkes and Amy Jacks; Anthony Ray Baca, is represented by his lawyers, Marc Lowry and Theresa Duncan; Christopher Garcia, is represented by his lawyers, Amy Sirignano and Christopher Adams; Carlos Herrera, is represented by his lawyers, Bill Maynard and Carey Bhalla; Rudy Perez, is represented by his lawyers, Ryan Villa and Justine Fox-Young.

The Second Superseding Indictment of 15-CR-4268 charges the defendants with the following:

**Count 6:** In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and

increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, DANIEL SANCHEZ, CARLOS HERRERA,** and **RUDY PEREZ,** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

**Count 7:** On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, DANIEL SANCHEZ, CARLOS HERRERA,** and **RUDY PEREZ,** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.SC. §§ 1959(a)(1) and 2.

**Count 8:** Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the

Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering

activity, the defendant, **ANTHONY RAY BACA,** and others did unlawfully,

knowingly, and intentionally conspire to commit assault resulting in serious bodily

injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

**Count 9:** Starting on a date uncertain, but no later than 2013, and continuing to

on or about the date of the Second Superseding Indictment, March 9, 2017, in Santa Fe

County, in the District of New Mexico, and elsewhere, as consideration for the receipt

of, and as consideration for a promise and agreement to pay, anything of pecuniary

value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of

gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo

Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendant,

**ANTHONY RAY BACA,** and others known and unknown to the grand jury, did

unlawfully, knowingly, and intentionally conspire to murder D.S., in violation of

NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

**Count 10:** Starting on a date uncertain, but no later than 2013, and continuing to

on or about the Second Superseding Indictment, March 9, 2017, in Santa Fe County, in

the District of New Mexico, and elsewhere, as consideration for the receipt of, and as

consideration for a promise and agreement to pay, anything of pecuniary value from

Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity  the defendants, **ANTHONY RAY BACA,** and **CHRISTOPHER GARCIA**, unlawfully, knowingly, and intentionally conspire to murder G.M. in violation of NMSA 1978, Section 30-2-1 and 30-28-2.

In violation of 18 U.S.C. § 1959(a)(5).

**Count 11:** On or about November 29, 2015, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER GARCIA**, having been convicted of the following felony crimes punishable by imprisonment for a term exceeding one year:

(1) aggravated battery (great bodily harm) (firearm enhancement)

(2) felon in possession of a firearm, and

(3) trafficking a controlled substance,

knowingly possessed, in and affecting commerce, a firearm.

In violation of 18 U.S.C. §§ 922(g).

**Count 12:** On or about November 29, 2015, in Bernalillo County, in the District of New Mexico, the defendant, **CHRISTOPHER GARCIA**, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, conspiracy to murder, as charged in Count 10 of the second superseding indictment, knowingly used and carried a firearm.

In violation of 18 U.S.C § 924(c).

The Second Superseding Indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. The defendants pled not guilty and are presumed innocent. The defendants may not be found guilty by you unless all twelve of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the Second Superseding Indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendants' attorneys may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents, and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants' lawyers may make an opening statement and present evidence, but they are not required to do so. I remind you that the defendants are presumed innocent and it is the government that must prove the defendants' guilt beyond a reasonable doubt. If

the defendants submit evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defenses will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendants, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom

until the verdict is received. Do not use the internet or any other form of electronic

communication to provide any information. Simply put, do not communicate with

anyone about the trial until your verdict is received. Also, you should not discuss this

case among yourselves until I have instructed you on the law and you have gone to the

jury room to make your decision at the end of the trial. It is important that you wait

until all the evidence is received and you have heard my instructions on the controlling

rules of law before you deliberate among yourselves. Let me add that during the course

of the trial you will receive all the evidence you properly may consider to decide the

case. Because of this, you should not attempt to gather any information or do any

research on your own. Do not attempt to visit any places mentioned in the case, either

actually or on the internet, and do not in any other way try to learn about the case

outside the courtroom.

Just as I have advised you to avoid any media or publicity about this case,

the effort to ensure that you decide this case solely on the evidence presented in

this courtroom also puts a limit on getting information from television

entertainment. This applies to popular TV shows such as CSI and NCIS, which

present the use of forensic methods such as DNA analysis to resolve criminal

investigations. These and other similar shows will leave you with a false

understanding of complex DNA mixture analysis. As far as this case is concerned,

you are not prohibited from watching such shows but you may not rely on any of

13

the information from these CSI-type programs.  These programs are works of fiction.  The programs often present all forensic methodologies as being scientifically valid. In this case, the scientific validity and reliability of the forensic method used – DNA analysis involving a mixture with potentially three or more contributors, accompanied by a so-called LR statistic – will be an issue contested by the parties. I will give you further instructions at the close of the evidence to help you evaluate the extent to which the DNA analyst's conclusion was based on a scientifically valid and reliable method. Thus, in this case you must put aside anything you think you know about DNA evidence based on what you have seen on television.  Instead you must rely on the evidence and the testimony presented in this case and follow the instructions I will provide you on the law and the assessment of evidence.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations, but the exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Armijo, you may present the opening statement for

the government.


