## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

**vs.**                              No. 2:15-cr-04268-JB

**ANGEL DELEON, et al.,**

        Defendants.

### DEFENDANTS' OBJECTION TO SHACKLING

Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, joined by all Trial 1 co-Defendants, Anthony Ray Baca, Daniel Sanchez, Christopher Garcia and Carlos Herrera (hereinafter "Trial 1 Defendants"), by their respective counsel, hereby submits this objection to Defendants being shackled during any portion of Trial 1, which begins January 29, 2018.

1.      During various pretrial proceedings, the Court has indicated that during Trial 1, all Trial 1 Defendants will be shackled around their legs.

2.      The Court indicated the shackles will be taped, to minimize the noise they produce upon movement, and that all counsel table will have bunting, to minimize the chance jurors may see that Defendants are shackled.

3.      Trial 1 Defendants object to being shackled. Defendants recognize the Court is taking steps to minimize the risk the jury may see the shackles, but over the course of what is estimated to be a 6-8-week trial, there is simply no way to ensure this.

4.      Throughout the dozens of pretrial proceedings in this case, none of the Trial 1 Defendants have behaved inappropriately in court or otherwise given the Court any reason to believe that their shackling during trial is necessary.  Although some issues have been raised

with respect to courtroom behavior, such as a defendant bringing shanks to court, this was done by a cooperating co-defendant, not any of the Trial 1 Defendants.

5.     "The law has long forbidden routine use of visible shackles … it permits a State to shackle a criminal defendant only in the presence of a special need." *Deck v. Missouri*, 544 U.S. 622, 626 (2005). This principle is deeply rooted in common law. *Id.* "[I]n the 18th century, Blackstone wrote that 'it is laid down in our antient books, that, though under an indictment of the highest nature,' a defendant 'must be brought to the bar without irons, or any manner of shackles or bonds; unless there be evident danger of an escape.'" *Id.* (quoting 4 W. Blackstone, Commentaries on the Laws of England 317 (1769)) (citing 3 E. Coke, Institutes of the Laws of England ("If felons come in judgement to answer, ... they shall be out of irons, and all manner of bonds, so that their pain shall not take away any manner of reason, nor them constrain to answer, but at their free will"). While recognizing that at common law this right did not apply at pretrial proceedings, the Court noted that "[i]t was meant to protect defendants appearing at trial before a jury." *Id.* (citing *King v. Waite*, 1 Leach 28, 36, 168 Eng. Rep. 117, 120 (K.B.1743) ("[B]eing put upon his trial, the Court immediately ordered [the defendant's] fetters to be knocked off")).

6.     Turning to American common law, the *Deck* Court also determined that our courts have traditionally followed the English rule, permitting shackling only "in extreme and exceptional cases, where the safe custody of the prisoner and the peace of the tribunal imperatively demand, the manacles may be retained." *Id.* at 626-37 (quoting 1 J. Bishop, New Criminal Procedure § 955, p. 573 (4th ed. 1895)) (citing J. Bishop at 572–573) ("[O]ne at the trial should have the unrestrained use of his reason, and all advantages, to clear his innocence. Our American courts adhere pretty closely to this doctrine"). The Court examined a broad array of early American decisions and found that although the courts disagreed about the degree of

discretion to be afforded the trial court, with almost no exceptions, they agreed on a basic rule of fundamental fairness that defendants may not be shackled absent a particularized reason to do so. *Id.* at 627.

7.      In *Deck*, the Court considered shackling during the penalty phase of a death penalty trial and determined: "The Constitution forbids the use of visible shackles during a capital trial's penalty phase, as it does during the guilt phase, unless that use is 'justified by an essential state interest'—such as courtroom security—specific to the defendant on trial." *Deck,* 544 U.S. at 624 (2005) (quoting *Holbrook v. Flynn*, 475 U.S. 560, 568–569 (1986)).

8.      Despite ruling on shackling only in the penalty phase, the Court took the step of affirmatively concluding that due process prohibits shackling in any trial.  *Id.* at 629.  The Court held "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial. Such a determination may of course take into account the factors that courts have traditionally relied on in gauging potential security problems and the risk of escape at trial."

9.      The Court determined that routine shackling violates due process because 1.) it is an affront to the presumption of innocence and the fairness of the factfinding process that goes along with it, 2.) it can interfere with an accused's Sixth Amendment right to assist counsel and participate in his own defense, and 3.) it undermines courtroom dignity which includes respectful treatment of defendants.  *Id.* at 630-31.

10.      Accordingly, if non-routine shackling is to be used, a court must take into account the specific case circumstances.  *Id.* at 632.  In addition to the risk of escape, one factor identified is the need to shackle a dangerous defendant to prevent a court room attack.  *Id.* at 632; *see also*

*id.* at 633 (stating determination to use shackles "should reflect particular concerns, say, special security needs or escape risks, related to the defendant on trial").  *See also Capshaw v. Abbott*, 100 Fed. Appx. 799, 800 (10th Cir. 2004) (unpublished) (upholding trial court's shackling of defendant given his previous escape from custody, his criminal history, and his status as a "high risk inmate"); *United States v. Hack*, 782 F.2d 862, 866-67 (10th Cir. 1986) (upholding shackling where deputy marshal advised court that he had received reliable information that defendants planned to escape, plus defendant's alleged crimes of air piracy in connection with attempted escape from prison and prior criminal history).

11.     Here, there are no exceptional circumstances warranting the shackling of Trial 1 Defendants.  No particularized showing has been made as to any of the Trial 1 Defendants that any one of them present a risk of a courtroom attack, escape, or any other special security concerns that require shackling.  To be sure, the government alleges Defendants have committed violent crimes in aid of racketeering, but none of those crimes involved activities in a courtroom, attempted escape, or suggest any reason Defendants need to be shackled during Trial 1.  Without more, shackles are not appropriate based solely on the charges alleged against Trial 1 Defendants.

12.     Additionally, the courtroom layout the Court has proposed to minimize the risk of the jury seeing the shackles would interfere with counsel's effective representation of their clients for other reasons.  For example, the Court proposes to physically separate two defendants from one of their lawyers (Anthony Ray Baca from Theresa Duncan and Carlos Herrera from Carey Bhalla), which would deny those defendants the right to confer with their counsel during trial.  Given the fluidity of trial, the ability to confer with counsel is critical to an effective defense.  Also, counsel's efforts to confer with their clients despite the physical separation is

likely to convey to the jury that the clients are somehow prevented from moving, thereby suggesting the presence of leg irons even if the jurors cannot see those irons.

13.     Absent any particularized showing of a security risk, and given that no such showing has been made here, Trial 1 Defendants' due process rights will be violated if they are shackled during trial, even under the conditions the Court proposes.   Accordingly, Trial 1 Defendants object to the proposes shackling and request they be permitted to stand trial like any other person, without shackles.

.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

JUSTINE FOX-YOUNG, P.C.

*/s/ Justine Fox-Young*
Justine Fox-Young
1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87112
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Rudy Perez*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>/s/*Ryan J. Villa*</u>
Ryan J. Villa