IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**vs.**                                                                    No. 2:15-cr-04268-JB

**ANGEL DELEON, et al.,**

    Defendants.

### DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED VOIR DIRE

Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, joined by Trial 1 co-Defendants, Anthony Ray Baca, Daniel Sanchez, Christopher Garcia, and Carlos Herrera (hereinafter "Trial 1 Defendants"), by their respective counsel, hereby submits objections to the United States Proposed Voir Dire [Doc. 1634].

**A. Objections to "The Charges" questions.**

1. Objection to paragraphs 1-13. The United States proposes to tell the venire each crime against each Defendant in paragraphs 1-5, and then summarizes the charges against the Defendants in paragraphs 6-13, although the summary appears to be a complete recital of the counts in the Second Superseding Indictment [Doc. 949], against each Defendant, including listing the co-defendants who are not being tried, as well as the alleged monikers of each Defendant.

2. Defendants object to this summary and recitation of all the charges. The parties agreed to a Joint Proposed Statement of the Case [Doc. 1629], which the parties agreed is to be read to the venire prior to the commencement of voir dire. This Joint Statement identifies each Defendant proceeding to trial on January 29, 2018, in Trial 1, and the alleged crimes for which each is charged. This is sufficient to summarize the charges for the jury. It appears the purpose

of paragraphs 1-13, is to then ask the venire if they have heard of any of the events that form the basis of the charges, or have read or heard anything about the charges or Second Superseding Indictment.  *See* paragraph 14 of United States Voir Dire, at p. 6.  However, the Joint Statement is sufficient to accomplish this.  The government's proposed summary and recitation simply reiterates what is in the Joint Statement of the case and adds information that is unnecessary and inflammatory.  It is unnecessary to inform the jury two more times what the charges are in order to ask if they have heard of the case.  It is also unnecessary to include the originally charged co-defendants, or the Defendants alleged monikers.

       3.      Objection to paragraph 12.  The government lists three (3) prior felony convictions of Christopher Garcia.  The government intentionally lists these prior convictions to prejudice Mr. Garcia.  While it is the government's burden to prove that Mr. Garcia had been convicted of at least one felony crime punishable by imprisonment for a term exceeding one year, (18 U.S.C. Section 922(g), the mere fact of that conviction is sufficient for their proof.  Offering Mr. Garcia's three prior convictions to the venire during questioning would be gravely prejudicial and should not be allowed pursuant to Federal Rule of Evidence 403.

    **B. Objection to "Nature of the Charges" questions.**

       4.      Objection to paragraph 15.  The first sentence of this question reads: "During the trial, you will hear evidence concerning alleged conspiracies to murder Javier Molina and to assault Julian Romero, both members of the Syndicato Nuevo Mexico (SNM) prison gang."  Defendant objects to the last clause of this sentence as it should say "both *alleged* members…."  To permit the government to pose the question this way improperly allows it to argue facts that it must prove to the jury.  Here, whether Molina and Romero are members of SNM is critical to the government's

case that the violent crimes committed against them were done in aid of alleged SNM racketeering activities.

5. Objection to paragraph 16. The question begins: "The defendants in this case are members of the Syndicato Nuevo Mexico prison gang…." Defendants contend the question should be posed with the term "alleged." The question would then read: "The defendants in this case are "alleged" to be members…." Otherwise, this question improperly argues facts to the jury for which they will be tasked with deciding at trial.

6. Objection to paragraph 17. The question reads: "Syndicato Nuevo Mexico is a powerful and violent prison gang that operates inside and outside of state and federal prisons throughout the United States. Do any of you belong to an organization that seeks to promote the rights of prisoners?" The entire first sentence of this question should be stricken. It is a conclusory statement, and argues facts that the jury may be tasked to decide: whether SNM is a prison gang that operates inside and outside prison. It also suggests facts that may not even be admissible: whether SNM is powerful and violent, and operates inside and outside federal prisons throughout the United States. This sentence is inflammatory and is unnecessary. The government can inquire whether venire members belong to organizations that promote prisoner's rights without stating the first sentence. Moreover, the Joint Statement of the Case informs the jury that Defendants are alleged members of SNM. If the Court permits some statement about the SNM's alleged status, it should require the government to state that "SNM is an *alleged* prison gang."

**C. Objection to "Ability to Render A Fair Verdict" questions.**

7. Objection to paragraph 28. The government inserts in parentheticals [read witness list]. However, the government filed its initial Sealed Witness List on November 20, 2017, including over 200+ witnesses [Doc. 1464]. It filed its Sealed Supplemental Witness List on

3

January 12, 2018, which includes 83 witnesses [Doc. 1633].  It is unclear from the government's pleadings which witness list it would like to read to the venire.  Defendants would object to the reading of the original list of 200+ witnesses.

       8.      Objection to paragraph 29.  The second sentence of the question states: "Let me advise you that the use of expert testimony is proper in the context of this case."  This statement is inappropriate.  It is for the Court initially, and the jury ultimately, to determine if expert testimony is proper in the context of this case.  This statement permits the government to vouch for its expert witness by telling the jury that their experts' testimony is proper.  The government should be prohibited from making this statement.

       9.      Objection to paragraph 32.  The last sentence of this question reads, "Is there anyone here who would automatically believe or disbelieve a person's testimony just because he has plead (sic) to an offense or because he is testifying pursuant to an agreement."  This sentence is not complete and it is very misleading. The last part government's statement should read:  . . .because he is testifying pursuant to a government cooperator's agreement that provides a benefit from the government to the witness.

**D. Objection to "Burden of Proof" questions.**

      10.      Objection to paragraph 42. The second sentence of this question reads in pertinent part: "The United States is not required to prove its case *beyond a shadow of a doubt*…." Defendants object to the use of the italicized phrase because it is misleading with respect to the government's burden of proof.  It is appropriate to state the government does not have to prove its case beyond all *possible* doubt, because possible is an unambiguous term and this accurately reflects the burden.  The term *shadow* or similar words can be ambiguous.  Other than reading

4

directly from the jury instructions or using the term all possible doubt, the government should not be permitted to use ambiguous terms in describing reasonable doubt.

11.     Objections to paragraphs 46, 47, 49, 50, and 51.  The government is most likely going to present physical evidence during this trial, so paragraph 46 is misleading to the jury. Paragraph 47 is yet another attempt by the government to tell the venire what its burden is and is duplicative to paragraph 42.  Paragraph 49 again is just a masked question to get its burden in front of the jury.  Paragraphs 49 and 50 should be stricken; based on the discovery and its pleadings, the government will be introducing evidence, including scientific evidence. Regarding paragraph 51, the government does not define "traditional" evidence, which is wholly misleading, and again, based on the discovery, the government will be introducing scientific evidence in this case so this question is unnecessary.

**E. Objection to "Other Questions."**

12.     Objection to paragraphs 52 and 53.  Without knowing what the government's alleged "discussion" is regarding aiding and abetting and conspiracy, and what law or pattern jury instruction they will be using to have this discussion, the defense objects to the indefinite and broad nature of the government's "discussions."

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

*/s/ Ryan J. Villa*
Ryan J. Villa
2501 Rio Grande Blvd. NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
(505) 433-5812 facsimile
ryan@rjvlawfirm.com

AND

JUSTINE FOX-YOUNG, P.C.

5

>*/s/ Justine Fox-Young*
>Justine Fox-Young
>1903 Wyoming Blvd. NE, Suite B
>Albuquerque, NM 87112
>(505) 796-8268
>justine@foxyounglaw.com
>
>*Attorneys for Rudy Perez*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>/s/*Ryan J. Villa*
>Ryan J. Villa