**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

                                        **Plaintiff,**

        **vs.**                                        **No. 2:15-cr-04268-JB**

**ANGEL DELEON, et al.,**

                                        **Defendants.**

**OBJECTIONS TO UNITED STATES' EXHIBIT LIST [DOC. 1637]**

        Defendant Anthony Ray Baca, joined by Defendants Daniel Sanchez, Christopher Garcia, Carlos

Herrera, and Rudy Perez, through their respective counsel, respectfully submits the following objections

to the United States' Exhibit List [Doc. 1637].

        The United States has not yet provided the Defendants with copies of its intended exhibits, and its

descriptions of those exhibits are insufficient to permit the Defendants to identify them from the 40,000+

pages of documents disclosed in discovery.  Thus, Defendants reserve their right to raise additional

objections once the exhibits themselves have been disclosed.

        Additionally, Defendants reserve their right to object to the descriptions of specific exhibits

should the Court allow the parties' final exhibit lists (containing only those exhibits admitted at trial) to

be given to the jury for its use during deliberations.

        Finally, as a general matter, all Count 6 and 7 defendants object to the admission of all exhibits

and evidence related to Counts 8-12, Chris Garcia objects to all Counts 6-7 evidence, and Anthony Ray

Baca objects to all Counts 11-12 exhibits, on relevance, confrontation, hearsay and FRE 403 grounds.

        **Exhibits 4-5, 8-10, 17, 26, 37-50, 83-84, 94-95, 101-104, 106-160, 165-166**

        These exhibits are described as physical evidence, photographs and drawings related to the killing

of Javier Molina, which depict blood evidence and the injuries to Mr. Molina.  There is no dispute that

Mr. Molina was murdered on March 7, 2014.  There is no dispute that cooperating defendant Timothy

Martinez choked Mr. Molina to cause him to temporarily lose consciousness, and cooperating defendants Jerry Armenta and Jerry Montoya then stabbed him to death.  There is also no dispute that none of the defendants facing trial physically attacked Mr. Molina; indeed two of the defendants (Baca and Herrera) were not housed in the unit where the murder occurred and video evidence shows the remaining two (Perez and Sanchez) did not participate in the attack.  The question the jury must decide is whether the defendants facing trial "authorized" the killing or provided other assistance prior to the murder.

Although Mr. Molina's death, the cause and manner of his death, and the identity of the murderers are undisputed, the government proposes to introduce over 80 pieces of physical or photographic images showing blood splatter from the attack or the injuries to Mr. Molina.  Defendants object to this evidence on the grounds that its marginal probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, wasting time, and needlessly presenting cumulative evidence.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

**Exhibits 77-82, 484-650**

These exhibits are described as "group" photographs and individual photographs of the Defendants and cooperating government witnesses.  Without knowing the specific photographs the government seeks to introduce, Defendants cannot know whether they are objectionable.  Thus, Defendants reserve the right to object to the admission of the exhibits at a later time.

**Exhibits 167-169, 171**

These exhibits are described as the Office of the Medical Examiner's notes from, and report of, the autopsy for Javier Molina.  In addition to the objections noted above, Defendants object to the admission of these exhibits on Sixth Amendment confrontation and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court.").

**Exhibit 173**

This is a report by audio-video analyst Roger Cain.  Defendants object to the admission of this exhibit on Sixth Amendment confrontation and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 802.

**Exhibits 175-216, 286-427, 457-482, 676-677**

These exhibits are described as audio recordings of alleged conversations between individual defendants and confidential human sources (including cooperating defendants).  Defendants object to the admission of these exhibits on hearsay and Sixth Amendment confrontation grounds, as well as on the grounds of relevance and because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403.  Defendants also object for the reasons stated in pretrial motions challenging the admission of these exhibits.  *See* Docs. 1228, 1303, 1317, 1514, 1517, and 1616.

These exhibits also contain transcripts of the conversations.  Defendants continue to object to the admission of transcripts as substantive evidence of audio recordings on Sixth Amendment confrontation and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 802.  To the extent the transcripts are not complete, Defendants also object on the grounds that introducing partial transcripts is contrary to Fed. R. Evid. 106.

**Exhibits 217-218, 271, 483**

These exhibits are described as timelines of the offenses charged in the indictment.  Because the Government has not provided the Defendants with copies of these timelines, the Defendants do not know whether they are objectionable, such as on the grounds they are misleading, inaccurate, unfairly prejudicial, or for any other reason.  Thus, Defendants reserve their right to object to the admission and/or use of the exhibits at a later time.

**Exhibits 219-252, 269-270, 428-433**

These exhibits are described as "Penitentiary Packs" and "Security Threat Intelligence Unit File" for alleged victims, cooperating witnesses, and the defendants.  Defendants may not object to the admission of individual documents within those files, but they object to the admission of the entirety of the files on Sixth Amendment confrontation, hearsay, relevance, and Rule 403 grounds.  *See* U.S. Const., Amend. VI ; Fed. R. Evid. 402; Fed. R. Evid. 403; Fed. R. Evid. 802.

**Exhibits 253-267**

These exhibits are described as physical evidence and photographs related to the beating of Julian Romero by Conrad Villegas in July 2015.  This beating was caught on video, and there is no dispute that Mr. Villegas injured Mr. Romero. There is also no dispute that Mr. Baca was not present during the attack.  The question the jury must decide is whether Defendant Anthony Baca "authorized" the beating or provided other assistance to Mr. Villegas.

