IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                No. 2:15-cr-4268-JB

ANGEL DELEON,

        Defendants.

## JOINT OBJECTIONS TO THE UNITED STATES' SEALED SUPPLEMENTAL WITNESS LIST

      Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, joined by Trial 1 co-Defendants, Anthony Ray Baca, Daniel Sanchez, Christopher Garcia, and Carlos Herrera (hereinafter "Trial 1 Defendants"), by their respective counsel, hereby submits objections to the United States' Sealed Supplemental Witness List [Doc. 1633] as follows:

      1.      Defendants charged in Count 6 and 7 only, Defendants Perez, Sanchez and Herrera, object to all of the United States' proposed witnesses who will provide testimony about Counts 8-12. This evidence is inadmissible against Counts 6 and 7 Defendants Perez, Sanchez and Herrera because it is not relevant and is unfairly prejudicial contrary to Fed. R. Evid. Rules 401, 402 and 402. In addition, many of these witnesses will testify to statements made by others which is inadmissible hearsay as to these three Defendants violating Fed. R. Evid. Rule 802, and will violate their right to confrontation under the Sixth Amendment.

      2.      For the same reasons, Defendant Garcia objects to all of the United States' proposed witnesses who will provide testimony about Counts 6 and 7. This evidence is inadmissible against him because it is not relevant and is unfairly prejudicial contrary to Fed. R. Evid. Rules 401, 402 and 402. Statements introduced through these Counts 6 and 7 witnesses is hearsay as to Mr. Garcia and may violate his right to confrontation under the Sixth Amendment.

3. Trial 1 Defendants object to the United States exceeding the Court's limitation on "will call" witnesses.

The Court orally ruled on December 19, 2018,

> THE COURT: All right. Ms. Armijo, Ms. Wild, if you'll remind me of what the -- what it says on the scheduling order about witnesses. What does it say on that?
>
> MS. ARMIJO: Well, Your Honor, it says January 12, 2018, witness list. But I believe that when we were at one of our previous hearings, you had ordered the Government to be over inclusive, and to file a witness list, which we've done.
>
> THE COURT: Okay. Well, let me ask the Government this before I start imposing things: On your January 12th list that you're going to file by January 12th, what is it that you're thinking of filing, you're wanting to file? And let me see if I can work with that before I start telling the Government what to file. What's your thinking about what you're going to file on the 12th?
>
> MS. ARMIJO: You mean as far as witness list, or the --
>
> THE COURT: Yes.
>
> MS. ARMIJO: Well, we've already filed one. We probably would file another one and try and make it a little bit more tailored to witnesses that we would be calling. It still may be a little bit -- have people that we may not, but just in an abundance of caution, so that we're not caught short, if we have to call somebody, have some people on there. But it would be shorter, I would imagine.
>
> THE COURT: Let me ask some general questions, see if we can maybe hammer something out that's useful to everybody, and still allows the Government to do what it needs to do. Thinking of your case-in-chief, how much witnesses -- let me ask this question -- it goes back to how long this trial is going to last. How long do you think it's going to take the Government to put on its case? Of the six to eight weeks that we're talking about, how much of that time do you think is going to be the Government putting on its case?
>
> MS. ARMIJO: If I could just have a moment, Your Honor.
>
> THE COURT: You bet.

MS. ARMIJO: Four weeks.

THE COURT: Now, thinking about your case-in-chief, how many witnesses -- not naming the witnesses -- but how many witnesses do you think you're going to be putting on in that four weeks? Do you think you're looking at 20, 30? What do you think that four weeks is going to look like?

MS. ARMIJO: Approximately 30.

THE COURT: Do you think that 30 is a conservative number? Or do you think that number -- by that I mean does that leave you a little bit of cushion, or do you think that's a number that is one that, if we worked with 30, it's going to get you into trouble?

MS. ARMIJO: As long as -- I think it's a good number. I think it gives us a little bit of wiggle room. And depending on cross-examination and defenses that we see, things like that -- I mean, we may have to add to it. But that's probably a good number.

THE COURT: Okay.

MS. ARMIJO: Certainly, if as we start to really get into things, if it's more, we'd let the parties know. But I think that's a fair estimate.

THE COURT: Okay. Now, don't anybody panic here, but here's what I'm going to propose, and then we'll see if there is something here to try to work with to address the defendants' needs and the Government's needs. What if I required, by January 12, a witness list that it was of this structure; that on the -- there will be at the top of the witness list, there will be a will call list. It will not exceed 35 names. Those will be the people that, in the Government's best estimation, good faith, they think they will be calling and -- well, just will be calling. And then everybody else will be at the bottom in a may call list. And then another category -- although I want to talk about it -- is rebuttal witnesses at the bottom. Now, while everybody is beginning to absorb this sort of idea, by rebuttal witnesses I take a fairly narrow view of rebuttal witnesses, in the sense that if -- if the testimony can be anticipated, I don't think that they're really rebuttal witnesses. So we know a lot about what the defendants are going to do and say. We've watched some of it. So if it's something that we think they're going to do, we've seen them do, or there is any possibility they can do, I think they probably need to be above the rebuttal line, not below the rebuttal line. So the rebuttal line might be a zero for you, because those are really

the kind of witnesses that you can't anticipate. You just didn't know the defendants were going to do anything like that. You can walk up here and tell me at the bench, Judge, I didn't have any idea they were going to go that direction. So your rebuttal line may be zero. But if you gave them a will call that's 35 or under, and then you had a may call that, at this point, with five defendants, you could cut down as much as you can, if you know people are not going to be called, if you could knock them off the list, so they're not assigning those to various people, I would think that's probably how they're going to do this. They're going to sit down and probably divide up the will calls among some lead lawyers. And then the will call, maybe more junior lawyers are going to get some will calls. But if you can try to reduce the number of people on that list, and so that reduces the amount of work they've got to do, could you live with that, as far as the defendants' request for an updated witness list?

MS. ARMIJO: We could certainly try, Your Honor, to meet that. And if we're having issues, then we'd let the parties know. But we could certainly try.

Transcript of December 19, 2018 Hearing (Doc. 1608) p.189 – 200.

Despite the Court's order, the government identified forty-four (44) possible witnesses in the Group 1 or "will-call" category; and thirty-nine (39) witnesses in the Group 2 or "may-call" category. *See* List [Doc. 1633]. The defendants request the Court strike the nine (9) witnesses listed that exceed the thirty-five (35) that the Court previously ordered.

        Respectfully submitted,
        THE LAW OFFICE OF RYAN J. VILLA

        */s/ Ryan J. Villa*
        Ryan J. Villa
        2501 Rio Grande Blvd. NW Ste. A
        Albuquerque, NM 87104
        (505) 639-5709
        (505) 433-5812 facsimile
        ryan@rjvlawfirm.com

        AND

        JUSTINE FOX-YOUNG, P.C.

>*/s/ Justine Fox-Young*
>Justine Fox-Young
>1903 Wyoming Blvd. NE, Suite B
>Albuquerque, NM 87112
>(505) 796-8268
>justine@foxyounglaw.com
>
>*Attorneys for Rudy Perez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2018, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>/s/*Ryan J. Villa*
>Ryan J. Villa

5