# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   No. 15-CR-4268-JB

ANGEL DELEON et al.,

      Defendants.

## DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635)

COMES NOW, Christopher Garcia, Anthony Ray Baca, Rudy Perez, Carlos Herrera and Daniel Sanchez, by and through counsel of record, and jointly hereby objects to the United States' Proposed Jury Instructions, (Doc. 1635), as follows:

On January 12, 2018, the government filed its Proposed Jury Instructions to use in the Court's charge to the jury during the first trial, ("Trial 1") in this case.  On page 1, the government states, "Unless otherwise noted, references are to the 10th Circuit Pattern Jury Instruction (2011 Edition, Updated January 2017)."   Many of the government's instructions are not properly cited and are also derived from modified pattern instructions from outside the Tenth Circuit.

Defendants object to many of the government's proposed forty-one (41) instructions, as well as the government's proposed verdict forms for each defendant in Trial 1.

United States' Proposed Jury Instruction No. 1:  No objection to the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 2:  No objection to the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 3:  The Defendants object to this instruction as overbroad, and unfairly inflammatory.[1]   Defendants argue that the Joint Statement of the Case agreed upon by the Parties is a reasonable and suitable alternative to this instruction.  As the Court noted, this is not the kind of case that warrants reading the Indictment to the jury.  The Joint Statement of the Case accurately represents the allegations and defenses of the parties without the highly prejudicial and inflammatory language of United State's proposed instruction.

Proposed Jury Instruction No. 3 portrays the alleged SNM organization as "a large, powerful, ruthless, and omnipresent force" and that "the defendants . . . were members /prospects/associates of the Syndicato de Nuevo Mexico Gang (SNM), a criminal organization whose members/prospects/associates engaged in acts of violence and other activities, including, murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking[.]"  Nowhere is it considered that the claims of United States are merely allegations.  Instead, the instruction reads as though the United States theory of the case–and at this stage of the proceedings it is just that, a theory–is the gospel truth.  This is unnecessarily inflammatory and unfair, and would deprive the Defendants of their presumption of innocence that the law affords them.

For instance, Proposed Instruction No. 3 associates the SNM with the 1980 prison riot, and notes that "twelve correctional officers were taken hostage and several of them were seriously assaulted and raped by inmates.  Thirty-three inmates were killed during the riot, and more than two hundred were injured." *See* Doc. 1635, p. 5, ¶ 3.  Yet, the United States admits all of this conduct transpired before the SNM had ever been formed.  In short, the United States concedes that the prison riot is relevant to the case.  Hence, such language should be excluded.

---

[1]   Defendants incorporate by reference the arguments made in the Motion to Strike Surplusage from the Second Superseding Indictment, (Doc. No 1657), filed on January 18, 2018.

The United States, by including this unnecessary language from the body of the Indictment, is attempting to include its closing argument within the jury instructions, so that the substance of the Proposed Instruction comes across as being accepted and anointed by the Court as the truth.  This is improper.

As noted in the Motion to Strike Surplusage from the Second Superseding Indictment, (Doc. No 1657), filed on January 18, 2018, the Court is well within its power to eliminate allegations in within a charging instrument that are independent of and unnecessary to the offense that the United States is asking the jury to consider.  The United States Supreme Court has acknowledge, when assessing the validity of a conviction, that "the parts of an indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'"  *United States v. Miller*, 471 U.S. 130, 136-137 (1985) (quoting *Ford v. United States*, 273 U.S. 593, 602 (1927)).  If the Court can ignore an Indictment's useless averments after a conviction has been made, it certainly has the authority to refuse to read them to a jury to avoid unfair prejudice that would violate the Fifth Amendment's guarantees of due process.

The proposed instruction here is overflowing with allegations that are entirely irrelevant to the crimes charged.  How does the allegation that the SNM "has boasted of as many as 500 members since the early 1980s," *see* Doc. 1635, p.  5, ¶ 4, have any relevancy to the claim in Count 8 that Defendant Anthony Ray Baca conspired with three others to assault Julian Romero? The short answer is it has no relevancy.  Nor do other claims, like the members call each other "hermanos," "brothers," "carnales," "dons," "jefes," etc. *Id*.  Likewise the allegation that the SNM members outsmart the Department of Correction employees, who "closely scrutinized" their everyday conduct, but somehow cannot intercept the coded messages that are used by the

3

SNM, is nothing short of arguing, in the jury instructions, that the DOC was simply unable to prevent the Molina murder.  This is improper.

As is the allegation that the SNM is active on the streets of New Mexico, where there is a daily battle over who controls the narcotics trade, claim territory, and to "send a message to others that it was strong, powerful, and not to be provoked."  There has scarcely been any discovery provided to support this claim, but the United States wants this unsupported claim to be read out loud by the Court to the jury.  The Tenth Circuit does not condone such an approach to jury instructions.  The Pattern Instructions acknowledge that the "trial judge 'must fairly and impartially state the issues and applicable law.'"  *See* Comment to Tenth Circuit Pattern Instruction 1.01 (quoting *Elbel v. United States*, 364 F.2d 127, 134 (10th Cir. 1966).  Even that pattern instruction notes that the Judge has the discretion to "read or summarize the indictment."  Tenth Circuit Pattern Instruction 1.01.  Defendants request that the Court summarize, fairly, the Indictment here by using the Joint Statement of the Case agreed upon by the parties.

United States' Proposed Jury Instruction No. 4:  Defendants object to this instruction as it references others who were indicted but are not on trial.  Defendants suggest an alternative to this instruction, one that reads:  "I have just reviewed the charges brought by the Grand Jury through an indictment.  In this case, the only defendants on trial before you are Daniel Sanchez, Anthony Ray Baca, Christopher Garcia, Carlos Herrera, and Rudy Perez."  The government's proposed language inadvertently highlights the concern that the proposed instruction purportedly seeks to avoid.  Those concerns are adequately addressed by other instructions.  *See, e.g.,* Nos. 24, 39.

United States' Proposed Jury Instruction No. 5:  Defendants object to the unmodified Tenth Circuit instruction on reasonable doubt.  Defendants oppose the following sentence: "There are

few things in this world that we know with absolute certainly, and in criminal cases the law does

not require proof that overcomes every possible doubt." This sentence lowers the United States'

burden of proof in violation of the Defendants' constitutional right to be convicted only upon

proof beyond a reasonable doubt. Defendants proposed as a viable alternative their reasonable

doubt instruction as presented in Doc. 1641, p. 19, Instruction 5.

United States' Proposed Jury Instruction No. 6: No objection to the unmodified Tenth Circuit

instruction.

United States' Proposed Jury Instruction No. 7: No objection to the unmodified Tenth Circuit

instruction.

United States' Proposed Jury Instruction No. 8:  Defendants object to the use of this instruction.

There is no citation supporting this instruction or indicating its provenance. Apparently, it is not

a pattern instruction adopted by any Circuit. As suggested by the Court, the Defendants have

proposed to use the Fifth Circuit pattern instruction and associated definitions to instruct the jury

about VICAR crimes, and the Court should use that instruction as well as the definitions

associated with it. *See* Doc. 1641, p. 83-86, Instruction 49.

United States' Proposed Jury Instruction No. 9: Defendants object to this instruction. The

Defendants have proposed the Fifth Circuit pattern instruction and associated definitions to

address the issues raised within this proposed instruction. *See* Doc. 1641, p. 83-86, Instruction

49.

United States' Proposed Jury Instruction No. 10: Defendants object to this instruction. While the

Government has proposed a Tenth Circuit pattern instruction, the defense has proposed that the

Court follow the Fifth Circuit pattern instructions addressing interstate commerce. Doc. 1641, p.

83-86, Instruction 49.

United States' Proposed Jury Instruction No. 11: Defendants object to this instruction as it is not a pattern instruction.  Defendants urge the Court to follow the template of the Fifth Circuit Pattern Instruction, which outlines where and how to insert material addressing racketeering activity.  *See* Doc. 1641, p. 83-86, Instruction 49.

United States' Proposed Jury Instruction No. 12: Defendants object to this instruction as it is not a pattern instruction. Defendants have proposed the Fifth Circuit pattern instruction to address this material as part of a larger, more comprehensive instruction.  Doc. 1641, p. 83-86, Instruction 49.  Defendants have proposed that the Court use the New Mexico UJIs to define the elements of state crimes the government (and Indictment) allege may constitute racketeering activity.

United States' Proposed Jury Instruction No. 13: Defendants object to this instruction as it is not a pattern instruction. Defendants have proposed the Fifth Circuit pattern instruction to address this material as part of a larger, more comprehensive instruction.  Doc. 1641, p. 83-86, Instruction 49.  Defendants have proposed that the Court use the New Mexico UJIs to define the elements of the state crimes the government (and the Indictment) allege may constitute racketeering activity.

United States' Proposed Jury Instruction No. 14: Defendants object to this instruction as it is not a pattern instruction. Defendants have proposed the Fifth Circuit pattern instruction to address this material as part of a larger, more comprehensive instruction.  Doc. 1641, p. 83-86, Instruction 49.  Defendants have proposed that the Court use the New Mexico UJIs to define the elements of state crimes the government (and the Indictment) allege may constitute racketeering activity.

United States' Proposed Jury Instruction No. 15: Defendants object to this instruction. Defendants proposed instructions 8, 37, 38, and 47,  (Doc. 1641, pp. 22, 68-69, 70, 81) to address the VICAR murder at issue, in addition to the essential elements of the murder under New Mexico law.

United States' Proposed Jury Instruction No. 16:  No objection, as this instruction is the same as defense instruction 47. Doc. 1641, p. 81.

United States' Proposed Jury Instruction No. 17:  Defendants object to this instruction.  The instruction utterly fails to follow New Mexico law in defining the elements of an aggravated battery.  The Second Superseding Indictment alleges a violation of NMSA 1978, § 30-3-5, but the proposed instruction does not comply, at all, with New Mexico's Uniform Jury Instructions for this crime.   Defendants insist the New Mexico jury instructions be given, in particular NM UJI 14-323 and 14-131.

United States' Proposed Jury Instruction No. 18:  Defendants object to this instruction as it is not a pattern instruction.  In addition, the fourth paragraph of the proposed instruction impermissibly comments on the evidence, and is nothing more than a preview of the government's closing argument.  The fifth paragraph is unnecessary.  Defendants have proposed an appropriate instruction on the applicable legal principle with clearer language as used in the Fifth Circuit pattern instruction.   *See* Doc. 1641, p. 83-86, Instruction 49.

United States' Proposed Jury Instruction No. 19:  Defendants object to this instruction as there exists a Tenth Circuit Pattern Instruction on point that should be used.  Defendants have proposed using the Tenth Circuit pattern instruction for this instruction.  Doc. 1641, p. 83-86, Instruction 49.

United States' Proposed Jury Instruction No. 20:  Defendants object to the inclusion of [or from a foreign country], as the alleged firearm did not come from a foreign county.

United States' Proposed Jury Instruction No. 21:  No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 22:  The defendants object to the use of the word "Indictment," given that they are objecting to the use of the Indictment within these instructions and seek to use the Joint Statement of the Case.  In addition, Defendants object to the modification of the Tenth Circuit pattern instruction in the fashion proposed by the United States.

United States' Proposed Jury Instruction No. 23:  No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 24: No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 25: The defendant objects to this unsupported instruction, and request the Court to follow the Ninth Circuit Pattern Instructions, Sections 2.3, 2.4, which state:

> STIPULATED TESTIMONY: The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.
> There is a difference between stipulating that a witness would give certain testimony and stipulating that the facts to which a witness might testify are true. *United States v. Lambert*, 604 F.2d 594, 595 (8th Cir. 1979) (per curiam); *United States v. Hellman*, 560 F.2d 1235, 1236 (5th Cir. 1977) (per curiam). On the latter, see Instruction 2.4 (Stipulations of Fact).

> STIPULATIONS OF FACT: The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

> "[W]hen a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the

defendant is aware of the content of the stipulation and agrees to it through his or her attorney. Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation." *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). In any event, a trial judge need not make as probing an inquiry as is required by Fed. R. Crim. P. 11 when considering whether a defendant's factual stipulation is knowing and voluntary. United States v. Miller, 588 F.2d 1256, 1263-64 (9th Cir. 1978).

See *Old Chief v. United States*, 519 U.S. 172, 186 (1997) (discussing acceptance of stipulation regarding prior conviction); JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 1.1.B (2013).

It may be necessary to add to the instruction a statement of the purpose for which the stipulation is offered. See *United States v. Page*, 657 F.3d 126, 130-31 (2d Cir. 2011); *United States v. Higdon*, 638 F.3d 233, 243 & n.7 (3d Cir. 2011); Instruction 2.11 (Evidence for Limited Purpose).

United States' Proposed Jury Instruction No. 26:  Defendants have not stipulated or otherwise seen any charts or summaries the United States intends to use.  Defendants reserve the right to object to the use of charts or summaries until after they have been produced for inspection.  If the charts and summaries are not otherwise objectionable, Defendants would not object to the use of this instruction as it is an unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 27:  Defendants object to this instruction because the United States has omitted the first two paragraphs of the pattern instruction:

> [There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.]

> [As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.]

9

Defendants propose using the entire instruction.  *See* Doc. 1641, p. 22 Instruction 8.

United States' Proposed Jury Instruction No. 28:  No objection as this is the unmodified Tenth

Circuit instruction.

United States' Proposed Jury Instruction No. 29:  Defendants object to this instruction as written,

even though it is an unmodified Tenth Circuit instruction, as it is not complete.  The Use Note at

the bottom of the instruction is illustrative of the problem with this instruction.  It says:

> This instruction must be given when a prior inconsistent statement which does not fall
> within Fed. R. Evid. 801(d)(2)(A) has been admitted. If several prior inconsistent
> statements were admitted, some for impeachment purposes and others as substantive
> evidence, this instruction should identify which statements were offered for impeachment
> purposes. It should also be given during trial as a limiting instruction, if requested under
> Fed. R. Evid. 105. This seems consistent with *United States v. Carter*, 973 F.2d 1509,
> 1512 (10th Cir. 1992); *United States v. Orr*, 864 F.2d 1505, 1509 (10th Cir. 1988);
> *United States v. Soundingsides*, 825 F.2d 1468, 1470 (10th Cir. 1987).

Defendants request that the Court follow the Use Note, and modify this instruction to reflect the

trial evidence.

United States' Proposed Jury Instruction No. 30:  No objection as this is the unmodified Tenth

Circuit instruction.

United States' Proposed Jury Instruction No. 31:  No objection to the use of the unmodified

Tenth Circuit instruction.  To the extent that the initial bracketed sentence does not follow the

pattern instruction, Defendants request that the Court follow the pattern instruction.

United States' Proposed Jury Instruction No. 32:  Defendants object to the use of this unmodified

Tenth Circuit instruction as it fails to include the "Accomplice" portion of the instruction.  To the

extent that the immunity portion of the instruction becomes relevant, it may be necessary to

include it here.

United States' Proposed Jury Instruction No. 33:  The defendants object to the government's modification of the Tenth Circuit Pattern Instruction, 1.15.  The United States is attempting to argue its case within the jury instruction by stating that there is a "possibility of a recommendation of a lessor sentence."  Defendants request that the Court use the unmodified Pattern Instruction.

United States' Proposed Jury Instruction No. 34:  No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 35:  Defendants object to this instruction.  It is duplicative of the United States' Proposed Instruction No. 32 and merely seeks to have the jury embrace the "common and permissible" practice of conferring benefits on a witness.  Such benefits were considered by the Tenth Circuit in the pattern instruction, which states that an informant may provide evidence "for a personal reason or advantage."  There is no need to elaborate on those personal reasons in the instructions.  The parties can save that for closing argument.

United States' Proposed Jury Instruction No. 36:  Defendants object to this instruction.  It is duplicative of the United States' Proposed Instruction No. 32 and merely seeks to have the jury embrace the "common and permissible" practice of conferring benefits on a witness.  Such benefits were considered by the Tenth Circuit in the pattern instruction, which states that an informant may provide evidence "for a personal reason or advantage."  There is no need to elaborate on those personal reasons in the instructions.  The parties can save that for closing argument.

To the extent the Court is inclined to give this instruction, the full language of the Sixth Circuit's Instruction should be used, especially the following language:

> An addict may have a constant need for drugs, and for money to buy drugs, and may also have a greater fear of imprisonment because his supply of drugs may be cut off. Think about these things and consider whether his testimony may have been influenced by the government's promise.

United States' Proposed Jury Instruction No. 37: No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 38: No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 39:  No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 40: No objection as this is the unmodified Tenth Circuit instruction.

United States' Proposed Jury Instruction No. 41: No objection as this is the unmodified Tenth Circuit instruction.

The Verdict Forms are insufficient as they do not comport with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.  In addition, Defendants will be seeking a specialized verdict form based on the evidence produced at trial.

WHEREFORE, for the foregoing reasons, defendants jointly object to the United States' Proposed Jury Instructions (Doc. 1635).

ROTHSTEIN, DONATELLI, LLP

MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
mlowry@rothsteinlaw.com

DUNCAN ERNEST

/s/ Theresa M. Duncan_____
Theresa M. Duncan
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

*Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of January, 2018, I filed the foregoing

pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and

Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic

Filing.


       /s/ Marc Lowry_____
       MARC LOWRY