IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**vs.**                                                                                  No. 2:15-cr-04268-JB

**ANGEL DELEON, et al.,**

    Defendants.

## JOINT MOTION TO RENEW MOTION TO SEVER DEFENDANTS CHARGED WITH OFFENSES IN COUNTS 6 AND 7

Defendant Rudy Perez, by counsel, Ryan J. Villa and Justine Fox-Young, joined by Trial 1 co-Defendants, Anthony Ray Baca, Daniel Sanchez, Christopher Garcia, and Carlos Herrera (hereinafter "Trial 1 Defendants"), by their respective counsel, hereby renew their Motion to Sever Counts 6 and 7, from the remaining counts.

Mr. Perez originally filed a joint motion to sever Counts 6 and 7 from the remaining counts on December 23, 2016.  *See* doc. 807.  The Court denied the Motion in part.  *See* Mem. Op. and Order [Doc. 1204].  In its decision, the Court ruled that Counts 6 and 7 would be tried alongside Counts 8 through 12, and Counts 1-5 and 13-16 would be tried separately from Counts 6-12.  *Id* at 218.  Defendant Daniel Sanchez then moved to sever Counts 6 and 7 from Counts 8 through 12.  *See* Motion [Doc. 1296].  Defendants Perez, Baca and Garcia joined in this Motion.  The Court denied this Motion.  *See* Mem. Op. and Order [Doc. 1585].

Since ruling on those original severance motions, the Court conducted a James hearing, at which the government proffered the statements of various defendants and the reasons the government believed the statements were admissible against all Trial 1 Defendants.  On January 8, 2018, Mr. Sanchez filed a Motion in Limine to Preclude the Admission of Un-Confronted Out

1

of Court Statements Proffered by the Government at the James Hearing [Doc. 1616]. All Trial 1 Defendants joined. In that motion, Mr. Sanchez argued that many of the statements proffered by the government were inadmissible testimonial hearsay that could not be properly admitted at a joint trial. Additionally, Sanchez pointed out that the government's initial reasons for asking the Court to deny the severance motions -- the purported cross-admissibility of evidence between Counts 6-7 and Counts 8-12, for purposes of proving the "racketeering activity" element of the VICAR offenses – was simply not the case. The plethora of co-conspirator statements that will be offered by the government in its attempt to prove Counts 8-12 are not admissible against Defendants Sanchez, Herrera or Perez. Similarly, dozens of co-conspirator statements the government will offer in its attempt to prove Counts 6-7 are not admissible against Defendant Chris Garcia, who is only charged in Counts 10, 11 and 12. Sanchez requested suppression of the offending statements, a severance or other appropriate remedy.

On January 10, 2018, in response to the arguments about the government's proffered James statements, the Court issued a Minute Order [Doc. 1619] requesting, in part, that the United States respond to the following questions:

> (i) Does the United States stand by its argument that the Court should try the Counts 6-7 Defendants alongside the Counts 8-12 Defendants -- and will the United States defend that argument on appeal and not concede error -- even though evidence admitted against the Counts 8-12 Defendants under rule 801(d)(2)(E) is not admissible for its truth -- under that rule -- against the Counts 6-7 Defendants and vice versa?; (ii) Does the United States stand by its argument that the Court should proceed in a joint trial -- and will the United States defend that argument on appeal and not concede error -- given the number of statements that will be admissible against only one defendant under rule 801(d)(2)(A), requiring many limiting instructions?[1]

---

[1] The Minute Order contained two other questions not pertinent to this Motion.

The Court directed the Appellate Division of the United States Attorney's Office to respond on the United States' behalf by the end of business on January 17, 2018. *See id.* On that date, the government filed its Response [Doc. 1654] stating "[t]he United States responds that, based on the current state of the law and the anticipated evidence at trial, it does stand by its arguments identified above and does intend to defend on appeal the Court's decisions identified above."

This Response leaves open the possibility that the United States may not defend on appeal the decisions of the Court. Defendants insist the appropriate application of the law requires severance. Nevertheless, according to the government if a change in the law as it interprets it occurs, or if the anticipated evidence at trial is different, the United States may not defend the Court on appeal. Further, the United States did not agree that it would not concede error in this situation. Nor did the United States address the argument of defendants that *Bruton* found support in both the Fifth and Sixth Amendments and that *Jackson v. Denno*, 378 U.S. 368 (1964) recognized a criminal defendant's due process right not to be convicted based on inadmissible evidence.

Accordingly, Trial 1 Defendants submit that the only way to prevent the reversible error that will otherwise surely occur is to sever Counts 6 and 7 from Counts 8 through 12.[2] Trial 1 Defendants renew their Motions to sever, including all of the legal arguments made in Mr. Perez and Mr. Sanchez's Severance Motions, replies thereto, Mr. Sanchez's Motion in Limine [Doc. 1616] and the arguments made during the hearings on those respective Motions. Based on those arguments, and the rulings of the Court to date on the admissibility of statements and evidence,

---

[2] Defendants have objected to the governments exhibit and witness lists to the extent they propose to introduce evidence as Counts 6 and 7, that is not admissible as to Counts 8 through 12, and vice versa, *see* Objections, docs. 1661 and 1662.

severance of Counts 6 and 7 from Counts 8 through 12 is the appropriate remedy to prevent prejudicial and reversible error.[3]  Mr. Garcia will be filing a motion to sever forthwith.

The remaining Defendants on Counts 1 through 5 and Counts 13-16 do not oppose this Motion.

>Respectfully submitted,
>THE LAW OFFICE OF RYAN J. VILLA
>
>*/s/ Ryan J. Villa*
>Ryan J. Villa
>2501 Rio Grande Blvd. NW Ste. A
>Albuquerque, NM 87104
>(505) 639-5709
>(505) 433-5812 facsimile
>ryan@rjvlawfirm.com
>
>AND
>
>*/s/ Justine Fox-Young*
>Justine Fox-Young, P.C.
>1903 Wyoming Blvd. NE, Suite B
>Albuquerque, NM 87112
>(505) 796-8268
>justine@foxyounglaw.com
>
>*Attorneys for Rudy Perez*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system on January 21, 2018, which caused counsel of record for all parties to receive a copy of this Motion electronically.

*/s/ Ryan J. Villa*
Ryan J. Villa

---

[3] Defendants continue to assert that proffered admissions of defendant Perez to informant Billy Cordova and of defendant Herrera to informants Billy Cordova and Gerald Archuleta are inadmissible testimonial hearsay against the non-declarant defendants and are improperly admitted at any trial, even a severed Counts 6-7 trial.