IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON, et al.
         Defendants.

**MOTION TO EXCLUDE TESTIMONY FROM GOVERNMENT'S GANG EXPERTS AS OUTLINED IN THE UNITED STATES' SUPPLEMENTAL NOTICE OF GANG EXPERT WITNESSES' TESTIMONY (Doc. No. 1656)**

      Defendants Joe Gallegos, Edward Troup, Billy Garcia, Arturo Arnulfo Garcia, Allen Patterson, Christopher Chavez, Mauricio Varela, Daniel Sanchez, Rudy Perez, Carlos Herrera, Anthony Ray Baca, Christopher Garcia, and Shauna Gutierrez hereby move to exclude testimony from the government's gang experts as outlined in the United States Supplemental Notice of Gang Witness Testimony (Doc. No. 1656).

      1.      On January 18, 2018, the government provided its supplemental notice of proposed gang testimony (Doc. 1656). In that notice, the government indicated its intent to provide expert testimony, not on gangs generally, but specifically prison gangs operating in the New Mexico prison system. The notice and the memorandum attached indicated the government intends on offering expert testimony, which the defense asserts violates numerous constitutional, procedural and evidentiary provisions.

2. Specifically, the government intends, among other things, to elicit testimony from their experts that New Mexico prison gangs perpetrate "organized criminal activity" through violence and intimidation, that gang ideologies exemplify intimidation, secrecy, and strong-arm tactics, that gang members commit felonies in the prison and the more violent the better, etc.

3. The defense has extensively briefed their objections to this type of evidence in regard to the government's prior notice of gang expert evidence (Doc. No. 1299) in Documents 1302, 1337, 1345, and 1466 and incorporate all such arguments contained therein in regard to this new government endorsement of New Mexico prison gang experts.

4. Initially, the government's notice and disclosure regarding these proposed experts is insufficient because:

    a. It does not reveal the "bases and reasons for those opinions and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). The defense has not been provided with training manuals, debriefs, or other materials that these proffered experts are relying on to render their opinions.

    b. The government has not disclosed the facts or data these experts rely upon in reaching their opinion as required by Fed. R. Crim. P. 16(a)(1)(E).

5. The government cannot be excused from such production given that the defense put them on specific notice, even though the rules had always required such production, that they sought this specific information. See Doc. No. 1345. The Court

specifically required that the government notice include the bases of the experts' opinions outside the investigation of this case. 2017.11.27 hrg, p. 92. The government, as has often been their pattern in this case, has ignored this order of the Court. The reason the defense needed the disclosure was so they could prepare for cross-examination and to determine whether such testimony would violate the confrontation clause or other evidentiary concerns. 2017.11.27 hrg, p. 90-92. Even if proper disclosure is made in the coming days, such disclosure is far too late for the defense to make use of it. The government's deadline for gang expert disclosure was almost four months ago. Due to the lack of disclosure, these experts should be stricken.

6. The bases of the opinions listed in the memorandum attached to the notice were also not the subject of the *Rodriguez/Daubert* hearing conducted on December 18 and 19, 2017 and the defense asserts that, if such evidence will be introduced, it must be subject to the preliminary analysis in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and the procedural process announced in *United States v. Rodriguez*, 125 F. Supp. 3d 1216 (D. N.M. 2015). The Court has indicated that, if disclosure was provided, a *Rodriguez/Daubert* hearing would be conducted outside the presence of the jury. 2017.11.27 hrg, p. 77. If the Court is entertaining allowing these experts to testify, the defense requests a *Rodriguez/Daubert* hearing. Since these same gang experts will likely be testifying in the second trial, the second trial defendants wish to participate in any *Rodriguez/Daubert* hearing.

7. The proposed expert testimony is not necessary and would amount to a mere bolstering of the government's informant witnesses. The use of three government

experts to testify about the exact same thing amounts to a multiplying effect of the improper bolstering. The government's informant witnesses will be testifying about their knowledge of how the SNM gang operated, crimes committed by the gang, its drug business, hand signs and tattoos. These areas of evidence will be explained in a manner which the average juror will be able to understand. "Testimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on his or her own." *Rodriguez*, supra at p. 1247. The use of a gang expert to bolster lay witness testimony is improper. *Id.* at p. 1237. The defense asserts that the government should be required to hold off on calling its experts until the Court can hear the testimony of the inmate informants and determine whether the proposed testimony is truly within any area where an average juror cannot understand the evidence without the assistance of expert testimony and to see whether such evidence will serve only to bolster the credibility of the government's lay witnesses.

8. The government has also indicated that its experts will provide both expert and percipient testimony, yet has not delineated the testimony between those two areas. As indicated in the defense written objections, such witnesses must be carefully policed by the Court and there are numerous constitutional and evidentiary challenges with such dual witnesses. Doc. No. 1337.

9. The defense reiterates its confrontation clause objections to this evidence. *Id*. As was made abundantly clear at hearings in this case, the government's experts' opinions were and will be derived from prior testimonial interviews of gang members and

literature and trainings which were derived from testimonial interviews of gang members, none of which has been provided to the defense.

10. The foundation proposed for the governmental testimony at issue here will, of necessity, violate Fed. R. Evid. 404(b). That rule generally prohibits using evidence of 'other crimes, wrongs, or acts' to prove the "character of a person in order to show action in conformity therewith." Here, the government wishes to offer evidence that prison gangs are violent, that the defendants are prison gang members and therefore that these defendants are violent and must be convicted. What the government says it wants to do here is to show how other prison gang members have behaved historically as a means of explaining why the defendants in this case must have behaved the same way during the time period alleged in the indictment. Such a purpose is improper.

11. Due to the nature of this motion it is assumed the government will oppose. Brandy Rodriguez does not oppose this motion and all other remaining defendants join in the relief requested.

Respectfully submitted this 22nd day of January, 2018.


/s/ Jim Castle
Robert Cooper
Jim Castle
Attorneys for Billy Garcia (5)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James A. Castle
James A. Castle