**FILED**

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT LAS CRUCES, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO          FEB 0 1 2018  

MATTHEW J. DYKMAN

CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                    No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,
        Defendants.

**COURT'S FIRST PROPOSED JURY INSTRUCTIONS**
(with citations)

1

## JURY INSTRUCTION NO. ___1___

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other. I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.   These instructions will be given to you for use in the jury room, so you need not take notes.

**PROPOSED   JURY   INSTRUCTIONS**, UNITED   STATES'   PROPOSED   JURY INSTRUCTION, NO. 1, at 1, 2, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.03, at 7 (**2011Edition**)(INTRODUCTION TO FINAL INSTRUCTIONS)

## JURY INSTRUCTION NO.   2

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**PROPOSED   JURY   INSTRUCTIONS**, UNITED   STATES'   PROPOSED   JURY INSTRUCTION, NO. 2, at 1, 3, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.04, at 8 (**2011 Edition** Updated January 2017)(DUTY TO FOLLOW INSTRUCTIONS)

## JURY INSTRUCTION NO. ___3___

The government has the burden of proving Defendants guilty beyond a reasonable doubt. The law does not require Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez to prove their innocence or produce any evidence at all. The government has the burden of proving guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez, are guilty of the crime charged, you must find them guilty. If on the other hand, you think there is a real possibility that they are not guilty, you must give them the benefit of the doubt and find them not guilty.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 5, at 1, 17, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.05, at 9 (**2011 Edition** Updated January 2017) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF-REASONABLE DOUBT)

## JURY INSTRUCTION NO. \_\_\_4\_\_\_

Defendants Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, and Rudy Perez are on trial before you upon an Indictment brought by the Grand Jury.  Before reading the indictment to you, I remind you that the Indictment or formal charge against a defendant is not evidence of guilt.  Indeed, a Defendant is presumed by the law to be innocent.

In this case, the Indictment charges as follows:

### Count 1

### Conspiracy to Murder J.M.

In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a.  "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

### Count 2

### Murder of J.M.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Count 3

Conspiracy to Commit Assault Resulting in Serious Bodily Injury to J.R.

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," and CONRAD VILLEGAS, a.k.a. "Chitmon," did unlawfully, knowingly, and intentionally conspire to commit assault

resulting in serious bodily injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

## Count 4

### Conspiracy to Murder D.S.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," and ROBERT MARTINEZ, a.k.a. "Baby Rob," and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder D.S., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

## Count 5

### Conspiracy to Murder G.M.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," ROBERT MARTINEZ, a.k.a. "Baby Rob," and **CHRISTOPHER GARCIA**, and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder G.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Indictment at ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12a, 12b, 12c, 12d, 12e, 12f, 13a, 13b, 13c, 13d, 13e, 14, and Count 6, Count 7, Count 8, Count 9 and Count 10, at 1-9, 12-13, filed March 9, 2017 (Doc. 947)(modified)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 3, at 1, 4-15, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 4, at 16, filed January 12, 2018 (Doc. 1635)(modified)

## JURY INSTRUCTION NO. ___23___

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez cannot be established merely by demonstrating that Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez were negligent, careless, or foolish, knowledge can be inferred if Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of [the fact in question], unless Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez did not actually believe [the fact in question].

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 23 at 1, 40, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.36, at 56 (**2011 Edition** Updated January 2017) (KNOWINGLY – DELIBERATE IGNORANCE)

## JURY INSTRUCTION NO.   22

You will note that the indictment charges that crimes charged in Count 6 and Count 7 were committed "on or about" March 2014; the crime charged in Count 8 was committed "on or about" between 2003 and July 13, 2015; the crimes charged in Count 9 and Count 10 were committed "on or about" no later than 2013.  The government must prove beyond a reasonable doubt that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the crimes reasonably near March 2014 (for Count 6 and Count 7); between 2003 and July 13, 2015 (for Count 8); and no later than 2013 (for Count 9 and Count 10).

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 22 at 1, 39, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.18, at 38 (**2011 Edition** Updated January 2017) (ON OR ABOUT)(modified)