IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
CARLOS HERRERA'S MOTION IN LIMINE TO EXCLUDE
NEW CO-CONSPIRATOR STATEMENTS**

Defendant Carlos Herrera moves the Court to exclude admissible and extremely probative evidence of his guilt in the crime with which he's charged in this case, for three reasons: (1) the Court already held a *James* hearing; (2) there is not yet independent evidence showing that Mendez was a co-conspirator; and (3) there has not yet been a showing that the statements furthered the conspiracy in any way. None of these three bases present a compelling or even persuasive reason to keep this very probative, admissible evidence out of this trial.

**ARGUMENT**

This Court has recognized: "A defendant does not possess a right to a pretrial hearing on admissibility of coconspirators statements; however, 'a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence.'" *United States v. Chavez*, No. CR 12-0152 JB, 2013 WL 4782163, at *20 (D.N.M. Aug. 26, 2013) (Browning, J.) (quoting *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007)). "This flexibility recognizes the Tenth Circuit's understanding that it is not always practical for the United States

to make a showing that a conspiracy existed before admitting specific evidence at trial." *Id.* (citing *United States v. Peterson*, 611 F.2d 1313, 1330 (10th Cir. 1979)).

This Court already held a *James* hearing and concluded that a conspiracy to murder Javier Molina exists, and that Herrera was a participant in that conspiracy. The Court should admit statements in furtherance of the conspiracy that, like Javier Rubio's statements disclosed as soon as practicable after the United States learned of them on January 23, 2018, are in furtherance of that already established conspiracy.

Herrera contends that "[t]he Court ordered the government to disclose its purported co-conspirator statements in advance of trial. Otherwise, the Court indicated such alleged statements would not be admitted." Motion in Limine to Exclude New Purported Co-Conspirator Statements [Doc. 1733] ("MIL") at 1. The United States produced these statements in advance of trial. And the United States did so even before the FBI 302 reports were available, so that the Defendants would have as much time as possible to prepare for them and contest their admissibility. *See id.* at 2 ("The government first notified the defense of the existence of this new evidence late on January 28."); *id.* at 1 ("The . . . assertions are in two 302s dated January 29, 2018, the day of jury selection . . . .").

Thus, the first ground on which Herrera seeks to exclude these statements -- that "the government seeks to offer this testimony in violation of this Court's earlier directive to produce its co-conspirator statements pretrial," *id.* at 2 -- does not have a sound basis in the facts. The United States disclosed them pretrial. Moreover, this basis is also wrong, because the Court noted on January 26 and on January 29 that it would allow additional co-conspirator statements notwithstanding they weren't presented at the *James* hearing, so long as the United States has an explanation why they weren't. These statements weren't presented at the *James* hearings,

2

because the United States didn't possess them then. As Herrera concedes in his motion, the United States only came to possess these statements on January 23, during pretrial preparation with Rubio. *See id.* at 1. Finally, this Court recognized that Herrera's first grounds for exclusion is without basis in the Tenth Circuit's precedent, as it pointed out in *Chavez* that the Tenth Circuit does not require a *James* hearing. *See* 2013 WL 4782163, at *20.

Second, Herrera contends that the Court should exclude this statement because "[t]here is no independent showing that the declarant[ Juan Mendez] were co-conspirators." MIL at 2. But this Court recognized that the Tenth Circuit allows coconspirator statements without a *James* hearing, because "it is not always practical for the United States to make a showing that a conspiracy existed before admitting specific evidence at trial." *Chavez*, 2013 WL 4782163, at *20. Although the United States already established the Molina conspiracy at the *James* hearing, the United concedes that, as of now, Herrera is right. Right now, there isn't an independent showing Mendez is a coconspirator. But that's because Rubio hasn't testified. When he does, the United States anticipates that Rubio will testify that Mendez, Alex Munoz, and Carlos Herrera were leaders in the SNM pods where Molina was murdered (the blue, yellow, and/or green pods). Rubio will also testify that, as leaders, they are coconspirators because they had to view the paperwork and authorize the hit. Those two statements are sufficient independent evidence to admit these coconspirator statements. *See id.* ("'[T]here need only be some independent evidence linking the defendant to the conspiracy.' This 'independent evidence may be sufficient even when it is not 'substantial.'" (Internal citations omitted)).

Third and finally, Herrera contends that there's no showing the statements furthered the conspiracy in any way. The United States anticipates that Rubio will testify that the leaders in the pod must authorize a hit within the SNM pod to ensure that it gets done, but also to ensure that

3

it's a legitimate SNM hit. Once it's a legitimate SNM hit, then the SNM rules are such that no SNM can tell any Corrections Officer about the circumstances of the hit. SNM rules also prohibit SNM members from retaliating against a legitimate SNM hit. Rubio was the leader of the SNM Green Pod during the Javier Molina murder. These statements furthered the conspiracy because they alerted Rubio that it was a legitimate hit. At that point, Rubio couldn't retaliate by informing corrections officers what had happened. Rubio would also now know it was a legitimate hit, so that he could inform the members in his pod. That would also prevent those members from providing statements about what happened.

This Court recognized during the *James* hearing that covering up the conspiracy, or preventing law enforcement from detecting the conspiracy, is an act in furtherance of the conspiracy. So this statement is in furtherance of the conspiracy as well. *See United States v. Alcorta*, 853 F.3d 1123, 1139 (10th Cir. 2017) ("When a conspiracy is ongoing, statements that relate to 'avoiding detection by law enforcement personnel' can be in furtherance of the conspiracy.").

Thus, these statements are admissible co-conspirator statements. They're also extremely probative of Herrera's guilt in this trial. Given that they're admissible, and given that the United States provided them to Herrera pretrial and in time for him to contest their admissibility, the Court properly should admit them.[1]

## CONCLUSION

For these reasons, the United States asks the Court to deny the MIL.

---

[1] The United States references what it anticipates the testimony from Rubio will be. If the evidence at trial doesn't line up with the United States' expectations, then the United States will not elicit these statements. The United States will approach before eliciting these statements.

Respectfully Submitted,

JAMES D. TIERNEY
Acting United States Attorney

**Electronically filed on 2/2/2018**
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MATTHEW M. BECK
Assistant United States Attorney