FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

FEB 02 2018

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO, a.k.a. "Wineo," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN HERNANDEZ; JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," CONRAD VILLEGAS, a.k.a. "Chitmon," ANTHONY RAY BACA, a.k.a. "Pup," ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," CHRISTOPHER GARCIA, CARLOS HERRERA, a.k.a. "Lazy," RUDY PEREZ, a.k.a. "Ru Dog," ANDREW GALLEGOS, a.k.a. "Smiley," SANTOS GONZALEZ; PAUL RIVERA, SHAUNA GUTIERREZ, and BRANDY RODRIGUEZ,

Defendants.

**COURT'S SECOND PROPOSED JURY INSTRUCTIONS**
(with citations)

JURY INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Bold

**PROPOSED JURY INSTRUCTIONS,** UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1, at 1, 2, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.03, at 7 (**2011Edition**)(INTRODUCTION TO FINAL INSTRUCTIONS)

Updated Jan 2017

2

JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

BJ

**PROPOSED JURY INSTRUCTIONS,** UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 2 at 1, 3, filed January 12, 2018 (Doc. 1635)(modified)

Criminal ~~Pattern Jury Instruction~~ Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.04, at 8 (**2011 Edition** Updated January 2017)(DUTY TO FOLLOW INSTRUCTIONS)

all cap

JURY INSTRUCTION NO. 3

The government has the burden of proving Defendants guilty beyond a reasonable doubt. The law does not require Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez to prove their innocence or produce any evidence at all. The government has the burden of proving guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez, are guilty of the crime charged, you must find them guilty. If on the other hand, you think there is a real possibility that they are not guilty, you must give them the benefit of the doubt and find them not guilty.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5 at 1, 17, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.05, at 9 (**2011 Edition** Updated January 2017) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT)

Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 41 of 66

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (2011) (Evidence-Defined).

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24, at 1, 41, filed Jan. 12, 2018 (Doc. 8)(Doc. 1635)(modified)

Jury Instruction No. —

~~1.07~~

~~EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES~~

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

~~Comment~~

*See United States v. Rahseparian*, 231 F.3d 1267, 1271-72 (10th Cir. 2000); *United States v. Ortiz-Ortiz*, 57 F.3d 892, 895 (10th Cir. 1995); *United States v. McIntyre*, 997 F.2d 687, 702-03 & nn.16-18 (10th Cir. 1993).

Use Note

The bracketed first two paragraphs are optional. Some judges instruct before closing argument, some after. If instructions are given after closing argument, the Committee suggests that this instruction be modified depending on whether the attorneys have referred to the distinction between ~~direct and circumstantial evidence during their closing arguments.~~

PROPOSED JURY INSTRUCTIONS UNITED STATES PROPOSED JURY INSTRUCTION NO. 27 at 1, 44, filed Jan 12, 2018 (Doc. 1635) (modified)

All parties / BH / Defs.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.07, at 16 (2011 Edition Updated Jan 2017) (adapted)

Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 52 of 66

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 34

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.16 (2011) (Witness's Use of Addictive Drugs).





~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 37

Evidence has been presented about a statement attributed to ~~the defendant~~ alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of ~~the defendant~~, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.



~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 38

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

~~Tenth Circuit Pattern Jury Instructions Criminal~~ 1.40 (2011) (Transcript of Recorded Conversation)



JURY INSTRUCTION NO. 4

~~Defendants Daniel~~ (Mr.) Sanchez, ~~Anthony Ray~~ (Mr.) Baca, ~~Carlos~~ (Mr.) Herrera, and ~~Rudy~~ Mr. Perez are on trial before you upon an Indictment brought by the Grand Jury. Before reading the indictment to you, I remind you that the Indictment or formal charge against ~~a defendant~~ Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez is not evidence of guilt. Indeed, ~~a Defendant is~~ (are) presumed by the law to be innocent.

In this case, the Indictment charges as follows:

Count 1

Conspiracy to Murder J.M.

In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 2

Murder of J.M.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Count 3

Conspiracy to Commit Assault Resulting in Serious Bodily Injury to J.R.

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," and CONRAD VILLEGAS, a.k.a. "Chitmon," did unlawfully, knowingly, and intentionally conspire to commit assault

resulting in serious bodily injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

Count 4

Conspiracy to Murder D.S.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," and ROBERT MARTINEZ, a.k.a. "Baby Rob," and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder D.S., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 5

Conspiracy to Murder G.M.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," ROBERT MARTINEZ, a.k.a. "Baby Rob," and **CHRISTOPHER GARCIA,** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder G.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

No bold

Bold

Indictment at ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12a, 12b, 12c, 12d, 12e, 12f, 13a, 13b, 13c, 13d, 13e, 14, ~~and~~ Count 6, Count 7, Count 8, Count 9 and Count 10, at 1-9, 12-13, filed March 9, 2017 (Doc. 947)(modified)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3, at 1, 4-15, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 4 at 16, filed January 12, 2018 (Doc. 1635)(modified)

JURY INSTRUCTION NO. 23

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez cannot be established merely by demonstrating that Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez were negligent, careless, or foolish, knowledge can be inferred if Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez deliberately blinded himself to the existence of a fact. Knowledge can be inferred if ~~the defendant~~ was aware of a high probability of the existence of [the fact in question], unless Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez did not actually believe [the fact in question].

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION, NO. 23 at 1, 40, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.36, at 56 (**2011 Edition** Updated January 2017) (KNOWINGLY – DELIBERATE IGNORANCE) (adapted)

## JURY INSTRUCTION NO. 22

You will note that the indictment charges that (the) crimes charged in Count 6 and Count 7 were committed "on or about" March 2014; the crime charged in Count 8 was committed "on or about" between 2003 and July 13, 2015; the crimes charged in Count 9 and Count 10 were committed "on or about" no later than 2013. The government must prove beyond a reasonable doubt that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the crimes reasonably near March 2014 (for Count 6 and Count 7); between 2003 and July 13, 2015 (for Count 8); and no later than 2013 (for Count 9 and Count 10).

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22 at 1, 39, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **Criminal Pattern Jury Instructions** 1.18, at 38 (**2011 Edition** Updated January 2017) (ON OR ABOUT)(~~modified~~)

~~Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 58 of 66~~

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 40

If you find ~~the defendant~~ guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.20 (2011) (**Caution – Punishment**)

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 41

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges of judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

**~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 39**

A separate crime is charged against ~~one or more of the defendants~~ in each count of the indictment. You must separately consider the evidence against ~~each defendant~~ on each count and return a separate verdict for ~~each defendant~~.

Your verdict as to ~~any one defendant~~ or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.22 (2011) **(Multiple Defendants-Multiple Counts)**

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez

Criminal Pattern Jury Instructions for the U.S. Court of Appeals for the Tenth Circuit, ... ~~UNITED STATES'~~ PROPOSED JURY INSTRUCTIONS, UNITED STATES PROPOSED JURY INSTRUCTION NO. 39 at 1, 57, filed January 12, 2018 (Doc. 1635) (...)

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the ~~bailiff~~ Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.23 (2011) **(Duty to Deliberate-Verdict Form)** (modified)

CRIMINAL PATTERN JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTIONS

UNITED STATES PROPOSED JURY INSTRUCTIONS NO. 41

Jan 12, 2018 (Doc. 1635) at 1, 59-60, filed (modified)