FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

FEB 0 2 2018

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                                                               No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

Defendants.

**COURT'S SECOND PROPOSED PRELIMINARY JURY INSTRUCTIONS**
(with citations)



Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by assistant United States Attorneys, Maria Armijo, Randy Castellano, and Matthew Beck. The defendant, Daniel Sanchez, is represented by his lawyers, Amy Jacks and Richard Jewkes; the defendant, Anthony Ray Baca, is represented by his lawyers, Marc Lowry and Theresa Duncan; the defendant, Carlos Herrera, is represented by his lawyers, Carey Bhalla and William Maynard; and the defendant, Rudy Perez, is represented by his lawyers, Ryan Villa and Justine Fox-Young.

The indictment charges Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez with Violent Crimes in Aid of Racketeering (Murder) and with Violent Crimes in Aid of Racketeering (Conspiracy to Murder), and also charges Mr. Baca with Violent Crimes in Aid of Racketeering (Conspiracy to Commit Assault Resulting in Serious Body Injury). The indictment is simply the description of the charges made by the government against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez; it is not evidence of guilt or anything else. Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez pleaded not guilty and are presumed innocent. They may not be found guilty by you unless all twelve of you unanimously find that the government has proved their guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you

**Court's Proposed Preliminary Jury Instructions Before Trial - Page** 2

understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, Mr. Sanchez', Mr. Baca's, Mr. Herrera's and Mr. Perez' lawyers may present evidence, but they are not required to do so. I remind you that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are presumed innocent, and it is the government that must prove Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt beyond a reasonable doubt. If Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez submit evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench.

**Court's Proposed Preliminary Jury Instructions Before Trial - Page 3**

But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, I will instruct you on the rules of law which you are to use in reaching your verdict.

The final part of the trial occurs when the government, and Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez, will each be given time for their final arguments.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

To find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty of the crime of committing violent crimes in aid of racketeering, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**Court's Proposed Preliminary Jury Instructions Before Trial - Page 4**

*First*: the existence of an "enterprise" as defined in 18 U.S.C. § 1959(b)(2);

*Second*: the charged enterprise engaged in, or its activities affected, interstate or foreign commerce;

*Third*: the charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

*Fourth*: Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed one of the following crimes -- or conspired or attempted to commit one of these crimes -- which crime violated state or federal laws: murder and assault resulting in serious bodily injury; and

*Fifth*: the crime of violence was committed either: (i) as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise; or (ii) for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case

**Court's Proposed Preliminary Jury Instructions Before Trial - Page 5**

with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Armijo, you may present the opening statement for the government.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.01, at 2-5 (**2011 Edition** Updated January 2017)(Preliminary Instructions Before Trial)(adapted)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.02, at 6 (**2011 Edition** Updated January 2017)(NOTE-TAKING BY JURORS (Optional Addition to Preliminary Instructions)(ALTERNATIVE B))(modified)