IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 15-4268 JB |
| | ) |
| vs. | ) |
| | ) |
| **DELEON, et al.,** | ) |
| | ) |
| Defendants. | ) |

<u>UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EXTRINSIC EVIDENCE IN VIOLATION OF FEDERAL RULE OF EVIDENCE RULE 403</u>

The United States respectfully files this motion to exclude extrinsic evidence sought for the purpose of impeaching cooperating witnesses who were videotaped violating the New Mexico Corrections Department's rules for contact visits.

The defendants seek to impeach cooperating witness testimony by introducing segments of video tapes showing how cooperating witnesses violated the rules for contact visits. The United States submits that the videos should be excluded, pursuant to Fed. R. Evid. 403, as the probative value of the videos substantially outweighs the danger of unfair prejudice to the prosecution. The United States anticipates the witnesses will admit to the misconduct, thus eliminating the need to show the videos to the jury.

This situation is similar to the use of extrinsic evidence offered improperly to impeach prior inconsistent statements pursuant to Fed. R. Evid. 613(b). The rule states that "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." Fed. R. Evid. Rule 613(b). Prior

statements or evidence must be inconsistent to be admitted under this rule. "It is true that if the witness confesses or admits having made the prior inconsistent statements, there is no necessity for further proof, as by the admission of the prior inconsistent written statement." *Ditrich v. United States*, 243 F.2d 729, 731 (10th Cir. 1957) (*citing* 58 Am.Jur., Witnesses, § 780, p. 430).

The Tenth circuit has found that if a witness admits to making a statement, no further testimony or evidence is necessary. *See United States v. Soundingsides*, 820 F.2d 1232, 1240–41 (10th Cir. 1987) (Holding that the trial court erred in admitting the testimony of the FBI agent who responded, "I guess so" when asked if inconsistent statement was made). When the witness admits to the inconsistent statement, any additional evidence as to that point is cumulative. *United States v. Jones*, 578 F.2d 1332, 1340 (10th Cir. 1978) (Holding that a tape of a prior inconsistent statement would have been cumulative). "The principle is that where it is sought to impeach a witness by showing a prior inconsistent statement and the witness admits the prior inconsistent statement, the witness is thereby impeached and further testimony is not necessary." *Id.*

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the government's Motion *In Limine* precluding the improper use of impeachment evidence.

Respectfully Submitted,

JAMES D. TIERNEY
Acting United States Attorney

***Electronically filed on 2/6/18 by***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM   88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
RANDY M. CASTELLANO
Assistant United States Attorney