FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
FEB 06 2018

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO, a.k.a. "Wineo," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN HERNANDEZ; JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," CONRAD VILLEGAS, a.k.a. "Chitmon," ANTHONY RAY BACA, a.k.a. "Pup," ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," CHRISTOPHER GARCIA, CARLOS HERRERA, a.k.a. "Lazy," RUDY PEREZ, a.k.a. "Ru Dog," ANDREW GALLEGOS, a.k.a. "Smiley," SANTOS GONZALEZ; PAUL RIVERA, SHAUNA GUTIERREZ, and BRANDY RODRIGUEZ,

Defendants.

**<u>COURT'S THIRD PROPOSED JURY INSTRUCTIONS</u>**

(with citations)

JURY INSTRUCTION NO.   1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1, at 1, 2, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.03, at 7 (2011Edition Updated January, 2017)(INTRODUCTION TO FINAL INSTRUCTIONS)

JURY INSTRUCTION NO.   2

You, as jurors, are the judges of the facts. But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2, at 1, 3, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.04, at 8 (2011 Edition Updated January 2017)(DUTY TO FOLLOW INSTRUCTIONS)

JURY INSTRUCTION NO. 3

The government has the burden of proving Defendants David Sanchez, Anthony Ray Baca, Carlos Herrera, and Rudy Perez guilty beyond a reasonable doubt. The law does not require Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez to prove their innocence or produce any evidence at all. The government has the burden of proving guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, are guilty of the crimes charged, you must find them guilty. If on the other hand, you think there is a real possibility that they are not guilty, you must give them the benefit of the doubt and find them not guilty.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5, at 1, 17, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.05, at 9 (2011 Edition Updated January 2017) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT)(adapted)

JURY INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. **I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.** And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said **or what an exhibit might have shown.** These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24, at 1, 41, filed January 12, 2018 (Doc. 8)(Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.06, at 11 (**2011 Edition** Updated January 2017)(EVIDENCE -- DEFINED)(modified)

JURY INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inference from the testimony and exhibits, inference you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and each conclusion that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 27, at 1, 44, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.07, at 16 (2011 Edition Updated January 2017)(adapted)

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 28

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Sanchez, Mr. Baca, ~~and~~ Mr. Herrera, and Mr. Perez ~~each defendant~~ beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including ~~the defendant~~] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection ~~—~~ like failure of recollection ~~—~~ is not uncommon.

[The testimony of ~~the defendant~~ should be weighed and his credibility evaluated in the same way as that of any other witness.]

[~~The defendant~~ did not testify and I remind you that you cannot consider ~~his~~ their decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of



Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 46 of 66

the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (2011) (Credibility of Witnesses)

~~Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 47 of 66~~

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 29

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.10 (2011) (**Impeachment by Prior Inconsistencies**)

~~Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 48 of 66~~

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 30

You have heard evidence that ~~the defendant~~ has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. **The fact that ~~the defendant~~ has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use ~~his~~ prior conviction as proof of the crime charged in this case.** You may find ~~him~~ guilty of the crime charged here only if the government has proved beyond a reasonable doubt that ~~he~~ committed ~~it~~.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.11 (2011) (**Impeachment by Prior Conviction**)



~~1.14~~

~~ACCOMPLICE—INFORMANT—IMMUNITY~~

~~[as appropriate]~~

~~Accomplice~~

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict ~~a defendant~~ based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against ~~the defendant~~.

You should not convict ~~a defendant~~ based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

Immunity

A person may testify under a grant of immunity (an agreement with the government). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider

whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against ~~the defendant~~.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you feel it deserves.

You should not convict ~~a defendant~~ based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

~~Comment~~

*United States v. Bridwell*, 583 F.2d 1135, 1142 (10th Cir. 1978).

Use Note

When the immunity instruction is given, the nature of the agreement with the government should be spelled out in the instruction. *United States v.* ~~*Valdez*, 225 F.3d 1137, 1139-41 (10th Cir. 2000).~~

PROPOSED JURY INSTRUCTIONS UNITED STATES' PROPOSED JURY INSTRUCTION NO. 32, at 1, ... 12, 2018 (Doc. 1635)

CRIMINAL PATTERN JURY INSTRUCTIONS § 1.14 at 25-26 (2011 Edition ... 2017)

Mr. ..., Mr. ..., Mr. ..., and Mr. ...

26

(ACCOMPLICE -- INFORMANT -- IMMUNITY [as appropriate]

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 33

The government has entered into a plea agreement with [Robert Martinez, etc…..], providing for the possibility of a recommendation of a lesser sentence than he would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

A ~~person~~ who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, ~~such~~ testimony may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict ~~a defendant~~ upon the unsupported testimony of ~~such a witness~~, unless you believe that testimony beyond a reasonable doubt. The fact that ~~the person~~ has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

~~Tenth Circuit~~ Pattern Jury Instructions (Criminal) 1.15 (2011) (Accomplice-Co-Defendant - Plea Agreement) (modified)

JURY INSTRUCTION NO. 6

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 34, at 1, 52, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.16, at 28 (2011 Edition Updated January 2017)(WITNESS'S USE OF ADDICTIVE DRUGS)(modified)

Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 49 of 66

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 31

During the trial you heard the testimony of [ ] who expressed opinions concerning [ ]. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (2011) (**Expert Witnesses**).

CRIMINAL PATTERN JURY INSTRUCTIONS 1.17, at 29 (2011 Ed.) (2017) (EXPERT WITNESS)

PROPOSED JURY INSTRUCTIONS UNITED STATES' PROPOSED JURY INSTRUCTION NO. 31 1 at 1, 49 (Doc. 1635) 12, 2018

(modified)

JURY INSTRUCTION NO. 7

Evidence has been presented about a statement(s) attributed to Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 37, at 1, 55, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.25, at 38 (2011 Edition Updated January 2017)(VOLUNTARINESS OF STATEMENTS BY DEFENDANT)(Single Defendants)(modified)

JURY INSTRUCTION NO. 8

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 38, at 1, 56, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.40 (2011 Edition Updated January 2017)(TRANSCRIPT OF RECORDED CONVERSATION).

at

## ~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 26

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.41 (2011) (**Summaries and Charts**).



~~Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 19 of 66~~

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 7

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of ~~this defendant~~ has been proven. The term is only a term used by Congress to describe the statute.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 2.74.1 (2011) (**Prejudice from the Word "Racketeering"**)

at 229 Bold Edition & updated Jan 2017

All caps / Bold

No Bold

No Bold

Mr. [illegible], Mr. Baca, Mr. Herrera, and Mr. [illegible]

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

All caps / Bold

PROPOSED JURY INSTRUCTIONS

UNITED STATES' PROPOSED

JURY INSTRUCTION NO. 7

1, 19, [illegible] Jan 12, 2018 (Doc. 1635) (modified)

- __ -

JURY INSTRUCTION NO. ____

~~2.74~~

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
~~18 U.S.C. § 1962(a) (Introductory Paragraph)~~

~~The defendant~~ is charged in count ____ with ~~a~~ violation of 18 U.S.C. section 19~~62(a)~~ (59).

This law makes it a crime for any person who ~~has received any income derived [from a pattern of racketeering activity] [through collection of an unlawful debt] to use or invest that income in acquiring any interest in or establishing or operating any enterprise engaged in or affecting interstate or foreign commerce.~~

~~Specifically, the defendant is accused of [read or summarize the indictment]~~

~~Use Note~~

Portions of this subsection probably will not apply. Only the relevant portions should be read to the jury. What is appropriate will differ from case to case.

Regarding RICO cases generally, *see Boyle v. United States*, 129 S. Ct. 2237 ~~(2009)~~.

s 1, 2, 3, 4, and 5 of the Indictment

Mr. A. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez

committed violent crimes in aid of racketeering,

, as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, commits assault with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do.

~~228~~

PROPOSED JURY INSTRUCTIONS

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8 at 20-21, filed Feb. 5, 2018 (Doc. 1635)(modified)

~~CRIMINAL PA~~ Criminal Pattern Jury Instructions Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS § 2.74 at 228 (2011 Edition Updated February 2017)(modified)

all exp / RL

JURY INSTRUCTION NO. 9

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are on trial before you upon an Indictment brought by the Grand Jury. Before reading the indictment to you, I remind you that the Indictment or formal charge against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez is not evidence of guilt. Indeed, Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are presumed by the law to be innocent.

In this case, the Indictment charges as follows:

Count 1

Conspiracy to Murder J.M.

In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 2

Murder of J.M.

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** did unlawfully, knowingly and intentionally murder J.M., in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Count 3

Conspiracy to Commit Assault Resulting in Serious Bodily Injury to J.R.

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," and CONRAD VILLEGAS, a.k.a. "Chitmon," did unlawfully, knowingly, and intentionally conspire to commit assault

resulting in serious bodily injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

Count 4

Conspiracy to Murder D.S.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," and ROBERT MARTINEZ, a.k.a. "Baby Rob," and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder D.S., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 5

Conspiracy to Murder G.M.

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Second Superseding Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de

Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," ROBERT MARTINEZ, a.k.a. "Baby Rob," and CHRISTOPHER GARCIA, and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder G.M., in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Indictment at ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12a, 12b, 12c, 12d, 12e, 12f, 13a, 13b, 13c, 13d, 13e, 14, ~~and~~ Count 6, Count 7, Count 8, Count 9 and Count 10, at 1-9, 12-13, filed March 9, 2017 (Doc. 947)(modified)

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3, at 1, 4-15, filed January 12, 2018 (Doc. 1635)(modified)

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4, at 16, filed January 12, 2018 (Doc. 1635)(modified)

Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 20 of 66

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8

Counts 6, 7, 8, 9, 10 of the Indictment charge the defendant with committing violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959. This statute reads as follows: "Whoever, as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the law of any State or the United States, or attempts or conspires so to do" is guilty of a crime.

To convict a Defendant of a violent crime in aid of racketeering under this statute, as charged in Counts 6, 7, 8, 9, 10, you must find that the Government has proven each of the following elements beyond a reasonable doubt:

First: The existence of an enterprise as defined in 18 U.S.C. § 1959 (b)(2);

Second: The charged enterprise engaged in or its activities affected interstate or foreign commerce;

Third: The charged enterprise engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

Fourth: The defendant committed one of the following crimes, or conspired or attempted to commit one of these crimes, which crime violated state or federal law: murder, kidnaping, maiming, assault with a dangerous weapon, assault resulting in serious bodily injury, threatening to commit a crime of violence;



Fifth: ~~T~~he crime of violence was committed either: (1) as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise, or (2) for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

~~I will now instruct you on the law applicable to each of these five elements~~.

Criminal Pattern Jury Instructions Committee of the United States Court of Appeals of the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 2.74.2, at 230 (2011 Edition Updated for 2017) (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT — "SECTION A" Elements of the Offense) (modified)

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the Indictment.

The government has charged the following in the Indictment as constituting the enterprise: the Syndicato de Nuevo Mexico Gang (SNM) in Counts 1, 2, 3, 4, 5.

An enterprise includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The

government need not prove that the enterprise had any particular organizational structure.

The group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence. ~~[inactivity]~~

~~Tenth Circuit~~ Pattern Jury Instructions (Criminal) 2.74.3 (2011) ~~(modified)~~ (**First Element – The Enterprise**)

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)(**Violent Crimes in Aid of Racketeering**)

If you find these three elements, then you may find that an enterprise existed.

Criminal Pattern Jury Instructions Committee of the United States Court of Appeals for the Tenth Circuit, ... at 221 ... Ed. ... 2017 ... RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS -- "SECTION A" ... PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9, at 22-23, filed January 12, 2018 (Doc. 1635) (modified)

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 10

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate (or foreign) commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of ~~any particular defendant~~ affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that ~~any defendant~~ knew he was affecting interstate commerce.

~~I further instruct you that, pursuant to 21 U.S.C. §§ 801(3), (5), (6), and (7), the possession and/or distribution of a controlled substance has a direct and substantial effect on interstate commerce.~~

~~Tenth Circuit~~ Pattern Jury Instructions (Criminal) 2.74.4 (2011) (**Second Element – Effect on Interstate Commerce**)

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS-- "SECTION A"

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez

PROPOSED JURY INSTRUCTIONS

UNITED STATES' PROPOSED JURY INSTRUCTION

NO. 10 at 1, 24, filed January 12, 2018 (Doc. 1635)(modified)

## ~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. 11

The third element which the Government must prove beyond a reasonable doubt as to Counts ~~6, 7, 8, 9, 10~~ (1), (2), (3), (4) and 5 is that the enterprise was engaged in racketeering activity on or around the time of the violent crime charged in that count of the indictment.

~~"Racketeering activity" means the commission of certain crimes. The indictment alleges~~ that the SNM engaged in multiple acts of racketeering activity consisting of the following: (1) murder and robbery, in violation of New Mexico law; (2) acts involving obstruction of justice, tampering with or retaliating against witness, victim, or informant, in violation of federal law; and, (3) offenses involving trafficking in narcotics, in violation of federal law.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

I instruct you that "racketeering activity" includes numerous offenses, including those listed above. It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.

That racketeering activity ~~must~~ may consist of state offenses as well as federal offenses.

In order for the state offense of [illegible] murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that Mr. S., Mr. B., Mr. H., and Mr. P. committed the offense as defined by state law. The elements of that offense are as follows: (Sheet A)

~~Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 26 of 60~~

~~UNITED STATES' PROPOSED JURY~~ INSTRUCTION NO. 12

~~In order for the offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:~~

*First*: someone killed ~~the victim~~ Javier Molina, and

*Second*: the killing was with the deliberate intention to take away the life ~~the~~ of ~~victim~~ ~~JAVIER MOLINA~~ Javier Molina.

JURY INSTRUCTION NO. 10

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez cannot be established merely by demonstrating that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez were negligent, careless, or foolish, knowledge can be inferred if Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez deliberately blinded himself to the existence of a fact. Knowledge can be inferred if Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez were aware of a high probability of the existence of [the fact in question], unless Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez did not actually believe [the fact in question].

Bold

<u>PROPOSED JURY INSTRUCTIONS</u>, **UNITED STATES' PROPOSED JURY INSTRUCTION NO.** 23, at 1, 40, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.36, at 56 (**2011 Edition** Updated January 2017)(KNOWINGLY -- DELIBERATE IGNORANCE)(adapted)

JURY INSTRUCTION NO. 11

You will note that the indictment charges that the crimes charged in Count 6 and Count 7 were committed "on or about" March 2014; the crime charged in Count 8 was committed "on or about" between 2003 and July 13, 2015; the crimes charged in Count 9 and Count 10 were committed "on or about" no later than 2013. The government must prove beyond a reasonable doubt that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the crimes reasonably near March 2014 (for Count 6 and Count 7); between 2003 and July 13, 2015 (for Count 8); and no later than 2013 (for Count 9 and Count 10).

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22, at 1, 39, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.18, at 38 (**2011 Edition** Updated January 2017)(ON OR ABOUT)(adapted)

JURY INSTRUCTION NO. 12

If you find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 40, at 1, 58, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.20, at 32 (**2011 Edition** Updated January 2017)(CAUTION -- PUNISHMENT)(NON-CAPITAL CASES)(adapted)

JURY INSTRUCTION NO. 13

A separate crime is charged against Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez in each count of the indictment. You must separately consider the evidence against Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez on each count and return a separate verdict for Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez.

Your verdict as to Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez or count, whether it is guilty or not guilty, should not influence your verdict as to any other Defendants or counts.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 39,** at 1, 57, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.22, at 34 (**2011 Edition** Updated January 2017)(MULTIPLE DEFENDANTS -- MULTIPLE COUNTS)

JURY INSTRUCTION NO. 14

In a moment the Courtroom Deputy Clerk will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts. You must decide whether the government has proved ~~the defendant~~ guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

Mr. Baca, Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez

C4

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. ~~39~~ 41, at 1, ~~57~~ 59-60, filed January 12, 2018 (Doc. 1635)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.23, at 35-36 **(2011 Edition** Updated January 2017)(DUTY TO DELIBERATE -- VERDICT FORM)(modified)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Bold

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIEL SANCHEZ, ANTHONY RAY BACA, CARLOS HERRERA,

Defendant.

CRIMINAL NO. CR 15-4269 JB

No Bd

# VERDICT

Daniel Sanchez

**COUNT 6**

WE, the Jury, find the defendant, **DANIEL SANCHEZ**, ____________________ (guilty or not guilty) of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 6 of the Indictment.

**COUNT 7**

WE, the Jury, find the defendant, **DANIEL SANCHEZ**, ____________________ (guilty or not guilty) of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 7 of the Indictment.

Dated this ____ day of ________, 2018.

FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANTHONY RAY BACA,

Defendant.

CRIMINAL NO. 15-4269 JB

ANTHONY RAY BACA

**VERDICT**

**COUNT 6**

WE, the Jury, find the defendant, **ANTHONY RAY BACA**,__________________ (guilty or not guilty) of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 6 of the Indictment.

**COUNT 7**

WE, the Jury, find the defendant, **ANTHONY RAY BACA**,__________________ (guilty or not guilty) of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 7 of the Indictment.

**COUNT 8**

WE, the Jury, find the defendant, **ANTHONY RAY BACA**,__________________ (guilty or not guilty) of violent crimes in aid of racketeering in conspiring to commit assault resulting in serious bodily injury to Julian Romero, as charged in Count 8 of the Indictment.

1 Full Tab

**COUNT 9**

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, ______________________
(guilty or not guilty)
of violent crimes in aid of racketeering in conspiring to murder Dwayne Santistevan, as charged in Count 9 of the Indictment.

**COUNT 10**

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, ______________________
(guilty or not guilty)
of violent crimes in aid of racketeering in conspiring to murder Gregg Marcantel, as charged in Count 10 of the Indictment.

Dated this _____ day of ________, 2018.

______________________
FOREPERSON

vidt one fll tal

Case 2:15-cr-04268-JB Document 1635 Filed 01/12/18 Page 65 of 66

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**CARLOS HERRERA,**

Defendant.

CRIMINAL NO. 15-4269 JB

CARLOS HERRERA

**VERDICT**

**COUNT 6**

WE, the Jury, find the defendant, **CARLOS HERRERA,** ________________ (guilty or not guilty) of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 6 of the Indictment.

**COUNT 7**

WE, the Jury, find the defendant, **CARLOS HERRERA,** ________________ (guilty or not guilty) of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 7 of the Indictment.

Dated this _____ day of ________, 2018.

________________________
FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. CRIMINAL NO. 15-4269 JB

RUDY PEREZ,

Defendant.

RUDY PEREZ

~~VERDICT~~

COUNT 6

WE, the Jury, find the defendant, **RUDY PEREZ**, ____________ (guilty or not guilty) of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 6 of the Indictment.

COUNT 7

WE, the Jury, find the defendant, **RUDY PEREZ**, ____________ (guilty or not guilty) of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 7 of the Indictment.

Dated this _____ day of ________, 2018.

____________________

FOREPERSON