IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          No. 2:15-cr-04268-JB

ANGEL DELEON, et al.,

      Defendants.

### DEFENDANT ANTHONY RAY BACA'S MOTION TO CLARIFY RULING REGARDING IMPEACHMENT WITNESSES

      Defendant Anthony Ray Baca respectfully moves the Court to clarify its ruling regarding Mr. Baca's intention to call law enforcement witnesses to testify about their investigations of criminal offenses committed by government witness Eric Duran following his release from prison. As grounds therefore, Mr. Baca states as follows:

      1.      Government witness Eric Duran testified on February 21, 2018. During his direct examination, Mr. Duran testified about several inculpatory statements he alleged Mr. Baca made to him in 2013 as well as about audio recordings he made of Mr. Baca in 2015. Mr. Duran's testimony is central to the government's case against Mr. Baca.

      2.      During cross-examination, defense counsel sought to impeach Mr. Duran's credibility with evidence that Mr. Duran committed a series of criminal offenses in 2017. These offenses were committed after Mr. Duran was released from prison two years early as a reward for his work in this case. Defense counsel sought to question Mr. Duran regarding five criminal incidents: (1) physical abuse of his stepdaughter in May 2017, (2) his involvement in a prostitution sting in August 2017, during which he disposed of an unknown liquid contained in a syringe, (3) his possession of a firearm and heroin on November 11, 2017, (4) his involvement in

a high-speed chase involving a stolen vehicle on November 27, 2017, after which Mr. Duran fled law enforcement on foot, and (5) Mr. Duran's arrest on a probation violation warrant on December 15, 2017, during which he lied to law enforcement regarding his identity.  At the direction of his counsel, Mr. Duran refused to answer questions regarding incidents (3) and (4) based on his Fifth Amendment privilege not to incriminate himself.  Mr. Duran also claimed to be unaware of details regarding the investigation into incident (1), the allegation he physically abused his stepdaughter.  He answered counsel's questions regarding the other two incidents.

3. On February 22, 2017, defense counsel notified the Court that Mr. Baca intended to call law enforcement witnesses to testify regarding the incidents about which Mr. Duran had refused to answer counsel's questions, as well as the incident involving his stepdaughter. Counsel alerted the Court that the government objected to Mr. Baca calling these witnesses. After a brief argument by the parties, the Court ruled that Mr. Baca could call one witness to testify regarding Mr. Duran's post-release criminal conduct.

4. Mr. Baca now seeks clarification of that ruling.  Because the criminal incidents occurred on different dates and were investigated by different law enforcement officers, no single witness (other than Mr. Duran) has personal knowledge of all relevant incidents.  Thus, Mr. Baca intends to call one witness to testify regarding each criminal incident, for a total of three witnesses.  These witnesses would testify regarding the May 2017 investigation of Mr. Duran's abuse of his stepdaughter, the November 11, 2017, arrest of Mr. Duran for possession of a firearm and heroin, and the November 27, 2017, incident in which Mr. Duran was involved in a high speed chase involving a stolen vehicle.

5. "The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." *Davis v. Alaska*, 415 U.S.

308, 315 (1974) (internal quotation marks and citation omitted).  "Confrontation means more than being allowed to confront the witness physically.  Our cases construing the (confrontation) clause hold that a primary interest secured by it is the right of cross-examination." *Id*. (internal quotation marks and citation omitted).  "A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." *Id*. at 316 (internal quotation marks and citation omitted).

6. Invocation of the Fifth Amendment by a government witness may deprive a defendant of his Sixth Amendment confrontation rights.  *See United States v. Nunez*, 668 F.2d 1116, 1121-22 (10th Cir. 1981).  The Tenth Circuit has recognized "that the Sixth Amendment may be violated where the defendant is prevented from placing facts before the jury from which bias, prejudice, or a lack of credibility of a prosecution witness may be inferred." *Id*. at 1123.

7. Under Fed. R. Evid. 608(b), Mr. Baca was entitled to cross-examine Mr. Duran regarding his criminal conduct in order to attack Mr. Duran's character for truthfulness.  But Mr. Duran's invocation of his Fifth Amendment right prevented Mr. Baca from doing so in any meaningful way.  "[W]here a defendant's cross-examination is restricted by the competing Fifth Amendment right of the witness, it may be necessary to strike all or a part of the direct testimony of that witness." *Id.* at 1121.  This Court has previously ruled that it would not strike Mr. Duran's testimony based on his invocation of the Fifth Amendment.  In light of that ruling, the only way to protect Mr. Baca's Sixth Amendment right to cross-examine Mr. Duran is to allow another avenue to place the facts indicating bias or motive before the jury.  Although Rule

608(b) normally precludes the introduction of extrinsic evidence to prove specific instances of conduct, that rule must give way to Mr. Baca's constitutional right to confront the government's witness.

8.      The investigating officers would be able to testify as to the circumstances of Mr. Duran's criminal offenses as well as the strength of the evidence against Mr. Duran.  Permitting this inquiry of the investigating officers would protect and restore Mr. Baca's confrontation rights by providing the evidence of bias and motive denied by Mr. Duran's invocation of the Fifth Amendment.

## Conclusion

WHEREFORE, Defendant Anthony Ray Baca respectfully moves the Court to clarify its ruling allowing him to call one witness to testify about government witness Eric Duran's post-release criminal conduct o allow him to call one law enforcement witness per criminal incident, for a total of three witnesses.

Respectfully submitted,

/s/ Theresa M. Duncan\_\_\_\_\_
Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

AND

ROTHSTEIN DONATELLI, LLP

/s/ Marc M. Lowry
MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
mlowry@rothsteinlaw.com

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of February 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan