IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**UNITED STATES' MOTION IN LIMINE TO EXCLUDE
IRRELEVANT WITNESSES AND EVIDENCE**</u>[1]

The United States of America moves for an order *in limine* prohibiting Defendant Rudy

Perez from calling witnesses who will testify about his medical history, including any mental and

physical impairments, because that information is not relevant and, therefore, inadmissible under

Rule 402 of the Federal Rules of Evidence. Defendant Perez moved pretrial to exclude his

statements as evidence in this trial because, he contended, the evidence was secured in violation

of his Constitutional rights. *See* Motion to Suppress Statement [Doc. 1295]. The Court concluded

that Defendant Perez's statements were voluntary and intelligent, and, therefore, their admission

as evidence does not violate Defendant Perez's constitutional rights. Thus, the Court already

concluded in this case that Defendant Perez's mental and physical health was such that he could

voluntarily and intelligently provide statements while he was incarcerated.

---

[1] On February 25, 2018, Counsel for United States sent an email to counsel for
Defendants Anthony Ray Baca, Daniel Sanchez, Rudy Perez, and Carlos Herrera stating that it
will file this motion as opposed unless it hears otherwise. At the time of filing, counsel for
Defendant Sanchez takes no position and Defendant Perez opposes the motion; the United States
has not received a response from Defendant Baca's or Defendant Herrera's counsel. This motion
is therefore opposed.

Defendant Perez's health during the time relevant to this proceeding -- 1980 through 2016 -- does not tend to make any fact of consequence in this case more or less probable. *See* Fed. R. Evid. 401. Evidence about Defendant Perez's health at that time, therefore, is not admissible. *See* Fed. R. Evid. 402.

There are only two possible avenues for which Defendant Perez's health may be relevant: (1) the affirmative defense of duress; or (2) the inability to form the intent required to participate in the conspiracy to murder or aid and abet the murder of Javier Molina. But the evidence admitted thus far, and the proffered testimony of his witnesses, show that the medical-provider witnesses he intends to present cannot offer evidence probative of those consequential facts.

With regard to the affirmative defense of duress, Defendant Perez cannot meet that burden, because the evidence admitted by the Defendants via cross-examination of several witnesses so far establishes that any inmate could have dropped a kite to inform law enforcement about the pending murder of Molina or could have gone into protective custody to take himself out of participation in the SNM gang and conspiracy to murder Molina. Thus, given that Defendants have established that any SNM member could have informed law enforcement of the Molina murder before it happened, Defendant Perez cannot meet his burden to establish a possible duress defense. *See* 10th Cir. Pattern Jury Instructions Criminal § 1.36(2) (2011, Jan. 2017).

With regard to the inability to form the required intent, the Court already found that Defendant Perez is sufficiently intelligent to provide intelligent and voluntary statements. And none of the witnesses whom Defendant Perez intends to offer will opine that he did not have sufficient mental capacity to form the required intent.

Finally, it's clear that the only fact that Defendant Perez intends to elicit from these potential health professional witnesses is that he was sick and physically (and perhaps mentally) infirm in 2014. But that is not a fact of consequence in this case. *See* Fed. R. Evid. 401. Rather, that fact may be probative only of possible sympathy that the jury may have for Defendant Perez, which may only be used as a means of jury nullification, which this Court concluded the Tenth Circuit does not allow as a proper basis on which the jury may render a verdict. *See, e.g., United States v. Courtney*, 960 F. Supp. 2d 1152, 1173 (D.N.M. 2013) (Browning, J.).

Accordingly, the United States moves the Court *in limine* to exclude the irrelevant evidence that Defendant Perez intends to offer in this trial.

## I.   <u>Background</u>

On March 7, 2014, at approximately 5:18 p.m., a fight broke out in HUIA B-Pod at Southern New Mexico Correctional Facility ("SNMCF"). First responders and an ambulance were called because an inmate had been stabbed. While life saving measures were performed on inmate Javier Molina, no pulse was detected and he was later pronounced dead at Memorial Medical Center upon arrival.

Video surveillance prior to the murder showed Jerry Montoya and Jerry Armenta meet up and walk toward the victim's cell. Shortly after they entered the victim's cell, Timothy Martinez left the cell in a rush. Mario Rodriguez exited next. Shortly thereafter, the victim exited his cell and appeared to be trying to get away from Montoya and Armenta. When the victim turned towards the camera, a red blood stain in the middle of his chest was visible. Thereafter, Montoya and Armenta continued to assault the victim at the bottom of the stairs.

Following the attack, law enforcement officers found two homemade knives ("shanks") that were located in the trash can next to the staircase, and a third shank that was located in the top shower.

The autopsy report listed the cause of death as multiple stab wounds (43), most of which were to the chest and abdomen. There were two clearly discernible stabbing patterns, indicating two persons stabbed the victim.

According to the testimony of Mario Rodriguez, the shanks used in the murder were obtained from Defendant Perez's walker. According to the testimony of several of the United States' cooperating witnesses, Defendant Perez told them that he provided these walkers willingly as his way to "put in work," or help with, Molina's murder.

On October 6, 2017, Defendant Perez moved to suppress statements that he gave to Billy Cordova, a United States witness who testified in this trial, because he did not voluntarily or intelligently provide Cordova those statements.

After two days of a suppression hearing on December 12-13, 18, 2017, the Court denied that motion on December 18. The Court concluded that there was not sufficient evidence to conclude that Defendant Perez "was incapable of making the statements voluntarily and intelligently." Hearing Transcript, December 18, 2017, 50:13-16.

## II.    Argument

### A. Evidence about Defendant Perez's medical health or history is inadmissible to show that he did not voluntarily or intelligently provide statements to Billy Cordova, because the Court already ruled on that preliminary issue.

The Court concluded that admission of Defendant Perez's statements did not run afoul of or violate his constitutional rights. Thus, the voluntariness of Defendant Perez's statements is not fact of consequence to the jury's determining the action at trial. *See* Fed. R. Evid. 401. Likewise,

because the voluntariness of Defendant Perez's statements aren't facts of consequence at trial, any evidence or argument about Defendant Perez's mental health or ability to provide those statements are also not facts of consequence in determining the action. The Court should therefore preclude Defendant Perez from presenting evidence or argument about these irrelevant issues at trial.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 401 provides the following test for relevant evidence: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The question whether admission of Defendant Perez's statements violated his Fifth or Sixth Amendment rights is a matter of law that is the Court's province exclusively, to be decided before, and not at, trial. The United States Supreme Court has held that, in a criminal proceeding, the trial court, and not the jury, must rule on the factual and legal issues pertaining to the admissibility of evidence challenged on the basis of a violation of a defendant's constitutional rights. *See Steele v. United States*, 267 U.S. 505, 511 (1925); *Ford v. United States*, 273 U.S. 593, 605 (1927). And that holding is memorialized in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. *See* Fed. R. Crim. P. 12(b)(3)(C) and (d) ("The court must decide every pretrial motion"); Fed. R. Evid. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court").

The exclusion of evidence about Defendant Perez's mental health, which would be relevant only to whether his statements were voluntary and intelligent, is illustrated by analogy to the exclusion from trial of the propriety of a search even when the propriety of the search may depend on credibility determinations. And Professor Wayne R. Lafave has pointed out that the

constitutional validity of a search is an issue exclusively for the Court, even if the validity of a

search turns on witness credibility:

> "[T]he legality of the search is and should be a matter of law to be determined by
> the court and not one for the jury to decide." For one thing, this means that if the
> judge hearing the pretrial motion to suppress concludes that the resolution of the
> matter depends upon a determination of the credibility of various witnesses who
> have given conflicting testimony, this is not a basis for reserving the issue for the
> jury at trial on the assumption that the responsibility of the jury is to make
> credibility determinations.

6 Wayne R. LaFave, *Search & Seizure* § 11.2(e) (5th ed.) (quoting *Sisk v. Mississippi*, 290 So.2d

608, 611 (Miss. 1974)).

Likewise here, the Court already heard evidence from Dr. Heather Brislen about

Defendant Perez's health in relation to the voluntariness and intelligence of his recorded

conversations. That evidence, like the evidence presented by witnesses whose credibility may be

an issue for trial, is still probative of the voluntariness of the statements only, and an issue that is

reserved for the Court, and not for the jury.

Relevant evidence only is admissible at trial. *See* Fed. R. Evid. 401, 402. This Court ruled

on Defendant Perez's Motion to Suppress and concluded, properly, that his statements were

voluntary and intelligent. The recording and presentation of those statements in evidence was

therefore constitutional. At that point, the "fact[s] of consequence in determining the action,"

Fed. R. Evid. 401, which the jury must determine are whether: (1) Defendant Perez voluntarily

provided the shanks to Rodriguez; (2) he did so to aid and abet the Molina murder or in

agreement that Molina would be murdered. The evidence necessary to prove these elements, and

to rebut them, doesn't require facts about Defendant Perez's mental or physical health.

To the extent that Defendant Perez may wish to call into question his ability to provide

knowing and intelligent statements to Cordova, he already did so in his Motion to Dismiss. And

that's the proper avenue to contest the admissibility of those statements. *See Steele*, 267 U.S. at 511; *Ford*, 273 U.S. at 605; Fed. R. Crim. P. 12(b)(3)(C) and (d); Fed. R. Evid. 104(a). At trial, however, he may not relitigate, or mention, those already-disposed-of issues in front of the jury. *See id.*; 6 LaFave, *supra*, § 11.2(e) (quoting *Sisk*, 290 So.2d at 611). Defendant Perez's attempt to introduce evidence or argument about his purported inability to provide those statements voluntarily or intelligently serves only to waste time, confuse the issues, or mislead the jury. Even if that argument or evidence had probative value in relation to a fact of consequence -- which it does not -- such evidence or argument is, nevertheless, inadmissible. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). The Court should therefore order, *in limine*, that Defendant Perez may not attempt to introduce such evidence.

Thus, evidence or argument about Defendant Perez's purported inability to provide those statements is inadmissible. So evidence or argument related to the collateral issues of the past mental or physical impairments is, likewise, inadmissible. The Court should therefore exclude Defendant Perez's witnesses whom may offer testimony about his medical history or conditions.

**B.  Evidence about Defendant Perez's medical history is inadmissible to prove any contention that he participated in Molina's murder under duress, because he cannot establish that defense, and because that opinion would not be helpful to the jury.**

To present evidence to the jury about a possible duress defense, a defendant must establish that he "had no reasonable, legal alternative to violating the law, that he had no chance to both refuse to do the criminal act and also to avoid the threatened harm." 10th Cir. Criminal Pattern

Jury Instructions § 1.36(2). That means that, if the defendant could have alerted law enforcement, he must have done so. *See United States v. Butler*, 485 F.3d 569, 573 (10th Cir. 2007).

Defendants in this case have developed evidence through several of the United States' witnesses, including at least Timothy Martinez, Mario Rodriguez, Jerry Armenta, and Jerry Montoya, that each person involved in the Molina murder could have alerted law enforcement before the murder by simply dropping a "kite," or note, to the corrections officers before the murder. And the same goes for Defendant Perez. He could've alerted a corrections officer to the murder before it happened. So Defendant Perez cannot meet his burden to establish the propriety of a duress defense.

But more than that, even if Defendant Perez could present competent evidence that he may be entitled to a duress defense, he can't present that evidence through the medical providers that he intends to call as witnesses in this trial. The only way in which those medical professionals may tend to make more or less probable that he could not have alerted a corrections officer to the Molina murder before it happened, is if those medical professionals will testify that Defendant Perez could not have written such a note or "kite" and could not have physically given it to a corrections officer. Whatever maladies these medical professionals may testify to or offer opinions on, they will not go so far as to state or opine that he couldn't do that. Without that fact, the testimony of these medical providers or professionals that Defendant Perez intends to offer cannot be admitted by the Court. *See* Fed. R. Evid. 104(b); *see also* Fed. R. Evid. 702.[2]

Thus, to the extent that Defendant Perez intends to offer these medical provider witnesses in support of his duress defense, they cannot offer competent, admissible testimony that is

---

[2] To the extent that Defendant Perez intends to offer any of these medical providers as expert witness, the Court should exclude their testimony under rule 702(a), as the expert's opinion will not "help the trier of fact to understand the evidence." Fed. R. Evid. 702(a).

probative of that defense. *See id.* The Court should, therefore, exclude these witnesses from trial. *See* Fed. R. Evid. 401, 402.

### C. Evidence about Defendant Perez's medical history is inadmissible to prove that he was not healthy, because it would serve only to create sympathy with the jury, which is not a proper basis on which the jury may render its verdict.

The medical providers that Defendant Perez seeks to offer to testify in this trial cannot properly testify about his medical conditions as they relate to his ability to provide voluntary and intelligent statements to other witnesses. *See* Section II.A, *supra*. The medical providers cannot properly testify about his medical conditions as they relate to any possible duress defense. *See* Section II.B, *supra*. That leaves only one purpose for which Defendant Perez may seek the testimony from these medical providers: to show the jury that he wasn't healthy in 2014 in hopes that they'll find him not guilty because of sympathy. But that is an improper purpose. *See* Fed. R. Evid. 404(a). To admit that testimony and allow the medical providers to create sympathy within the jurors, in hopes that they'll find Defendant Perez not guilty because of that sympathy, also violates several of the instructions that the Court will provide to the jury.

The Court will instruct the jury that it must follow the instructions that the Court provides to the jury when they deliberate about their verdict. *See* Court's Sixth Proposed Jury Instructions, Instruction No. 1, at 2 [Doc. 1818]. The Court instructs the jury that it is their "sworn duty to follow all of the rules of law as I explain them to you," that they "have no right to disregard . . . any one instruction, or to question the wisdom or correctness of any rule I may state to you," and that it is the juror's "duty to base your verdict solely upon the evidence, without prejudice or sympathy." *Id.*, Instruction No. 2, at 3. This Court has found that "a 'defendant's right to an impartial jury does not include a right to a jury composed of persons who will disregard the

district court's instructions.'" *Courtney*, 960 F. Supp. 2d at 1173 (quoting *United States v. James*, 203 F.3d 836, No. CR 98-1479, 2000 WL 136816, at \*3 (10th Cir. Feb. 7, 2000) (unpublished table decision)). Simply put, "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).

To allow these medical providers to testify about Defendant Perez's medical conditions, which do not tend to make more or less probable any fact of consequence in determining this action, *see* Fed. R. Evid. 401, violates Rule 402's exclusion of irrelevant evidence. *See* Fed. R. Evid. 402. The only purpose to which this evidence may be put is to show that Defendant Perez was unhealthy in 2014, and that he acted in conformance with unhealthiness when he conspired to murder Molina, and aided and abetted in that murder. This is an improper purpose for evidence's admission under Rule 404(a).

The real purpose to which Defendant Perez intends to put this evidence is to invite jury nullification. Defendant Perez hopes that the testimony of his health conditions will cause the jurors to nullify the verdict, and to base their verdict on sympathy, rather than the relevant, admissible evidence of his actual conduct in the case. The Court has concluded that it cannot, properly, allow or invite the jury to nullify a verdict in contradiction to their oath as jurors. *See Courtney*, 960 F. Supp. 2d at 1173.

Accordingly, the Court should exclude *in limine* Defendant Perez's proposed medical provider witnesses.

## III.    Conclusion

The Court already decided the preliminary issue whether the statements that Defendant Perez provided to cooperating witnesses, which have been admitted, were voluntary and intelligent. Defendant Perez may not relitigate those issue at this trial. The proposed testimony of

any medical providers is not admissible to help further any duress defense, to which Defendant

Perez cannot establish that he's entitled anyway. The only purpose to which these medical

provider witnesses' testimony may be put is to develop sympathy for Defendant Perez as a basis

for their verdict, which is an improper purpose and violates the prohibition against jury

nullification. The United States therefore asks the Court to order, *in limine*, the exclusion of this

inadmissible evidence.

Respectfully Submitted,


JOHN C. ANDERSON
United States Attorney

**<u>Electronically filed on 2/25/2018</u>**
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

<u>/s/ _____</u>
MATTHEW M. BECK
Assistant United States Attorney