**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEB **2 7** 2018 

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,
          Defendants.

## COURT'S SEVENTH PROPOSED JURY INSTRUCTIONS
(with citations)

## JURY INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1,** at 1, 2, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 3,** at 1, 2, 17, filed January 12, 2018 (Doc. 1641)(3) 1.03 Introduction to Final Instructions)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 1: No objection to unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.03, at i, 7, (**2011 Edition** Updated January, 2017)(INTRODUCTION TO FINAL INSTRUCTIONS)

## JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2**, at 1, 3, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 4**, at 1, 2, 18, filed January 12, 2018 (Doc. 1641)(4) 1.04 Duty to Follow Instructions)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635)**, at 1, filed January 19, 2018 (Doc. 1662)("United States Proposed Jury Instruction No. 2: No objection to unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.04, at i, 8 (**2011 Edition** Updated January 2017)(DUTY TO FOLLOW INSTRUCTIONS)

## JURY INSTRUCTION NO. 3

The government has the burden of proving Defendants Daniel Sanchez, Anthony Ray Baca, Carlos Herrera, and Rudy Perez guilty beyond a reasonable doubt. The law does not require Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez to prove their innocence or produce any evidence at all. The government has the burden of proving Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, are guilty of the crimes charged, you must find them guilty. If on the other hand, you think there is a real possibility that they are not guilty, you must give them the benefit of the doubt and find them not guilty.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5,** at 1, 17, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 5,** at 1, 2, 19, filed January 12, 2018 (Doc. 1641)(modified 1.05)(5) 1.05 Presumption of Innocence -- Burden of Proof -- Reasonable Doubt)(modified)

- 4 -

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 6,** at 1, 2, 20 filed January 12, 2018 (Doc. 1641)(6) 1.05.1 Preponderance of Evidence)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 4-5, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 5: The Defendants' objected to the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.05, at 1, 9 (**2011 Edition** Updated January 2017) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT)(adapted)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.05.1, at i, 10 (**2011 Edition** Updated January 2017) (PREPONDERANCE OF EVIDENCE )(modified)

### JURY INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24,** at 1, 41, filed January 12, 2018 (Doc. 8)(Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 7,** at 1, 2, 21, filed January 12, 2018 (Doc. 1641)(7) 1.06 Evidence -- Defined)

- 6 -

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 8, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 24: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.06, at i, 11 (**2011 Edition** Updated January 2017)(EVIDENCE -- DEFINED)(modified)

## JURY INSTRUCTION NO. 5

During the course of this trial, and on multiple occasions throughout the trial, you have heard evidence that was admitted for a limited purpose and as to a particular defendant, only.

Each time this type of evidence was admitted, I instructed you of the specific limitations placed on your use of that evidence. By providing these instructions, I was not suggesting that you must or should find the particular evidence credible or probative of any issue in this case. However, in the event you decide to consider the limited evidence, then you may only use it only for the limited purpose, and only as to the particular defendant, for which it was admitted.

You are not to consider any limited evidence for any other purpose than the particular purpose for which it was admitted. And, you may not use it in any way during your deliberations concerning any defendant against whom the evidence was not admitted.

**DEFENDANT DANIEL SANCHEZ'S PROPOSED LIMITING INSTRUCTION,** at 1, 2-3, filed February 23, 2018 (Doc. 1821)

Authority Federal Rule of Evidence 105; 9th Cir. Pattern Instruction 2.11 Evidence for Limited Purpose (no comparable 10th Circuit or 5th Circuit Limiting Instruction could be located); *See United States v. Armijo*, 5 F3d 1229, 1232 (9th Cir. 1993). For example, in *United States v Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000), the Ninth Circuit held the trial court "had no alternative" but to give the jury a limiting instruction *sua sponte* when a testifying co-defendant's post-arrest statements were admitted as substantive evidence against her under Fed. R. Evid. 801(d)(2)(A), but were not admissible against another co-defendant "under *any* theory" (emphasis in original). Under the circumstances of the case, it was plain error to fail to give the limiting instruction *sua sponte*. *Id.* at 761.

**JURY INSTRUCTION NO. 6**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusion that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 27,** at 1, 44, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 8,** at 1, 2, 22, filed January 12, 2018 (Doc. 1641)(8) 1.07 Evidence -- Direct and Circumstantial -- Influences)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 5, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 27: No objection to the unmodified Tenth Circuit instruction.")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 9-10, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 27: Defendants object to this instruction because the United States

have omitted the first two paragraphs of the pattern instruction . . . . Defendants propose using the entire instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.07, at i, 13 (**2011 Edition** Updated January 2017)(EVIDENCE -- DIRECT AND CIRCUMSTANTIAL -- INFERENCES)(adapted)

## JURY INSTRUCTION NO. 7

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with the government or Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to Mr. Sanchez, Mr. Baca,

Mr. Herrera, and Mr. Perez the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez do not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 28,** at 1, 45-46, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6,** at 1, 18, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 9,** at 1, 2, 23-24, filed January 12, 2018 (Doc. 1641)(9) 1.08 Credibility of witnesses)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 10,** at 1, 2, 25, filed January 12, 2018 (Doc. 1641)(10) 1.08.1 Non-Testifying Defendant)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 5, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 6: No objection to the unmodified Tenth Circuit instruction.")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 5, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 8: Defendants object to the use of this instruction.")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 10, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 28: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.08, at i, 14-15 (**2011 Edition** Updated January 2017)(CREDIBILITY OF WITNESSES)(adapted)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.08.1, at i, 16 (**2011 Edition** Updated January 2017)(NON-TESTIFYING DEFENDANT)(modified)

## JURY INSTRUCTION NO. 8

You have heard evidence that, before this trial, witnesses have made statements that may be different from the witnesses' testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable the witness's testimony in this trial was. You cannot use the witnesses' prior statements as proof of anything else. You can only use it as one way of evaluating the witness's testimony here in court.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 29**, at 1, 47, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 11** at 1, 2, 26, filed January 12, 2018 (Doc. 1641)(11) 1.10 Impeachment by Prior Inconsistencies)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 10, filed January 19, 2018 (Doc. 1663)(object until completed with the Use Note)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.10, at i, 21 (**2011 Edition** Updated January 2017)(IMPEACHMENT BY PRIOR INCONSISTENCIES)(adapted)

## JURY INSTRUCTION NO. 9

You have heard evidence that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez have been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. The fact that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez have been convicted of another crime does not mean that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the crime charged in this case, and you must not use Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' prior convictions as proof of the crime charged in this case. You may find them guilty of the crimes charged here only if the government has proved beyond a reasonable doubt that they committed them.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 30,** at 1, 48, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 12,** at 1, 2, 27 filed January 12, 2018 (Doc. 1641)(12) 1.11 Impeachment by Prior Conviction (Defendant's Testimony))(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 10, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 30: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.11, at i, 22 (**2011 Edition** Updated January 2017)(IMPEACHMENT BY PRIOR CONVICTION Defendant's Testimony)(adapted)

## JURY INSTRUCTION NO. 10

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years or of a crime of dishonesty or false statement. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction or crime of dishonesty that was used to impeach a witness.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS,** **REQUESTED INSTRUCTION NO. 13,** at 1, 2, 28, filed January 12, 2018 (Doc. 1641)(13) 1.12 Impeachment by Prior Conviction (Witness Other Than Defendant)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.12, at i, 23 (**2011 Edition** Updated January 2017)(IMPEACHMENT BY PRIOR CONVICTION (Witness Other Than Defendant)

## JURY INSTRUCTION NO. 11

You have heard the testimony of **[name of witness]**, who was a witness in the **[government's] [Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez'] case.** You also heard testimony from others concerning their opinion about **his character for truth-telling or the witness' reputation, in the community where the witness lives, for telling the truth.** It is up to you to decide from what you heard here whether **[name of witness]** was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning his reputation for truthfulness.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 14,** at 1, 2, 29, filed January 12, 2018 (Doc. 1641)(14) Impeachment by Evidence of Untruthful Character) (modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.13, at i, 24 (**2011 Edition** Updated January 2017)((IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER)(modified)

## JURY INSTRUCTION NO. 12

### Accomplice

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

### Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez.

You should not convict Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

- 18 -

Immunity

A person may testify under a grant of immunity (an agreement with the government). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you find it deserves.

You should not convict Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 32**, at 1, 50, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 35**, at 1, 53, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 36**, at 1, 54, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 15,** at 1, 2, 30-32, filed January 12, 2018 (Doc. 1641)(15) 1.14 Accomplice -- Informant -- Immunity)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 32, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 32: Defendants object to the use of this unmodified Tenth Circuit instruction as it fails to include the "Accomplice" portion ....)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 11, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 35: Defendants object to this instruction. It is duplicative of the United States Proposed Instruction No. 32 . . . .")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 11-12, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 36: Defendants object to this instruction. It is duplicative of the United States Proposed Instruction No. 32 . . . .")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.14, at i, 25-26 (**2011 Edition** Updated January 2017)(ACCOMPLICE -- INFORMANT -- IMMUNITY)[as appropriate])(adapted)

## JURY INSTRUCTION NO. 13

The government has called witnesses alleged accomplices, who were named as accomplices in this or related criminal cases. The government has entered into plea agreements with these alleged accomplices, Mario Rodriquez, Jerry Armenta, Jerry Montoya, Timothy Martinez, Lupe Urquizo, David Calbert, Roy Paul Martinez, Robert Martinez, Manuel Jacob Armijo, Frederico Munoz, Gerald Archuleta, and Mario Montoya, providing for the possibility of a lesser sentence than he would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez upon the unsupported testimony of such an accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 33**, at 1, 51, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 16,** at 1, 2, 33, filed January 12, 2018 (Doc. 1641)(16) 1.16 Accomplice – Co-Defendant -- Plea Agreement)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 33, filed January 19, 2018 (Doc. 1663)("The Defendants request that the Court use the unmodified pattern instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.15, at i, 27 (**2011 Edition** Updated January 2017)(ACCOMPLICE -- AN ALLEGED ACCOMPLICE -- CO-DEFENDANT -- PLEA AGREEMENT)(modified)

## JURY INSTRUCTION NO. 14

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Billy Cordova, Mario Montoya, Eric Duran Roy Paul Martinez, Robert Martinez, Frederico Munoz, Javier Rubio, Manuel Jacob Armijo, Jerry Armento, Mario Rodriquez, Lupe Urquizo, Jerry Montoya, Gerald Archuleta, David Calbert, Timothy Martinez, and Julian Romero may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 34**, at 1, 52, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 17,** at 1, 2, 24, filed January 12, 2018 (Doc. 1641)(17) 1.16 Witnesses' Use of Addictive Drugs)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 11, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 34: No objection as this is the unmodified Tenth Circuit instruction".)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.16, at i, 28 (**2011 Edition** Updated January 2017)(WITNESS'S USE OF ADDICTIVE DRUGS)(modified)

**JURY INSTRUCTION NO. 15**

During the trial you heard the testimony of Tim Bryan, who expressed opinions regarding the forensic analysis of computer tablets, and Dr. Heather Brislen, who expressed opinions regarding Rudy Perez's medical conditions. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 31,** at 1, 49, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 18,** at 1, 2, 35, filed January 12, 2018 (Doc. 1641)(18) 1.17 Expert Witness)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 19,** at 1, 3, 36-44, filed January 12, 2018 (Doc. 1641)(19) Expert Witness -- DNA Evidence)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 10, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 31: No objection to the use of the unmodified Tenth Circuit instruction.")

Authority: *United States v. Starzecpyzel,* 880 F.Supp. 1027, 1050-51 (S.D.N.Y. 1995); President's Council of Advisors on Science and Technology, *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature Comparison Methods* (Sept. 20, 2016); President's Council of Advisors on Science and Technology, *An Addendum to the PCAST Report on Forensic Science in Criminal Court.*

- 24 -

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.17, at i, 29 (**2011 Edition** Updated January 2017)(EXPERT WITNESS)(adapted)

## JURY INSTRUCTION NO. 16

Evidence has been presented about a statement attributed to Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 37**, at 1, 55, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 12, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 37: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.25, at 38 (**2011 Edition** Updated January 2017)(VOLUNTARINESS OF STATEMENTS BY DEFENDANT)(Single Defendants)(modified)

**JURY INSTRUCTION NO. 17**

Evidence relating to any statement attributed to Mr. Baca, Mr. Herrera, and Mr. Perez alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Baca, Mr. Herrera, and Mr. Perez, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**DEFENDANTS   [sic]   PROPOSED   JURY   INSTRUCTIONS,   REQUESTED INSTRUCTION NO. 25,** at 1, 3, 5, filed January 12, 2018 (Doc. 1641)(25) 1.26 Confession -- Statement -- Voluntariness by Defendant)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.26, at i, 40 (**2011 Edition** Updated January 2017)(CONFESSION-STATEMENT -- VOLUNTARINESS BY DEFENDANT)(Multiple Defendants))(adapted)

## JURY INSTRUCTION NO. 18

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 38,** at 1, 56, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 31,** at 1, 3, 60, filed January 12, 2018 (Doc. 1641)(31) 1.40 Cautionary Instruction During Trial -- Transcript)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 10, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 38: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.40, at ii, 61 (**2011 Edition** Updated January 2017)(CAUTIONARY INSTRUCTION DURING TRIAL Transcript of Recorded Conversation)

## JURY INSTRUCTION NO. 19

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 26,** at 1, 43, filed January 12, 2018 (Doc. 1635)(32) 1.41 Summaries and Charts)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 32,** at 1, 3, 61, filed January 12, 2018 (Doc. 1641)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 9, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 26: . . . . If the charts and summaries are not otherwise objectionable, Defendants would not object to the use of this instruction as it is an unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.41, at ii, 62 (**2011 Edition** Updated January 2017)(SUMMARIES AND CHARTS Not Received In Evidence)

## JURY INSTRUCTION NO. 20

The parties have agreed what **[name of witness]**'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 8, filed January 19, 2018 (Doc. 1663)("The defendants . . . request the Court to follow the Ninth Circuit Pattern Instructions, Sections 2.3 . . . .")

## JURY INSTRUCTION NO. 21

The parties have agreed to certain facts that have been stated to you.  These facts are now conclusively established.

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 8, filed January 19, 2018 (Doc. 1663)("The defendants . . . request the Court to follow the Ninth Circuit Pattern Instructions, Sections . . . 2.4 . . . .")

## JURY INSTRUCTION NO. 22

The word "racketeering" has certain implications in our society. Use of that term in the statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez has been proven.  The term is only a term used by Congress to describe the statute.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7**, at 1, 19, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS** **[sic]** **PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 48,** at 1, 4, 82, filed January 12, 2018 (Doc. 1641)(48) 2.74.1 Racketeer Influenced and Corrupt Organizations Act: Prejudice from the Word "Racketeering")(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 2, 5, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 7: No objection to the unmodified Tenth Circuit instruction.")

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 2.74.1, at v, 229 (**2011 Edition** Updated January 2017)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT Prejudice From The Word "Racketeering")

## JURY INSTRUCTION NO. 23

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are charged in counts 1, 2, 3, 4, and 5 with committing violent crimes in aid of racketeering, violations of 18 U.S.C. § 1959.

The law makes it a crime for any person who, as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity,  or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the law of any State or the United States, or attempts or conspires so to do.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8**, at 1, 20-21, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 5, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 8: Defendants object to the uses of this instruction . . . . ")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 2.74, at v, 228 (**2011 Edition** Updated January 2017)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. § 1962(a)(Introductory Paragraph))(modified)

## JURY INSTRUCTION NO. 24

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are on trial before you upon an Indictment brought by the Grand Jury.  Before reading the indictment to you, I remind you that the Indictment or formal charge against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez is not evidence of guilt.  Indeed, Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are presumed by the law to be innocent.

In this case, the Indictment charges as follows:

### Count 1

### Conspiracy to Murder Javier Molina

In March 2014, in Doña Ana County, in the District of New Mexico and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  JERRY ARMENTA, a.k.a. "Creeper," JERRY  MONTOYA, a.k.a.  "JR," a.k.a.  "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a.    "Pup,"** MAURICIO  VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder Javier Molina, in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

## Count 2

### Murder of Javier Molina

On or about March 7, 2014, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "JR," a.k.a. "Plaz," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," **ANTHONY RAY BACA, a.k.a. "Pup,"** MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," **DANIEL SANCHEZ, a.k.a. "Dan Dan," CARLOS HERRERA, a.k.a. "Lazy,"** and **RUDY PEREZ, a.k.a. "Ru Dog,"** did unlawfully, knowingly and intentionally murder Javier Molina, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

## Count 3

### Conspiracy to Commit Assault Resulting in Serious Bodily Injury to Julian Romero

Starting in or about 2003, and continuing until on or about July 13, 2015, in Doña Ana County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a.  "Pup,"** GERALD ARCHULETA, a.k.a.  "Styx," a.k.a. "Grandma," and CONRAD VILLEGAS, a.k.a.

"Chitmon," did unlawfully, knowingly, and intentionally conspire to commit assault resulting in serious bodily injury to Julian Romero, in violation of NMSA 1978, Sections 30-3-5 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(6).

## Count 4

### Conspiracy to Murder Dwayne Santistevan

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Indictment, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," and ROBERT MARTINEZ, a.k.a. "Baby Rob," and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder Dwayne Santistevan, in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

## Count 5

### Conspiracy to Murder Gregg Marcantel

Starting on a date uncertain, but no later than 2013, and continuing to on or about the date of this Indictment, December 3, 2015, in Santa Fe County, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for

the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **ANTHONY RAY BACA, a.k.a. "Pup,"** ROY MARTINEZ, a.k.a. "Shadow," ROBERT MARTINEZ, a.k.a. "Baby Rob," and CHRISTOPHER GARCIA, and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder Gregg Marcantel, in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Indictment at ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12a, 12b, 12c, 12d, 12e, 12f, 13a, 13b, 13c, 13d, 13e, 14, Count 6, Count 7, Count 8, Count 9 and Count 10, at 1-9, 12-13, filed March 9, 2017 (Doc. 947)(modified)

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3,** at 1, 4-15, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4,** at 16, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 2-4, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 3": object to surplusage)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 4, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 4": objection)

## JURY INSTRUCTION NO. 25

I have just reviewed the charges brought by the Grand Jury through an indictment. In this case, the only Defendants on trial before you are Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez.

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 4, filed January 19, 2018 (Doc. 1663)(Defendants' alternative)

## JURY INSTRUCTION NO. 26

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

For you to find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty of this crime, and to convict Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez of a violent crime in aid of racketeering, as charged in Counts 1, 2, 3, 4, and 5, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*        That the enterprise existed as alleged in the Indictment;

*Second:*        That the enterprise was engaged in interstate commerce or that it's activities affected interstate commerce;

*Third:*        That the enterprise was engaged in racketeering activity;

*Fourth*:        That Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed, threatened to commit, attempted to commit, or conspired to commit, the following crime(s) of violence:

Count 1:        (Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez): conspiracy to murder Mr. Molina;

Count 2:        (Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez): murder of Mr. Molina;

Count 3:        (Mr. Baca): conspiracy to commit assault resulting in serious bodily injury to Mr. Romero;

Count 4:        (Mr. Baca): conspiracy to murder Mr. Santistevan;

Count 5:        (Mr. Baca): conspiracy to murder Mr. Marcantel.

I will instruct you on what the government must prove to establish that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, committed these acts; and

*Fifth:*      That Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' purpose in committing, threatening to commit, attempting to commit, conspiring to commit the crimes of violence was to gain entrance to, or to maintain, or to increase his position in the enterprise as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the enterprise.

If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," it is not necessary for the government to prove that this was the sole purpose of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez in committing the charged crime. You need only find that it was a substantial purpose, or that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the charged crime as an integral aspect of membership in the enterprise.   In determining Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' purpose in committing the alleged crime, you must determine what he had in mind.      Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity.   The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

The enterprise is "engaged in interstate commerce" if it directly engaged in the production, distribution, or acquisition of goods or services in such commerce. The enterprise's conduct "affected" interstate commerce if the conduct had a demonstrated connected or link with such commerce.

It is not necessary for the government to prove that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

"Racketeering activity" means the commission of certain crimes, including:

Count 1, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5);

Count 2, murder in violation of 18 U.S.C. § 1959(a)(1);

Count 3, conspiracy to commit assault resulting in serious bodily injury in violation of 18 U.S.C. §1959(a)(6);

Court 4, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5);

Count 5, conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5).

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8,** at 1, 20-21, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 49,** at 1, 4, 83-86, filed January 12, 2018 (Doc. 1641)(49) Fifth Circuit Pattern Jury Instruction § 2.78 Violent Crimes in Aid of Racketeering, 18 U.S.C. § 1959(a))(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 8, filed January 19, 2018 (Doc. 1663)("United States'

Proposed Jury Instruction No. 20: Defendants object to the inclusion of [or from a foreign country] . . . . ")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 2.74.2, at 230 (**2011 Edition** Updated January 2017)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT-- "SECTION A" Elements Of The Offense)(modified)

Authority: Fifth Circuit Pattern Jury Instruction Criminal §2.78 (2015 ed.)(modified)(**Violent Crimes in Aid of Racketeering** 18 U.S.C. § 1959(a))

## JURY INSTRUCTION NO. 27

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

The government has charged the following in the Indictment as constituting the enterprise: the Syndicato de Nuevo Mexico Gang (SNM) in Counts 1, 2, 3, 4, and 5.

An enterprise includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. This group of people must have: (1) a common purpose; and (2) an ongoing organization, either formal or informal; and (3) personnel who function as a continuing unit.

If you find these three elements, then you may find that an enterprise existed.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9**, at 1, 22-23, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 5, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 9: Defendants object to this instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 2.74.3, at 231 (**2011 Edition** Updated January 2017)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT-- "SECTION A" First Element -- The Enterprise)

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)(**Violent Crimes In Aid of Racketeering)**

## JURY INSTRUCTION NO. 28

The third element which the government must prove beyond a reasonable doubt as to Counts 1, 2, 3, 4, and 5 is that the enterprise was engaged in racketeering activity on or around the time of the violent crime charged in that count of the indictment.

That racketeering activity may consist of state offenses as well federal offenses. The government has charged that the SNM engaged in multiple acts of racketeering activity consisting of the following: (1) murder and robbery, in violation of New Mexico law; (2) acts involving tampering with a witness, in violation of federal law; and, (3) offenses involving trafficking in narcotics, in violation of federal law.

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member or an associate of the racketeering enterprise committed the offense as defined by law. The elements of that offense are as follows:

First:        someone killed a human being, and

Second:        the killing was with the deliberate intention to take away the life of the human being.

In order for the federal offense of witness tampering to be considered as a racketeering act, the government must prove to you beyond a reasonable doubts that:

[define violation 18 U.S.C. 1512 if applicable]

In order for the offense of possession with intent to distribute a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

First:          a member, prospect, or associate of the SNM knowingly and intentionally possessed a controlled substance as charged, and

Second:          that person possessed the substance with the intent to distribute it.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Crack cocaine, powder cocaine, heroin, suboxone, marijuana, and methamphetamine are controlled substances within the meaning of the law.

In order for the offense of distribution of a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member, prospect, or associate of the SNM knowingly or intentionally distributed a controlled substance.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

I instruct you that "racketeering activity" includes numerous offenses, including those listed above. It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short

- 45 -

enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11**, at 1, 25, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 12**, at 1, 26, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13**, at 1, 27, filed January 12, 2018 (Doc. 1635)(modified)

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14**, at 1, 28, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 6, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 11: Defendants object to this instruction . . . .")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 6, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 12: Defendants object to this instruction . . . .")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 6, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 13: Defendants object to this instruction . . . .")

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 6, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 14: Defendants object to this instruction . . . .")

## JURY INSTRUCTION NO. 29

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power and intent to exercise control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, and the object demonstrating the power and intent to exercise control over the object.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 28,** at 1, 3, 55-56, filed January 12, 2018 (Doc. 1641)(28) 1.31 Actual or Constructive Possession)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.31, at i, 47(**2011 Edition** Updated January 2017)(ACTUAL OR CONSTRUCTIVE POSSESSION)(modified)

United States v. Little, 829 F.3d 1177 (10th Cir. 2016)

Henderson v. United States, 135 S. Ct. 1780 (2105)

- 47 -

## JURY INSTRUCTION NO. 30

For you to find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty of first degree murder by a deliberate killing of Mr. Molina as charged in Count 2;

The government must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1.  Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez killed Mr. Molina;

2.  The killing was with the deliberate intention to take away the life of Mr. Molina;

3.  This happened in New Mexico on or about March 7, 2014.

A deliberate intention refers to the state of mind of the Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez. A deliberate intention may be inferred from all of the facts and circumstances of the killing. The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 47,** at 1, 4, 47, filed January 12, 2018 (Doc. 1641)(47) UJI 14-201 NMRA -- Willful and Deliberate Murder; Essential Elements)(modified)

Authority: UJI 14-201 NMRA (modified)(**Willful and deliberate murder; essential elements)(**adapted)

## JURY INSTRUCTION NO. 31

The fourth element which the government must prove beyond a reasonable doubt as to Count 1 is that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez conspired to murder Javier Molina.

The fourth element which the government must prove beyond a reasonable doubt as to Count 4 is that Mr. Baca conspired to murder Dwayne Santistevan.

The fourth element which the government must prove beyond a reasonable doubt as to Count 5 is that Mr. Baca conspired to murder Gregg Marcantel.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.   To find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1. Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez and another person by words or acts agreed together to commit murder;

2. Mr. Sanchez, Mr. Baca, Mr. Herrera and Mr. Perez and the other person intended to commit murder;

3. This happened in New Mexico on or about March, 2014, as to Count 1, a date uncertain, but no later than 2013, and continuing to on or about March 9, 2017, as to Counts 4 and 5.

In proving a conspiracy to murder, it is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement. The formation and existence of a conspiracy to murder may be inferred from all circumstances tending to show the common intent

- 49 -

and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence.

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15**, at 1, 29-30, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 7, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 15: Defendants object to this instruction. ")

NM UJI 14-2810 NMRA

NM UJI 14-201 NMRA

## JURY INSTRUCTION NO. 32

In this case, you must consider separately whether Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are guilty or not guilty of each of the charged crimes. Even if you cannot agree upon a verdict as to Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, you must return the verdict or verdicts upon which you agree.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 39,** at 1, 3-4, filed January 12, 2018 (Doc. 1641)(39) UJI 14-2812 NMRA -- Conspiracy: Multiple Defendants; Each Defendant Entitled to Individual Consideration)(modified)

Authority: UJI 14-2812 NMRA **(Conspiracy; multiple defendants; each defendant entitled to individual consideration)**

## JURY INSTRUCTION NO. 33

The fourth element which the government must prove beyond a reasonable doubt as to Count 3 is that Mr. Baca conspired with another person to commit aggravated battery causing great bodily harm to Julian Romero.

For you to find Mr. Baca guilty of conspiring to commit aggravated battery causing great bodily harm as charged in Count 3, the government must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. Mr. Baca and  another person by words or acts conspired together to commit aggravated battery, causing great bodily hard to Mr. Romero;

2. Mr. Baca and another person intended to commit aggravated battery, causing great bodily harm to Mr. Romero;

3. This happened in New Mexico on or about 2003 until July 13, 2015.

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 7, filed January 19, 2018 (Doc. 1663)("Defendants insist the New Mexico jury instructions be given, in particular NM UJI 14-323 . . . . ")

UJI 14-323. AGGRAVATED BATTERY; GREAT BODILY HARM; ESSENTIAL ELEMENTS (modified)

## JURY INSTRUCTION NO. 34

Great bodily harm means an injury to a person which creates a high probability of death or results in serious disfigurement.

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 7, filed January 19, 2018 (Doc. 1663)("Defendants insist the New Mexico jury instructions be given, in particular . . . . NM UJI 14-131. ")

UJI 14-131. "GREAT BODILY HARM" DEFINED

## JURY INSTRUCTION NO. 35

When the word "knowingly" is used in these instructions, it means that the act was done

voluntarily and intentionally, and not because of mistake or accident.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 23**, at 1, 40, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 30,** at 59, filed January 12, 2018 (Doc. 1641)(30) 1.37 Knowingly -- Deliberate Ignorance)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 8, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 23: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.36, at ii, 56 **(2011 Edition** Updated January 2017)(KNOWINGLY -- DELIBERATE IGNORANCE)(adapted)

## JURY INSTRUCTION NO. 36

You will note that the indictment charges that the crimes charged in Count 1 and Count 2 were committed "on or about" March 2014; the crime charged in Count 3 was committed "on or about" between 2003 and July 13, 2015; the crimes charged in Count 4 and Count 5 were committed "on or about" no later than 2013. The government must prove beyond a reasonable doubt that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez committed the crimes reasonably near March 2014 (for Count 1 and Count 2); between 2003 and July 13, 2015 (for Count 3); and no later than 2013 (for Count 4 and Count 5).

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22**, at 1, 39, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 20,** at 1, 3, 45, filed January 12, 2018 (Doc. 1641)(20) 1.18 On or About)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 8, filed January 19, 2018 (Doc. 1663)("United States Proposed Jury Instruction No. 22: . . . Defendants object to the modification of the Tenth Circuit pattern instruction in the fashion proposed by the United States.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.18, at i, 38 (**2011 Edition** Updated January 2017)(ON OR ABOUT)(adapted)

## JURY INSTRUCTION NO. 37

Each count of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 19**, at 1, 34, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 36,** at 1, 3, 66, filed January 12, 2018 (Doc. 1641)(36) 2.06 Aid and Abet 18 U.S.C. § 2(a))(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 7, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 19: Defendants object to this instruction . . . .")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 2.06, at ii, 79 (**2011 Edition** Updated January 2017)(AID AND ABET  18 U.S.C. § 2(a))(adapted)

Fifth Circuit Pattern Jury Instructions Criminal 2.04 (2011)(**Aiding and Abetting)**

Abet 18 U.S.C. § 2(a)

## JURY INSTRUCTION NO. 38

Evidence has been presented that Mr. Baca, was the subject of unfair inducement. Unfair inducement occurs when government agents unfairly cause the commission of a crime. "Government agents" include law enforcement officers or persons acting under their direction, influence or control.

Where Mr. Baca was not ready and willing to commit the crime of conspiracy to commit the murder of Mr. Santistevan and conspiracy to commit the murder of Mr. Marcantel, as charged in Counts 4-5 of the indictment before first being contacted or approached by a government agent, but is induced or persuaded to commit the crime by a government agent, Mr. Baca, is a victim of unfair inducement. However, where Mr. Baca, was ready and willing to commit the crime at the time of the first contact with the government agent, the mere fact that the government agent provided what appears to be an opportunity to commit the crime is not unfair inducement.

The burden is on the government to prove to your satisfaction beyond a reasonable doubt that Mr. Baca was not unfairly induced. If you have a reasonable doubt as to whether Mr. Baca was unfairly induced, you must find Mr. Baca not guilty.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 44,** at 1, 4, 77, filed January 12, 2018 (Doc. 1641)(44) UJI 14-5160 NMRA -- Entrapment; Unfair Inducement, Not Predisposed)(modified)

Authority: UJI 14-5160 NMRA (modified)(**Entrapment; unfair inducement; not predisposed)**

## JURY INSTRUCTION NO. 39

Mr. Perez claims that if he committed the acts charged in the Indictment, he did so only because he was forced to commit the crime. If you conclude that the government has proved beyond a reasonable doubt that Mr. Perez committed the crime as charged, you must then consider whether Mr. Perez should nevertheless be found ""not guilty"" because his actions are excusable because they were performed under duress or coercion.

If you find that Mr. Perez committed the crime as charged, his actions are justified by duress or coercion only if you find that he has proven the following three elements:

1. Mr. Perez was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself or a family member, or others;

2. Mr. Perez had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm;

3. a direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

Mr. Perez, asserting defense of duress or coercion must prove these elements by a preponderance of the evidence. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely so than not so. This is a lesser burden of proof than to prove a fact beyond a reasonable doubt.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 29,** at 57-58, filed January 12, 2018 (Doc. 1641)(29) 1.36 Coercion or Duress)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.36, at 54-55 (**2011 Edition** Updated January 2017)(COERCION OR DURESS)(modified)

**JURY INSTRUCTION NO. 40**

Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

**DEFENDANTS    [sic]    PROPOSED    JURY    INSTRUCTIONS**,    **REQUESTED INSTRUCTION NO. 6,** at 1, 2, 20, filed January 12, 2018 (Doc. 1641)(6) 1.05.1 Preponderance of Evidence)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.05.1, at ii, 10, (**2011 Edition** Updated January 2017)(PREPONDERANCE OF EVIDENCE)(modified)

## JURY INSTRUCTION NO. 41

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are guilty of the crimes charged. Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 21** at 1, 3, 46, filed January 12, 2018 (Doc. 1641)(21) 1.19 Caution -- Consider Only Crime Charged)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 51, LIMITING INSTRUCTION 404(b): EVIDENCE TO BE ISSUED AT THE CLOSE OF TRIAL,** at 1, 5, 88, filed January 12, 2018 (Doc. 1641)(51) Limiting Instruction 404(b): Evidence to be Issued at the Close of Trial)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.19, at i, 31 (**2011 Edition** Updated January 2017)(CAUTION – CONSIDER ONLY CRIME CHARGED)(modified)

Authority: *United States v. Rodella*, 101 F.Supp. 3d 1075, 1086 (D.N.M. 2015)

## JURY INSTRUCTION NO. 42

If you find Mr. Sanchez, Mr. Baca, Mr. Herrera, and/or Mr. Perez guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 40**, at 1, 58, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 22** at 1, 3, 47, filed January 12, 2018 (Doc. 1641)(22) 1.20 Caution -- Punishment (Non-Capital Cases))(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 12, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury instruction No. 40: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.20, at i, 32 (**2011 Edition** Updated January 2017)(CAUTION -- PUNISHMENT)(NON-CAPITAL CASES)(adapted)

## JURY INSTRUCTION NO. 43

The rights of Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez in this case are separate and distinct. You must separately consider the evidence against Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez and return a separate verdict for each as to each crime charged.

Your verdict as to Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, whether it is guilty or not guilty, should not affect your verdict as to any other defendant on any other charges.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 23,** at 1, 3, 48, filed January 12, 2018 (Doc. 1641)(23) 1.22 Multiple Defendants -- Multiple Counts)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.21, at 33 (**2011 Edition** Updated January 2017)(adapted)

### JURY INSTRUCTION NO. 44

In a moment the Courtroom Deputy Clerk will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts. You must decide whether the government has proved Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 41,** at 1, 59-60, filed January 12, 2018 (Doc. 1635)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 24,** at 1, 3, 40, filed January 12, 2018 (Doc. 1641)(24) 1.23 Duty to Deliberate -- Verdict Form)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **REQUESTED INSTRUCTION NO. 34,** at 1, 3, 64, filed January 12, 2018 (Doc. 1641)(34) 1.43 Partial Verdict Instruction)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 12, filed January 19, 2018 (Doc. 1663)("United States' Proposed Jury Instruction No. 41: No objection as this is the unmodified Tenth Circuit instruction.")

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS (Criminal Cases) GENERAL MATTERS** 1.23, at i, 35-36 (**2011 Edition** Updated January 2017)(DUTY TO DELIBERATE - - VERDICT FORM)(modified)

## JURY INSTRUCTION NO. 45

Members of the jury, in a moment, I am going to ask that you go to the jury room and begin deliberations. I realize that you may have some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by any side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez are presumed innocent, and that the government, not Mr. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez, has the burden of proof and it must prove Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilt beyond a reasonable doubt. Those of you who may believe that the government has proved Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury may not be convinced. And those of you who believe that the government has not proved Mr. Sanchez', Mr. Baca's, Mr. Herrera's, and Mr. Perez' guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury may not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence

with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

In a moment I will ask that you retire and begin your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 33,** at 1, 3, 62-63, filed January 12, 2018 (Doc. 1641)(33) 1.42 Modified (*Allen* Instruction)(modified)

**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS, REQUESTED INSTRUCTION NO. 34,** at 1, 3, 64, filed January 12, 2018 (Doc. 1641)(34) 1.43 Partial Verdict Instruction)modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.42, at 63-64 (**2011 Edition** Updated January 2017)(MODIFIED *ALLEN* INSTRUCTION)(modified)

## JURY INSTRUCTION NO. 46

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

**DEFENDANTS   [sic]   PROPOSED   JURY   INSTRUCTIONS,   REQUESTED INSTRUCTION NO. 35,** at 1, 3, 65, filed January 12, 2018 (Doc. 1641)(35) 1.44 Communication with the Court)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.44, at ii, 66 **(2011 Edition** Updated January 2017)(COMMUNCIATION WITH THE COURT)(modified)

## JURY INSTRUCTION NO. 47

Faithful performance by you of your duties is vital to the administration of justice.

United States v. Gaspar Leal, No. CIV 16-3069 JB, Instruction No. 20, at 25, filed December 6, 2017 (Doc. 183)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                  No. CR 15-4268 JB

DANIEL SANCHEZ, ANTHONY RAY
BACA, CARLOS HERRERA, and
RUDY PEREZ,

     Defendants.

## **V E R D I C T**

### **DANIEL SANCHEZ**

#### **COUNT 1**

WE, the Jury, find the defendant, **DANIEL SANCHEZ,**  _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 1 of

the Indictment.

#### **COUNT 2**

WE, the Jury, find the defendant, **DANIEL SANCHEZ,**  _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 2 of the

Indictment.

### **ANTHONY RAY BACA**

#### **COUNT 1**

WE, the Jury, find the defendant, **ANTHONY RAY BACA,** _____

                                        (guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 1 of

the Indictment.

### COUNT 2

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 2 of the

Indictment.

### COUNT 3

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to commit assault resulting in serious bodily injury

to Julian Romero, as charged in Count 3 of the Indictment.

### COUNT 4

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Dwayne Santistevan, as charged in Count

4 of the Indictment.

### COUNT 5

WE, the Jury, find the defendant, **ANTHONY RAY BACA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Gregg Marcantel, as charged in Count 5

of the Indictment.

### CARLOS HERRERA

### COUNT 1

WE, the Jury, find the defendant, **CARLOS HERRERA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 1 of

the Indictment.

### COUNT 2

WE, the Jury, find the defendant, **CARLOS HERRERA**, _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 2 of the

Indictment.

**RUDY PEREZ**

**COUNT 1**

WE, the Jury, find the defendant, **RUDY PEREZ,** _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Javier Molina, as charged in Count 1 of

the Indictment.

**COUNT 2**

WE, the Jury, find the defendant, **RUDY PEREZ,** _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Javier Molina, as charged in Count 2 of the

Indictment.

Dated this _____ day of _____, 2018.


_____

FOREPERSON


**DEFENDANTS [sic] PROPOSED JURY INSTRUCTIONS**, **VERDICT,** at 1, 5, 89-92, filed January 12, 2018 (Doc. 1641)(Verdict Form)(modified)

**DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS (DOC. 1635),** at 1, 12, filed January 19, 2018 (Doc. 1663)("The [Government's] Verdict Forms are insufficient . . . . ")