IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 15-4268 JB |
| | ) |
| vs. | ) |
| | ) |
| **ANGEL DELEON, et al.,** | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' OBJECTIONS TO COURT'S EIGHTH PROPOSED JURY INSTRUCTIONS

The United States objects to the Court's Eight Proposed Jury Instructions as follows:

Instruction 7: The fourth and fifth lines of the first paragraph of page 13 should read "be drawn from the fact that Ms. Sanchez, Mr. Baca, Mr. Herrera, and Mr. Perez **did** not take the witness stand and testify." The words "or call any witnesses" should be deleted.

Instruction 9: The instruction should begin by saying "Each defendant has been convicted of a felony, . . ." The jury did not hear evidence that the defendants were convicted of a felony.

Instruction 11: Should be deleted. The witness who testified could not comment on Mr. Duran's character for truth-telling. He testified that he believed Mr. Duran was being untruthful with him about certain things on one occasion.

Instruction 13: The government does not object to adding Benjamin Clark to this instruction, nor does it object to the replacement of the defendants' names with the term "any defendant."

Instruction 14: The government agrees with the defendants' recommended corrections.

Instruction 16: The government agrees with defendants that this instruction should be deleted.

Instruction 20: The government agrees with defendants that this instruction should be deleted.

Instruction 24: The words "December 3, 2015" should be deleted from Count 10.

Instruction 26: The government objects to the definition of commerce on page 43. The government requests that commerce be defined consistent with Tenth Circuit Pattern Jury Instruction 1.39 (Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.) The government also object to the racketeering activity on page 43 being limited to the crimes charged in the indictment and submits that racketeering activity be defined more generally. *See* 18 U.S.C. § 1961(1).

Instruction 27: The government requests that additional language be inserted from the Fifth Circuit Pattern Jury Instruction regarding the element of "enterprise:"

> An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government need not prove that the enterprise had any particular organizational structure.
>
> The group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and

> regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence [inactivity].

Instruction 28: The government objects to the requirement in the first paragraph that the enterprise "was engaged in racketeering activity on or around the time of the violent crime charged in that count of the indictment." *See United States v. Booth*, 1999 WL 1192317, *4 (S.D.N.Y. 1999) ("Similarly, here, Booth is correct to note that § 1959 fails to impose either quantifiable, or temporal, requirements in defining when an enterprise is engaged in racketeering activity. But we do not believe that the Constitution requires it to do so.)   Also, the witness tampering elements should read as follows.  "First: a member, prospect, or associate of the racketeering enterprise used or attempted to use intimidation or threats against another person; Second: that member, prospect, or associate acted knowingly and with the intent to influence or prevent the testimony of that other person with respect to an official proceeding."

Instruction 29: The government has no objection to deleting this instruction.

Instruction 30: The government objects to the jury only being instructed on the elements of first degree murder.  *See Owens v. United States*, 236 F.Supp.2d 122, 138 (D.Mass. 2002) (Indictment not constructively amended to permit conviction for second degree murder by the court's jury instruction that omitted the premeditation requirement necessary to establish first degree murder. "The charge at issue, 18 U.S.C. § 1959(a)(1), imposes liability for murder in aid of racketeering. The statute is not restricted to first or second degree murder. Accordingly, inasmuch as the charged offense's elements are concerned, whether the jury found him guilty of second or first degree

3

murder, [the defendant] violated 18 U.S.C. § 1959(a)(1)) (*affirmed in part, reversed in part and remanded by Owens v. U.S.*, 483 F.3d 48 (1st Cir. 2007) and *abrogated on other grounds by Weaver v. Massachusetts*, 137 S.Ct. 1899 (2017)).

Instruction 31: The government requests substituting the word "or" for "and" in the paragraphs numbered 1 and 2 between the names " Mr. Herrera" and "Mr. Perez."

Instruction 36: The government requests the words "and continuing to on or about March 9, 2017" following the words "no later than 2013" in two places in the instruction.

Instruction 37: The first words of the instruction should read "Count 7 of the indictment," rather than "Each count of the indictment."  Also, the word "or" should be substituted for "and" before Mr. Perez's name in the second element paragraph and in the following paragraph.

Instruction 38: Should be deleted.  This instruction is not supported by the evidence.

Instruction 39: Should be deleted.  This instruction is not supported by the evidence.

Instruction 40: Should be deleted.

Verdict Form: Count 7 for Carlos Herrera at the bottom of page 75 should be moved to the next page.

        Respectfully Submitted,

        JAMES D. TIERNEY
        First Assistant U.S. Attorney

        *Electronically filed on 3/2/18*
        MARIA Y. ARMIJO
        RANDY M. CASTELLANO
        MATTHEW M. BECK
        Assistant United States Attorneys
        200 N. Church Street
        Las Cruces, NM   88001
        (575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
RANDY M. CASTELLANO
Assistant United States Attorney