IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                                                                                              No. 2:15-cr-04268-JB

ANGEL DELEON, et al.

    *Defendants*.

**DEFENDANT ANTHONY RAY BACA'S REPLY IN SUPPPORT OF
HIS RULE 29 MOTION TO DISMISS COUNT 8**

Defendant Anthony Ray Baca, by and through counsel, respectfully files this reply in support of his Rule 29 motion to dismiss Count 8 of the Second Superseding Indictment. On March 1, 2018 the United States filed a written response to Defendant Baca's oral motion to dismiss Count 8 under Rule 29. The United States' response fails, as a matter of fact and a matter of law, to defeat Defendant Baca's motion seeking to dismiss Count 8 since the evidence in this case unequivocally demonstrates that Julian Romero did not suffer any serious bodily injury, nor did Defendant Baca ever intend for Julian Romero to suffer such injuries, both of which are prerequisites to submit the VICAR charge to the jury. Additionally, the generic crime of aggravated assault proposed by the United States (which, by definition is a specific intent crime requiring a particular harm to be caused) would not violate New Mexico law for aggravated assault.

*Factual Background*

The United States attempts to keep Count 8 alive by relying on the perjured testimony of Lupe Urquizo. Urquizo testified to the jury, under oath, that Defendant Anthony Ray Baca

wanted to kill Julian Romero.  Admittedly, Urquizo never discussed the Romero assault with Defendant Baca, and has no idea what Defendant Baca's state of mind was or could be.  That fact aside, Urquizo's trial testimony stands in stark contrast to every pre-trial interview conducted with each witness in this case, including Urquizo's initial interview.  Even the case agent for this prosecution testified that during the debrief of Urquizo on March 6, 2017, Urquizo informed the case agent that when it came to the Julian Romero assault, Defendant Baca did not want Julian Romero to be killed, or stabbed.  According to the prosecution's witnesses, including the FBI case agent for the prosecution, while the younger SNM members wanted to kill Romero, Defendant Baca refused to endorse such harm.  Even Agent Acee acknowledged that Defendant Baca did not want Julian Romero to get "hurt too bad," and even though Gerald Archuleta, another witness for the United States, wanted Romero killed, Defendant Baca was the individual responsible for "calling it down."  Exhibit A (Transcript of the February 23, 2018 trial testimony).

On March 6, 2017, at least two FBI agents attend a debrief with Urquizo.  Both Agents' field notes confirm that Urquizo informed the FBI Defendant Baca wanted to others to "beat Julian up, but don't stab him."  *See* March 6, 2017 field notes of Agent Bryan Acee (attached as Exhibit B).  In fact, Urquizo informed Agent Acee that the folks living in Romero's pod at the time of the assault were going to "kill Julian even tho Pup said don't kill" him.  *Id*.  According to Urquizo, the "guys wanted to get rid of the old."  *Id.*

Agent Stemo's notes from the same meeting show Urquizo informing the FBI that Pup (Defendant Baca) sent word to Baby G (Jonathan Gomez) to "beat up Julian don't stab."  Attached as Exhibit C.  According to Agent Stemo's notes, Urquizo disagreed with Defendant Baca, and wanted Julian Romero to be killed, or at a minimum, stabbed.  *Id.*  Agent Stemo's

2

notes reveal Urquizo's thought process: Julian Romero was "supposed to be stabbed regardless [of what Defendant Baca wanted] because the original hit was a legit order." *Id.* The original hit was ordered by Gerald Archuleta, another witness for the United States, who wanted to kill Julian Romero, ordered the murder of Julian Romero, and admitted under oath that he never called any of his hits off. In short, it was Urquizo that wanted to kill Julian Romero, not Defendant Baca. On March 31, 2017 Agent Acee informed Julian Romero that Urquizo was one of the younger generation that wanted to kill the old guys, including Romero, so they could take over the SNM. *See, e.g.*, Exhibit A. More importantly, any purported conspiracy to assault Julian Romero did not result in serious bodily injury to him, and the United States does not make any claim that it did.

### *Legal Background*

The United States' criminal code makes it illegal, as part of a criminal enterprise, to conspire with another to commit an assault "resulting in serious bodily injury." *See* 18 U.S.C. § 1959(a)(6) (stating that "conspiring to commit . . . assault resulting in serious bodily injury" is punishable by a three-year sentence). As the Court has noted, the evidence here has not satisfied this legal standard. In this case, the generic crime of aggravated assault proposed by the United States (which, by definition is a specific intent crime requiring a particular harm to be caused) would not violate New Mexico law for aggravated assault. *See Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393, 409-410 (2003) (analyzing RICO's definition of racketeering activity and determining that "any act or threat involving . . . extortion, . . . which is chargeable under state law" includes conduct constituting generic extortion that also violates state law); *see also United States v. Carrillo*, 229 F.3d 177, 185 (2d Cir. 2000) ("[B]oth the text of RICO and VICAR demand that predicate acts constitute state law crimes. RICO includes in

its definition of prohibited racketeering activity only acts prohibited by enumerated federal statutes or 'any act or threat involving murder, kidnapping, [etc.] ... which is chargeable under State law and punishable by imprisonment for more than one year.'"). For that reason, Count 8 should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons discussed above, Defendant Anthony Ray Baca respectfully requests that the Court order dismiss Count 8 of the Second Superseding Indictment in this matter.

Respectfully submitted,

/s/ Marc M. Lowry
MARC M. LOWRY
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
mlowry@rothsteinlaw.com


/s/ Theresa M. Duncan
Theresa M. Duncan
Duncan Earnest LLC
515 Granite NW
Albuquerque, NM 87102
505-842-5196
teri@duncanearnest.com

*Attorneys for Anthony Ray Baca*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of March 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Marc Lowry<br>
Marc Lowry