IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 15-4268 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANGEL DELEON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMINATION OF SPECIAL AGENT ACEE ON UNRELATED CONDUCT[1]

Plaintiff United States of America moves *in limine* to preclude cross-examination of Federal Bureau of Investigation Special Agent Bryan Acee on unrelated conduct, because it is irrelevant under Rule 401 and improper impeachment under Rule 608(b). On December 19, 2017, Defendant Joe Gallegos filed "Defendants [sic] Suggestion that the Government is More Violent than Defendants and Objection to the Request in [Doc. 1520]" [Doc. 1586] ("J. Gallegos's 'Suggestion'"). That J. Gallegos's "Suggestion" was filed in response to the United States' motion *in limine* to preclude cross-examination into irrelevant personal information of the United States' trial witnesses. J. Gallegos's "Suggestion" was fraught with inflammatory accusations against "United States Agents," *id.* at 1, which Defendant J. Gallegos levied against Special Agent Acee, even though Defendant J. Gallegos never asserts that there's any relevance to those charges in this case.

---

[1]On March 5, 2018, Counsel for the United States sent an email to counsel for Defendants stating that, unless it heard back from them before the close of business, it would assume that they opposed the relief requested in this brief. At the time of filing, counsel either didn't respond or responded that they're opposed. This motion is therefore filed opposed.

None of the information concerning excessive force in the civil lawsuits against government agents, one of whom happened to be Special Agent Acee as the author of a search warrant and affidavit, in unrelated cases is probative of any fact of consequence in this case. Its only possible effect would be to embarrass and harass Special Agent Acee, and to inflame the passions and prejudice of the jury. There is no rule of evidence that supports the admission of this information. And several rules of evidence, including rules 402, 403, 404, 608, and 609, prohibit its admission in this case. The United States therefore moves this Court *in limine* to exclude these lawsuits as evidence in this trial.

## BACKGROUND

This trial concerns Violent Crimes in Aid of Racketeering committed by the Defendants for the benefit of the Syndicato Nuevo Mexico prison gang in the District of New Mexico from 1980 to the present. Specifically, this trial relates to the United States proving that the SNM is a racketeering enterprise which engaged in racketeering activity, that the Defendants are SNM members or associates, and that they engaged in specific VICAR crimes -- murders and an assault -- for the SNM.

On December 1, 2017, the United States filed its Motion *in Limine* to Preclude Questioning Government Witnesses Regarding Personal Information [Doc. 1520] ("MIL re PI"). In that MIL re PI, the United States moved the Court to "enter an order precluding defense counsel from asking government witnesses any questions eliciting personal information about them and their families, including questions about their marital status, their children, their parents, their siblings, their locations and types of employment, and their places of residence." *Id.* at 3.

On December 19, 2017, Defendant J. Gallegos filed J. Gallegos's "Suggestion." In J. Gallegos's "Suggestion," Defendant J. Gallegos spends the first page-and-a-half of his "Suggestion" discussing unrelated excessive force civil rights lawsuits, in which the allegations of excessive force weren't even against Special Agent Acee's use of force. Rather, although J. Gallegos's "Suggestion" obfuscates this fact, the most that can be said about those civil rights lawsuits is that Special Agent Acee authored the "affidavit" in one case and "authored and . . . executed a search warrant" in the second case. J. Gallegos's "Suggestion" at 1-2 & n.2. Defendant J. Gallegos asserted that he "and the other defendants raise these issues because the United States is playing a game in this case of attempting to control the litigation through fear." *Id.* at 2-3. Defendant J. Gallegos asserted: "Defendants do not believe or know how 'personal information' of the families or others would be relevant or useful at trial, however they also would not imagine that the Case Agent would be alleged to have been responsible for as many deaths as one of the defendants in the time period of 2010 to the present." *Id.* at 3.

The Court discussed J. Gallegos's "Suggestion" in connection with the United States' MIL re PI -- in response to which it purportedly was filed -- and pointed out that the Court "was surprised by it. I kept thinking maybe there was something that I was missing, because I couldn't figure out how it responded." Motion Hearing Transcript, December 20, 2017, at 46:1-4. And when the Court "reread the response, I still had a hard time figuring out how it responded to the motion," noting that "when we discussed the [MIL re PI] motion in limine in here, we came to a resolution so quickly." *Id.* at 46:4-8.

As the Court pointed out, on December 19, 2017, when the Court held a hearing on the United States' MIL re PI, the Court noted that it would "take [its] cues from the Government," observing how much personal information the United States brings out in direct and providing

leeway to the Defendants on cross-examination based on that direct. Motions Hearing Transcript, Dec. 20, 2017 ("Dec. 19 Tr."), at 72:3-10. The Court noted, "otherwise, I can't think of any reason that the defendants would need to get into personal information of the Government's witnesses." *Id.* at 72:11-12. Defendant Baca noted that "we're comfortable with the line that the Court has drawn," as were the other Defendants, with the exception that "there may be instances where, for example, the type of employment of a particular witness is relevant for impeachment or credibility." *Id.* at 76:22-77:2. The other Defendants agreed with Defendant Baca.

In this trial, the focus will be on four murders and an assault resulting in great bodily harm of a witness in one of those murders. There will be no allegations related to Special Agent Acee's role in authoring or executing search warrants.

### **ARGUMENT**

"Relevant evidence is evidence that has a tendency to 'make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Gutierrez–Castro,* No. CR 10–2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011) (Browning, J.) (citing Fed. R. Evid. 401). Even with a liberal approach to this rule, the evidence of an unrelated excessive force case is not "of consequence" in this case.

The civil lawsuits against law enforcement officers working alongside Special Agent Acee, and Special Agent Acee's alleged "unreasonabl[e] execut[ion]" of a search warrant, J. Gallegos's "Suggestion" at 2 n.3, do not impeach Special Agent Acee's honesty or credibility. Accordingly, there is no basis for its use during cross-examination under Rule 608(b).

Under rule 608(b), prior conduct must be probative of truthfulness to be used on cross-examination:

> Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness of another witness as to which character the witness being cross-examined has testified.

Rule 608(b) "provides certain mechanisms for attacking witnesses' character for truthfulness or untruthfulness." *Montoya v. Shelden*, 898 F. Supp. 2d 1279, 1292 (D.N.M. 2012) (Browning, J.) (quotations omitted). Rule 608(b) allows for "specific unrelated instances of a witness's prior misconduct may be used to impeach the witness at the discretion of the court, however, only to the extent the misconduct reflects on the witness's character for truthfulness." *United States v. Beltran–Garcia,* 338 F. App'x 765, 770 (10th Cir. 2009).

In this case, Special Agent Acee's authoring or executing search warrants is not a fact of consequence. *See* Fed. R. Evid. 401. So the former civil lawsuits which Defendants used in J. Gallegos's "Suggestion" to embarrass and harass Special Agent Acee -- or to "SUGGEST[] THAT THE GOVERNMENT IS MORE VIOLENT THAN DEFENDANTS," J. Gallegos's "Suggestion," at 1 -- are irrelevant and inadmissible in this case. *See* Fed. R. Evid. 402. The rules of evidence don't, and this Court shouldn't, allow Defendants to harass and embarrass Special Agent Acee with these lawsuits, the danger of unfair prejudice of which substantially outweigh any probative value that they may have. *See* Fed. R. Evid. 403. Finally, Defendants cannot admit these previous civil cases for the reasons they referenced them in J. Gallegos's "Suggestion": To suggest to the jury that, because Special Agent Acee was involved in a lawsuit alleging excessive use of force against other law enforcements officers and him, he has the propensity for excessive

5

use of force and acted in conformance with that propensity in this case. *Contra* Fed. R. Evid. 404(a).

Defendants also cannot stretch the provisions of Rule 608(b) to fit as proper in cross-examination the mere fact that a lawsuit was filed that involved Special Agent Acee, nor any information from those lawsuits.  The material from the lawsuit is neither relevant under Rule 401 nor proper impeachment under Rule 608.  The Court should therefore exclude any mention -- or "suggestion" -- of these irrelevant civil lawsuits in this trial.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the government's Motion *In Limine* precluding the cross-examination of FBI Special Agent Bryan Acee concerning prior conduct not probative of or relevant to truthfulness.

Respectfully Submitted,

JAMES D. TIERNEY
First Assistant United States Attorney

*Electronically filed on 3/5/2018*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
MATTHEW M. BECK
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MATTHEW M. BECK
Assistant United States Attorney