IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 15-4268 JB |
| ) | |
| vs. ) | |
| ) | |
| **ANGEL DELEON, et al.,** ) | |
| ) | |
| Defendants. ) | |

### UNITED STATES' OPPOSED MOTION TO QUASH THE SUBPOENA ISSUED TO NEW MEXICO CORRECTIONS DEPARTMENT FOR THE MENTAL HEALTH RECORDS OF INMATE LEONARD LUJAN

Plaintiff United States of America moves the Court, under Rule 17(c)(2) of the Federal Rule of Criminal Procedure, to quash Defendant Billy Garcia's subpoena for the mental health records of Leonard Lujan. Notwithstanding that this Court held that the New Mexico Corrections Department ("NMCD") is part of the prosecution for this case beginning in December 2015, Defendant Garcia subpoenaed mental health records from the NMCD on March 1, 2018.[1] But the Heath Insurance Portability and Accountability Act ("HIPAA") prevents NMCD from

---

[1] The Court found that NMCD is part of the prosecution team since December 2015. The United States thus has standing to bring this motion to quash on NMCD's behalf. And given Defendant Edward Troup's and Billy Garcia's arguments and attachments to their Restricted Motion to Obtain Physical and Mental Health Records [Doc. 1908] ("Garcia and Troup Health Records Motion"), at 1 n.1 & Appendix A, the United States is a "person[] affected" by this subpoena. *Broadcort Capital Corp. v. Flagler Sec., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). *Cf. id.* (discussing the Advisory Committee Notes' support for a non-party's motion to quash a subpoena under Fed. R. Civ. P. 45: "The notes from the Advisory Committee indicate that "the court protects all persons from undue burden imposed by the use of the subpoena power." There is little doubt that a court has the power and duty to examine all appropriate issues dealing with persons affected by the subpoena under this revised rule."). Also given that motion, and given previous communications with Defendant Garcia's and Troup's counsel, the United States files this motion as opposed without seeking their concurrence. *See* D.N.M.LR-Cr. 47.1.

possibly complying with Defendant Garcia's subpoena. The United States therefore moves the Court to quash the subpoena.

**MEMORANDUM**

1. On March 1, 2018, for Defendant Billy Garcia's counsel served a subpoena on NMCD, demanding production of the mental health records concerning inmate Leonard Lujan, #36895.

2. NMCD and the United States indicated to Defendant Garcia's counsel that the requested records were confidential and protected from disclosure by HIPAA, which means that NMCD can neither legally or possibly comply with the subpoena.

3. Defendant Garcia indicated to NMCD and the United States via email his position was that the documents were not protected by HIPAA, that the subpoena was a court order which must be obeyed, and that the HIPAA does not grant any authority for the prison or NMCD to refuse to comply with a subpoena. He further indicated that he would file a motion for sanctions if a motion to quash was not filed by the NMCD.

4. Defendant Garcia's contentions lack support in the law and the facts. NMCD Cannot legally or possibly comply with the subpoena, which means that neither NMCD nor the United States is required to file a motion to quash, because NMCD's failure to comply with the subpoena is pursuant to an "adequate excuse." Fed. R. Crim. P. 17(g). *See* 2 Wright & Miller, *Fed. Prac. & Proc. Crim.* § 280 (4th ed.). ("Failure to respond to a subpoena is not a contempt if there is "adequate excuse" for the failure. A showing that the person subpoenaed was unable to comply is a complete defense." (footnotes omitted) (citing *United States v. Bryan*, 339 U.S. 323, 330 (1950)). Nevertheless, out of an abundance of caution, the United States files this Motion to Quash to put this issue directly before the Court, and to keep the issue focused on the

confidentiality of the requested records instead of on peripheral and unneeded motions and responses regarding attempts to seek contempt sanctions. *Cf.* Garcia and Troup Health Records Motion at 1 n.1 & Appendix A.

5.   Mental Health treatment and diagnosis records of persons (including inmate Lujan' which the subpoena seeks) constitute protected health information ("PHI") under HIPAA. 45 C.F.R. § 160.103 (defining PHI as individually identifiable health information maintained in any electronic or other form or medium).

6.   45 C.F.R. § 164.512(e) makes clear that a subpoena is not equivalent to a court order. *See* 45 C.F.R. § 164.152(e)(1)(i) (a covered entity may disclose PHI in response to an order of a court, provided that the entity only discloses the PHI expressly authorized by such order); *id.* § 164.152(e)(1)(ii) (in response to a subpoena *that is not accompanied by an order of a court*, the covered entity may disclose the records only if certain written assurances have been made by the party seeking the PHI (emphasis added)).

7.   45 C.F.R. § 164.512(e) also makes clear that PHI such as the mental health records of inmate Lujan, when sought by only a subpoena with no accompanying order, may be provided only if the party requesting the PHI first provides certain written assurances to NMCD. More specifically, this regulation requires Defendant Garcia's counsel to provide NMCD with written assurances (a written statement and accompanying documentation) demonstrating that he made a good faith effort to provide written notice to inmate Lujan, that the notice included sufficient information about the litigation or proceeding to permit Lujan to raise an objection to the court, that the time for Lujan to raise objections has elapsed, and that either no objections were filed or they were resolved by the Court (and the disclosures sought are consistent with the Court's resolution). *See* 45 C.F.R. § 164.512 (e)(1)(ii)(A) and (e)(1)(iii). Neither Defendant

Garcia's counsel nor any other counsel or person has made any such written assurances to either NMCD or the United States.

8.   Alternatively, under 45 C.F.R. § 164.512(e), Defendant Garcia's counsel could obtain the requested PHI via subpoena only if they provide NMCD (or the United States) with written assurances -- a written statement and accompanying documentation -- that the parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court, or that Defendant Garcia's counsel requested a qualified protective order from the Court. 45 C.F.R. § 164.512(e)(1)(ii)(B) & (e)(1)(iv). The requirements or elements for the qualified protective order are outlined in (e)(v). Again, neither Defendant Garcia's counsel nor any other counsel or person has made any such written assurances to either NMCD or the United States.

9.   45 C.F.R. § 164.512(e) does not require the movants to file a motion to quash to prevent the release of the PHI sought by the subpoena received from Defendant Garcia's counsel.  Instead, that federal regulation requires defense counsel to provide the written assurances discussed above before the NMCD (or United States) could possibly provide -- or would have any obligation to provide -- the requested PHI mental health records. Again, defense counsel have failed to provide those assurances. While the United States filed this Motion to Quash out of caution, it affirmatively assert that its compliance with and reliance on this federal regulation constitutes Rule 17(g)'s "adequate excuse" non-compliance with the subpoena.

10.  Defendant Garcia's counsel suggested that 45 C.F.R. § 164.512 (k)(5)(i) requires the disclosure of the requested PHI. But reliance on this provision is misplaced at best. That provision allows disclosures of PHI regarding a particular inmate, but to personnel in correctional facilities *only*; defense counsel is not employed by the NMCD or any of its

correctional facilities. Further, the disclosures of inmate PHI to prison personnel under this provision may be made only if it's for one or more of the following particularized reasons: the provision of health care to the inmate; the health and safety of the inmate or other inmates; the health and safety of correctional facility employees and others at the facility, of those correctional staff transporting the inmate, and of law enforcement on the premises of the facility; or the administration and maintenance of the safety, security and good order of the correctional facility. *See id.* Defense counsels' use of the mental health records of an inmate government witness is not for any of these purposes. Their use of the PHI has nothing to do with the health and safety of inmates, staff or others, and is instead focused on trying to defend Defendant Garcia against the pending criminal charges. And, indeed, the release of inmate Lujan's mental health PHI records to defense counsel would be more likely to jeopardize inmate Lujan's safety and security, as well as the safety and security of other inmates and staff working at NMCD facilities.

## **CONCLUSION AND REQUEST FOR RELIEF**

Defendant Garcia subpoenaed NMCD for inmate Leonard Lujan's mental health records, notwithstanding that NMCD is part of the prosecution team in this case since December 2015. And Defendant Garcia completely failed to abide by the clear regulations for subpoena of mental health records that include PHI under HIPAA. Because NMCD can't legally possibly comply with the subpoena, NMCD doesn't have to move to quash the subpoena, as non-compliance is based on "adequate excuse" under Rule 17(g). Nevertheless, the United States moves the Court, under Rule 17(c)(2), to quash the subpoena under an abundance of caution. Given the Defendant Garcia's obvious failure to comply with Rule 17 and HIPAA subpoena requirements, the Court

properly should quash the subpoena and conclude that NMCD has an adequate excuse for non-compliance.

                                             Respectfully submitted,

                                             JAMES D. TIERNEY
                                           First Assistant United States Attorney

                                             **Electronically filed on 3/10/2018**
                                           MARIA Y. ARMIJO
                                           RANDY M. CASTELLANO
                                           MATTHEW M. BECK
                                           Assistant United States Attorneys
                                           200 N. Church Street
                                           Las Cruces, NM  88001
                                           (575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MATTHEW M. BECK
Assistant United States Attorney