IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No.  15-cr-4268-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL DELEON,
**JOE GALLEGOS**,
EDWARD TROUP**,**
BILLY GARCIA,
ALLEN PATTERSON,
CHRISTOPHER CHAVEZ,
ARTURO ARNULFO GARCIA,
MARIO RODRIGUEZ,
MAURICIO VARELA
DANIEL SANCHEZ,
CONRAD VILLEGAS,
ANTHONY RAY BACA,
CHRISTOPHER GARCIA,
CARLOS HERRERA,
RUDY PEREZ,
**ANDREW GALLEGOS**,
SHAUNA GUTIERREZ, AND
BRANDY RODRIGUEZ.
         Defendants.

## DEFENDANT JOE GALLEGOS' RESPONSE TO THE UNITED STATE'S NOTICE OF PROPOSED JAMES STATEMENTS (DOC. 1903)

Defendants Joe Gallegos hereby would request that the Court consider the following information in its determination of what statements to consider admitting in the United States' trial 2 against Joe Gallegos.

A. Production of James Statements-As set out in Doc. 1670, the parties agreed that the United States was to provide a copy of the statements of co-conspirators for purposes of a *James* evaluation. Accordingly, the United States has filed Doc. 1903 to fulfill its obligations. Defendant Gallegos understandably relies on this pleading and would object if the Government would attempt at some future time to add supplement this pleading with additional statements.

B. Lack of Support for claims of Jurisdiction in Counts 4 and 5 involving the homicide of Adrian Burns.

There are no statements contained in Doc. 1903 that provide a jurisdictional basis for the prosecution of Counts 4 and 5. The undersigned brought this to the court's attention in the hearings in May of 2017 on the hearing where counsel requested the Grand Jury testimony for Counts 4 and 5. The Court requested that it be provided the testimony of FNU Myers to review in camera based on the Defense request to review the grand jury transcripts.[1] The defense has inquired of the government about this issue concerning the government's presentation before the grand jury on October 9, 2017 and government counsel . Armijo stated she would review the transcript. (Attachment A-email exchange). The government's failure to respond to the inquiry and the noticeable absence of statements that support the claims advanced by the Defendant in Doc. 1903 leads to the inevitable-- there are no statements that support federal jurisdiction or tie Mr. Joe Gallegos to the allegations in Counts 4 and 5 of the Indictment and the claims made by the government counsel Armijo:

---

[1] THE COURT: Well, do this: Just the portion of Myers' testimony that links this to federal jurisdiction, send me that." Doc. 1161, pg. 110.

"What I can say is that we do have a cooperator who will say that **Adrian Burns disrespected Joe Gallegos**; that Andrew Gallegos stole drugs from Adrian Burns; that Burns was their supplier, and took the theft to the public, which then **shamed the Gallegos brothers**. And shaming an SNM member is not a good thing to do as far as their reputation.

And so we do have specific cooperators that will talk specifically about it. It's not just a generalized, Oh, this is a drug case; oh, this is that. We have specific cooperators that will talk specifically about this." *See* Doc. 1160- Omnibus Hearing Day 2, May 10, 2017. Pg. 112.

As is apparent from a review of Doc. 1903 there are no statements from any co-conspirators that support any claims that they contain ***Jurisdictional language***. Doc. 1903 produces no "specific cooperators that will talk specifically about this." Discussing what Maria Armijo told the Court on May 10, 2017.

### C. Specific Objections to the Statements in Doc. 1903.

Defendant Joe Gallegos has the following objections to the statements that are contained in the Notice of *James* Statements. Defendant Gallegos will focus primarily on statements from individuals that will probably be called by the Government. If there are additional statements not identified, the defense will raise them at the appropriate time.

1. Statement #13-

Defendant objects as this is not a statement and does not provide notice of what was conveyed. Further Defendant would request the ability to voir dire Mr. Leonard Lujan as he is referred to in an audio recording by Leroy Lucero as "crazy Leonard, no one would believe Leonard." Defendant would therefore object on due process and evidentiary grounds to any statements made by Lujan.

2. Statement #36-

Defendant would object to this statement on confrontation grounds. Mr. Leroy Lucero was subpoenaed for the March 12-16, 2018 hearings and Defendant Lucero moved to quash the subpoena and will not be available.

3. Statements #41, #42-

Defendant would object as this statement is vague and the declarant is listed as "Joe and/or Andrew Gallegos". The source is listed as Leroy Vallejos/ Michael Sutton. This information conflicts with the discovery produced and provides no notice of who made the statement and who allegedly heard it. Further it is probably in-violation of the holding in *Bruton v. United States*, 391 U.S. 123 (1968). Additionally, defendant would request that the Court exclude these statements in their entirety as it cannot be redacted or amended in a two person conspiracy to avoid the obvious implication that it must be referring to Joe and/or Andrew Gallegos based on which of the two is claimed to be the declarant.

4. Statement #43-

Defendant would object as this appears to be on an act or an action rather than a statement. No statement is not referenced and the declarant is not mentioned. Further the basis for its admission is not a valid basis for its admissibility as Charlene Baldizan is not a co-conspirator.

5. Statement #44-

Defendant objects to the basis provided. Jason Vanveghel has never been alleged or indentified as a co-conspirator.

6. Statement #45-

Defendant would object as this appears to be an action rather than a statement and there is no indication of the content of the statement or when it was made There are obvious *Bruton* implications.

7. Statement #46-

Defendant would object as this action does not appear to have been done to "induce enlistment or further participation." Additionally, this raises evidentiary concerns as it inconsistent with the discovery provided; to-wit: that Joe and Andrew Gallegos were at the residence as late as November 15, 2012, two days after "police were coming to search the house."

8. Statement #47-

Defendant objects to this statement as Santos Gonzalez is not expected to testify and this statement is contained in the factual portion of his plea agreement or in any statements he made to the court at the time of his plea.

9. Statement #48-

Defendant objects to this statement as neither the declarant nor the source is expected to testify and there is no indicia of trustworthiness based on the multiple versions of statements given by both females that is contained in the provided discovery.

10. Statements #49, #50-

Defendant objects to this statement to the extent that it may have come from Santos Gonzalez who probably will not testify. Defendant further objects as this statement does not appear trustworthy as the source is not provided ostensibly because he/she remains unknown.

11. Statement #51-

Defendant objects to this statement to the extent that its source is unidentified.

12. Statement #52-

Defendant objects that this does not contain a statement. Further it appears to be factually inaccurate as Shauna Gutierrez confronted Gomez because she remained at the residence. Further the source is vague and defendant objects to the lack of specificity.

13. Statements #53 and #59-

Defendant objects to these statements as they are self-serving and are inadmissible hearsay.

14. Statement #55-

Defendant objects to this statement. It appears inaccurate, as the factual basis for Santos Gonzalez's plea agreement does not state "he was going to kill Gomez." It states "harm,"

15. Statement #56-

Defendant objects to this statement as it is not attributed to any individual. Three individuals are listed as the source. .

16. Statement #57-

Defendant objects to this statement because it is apparent that that it was not made by the claimed declarant.

17. Statement #58-

Defendant objects to this statement as it is not attributed to one individual. Further the statement is believed to be unreliable as it is inconsistent with other statements.

18. Statements #60, #61-

Defendant Mario Chavez has no information regarding this alleged statement and the Defendant would request voir dire on this matter. Further, Defendant Chavez's interview pro-

vided directly contradicts any claim that he has personal knowledge of the participants. This statement is believed to be unreliable and the notes reflecting this interview are requested for inspection and preparation for cross examination of this source.

19. Statements related to the 2007 events-

Defendant would object and request a limiting instruction for all statements that are attributed to the designated individuals. Defendant is not alleged to have been involved in this act.

20. Statement #70-

Defendant would object as it is not believed that Paul Rivera has any personal knowledge of the declarant nor the actual statement.

**D. Defendant's alleged statements that are not produced in 1903-**

Defendant Joe Gallegos would further request that the Court require the Government to elect. The statements contained in 1903 run the gamut from actions to simple alleged "admissions." As noted in the opening portion of this motion, the government failed to address certain other statements.

1. Specifically Agent Madrid of the New Mexico State Police has interviewed an alleged source that Joe Gallegos has requested to be identified. No statements in 1903 are attributed to this sourceTo the extent that the source was determined to not be credible, defendant seeks her identify as *Brady* material as well as audio interviews on 3/28/2015 and 4/08/2015 , and Bates 4938.

2. Ms. Reyna Blea and Ms. Morgan Ramirez were both alleged to have heard Joe Gallegos make admissions to the killing. These statements are not in 1903.

3. On August 14, 2015 Agent Madrid was presented with a SNM member who proffered that "Joe Lawrence Gallegos killed Adrian Burns over drugs , money and because Mr. Burns disrespected them." This statement as the Court will note is almost exactly what Ms. Armijo promised the Court in May 2017 that the Government would prove. It is not in Doc. 1903.

**E. Inaccurate statements by Cooperators and need for signs of trustworthiness.**

Defendant Garcia points out and cites to a document at 1909-6 that he understands possibly implicates "Gallegos". The concern with this is that Benjamin Clark in that statement implicates "Ben Gallegos". This statement does not implicate Joe Gallegos and the Court is being notified that many of the statements to include Leonard Lujan's identification are suspect and do not appear accurate on their face.

**Consultation**

Given the contentions set forth in the motion, concurrence wasn't sought from the government pursuant to D.N.M.LR-Cr 47.1.

WHEREFORE, Defendants Gallegos requests an Order from this Honorable Court that binds the the Government to the Agreement that was reached between the parties and if Doc. 1903 is not in compliance with that agreement, that the Court consider the lack of statements in its determination of the resolution of Doc. 1184 (Bill of Particulars for Counts 4 and 5).

Respectfully submitted this 11th day of March, 2018.

Respectfully Submitted,

*/s/ Brock Benjamin*
**Brock Benjamin**
Benjamin Law Firm
747 E. San Antonio, Suite 203
El Paso, TX 79901
Phone:(915)412-5858
Fax:(915)503-2224
Email: brock@brockmorganbenjamin.com
Co-counsel for Joe Lawrence Gallegos

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 11th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*/s/ Brock Benjamin*
BROCK BENJAMIN