IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                 No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on the United States' Sealed Motion Regarding Attorney Conflict, filed April 4, 2018 (Doc. 2071)("Motion"). The primary issue is whether the

Defendant Arturo Arnulfo Garcia's attorney, Billy Blackburn, can continue to represent A. Garcia notwithstanding Mr. Blackburn's prior representation of James Garcia, one of Plaintiff United States of America's witnesses, in a state court murder prosecution.  In the case in which Mr. Blackburn represented J. Garcia, J. Garcia "was found guilty of Murder in the 2nd Degree, Tampering with Evidence and Possession of Firearm or Destructive Device by a Felon on November 28, 1995."  Motion at 2.  "The murder was not an SNM related homicide."  Motion at 2.

The United States District Court for the District of New Mexico requires attorneys representing criminal defendants to "comply with the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico."  D.N.M. LR-Cr R. 57.2.  Those rules impose two distinct duties vis-à-vis an attorney's former clients.[1]  The first is a duty of confidentiality.  Attorneys cannot "use information relating to the representation" of a former client to their disadvantage, unless "the information has become generally known."  N.M. R. Prof'l Conduct 16-109(C)(1).  Likewise, an attorney cannot "reveal information relating to the representation."  N.M. R. Prof'l Conduct 16-109(C)(2).  The second is a duty to refrain from representing someone whose "interests are materially adverse to the interests of [a] former client."  N.M. R. Prof'l Conduct 16-109(A).

That second duty applies, however, only to the matters in which an attorney represented a former client and to "substantially related" matters.  N.M. R. Prof'l Conduct 16-109(A).  A particular matter's scope -- and, hence, whether it is the same matter in which an attorney

---

[1]In addition to the duties owed to a former client, the New Mexico Rules of Professional Conduct state that a lawyer cannot represent a client if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a former client."  N.M. R. Prof'l Conduct 16-107(A)(2).

represented a former client -- "depends on the facts of a particular situation or transaction," but "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." N.M. R. Prof'l Conduct 16-109 cmt. 2.  A matter is substantially related to a matter in which an attorney represented a former client "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." N.M. R. Prof'l Conduct 16-109 cmt. 3 (emphasis added). "Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related." N.M. R. Prof'l Conduct 16-109 cmt. 3.

On April 5, 2018, the Court spoke with Mr. Blackburn ex parte regarding the details of the case in which Mr. Blackburn represented J. Garcia.  Mr. Blackburn's representations to the Court indicate that he could not ethically cross-examine J. Garcia, because Mr. Blackburn might use or reveal confidential information relating to his prior representation of J. Garcia in such a cross-examination.  See N.M. R. Prof'l Conduct 16-109(C).  Nothing before the Court indicates, however, that Mr. Blackburn has any information related to J. Garcia's decades-old case that would advance A. Garcia's position if J. Garcia does not testify.  On April 6, 2018, the United States and the Defendants removed J. Garcia from their witness lists.  See United States' Unopposed Notice of Removal of Witness at 1, filed April 6, 2018.  Consequently, there is no

practical danger that Mr. Blackburn will use or reveal any nonpublic[2] information related to that representation. See N.M. R. Prof'l Conduct 16-109(C). Correlatively, there is no "significant risk" that Mr. Blackburn's representation of A. Garcia "will be materially limited" by his duty of confidentiality to J. Garcia. N.M. R. Prof'l Conduct 16-107(B). The Court accordingly concludes that Mr. Blackburn's representation of A. Garcia can continue notwithstanding Mr. Blackburn's continuing duty to maintain J. Garcia's confidences.

Similarly, there is no substantial risk that information as would normally have been obtained in Mr. Blackburn's representation of J. Garcia in a non-SNM-related murder prosecution would materially advance A. Garcia's position in this case. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Further, A. Garcia's federal prosecution for a Violent Crime in Aid of Racketeering, 18 U.S.C. § 1959 ("VICAR") based on his alleged participation in SNM does not involve the same transaction or legal dispute as J. Garcia's non-SNM-related state murder prosecution. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Accordingly, the Court concludes that A. Garcia's VICAR prosecution is not substantially related Mr. Blackburn's prior representation of J. Garcia. Likewise, Mr. Blackburn cannot be justly regarded as changing sides, so the two matters are not the same. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Accordingly, the Court concludes that Mr. Blackburn can continue to represent A. Garcia notwithstanding Mr. Blackburn's continuing duty of loyalty to J. Garcia.

To the extent that Mr. Blackburn's prior representation of J. Garcia creates any issues under the Sixth Amendment to the Constitution of the United States of America -- e.g., by causing Mr. Blackburn to pull his punches while cross-examining J. Garcia -- A. Garcia can

---

[2]An attorney is permitted to use information relating to a former client's representation -- as opposed to information relating to a current client's representation -- if the information has become generally known. See N.M. R. Prof'l Conduct 16-109(C)(1).

unilaterally waive those issues. Conflicts of interest potentially create Sixth Amendment issues, because an attorney's divided loyalties may render their assistance constitutionally ineffective. See Cuyler v. Sullivan, 446 U.S. 335, 345 (1980)("[A] lawyer forced to represent codefendants whose interests conflict cannot provide the adequate legal assistance required by the Sixth Amendment."). A defendant can, however, "waive his right to the assistance of an attorney unhindered by a conflict of interests." Holloway v. Arkansas, 435 U.S. 475, 483 n.5 (1978). Consequently, if A. Garcia knowingly and intelligently waives any conflicts that stem from Mr. Blackburn's prior representation of J. Garcia, Mr. Blackburn's continued representation of A. Garcia does not offend A. Garcia's Sixth Amendment rights.

The Court grants the Motion insofar as it seeks a determination regarding whether Mr. Blackburn can ethically continue to represent A. Garcia. The Court denies the Motion -- insofar as it seeks Mr. Blackburn's disqualification -- because it concludes that Mr. Blackburn's representation of A. Garcia does not create a conflict of interest vis-à-vis Mr. Blackburn's former representation of J. Garcia. Out of an abundance of caution, however, the Court will seek a conflict-of-interest waiver from A. Garcia to avoid any Sixth Amendment issues, because such a waiver resolves any potential Sixth Amendment issues down the road.

**IT IS ORDERED** that: (i) the request for a determination in the United States' Sealed Motion Regarding Attorney Conflict, filed April 4, 2018 (Doc. 2071), is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneysoh
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

- 7 -

Russel Dean Clark
Las Cruces, New Mexico

    *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

    *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

    *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

    *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

  *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

  *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

  *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

  *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

  *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

>*Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

>*Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

>*Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

>*Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

      *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

      *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

      *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

      *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

      *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

      *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

  *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

  *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

  *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

 *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

 *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

 *Attorneys for Defendant Brandy Rodriguez*