IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | 2:15-CR-04268-JB |
| | § | |
| **FREDERICO MUNOZ**, | § | |
| | § | |
| *Defendant*, | § | |

MOTION IN OPPOSITION TO DISCLOSURE OF PRESENTENCING REPORT (PSR) TO UNASSOCIATED THIRD PARTIES

TO THE HONORABLE JAMES O. BROWNING:

NOW COMES the defendant, **FREDERICO MUNOZ**, (herein referred to as MR. MUNOZ), and asks the Court to deny the co-defendants' motion for disclosure of his PSR for the following reasons:

On April 12, 2018, MR. MUNOZ' counsel received an e-mail from MR. MUNOZ' co-defendants requesting permission to have access to MR. MUNOZ' PSR. The request stated that the Court had previously ordered these materials for other witnesses. The request also stated that government would redact all personal identifying information contained in the disclosed PSR. According to the co-defendants' e-mails, they "want to see if the PSR's, or draft PSR's, [acceptance] portion" includes a factual statement of the defendant, made to probation favorable to them. The co-defendants also want to "see" MR. MUNOZ' criminal history contained within the PSR.

MR. MUNOZ does need to remind the Court that MR. MUNOZ' PSR (and any draft) is created by the probation office, an arm of the judiciary, for use by the Court in MR. MUNOZ' individualized sentencing proceeding, which of course is distinct and separate from his co-

defendant's criminal matters. *Beller ex rel. Beller v. United States*, 221 F.R.D. 674, 675–76 (D.N.M. 2003). The Court charges federal probation officers with the duty of conducting presentence investigations in criminal cases and preparing a report to be submitted to the sentencing judge. Fed.R.Crim.P. 32; 18 U.S.C. § 3552. While there is no statutory provision or court rule prohibiting disclosure of such reports to third persons, *see United States v. Figurski*, 545 F.2d 389, 391 (4th Cir.1976) and *United States v. Charmer Indus., Inc.*, 711 F.2d 1164 (2d Cir.1983), the Court in this district have almost universally held that because these reports are prepared exclusively at the direction and for the benefit of the court in a criminal case, as an aid in arriving at the proper sentence, "[i]t is essential that the confidentiality of such a report be protected to insure the free flow of information." *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir.1976).

Both the entire thrust of Rule 32(c), our local rules, and the policies they both serve, make plain the need for such confidentiality. *Beller*, 221 F.R.D. at 676. United States Magistrate Lorenzo Garcia wrote in *Beller*, that "judges would break faith with defendants, whom we uniformly urge to cooperate with and make full disclosure to the Probation Office to assist us in our sentencing decisions, if we opened the reports up to public scrutiny." *Id.*; *see also Board of Education v. Admiral Heating and Ventilation, Inc.*, 513 F.Supp. 600, 605 (N.D.Ill.1981). And, "[t]he history of Rule 32(c)," Magistrate Garcia wrote, "reflects a longstanding judicial view that confidentiality should be maintained." *See United States v. Charmer Indus., Inc.,* 711 F.2d 1164, 1173 (2d Cir.1983). In *United States v. Corbitt*, 879 F.2d 224, 229 (7th Cir.1989), Magistrate Garica explains, "the Seventh Circuit noted, '[i]t is clear that presentence reports have traditionally been confidential—indeed, it is only in the past 25 years that the defendant has had access to the presentence report, either as a discretionary matter or as of right.'"

The *Corbitt* court took a good look at the presumption of confidentiality and listed a number of factors justifying the secrecy of presentence reports, including privacy interests of the defendant, the defendant's family, the victim and others, the "substantial interest" of the sentencing court in obtaining all information relevant to the sentencing decision, and the probability that disclosure of the report would tend to discourage the defendant and other sources from communicating information freely, thus reducing the information available to the sentencing court, and adversely effecting future presentence investigations as well as and the government's interest in maintaining confidentiality of the identity of informants and of grand jury proceedings. *Id.,* at 229–235.

Historically, the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals. *Beller*, at 677. One reason is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report. *Id*. A second reason is the need to protect the confidentiality of the information contained in the report. *Id*. Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report. *United States Dept. of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 1613, 100 L.Ed.2d 1 (1988).

The courts do recognize that the issue of disclosure to third parties often arises in criminal cases when defendants seek access to the presentence reports of their co-defendants, or other government witnesses, for impeachment purposes. *Beller, supra.* While noting that there may be instances where such disclosure might be vital to the defense, the courts almost never allow it. *See, e.g., United States v. Evans,* 454 F.2d 813, 820 (8th Cir.1972) ("Such a claimed right is contrary to public interest as it would adversely affect the sentencing court's ability" to obtain complete

information); *United States v. Greathouse,* 484 F.2d 805 (7th Cir.1973); *United States v. Walker,* 491 F.2d 236 (9th Cir.1974); *United States v. Figurski, supra; United States v. Dingle, supra,* at 1381 (the Tenth Circuit, quoting from another case, says such production "would ... seriously hamper and handicap the probation investigation system"); *United States v. Cyphers,* 553 F.2d 1064, 1069 (7th Cir.1977) (noting "the critical importance of maintaining the confidentiality of presentence reports"); *United States v. Martinello,* 556 F.2d 1215, 1216 (5th Cir.1977) ("Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence"); *United States v. Anderson,* 724 F.2d 596, 598–99 (7th Cir.1984) ("[a broad] disclosure requirement ... would upset the delicate balance underlying Rule 32(c)(3). Confidentiality of presentence reports is vitally important to the efficacy of the sentencing process"); *United States v. Jackson,* 876 F.Supp. 1207, 1208 (D.Kan.1994) (defendant's asserted need to examine a codefendant's presentence report to verify for himself that the codefendant had not been treated more leniently "is not enough to disturb the confidentiality protecting Garcia's presentencing report"); *United States v. Hart,* No. 94–1005, 1995 WL 445685, at *8 (10th Cir. July 28, 1995) ("we agree with the district court that the 'extremely marginal relevance' of that information 'is considerably outweighed by the considerations of confidentiality' "); and *United States v. Ventura,* No. 96–2148, 1997 WL 774750, at *2 (10th Cir. Dec. 17, 1997) ("Concerns about preserving the confidentiality of PSRs, however, weight against disclosure of the report to a third party other than defendants who are the subjects of the report or their counsel").

In this case, the many co-defendant's in this cause fail to establish a particularized, compelling need to examine MR. MUNOZ' presentence report.  MR. MUNOZ speculates that the information sought after by the co-defendant's is for impeachment purposes.  But this need, MR.

...

MUNOZ asserts, is not "beyond the ordinary justifications." And proof of mere relevance, economy, and efficiency, asserts MR. MUNOZ, will not suffice." *Beller, supra; see also United States v. Charmer Indus., supra,* at 1176.

The Court's interest in maintaining the confidentiality of a presentence report should sufficiently outweigh MR. MUNOZ' co-defendants' need for the information contained in document, especially because discoverable information may be otherwise available from non-confidential sources.

In the alternative, if the Court is going to disclose MR. MUNOZ' PSR, MR. MUNOZ asks that the Court first disclose his PSR (or draft PSR) to his attorney in order review materials which are not evident at the filing of this motion.

THERFORE, counsel asks that the Court deny any request to disclose his PSR (or draft PSR) to any third party; or in the alternative, allow MR. MUNOZ' counsel to review the report prior to disclosure.

*CERTIFICATE OF SERVICE*

*I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the U.S. Attorney's Office, El Paso, Texas, on 04/12/2018.*

*/s/ LOUIS ELIAS LOPEZ, JR.*

Respectfully submitted,

/s/ LOUIS ELIAS LOPEZ, JR.

SBN: 00787923
416 N. Stanton, Suite 400
El Paso, Texas 79901
Telephone: 915-543-9800
Facsímile: 915-543-9804
email:  llopez@lelopezlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | 2:15-CR-04268-JB |
| **FREDERICO MUNOZ**, | § § § | |
| *Defendant*, | § | |

ORDER ON DEFENDANT'S MOTION IN OPPOSITION TO DISCLOSURE OF
PRESENTENCING REPORT (PSR) TO UNASSOCIATED THIRD PARTIES

The Court, after considering the defendant's motion opposing the disclosure of his PSR to co-defendants, hereby GRANTS the said request.

Signed _____, 2018.

_____
THE HONORABLE JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT OF NEW MEXICO