IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | 2:15-CR-04268-JB |
| | § | |
| **FREDERICO MUNOZ**, | § | |
| | § | |
| *Defendant*, | § | |

DEFENDANT'S RESPONSE TO COURT'S SHOW CAUSE REQUEST REGARDING DISCLOSURE OF THE DEFENDANT'S REDACTED PRESENTENCING REPORT (PSR) TO THIRD PARTY CO-DEFENDANTS

TO THE HONORABLE JAMES O. BROWNING:

NOW COMES the defendant, **FREDERICO MUNOZ**, (herein referred to as MR. MUNOZ), and files this Response to the Court's Show Cause Order asking MR. MUNOZ to explain why his redacted Presentence Report (PSR) should not be disclosed to the requesting co-defendant.

I.  SHOW CAUSE REQUEST

1. MR. MUNOZ filed a Motion in Opposition to an e-mail disclosure request on April 12, 2018, [Docket Entry No. 2107] but before the filing of the Court's Show Cause Order filed April 13. 2018. [Docket no. 2110]. Counsel believes that the Motion in Opposition adequately explains the need to deny the disclosure request. However, counsel will re-reply in an abundance of caution.

## II. REASONS NOT TO DISCLOSE MR. MUNOZ' PSR

1. Neither MR. MUNOZ, nor present counsel, has seen any PSR materials. Counsel would assume that given the inherently personal nature of the PSR materials, the Court would allow MR. MUNOZ and his counsel the option to review any of the PSR material prior to its disclosure.

2. A co-defendant moves for the disclosure of Mr. MUNOZ' PSR claiming the PSR may contain material that is required to be disclosed, or material that would assist in the preparation of Defendant's defense. Generally, since PSRs cannot be released without a court order, the co-defendant moves for such an order based on his trial preparation needs.

3. Generally, PSRs are kept confidential and "courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." *United States DOJ v. Julian*, 486 U.S. 1, 12 (1988) (emphasis in original) (addressing whether a defendant's PSR was subject to release to the defendant himself under the Freedom of Information Act). There are two concerns regarding releasing the PSRs to third parties: (1) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and (2) "the need to protect the confidentiality of the information contained in the report." *United States v. Abram*, CRIM.A. 07-CR-00366W, 2009 WL 1588006, at *1 (D. Colo. June 3, 2009).

4. MR. MUNOZ asserts that the burden to show need for disclosure in on the requestor. The requestor must establish a substantial or specified need for the Court to order the disclosure of MR. MUNOZ' PSR. *United States DOJ v. Julian*, 486 U.S. at 12. "Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.*

5. The Tenth Circuit concluded that although "[c]oncerns about preserving the confidentiality of PSRs ... weigh against disclosure of the report to a third party other than defendants who are the subjects of the report or their counsel ..., "[i]n-camera review by the trial court of a cooperating witness's PSR to determine whether it contains any discoverable information protects the witness's interest in confidentiality while preserving the defendant's trial rights." *United States v. Ventura*, 132 F.3d 44, 1997 WL 774750, at *2 (10th Cir. Dec. 7, 1997) (unpublished) (citing *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir.1976)).

6. Other circuits to address the issue have permitted disclosure when the report "was in the hands of a prosecutor as distinguished from the probation officer or have ordered production of the parts of the report that contain impeaching material after in-camera review by the court." *United States v. Sasser*, 971 F.2d 470, 480 (10th Cir.1992); *accord Ventura*, 1997 WL 774750, at *2 ("Other circuits that have addressed this issue have similarly concluded that a defendant may be entitled to a witness's PSR if it is in the hands of the prosecutor as distinguished from the probation officer, ... or, in the alternative, have approved of in camera review of the report by the court and subsequent production of any impeaching material.").

7. The Second Circuit adopted an approach where "the sentencing court examines requested PSRs in-camera for exculpatory or impeachment material that might aid the defendant requesting it [and] then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice." *See United States v. Molina*, 356 F.3d 269, 274 (2d Cir.2004); *see also United States v. De Vore*, 839 F.2d 1330, 1332–33 (8th Cir.1988) (reviewing the PSR and concluding that the district court did not fail to disclose any exculpatory evidence or impeachment material after an in-camera review).

8. The Fifth Circuit indicated that "*Brady* might well compel disclosure of relevant portions

3

of the report" when "the prosecution *does* have in its possession (pursuant to Rule 32(c)(3)(D) and the sentencing court's discretion) a witness' PSR containing the exculpatory material." *United States v. Trevino,* 556 F.2d 1265, 1271, 1271 n. 7 (5th Cir.1977).

9. *Brady, Giglio, and Jenks* – In *United States v. Cornelio-Legarda*, 07-CR-239-D, 2008 WL 11394305, at *4 (D. Wyo. Aug. 7, 2008), defendant Karen Allen, sought disclosure of her co-defendants' presentence investigation reports under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Ms. Allen based the request that "there may be information contained in the presentence investigation reports that may be used to impeach the witness." *Id*. The government confessed its obligations to provide Rule 609 impeachment material and to comply with the mandates of Brady and Giglio. *Id*.

Ms. Allen cited the Court to the case of *United States v. Sasser*, 971 F.2d 470 (10th Cir. 1992) in support of her position that the PSRs are discoverable. *Id*. In *Sasser*, the court stated that under the Jencks Act, 18 U.S.C. § 3500, "after a witness called by the United States testifies on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness testified." 18 U.S.C. § 3500(b).

Appellant *Sasser* pointed out that official instructions for preparation of PSRs indicate that the reports must contain a "defendant's version" section. *Sasser, supra.* Thus, Sasser asserted that the PSRs of the two government witnesses in his case would have contained a "defendant's version" constituting a "statement" under the Jencks Act and these necessarily would have related to the witnesses' testimony because his co-defendants were involved in and convicted of the same scheme for which Sasser was charged. *Id*.

10. However, in *United States v. Dingle*, 546 F.2d 1378 (10th Cir.1976), the court held that a

PSR is not discoverable under the Jencks Act. The *Dingle* court stated that a PSR report is not a producible 'statement' under the Jencks Act. *Id*. The Dingle court also emphasized the need for maintaining the confidentiality of the probation report outweighs any possible need for its discovery under the Jencks Act." *Id*. at 1380

IN SUMMARY, counsel believes:

a. Without seeing the PSR (or draft), counsel really cannot answer the Show Cause Order and to take any position for or against. Counsel and MR. MUNOZ would need to see the PSR (or draft) materials. Without seeing what is being sought, and then trying to decide whether to oppose, is purely an academic exercise.

b. The burden for disclosure is on the requestor who must show more than just a general need for impeachment and trial preparation.

c. *Bradey*, *Giglio* and *Jenks* all satisfy the requestor's discovery needs and thus the need for disclosure of the PSR is unnecessary.

THEREFORE, MR. MUNOZ asks that the Court to deny any request to disclose his PSR (or draft PSR) to any third party; or in the alternative, (a) allow MR. MUNOZ' counsel to review the PSR prior to disclosure, (b) the court conduct an in-camera examination prior to disclosure.

*CERTIFICATE OF SERVICE*

*I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the U.S. Attorney's Office, El Paso, Texas, on 04/13/2018.*

*/s/ LOUIS ELIAS LOPEZ, JR.*

Respectfully submitted,

/s/ LOUIS ELIAS LOPEZ, JR.

SBN: 00787923
416 N. Stanton, Suite 400
El Paso, Texas 79901
Telephone: 915-543-9800
Facsímile: 915-543-9804
email:  llopez@lelopezlaw.com