# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

      Defendants

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Brief Regarding Exempting a

Designated Investigator as a Party's Representative Under Fed. R. Evid. 615(b), filed April 17,

2018 (Doc. 2123)("Brief").  In the Brief, Defendant Billy Garcia

> seeks to designate Benjamin Wood, his CJA appointed investigator, as an essential defense person to be present during trial and as exempt from the sequestration rule.  The defense wishes Mr. Wood to be free to enter or leave the courtroom, to hear the testimony or portions of the testimony of other witnesses, to consult with counsel during the trial, including counsel relaying what witnesses had testified to, and to testify as to the results of investigations, including investigations prompted by testimony of other witnesses.

Brief ¶ 4, at 2.  According to B. Garcia,

> [t]he government has engaged in a pattern in which disclosures have been made at the last minute.  Over 10,000 pages of material have been disclosed to the defense in the last 10 days.  Mr. Wood is the defense point person to analyze and investigate these new materials, much of which relates directly to witnesses who are testifying.  He needs to be able to conduct such investigation in consultation with defense counsel who is in trial.

Brief ¶ 5, at 2-3.   B. Garcia argues that it is unfair to permit the Plaintiff United States of America to have its investigator, Special Agent Bryan Acee, in the courtroom if B. Garcia's investigator, Wood, is sequestered.  See Brief ¶ 7, at 3.

> The government has in court access to Agent Acee, who has been working on this case for three years almost non-stop.  Agent Acee has been in court and often text messages and emails other agents outside the courtroom to conduct matters to support the government's case in reaction to developments in the court.   In essence, the government has a case agent in court and a team of agents outside of court to conduct investigation.  The government also has access to much more material than the defense, given the government's decision to not practice an open file policy and to withhold until two weeks before trial and since disclose [sic] many materials subject to the Jencks Act.

Brief ¶ 7, at 3.

If a party requests, "the court **must** order witnesses excluded so that they cannot hear other witnesses' testimony."  Fed. R. Evid. 615 (emphasis added).  Excluding witnesses from the courtroom under rule 615 is not discretionary.  See Fed. R. Evid. 615 advisory committee notes ("The authority of the judge is admitted, the only question being whether the matter is committed

to his discretion or one of right. The rule takes the latter position.").  Conversely, rule 615 "does not authorize excluding," from the courtroom, "a party who is a natural person" or "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney" even if those people will testify.  Fed. R. Evid. 615(a)-(b).

B. Garcia has no right to have Wood present in the courtroom under rule 615(b), because 615(b) only applies to "a party that is not a natural person."  Fed. R. Evid. 615(b).  That restriction makes sense, because rule 615(b) is "the equivalent of the right of a natural-person party to be present."  Fed. R. Evid. 615 advisory committee notes.  According to the United States Court of Appeals for the Tenth Circuit, "the government may designate a case agent responsible for an investigation as its representative under Rule 615(2).  Consequently, the court need not instruct the designated case agent to leave the courtroom, even though that agent may also be a witness."  United States v. Avalos, 506 F.3d 972, 978 (10th Cir. 2007), vacated on other grounds, 555 U.S. 1132.

It follows that Wood may only testify as a witness and remain in the courtroom if his presence is "essential to presenting [B. Garcia's] claim or defense."  Fed. R. Evid. 615(c).[1]

---

[1]Tenth Circuit precedent indicates that the scope of sequestration under rule 615 is considerably broader than exclusion from the physical courtroom:

> Rule 615 changes the law and now makes exclusion demandable by a litigant as of right, instead of being merely discretionary with the trial court . . . with stated exceptions as to certain persons.  Moreover a circumvention of the rule does occur where witnesses indirectly defeat its purpose by discussing testimony they have given and events in the courtroom with other witnesses who are to testify. . . . This should be avoided by instructions to counsel and the witnesses when the rule's invocation is announced, making it clear that witnesses are not only excluded from the courtroom but also that they are not to relate to other witnesses what their testimony has been and what occurred in the courtroom.

United States v. Johnston, 578 F.3d 1352, 1355 (10th Cir. 1978).  The United States orally

According to rule 615's advisory committee notes, "[t]he category contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation."  Fed. R. Evid. 615 advisory committee notes.  The Tenth Circuit has addressed a situation where "an investigator for the defendant, who had been at the counsel table throughout the trial," was called as a witness.  United States v. Benally, 756 F.2d 773, 778 (10th Cir. 1985).  The Tenth Circuit concluded that the trial court did not abuse its discretion by refusing to permit the defense investigator to testify.  See United States v. Benally, 756 F.2d at 778.

The United States Court of Appeals for the Second Circuit's decision in United States v. Jackson, 60 F.3d 128 (2d Cir. 1995), provides useful guidance to the Court.[2]  See Stephen A.

_____

agreed, however, to permit B. Garcia to convey information about what occurs in the courtroom to Wood.  Consequently, the Court analyzes whether it is essential for Wood to be present in the courtroom and not whether it is essential for Wood to know about what happens in the courtroom.

[2]In contrast, the Court does not find United States v. Ortiz, 10 F. Supp. 2d 1058 (N.D. Iowa 1998)(Bennett, J.), which B. Garcia quotes extensively, persuasive.  See Brief ¶¶ 8, 10, at 3-4 (quoting United States v. Ortiz, 10 F. Supp. 2d at 1067).  The Court's task is to apply the Federal Rules of Evidence and not to second guess the policy choices that Congress made when adopting a set of evidentiary rules that apply in all cases.  Thus, the Court is not free to engage in freeform balancing between the utility of having a testifying criminal defendant in the courtroom under rule 615(a) and having a case agent in the courtroom under rule 615(c).  See United States v. Ortiz, 10 F. Supp. 2d at 1067 (engaging in that sort of balancing).

Judge Bennett identifies an alleged disparity between the United States and criminal defendants:

this court is skeptical of the contention that having a case agent for the government at counsel table throughout the trial, although the agent is or may be a witness, somehow "compares with the situation defense counsel finds himself in [because] he always has the client with him to consult during trial."

United States v. Ortiz, 10 F. Supp. 2d at 1067 (quoting Fed. R. Evid. 615 advisory committee note).  The Court is not convinced that this alleged disparity is actually unfair.  The United States and criminal defendants have very different obligations at trial.  The United States must prove

Saltzburg et al., Federal Rules of Evidence Manual § 615.02[2] (11th ed. 2017)("The Second Circuit in United States v. Jackson . . . set forth a helpful list of considerations for trial courts to employ in determining whether a witness should be exempted from a sequestration under the exception for witnesses essential to preparation of the case . . . .").

> In making a Rule 615 ruling, a district court must exercise discretion, and among the factors that might usefully inform the exercise of such discretion are: 1) how critical the testimony in question is, that is, whether it will involve controverted and material facts; 2) whether the information is ordinarily subject to tailoring, such that cross-examination or other evidence could bring to light any deficiencies; 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses; 4) the order in which the witnesses will testify; 5) any potential for bias that might motivate the witness to tailor his testimony; and 6) . . . whether the witness's presence is "essential" rather than simply desirable.

Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 615.02[2] (quoting United States v. Jackson, 60 F.3d at 135)(alterations in the original). Further, United States v. Jackson indicates that, "[b]ecause a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption

---

every element of the offense beyond a reasonable doubt while a criminal defendant has no obligation to introduce any evidence.

Similarly, the Court is not convinced that the resource disparity that Judge Bennett identifies is unfair.

> Even one case agent available to the government has access to almost unlimited law enforcement investigative resources -- federal, state, and local -- to perform the necessary footwork if unanticipated issues come up during trial. Against this full panoply of resources available to the government, a criminal defendant can reasonably show the presence of one investigator in the courtroom, who must also then perform the footwork of necessary investigations and testify upon the results of his or her investigations, is "essential" within the meaning of the Rule 615(3) exemption.

United States v. Ortiz, 10 F. Supp. 2d at 1067. The point that Judge Bennett misses is that, while considerable resources stand behind federal prosecutors, those resources are tasked with enforcing the law in a nation of 325 million people, but the resources afforded criminal defendants have a singular focus, putting on a defense in a particular case.

in favor of sequestration."  60 F.3d at 135.  <u>United States v. Jackson</u> also addressed arguments

that echo B. Garcia's Brief:

> In this case, the record is scant as to why the presence of more than one agent was essential. The government expanded the usual request by asking that three rather than one case agent remain in the courtroom.  It sought to meet the requirement of Rule 615(3) by pointing out that the case was complex and there was a "voluminous amount of evidence and electronic equipment to control." . . . .
>
> We are skeptical as to whether the reasons advanced by the government are sufficient to support the lower court's ruling.  For example, we doubt that simply the voluminousness of the evidence and the amount of electronic equipment to be used would normally justify such a ruling.  Except in unusual circumstances, it would seem that when the government requires more assistance than a single case agent could provide, non-witness personnel could generally be employed to help operate equipment and handle the evidence.  In those cases, it would be up to the government to make some showing of a need to use the additional agents it planned to call as witnesses for those administrative tasks in the courtroom.

<u>United States v. Jackson</u>, 60 F.3d at 135.  <u>Compare</u> Brief ¶ 4, at 2-3 (arguing that B. Garcia's

presence is essential, because "[o]ver 10,000 pages of material have been disclosed to the

defense in the last 10 days," and his investigator "is the defense point person to analyze and

investigate these new materials, much of which relates directly to witnesses who are testifying").

   The Court concludes that B. Garcia has not rebutted the strong presumption in favor of

sequestration by establishing that Wood's presence in the courtroom is essential to his defense.

<u>See</u> Fed. R. Evid. 615(c).  The United States agreed to permit B. Garcia to relay information

regarding in-court developments to his investigator, and most of an investigator's job -- <u>i.e.</u>,

investigating -- takes place outside of court.  Further, the Court has authorized both the

Defendants' lawyers and their staffs "to pass through security with their cellphones and . . . to

access and use their cellphones in accordance with Court rules for the duration of proceedings in

this matter."  Third Amended Order Allowing Defense Staff to Bring in Cellphones Inside the

Courthouse at 1, filed April 17, 2018 (Doc. 2122).  Accordingly, Wood can act effectively as an

investigator and "consult with counsel during the trial," even if he is excluded from the courtroom.

**IT IS ORDERED** that the Defendant Billy Garcia's requests in the Brief Regarding Exempting a Designated Investigator as a Party's Representative Under Fed. R. Evid. 615(b), filed April 17, 2018 (Doc. 2123), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
    Attorney for the United States
        Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
    Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

        *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

     *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

      *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

      *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

      *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

      *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

      *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

     *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

     *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

     *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

     *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

     *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

>*Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

>*Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

>*Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

>*Attorneys for Defendant Brandy Rodriguez*