IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                                                              **2:15-cr-04268-JB**

**ANGEL DELEON, et al.**

        **Defendants.**

## FIFTH JUDICIAL DISTRICT ATTORNEY'S OFFICE OF NEW MEXICO'S MOTION TO QUASH SUBPOENA

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the Fifth Judicial District Attorney's Office of New Mexico ("DA's Office"), by and through Assistant Attorney General Joshua R. Granata, as counsel for the DA's Office, hereby moves the Court to quash the Subpoena to Produce Documents, Information, or Object in a Criminal Case (the "Subpoena") served on the DA's Office on April 13, 2018, in the above-referenced action. For any of the reasons set forth below, this Court should quash the Subpoena.

### BACKGROUND

The Robert R. Cooper Law Firm, P.C. ("Cooper Law Firm") represents Billy Garcia, a defendant in the underlying criminal prosecution. On the afternoon of Friday, April 13, 2018, the Cooper Law Firm served the Subpoena on the Fifth Judicial District Attorney's Office. *See* Subpoena, attached as Exhibit 1. The Subpoena commands the DA's Office produce the following:

> **A complete copy of your file related to the prosecution of the cases detailed in the attached document. This is to include, but not limited to, paper and electronic recordings, audio & video recordings, witness interviews & forensic reports.**

*Id*. A letter from the Cooper Law Firm, dated April 11, 2018, is attached to the Subpoena. Mr. Cooper commands the production of the files pertaining to five cases that were prosecuted sixteen to seventeen years ago by the DA's Office. *Id*. The five cases that the Cooper Law Firm is interested in are cases in which the respective defendants were prosecuted for homicide or murder—clearly cases in which there were victims. The Subpoena compels the DA's Office to produce responsive material by Wednesday, April 18, 2018, at 10:00 A.M. At no time did counsel for defendant contact the DA's Office to provide notice of the Subpoena or request documents prior to the service of the Subpoena. Complicating matters, the New Mexico District Attorney's Association ("NMDAA") is holding their annual Spring Conference from April 17 to 19, 2018, in Ruidoso, New Mexico. *See* www.nmdas.com (last visited 4/17/2018). A great majority of the staff of the DA's Office is attending the NMDAA Spring Conference because it provides attorneys and staff with approximately fourteen continuing legal education credits.

Despite being provided with about two and one-half business days to comply with the Subpoena, the DA's Office produced a copy of all materials pursuant to the Subpoena that could be located except for a floppy disc, four VHS videos and fifteen cassette tapes. The DA's Officer will need more time to locate equipment to copy the dated floppy disc, VHS videos and fifteen cassette tapes. Undersigned counsel has reached out to the Cooper Law Firm, but since Mr. Cooper is in trial (in this matter) undersigned has been unable to speak with Mr. Cooper and has, therefore, discussed this Subpoena with one of their assistants. Undersigned sent an email to the Cooper Law Firm seeking clarification on the materials requested. The Cooper Law Firm, however, did not confirm whether they required copies of the floppy disc, VHS videos or cassette tapes, but they did indicate that they would allow for an additional five days (including the weekend) to respond to the Subpoena, which would extend the deadline to Monday, April 23, 2018. As explained in this Motion, however, the Subpoena deadline is unreasonable and oppressive.

## APPLICABLE LAW

Rule 17 of the Federal Rules of Criminal Procedure allows for a party by subpoena to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim.P. 17(c)(1). If a subpoena requires the production of personal or confidential information about a victim a subpoena "may be served on a third party only by court order." Fed. R. Crim.P. 17(c)(3). "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim.P. 17(c)(2). "Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. U. S.*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed.2d 1039 (1974).

## ARGUMENT AND AUTHORITIES

### I. The Subpoena Should Be Quashed Because It Is Facially Defective

The Subpoena in question should be quashed by this Court because it has been served on third-party, a state agency who is not a party and not a witness to the underlying criminal prosecution of the Cooper Law Firm's client, Billy Garcia, which violates Rule 17. The Subpoena commands the DA's Office to produce documents to the Robert R. Cooper Law Firm located in Albuquerque, New Mexico. *See* Ex. 1. Rule 17 allows for a subpoena to be issued to "order the witness" to produce requested materials. Fed. R. Crim.P. 17(c)(1). Rule 17(d) requires that in addition to the service of a subpoena, the server "must tender to the witness one day's witness-attendance fee and the legal mileage allowance." Fed. R. Crim.P. 17(d). While the Subpoena was served on the DA's Office, a witness fee and mileage allowance has not been provided. For this reason, the Subpoena is unreasonable and oppressive and should be quashed.

**II.     Since The Subpoena Does Not Provide Sufficient Time For Compliance It Is Unreasonable And Oppressive And Should Be Quashed.**

The Subpoena was not served on the DA's Office until Friday, April 13, 2018, at about 1:30 p.m. The Subpoena, however, commands the DA's Office to produce case files that are over fifteen years old by April 18, 2018 at 10:00 a.m. Thus, the DA's Office was required to locate, copy and respond to the Subpoena within two and one-half business days. At no time did counsel for defendant contact the DA's Office in order to obtain copies of the files prior to serving the Subpoena. Further adding to the oppressive and unreasonable nature of the Subpoena, the DA's Office will be operating with a skeleton crew beginning at noon on Monday, April 16, 2017, until Friday, April 20, 2018, since the majority of the attorneys and staff will be attending the NMDAA Spring Conference.

While not a party to this prosecution, the DA's Office understands that trial has begun in this matter, yet the Cooper Law Firm waited until after the commencement of the trial to issue this Subpoena. In *United States v. Carvin*, 555 F.2d 1303, 1305 (5th Cir. 1977), the Fifth Circuit Court of Appeals affirmed the quashal of subpoena that was issued the morning of the trial. Here, the Subpoena was issued after the trial commenced and provides an unreasonable amount of time in which to comply—two and one-half business days.

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Additionally, the Tenth Circuit has held that a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> **(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of the trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."**

4

*United States v. Abdush-Shaker*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). To meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon,* 418 U.S. at 700). . "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.' " *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221).

The contents of the files sought by Cooper Law Firm should have been procured with due diligence in advance of the trial. Instead, the Subpoena was served after trial commenced. It does not appear that any effort has been made by the moving party to meet its burden. Since the Cooper Law Firm made no effort to obtain the material sought in a timely manner, and since it appears that this Subpoena is being used as a "fishing expedition" this Court should quash the subpoena.

**III.    Since The Subpoena Is Overly Broad It Is Unreasonable And Oppressive And Should Be Quashed.**

The Subpoena commands the production of the "[c]omplete file" which included both materials protected by the attorney work-product doctrine as well as confidential and protected information concerning victims of the respective case. Attorney work product of the DA's Office is not subject to production. *See United States v. Gangi*,1 F.Supp.2d 256, 263 (S.D.N.Y. April 2, 1998) (holding that a prosecution memorandum was attorney work-product and not subject to disclosure and recognizing that "legal theories, mental impressions, and thought process" of an attorney is "protected by the work-product privilege . . ."); Fed. R. Crim.P. 16(a)(2) (exempting from disclosure "reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case.").

5

Furthermore, Rule 17(c) was drafted as a mechanism to "expedite the trial by providing a time and place **before trial** for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698–99, 94 S. Ct. 3090, 3103, 41 L. Ed. 2d 1039 (1974) (emphasis added). Here, the Subpoena was served after the commencement of the trial, defeating the purpose for which Rule 17(c) was promulgated. *See id*, FN 11 (the use of a subpoena *duces tecum* is "encouraged in complex criminal cases in order that each party may be compelled to produce its documentary evidence **well in advance of trial** . . ." (emphasis added). Here, the Subpoena was not served well in advance of trial, but during trial, thus defeating the purpose behind Rule 17(c).

Since the Subpoena seeks materials from cases that are over fifteen years old, contain attorney-work product information, and only provide two and one-half business days to comply, the Subpoena is unreasonable and oppressive and should be quashed by this Court.

**IV.  The Subpoena Is Facially Invalid Since Prior Approval Was Not Obtained By This Court Before Serving The Subpoena**.

Even if this Court were to decide that the Subpoena is proper to command the DA's Office to produce certain materials, the Subpoena should still be quashed because it does not comply with the protections provided to victims under Rule 17. According to Rule 17, a subpoena "may be served on a third party only by court order" if a subpoena requires the production of personal or confidential information about a victim. Fed. R. Crim.P. 17(c)(3). The files requested by the Cooper Law Firm pertain to cases in which a victim was involved and therefore contain personal or confidential information about the victims, thus requiring an order from this Court prior to issuance of the Subpoena. *Id*. The Subpoena form itself notifies the movant of the requirement to "ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena." *See* Ex. 1. A review of this Court's docket confirms that this Court did not approve the issuance of the Subpoena through an Order. Further,

6

there is no indication, whether on the Subpoena, or the Court's docket, that the Cooper Law Firm sought approval from this Court to issue the Subpoena as provided in the "Notice to those who use this form to request a subpoena". *See* Ex. 1. Since this Court has not approved the issuance of the Subpoena, and the Subpoena seeks materials that contain confidential and protected victim information, the Subpoena is oppressive and unreasonable and should be quashed.

Undersigned has attempted to contact counsel for Defendant but has only been able to speak with an administrative assistant from the Cooper Law Firm. An email was sent asking for clarification of the material sought through the Subpoena and also indicating that a motion to quash would be filed if counsel failed to answer the email. As of the filing of this pleading, counsel for Defendant has not contacted undersigned. Pursuant to the Local Rules of Criminal Procedure for the District of New Mexico, Rule 47.1, it is assumed that this motion is opposed.

## IV. PRAYER FOR RELIEF

For all of the foregoing reasons, the undersigned respectfully requests that the Court enter an order quashing the subpoena, and awarding such other relief as this Court deems just and proper.

Respectfully Submitted,

HECTOR H. BALDERAS
New Mexico Attorney General

By: */s/ Joshua R. Granata*
    Joshua R. Granata
    Assistant Attorney General
    Post Office Drawer 1508
    Santa Fe, NM 87504-1508
    Telephone: (505) 490-4839
    Facsimile: (505) 490-4881
    Email: jgranata@nmag.gov

*Attorney for the New Mexico Fifth Judicial District Attorney's Office*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing *New Mexico Fifth Judicial Attorney's Office Motion to Quash Subpoena* on April 18, 2018, using the ECF System, and in addition provided service to Robert R. Cooper Law Firm by regular first-class mail to his address of record, 1011 Lomas Blvd. NW, Albuquerque, NM 87102.

*/s/ Joshua R. Granata*