IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | 2:15-CR-04268-JB |
| | § | |
| **FREDERICO MUNOZ**, | § | |
| | § | |
| *Defendant*, | § | |

MOTION IN OPPOSITION TO DISCLOSURE OF THE DEFENDANT'S REDACTED
MENTAL AND PHYSICAL HEALTH RECORDS TO THIRD PARTY CO-DEFENDANTS

TO THE HONORABLE JAMES O. BROWNING:

NOW COMES the defendant, **FREDERICO MUNOZ**, (herein referred to as MR. MUNOZ), and files this Motion opposing disclosure of MR. MUNOZ' mental and physical health records to all third party co-defendants and in support offers the following:

I.      INITIAL REQUEST AND CONSENT

1.   On April 7, 2018, a co-defendant in this cause sent an e-mail to MR. MUNOZ'S counsel requesting consent to disclose MR. MUNOZ' mental and physical health records.  [Attachment A].  On the same day, counsel for MR. MUNOZ opposed the request on relevance grounds. [Attachment A].  In response, on April 9, 2018, the same co-defendant's attorney send an email indicating that the other co-defendant's have consented and that the Court had granted such requests on previous occasions. [Attachment B].  The email specifically stated:

"Other counsel have agreed to disclosure if they can review the records first and

redact personal identifying information such as addresses, family

members, ss numbers etc.. Judge Browning in the past in this case

has authorized such a process. Would this process be acceptable?"

2.   Based on the response email, MR. MUNOZ acquiesced to the request. [Attachment D].


II.      MISUNDERSTANDING THE REQUESTOR'S EMAIL

1.   The phrase, "Judge Browning in the past in this case has authorized such a process…" was taken to mean that this Court had already granted identical requests in early parts of this case or in the previous conspiracy trial, that the issue was already settled, and that resistance would be futile.

2.   However, taking notice of all the filings and email chatter regarding this request, MR. MUNOZ'S counsel believes that the representations made by requestors may have not been operative.

3.   Additionally, it appears that the majority of the adverse witnesses that have received requests for medical records have objected to the requests; the Court has not issued any Orders granting such request; and the government has not given any indication that they too are in agreement with the requests.

4.   In fact, it appears the government is not in agreement with the medical requests.  On April 24, 2018, the government sent counsel an email asking if MR. MUNOZ was objecting to the requests made by the requestors. [Attachment C].


III.     LEGAL REQUIREMENTS AGAINST DISCLOSURE

1.   When seeking an order for medical records, the requesting party must satisfy the requirements set forth in the Health Insurance Portability and Accountability Act of 1996

("HIPAA"); the requirements of 45 C.F.R. § 164.512(e)(1)(i); and specifically identify the medical records that are sought. *Brigham v. Colyer*, CIV.A.09-2210-JWL-DJ, 2010 WL 2131967, at \*4 (D. Kan. May 27, 2010).

2.   45 C.F.R. § 164.512(e) states that (1) a covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; *Id. at* \*2, or (ii)  in response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if: (A) the covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or (B) the covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of the section, from the party seeking the information, that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of the 45 C.F.R. § 164.512 section. *Id.*

3.   Thus, 45 C.F.R. § 164.512(e) contemplates two kinds of orders.  (1) an order under 45 C.F.R. § 164.512(e)(1)(i) from the court expressly authorizing disclosure (a "disclosure order"); and (2) a qualified protective order under 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v) (a "qualified protective order").  These orders are applicable under different circumstances.

4.   In the first instance, a covered entity may disclose protected health information identified in the disclosure order upon receipt of the disclosure order. In the second instance,

where the covered entity is responding to a subpoena, discovery request, or other lawful process, that is not accompanied by a court order, the covered entity may disclose protected health information if the covered entity receives satisfactory assurance from the party seeking the information that reasonable efforts were made to obtain a qualified protective order. Neither has been done.

5.   Also, the requestors are not entitled to an exhaustive list of every medical record for any type of mental and/or physical ailment.  *Id*. at *3.

IV.   OPPOSSION TO DISCLOSURE

1.   MR. MUNOZ opposes any disclosure order that would provide the requestors with blanket approval to obtain any and all medical and physical records.

2.   In addition, MR. MUNOZ asks that if the Court does enter a disclosure order, that the disclosure order (a) limit access to MR. MUNOZ'S relevant medical records, (b) specifically identify the specific medical information are sought, (c) limit access to MR. MUNOZ'S medical records to those falling within a relevant time period, (d) require the requestors to advise MR. MUNOZ'S counsel of the materials sought and the information's relevancy, and (e) require the requestors to advise the treating physician of his or her right to decline to participate in any ex parte communications and to provide the treating physician with a copy of the disclosure order stating this fact.  *Id*.

V.   CONFRONTATION CLAUSE AND DISCLOSURE OF MEDICAL RECORDS

1.   No doubt the request for medical records by MR. MUNOZ'S co-defendants are sought to be used during cross-examination as impeachment evidence. And, the requestors may even argue that failure to disclose these records will violate their Sixth Amendment right to

confront witnesses. *See Delaware v. Fensterer*, 474 U.S. 15, 18–19, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curium) (stating that the right to confront a witness includes the right to conduct cross-examination). In our instance, the requestors have failed to provide the Court with any relevant authority suggesting that the Confrontation Clause permits them to discover MR. MUNOZ'S privileged medical records.

2.   And, a review of the circuit's case law shows that the requestor's Sixth Amendment right to confrontation will not be violated by this Court's denial of such a request. *See United States v. LaVallee*, 439 F.3d 670 (10th Cir. 2006).

3.   The Confrontation Clause is not a "constitutionally compelled rule of pretrial discovery." *Id.* at 692 *quoting Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).   According to the *LaSalle* court, quoting *Ritchie*, "'[T]he right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination. The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. In short, the Confrontation Clause only guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id.* (citations, quotation marks, and footnote omitted).

VI.   RELEVANCE

1.   And lastly, Federal Rules of Evidence 401 states that [e]vidence is relevant if: (a) it

has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed.R.Evid. Rule 401.

2.   In this case, the requestors fail to show how MR. MUNOZ'S medical history would be relevant to (a) make a fact of the case more or less probable with the disclosure of the records and (b) how MR. MUNOZ'S medical history is of consequence in determining the action.  By failing to do so, the Court should deny the requestor's request for disclosure.


THEREFORE, MR. MUNOZ asks that the Court to deny any request to disclose his physical and mental health records to any third party.


*CERTIFICATE OF SERVICE*

*I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the U.S. Attorney's Office, El Paso, Texas, on 04/25/2018.*


*/s/ LOUIS ELIAS LOPEZ, JR.*

Respectfully submitted,


/s/ LOUIS ELIAS LOPEZ, JR.

SBN: 00787923
416 N. Stanton, Suite 400
El Paso, Texas 79901
Telephone: 915-543-9800
Facsímile: 915-543-9804
email:  llopez@lelopezlaw.com