# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                              No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion in Limine Regarding Alleged

Hit by Billy Garcia on Gerald Archuleta, filed April 23, 2018 (Doc. 2142)("Motion").

Defendant Billy Garcia asks the Court "to prevent the government from suggesting that Mr. Garcia put a 'hit' out on Gerald Archuleta."  Motion at 1.  B. Garcia asserts that "[n]owhere in the discovery does any witness claim to have personal knowledge" of a hit that B. Garcia placed on Archuleta.  Motion ¶ 1, at 1.[1]  B. Garcia also asserts that, during "the questioning of Roy Paul Martinez," Plaintiff United States of America implied that a hit on Archuleta existed, "without a good faith factual basis to believe such."  Motion ¶ 3, at 1-2.  B. Garcia adds that "[t]he government also did not identify this alleged hit as a bad act or a res gestae event in their pleadings to date."  Motion ¶ 4, at 2.

The Court is not persuaded by B. Garcia's argument regarding personal knowledge.  Rule 602 sets a low bar vis-à-vis personal knowledge.  See Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced **sufficient to support a finding** that the witness has personal knowledge of the matter."  (emphasis added)).  Further, "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Fed. R. Evid. 602.  Consequently, even if B. Garcia's assertion that nothing in this case's discovery indicates that any of the United States' witnesses have personal knowledge, the United States can, potentially, lay a sufficient foundation when its witnesses take the stand.  Alternatively, if the United States' witnesses lack

---

[1]B. Garcia contends that "[t]he court has already ruled that the hearsay regarding the alleged hit on Archuleta is inadmissible."  Motion ¶ 2, at 1.  That contention misreads the Court's ruling.  The Court has not ruled on all hearsay regarding the alleged hit on Archuleta; it has ruled only on a statement that Plaintiff United States of America identified in its Proffer Under Fed. R. Evid. 801(d)(2)(E) and Objections, filed March 8, 2018 (Doc. 1903-1)("James Proffer"), indicating that "Billy Garcia put a hit on Archuleta which was communicated to Archuleta through 'Baby Zac' over a disagreement about Castillo's murder."  James Proffer at 36.  Further, the Court concluded that this statement was inadmissible under rule 801(d)(2)(E) of the Federal Rules of Evidence, but the Court did not address whether that statement was admissible under a different rule or for a purpose other than its truth.

personal knowledge about a hit that B. Garcia placed on Archuleta, they may be able to testify about admissible hearsay describing such a hit.

Likewise, the Court is not persuaded regarding B. Garcia's argument that the hit on Archuleta is an undisclosed prior bad act such that admitting evidence about that hit would be contrary to the United States' obligation to "provide reasonable notice of the general nature of any" prior bad act evidence and to "do so before trial." Fed. R. Evid. 404(b)(2). The United States does not offer evidence regarding B. Garcia's hit on Archuleta to show B. Garcia's character or for an enumerated rule 404(b) not-for-character purpose. See Fed. R. Evid. 404(b)("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Instead, the United States offers that evidence to show that B. Garcia is involved in the SNM, and to show that the SNM is an enterprise engaged in racketeering activity. See 18 U.S.C. § 1959 (stating that certain state law crimes are federal crimes when they are committed "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity"). See also 18 U.S.C. § 1961(1)(A)(stating that murder constitutes racketeering activity). Consequently, rule 404(b) does not apply. See, e.g., United States v. Mahdi, 598 F.3d 883, 890-92 (D.C. Cir. 2010)(concluding that rule 404(b) notice was not required for evidence of uncharged misconduct offered to show the existence of an enterprise engaged in racketeering activity); United States v. Miller, 116 F.3d 641, 682 (2d Cir. 1997)(per curiam)("[T]he government did not offer this as evidence of 'other' acts within the meaning of Rule 404(b) but rather offered it as proof of the existence of the RICO enterprise alleged in the indictment which used such acts of violence in furtherance of its narcotics conspiracy.").

Even if rule 404(b) applies, <u>i.e.</u>, even if B. Garcia's hit on Archuleta is "a crime, wrong, or other act," however, that would not change the Court's conclusion, because the United States notified the Defendants that it intended to offer evidence regarding B. Garcia's hit on Archuleta. Fed. R. Evid 404(b)(1).   The United States indicates, in its Proffer Under Fed. R. Evid. 801(d)(2)(E) and Objections, filed March 8, 2018 (Doc. 1903-1)("<u>James</u> Proffer"), that it intended to introduce evidence showing that "Billy Garcia put a hit on Archuleta which was communicated to Archuleta through 'Baby Zac' over a disagreement about Castillo's murder." <u>James</u> Proffer at 35.  The United States also presented evidence about that hit on March 13, 2018 at the Court's <u>James</u> hearing:

> Q.     Okay.  Statement Number 68 indicates Billy Garcia put a hit on Archuleta, referring to Gerald Archuleta, which is communicated to him through Baby Zack over a disagreement about Castillo's murder.  And is this actually information we learned from testimony and statements by Gerald Archuleta?
>
> A.     I know about the statements.  I wasn't here for the testimony.
>
> Q.     What about the statements?  Was it an indication that Baby Zack approached Gerald Archuleta to kill him at Billy Garcia's request?
>
> A.     Yes.

Transcript of Hearing at 53:11-22 (held March 12, 2018)(Castellano, Stemo), filed April 3, 2018 (Doc. 2027).

> The purpose of the notice requirement is to prevent unfair surprise and to make it easier for the defendant to obtain a pretrial in limine ruling on bad acts evidence. The notice provision was added to the Rule in 1991.  The rule plainly envisions that the notice requirement is to be flexibly applied.
>
> No specific time limits are set, and indeed the rule permits notice to be given as late as during trial upon a showing of good cause.  As to the substance of the notice, the prosecution need only disclose the "general nature" of the bad acts evidence. . . .   However, it is not enough simply to inform defense counsel that the government's files are open for counsel's perusal.

Stephen A. Saltzburg et al., <u>Federal Rules of Evidence Manual</u> § 404.02[22] (11th ed. 2017)(footnotes omitted).  <u>See</u> Fed. R. Evid. 404 advisory committee notes to 1991 amendment ("The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility.").

While the United States did not include B. Garcia's hit on Archuleta in its letter to B. Garcia outlining its bad acts evidence,[2] the United States' <u>James</u> Proffer and Agent Nancy Stemo's <u>James</u> hearing testimony served rule 404(b)'s purposes by preventing unfair surprise and permitting the Defendants to make motions in limine.  <u>See</u> Fed. R. Evid. 404(b) advisory committee notes to 1991 amendment ("[N]o specific form of notice is required. . . .  Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts.").   Accordingly, the Court concludes that the United States provided "reasonable notice" to the Defendants regarding B. Garcia's hit on Archuleta.  Fed. R. Evid. 404(b)(2)(A) even if that notice requirement applied.

**IT IS ORDERED** that the Motion in Limine Regarding Alleged Hit by Billy Garcia on Gerald Archuleta, filed April 23, 2018 (Doc. 2142), is denied.

---

[2]The purpose of that letter -- and similar letters that the United States sent to the other Defendants -- is to give the Defendants all the bad acts that the United States might introduce at trial.  The United States has consistently stated that it is not attempting to introduce any rule 404(b) evidence against any defendant, so the United States has never conceded that the bad acts it listed are 404(b) evidence.  The Court and the parties have worked hard to eliminate all 404(b) evidence from the trial and just to introduce bad acts evidence to prove that the SNM is an enterprise engaged in racketeering activity.  Here, the United States thought it could use rule 801(d)(2)(E) to introduce evidence about B. Garcia's hit on Archuleta notwithstanding the rule against hearsay, so the United States included an entry about that hit on its <u>James</u> Proffer.  The United States typically did not repeat its <u>James</u> Proffer evidence on its bad acts letters.  It might have been better for the United States to list its evidence in both places, but that double notice was not necessary.  The Defendants have been on notice that the United States is trying to get evidence about the Archuleta hit into the record, so rule 404(b)'s notice requirement is satisfied even though that evidence is not listed in the bad acts letter that B. Garcia received.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

      *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

     *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

*Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

*Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

*Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

*Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

*Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

      *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

      *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

      *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

      *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

      *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

     *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

     *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

     *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

     *Attorneys for Defendant Brandy Rodriguez*