Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 2 of 61

*[handwritten: Justify map]*

**~~UNITED STATES'~~ PROPOSED JURY INSTRUCTION NO. ~~X~~**

*[handwritten: Members of the Jury:]*

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case — for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.03 (2011) (**Introduction to Final Instructions**)

*[handwritten annotations: All up / Rd; 2011; Bold; Bold; Edition; at ¶; All ups / Bot; Updated Feb 2018; to bold]*

*[handwritten: all up / Bold]*   *[handwritten: Bold / all ups]*

*[handwritten: PROPOSED JURY INSTRUCTIONS , UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1, at 2, filed March 23, 2018 (Doc. 1966)]*

*[handwritten: X]*

*[handwritten: Criminal Pattern Jury Instruction Committee of the U.S. Court of Appeals of the Tenth Cir.,]*

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.



Tenth Circuit Pattern Jury Instructions Criminal 1.04 (2011) (**Duty to Follow Instructions**)

3

~~Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 4 of 61~~

## ~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. ~~X~~

The government has the burden of proving defendants Joe Lawrence Gallegos, Edward

Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, Andrew

Gallegos, and ~~Shauna Gutierrez~~ guilty beyond a reasonable doubt. The law does not require a

~~defendant~~ to prove his ~~or her~~ innocence or produce any evidence at all. The government has the

burden of proving ~~a defendant~~ guilty beyond a reasonable doubt, and if it fails to do so, you must

find ~~that defendant~~ not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of ~~the~~

~~defendant's guilt.~~ There are few things in this world that we know with absolute certainty, and in

criminal cases the law does not require proof that overcomes every possible doubt. It is only

required that the government's proof exclude any "reasonable doubt" concerning ~~the defendant's~~

guilt. A reasonable doubt is a doubt based on reason and common sense after careful and

impartial consideration of all the evidence in the case. If, based on your consideration of the

evidence, you are firmly convinced that ~~the defendant~~ is guilty of the crime charged, you must

find ~~him~~ guilty. If on the other hand, you think there is a real possibility that ~~he~~ is not guilty, you

must give ~~him~~ the benefit of the doubt and find ~~him~~ not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (2011) (Presumption of Innocence - Burden of Proof, Reasonable Doubt)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 5 of 61

*Justh mays*

## ~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. ~~X~~

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, ~~and the facts that I have judicially noticed.~~ *and*

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck *(modify)* things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have *adopted* shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

*all up | Bld*   *at 11*   *i*   *all up Bld*

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.06 (2011) (Evidence Defined)

*all up | Bld | und*

*Criminal Pattern Jury Instructions Courts of the U. State Cit of Appt for the Tenth Cit,*

PROPOSED JURY INSTRUCTIONS   UNITED STATES'

*all up No bold*

PROPOSED JURY INSTRUCTION NO. 4, X at 5, filed March 22, 2018 (Doc. 1966) (modify)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 6 of 61

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. ⟨X⟩

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 6

Criminal Pattern Jury Instruction Committee of the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.07, at i, 13 (2011 Edition, updated Febry 2018)

PROPOSED JURY INSTRUCTIONS), UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5, at 1.

6, ft M and 23, 2016 2018 (Doc. 1966)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 7 of 64

*[handwritten: Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, et Mr. Andrew Gallegos]*

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making *[handwritten: Bold]* judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollections like failure of recollections is not uncommon. *[handwritten: Bold]*

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.] *[handwritten: their]*

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 8 of 61

bald

[the United States grants to a defendant the right to remain silent. That means the right not to

testify or call any witnesses. That is a constitutional right in this country, it is very carefully

guarded, and you should understand that no presumption of guilt may be raised and no inference

of any kind may be drawn from the fact that a defendant does not take the witness stand and

testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this

case, do not make any decisions simply because there were more witnesses on one side than on

the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (2011) (**Credibility of Witnesses**)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 9 of 61

Bold

# ~~UNITED STATES'~~ PROPOSED JURY INSTRUCTION NO. __X__

You have heard the testimony of [name of witness]. You have also heard that, before this

trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how

believable his testimony in this trial was. You cannot use it as proof of anything else. You can

only use it as one way of evaluating his testimony here in court.

All up / Rd                    Bold

Editor Updated Feb 2018

~~Tenth Circuit~~ Pattern Jury Instructions Criminal 1.10 (2011) **(Impeachment by Prior**

**Inconsistencies)** (adopted)

all up
No Ba

Crim Pattn
fuder Comll of the
he St Ct of Apolo of
th Tilth Cir

at i, 21

all cap / Bold / und                    all cap / Rd



PROPOSED JURY INSTRUCTION , UNITED STATES'

PROPOSED JURY INSTRUCTION NO. 07 at

1, 9, 9th March 23, 2018
(Doc. 1966)(modif)

- X -