TO: The Honorable James O. Browning

FROM: Defense Counsel in *U.S. v. DeLeon, et al.*, No. 15-CR-4268-JB

RE: Roadmap for the remainder of trial

DATE: April 30, 2018

The Defense is mindful of the need of the jury to have the full case for its consideration in the time period allotted for the trial.

The government has represented it will rest by May 18, 2018. The Defense has serious concerns about this estimate given the critical witnesses the Defense believes still will be called by the government. The government's "will call" witness list is very lengthy and the Defense is unable to determine which witnesses will and will not be called.

For example, as to Counts 1 and 2 alone, some of the Corrections Officers, the DNA expert, and the Medical Examiner have not testified. The Defense believes it will take another week to present the remainder of the Counts 1 and 2 witnesses. Teams Troup and A. Garcia believe it will take at least a week to present Count 3. The Gallegos Teams believe it will take the entire upcoming week to present Counts 4 and 5. Finally, Team J. Gallegos believes it will take at least four days to present Counts 13-16.

Likewise, none of the "historical" and "confession" witnesses listed on the government's "will call" witness list have been called. This includes Gerald "Styx" Archuleta, Robert "Baby Rob" Martinez, Frederico "Playboy" Munoz, Benjamin "Cyclone" Clark, Timothy "Red" Martinez, Billy "Little Shadow" Cordova, Leroy Lucero, etc. These witnesses could easily take a day each.

As a further example, since the time the government presented a time estimate, it has called witnesses who have testified concerning additional acts and defendants that were not identified in the indictment or in the bad acts/res gestae notices. Because the witnesses testify to knowledge of information or events that have not been previously disclosed to the Defense teams, it is impossible for the Defense to know, until each witness testifies, how many or how long the cross-examinations will take. As a specific example the Defense notes that the government now intends to bring forth evidence of the Bobby Ortega murder and the Defense anticipates the government will call Robert "Boo Boo" Lovato for this purpose. This introduces an uncharged murder, without any apparent restrictive use by the jury as it is offered as "enterprise" evidence, that implicates at least one defendant and which will require a protracted defense and additional days of testimony.

The Defense makes a number of proposals for consideration by the Court in order to save time.

First, the Defense proposes the Court allow only Direct and Cross-examination for all witnesses going forward. This will allow both sides an equal opportunity with each witness and will not create an imbalance if an off-sequencing is used. If a rule is put in place and agreed to by the parties, it will also eliminate records being made by a party if they feel an imbalance is unfair to their position. This accommodation will likely reduce an hour to an hour and a half off many of

the more lengthy witnesses, as redirect and re-cross has extended witness time and has been used to offer and admit exhibits that were not originally offered.

Second, the Defense proposes that further "enterprise" evidence be curtailed as no defendant has contested the existence of the enterprise. Such limitations will save significant time especially when "enterprise" evidence also constitutes specific crimes the government accuses the individual defendants of which are not charged. If so limited, lengthy cross examinations can be avoided and the need for the Defense to call witnesses to counter the uncharged misconduct evidence will dissipate.

Third, the Defense may pursue some evidentiary stipulations (e.g., DNA) which might eliminate some witnesses and save time, but we have not been able to reach an agreement on such stipulations as of this filing.

At this point, it is impossible to estimate Defense presentations without knowing who else the government will call or more importantly, will not call. The enterprise witnesses clearly take the most time. The Defense must not be limited in its efforts to present a robust defense and when such witnesses implicate new defendants and/or allegations, it increases time used in cross-examination.

The Defense is cognizant of the time necessary to complete a robust cross-examination and each team will make a determination as to whether a particular witness requires such a cross. However, the Defense simply cannot predict how long Defense presentations will take because we do not have a grasp on what the government will actually present, what adjustments the government may make, which witnesses will add new allegations or evidence, which witnesses may be eliminated, etc.

Finally, another issue is the ongoing discovery disclosures being made by the government. Since the beginning of trial, the government has produced 11,599 pages of documents, 104 audio files and 15 video files. Of equal concern is that the government's last Exhibit List (Doc. 2088) identifies exhibits up to Exhibit 852. We are now at Exhibit 916. The government has not yet identified exhibits 908-914, although they have obviously marked them. These continual disclosures and additions, including the late disclosure of an unindicted co-conspirator witness nine days into trial, make it extremely difficult for the Defense to accurately predict its Defense presentations at this time.