IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                           No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

       Defendants.

**COURT'S SECOND PROPOSED JURY INSTRUCTIONS**
(with citations)

## JURY INSTRUCTION NO.   1

Members of the Jury:

    In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

    In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1**, at 1, 2, filed March 23, 2018 (Doc. 1966)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.03, at i, 7 (**2011 Edition** Updated February, 2018)(INTRODUCTION TO FINAL INSTRUCTIONS)

*[handwritten annotations:]*

all age/Bill/wd

-2-

TIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS

4 INSTRICTION NO. 1 ) at 1, 3, All Made

(Doc. 1970)

## JURY INSTRUCTION NO. ___2___

You, as jurors, are the judges of the facts.  But in determining what actually happened --
that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules
of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to
question the wisdom or correctness of any rule I may state to you.  You must not substitute or
follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply
the law as I explain it to you, regardless of the consequences.  However, you should not read into
these instructions, or anything else I may have said or done, any suggestion as to what your
verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or
sympathy. That was the promise you made and the oath you took.

*all go B*

*all go BL/ws*

*TRIAL 2 DEFENDANANTS PROPOSED JURY INSTRUCTIONS ↖ JURY INSTRUCTION NO. 2) at 1, 4, fild March 23, 2018*

*( Doc. 1970)*

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2**, at 1, 3, filed March 23, 2018 (Doc. 1966)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.04, at i, 8 (**2011 Edition** Updated February, 2018)(DUTY TO FOLLOW INSTRUCTIONS)

- 3 -

## JURY INSTRUCTION NO. ___3___

The government has the burden of proving defendants Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, and Andrew Gallegos guilty beyond a reasonable doubt.  The law does not require Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is guilty of the crime charged, you must find him guilty.   If on the other hand, you think there is a real possibility that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is not guilty, you must give Mr. Joe

Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos the benefit of the doubt and find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos not guilty.



**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3**, at 1, 4, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.05, at i, 9 (**2011 Edition** Updated February, 2018) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF-REASONABLE DOUBT)(adopted)

## JURY INSTRUCTION NO. ___4___

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

*TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS (JURY INSTRUCTION NO 4) at 1, 6, & Mar 22, 2018 (Doc. 1970)*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4**, at 1, 5, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.06, at i, 11 (**2011 Edition** Updated February, 2018)(EVIDENCE -- DEFINED)(adopted)

- 6 -

## JURY INSTRUCTION NO. X

*— out*

During the course of this trial, and on multiple occasions though the trial, you have heard

evidence that was admitted for a limited purpose and as to a particular defendant, only.

Each time this type of evidence was admitted, I instructed you of the specific limitations

placed on your use of that evidence. By providing these instructions, I was not suggesting that

you must or should find the particular evidence credible or probative of any issue in this case.

However, in the event you decide to consider the limited evidence, then you may only use it only

for the limited purpose, and only as to the particular defendant, for which it was admitted.

You are not to consider any limited evidence for any other purpose than the particular

purpose for which it was admitted. And, you may not use it in any way during your deliberations

concerning any defendant against whom the evidence was not admitted.

Authority:  Federal Rules of Evidence 105; Ninth Circuit Pattern Jury Instructions Criminal 2.11

**(Evidence for Limited Purpose)**; *See United States v. Armijo*, 5 F.3d 1229, 1232 (9th. Cir.

1993); *See* Jury Instruction No. 5, Document 1877, 15-CR-4268 ("Trial 1").

*all gps / Bald / Web*

*TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS*

*JURY INSTRUCTION NO. 5* ^ *1, 7, H*

*all gps / Bal*

*March 23, 2018 (Doc. 1970) (modify)*

- 7 -

## JURY INSTRUCTION NO. ___5___

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

*[handwritten: (EVIDENCE-- DIRECT & AND CIRCUMSTANTIAL-- INFERENCES)]*

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5**, at 1, 6, filed March 23, 2018 (Doc. 1966)

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 10**, at 1, 12, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.07, at i, 13 (**2011 Edition** Updated February, 2018)

Third Circuit Pattern Jury Instructions Criminal 4.3 (2017)(**Consciousness of Guilt -- Flight, Concealment, Use of an Alias, etc.**)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 6

*[handwritten annotations:]*

-7-

all yp | Rel | un

PROPOSED JURY INSTRUCTIONS

UNITED STATES' PROPOSED JURY INSTRUCTION
NO. 36, at 1, 51, f March 27, 2018
(Doc. 1966)( rule )

All yp
Rel

TRIAL 2 DEFENDANTS' PROPOSED
JURY INSTRUCTIONS   JURY INSTRUCTION
NO. 6, at 1, 8, fl March 27, 2018
(Doc. 1970)(modif)

JURY INSTRUCTION NO. __6__

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos], who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not

- 8 -

uncommon.

[The testimony of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos should be weighed and their credibility evaluated in the same way as that of any other witness.]

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos the right to remain silent.  That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6,** at 1, 7-8, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.08, at i, 8 (**2011 Edition** Updated February, 2018)(CREDIBILITY OF WITNESSES)(adopted)

- 9 -

JURY INSTRUCTION NO. ___7___

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court. *or her*

This earlier statement was brought to your attention only to help you decide how *or how* *or she* believable his testimony in this trial was. You cannot use it as proof of anything else. You can *or has* only use it as one way of evaluating his testimony here in court.

*[handwritten names]* Brian Acee, Mario Rodriguez, Julian Romero, Phillip Gonzales, Roger Paul Martin, Joseph Otero, Leonard Lujan, Lawrence Torres, Eugene Martinez, Manuel Jacob Armijo, al Amber Sutton.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7, at 1, 9, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.10, at i, 21 (**2011 Edition** Updated February, 2018)(IMPEACHMENT BY PRIOR INCONSISTENCIES)(adopted)

- 10 -

*[handwritten]* DEFENDANTS' JOINT NOTICE REGARDING DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 8 and NUMBER 14 AA 1 #-3, at 1-2, April 27, 2018 (Doc. 2177)(modf)

TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS JURY INSTRUCTION NO. 8 1, 11, fld Mrd 23, 2018 (Doc. 1970)(modf)

## JURY INSTRUCTION NO. ___8___

You have heard evidence that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos have been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. ~~This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial.~~ The fact that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos have been convicted of another crime does not mean that they committed the crime charged in this case, and you must not use their prior conviction as proof of the crime charged in this case. You may find them guilty of the crime charged here only if the government has proved beyond a reasonable doubt that they committed it.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8, at 1, 3, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.11, at i, 22 (**2011 Edition** Updated February, 2018)(IMPEACHMENT BY PRIOR CONVICTION (Defendant's Testimony))(adopted)

- 11 -

TRIAL 2 DEFENDANTS'
PROPOSED JURY INSTRUCTIONS,
JURY INSTRUCTION NO. 9
1, 12, fil M ed 23, 2018
( Doc. 1970 )( medfil )

### JURY INSTRUCTION NO.  9

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of **a felony, that is, of a crime punishable by imprisonment for a term of years** or **of a crime of dishonesty or false statement**.  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give **any prior felony conviction** or **crime of dishonesty** that was used to impeach a witness.

*No bell*

*(IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT))*

*all go! RM/LM*

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9**, at 1, 12, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.12, at i, 23 (**2011 Edition** Updated February, 2018).

*United States v. DeLeon,* et al (15-4268), Trial 1, Jury Instruction No. 10 (modified)

- 12 -

*TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS*

*JURY INSTRUCTION NO. 10,*   *at 1, 13, RM MM 23, 2018 (Doc. 1970)*

*all up RM*

### JURY INSTRUCTION NO. 11

You have heard the testimony of [name of witness], who was a witness in the [government's] [Mr. J. Gallegos', Mr. Troup's, Mr. B. Garcia's, Mr. Chavez', Mr. Patterson's, Mr. A. Garcia's, Mr. A. Gallegos', and Ms. Gutierrez'] case. You also heard testimony from others concerning their opinion about a defendant's character for truth-telling or the witness' reputation, in the community where the witness lives, for telling the truth. It is up to you to decide from what you heard here whether [name of witness] was telling the truth in this trial.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.13 (2011 edn) (modified) (Impeachment by Evidence of Untruthful Character)

- 14 -

## JURY INSTRUCTION NO. ___10___

### Accomplice

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care. You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

### Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.

You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

- 13 -

Immunity

A person may testify under a grant of immunity (an agreement with the government). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you find it deserves.

You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **11**, at 1, 13-14, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.14, at i, 25, 26 (**2011 Edition** Updated February, 2018)(ACCOMPLICE -- INFORMANT -- IMMUNITY [as appropriate])

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 12 (modified)

all ap/ Bill/ late

- 14 -

Cill ap
Bill

TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS, (JURY INSTRUCTION NO 12),
at 1, 15-16, fl Mad 23, 2018 (Doc. 1970)
(modfl)

## JURY INSTRUCTION NO. ___11___

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

*Mario Rodriguez, Julian Romero, Phillip Gonzales, Roy Paul Martinez, Joseph Otero, Leonard Lujan, Lawrence Torres, Eugene Martinez, and Manuel Jacob Armijo*

*all cap / Trial / let        · Cell ap / Bu*

*TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS*
*JURY INSTRUCTION NO. 14, at 1, 18, fl*
*18 March 23, 2018 (Doc. 1970)(modfy)*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13,** at 1, 16, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.16, at i( 28 )(**2011 Edition** Updated February, 2018)(WITNESS'S USE OF ADDICTIVE DRUGS)(adopted)

- 15 -

*DEFENDANT'S JOINT NOTICE REGARDING DEFENDANTS PROPOSED JURY INSTRUCTION NO NUMBER e d NUMBER 14, at 1-2, fl Apl 27 2018 (Doc. 2177) PP 1,2,4, d (modfy)*

**JURY INSTRUCTION NO.   12**

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the indictment. The government has entered into a plea agreement with the co-defendant, [**Robert Martinez, etc.....**], providing for the dismissal of some charges and a recommendation of a lesser sentence than co-defendant _____ would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **12**, at 1, 15, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.15, at i, 27 (**2011 Edition** Updated February, 2018)(ACCOMPLICE-CO-DEFENDANT -- PLEA AGREEMENT) (adopted)

- 16 -

*[handwritten notes:]* all op / Blu /u   TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS (JURY INSTRUCTION NO. 13 at 1, 17, d M al 23, 2018 (Doc. 1970)(modified):   all op Blu

## JURY INSTRUCTION NO. ___13___

During the trial you heard the testimony of who _____ expressed opinions

concerning _____. In some cases, such as this one, scientific, technical, or other

specialized knowledge may assist the jury in understanding the evidence or in determining a fact

in issue. A witness who has knowledge, skill, experience, training or education, may testify and

state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony

just as you consider other testimony in this trial. Give opinion testimony as much weight as you

think it deserves, considering the education and experience of the witness, the soundness of the

reasons given for the opinion, and other evidence in the trial.

*all cp / Bold / bull*

*All cp*
*BI*

*TRIAL 2 DEFENDANTS' PROPOSED JURY*
*INSTRUCTIONS* *JURY INSTRUCTION*
*NO. 15, at 1, 19, at M and 23,*
*2018 (Doc. 1970)(modif.)*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY**
**INSTRUCTION NO. 14**, at 1, 17, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth
Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.17, at i, 29 (**2011 Edition**
Updated February, 2018)(EXPERT WITNESS)(adopted)

- 17 -

**Witness**); *United States v. Starzecpyzel,* 880 F.Supp. 1027, 1050-51 (S.D.N.Y. 1995);

President's Council of Advisors on Science and Technology, *Forensic Science in Criminal*

*Courts: Ensuring Scientific Validity of Feature Comparison Methods* (Sept. 20, 2016);

President's Council of Advisors on Science and Technology, *An Addendum to the PCAST Report*

*on Forensic Science in Criminal Court.*

## JURY INSTRUCTION NO. ___14___

Evidence has been presented about a statement attributed to Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos alleged to have been made after the commission of the crime or crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

*— All as Bl*

*— TRIAL 2 DEFENDANTS' PROPOSED JURY*
*INSTRUCTIONS, JURY INSTRUCTION No. 16*
*at 1, 20, & Mar 23, 2018 (Doc.*
*1970)(modified)*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15,** at 1, 18, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.25, at i, 38 (**2011 Edition** Updated February, 2018)(VOLUNTARINESS OF STATEMENTS BY DEFENDANT (Single Defendant)(adopted)

- 18 -

*Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, & Mr. Andrew Gallegos.*

## JURY INSTRUCTION NO. 17

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez who committed it. Thus, the identification of Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. Andrew Gallegos, and Ms. Gutierrez was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson,

- 21 -

Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez as the person who committed the offense(s)

charged, you must find Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson,

Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez.

Authority: Tenth Circuit Pattern Jury Instructions Criminal §1.29 (2011 ed.) (modified)

**(Identification Testimony).**

- 22 -

## JURY INSTRUCTION NO. 18

You have heard evidence of other crimes, acts, or wrongs engaged in by Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez. You may consider that evidence only as it bears on Mr. J. Gallegos', Mr. Troup's, Mr. B. Garcia's, Mr. Chavez', Mr. Patterson's, Mr. A. Garcia's, Mr. A. Gallegos', and Ms. Gutierrez' **[e.g. motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident]** and for no other purpose. Of course, the fact that Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez may have previously committed an act similar to the one charged in this case does not mean that Mr. J. Gallegos, Mr. Troup, Mr. B. Garcia, Mr. Chavez, Mr. Patterson, Mr. A. Garcia, Mr. A. Gallegos, and Ms. Gutierrez necessarily committed the act charged in this case.

Authority: Tenth Circuit Pattern Jury Instructions (Criminal) §1.30 (2011 ed.) (Similar Acts). *United States v. Rodella*, 101 F.Supp.3d 1075, 1085-86 (D.N.M. 2015).

## JURY INSTRUCTION NO. ___15___

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

*[handwritten annotations: all cpo / Rel / U; all cpo Bd; TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS; JURY INSTRUCTION NO. 19 at 1, 24, fl Mal 23, 2018 (Doc. 1970)]*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16, at 1, 19, filed March 23, 2018 (Doc. 1966)**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.40, at i, 61 (**2011 Edition** Updated February, 2018)(CAUTIONARY INSTRUCTION DURING TRIAL (Transcript Of Recorded Conversation))

- 19 -

JURY INSTRUCTION NO. ___16___

Certain charts and summaries have been shown to you to help explain the evidence in this

case. Their only purpose is to help explain the evidence. These charts and summaries are not

evidence or proof of any facts.

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY
INSTRUCTION NO. 17, at 1, 20, filed March 23, 2018 (Doc. 1966)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth
Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.41, at i, 62 (2011 Edition
Updated February, 2018)(SUMMARIES AND CHARTS)(Not Reached in Evidence))

- 20 -

TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS

JURY INSTRUCTION NO. 16, at 1, 25, Mar 23, 2018 (Doc. 1970)

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___35___

A stipulation is an agreement between both sides that certain facts are true. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation.

Authority: *See* Jury Instruction No. 19, Document 1877, 15-CR-4268 ("Trial 1").

-50-

## JURY INSTRUCTION NO. ___17___

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos has been proven. The term is only a term used by Congress to describe the statute.

*~ all go 134/4*

*TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS ^ JURY INSTRUCTION NO. 22, at 1, 27, fd March 23, 2018 (Doc. 1970)(modfd)*

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 18,** at 1, 21, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74, at v, 229 (**2011 Edition** Updated February, 2018)(RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT (Prejudice from the word "Racketeering"))(adopted)

- 21 -

## JURY INSTRUCTION NO. __18__

Counts 1, 2, 3, 4, 5, 13, 14, and 15 of the Indictment charge specific defendants with committing violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959.

That law makes it a crime for any person who, as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity,  or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the law of any State or the United States, or attempts or conspires so to do.

**PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION NO. 19,** at 1, 22, filed March 23, 2018 (Doc. 1966)

*United States v. DeLeon,* et al (15-4268), Trial 1, Jury Instruction No. 21

-22-

## JURY INSTRUCTION NO. __19__

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos, are on trial before you upon an Indictment brought by the Grand Jury. Before reading the indictment to you, I remind you that the Indictment or formal charge against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is not evidence of guilt. Indeed, Mr. Joe Gallegos , Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are presumed by the law to be innocent.

In this case, the Indictment charges as follows:

### Count 1

### Murder of Frank Castillo

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, ANGEL DELEON, **JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup,"** LEONARD LUJAN, and **BILLY GARCIA, a.k.a. "Wild Bill,"** did unlawfully, knowingly, and intentionally murder Frank Castillo, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§1959(a)(1) and 2.

### Count 2

### Murder of Rolando Garza

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay,

- 23 -

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, LEONARD LUJAN, **BILLY GARCIA, a.k.a. "Wild Bill,"** EUGENE MARTINEZ, a.k.a. "Little Guero," **ALLEN PATTERSON,** and **CHRISTOPHER CHAVEZ, a.k.a. "Critter,"** did unlawfully, knowingly, and intentionally murder Rolando Garza, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

### Count 3

### Murder of Freddie Sanchez

On or about June 17, 2007, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JAVIER ALONSO, a.k.a. "Wineo," **EDWARD TROUP, a.k.a. "Huero Troup," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun,"** BENJAMIN CLARK, a.k.a. "Cyclone," and RUBEN HERNANDEZ, did unlawfully, knowingly, and intentionally murder Freddie Sanchez, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

### Count 4

### Conspiracy to Murder Adrian Burns

In or about November 2012, in Socorro and Valencia Counties, in the District of New

Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder Adrian Burns, in violation of NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

### Count 5

### Murder of Adrian Burns

On or about November 12, 2012, in Socorro and Valencia Counties, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** did unlawfully, knowingly and intentionally murder Adrian Burns, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

### Count 13

### Assault With a Dangerous Weapon Upon Jose Gomez

On or about March 17, 2015, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay,

- 25 -

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendant, **JOE LAWRENCE GALLEGOS**, did unlawfully, knowingly, and intentionally commit assault with a dangerous weapon against Jose Gomez, in violation of NMSA 1978, §§ 30-3-2 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

### Count 14

### Conspiracy to Murder Jose Gomez

On or about February 1, 2016, to on or about February 27, 2016, in Otero and Valencia Counties, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, **SHAUNA GUTIERREZ** and BRANDY RODRIGUEZ, and others known and unknown to the grand jury, did unlawfully, knowingly and intentionally conspire to murder Jose Gomez, in violation of NMSA 1978, §§ 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).                    No held

### Count 15

### Attempted Murder of Jose Gomez, Assault With a Dangerous Weapon Upon Jose Gomez

### Resulting in Serious Bodily Injury to Jose Gomez

On or about February 27, 2016, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay,

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ and BRANDY RODRIGUEZ, did unlawfully, knowingly, and intentionally attempt to murder Jose Gomez, and committed assault with a dangerous weapon and assault resulting in serious bodily injury to Jose Gomez, in violation of NMSA 1978, §§ 30-2-1, 30-28-1, 30-3-2 , 30-3-5, and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 1959(a)(5) and 2.

No bill

### Count 16

#### Tampering With a Witness, Victim or Informant by Physical Force or Threat

On or about February 27, 2016, in Valencia County, in the District of New Mexico, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ and BRANDY RODRIGUEZ, used or attempted to use physical force or the threat of physical force against Jose Gomez by assaulting Jose Gomez with a dangerous weapon with the intent to influence, delay, or prevent Jose Gomez from testifying against **JOE LAWRENCE GALLEGOS** in an official proceeding.

All in violation of 18 U.S.C. §§ 1512(a)(2)(A) and 2.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **20**, at 1, 23-27, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 22 (modified)

- 27 -

JURY INSTRUCTION NO. ___20___

What I have just read are the charges brought by the Grand Jury in the indictment. Although the indictment refers to sixteen total defendants, Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are the only defendants who are on trial before you in this case. The other Defendants are not on trial at this time. You must base your verdict solely on the evidence received in this trial, and you are not to draw any inferences from the fact that other Defendants named in the indictment are not on trial before you today.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **21,** at 1, 28, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 23 (modified)

- 28 -

UNITED STATES PROPOSED JURY INSTRUCTION NO. 22

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit,

threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an

enterprise engaged in racketeering activity.

For you to find any defendant guilty of this crime, as charged in Counts 1, 2, 3, 4, 5, 13,

14, and 15 you must be convinced that the government has proved each of the following beyond

a reasonable doubt:

First:      The existence of an "enterprise" as defined in 18 U.S.C. § 1959 (b)(2);

Second:     The charged enterprise engaged in, or its activities affected, interstate or

            foreign commerce;

Third:      The charged enterprise engaged in "racketeering activity" as defined in 18

            U.S.C. §§ 1959(b)(1) and 1961(1);

Fourth:     The defendant committed one of the following crimes or conspired or

            attempted to commit one of these crimes which crime violated state or

            federal law: murder, kidnaping, maiming, assault with a dangerous

            weapon, assault resulting in serious bodily injury, threatening to commit

            a crime of violence;

            Count 1: Murder of Frank Castillo;

            Count 2: Murder of Rolando Garza;

            Count 3: Murder of Freddie Sanchez;

            Count 4: Conspiracy to murder Adrian Burns;

            Count 5: Murder of Adrian Burns;

            Count 13: Assault with a dangerous weapon upon Jose Gomez;

-29-

Count 14: Conspiracy to murder Jose Gomez; and

Count 15: Attempted murder of Jose Gomez, assault with a dangerous weapon resulting upon Jose Gomez, resulting in serious bodily injury to Jose Gomez.

I will instruct you on what the government must prove to establish that a particular defendant committed any of these acts; and

Fifth:    The crime of violence was committed either: (1) as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise, or (2) for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

*Mr. Joe Gallegos, Mr. Troup, Mr. Pallen, Mr. Chavez, Mr. Arturo Garc, d Mr. Andrew Gallego*

If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise,' it is not necessary for the government to prove that this was the sole purpose of a defendant in committing the charged crime. You need only find that it was a substantial purpose, or that a defendant committed the charged crime as an integral aspect of membership in the enterprise. In determining a defendant's purpose in committing the alleged crime, you must determine purpose by considering only the facts and circumstances that have been admitted against an individual during the course of the trial.

*Mr. Joe Gallegos, Mr. Troup's, Mr. Pallson's, Mr. Chavez, Mr. Arturo Garcia's, d Mr. Andrew Gallegos'*

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some

function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government need not prove that the enterprise had any particular organizational structure.

The group need not have a hierarchical structure or a "chain of command;" decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence (inactivity).

The enterprise is "engaged in interstate commerce" if it directly engaged in the distribution or acquisition of goods or services in such commerce. The enterprise's conduct "affected" interstate commerce if the conduct had a demonstrated connection or link with such commerce.

31

It is not necessary for the government to prove that a defendant knew or intended that the

enterprise was engaged in commerce or that its conduct would affect commerce. It is only

necessary that the natural consequences of the enterprise's conduct affected commerce in some

way. Only a minimal effect on commerce is necessary.

There must be some nexus between the enterprise and the racketeering activity being

conducted by members and/or associates of the enterprise.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 24

Tenth Circuit Pattern Jury Instructions Criminal 2.74.2 (2011) **(Racketeer Influenced and
Corrupt Organizations Act)**

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)**(Violent Crimes in Aid of
Racketeering)**

32

UNITED STATES' PROPOSED JURY INSTRUCTION NO. __23__

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the Indictment.

The government has charged the following in the Indictment as constituting the enterprise: the Syndicato de Nuevo Mexico Gang (SNM) in Counts 1, 2, 3, 4, 5, 13, 14, and 15.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. This group of people must have: (1) a common purpose; (2) an ongoing organization, either formal or informal; and (3) personnel who function as a continuing unit.

If you find these three elements, then you may find that an enterprise existed.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 25

Tenth Circuit Pattern Jury Instructions Criminal 2.74.3 (2011) (modified) **(First Element – The Enterprise)**

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)**(Violent Crimes in Aid of Racketeering)**

33

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___24___

The second element the government must prove beyond a reasonable doubt is that the

enterprise was engaged in or had an effect upon interstate (or foreign) commerce.

Interstate commerce includes the movement of goods, services, money and individuals

between states (or between states and the District of Columbia or a U.S. Territory or possession

or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its

activities affected interstate commerce in any way, no matter how minimal. It is not necessary to

prove that the acts of any particular defendant affected interstate commerce as long as the acts of

the enterprise had such effect. Finally, the government is not required to prove that any

defendant knew he was affecting interstate commerce.

I further instruct you that, pursuant to 21 U.S.C. §§ 801(3), (5), (6), and (7), the

possession and/or distribution of a controlled substance has a direct and substantial effect on

interstate commerce.

Tenth Circuit Pattern Jury Instructions Criminal 2.74.4 (2011) (Second Element – Effect on

Interstate Commerce) (adopt)

34

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___25___

The third element which the Government must prove beyond a reasonable doubt as to Counts 1, 2, 3, 4, 5, 13, 14, and 15 is that the enterprise was engaged in racketeering activity.

That racketeering activity may consist of state offenses as well as federal offenses. The government has charged that that SNM engaged in multiple acts of racketeering activity consisting of the following:  (1) murder and robbery, in violation of New Mexico law; (2) acts involving tampering with a witness, in violation of federal law; and, (3) offenses involving trafficking in narcotics, in violation of federal law.

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member or an associate of the racketeering enterprise committed the offense as defined by law.  The elements of that offense are as follows:

First:      someone killed a human being, and

Second:     the killing was with the deliberate intention to take away the life of that person.

In order for the federal offense of witness tampering to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

First:      a member, prospect or associate of the racketeering enterprise used or attempted to use intimidation or threats against another person;

Second:     that member, prospect, or associate acted knowingly and with the intent to influence or prevent the testimony of that other person with respect to an official proceeding.

In order for the offense of possession with intent to distribute a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

35

*First*: a member, prospect, or associate of the SNM knowingly and intentionally possessed a controlled substance as charged, and

*Second*: that person possessed the substance with the intent to distribute it.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

[Name controlled substance] is a controlled substance within the meaning of the law.

In order for the offense of distribution of a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member, prospect, or associate of the SNM knowingly or intentionally distributed a controlled substance.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

I instruct you that "racketeering activity" includes numerous offenses, including those listed above. It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity, it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short

enough under all of the circumstance so that it is appropriate to say that the enterprise was

engaged in racketeering activity.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 26

all up | RL/W

all up | Dr

PROPOSED JURY INSTRUCTIONS      UNITED STATES'

PROPOSED JURY INSTRUCTION NO. 28

1, 35-37, fl. Mar 23, 2018 (Doc. 1966)
(modf.)

all ago | Butt

Crimal Pattern Jury Instructs Cmnte of the W. Sll
Cat of Goth A of Fed Ct, CRIMINAL PATTERN
JURY INSTRUCTIONS

UNITED STATES' PROPOSED JURY INSTRUCTION NO.   26

The fourth element which the Government must prove beyond a reasonable doubt as

to Count 4 is that Joe Lawrence Gallegos and Andrew Gallegos  conspired to murder  Adrian

Burns.

The fourth element which the Government must prove beyond a reasonable doubt as to

Count 14 is that Joe Lawrence Gallegos and Shauna Gutierrez conspired to murder Jose Gomez.

A conspiracy is an agreement between two or more persons to accomplish an

unlawful purpose.   To find a defendant guilty of this crime, you must be convinced that the

Government has proved each of the following beyond a reasonable doubt:

1.  The defendant and another person by words or acts agreed together to commit
murder;

2.  The defendant and the other person intended to commit murder;

3.  This happened in New Mexico on or about November 12, 2012 as to Count 4 and
from on or about February 1, 2016 to on or about February 27, 2016 as to Count 14.

NM UJI 14-2810 NMRA.

The essential elements of willful and deliberate murder are provided below to aid you in

deciding if the Government has proven the first element:

1. Someone killed the victim; and

2. The killing was with the deliberate intention to take away the life of the victim.

NM UJI 14-201 NMRA.

In proving a conspiracy to murder, it is not necessary to show a meeting of the alleged

conspirators or the making of an express or formal agreement. The formation and existence

of a conspiracy to murder may be inferred from all circumstances tending to show the

common intent and may be proved in the same way as any other fact may be proved, either

- 38 -

by direct testimony of the fact or by circumstantial evidence, or by both direct and

circumstantial evidence.

Evidence that a person was in the company of or associated with one or more other

persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient

to prove that such person was a member of the alleged conspiracy.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 29, modified

call up / bell/
w

all up

PROPOSED JURY INSTRUCTIONS , UNITED STATES'

PROPOSED JURY INSTRUCTION , at 1, 38 - 39,

Fl Mar 23, 2018 (Doc. 1966) (modfd)

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___27___

The fourth element which the Government must prove beyond a reasonable doubt as

to Count 1 is that Joe Lawrence Gallegos, Edward Troup, and Billy Garcia murdered Frank

Castillo; as to Count 2 is that Billy Garcia, Allen Patterson and Christopher Chavez murdered

Rolando Garza; as to Count 3 is that Edward Troup and Arturo Garcia murdered Freddie

Sanchez; and as to Count 5 is that Joe Lawrence Gallegos and Andrew Gallegos murdered

Adrian Burns.

The essential elements of first degree murder under New Mexico law are provided below

to aid you in deciding if the Government has proven the fourth element:

1. The defendant killed _____ ;

2. The killing was with the deliberate intention to take away the life of

_____ ;

3. This happened in New Mexico on or about _____ .

A deliberate intention refers to the state of mind of the defendant. A deliberate intention

may be inferred from all of the facts and circumstances of the killing. The word deliberate means

arrived at or determined upon as a result of careful thought and the weighing of the consideration

for and against the proposed course of action. A calculated judgment and decision may be

arrived at in a short period of time. A mere unconsidered and rash impulse, even though it

includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the

slayer must weigh and consider the question of killing and his reasons for and against such a

choice.

NM UJI 14-201 NMRA.

– 40 –

The essential elements of second degree murder under New Mexico law are provided

below to aid you in deciding if the Government has proven the fourth element:

1. ~~The defendant~~ killed Mr. Castillo (Cat 1); Mr. Billy Garcia, Mr. Pallan,

2. ~~The defendant~~ knew that ~~this~~ acts created a strong probability of death or great bodily

   harm to Mr. Castillo (Cat 1); (Sht A) B Mr. Clay Killed Mn (Sht $) Garcia (Cat 2); Mr.

3. This happened in New Mexico on or about (Sht $) Garcia (Cat 2); Mr.

NM UJI 14-210 NMRA. Trupal Mr. Arturo Garcia Killed Mr. Sanz (at 3); and Mr. Joe Gallegos d Mr. Anch Ad killed Mr. Garcia (Cat 5);

   You have been instructed on the crimes of first degree murder and second degree

murder. You must consider each of these crimes. You should be sure that you fully understand

the elements of each crime before you deliberate further. You will then discuss and decide

whether ~~the defendant~~ is guilty of murder in the first degree. If you unanimously agree that the

~~defendant~~ is guilty of murder in the first degree, you will return a verdict of guilty of murder in

the first degree. If you do not agree, you should discuss the reasons why there is a disagreement.

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Pallan, Mr. Clay, Mr. Arturo Garcia, al Mr. Anch Nd

   If, after reasonable deliberation, you do not agree that ~~the defendant~~ is guilty of murder in

the first degree you should move to a discussion of murder in the second degree. If you

unanimously agree that ~~the defendant~~ is guilty of murder in the second degree, you will return a

verdict of guilty of murder in the second degree. If you do not agree you should discuss the

reasons why there is a disagreement.

   You may not find ~~the defendant~~ guilty of more than one of the foregoing crimes. If you

have a reasonable doubt as to whether ~~the defendant~~ committed any one of the crimes, you must

determine that he is not guilty of that crime. If you find him not guilty of all of these crimes, you

must return a verdict of not guilty.

NM UJI 14-250 NMRA.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 27 and 28, modified

-41-

all apo 101    (modifl)

all apo / Bld / wl

PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY

INSTRUCTION NO. 27, at 1, 40-41, fld Mar 23, 2018 (Doc. 1966)

That A

Mr. Billy Garcia, Mr. Patterson, d Mr. Chavez ~~reeded~~ Mr. Garza (Count 2);

Mr. Troup and Mr. Arturo ~~Garza~~ Garcia Knew that their acts created a strong probably of death or the great bodily harm to

Mr. Garza (Count 2); Mr. Troup al Mr. Arturio Garcia Knew that their acts created a strong probably of death or great bodily harm to Mr. Sanchez (Count 3); Mr. Joe Gallegos d Mr. Andrew Garcia Knew that their acts created a strong probably of death or great bodily harm to Mr. Burns;

*[left margin note:]* Knew that their acts created a strong probability of death or great bodily harm to

Shet B

March 26, 2001 (Cat 1); March 26, 2001 (Cat 2); June 17, 2007 (Cat 3); March 12, 2012 (Cat 5).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. __28__

The fourth element which the Government must prove beyond a reasonable doubt as to Count 13 is that Joe Lawrence Gallegos assaulted Jose Gomez with a dangerous weapon.

The fourth element which the Government must prove beyond a reasonable doubt as to Count 15 is that Joe Lawrence Gallegos and Shauna Gutierrez attempted to murder Jose Gomez, assaulted Jose Gomez with a dangerous weapon, or assaulted Jose Gomez resulting in serious bodily injury.

The essential elements of assault resulting in serious bodily injury are provided below to aid you in deciding if the Government has proven the fourth element:

One:      A person intentionally struck Jose Gomez; and,

Two:      As a result of this assault, Jose Gomez suffered serious bodily injury.

The term "serious bodily injury" means bodily injury which involves—

   (A) a substantial risk of death;
   (B) extreme physical pain;
   (C) protracted and obvious disfigurement; or
   (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The essential elements of attempted murder are provided below to aid you in deciding if the Government has proven the fourth element:

One:      The defendant intended to commit the crime of murder;

Two       The defendant began to do an act which constituted a substantial part of the murder but failed to commit the murder;

42

The essential elements of assault with a dangerous weapon are provided below to aid you in deciding if the Government has proven the fourth element:

One:      ~~Defendant~~ _____ intentionally struck injured Jose Gomez;

Two:      ~~Defendant~~ _____ used a dangerous weapon, as charged in Count 15 of the indictment; and,

Three:    ~~Defendant~~ _____ acted with the intent to do bodily harm to ~~Jose~~ Gomez.

2 Fed. Jury Prac. & Instr. § 25:09 (6th ed.) (modified) (**The essential elements of the offense charged**), modified

43

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 44 of 61

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. ~~29~~

The fifth and final element of Counts 1, 2, 3, 4, 5, 13, 14, and 15 that the Government *l.c.*

must prove beyond a reasonable doubt is that ~~the Defendant's~~ general purpose in committing the

underlying crimes of violence was to maintain or increase their position in (or to gain entrance

to) the enterprise.

*l.c.*  The ~~G~~overnment is required to prove that ~~the defendant's~~ general purpose was to

maintain or increase their position in the enterprise. The Government is not required to prove that

it was the ~~defendant's~~ sole or principal motive.

In determining whether ~~the defendant's~~ purpose in committing the underlying crime of

violence was to maintain or increase his position in the enterprise, you should give the words

"maintain" and "increase" their ordinary meanings. You should consider all of the facts and

circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in

order to maintain discipline within the enterprise and served to maintain ~~the defendant's~~ position

in the enterprise. If ~~the defendant~~ committed the crime because he knew it was expected of him

by reason of his membership in the enterprise, or if he committed the crime because he thought it

would enhance his position or prestige within the enterprise, or if he committed it because he

thought it was necessary to maintain the position he already held, this element would be

established.

These examples are only meant by way of illustration. They are not exhaustive.

*Mr. Joe*
*Gallegos,*
*Mr. Troup,*
*Mr. Billy*
*Garcia, Mr.*
*Patterson, Mr.*
*Chavez, Mr.*
*Arturo Garcia, al Mr.*
*Andrew Gallegos*

*Mr. Joe Gallegos', Mr. Troup's, Mr. Billy*
*Garcia's, Mr. Patterson's, Mr. Chavez,*
*Mr. Arturo Garcia's, al Mr. Andrew Gallegos'*

*all cap / Bell*
*-44- ( all cap / Bell*

*PROPOSED JURY INSTRUCTIONS, UNITED STATES' PROPOSED JURY INSTRUCTION N*
*at 1, 44, Pl. M, and 28, 2018 ( Doc.*
*29*
*1966 (mod4)*

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 45 of 81

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___30___**

Counts 1, 2, 3, 5, 13, 15, and 16 also charge a violation of 18 U.S.C. § 2, which provides

that: "Whoever commits an offense against the United States, or aids, abet, counsels, commands,

induces or procures its commission, is punishable as a principal."

The law makes it a crime to intentionally help someone else commit a crime. To find Joe

Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo

Garcia, Andrew Gallegos, or Shauna Gutierrez guilty of this crime, you must be convinced that

the government has proved each of the following beyond a reasonable doubt:

First:        someone else committed the charged crime, and

Second:       Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson,

Christopher Chavez, Arturo Garcia, Andrew Gallegos, or Shauna Gutierrez intentionally

associated himself in some way with the crime and intentionally participated in it as he would in

something he wished to bring about. This means that the government must prove that find Joe

Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo

Garcia, Andrew Gallegos, or Shauna Gutierrez consciously shared the other person's knowledge

of the underlying criminal act and intended to help him

Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher

Chavez, Arturo Garcia, Andrew Gallegos, or Shauna Gutierrez need not perform the underlying

criminal act, be present when it is performed, or be aware the details of its commission to be

guilty of aiding or abetting. But a general suspicion that an unlawful act may occur or that

something criminal is happening is not enough. Mere presence at the scene of a crime and

knowledge that a crime is being committed are also not sufficient to establish aiding and

abetting.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 33

## ~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. ___31___

Count 16 of the indictment charges ~~the defendant~~ (Mr.) Joe ~~Lawrence~~ Gallegos ~~and Shauna Gutierrez~~ with tampering with a witness, victim or informant by physical force or threat, which is a violation of federal law. (Mr. Joe Gallegos)

~~In~~ order to find ~~the defendant~~ guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First:   That ~~the defendant~~ (Mr. Joe Gallegos) knowingly used or attempted to use physical force or the threat of physical force against ~~Jose~~ (Mr.) Gomez

Second:   That ~~the defendant~~ acted with intent to influence, delay, or prevent the testimony of ~~Jose~~ (Mr.) Gomez in an official proceeding

Third:   That ~~the defendant~~ knew or should have known that the proceeding was pending or was likely to be instituted. However, the government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.

Fourth:   That the official proceeding, was a federal proceeding. However, the government does not need to prove that ~~the defendant~~ knew that the proceeding was a federal proceeding.

Third Circuit Pattern Jury Instructions Criminal 6.18.1512A2 (**Obstruction of Justice – Witness Tampering Through Physical Force or Threat of Physical Force**)

PROPOSED JURY INSTRUCTIONS / UNITED STATES' PROPOSED JURY INSTRUCTION NO. 31 / at 1, 46, filed March 23, 2016 (Doc. 1966) (modify)

~~UNITED STATES' PROPOSED~~ JURY INSTRUCTION NO. ___~~32~~___

When the word "knowingly" is used in these instructions, it means that the act was done

voluntarily and intentionally, and not because of mistake or accident. ~~Although knowledge on~~

~~the part of the defendant cannot be established merely by demonstrating that the defendant was~~

~~negligent, careless, or foolish,~~ knowledge can be inferred if the defendant deliberately blinded

~~himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a~~

~~high probability of the existence of [the fact in question], unless the defendant did not actually~~

~~believe [the fact in question].~~ → Bold/all caps

Tenth Circuit Pattern Jury Instructions Criminal 1.37 (2011) (Knowingly)

CRIMINAL PATTERN
JURY INSTRUCTION

PROPOSED JURY INSTRUCTIONS

JURY INSTRUCTION NO. 32

(Doc. 1966)(modfd)

f (-iii,)   No bold/all cap
#--# DELIBERATE
IGNORANCE
• at 56

• all cap | Bold

UNITED STATES' PROPOSED

at 1, 47, filed March 23, 2018

Civil Pattern Jury Insts
Commitee of the 10th fed. Sub
Cmt of Appeal of the

-47-



( all up /Bll/ ur

all up /Rl/

JURY INSTRUCTION NO. 33

at 1, 48, ft Mal 23, 2018

(Doc. TSI 1966)  (maal p)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 48 of 61

( Crud Peth for the Cont of the Wl St Cut of Agr. Ed )

# ~~UNITED STATES'~~ PROPOSED JURY INSTRUCTION NO. __33__

You will note that the indictment charges that ~~each offense was committed "on or about"~~ next

~~a particular date or range of dates.~~ The government ~~does not have to prove~~ that the crime was

committed on the exact date or dates specified in the Indictment, so long as the government

proves beyond a reasonable doubt that ~~the defendant~~ committed the crime ~~on a date~~ reasonably

March 26, 2001;

~~near the date or dates alleged in the Indictment.~~   (all up /Rl/)   (6)   (ally i Ct 1)  (ally )   bll

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (2011) (On or About), Modified   at / 28   30   Edt & Updt Ilu 20

Mr. Joo Gllop, Mr. Troop, al Mr. Billy Garcia

the crime alleg in Ct 1 was committee on or alt March 26, 2001; the crui committee in Ct 2 was comell on or alt Mar 26, 2001; the crui comell i Ct 3 was comll on or alt June 17, 2007 (Ct 3); the crui alfg i Ct 6 was comlh on or alt Mach 12, 2012; the crui alfg in Ct 12 was comlh on or alt the Mach in Ct 12 was comlh on or alt Mach 17, 2015; the crui alfg i Ct 14 was comll on or alt Jth 1, 2016; the crui alfg i Ct 15 was comll on or Ct alt Jth 27, 2016; al the crui alfg in Ct 16 was comll on or alt Jth 27, 2016.

all cpo  No Bll

the crime alleg i Ct 4 was comll on or alt Mach, 2012;

that Mr. Billy Garcia, Mr. Pallon, al Mr. Chey comitted the crui ally i Ct 2 reasonly new Mar 26, 2001; Mr. Troop al Mr. Artino Give comll the crui ally i Ct 3 reason new June 17, 2007; Mr. Joe Gllp al Mr. Andr Gllp comll the crui ally i Ct 4 reads new Mal 12, 2012; Mr. Gllp al Mr. Andr Gllp comll the crui alt i Ct 5 reads new Nov 12, 2012; Mr. Joe Gllp comll the crui ally i Ct 13 realy nel Mach 17, 2015; Mr. Joe Gllp comll the crui ally i Ct 14 reasonly new

Jth 1, 2016; al Mr. Joe Gllp comll the crui ally i Ct 15 reads new Jth 27, 2016; al Mr. Joe Gllp comll the crui ally i Ct 16 reads new Jth 27, 2017

### UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___34___

If you find ~~the defendant~~ guilty, it will be my duty to decide what the punishment will be.
You should not discuss or consider the possible punishment in any way while deciding your
verdict.



Tenth Circuit Pattern Jury Instructions Criminal 1.20 (2011) (Caution - Punishment)

49

*The guilt of the possible guilt of others should not enter your mind as you decide whether [he] has been proved guilty of the crimes charged.* — *duty mag*

**UNITED STATES' PROPOSED JURY INSTRUCTION NO.** ___38___

You are here to decide whether the government has proved beyond a reasonable double that the ~~defendants~~ are guilty of the crimes charged. The ~~defendants~~ are not on trial for any act, conduct, or crime not charged in the indictment.

*who*

It is not up to you to decide whether anyone is not on trial in this case should be prosecuted for the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge.       *But*

*Allap / But*

*unless you are expressly instructed otherwise.*

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 35

*Crim Patten Jury Instruct Committee of the U. States Cort of Appeals f the Tenth Ct,* CRIMINAL PATTERN JURY INSTRUCTIONS *1.19, at i, 21 (2011 Edition) & Updated Feby 2018 ) (adopt )*

*Mr. Joe Gallegos, Mr. Troop, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, el Mr. Andrew Gallegos*

*All up / Bd / B*

*All up / Bld / bill*

PROPOSED JURY INSTRUCTIONS

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 38 *at 1, 53,*

*March 22, 2018 (Doc. 1966) (mod/pl.)*

53

UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___39___

A separate crime is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

Tenth Circuit Pattern Jury Instructions Criminal 1.22 (2011) (Multiple Defendants-Multiple Counts)

54

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___40___

*Courtroom Deputy Clerk*

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges, judges of the facts. You must decide whether the government has proved ~~each defendant~~ guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

- 55 -

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instructions (Criminal) 1.23 (2011) **(Duty to Deliberate-Verdict Form)**

PROPOSED JURY INSTRUCTIONS — UNITED STATES' PROPOSED JURY INSTRUCTION NO. 40

Mar 23, 2018 (Doc. 1966)

-56-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

      -vs.-

JOE LAWRENCE GALLEGOS,
EDWARD TROUP,
BILLY GARCIA,
ALLEN PATTERSON,
CHRISTOPHER CHAVEZ,
ARTURO ARNULFO GARCIA,
ANDREW GALLEGOS,
and
SHAUNA GUTIERREZ,

        Defendants.

CRIMINAL NO. 15-4269 JB

## V E R D I C T

**JOE LAWRENCE GALLEGOS**

    **COUNT 1**

        WE, the Jury, find the defendant, **JOE GALLEGOS** _____
                                                 (guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

    **COUNT 4**

        WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
                                                 (guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Adrian Burns, as charged in Count 4 of

the Indictment.

### COUNT 5

WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Adrian Burns, as charged in Count 5 of the

Indictment.

### COUNT 13

WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the assault with a dangerous weapon against Jose Gomez, as

charged in Count 13 of the Indictment.

### COUNT 14

WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Jose Gomez, as charged in Count 14 of

the Indictment.

### COUNT 15

WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the attempted murder of Jose Gomez, or the assault resulting in

serious bodily injury to Jose Gomez, or assault with a dangerous weapon upon Jose Gomez, as charged in

Count 15 of the Indictment.

### COUNT 16

WE, the Jury, find the defendant, **JOE GALLEGOS**, _____
(guilty or not guilty)

of tampering with a witness by physical force or threat, as charged in Count 16 of the Indictment.

**EDWARD TROUP**

### COUNT 1

WE, the Jury, find the defendant,  **EDWARD TROUP,**  _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

### COUNT 3

WE, the Jury, find the defendant, **EDWARD TROUP,**  _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Freddie Sanchez, as charged in Count 3 of the

Indictment.

**BILLY GARCIA**

### COUNT 1

WE, the Jury, find the defendant, **BILLY GARCIA,**  _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

### COUNT 2

WE, the Jury, find the defendant, **BILLY GARCIA,**  _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.

**ALLEN PATTERSON**

### COUNT 2

WE, the Jury, find the defendant, **ALLEN PATTERSON,**  _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.

**CHRISTOPHER CHAVEZ**

### COUNT 2

WE, the Jury, find the defendant, **CHRISTOPHER CHAVEZ,** _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.

**ARTURO ARNULFO GARCIA**

### COUNT 3

WE, the Jury, find the defendant, **ARTURO GARCIA,** _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Freddie Sanchez, as charged in Count 3 of the

Indictment.

**ANDREW GALLEGOS**

### COUNT 4

WE, the Jury, find the defendant, **ANDREW GALLEGOS,** _____
(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Adrian Burns, as charged in Count 4 of

the Indictment.

### COUNT 5

WE, the Jury, find the defendant, **ANDREW GALLEGOS,** _____
(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Adrian Burns, as charged in Count 5 of the

Indictment.

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 61 of 61

**SHAUNA GUTIERREZ**

### COUNT 14

WE, the Jury, find the defendant, **SHAUNA GUTIERREZ**, _____
(guilty or not guilty)
of violent crimes in aid of racketeering in conspiring to murder Jose Gomez, as charged in Count 14 of

the Indictment.

### COUNT 15

WE, the Jury, find the defendant, **SHAUNA GUTIERREZ**, _____
(guilty or not guilty)
of violent crimes in aid of racketeering in the attempted murder of Jose Gomez, or the assault resulting in

serious bodily injury to Jose Gomez, or assault with a dangerous weapon upon Jose Gomez, as charged in

Count 15 of the Indictment.

### COUNT 16

WE, the Jury, find the defendant, **SHAUNA GUTIERREZ**, _____
(guilty or not guilty)
of tampering with a witness by physical force or threat, as charged in Count 16 of the Indictment.


Dated this _____ day of _____, 2018.


_____
FOREPERSON

all Gp/Rd/W

PROPOSED JURY INSTRUCTIONS   VERICT   at
1, 57-61,   & March 23, 2018   (Doc. 1966)
(modify)