# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

   Defendants.

## COURT'S FOURTH PROPOSED JURY INSTRUCTIONS
### (with citations)

# JURY INSTRUCTION NO. __1__

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1,** at 1, 2, filed March 23, 2018 (Doc. 1966)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 1,** at 1, 3, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.03, at i, 7 (**2011 Edition** Updated February 2018)(INTRODUCTION TO FINAL INSTRUCTIONS)

## JURY INSTRUCTION NO. __2__

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2,** at 1, 3, filed March 23, 2018 (Doc. 1966)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 2,** at 1, 4, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.04, at i, 8 (**2011 Edition** Updated February 2018)(DUTY TO FOLLOW INSTRUCTIONS)

**JURY INSTRUCTION NO. ___3___**

The government has the burden of proving defendants Joe Lawrence Gallegos, Edward Troup, Billy Garcia, Allen Patterson, Christopher Chavez, Arturo Arnulfo Garcia, and Andrew Gallegos guilty beyond a reasonable doubt. The law does not require Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is not guilty, you must give Mr. Joe

Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos the benefit of the doubt and find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos not guilty.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3,** at 1, 4, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 3,** at 1, 5, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.05, at i, 9 (**2011 Edition** Updated February 2018) (PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF-REASONABLE DOUBT)(adapted)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.05, at i, 10 (**2011 Edition** Updated February 2018)(modified)

## JURY INSTRUCTION NO. __4__

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.


**PROPOSED   JURY   INSTRUCTIONS**, **UNITED   STATES'   PROPOSED   JURY INSTRUCTION NO. 4,** at 1, 5, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 4,** at 1, 6, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.06, at i, 11 (**2011 Edition** Updated February 2018)(EVIDENCE -- DEFINED)(adapted)

## JURY INSTRUCTION NO. __5__

During the course of this trial, and on multiple occasions throughout the trial, you have heard evidence that was admitted for a limited purpose and as to a particular defendant, only.

Each time this type of evidence was admitted, I instructed you of the specific limitations placed on your use of that evidence. By providing these instructions, I was not suggesting that you must or should find the particular evidence credible or probative of any issue in this case. However, in the event you decide to consider the limited evidence, then you may only use it only for the limited purpose, and only as to the particular defendant, for which it was admitted.

You are not to consider any limited evidence for any other purpose than the particular purpose for which it was admitted. And, you may not use it in any way during your deliberations concerning any defendant against whom the evidence was not admitted.

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 5,** at 1, 7, filed March 23, 2018 (Doc. 1970)(modified)

Authority:  Federal Rules of Evidence 105; Ninth Circuit Pattern Jury Instructions Criminal 2.11 (**Evidence for Limited Purpose**); *See United States v. Armijo*, 5 F.3d 1229, 1232 (9th. Cir. 1993); *See* Jury Instruction No. 5, Document 1877, 15-CR-4268 ("Trial 1")

## JURY INSTRUCTION NO. ___6___

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **5,** at 1, 6, filed March 23, 2018 (Doc. 1966)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **10,** at 1, 12, filed March 23, 2018 (Doc. 1966)(modified)

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **36,** at 1, 51, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, JURY INSTRUCTION NO. **6,** at 1, 8, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.07, at i, 13 (**2011 Edition** Updated February, 2018)

Third Circuit Pattern Jury Instructions Criminal 4.3 (2017)(**Consciousness of Guilt -- Flight, Concealment, Use of an Alias, etc.**)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 6

**JURY INSTRUCTION NO. __7__**

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo

Garcia, and Mr. Andrew Gallegos did not testify and I remind you that you cannot consider their

decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the

Constitution of the United States grants to Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr.

Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos the right to remain silent.

That means the right not to testify or call any witnesses. That is a constitutional right in this

country, it is very carefully guarded, and you should understand that no presumption of guilt may

be raised and no inference of any kind may be drawn from the fact that Mr. Joe Gallegos, Mr.

Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew

Gallegos does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this

case, do not make any decisions simply because there were more witnesses on one side than on

the other.


**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6,** at 1, 7-8, filed March 23, 2018 (Doc. 1966)(modified)

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 37,** at 1, 52, filed April 30, 2018 (Doc. 2184)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 7,** at 1, 9-10, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.08, at i, 8 (**2011 Edition** Updated February, 2018)(CREDIBILITY OF WITNESSES)(adapted)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.08, at i, 6 filed March 3, 2018 (Doc. 1966)(NON-TESTIFYING DEFENDANT)(modified)

## JURY INSTRUCTION NO. __8__

You have heard the testimony of Bryan Acee, Mario Rodriguez, Julian Romero, Phillip Gonzales, Roy Paul Martinez, Joseph Otero, Leonard Lujan, Lawrence Torres, Eugene Martinez, Manuel Jacob Armijo, and Amber Sutton. You have also heard that, before this trial, he made a statement that may be different from his or her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his or her testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his or her testimony here in court.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7,** at 1, 9, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 8,** at 1, 11, filed March 23, 2018 (Doc. 1970)(modified)

**DEFENDANTS' JOINT NOTICE REGARDING PROPOSED JURY INSTRUCTION NUMBER 8 AND NUMBER 14**, ¶¶ 1-3, at 1-2, filed April 27, 2018 (Doc. 2177)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.10, at i, 21 (**2011 Edition** Updated February 2018)(IMPEACHMENT BY PRIOR INCONSISTENCIES)(adapted)

## JURY INSTRUCTION NO. __9__

You have heard evidence that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos have been convicted of a felony, that is, a crime punishable by imprisonment for a term of years.  The fact that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos have been convicted of another crime does not mean that they committed the crime charged in this case, and you must not use their prior convictions as proof of the crime charged in this case. You may find them guilty of the crime charged here only if the government has proved beyond a reasonable doubt that they committed it.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8,** at 1, 3, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 9,** at 1, 12, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.11, at i, 22 (**2011 Edition** Updated February 2018)(IMPEACHMENT BY PRIOR CONVICTION (Defendant's Testimony))(modified)

## JURY INSTRUCTION NO. __10__

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years or of a crime of dishonesty or false statement.  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give any prior felony conviction or crime of dishonesty that was used to impeach a witness.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9,** at 1, 11, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 10,** at 1, 13, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.12, at i, 23 (**2011 Edition** Updated February 2018)(IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT))

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 10 (modified)

## JURY INSTRUCTION NO. __11__

You have heard the testimony of **[name of witness]**, who was a witness in the **[government's] [Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos']** case.  You also heard testimony from others concerning their opinion about Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' **character for truth-telling or their reputation, in the community where he or she lives, for telling the truth.**  It is up to you to decide from what you heard here whether **[name of witness]** was telling the truth in this trial.  In deciding this, you should be bear in mind the testimony concerning his [reputation for] truthfulness.

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 11,** at 1, 14, filed March 23, 2018 (Doc. 1970)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.13, at v, 24 (**2011 Edition** Updated February 2018)(modified)(IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER)(adapted)

## JURY INSTRUCTION NO. __12__

### Accomplice

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent.  The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence.  You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care.  You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and/or Mr. Andrew Gallegos based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

### Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.

You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and/or Mr. Andrew Gallegos based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

Immunity

A person may testify under a grant of immunity (an agreement with the government). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness.  You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement.  After considering these things, you may give testimony given under a grant of immunity such weight as you find it deserves.

You should not convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11**, at 1, 13-14, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 12,** at 1, 15-16, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.14, at i, 25-26 (**2011 Edition** Updated February 2018)(ACCOMPLICE -- INFORMANT -- IMMUNITY [as appropriate])

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 12 (modified)

- 17 -

**JURY INSTRUCTION NO. __13__**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Mario Rodriguez, Julian Romero, Phillip Gonzales, Roy Paul Martinez, Joseph Otero, Leonard Lujan, Lawrence Torres, Eugene Martinez and Manuel Jacob Armijo may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13,** at 1, 16, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 14,** at 1, 18, filed March 23, 2018 (Doc. 1970)(modified)

**DEFENDANTS' JOINT NOTICE REGARDING PROPOSED JURY INSTRUCTION NUMBER 8 AND NUMBER 14**, ¶¶ 1-3, at 1-2, 4, filed April 27, 2018 (Doc. 2177)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.16, at i, 28 (**2011 Edition** Updated February 2018)(WITNESS'S USE OF ADDICTIVE DRUGS)(adapted)

## JURY INSTRUCTION NO. __14__

The government called as one of its witnesses alleged accomplices, who were named as co-defendants in the indictment.  The government has entered into plea agreements with the co-defendant, [**Robert Martinez, etc…..**], providing for the dismissal of some charges and a recommendation of a lesser sentence than he would otherwise likely receive.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  You should receive this type of testimony with caution and weigh it with great care.  You should never convict Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt.  The fact that an accomplice has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 12,** at 1, 15, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 13,** at 1, 17, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.15, at i, 27 (**2011 Edition** Updated February 2018)(ACCOMPLICE -- CO-DEFENDANT -- PLEA AGREEMENT) (adapted)

**JURY INSTRUCTION NO.   15   **

During the trial you heard the testimony of _____ who expressed opinions concerning _____.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14,** at 1, 17, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 15,** at 1, 19, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.17, at i, 29 (**2011 Edition** Updated February 2018)(EXPERT WITNESS)(adapted)

*United States v. Starzecpyzel,* 880 F.Supp. 1027, 1050-51 (S.D.N.Y. 1995); President's Council of Advisors on Science and Technology, *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature Comparison Methods* (Sept. 20, 2016); President's Council of Advisors on Science and Technology, *An Addendum to the PCAST Report on Forensic Science in Criminal Court.*

## JURY INSTRUCTION NO. __16__

Evidence has been presented about statement attributed to Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15,** at 1, 18, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 16,** at 1, 20, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.25, at i, 38 (**2011 Edition** Updated February 2018)(VOLUNTARINESS OF STATEMENTS BY DEFENDANT (Single Defendant)(adapted)

**JURY INSTRUCTION NO.   17**

The government must prove, beyond a reasonable doubt, that the offenses charged in this case was actually committed and that it was Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos who committed it.  Thus, the identification of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos as the person who committed the offenses charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness.  You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offenses charged?  You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crimes the product of the witness's own recollection?  In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos was presented to the witness for identification and the length of time that elapsed between the crimes and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr.

Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos as the person who committed the offenses charged, you must find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos not guilty.

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 17,** at 1, 22, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.29, at i, 44 (**2011 Edition** Updated February 2018)(IDENTIFICATION TESTIMONY)(adapted)

**JURY INSTRUCTION NO.   18**

You have heard evidence of other crimes, acts, or wrongs engaged in by Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.  You may consider that evidence only as it bears on Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' membership and position with the Syndicato de Nuevo Mexico Gang ("SNM"), whether SNM is an enterprise, and whether SNM is an enterprise that engages in racketeering activity and for no other purpose.  Of course, the fact that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos may have previously committed an act similar to the one charged in this case does not mean that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos necessarily committed the act charged in this case.

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 18,** at 1, 23, filed March 23, 2018 (Doc. 1970)(modified)

Authority: Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.30, at i, 46 (**2011 Edition** Updated February 2018)(SIMILAR ACTS)

*United States v. Rodella*, 101 F.Supp. 3d 1075, 1085-86 (D.N.M. 2015)

## JURY INSTRUCTION NO.    19

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16,** at 1, 19, filed March 23, 2018 (Doc. 1966)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 19,** at 1, 24, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.40, at i, 61 (**2011 Edition** Updated February 2018)(CAUTIONARY INSTRUCTION DURING TRIAL (Transcript Of Recorded Conversation))

**JURY INSTRUCTION NO.   20  **

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 17,** at 1, 20, filed March 23, 2018 (Doc. 1966)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 20,** at 1, 25, filed March 23, 2018 (Doc. 1970)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.41, at i, 62 (**2011 Edition** Updated February 2018)(SUMMARIES AND CHARTS Not in Evidence)

## JURY INSTRUCTION NO. __21__

The parties have agreed to certain facts that have been stated to you.  A stipulation is an agreement between both sides that certain facts are true. A stipulation means simply that the government, and Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation.  These facts are now conclusively established.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 35,** at 1, 50, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 21,** at 1, 26, filed March 23, 2018 (Doc. 1970)(modified)

## JURY INSTRUCTION NO. __22__

The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos has been proven.  The term is only a term used by Congress to describe the statute.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 18,** at 1, 21, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 22,** at 1, 27, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74, at v, 229 (**2011 Edition** Updated February 2018)(RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT (Prejudice from the Word "Racketeering"))(adapted)

**JURY INSTRUCTION NO. __23__**

Counts 1, 2, 3, 4, 5, 13, 14, and 15 of the Indictment charge Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos with committing violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959.

That law makes it a crime for any person who, as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity,  or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the law of any State or the United States, or attempts or conspires so to do.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 19,** at 1, 22, filed March 23, 2018 (Doc. 1966)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 23,** at 1, 28, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74, at v, 227 (**2011 Edition** Updated February 2018)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C § 1956(a)(3)(B))(adapted)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 21

## JURY INSTRUCTION NO. ___24___

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos, are on trial before you upon an Indictment brought by the Grand Jury.  Before reading the indictment to you, I remind you that the Indictment or formal charge against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is not evidence of guilt.  Indeed, Mr. Joe Gallegos , Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are presumed by the law to be innocent.

In this case, the Indictment charges as follows:

### Count 1

### Murder of Frank Castillo

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  ANGEL DELEON, **JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup,"** LEONARD LUJAN, and **BILLY GARCIA, a.k.a. "Wild Bill,"** did unlawfully, knowingly, and intentionally murder Frank Castillo, in violation of  NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§1959(a)(1) and 2.

### Count 2

### Murder of Rolando Garza

On or about March 26, 2001, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay,

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, LEONARD LUJAN, **BILLY GARCIA, a.k.a. "Wild Bill,"** EUGENE MARTINEZ, a.k.a. "Little Guero," **ALLEN PATTERSON,** and **CHRISTOPHER CHAVEZ, a.k.a. "Critter,"** did unlawfully, knowingly, and intentionally murder Rolando Garza, in violation of  NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Count 3

Murder of Freddie Sanchez

On or about June 17, 2007, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, JAVIER ALONSO, a.k.a. "Wineo," **EDWARD TROUP, a.k.a. "Huero Troup," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun,"** BENJAMIN CLARK, a.k.a. "Cyclone," and RUBEN HERNANDEZ, did unlawfully, knowingly, and intentionally murder Freddie Sanchez, in violation of  NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

Count 4

Conspiracy to Murder Adrian Burns

In or about November 2012, in Socorro and Valencia Counties, in the District of New

Mexico, and elsewhere,  as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** and others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally conspire to murder Adrian Burns, in violation of  NMSA 1978, Sections 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

## Count 5

### Murder of Adrian Burns

On or about November 12, 2012, in Socorro and Valencia Counties, in the District of New Mexico, and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the  Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants,  **JOE LAWRENCE GALLEGOS** and **ANDREW GALLEGOS, a.k.a. "Smiley,"** did unlawfully, knowingly and intentionally murder Adrian Burns, in violation of  NMSA 1978, Sections 30-2-1 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

## Count 13

### Assault With a Dangerous Weapon Upon Jose Gomez

On or about March 17, 2015, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay,

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM),  an enterprise engaged  in racketeering activity, the defendant, **JOE LAWRENCE GALLEGOS**, did unlawfully, knowingly, and intentionally commit assault with a dangerous weapon against Jose Gomez, in violation of  NMSA 1978, §§ 30-3-2 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

Count 14

Conspiracy to Murder Jose Gomez

On or about February 1, 2016, to on or about February 27, 2016, in Otero and Valencia Counties, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM),  an enterprise engaged  in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ and BRANDY RODRIGUEZ, and others known and unknown to the grand jury, did unlawfully, knowingly and intentionally conspire to murder  Jose Gomez, in violation of  NMSA 1978, §§ 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).

Count 15

Attempted Murder of Jose Gomez, Assault With a Dangerous Weapon Upon Jose Gomez
Resulting in Serious Bodily Injury to Jose Gomez

On or about February 27, 2016, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the

purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM),  an enterprise engaged  in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ and BRANDY RODRIGUEZ, did unlawfully, knowingly, and intentionally attempt to murder Jose Gomez, and committed assault with a dangerous weapon and assault resulting in serious bodily injury to Jose Gomez, in violation of  NMSA 1978, §§ 30-2-1, 30-28-1, 30-3-2 , 30-3-5, and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 1959(a)(5) and 2.

## Count 16

### Tampering With a Witness, Victim or Informant by Physical Force or Threat

On or about February 27, 2016, in Valencia County, in the District of New Mexico, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ and BRANDY RODRIGUEZ, used or attempted to use physical force or the threat of physical force against Jose Gomez by assaulting Jose Gomez with a dangerous weapon with the intent to influence, delay, or prevent Jose Gomez from testifying against **JOE LAWRENCE GALLEGOS** in an official proceeding.

All in violation of 18 U.S.C. §§ 1512(a)(2)(A) and 2.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 20,** at 1, 23-27, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 24,** at 1, 29-33, filed March 23, 2018 (Doc. 1970)(modified)

Authority:  Indictment at Count 1, Count 2, Count 3, Count 4, Count 5, Count 13, Count 14 and Count 15, at 9-12, 16-18, filed March 9, 2017 (Doc. 947) (modified); *See* Jury Instruction No. 22, Document 1877, 15-CR-4268 ("Trial 1")

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 22 (modified)

**JURY INSTRUCTION NO.   25**

What I have just read are the charges brought by the Grand Jury in the indictment.

Although the indictment refers to sixteen total defendants, Mr. Joe Gallegos, Mr. Troup, Mr.

Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are the

only defendants who are on trial before you in this case.  The other Defendants are not on

trial at this time.  You must base your verdict solely on the evidence received in this trial,

and you are not to draw any inferences from the fact that other Defendants named in the

indictment are not on trial before you today.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 21,** at 1, 28, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED  JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 25,** at 1, 34, filed March 23, 2018 (Doc. 1970)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 23 (Doc. 1877)(modified)

**JURY INSTRUCTION NO.   26**

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

For you to find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty of this crime, as charged in Counts 1, 2, 3, 4, 5, 13, 14, and 15 you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:      That the existence of an "enterprise" as defined in 18 U.S.C. § 1959 (b)(2);

Second:     That the charged enterprise engaged in, or its activities affected, interstate commerce;

Third:      That the charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

Fourth:     That Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos committed one of the following crimes of violation as alleged in the indictment or conspired or attempted to commit one of these crimes -- which crime violated state or federal law: murder, kidnaping, maiming, assault with a dangerous weapon, assault resulting in serious bodily injury, threatening to commit a crime of violence;

            Count 1: (Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia) Murder of Mr. Castillo;

            Count 2: (Mr. Billy Garcia, Mr. Chavez, and Mr. Patterson) Murder of Mr.

Garza;

Count 3: (Mr. Troup and Mr. Arturo Garcia) Murder of Mr. Sanchez;

Count 4: (Mr. Joe Gallegos and Mr. Andrew Gallegos) Conspiracy to Murder Mr. Burns;

Count 5: (Mr. Joe Gallegos and Mr. Andrew Gallegos) Murder of Mr. Burns;

Count 13: (Mr. Joe Gallegos) Assault with a Dangerous Weapon upon Mr. Gomez;

Count 14: (Mr. Joe Gallegos) Conspiracy to Murder Mr. Gomez; and

Count 15: (Mr. Joe Gallegos) Attempted Murder of Mr. Gomez, Assault with a Dangerous Weapon Upon Mr. Gomez, Resulting in Serious Bodily Injury to Mr. Gomez.

I will instruct you on what the government must prove to establish that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos committed any of these acts; and

Fifth:       Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' purpose in the crime of violence was committing, threating to commit, attempting to commit, conspiring to commit was to gain entrance to or to maintain or increase position, in the charged enterprise.

If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," it is not necessary for the government to prove that this was the sole purpose of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and

Mr. Andrew Gallegos in committing the charged crime.  You need only find that it was a substantial purpose, or that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos committed the charged crime as an integral aspect of membership in the enterprise.  In determining Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' purpose in committing the alleged crime, you must determine purpose by considering only the facts and circumstances that have been admitted against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos during the course of the trial.

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise;

and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government need not prove that the enterprise had any particular organizational structure.

The group need not have a hierarchical structure or a "chain of command;" decisions may be made on an ad hoc basis and by any number of methods -- by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence (inactivity).

The enterprise is "engaged in interstate commerce" if it directly engaged in the distribution or acquisition of goods or services in such commerce.  The enterprise's conduct "affected" interstate commerce if the conduct had a demonstrated connection or link with such commerce.

It is not necessary for the government to prove that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce.  It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way.  Only a minimal effect on commerce is necessary.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22,** at 1, 29-32, filed March 23, 2018 (Doc. 1966)(modified)

**TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS**, **JURY INSTRUCTION NO. 26,** at 1, 35-38, filed March 23, 2018 (Doc. 1970)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74.2 at v, 229 (**2011 Edition** Updated February 2018)(RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)(VIOLENT CRIMES IN AID OF RACKETEERING) 18 U.S.C. § 1959(a)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 24

## JURY INSTRUCTION NO. __27__

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the Indictment.

The government has charged the following in the Indictment as constituting the enterprise: the Syndicato de Nuevo Mexico Gang (SNM) in Counts 1, 2, 3, 4, 5, 13, 14, and 15.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.  This group of people must have: (1) a common purpose; (2) an ongoing organization, either formal or informal; and (3) personnel who function as a continuing unit.

If you find these three elements, then you may find that an enterprise existed.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 23,** at 1, 33, filed March 23, 2018 (Doc. 1966)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 25

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74.3 at v, 230 (**2011 Edition** Updated February, 2018) (RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT -- "SECTION A" (First Element -- The Enterprise)

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)(Violent Crimes in Aid of Racketeering)

## JURY INSTRUCTION NO.   28

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos knew he was affecting interstate commerce.

I further instruct you that, pursuant to 21 U.S.C. §§ 801(3), (5), (6), and (7), the possession and/or distribution of a controlled substance has a direct and substantial effect on interstate commerce.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24,** at 1, 34, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 2.74.4 at v, 223 (**2011 Edition** Updated February, 2018) RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT -- "SECTION A" (Second Element -- Effect on Interstate Commerce)(adapted)

## JURY INSTRUCTION NO. ___29___

The third element which the government must prove beyond a reasonable doubt as to Counts 1, 2, 3, 4, 5, 13, 14, and 15 is that the enterprise was engaged in racketeering activity.

That racketeering activity may consist of state offenses as well as federal offenses.  The government has charged that that SNM engaged in multiple acts of racketeering activity consisting of the following:  (1) murder and robbery, in violation of New Mexico law; (2) acts involving tampering with a witness, in violation of federal law; and, (3) offenses involving trafficking in narcotics, in violation of federal law.

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member or an associate of the racketeering enterprise committed the offense as defined by law.  The elements of that offense are as follows:

First:          someone killed a human being, and

Second:        the killing was with the deliberate intention to take away the life of that person.

In order for the federal offense of witness tampering to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

First:          a member, prospect or associate of the racketeering enterprise used or attempted to use intimidation or threats against another person;

Second:        that member, prospect, or associate acted knowingly and with the intent to influence or prevent the testimony of that other person with respect to an official proceeding.

In order for the offense of possession with intent to distribute a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

*First*: a member, prospect, or associate of the SNM knowingly and intentionally possessed a controlled substance as charged, and

*Second*: that person possessed the substance with the intent to distribute it.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**[Name controlled substance]** is a controlled substance within the meaning of the law.

In order for the offense of distribution of a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member, prospect, or associate of the SNM knowingly or intentionally distributed a controlled substance.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

I instruct you that "racketeering activity" includes numerous offenses, including those listed above.  It is for you to determine whether the enterprise engaged in these activities as charged.  You should give the words "engaged in" their ordinary, everyday meaning.  For an enterprise to be engaged in racketeering activity, it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstance so that it is appropriate to say that the enterprise was engaged in racketeering activity.

**<u>PROPOSED JURY INSTRUCTIONS</u>**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. <u>25,</u>** at 1, 35-37, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 26

## JURY INSTRUCTION NO. __30__

The fourth element which the Government must prove beyond a reasonable doubt as to Count 4 is that Mr. Joe Gallegos and Mr. Andrew Gallegos conspired to murder Mr. Burns.

The fourth element which the Government must prove beyond a reasonable doubt as to Count 14 is that Mr. Joe Gallegos and Shauna Gutierrez conspired to murder Mr. Gomez.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.   To find Mr. Joe Gallegos and Mr. Andrew Gallegos guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

1.  Mr. Joe Gallegos and Mr. Andrew Gallegos and another person by words or acts agreed together to commit murder;

2.  Mr. Joe Gallegos and Mr. Andrew Gallegos and the other person intended to commit murder;

3.  This happened in New Mexico on or about November 12, 2012 as to Count 4 and from on or about February 1, 2016 to on or about February 27, 2016 as to Count 14.

NM UJI 14-2810 NMRA.

The essential elements of willful and deliberate murder are provided below to aid you in deciding if the Government has proven the first element:

1. Someone killed the victim; and

2. The killing was with the deliberate intention to take away the life of the victim.

NM UJI 14-201 NMRA.

In proving a conspiracy to murder, it is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement. The formation and existence of a conspiracy to murder may be inferred from all circumstances tending to show the common intent and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence.

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

**PROPOSED JURY INSTRUCTIONS**, UNITED STATES' PROPOSED JURY INSTRUCTION NO. **26,** at 1, 38-39, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 29, modified

**JURY INSTRUCTION NO. __31__**

The fourth element which the government must prove beyond a reasonable doubt as to Count 1 is that Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia murdered Mr. Castillo; as to Count 2 is that Mr. Billy Garcia, Mr. Patterson and Mr. Chavez murdered Mr. Garza; as to Count 3 is that Mr. Troup and Mr. Arturo Garcia murdered Mr. Sanchez; and as to Count 5 is that Mr. Joe Gallegos and Mr. Andrew Gallegos murdered Mr. Burns.

The essential elements of first degree murder under New Mexico law are provided below to aid you in deciding if the government has proven the fourth element:

1. Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia killed Mr. Castillo (Count 1); Mr. Billy Garcia, Mr. Patterson, and Mr. Chavez killed Mr. Garza (Count 2); Mr. Troup and Mr. Arturo Garcia killed Mr. Sanchez (Count 3); Mr. Joe Gallegos and Mr. Andrew Gallegos killed Mr. Burns (Count 5);

2. The killing was with the deliberate intention to take away the life of Mr. Castillo (Count 1); Mr. Garza (Count 2); Mr. Sanchez (Count 3); Mr. Burns (Count 5);

3. This happened in New Mexico on or about _____.

A deliberate intention refers to the state of mind of the Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos. A deliberate intention may be inferred from all of the facts and circumstances of the killing. The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a

choice.

NM UJI 14-201 NMRA.

The essential elements of second degree murder under New Mexico law are provided below to aid you in deciding if the Government has proven the fourth element:

1.  Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia killed Mr. Castillo (Count 1); Mr. Billy Garcia, Mr. Patterson, and Mr. Chavez killed Mr. Garza (Count 2); Mr. Troup and Mr. Arturo Garcia killed Mr. Sanchez (Count 3); Mr. Joe Gallegos and Mr. Andrew Gallegos killed Mr. Burns (Count 5);

2.  Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia knew that these acts created a strong probability of death or great bodily harm to Mr. Castillo (Count 1); Mr. Billy Garcia, Mr. Patterson, and Mr. Chavez knew that their acts created a strong probability of death or great bodily harm to Mr. Garza (Count 2); Mr. Troup and Mr. Arturo Garcia knew that these acts created a strong probability of death or great bodily harm to Mr. Sanchez (Count 3); Mr. Joe Gallegos and Mr. Andrew Garcia knew that these acts created a strong probability of death or great bodily harm to Mr. Burns (Count 5);

3.  This happened in New Mexico on or about March 26, 2001(Count 1); March 26, 2001 (Count 2); June 17, 2007 (Count 3); November 12, 2012 (Count 5).

NM UJI 14-210 NMRA.

You have been instructed on the crimes of first degree murder and second degree murder. You must consider each of these crimes. You should be sure that you fully understand the elements of each crime before you deliberate further. You will then discuss and decide whether Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia,

and Mr. Andrew Gallegos are guilty of murder in the first degree. If you unanimously agree that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is guilty of murder in the first degree, you will return a verdict of guilty of murder in the first degree. If you do not agree, you should discuss the reasons why there is a disagreement.

If, after reasonable deliberation, you do not agree that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is guilty of murder in the first degree you should move to a discussion of murder in the second degree. If you unanimously agree that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos is guilty of murder in the second degree, you will return a verdict of guilty of murder in the second degree. If you do not agree you should discuss the reasons why there is a disagreement.

You may not find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty of more than one of the foregoing crimes. If you have a reasonable doubt as to whether Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos committed any one of the crimes, you must determine that he is not guilty of that crime. If you find him not guilty of all of these crimes, you must return a verdict of not guilty.


**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 27,** at 1, 40-41, filed March 23, 2018 (Doc. 1966)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 27 and 28, modified

NM UJI 14-250 NMRA

**JURY INSTRUCTION NO.  __32__**

The fourth element which the government must prove beyond a reasonable doubt as to Count 13 is that Mr. Joe Gallegos assaulted Mr. Gomez with a dangerous weapon.

The fourth element which the government must prove beyond a reasonable doubt as to Count 15 is that Mr. Joe Gallegos attempted to murder Mr. Gomez, assaulted Mr. Gomez with a dangerous weapon, or assaulted Mr. Gomez resulting in serious bodily injury.

The essential elements of assault resulting in serious bodily injury are provided below to aid you in deciding if the government has proven the fourth element:

One:            Mr. Joe Gallegos intentionally struck Mr. Gomez; and,

Two:            As a result of this assault, Jose Gomez suffered serious bodily injury.

The term "serious bodily injury" means bodily injury which involves --

(A) a substantial risk of death;

(B) extreme physical pain;

(C) protracted and obvious disfigurement; or

(D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The essential elements of attempted murder are provided below to aid you in deciding if the government has proven the fourth element:

One:            Mr. Joe Gallegos intended to commit the crime of murder;

Two             Mr. Joe Gallegos began to do an act which constituted a substantial part of the murder but failed to commit the murder;

The essential elements of assault with a dangerous weapon are provided below to aid you in deciding if the government has proven the fourth element:

One:            Mr. Joe Gallegos intentionally struck and injured Mr. Gomez;

Two:            Mr. Joe Gallegos used a dangerous weapon, as charged in Count 15 of the indictment; and,

Three:          Mr. Joe Gallegos acted with the intent to do bodily harm to Mr. Gomez.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 28,** at 1, 42-43, filed March 23, 2018 (Doc. 1966)(modified)

2 Fed. Jury Prac. & Instr. § 25:09 (6th ed.)(modified)(**The essential elements of the offense charged**)(modified)

**JURY INSTRUCTION NO. ___33___**

The fifth and final element of Counts 1, 2, 3, 4, 5, 13, 14, and 15 that the government must prove beyond a reasonable doubt is that Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' general purpose in committing the underlying crimes of violence was to maintain or increase their position in (or to gain entrance to) the enterprise.

The government is required to prove that Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' general purpose was to maintain or increase their position in the enterprise. The government is not required to prove that it was Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' sole or principal motive.

In determining whether Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' purpose in committing the underlying crime of violence was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain Mr. Joe Gallegos', Mr. Troup's, Mr. Billy Garcia's, Mr. Patterson's, Mr. Chavez', Mr. Arturo Garcia's, and Mr. Andrew Gallegos' position in the enterprise. If Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the

enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 29,** at 1, 44, filed March 23, 2018 (Doc. 1966)(modified)

## JURY INSTRUCTION NO.   __34__

Counts 1, 2, 3, 5, 13, 15, and 16 also charge a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abet, counsels, commands, induces or procures its commission, is punishable as a principal."

The law makes it a crime to intentionally help someone else commit a crime.  To find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:        someone else committed the charged crime, and

Second:        Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.  This means that the government must prove that find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos need not perform the underlying criminal act, be present when it is performed, or be aware the details of its commission to be guilty of aiding or abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 30,** at 1, 45, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 33

## JURY INSTRUCTION NO. ___35___

Count 16 of the indictment charges Mr. Joe Gallegos with tampering with a witness, victim or informant by physical force or threat, which is a violation of federal law.

In order to find Mr. Joe Gallegos guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

   First:  That Mr. Joe Gallegos knowingly used or attempted to use physical force or the threat of physical force against Mr. Gomez;

   Second:  That Mr. Joe Gallegos acted with intent to influence, delay, or prevent the testimony of Mr. Gomez in an official proceeding;

   Third:  That Mr. Joe Gallegos knew or should have known that the proceeding was pending or was likely to be instituted.  However, the government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.

   Fourth:  That the official proceeding, was a federal proceeding. However, the government does not need to prove that the defendant knew that the proceeding was a federal proceeding.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 31,** at 1, 46, filed March 23, 2018 (Doc. 1966)(modified)

Third Circuit Pattern Jury Instructions Criminal 6.18.1512A2 (**Obstruction of Justice -- Witness Tampering Through Physical Force or Threat of Physical Force)**

**JURY INSTRUCTION NO.   36  **

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

**PROPOSED   JURY   INSTRUCTIONS**,   **UNITED   STATES' PROPOSED   JURY INSTRUCTION NO. 32,** at 1, 47, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.37, at ii, 56 (**2011 Edition** Updated February, 2018)(KNOWINGLY)(modified)

**JURY INSTRUCTION NO.   37   **

You will note that the indictment charges that the crime alleged in Count 1 was committed on or about March 26, 2001; the crime alleged in Count 2 was committed on or about March 26, 2001; the crime alleged in Count 3 was committed on or about June 17, 2007; the crime alleged in Count 4 was committed on or about November 12, 2012; the crime alleged in Count 5 was committed on or about November 12, 2012; the crime alleged in Count 13 was committed on or about March 17, 2015; the crime alleged in Count 14 was committed on or about February 1, 2016; the crime alleged in Count 15 was committed on or about February 27, 2016; and the crime alleged in Count 16 was committed on or about February 27, 2016. The government must prove beyond a reasonable doubt that Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia committed the crime alleged in Count 1 reasonably near March 26, 2001; Mr. Billy Garcia, Mr. Patterson and Mr. Chavez committed the crime alleged in Count 2 reasonably near March 26, 2001; Mr. Troup and Mr. Arturo Garcia committed the crime alleged in Count 3 reasonably near June 17, 2007; Mr. Joe Gallegos and Mr. Andrew Gallegos committed the crime alleged in Count 4 reasonably near November 12, 2012; Mr. Joe Gallegos committed the crime alleged in Count 5 reasonably near November 12, 2012; Mr. Joe Gallegos committed the crime alleged in Count 13 reasonably near March 17, 2015; Mr. Joe Gallegos committed the crime alleged in Count 14 reasonably near February 1, 2016; Mr. Joe Gallegos committed the crime alleged in Count 15 reasonably near February 27, 2016; and Mr. Joe Gallegos committed the crime alleged in Count 16 reasonably near February 27, 2016.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 33,** at 1, 48, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.18, at i, 30 (**2011 Edition** Updated February 2018)(ON OR ABOUT)(modified)

**JURY INSTRUCTION NO.  __38__**

If you find Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 34,** at 1, 49, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.20, at i, 32 (**2011 Edition** Updated February 2018)(CAUTION – PUNISHMENT (Non-Capital Cases))

## JURY INSTRUCTION NO. __39__

You are here to decide whether the government has proved beyond a reasonable double that Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are guilty of the crimes charged.  Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos has been proved guilty of the crimes charged, unless you are expressly instructed otherwise.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 38,** at 1, 53, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.19, at i, 21 (**2011 Edition** Updated February 2018)(adapted)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 35

## JURY INSTRUCTION NO. __40__

A separate crime is charged against one or more of Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos in each count of the indictment. You must separately consider the evidence against Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos on each count and return a separate verdict for Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 39,** at 1, 54, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.22, at i, 34 (**2011 Edition** Updated February 2018)(MULTIPLE DEFENDANTS-MULTIPLE COUNTS)

## JURY INSTRUCTION NO.   __41__

In a moment the Courtroom Deputy Clerk will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts. You must decide whether the government has proved Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

- 64 -

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**PROPOSED   JURY   INSTRUCTIONS**,   **UNITED   STATES'   PROPOSED   JURY INSTRUCTION NO. 40** at 1, 55-56, filed March 23, 2018 (Doc. 1966)(modified)

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS** 1.23, at 35-36 (**2011 Edition** Updated February 2018)(DUTY TO DELIBERATE -- VERDICT FORM)(modified)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    No. CR 15-4268 JB

JOE LAWRENCE GALLEGOS,
EDWARD TROUP,
BILLY GARCIA,
ALLEN PATTERSON,
CHRISTOPHER CHAVEZ,
ARTURO ARNULFO GARCIA,
and ANDREW GALLEGOS,
        Defendants.

## <u>V E R D I C T</u>

**JOE LAWRENCE GALLEGOS**

    **COUNT 1**

    WE, the Jury, find the defendant, **JOE GALLEGOS**   _____
                                                            (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

    **COUNT 4**

    WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____
                                                            (guilty or not guilty)
of violent crimes in aid of racketeering in conspiring to murder Adrian Burns, as charged in Count 4 of

the Indictment.

    **COUNT 5**

    WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____
                                                            (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Adrian Burns, as charged in Count 5 of the

Indictment.

**COUNT 13**

WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the assault with a dangerous weapon against Jose Gomez, as

charged in Count 13 of the Indictment.

**COUNT 14**

WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____

(guilty or not guilty)

of violent crimes in aid of racketeering in conspiring to murder Jose Gomez, as charged in Count 14 of

the Indictment.

**COUNT 15**

WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the attempted murder of Jose Gomez, or the assault resulting in

serious bodily injury to Jose Gomez, or assault with a dangerous weapon upon Jose Gomez, as charged in

Count 15 of the Indictment.

**COUNT 16**

WE, the Jury, find the defendant, **JOE GALLEGOS**,  _____

(guilty or not guilty)

of tampering with a witness by physical force or threat, as charged in Count 16 of the Indictment.

**EDWARD TROUP**

**COUNT 1**

WE, the Jury, find the defendant,  **EDWARD TROUP,**  _____

(guilty or not guilty)

of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

**COUNT 3**

WE, the Jury, find the defendant, **EDWARD TROUP,** _____
                                                         (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Freddie Sanchez, as charged in Count 3 of the

Indictment.


**BILLY GARCIA**

**COUNT 1**

WE, the Jury, find the defendant, **BILLY GARCIA,** _____
                                                       (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Frank Castillo, as charged in Count 1 of the

Indictment.

**COUNT 2**

WE, the Jury, find the defendant, **BILLY GARCIA,** _____
                                                       (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.


**ALLEN PATTERSON**

**COUNT 2**

WE, the Jury, find the defendant, **ALLEN PATTERSON,** _____
                                                          (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.


**CHRISTOPHER CHAVEZ**

**COUNT 2**

WE, the Jury, find the defendant, **CHRISTOPHER CHAVEZ,** _____
(guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Rolando Garza, as charged in Count 2 of the

Indictment.


**ARTURO ARNULFO GARCIA**

    **COUNT 3**

    WE, the Jury, find the defendant, **ARTURO GARCIA,** _____
(guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Freddie Sanchez, as charged in Count 3 of the

Indictment.


**ANDREW GALLEGOS**

    **COUNT 4**

    WE, the Jury, find the defendant, **ANDREW GALLEGOS,** _____
(guilty or not guilty)
of violent crimes in aid of racketeering in conspiring to murder Adrian Burns, as charged in Count 4 of

the Indictment.

    **COUNT 5**

    WE, the Jury, find the defendant, **ANDREW GALLEGOS,** _____
(guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Adrian Burns, as charged in Count 5 of the

Indictment.

    Dated this _____ day of _____, 2018.


                                            _____
                                          FOREPERSON