anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendant, **JOE LAWRENCE GALLEGOS**, did unlawfully, knowingly, and intentionally commit assault with a dangerous weapon against Jose Gomez, in violation of NMSA 1978, §§ 30-3-2 and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

### Count 14

### Conspiracy to Murder Jose Gomez

On or about February 1, 2016, to on or about February 27, 2016, in Otero and Valencia Counties, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS, SANTOS GONZALEZ, PAUL RIVERA, SHAUNA GUTIERREZ** and **BRANDY RODRIGUEZ**, and others known and unknown to the grand jury, did unlawfully, knowingly and intentionally conspire to murder Jose Gomez, in violation of NMSA 1978, §§ 30-2-1 and 30-28-2.

All in violation of 18 U.S.C. § 1959(a)(5).    — No bold

### Count 15

### Attempted Murder of Jose Gomez, Assault With a Dangerous Weapon Upon Jose Gomez Resulting in Serious Bodily Injury to Jose Gomez

On or about February 27, 2016, in Valencia County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and an agreement to pay,



- 26 -

anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), an enterprise engaged in racketeering activity, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, **SHAUNA GUTIERREZ** and BRANDY RODRIGUEZ, did unlawfully, knowingly, and intentionally attempt to murder Jose Gomez, and committed assault with a dangerous weapon and assault resulting in serious bodily injury to Jose Gomez, in violation of NMSA 1978, §§ 30-2-1, 30-28-1, 30-3-2 , 30-3-5, and 30-1-13.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 1959(a)(5) and 2.

[handwritten: No ball]

### Count 16

Tampering With a Witness, Victim or Informant by Physical Force or Threat

On or about February 27, 2016, in Valencia County, in the District of New Mexico, the defendants, **JOE LAWRENCE GALLEGOS**, SANTOS GONZALEZ, PAUL RIVERA, **SHAUNA GUTIERREZ** and BRANDY RODRIGUEZ, used or attempted to use physical force or the threat of physical force against Jose Gomez by assaulting Jose Gomez with a dangerous weapon with the intent to influence, delay, or prevent Jose Gomez from testifying against **JOE LAWRENCE GALLEGOS** in an official proceeding.

All in violation of 18 U.S.C. §§ 1512(a)(2)(A) and 2.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 20,** at 1, 23-27, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 22 (modified)

Authority: Indictment at Count 1, Count 2, Count 3, Count 4, Count 5, Count 13, Count 14 and Count 15, at 9-12, 16-18, filed March 9, 2017 (Doc. 947) (modified); *See* Jury Instruction No. 22, Document 1877, 15-CR-4268 ("Trial 1").

[handwritten annotations: All opo/R1; TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS; JURY INSTRUCTION NO. 24, at 1, 29-33, full M Jul 28, 2018 (Doc. 1970)(modif); All opo Rdd ch]

## JURY INSTRUCTION NO. 20

What I have just read are the charges brought by the Grand Jury in the indictment. Although the indictment refers to sixteen total defendants, Mr. Joe Gallegos, Mr. Troup, Mr. Billy Garcia, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos, are the only defendants who are on trial before you in this case. The other Defendants are not on trial at this time. You must base your verdict solely on the evidence received in this trial, and you are not to draw any inferences from the fact that other Defendants named in the indictment are not on trial before you today.

**PROPOSED JURY INSTRUCTIONS**, **UNITED STATES' PROPOSED JURY INSTRUCTION NO. 21**, at 1, 28, filed March 23, 2018 (Doc. 1966)(modified)

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 23 (modified)

(Doc. 1897)

all op / Bll

- 28 -

all op / Bll / W

TRIAL 2 DEFENDANTS' PROPOSED JURY INSTRUCTIONS, JURY INSTRUCTION NO. 25, at 1, 34, fil M--l 23, 2018 (Doc. 1970)(modfl)

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 29 of 61

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

For you to find ~~any defendant~~ {Mr. Billy Garcia,} guilty of this crime, as charged in Counts 1, 2, 3, 4, 5, 13, 14, and 15, you must be convinced that the government has proved each of the following beyond a reasonable doubt: (alleged in the Indictment)

(Mr. Joe Gallegos, Mr. Troup, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, Mr. Andrew Gallegos)

First: The existence of an "enterprise" as defined in 18 U.S.C. § 1959 (b)(2);  l.c.

Second: [That] The charged enterprise engaged in, or its activities affected, interstate ~~or~~ ~~foreign~~ commerce; [That]  l.c.

Third: [and] The charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

Fourth: [That] ~~The defendant~~ committed one of the following crimes #--# or conspired or attempted to commit one of these crimes which crime violated state or federal law: murder, kidnaping, maiming, assault with a dangerous weapon, assault resulting in serious bodily injury, threatening to commit a crime of violence; (of violence alleged in the indictment)

(Mr. Billy Garcia, Mr. Chavez, and Mr. Patterson)

Count 1: Murder of ~~Frank~~ (Mr.) Castillo;

Count 2: Murder of ~~Rolando~~ (Mr.) Garza;

(Mr. Joe Gallegos, Mr. Troup, and Mr. Billy Garcia)

Count 3: Murder of ~~Freddie~~ (Mr.) Sanchez;

(Mr. Troup and Mr. Andrew Garcia)

Count 4: Conspiracy to murder ~~Adrian~~ (Mr.) Burns;

Count 5: Murder of ~~Adrian~~ (Mr.) Burns;

(Mr. Joe Gallegos and Mr. Andrew Gallegos)

Count 13: Assault with a dangerous weapon upon ~~Jose~~ (Mr.) Gomez;

(Mr. Joe Gallegos and Mr. Andrew Gallegos)

-29-

(Mr. Joe Gallegos)

function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government need not prove that the enterprise had any particular organizational structure.

The group need not have a hierarchical structure or a "chain of command;" decisions may be made on an ad hoc basis and by any number of methods — by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence [inactivity].

The enterprise is "engaged in interstate commerce" if it directly engaged in the distribution or acquisition of goods or services in such commerce. The enterprise's conduct "affected" interstate commerce if the conduct had a demonstrated connection or link with such commerce.



31

Case 2:15-cr-04268-JB   Document 1966   Filed 03/23/18   Page 32 of 61

It is not necessary for the government to prove that a defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

*United States v. DeLeon*, et al (15-4268), Trial 1, Jury Instruction No. 24

Tenth Circuit Pattern Jury Instructions Criminal 2.74.2 (2011) **(Racketeer Influenced and Corrupt Organizations Act)**

Fifth Circuit Pattern Jury Instructions Criminal 2.78 (2015)(modified)(**Violent Crimes in Aid of Racketeering)**

32

Case 2:15-cr-04268-JB Document 1966 Filed 03/23/18 Page 30 of 61

Count 14: Conspiracy to murder ~~Jose~~ (Mr.) Gomez; and [July my]

Count 15: Attempted murder of ~~Jose~~ Mr. Gomez, assault with a dangerous weapon ~~resulting~~ upon ~~Jose~~ Mr. Gomez, resulting in serious bodily injury to ~~Jose~~ (Mr.) Gomez. [Mr. — threats to commit, attempts to commit, conspiracy to commit]

[(Mr. Joe Gallegos) Mr.]

I will instruct you on what the government must prove to establish that a ~~particular defendant~~ committed any of these acts; and [purpose in]

Fifth: The crime of violence was committed either: (1) ~~as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise, or (2)~~ for the ~~was to~~ purpose of ~~gaining~~ entrance to, or maintaining or increasing position in the charged enterprise.

[Mr. Joe Gallegos, Mr. Troup, Mr. Patterson, Mr. Chavez, Mr. Arturo Garcia, and Mr. Andrew Gallegos]

If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," it is not necessary for the government to prove that this was the sole purpose of ~~a defendant~~ in committing the charged crime. You need only find that it was a substantial purpose, or that ~~a defendant~~ committed the charged crime as an integral aspect of membership in the enterprise. In determining ~~a defendant's~~ purpose in committing the alleged crime, you must determine purpose by considering only the facts and circumstances that have been admitted against ~~an individual~~ during the course of the trial.

[Mr. Joe Gallegos, Mr. Troup's, Mr. Patterson's, Mr. Chavez, Mr. Arturo Garcia's, and Mr. Andrew Gallegos']

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate ~~or foreign~~ commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some

- 30 -