Authority: <u>Tenth Circuit Pattern Jury Instructions Criminal</u> §1.01 (2011 ed.) (modified)

(**Preliminary Instructions Before Trial**).

## REQUESTED INSTRUCTION NO. 2

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.02 (2011 ed.) (**Note-Taking by Jurors**).

**REQUESTED INSTRUCTION NO. 3**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.03 (2011 ed.)

(**Introduction to Final Instructions**).

## REQUESTED INSTRUCTION NO. 4

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.04 (2011 ed.) (**Duty to Follow Instructions**).

## REQUESTED INSTRUCTION NO. 5

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The government's proof is required to exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.05 (2011 ed.) (modified) **(Presumption of Innocence–Burden of Proof – Reasonable Doubt)**.

## REQUESTED INSTRUCTION NO. 6

Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.05.1 (2011 ed.)

(**Preponderance of Evidence**).

## REQUESTED INSTRUCTION NO. 7

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.06 (2011 ed.) (**Evidence-Defined**).

## REQUESTED INSTRUCTION NO. 8

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.07 (2011 ed.) (**Evidence-Direct and Circumstantial-Inferences**).

## REQUESTED INSTRUCTION NO. 9

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in

mind that innocent mis-recollection – like failure of recollection – is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.08 (2011 ed.) (**Credibility of Witnesses**).

**REQUESTED INSTRUCTION NO. 10**

The one or more of the defendants did not testify and I remind you that you

cannot consider their decision not to testify as evidence of guilt. You must understand

that the Constitution of the United States grants to a defendant the right to remain

silent. That means the right not to testify. That is a constitutional right in this country, it

is very carefully guarded, and you must not presume or infer guilt from the fact that a

defendant does not take the witness stand and testify or call any witnesses.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.08.1 (2011 ed.) (modified)

(**Non-Testifying Defendant**).

## REQUESTED INSTRUCTION NO. 11

You have heard the testimony of **[name of witness]**. You have also heard that, before this trial, **she or he** made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.10 (2011 ed.)

(**Impeachment by Prior Inconsistencies**).

## REQUESTED INSTRUCTION NO. 12

You have heard evidence that one or more of the defendants have been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that a defendant has been convicted of another crime does not mean that a defendant committed the crime charged in this case, and you must not use a defendant's prior conviction as proof of the crime charged in this case. You may find a defendant guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he or she committed it.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.11 (2011 ed.) (modified) (**Impeachment by Prior Conviction (Defendant's Testimony)**).

## REQUESTED INSTRUCTION NO. 13

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years or of a crime of dishonesty or false statement. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction or crime of dishonesty that was used to impeach a witness.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.12 (2011 ed.) (modified) (**Impeachment by Prior Conviction (Witness Other Than Defendant**)).

## REQUESTED INSTRUCTION NO. 14

You have heard the testimony of **[name of witness],** who was a witness in the government's defense case. You also heard testimony from others concerning their opinion about the witness' character for truth-telling or the witness' reputation, in the community where the witness lives, for telling the truth. It is up to you to decide from what you heard here whether [name of witness] was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning his truthfulness or reputation for truthfulness.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.13 (2011 ed.) (modified) (**Impeachment by Evidence of Untruthful Character**).

## REQUESTED INSTRUCTION NO. 15

### Accomplice

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict a defendant based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

### Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

Immunity

A person may testify under a grant of immunity (an agreement with the government). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against the defendant.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you feel it deserves.

**[The nature of the immunity agreement for witness (name of witness) with the government is stated as such _____.]**

You should not convict a defendant based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

<u>Authority</u>: <u>Tenth Circuit Pattern Jury Instructions Criminal</u> §1.14 (2011 ed.) (modified)

(**Accomplice-Informant-Immunity**).

## REQUESTED INSTRUCTION NO. 16

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the Second Superseding Second Superseding Indictment. The government has entered into a plea agreement with the co-defendant, providing **[e.g., for the dismissal of some charges and a recommendation of a lesser sentence than the co-defendant would otherwise likely receive – list each plea agreement for each co-defendant that testifies]**. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.15 (2011 ed.) (modified) (**Accomplice – Co-Defendant – Plea Agreement**).

**REQUESTED INSTRUCTION NO. 17**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

**[Name of witnesses]** may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.16 (2011 ed.) (**Witnesses' Use of Addictive Drugs**).

REQUESTED INSTRUCTION NO. 18

During the trial, you heard the testimony of several expert witnesses who expressed opinions. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**[Insert name of expert witness(es) and description of their opinions whose opinion is at issue.]**

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.17 (2011 ed.) (modified) (**Expert Witness**).

## REQUESTED INSTRUCTION NO. 19

Some expert witnesses are allowed to give their opinions because they have acquired a skill, through their training, education, or experience that few members of the general public possess. You are about to hear the testimony of a forensic DNA examiner, who claims to have specialized knowledge and experience both in the analysis of DNA mixtures of three or more potential contributors and in the application of the so-called Likelihood Ratio, "LR," statistic, including the **[describe method, e.g., the determination of whether a suspect's DNA profile is consistent with having been present in a complex DNA mixture found at the scene, and if so, the determination of the statistical significance of that fact]**.

**[Name of expert]** will testify that this opinion is not based simply on **[his/her]** experience in casework, but rather is based on a method that is "scientific."

In determining the value of an expert opinion claiming to be based on *science*, you should consider a number of special factors, which I will talk about in a moment. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

When you decide whether you believe the witness' opinion, you may consider whether the witness has enough training and experience to give the opinion that you heard. You may also consider the method or technique or the witness used, and whether there is a strong enough scientific basis for drawing the conclusions from that method or technique that the expert has drawn.

You may completely or partially disregard the opinion if you decide that there is not a strong enough scientific basis for the opinion, or that the witness used an unreliable method to form his opinion or used a method that hasn't yet been proven, or that there are not enough reasons to support the opinion, or that the opinion is not based on enough training, education, or experience, or that the opinion is outweighed or contradicted by other evidence. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

In deciding how much weight, if any, to give this opinion, you may consider any factors that you decide are relevant. Factors that you may want to consider include the following:

1. Factors related to the method's scientific foundation, to guide you in determining whether the method itself is scientifically valid and reliable:

On whether the method's validity and reliability have been sufficiently proven through scientific testing:

a) Has complex DNA mixture analysis, accompanied by a LR statistic, been studied by individuals or organizations that had no stake in the outcome, and who empirically tested the LR method using an approach where the examiners did not know the right answer, and where a large number of analysts were tested?

b) And if so, did those studies demonstrate that the LR method of analyzing complex DNA mixtures consistently produces accurate and reliable results?

c) And did those studies use evidence samples that are similar to the sample in this case? In other words, did the testing involve samples that are similar to the samples in this case, in terms of number of potential contributors, the amount and quality of the DNA, and the mixture proportion of the person of interest?

d) Did the likelihood ratio method in this case rely on any assumptions, such as an assumption about the number of contributors, that have not been subject to empirical testing and might be incorrect or unreliable?

On whether the method sufficiently accounts for cognitive bias:

a) Is complex DNA mixture analysis, accompanied by a LR statistic, a subjective or objective method?  Subjective methods involve significant human judgment based on the examiner's training and experience.

Objective methods can be performed by either an automated system or by human examiners exercising little or no judgment.

b) To the extent you find that complex DNA mixture analysis is at least partially subjective, did the analysis in this case take into account that subjective methods are more vulnerable to human error, bias, and variations in performance by different analysts? Specifically, consider the following:

i. Cognitive bias includes the natural tendency of humans to be influenced by outside information and outside pressures. Did the DNA analyst here take steps to avoid learning any information about the facts of the case, or to speak to others about their opinions of the case, that might have affected **[his/her]** DNA analysis before conducting **[his/her]** examination and documenting the results?

ii. Another example of cognitive-bias in the forensic testing field is the natural tendency of human examiners to focus on similarities between profiles, and downplay differences between profile. Did the analyst in this case limit the effect of such bias by first documenting what **[he/she]** believed were the genetic markers or "alleles" found in the crime scene mixture, and where alleles might be "dropping out" from the crime scene mixture (i.e. where the data may be incomplete) before

[he/she] compared the detected alleles to the ones in the reference or known profile?

iii.   Did the laboratory conduct any type of "blind" verification, meaning that it asked a second analyst, who did not already know what decision the first analyst reached, to also compare the known profiles to the mixture and decide the number of potential contributors, whether the known profiles are consistent with the mixture, and, if so, what the "LR" is?

On whether the method's error rate is known and sufficiently low to merit trust in the analyst's opinion:

a)   To determine whether a complex DNA analysis method is scientifically valid, you must also consider its error rate, or likelihood of producing an inaccurate conclusion. In complex DNA mixture analysis accompanied by a LR statistic, an inaccurate conclusion might be not only an erroneous determination that the suspect's profile is consistent with being present in the mixture profile, but also an erroneous estimate of the statistical significance of a suspect's profile being consistent with a mixture profile – that is, erroneous statement that the probability matches the government's hypothesis (the defendant is match).

b) **[If admitted as an objective, scientific method]**: A method like DNA analysis that purports to be "objective" might produce an inaccurate conclusion for two reasons. First, the consistency between the suspect's profile and the mixture might be coincidental, meaning that the suspect is not actually a contributor to the sample but his profile is only coincidentally consistent with the mixture. Second, the expert's conclusion that an individual is a potential contributor, or that the likelihood ratio is a certain number, might be the result of human or technical failures in the process, such as an erroneous interpretation, contamination, or the like.

c) All DNA analysis, like any human endeavor, is subject to error and has some error rate greater than zero. Not even highly automated tests have a zero-error rate. The error rate of a DNA analyst's method cannot be inferred from the analyst's case work alone, nor the analyst's expression of confidence about **[his/her]** opinion or about the accuracy of the field. Instead, a DNA analysis method's error rate can only be determined from conducting scientific experiments, sometimes called "empirical testing." Has the kind of "empirical testing" described been conducted with respect to **[name of expert]'s** DNA analysis method? If so, what is the method's error rate? That is, how often does the technique or method reach an incorrect conclusion?

d)  To the extent the field of complex DNA mixture analysis, with an accompanying LR statistic, has not conducted the necessary empirical testing to estimate the method's error rate, you may consider the absence of such testing in deciding how much weight, if any, you wish to give the examiner's opinion in this case.

On whether the method is governed by scientific standards:

a)  Does complex DNA mixture analysis have standards that have been developed by reputable scientific organizations?

2.  Factors related to the validity of the method as applied, to help you determine whether the method was reliably applied by the analyst:

a)  Are there laboratory notes that show that the DNA analyst in this case properly followed each of the steps for this method?

b)  Were those laboratory notes actually made at the time the analyst was analyzing the mixture, rather than prepared after the analysis was completed?

c)  Were there any times where the analyst did not follow the laboratory's protocols and procedures, and were they documented and explained to your satisfaction?

d) If you determined that complex DNA mixture analysis has standards that have been developed by reputable scientific organizations (see above), did the complex DNA mixture analysis in this case conform to those standards?

e) Was the expert's opinion in this case based on any assumptions, such as an assumption about the number of contributors, that was not justified based on the empirical testing that has been done of the method **[he/she]** used?

3.  <u>Factors related to whether the expert in this case is sufficiently qualified to render an accurate and helpful opinion based on the method:</u>

On whether the examiner's skills in applying the method have been sufficiently tested:

a) Has the DNA analyst in this case taken proficiency tests, that is, "test[s] that measures how often this examiner reaches the correct answer"?

b) If so, were those tests conducted by a third party who had no incentive to skew the performance, and did the examiner know he or she was being tested?

c) Did the testing used test this examiner's capacity to replicate the complexity of the task in this case, or were the samples and profiles in the test easier than the tasks in this case?

On the expert's individual qualifications:

a) Is the expert certified in complex DNA mixture analysis by a recognized organization in the field? Does that organization evaluate examiner skill through testing? Has the examiner attempted to become certified but failed? Is the testing based on reality, in the sense that it tests the ability to accurately analyze the type of samples the examiner faces in real casework?

b) Has the expert received training on the standards developed by a reputable scientific organization?

4. The DNA laboratory's qualifications

a) Is the laboratory or facility in which the DNA analysis was done accredited?

b) Does that laboratory or facility have Standard Operating Procedures for DNA analysis?

c) Does that laboratory or facility have a system for recording and reporting errors or mistakes?

Authority: *United States v. Starzecpyzel*, 880 F. Supp. 1027, 1050-51 (S.D.N.Y. 1995); Tenth Circuit Pattern Jury Instructions Criminal §1.17 (2011 ed.) (modified) (**Expert Witness**); President's Council of Advisors on Science and Technology, *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature Comparison Methods* (Sept. 20, 2016); President's Council of Advisors on Science and Technology, *An Addendum to the PCAST Report on Forensic Science in Criminal Court*.

REQUESTED INSTRUCTION NO. 20

You will note that the Second Superseding Indictment charges that the crimes in:

**Count 6:** were committed in March 2014; **Count 7:** were committed on or about March 7, 2014; **Count 8:** were committed starting in or about 2003, and continuing until on or about July 13, 2015; **Count 9:** were committed starting on a date uncertain, but no later than 2013, and continuing to on or about the date of the Second Superseding Indictment, March 9, 2017; **Count 10:** was committed starting on a date uncertain, but no later than 2013, and continuing to on or about the date of the Second Superseding Indictment, March 9, 2017; **Count 11:** was committed on or about November 29, 2015; **Count 12:** was committed on or about November 29, 2015.

The government must prove beyond a reasonable doubt that the defendants committed the crimes listed in the Second Superseding Indictment near the dates stated for each Count.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.18 (2011 ed.) (modified) (**On or About**).

45

**REQUESTED INSTRUCTION NO. 21**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the Second Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether each defendant has been proved guilty of the crimes charged.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.19 (2011 ed.) (modified) (**Caution – Consider Only Crime Charged**).

## REQUESTED INSTRUCTION NO. 22

If you find the defendants guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.20 (2011 ed.) (modified) (**Caution-Punishment, Non-Capital Cases**).

## REQUESTED INSTRUCTION NO. 23

A separate crime is charged against one or more of the defendants in each count of the Second Superseding Indictment. The rights of each of the defendants in this case are separate and distinct. You must separately consider the evidence against the defendant on each count and return a separate verdict for the defendant.

For each of the defendants charged in Counts 6, 7, 8, 9, 10, the government must prove each element of the predicate offenses (conspiracy to murder, murder, conspiracy to commit assault resulting in serious bodily injury, conspiracy to murder, conspiracy to murder, respectively), in order for you to consider the verdict for each defendant charged with 18 U.S.C. Section 1959 offense. In other words, in order to find a verdict of guilty or not guilty for each defendant charged with 18 U.S.C. Section 1959, it is prerequisite for the government to prove all elements of underlying violent crime.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other counts.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.22 (2011 ed.) (modified) (**Multiple Defendants – Multiple Counts**); Tenth Circuit Pattern Jury Instructions Criminal §1.21 (2011 ed.) (modified) (**Multiple Defendants – Single Count**); 18 U.S.C. § 1959; *United States v. Kamahele*, 748 F.3d 984, 1012 (10th Cir. 2014).

## REQUESTED INSTRUCTION NO. 24

In a moment, the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Second Superseding Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

49

Remember at all times, you are judges — judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Second Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.23 (2011 ed.) (**Duty to Deliberate – Verdict Form**).

## REQUESTED INSTRUCTION NO. 25

Evidence relating to any statement attributed to any of the defendants alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.26 (2011 ed.) (modified) (**Confession-Statement—Voluntariness by Defendant**).

## REQUESTED INSTRUCTION NO. 26

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for

identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.29 (2011 ed.) (**Identification Testimony**).

## REQUESTED INSTRUCTION NO. 27

You have heard evidence of other crimes, acts, or wrongs engaged in by one or more of the defendants. You may consider that evidence only as it bears on to each individual defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose. Of course, the fact that a defendant may have previously committed an act similar to the one charged in this case does not mean that a defendant necessarily committed the act charged in this case.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.30 (2011 ed.) (modified) (**Similar Acts**).

## REQUESTED INSTRUCTION NO. 28

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object and the intent to exercise that control, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

A defendant has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object.

In addition, momentary or transitory control of an object is not possession. You should not find that the defendant possessed the object if he possessed it only

momentarily, or did not know that he possessed it.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.31 (2011 ed.) (modified)

(**Actual or Constructive Possession**).

## REQUESTED INSTRUCTION NO. 29

One or more of the defendants claims that if he committed the acts charged in the Second Superseding Indictment, he did so only because he was forced to commit the crime. If you conclude that the government has proved beyond a reasonable doubt that a defendant committed the crime as charged, you must then consider whether a defendant should nevertheless be found "not guilty" because his actions are excusable because they were performed under duress or coercion.

If you find that a defendant committed the crime as charged, his actions are justified by duress or coercion only if you find that he has proven the following three elements:

1. the defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself **[or a family member, or others];**

2. the defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm;

3. a direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

A defendant asserting defense of duress or coercion must prove these elements by a preponderance of the evidence. To prove a fact by a preponderance of the evidence

means to prove that the fact is more likely so than not so. This is a lesser burden of

proof than to prove a fact beyond a reasonable doubt.

Authority: <u>Tenth Circuit Pattern Jury Instructions Criminal</u> §1.36 (2011 ed.) (modified)

(**Coercion or Duress**).

**REQUESTED INSTRUCTION NO. 30**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.37 (2011 ed.) (**Knowingly – Deliberate Ignorance**).

**REQUESTED INSTRUCTION NO. 31**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.40 (2011 ed.) (**Cautionary Instruction During Trial – Transcript of Recorded Conversation**).

## REQUESTED INSTRUCTION NO. 32

Certain charts and summaries have been shown to you to help explain the

evidence in this case. Their only purpose is to help explain the evidence. These charts

and summaries are not evidence or proof of any facts.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.41 (2011 ed.) (**Summaries

and Charts**).

## REQUESTED INSTRUCTION NO. 33

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that the defendants are presumed innocent, and that the government, not the defendants, has the burden of proof and it must prove each defendant's guilt beyond a reasonable doubt. Those of you who believe that the government has proved a defendant's guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.42 (2011 ed.) (modified) (**Modified *Allen* Instruction**).

## REQUESTED INSTRUCTION NO. 34

Members of the Jury:

(1) You do not have to reach a unanimous agreement on all the charges or counts for all the defendants before returning a verdict on some of the charges. If you have reached a unanimous agreement on some of the charges, you may return a verdict on those charges and then continue deliberating on the others. You do not have to do this, but you can if you wish.

(2) If you do choose to return a partial verdict, that verdict will be final. YOU WILL NOT BE ABLE TO CHANGE YOUR MINDS ABOUT IT LATER ON.

(3) Your other option is to wait until the end of your deliberations, and return all your verdicts then. The choice is entirely yours.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.43 (2011 ed.) (modified) (**Partial Verdict Instruction**).

## REQUESTED INSTRUCTION NO. 35

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to **[the marshal] [the bailiff] [my law clerk],** who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.44 (2011 ed.) (**Communication with the Court**).

## REQUESTED INSTRUCTION NO. 36

Count 7 of the Second Superseding Indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §2.06 (2011 ed.) (**Aid and Abet 18 U.S.C. § 2(a)**).

## REQUESTED JURY INSTRUCTION NO. 37

For you to find the defendants:

Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez, guilty of conspiracy to murder J.M., as charged in Count 6;

Anthony Ray Baca, guilty of conspiracy to commit assault resulting in serious bodily injury to J.R., as charged in Count 8;

Anthony Ray Baca, guilty of conspiracy to murder D.S., as charged in Count 9;

Anthony Ray Baca, and Christopher Garcia guilty of conspiracy to murder G.M., as charged in Count 10;

The government must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

*First*: The defendants and another person or persons by words or acts agreed together to murder or assault the target of the conspiracy.

*Second*: The defendants and another person or persons intended to commit the murder or assault of the target of the conspiracy.

*Third*: This happened in New Mexico on or about:

for Count 6, in March 2016;

for Count 8, 2003, and continuing until on or about July 13, 2015;

for Count 9, starting on a date uncertain, but no later than 2013, and continuing to on or about the date of the Second Superseding Indictment, March 9, 2017;

for Count 10, starting on a date uncertain, but no later than 2013, and continuing to on or about the date of the Second Superseding Indictment, March 9, 2017.

Authority: UJI 14-2810 NMRA (modified) (**Conspiracy: Essential Elements**).

**REQUESTED JURY INSTRUCTION NO. 38**

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

Authority: UJI 14-2810 NMRA (**Conspiracy: Evidence of Association Alone Does Not Prove Membership in Conspiracy**).

**REQUESTED JURY INSTRUCTION NO. 39**

In this case, you must consider separately whether each of the defendants is guilty or not guilty of conspiracy and each of the other charges. Even if you cannot agree upon a verdict as to one or more of the defendants or charges, you must return the verdict or verdicts upon which you agree.

Authority: UJI 14-2812 NMRA (**Conspiracy; multiple defendants; each defendant entitled to individual consideration**).

## REQUESTED JURY INSTRUCTION NO. 40

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

Authority: UJI 14-2814 NMRA (**Conspiracy; evidence of association alone does not prove membership in conspiracy**).

## REQUESTED JURY INSTRUCTION NO. 41

Defendant, Christopher Garcia, is charged in Count 11 of the Second Superseding Indictment with a violation of 18 U.S.C. Section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm, in or affecting interstate commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly possessed a firearm;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.


Authority: Tenth Circuit Pattern Jury Instructions Criminal §2.44 (2011 ed.) (modified) (**Possession of a Firearm by a Convicted Felon 18 U.S.C. § 922(g)(1)**).

**REQUESTED INSTRUCTION NO. 42**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.39 (2011 ed.) (**Interstate and Foreign Commerce – Defined, 18 U.S.C. Section 10**).

## REQUESTED INSTRUCTION NO. 43

The defendant, Christopher Garcia, is charged in Count 12 of the Second Superseding Indictment with a violation of 18 U.S.C. Section 924(c)(1).

This law makes it a crime to use and carry a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of conspiracy to murder as charged in Count 10 of the Second Superseding Indictment. You are instructed that conspiracy to murder is a crime of violence;

*Second*: the defendant used or carried a firearm;

*Third*: during and in relation to the conspiracy to murder as charged in Count 10 of the Second Superseding Indictment.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

In determining whether the defendant knowingly used and carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use and carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant used and carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §2.45 (2011 ed.) (modified) (**Using/Carrying a Firearm During Commission of a Drug Trafficking Crime or Crime of Violence 18 U.S.C. § 924(c)(1)**).

76

## REQUESTED JURY INSTRUCTION NO. 44

Evidence has been presented that _____ **(name of defendant)** was the subject of unfair inducement. Unfair inducement occurs when government agents unfairly cause the commission of a crime. "Government agents" include law enforcement officers or persons acting under their direction, influence or control.

Where a defendant was not ready and willing to commit the crime of _____ [**insert type of offense charged in the Second Superseding Indictment]** before first being contacted or approached by a government agent, but is induced or persuaded to commit the crime by a government agent, the defendant is a victim of unfair inducement. However, where a defendant is ready and willing to commit the crime at the time of the first contact with the government agent, the mere fact that the government agent provides what appears to be an opportunity to commit the crime is not unfair inducement.

The burden is on the government to prove to your satisfaction beyond a reasonable doubt that the defendant was not unfairly induced. If you have a reasonable doubt as to whether the defendant was unfairly induced, you must find the defendant not guilty.

Authority: UJI 14-5160 NMRA (modified) (**Entrapment; unfair inducement; not predisposed**).

## REQUESTED JURY INSTRUCTION NO. 45

Evidence has been presented that government agents exceeded the bounds of permissible law enforcement conduct. Permissible law enforcement conduct is exceeded if government agents:

> **[supplied the _____ [describe the contraband or property transferred or sold resulting in charges against defendant] to the defendant and then obtained the same**
>
> **_____ [describe the contraband or property transferred or sold resulting in charges against defendant] from the defendant]**;
>
> **[or]**
>
> **[_____** *(describe unconscionable method or illegitimate purpose)***];**
>
> **or**
>
> **[engaged in conduct which creates a substantial risk that an ordinary person would commit the crime of _____.]**

"Government agents" include law enforcement officers or persons acting under their direction, influence or control.

The burden is on the government to prove to your satisfaction beyond a reasonable doubt that government agents did not exceed the bounds of permissible law enforcement conduct. If you have a reasonable doubt as to whether the government

agents exceeded the bounds of permissible law enforcement conduct, you must find the

defendant not guilty.

Authority: UJI 14-5161 NMRA (modified) (**Entrapment; law enforcement**

**unconscionable methods and illegitimate purposes**).

## REQUESTED JURY INSTRUCTION NO. 46

Evidence has been presented that the defendant acted in self-defense.

The defendant acted in self-defense if:

1.      There was an appearance of immediate danger of bodily harm to the defendant as a result of _____; and

2.      The defendant was in fact put in fear of immediate bodily harm and **[describe act of defendant]**; and

3.      The defendant used an amount of force that the defendant believed was reasonable and necessary to prevent the bodily harm; and

4.      The force used by defendant ordinarily would not create a substantial risk of death or great bodily harm; and

5.      The apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did.

The burden is on the government to prove beyond a reasonable doubt that the defendant did not act in self-defense.  If you have a reasonable doubt as to whether the defendant acted in self-defense, you must find the defendant not guilty.

Authority: UJI 14-5181 NMRA (**Self-defense; non-deadly force by defendant**).

## REQUESTED INSTRUCTION NO. 47

For you to find the defendants,

Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, Rudy Perez, guilty of first degree murder by a deliberate killing of J.M. as charged in Count 7;

The government must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1.   The charged defendants killed J.M.;

2.   The killing was with the deliberate intention to take away the life of J.M.;

3.   This happened in New Mexico on or about March 7, 2014.

A deliberate intention refers to the state of mind of the defendant. A deliberate intention may be inferred from all of the facts and circumstances of the killing. The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice.


Authority: UJI 14-201 NMRA (modified) (**Willful and deliberate murder; essential elements**).

## REQUESTED INSTRUCTION NO. 48

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom, should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a term used by Congress to describe the statute.

Authority: Tenth Circuit Pattern Jury Instructions Criminal § 2.74.1 (2011 ed.)

**(Racketeer Influenced and Corrupt Organization Act: Prejudice from the Word "Racketeering").**

### REQUESTED INSTRUCTION NO. 49

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the enterprise existed as alleged in the Second Superseding Indictment;

*Second*: That the enterprise was engaged in interstate **[foreign]** commerce or that its activities affected interstate **[foreign]** commerce;

*Third*: That the enterprise was engaged in racketeering activity;

*Fourth*: That the defendant committed **[threatened to commit] [attempted to commit] [conspired to commit]** the following crime[s] of violence:

Count 6 (Defendants Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez): conspiracy to murder J.M.;

Count 7 (Defendants Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez): murder of J.M.;

Count 8 (Defendant Anthony Ray Baca): conspiracy to commit assault resulting in serious bodily injury to J.R.;

Count 9 (Defendant Anthony Ray Baca):  conspiracy to murder D.S.;

Count 10 (Defendants Anthony Ray Baca and Christopher Garcia):

conspiracy to murder G.M..

I will **[have already] instruct[ed]** you on what the government must prove to establish that the defendant committed this **[these] act[s]**; and

**[If the violent crime(s) are not charged in separate counts, instructions on the elements of each crime will need to be given as part of this VICAR charge.]**

*Fifth*: That the defendants' purpose in committing **[threatening to commit] [attempting to commit] [conspiring to commit]** the crime[s] of violence was to gain entrance to, or to maintain, or to increase his position in the enterprise **[as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the enterprise].**

**[If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," include the following language: It is not necessary for the government to prove that this was the sole purpose of the defendant in committing the charged crime. You need only and that it was a substantial purpose, or that the defendant committed the charged crime as an integral aspect of membership in the enterprise. In deter- mining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.]**

84

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to and that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

The enterprise is "engaged in interstate **[foreign]** commerce" if it directly engaged in the production, distribution, or acquisition of goods or services in such commerce. The enterprise's conduct "affected" inter-state **[foreign]** commerce if the conduct had a demonstrated connection or link with such commerce.

It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

"Racketeering activity" means the commission of certain crimes, including:

Count 6, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5);

Count 7, murder in violation of 18 U.S.C. § 1959(a)(1);

Count 8, conspiracy to commit assault resulting in serious bodily injury in violation of 18 U.S.C. § 1959(a)(6);

Count 9, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5);

Count 10, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5).

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

**[Insert instructions on the elements of each racketeering activity.]**

Authority: Fifth Circuit Pattern Jury Instructions Criminal §2.78 (2015 ed.) (modified) (**Violent Crimes in Aid of Racketeering 18 U.S.C. § 1959(a)**).

## REQUESTED INSTRUCTION NO. 50

**LIMITING INSTRUCTION 404(b): EVIDENCE INTRODUCED AT TRIAL**

You have just heard evidence of other acts engaged in by the defendants. This evidence was offered for the limited purpose of showing the identity, knowledge or intent, if any, of the defendants with respect to the offenses charged. You may not consider this evidence for any other purpose.

The fact that the defendants may have previously committed an act similar to the charges in this case does not mean that the defendants necessarily committed the acts charged in Second Superseding Indictment in this case.

Authority: *United States v. Rodella*, 101 F. Supp. 3d 1075, 1085-86 (D.N.M. 2015).

## REQUESTED INSTRUCTION NO. 51

## LIMITING INSTRUCTION 404(b): EVIDENCE TO BE ISSUED
## AT THE CLOSE OF TRIAL

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged in the Second Superseding Indictment. The defendants are not on trial for any act, conduct, or crime not charged in the Second Superseding Indictment.

Authority: *United States v. Rodella*, 101 F. Supp. 3d 1075, 1086 (D.N.M. 2015).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No. 15-CR-4268 JB

ANGEL DELEON, et al.,

      Defendants.

**<u>VERDICT</u>**

1. WE, the Jury, find the defendant, DANIEL SANCHEZ,

                                    _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 6 of

the Second Superseding Indictment.

2. WE, the Jury, find the defendant, DANIEL SANCHEZ,

                                    _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering (murder), and aiding and abetting, as charged in

Count 7 of the Second Superseding Indictment.

3. WE, the Jury, find the defendant, ANTHONY RAY BACA,

                                    _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 6 of

the Second Superseding Indictment.

4. WE, the Jury, find the defendant, ANTHONY RAY BACA,

_____

(guilty or not guilty)

of violent crimes in aid of racketeering (murder), and aiding and abetting, as charged in

Count 7 of the Second Superseding Indictment.

5. WE, the Jury, find the defendant, ANTHONY RAY BACA,

_____

(guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to commit assault resulting in

serious bodily injury), as charged in Count 8 of the Second Superseding Indictment.

6. WE, the Jury, find the defendant, ANTHONY RAY BACA,

_____

(guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 9 of

the Second Superseding Indictment.

7. WE, the Jury, find the defendant, ANTHONY RAY BACA,

_____

(guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 10

of the Second Superseding Indictment.

8. WE, the Jury, find the defendant, CHRISTOPHER GARCIA,

_____

(guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 10

of the Second Superseding Indictment.

9. WE, the Jury, find the defendant, CHRISTOPHER GARCIA,

_____
                                (guilty or not guilty)

of felon in possession of a firearm, as charged in Count 11 of the Second Superseding

Indictment.

10. WE, the Jury, find the defendant, CHRISTOPHER GARCIA,

_____
                                (guilty or not guilty)

of using and carrying a firearm during and in relation to a crime of violence, as charged

in Count 12 of the Second Superseding Indictment.

11. WE, the Jury, find the defendant, CARLOS HERRERA,

_____
                                (guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 6 of

the Second Superseding Indictment.

12. WE, the Jury, find the defendant, CARLOS HERRERA,

_____
                                (guilty or not guilty)

of violent crimes in aid of racketeering (murder), and aiding and abetting, as charged in

Count 7 of the Second Superseding Indictment.

13. WE, the Jury, find the defendant, RUDY PEREZ, _____
                                (guilty or not guilty)

of violent crimes in aid of racketeering (conspiracy to murder), as charged in Count 6 of

the Second Superseding Indictment.

14. WE, the Jury, find the defendant, RUDY PEREZ, _____

                                                 (guilty or not guilty)

of violent crimes in aid of racketeering (murder), and aiding and abetting, as charged in

Count 7 of the Second Superseding Indictment.

        Dated this day of _____, 2018.

                                      _____

                                      FOREPERSON

In addition to the specific jury instructions, listed above, defendants reserve the right to offer any additional jury instruction subsequent to the disclosure and/or review of the 16,000 hours of inmate phone calls recently disclosed, the government's witness list, the government's exhibit list, Jencks materials, and the additional discovery the government has promised, yet not produced. Defendants also reserve the right to amend the jury instructions if any severance of defendants and/or counts is granted.

Respectfully submitted,

    /s/
**Amy Sirignano, Esq.**
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
Fax: (505) 242-2774
Email: amy@abqnmlaw.com

    /s/
**Christopher W. Adams**
The Law Office of Christopher W. Adams, PC
102 Broad Street, Suite C
Charleston, SC 29401
(843) 577-2153
Fax:(877) 883-9114
Email: chris@chrisadamslaw.com

*Co-counsel for Christopher Garcia*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document was electronically filed using the Court's ECF filing system which disburses copies electronically to parties of record where appropriate on this 12th day of January, 2018.

<u>/s/ *Electronically Submitted*</u>

Amy Sirignano