Although the beating of Mr. Romero and the injuries he sustained as a result of that beating are not disputed, the government proposes to introduce 15 physical or photographic exhibits showing blood evidence or the injuries to Mr. Villegas.  Defendants object to this evidence on the grounds that its marginal probative value to the issue to be decided by the jury is substantially outweighed by the dangers of unfair prejudice, confusing the issues, wasting time, and needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

Defendants Sanchez, Garcia, Perez, and Herrera further object to the relevance of this evidence. *See* Fed. R. Evid. 402.

**Exhibits 272-276**

These exhibits are described as letters purportedly written by cooperating defendants Robert Martinez and Roy Martinez to individuals they hoped would help kill Gregg Marcantel.  Defendants object to the admission of these exhibits on relevance, Sixth Amendment confrontation, and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 402; Fed. R. Evid. 802.  Defendants further object on the grounds that the probative value of the evidence is substantially outweighed by the danger of unfair

prejudice and the potential to confuse and mislead the jury. (Fed. R. Evid. 403).

### Exhibits 281-282, 284

These exhibits are described as lab reports related to the forensic testing of a firearm.  Defendants object to the admission of these exhibits on Sixth Amendment confrontation and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 802.  Defendants also object on the ground that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse the issues and mislead the jury.  *See* Fed. R. Evid. 402; Fed. R. Evid. 403.

Defendants Baca, Sanchez, Perez, and Herrera further object to the relevance of this evidence. *See* Fed. R. Evid. 402.

### Exhibits 434-437

These exhibits are described as judgments showing Defendant Christopher Garcia's prior convictions.  Defendants object to the admission of these exhibits on relevance, Sixth Amendment confrontation, hearsay, and foundational grounds, as well as because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse the issues and mislead the jury. *See* U.S. Const., Amend. VI: Fed. R. Evid. 402; Fed. R. Evid. 403.

### Exhibits 438-456

These exhibits consist of physical and photographic evidence related to alleged drug sales by Christopher Garcia.   Defendants object to the admission of these exhibits on relevance, Sixth Amendment confrontation, and hearsay grounds, as well as because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse the issues and mislead the jury. *See* U.S. Const., Amend. VI: Fed. R. Evid. 402; Fed. R. Evid. 403.  Further, Case 15-CR-4275 has not been fully adjudicated, Christopher Garcia has not yet been sentenced and has not pleaded that the charges in Case 15-CR-4275 are in any way related to the charges in this case.

### Exhibits 651-653

These exhibits are described as documents found in Anthony Ray Baca's cell or in his STIU "soft file".  Defendants object to the admission of these exhibits on relevance, Sixth Amendment confrontation,

and hearsay grounds.  *See* U.S. Const., Amend. IV; Fed. R. Evid. 402; Fed. R. Evid. 802.  Defendants further object that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* Fed. R. Evid. 403.  Defendants reserve the right to object on additional grounds once the government discloses copies of the documents they intend to introduce.

### Exhibits 654-675

These exhibits are described as the plea agreements and addenda for various cooperating defendants.  Defendants do not object to the admission of these documents so long as they are redacted consistent with this Court's oral ruling and the agreements reached by the parties on December 18, 2017. *See* Trans. of 12/18/17 Hearing, at 260-272.

### Exhibits 678-680

These exhibits are described as jail calls made by Mauricio Varela, a former co-defendant who is not expected to testify at the upcoming trial.  Defendants object to the admission of these calls on relevance, Sixth Amendment confrontation, and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 402; Fed. R. Evid. 802.  Defendants further object on the ground that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* Fed. R. Evid. 403.

### Exhibits 681-684

These exhibits are described as jail calls made by Defendant Anthony Ray Baca.  Defendants object to the admission of these calls on relevance grounds and because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* Fed. R. Evid. 402-403.

Defendants Sanchez, Garcia, Herrera and Perez also object on Sixth Amendment confrontation and hearsay grounds.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 802.

**Exhibits 687-690**

These exhibits are described as letters written by various people other than the Defendants, with the exception of one letter purportedly written by Defendant Carlos Herrera.  Defendants object to the admission of these letters on Sixth Amendment confrontation, hearsay, and relevance grounds and because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 402-403, and 802.

**Exhibits 1-252**

These exhibits are offered by the government to prove counts 6-7 of the indictment.  Defendant Christopher Garcia is not charged in these offenses.  He objects to the admission of these 231 exhibits on the grounds of relevance, Sixth Amendment confrontation, and hearsay grounds and because the probative value of these exhibits is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  *See* U.S. Const., Amend. VI; Fed. R. Evid. 402-403, and 802.

**Exhibits 253-483**

These exhibits are offered by the government to prove counts 8-12 of the indictment.  Defendants Sanchez, Herrera, and Perez are not charged in these offenses.  They object to the admission of these 231 exhibits on the grounds of relevance, Sixth Amendment confrontation, and hearsay grounds and because the probative value of these exhibits is substantially outweighed by the danger of unfair prejudice and the potential to confuse and mislead the jury.  See U.S. Const., Amend. VI; Fed. R. Evid. 402-403, and 802.

Respectfully submitted,


/s/ Theresa M. Duncan
Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

AND

ROTHSTEIN DONATELLI, LLP

/s/ Marc M. Lowry
MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorneys for Anthony Ray Baca*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January 2018, I filed the foregoing pleading

electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan