# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                    No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on Plaintiff United States of America's oral motion to exclude evidence of co-operator[1] Gerald Archuleta's 1986 involuntary manslaughter and 1988 second-degree murder convictions under rule 609(b) of the Federal Rules of Evidence. If the United States' representation to the Court that Archleta was released from confinement for those convictions more than 10 years ago is accurate,[2] rule 609(b) of the Federal Rules of

---

[1]Gerald Archuleta was charged in this case, <u>see</u> Second Superseding Indictment at 13-14, filed March 9, 2017 (Doc. 947), but he and the United States reached a plea agreement, <u>see</u> Plea Agreement at 1, filed June 16, 2016 (Doc. 586).

[2]While Archuleta was on the stand, Defendant Billy Garcia filed a document arguing that rule 609(b) does not apply, because Archuleta was released on parole, which was revoked on May 21, 2002.  <u>See</u> Objection to the Court Order Preventing the Defense from Presenting Evidence of Prior Convictions Sustained by Gerald Archuleta ¶ 4, at 2, filed May 11, 2018 (Doc. 2258)("Objection").  B. Garcia asserts that Archuleta was imprisoned -- based on his 1986 and 1988 convictions as well as a subsequent conviction -- from May 21 2002 until April 4, 2011.  <u>See</u> Objection ¶ 4, 6, at 2.  According to B. Garcia, it follows that rule 609(b) does not apply to Archuleta's 1986 and 1988 convictions.  <u>See</u> Objections ¶ 7, at 2.

B. Garcia informs the Court that he filed the Objection during Archuleta's re-direct examination, and, in the heat of trial, the Court cannot wade through Archuleta's forty-two page penitentiary pack to determine whether the United States' and B. Garcia's representations to the Court are accurate.  <u>See</u> Penitentiary Pack, filed May 11, 2018 (Doc. 2258-1).  The Court indicated that, while it is not inclined to retreat from its ruling that rule 609(b) precludes the introduction of Archuleta's old convictions, it could not sort out B. Garcia's factual claims and that the United States was not denying B. Garcia's version of the facts; the Court said that, in the midst of trial, that it was inclined to admit evidence of Archuleta's conviction under rule 609, and the United States commented that the Court's course seemed prudent.  The United States accordingly brought out Archuleta's convictions during its redirect examination.

Upon further thought, research, and consideration, the Court concludes that, when determining whether "10 years have passed since the witness's conviction or release from confinement for it," the relevant date is when the witness was released from prison, even if the witness was released on probation or parole and even if that probation or parole is subsequently revoked.  Fed. R. Evid. 609(b).  That reading of rule 609(b) has a sound textual basis.  The United States Courts of Appeal have construed rule 609(b) such that "release from confinement," Fed. R. Evid. 609(b), means "release from physical confinement," <u>United States v. Rogers</u>, 542 F.3d 197, 201 (7th Cir. 2008), and not "release from probation," <u>United States v. Stoltz</u>, 683 F.3d 934, 939 (8th Cir. 2012).  Consequently, a release from confinement occurs when a witness is released on probation or parole.  Violating the terms of probation or parole can return a witness

---

to prison, but it does not mean that the witness was never released, nor does it alter whether "ten years have passed since" that release.  Fed. R. Evid. 609(b).  Additionally, rule 609(b) refers to release from confinement for a particular conviction, but, when a witness is released on probation or parole, that witness acquires a constitutionally protected liberty interest, and any additional imprisonment is imposed for violating the terms of probation or parole, and not for the original crime.  See Morrissey v. Brewer, 408 U.S. 471, 480 (1972)("Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."); id. at 479 ("Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole."); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)("Petitioner does not contend that there is any difference relevant to the guarante of due process between the revocation of parole and the revocation of probation, nor do we perceive one.").

Rule 609's legislative history bolsters those textual arguments.  The Supreme Court of the United States of America submitted to Congress a version of rule 609 that

> was modeled after Section 133(a) of Public Law 91-358, 14 D.C. Code 305(b)(2)(B), enacted in 1970.  The Rule provided:
>
> > Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date.
>
> Under this formulation, a witness' entire past record of criminal convictions could be used for impeachment (provided the conviction met the standard of subdivision (a)), if the witness had been most recently released from confinement, or the period of his parole or probation had expired, within ten years of the conviction.

Fed. R. Evid. 609 House Judiciary Committee notes.  Congress amended that version of rule 609 so that renewed imprisonment following a witness' release from confinement does not alter whether rule 609(b) applies to a witness' conviction:

> The Committee amended the Rule to read in the text of the 1971 Advisory Committee version to provide that upon the expiration of ten years from the date of a conviction of a witness, or of his release from confinement for that offense, that conviction may no longer be used for impeachment.  The Committee was of the view that after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible.

Evidence applies to those convictions.  That those two convictions later were used to enhance a

subsequent conviction does not alter that result, because, when a defendant's criminal history

enhances his or her sentence for a subsequent offence, the resulting conviction and sentence are

imposed for the conduct underlying the subsequent conviction and not for the conduct

underlying earlier offenses.  See United States v. Rodriquez, 553 U.S. 377, 386 (2008)("When a

defendant is given a higher sentence under a recidivism statute . . . 100% of the punishment is for

---

Fed. R. Evid. 609 House Judiciary Committee notes.  Rule 609, as Congress adopted, does not
distinguish between renewed imprisonment on account of a subsequent conviction, and renewed
imprisonment on account of a parole or probation violation.

The United States Court of Appeals for the Ninth Circuit has taken a different approach,
determining that "confinement pursuant to a probation revocation is confinement imposed for the
original conviction," if the probation violation "directly tracked the original crime." United
States v. McClintock, 748 F.2d 1278, 1288 (9th Cir. 1984).  The Ninth Circuit reasoned that
"[t]he probation violation, because it so directly tracked the original crime, may have implicated
the same, initial type of dishonesty."  United States v. McClintock, 748 F.2d at 1288.  The
United States Court of Appeals for the Fourth Circuit followed the Ninth Circuit's lead and
concluded -- without analysis -- that a parole revocation meant that "[t]he ten year time limit in
Fed. R. Evid. 609(b) is therefore not applicable."  United States v. Gray, 852 F.2d 136, 139 (4th
Cir. 1988)(citing United States v. McClintock, 748 F.2d at 1288-89).  After United States v.
McClintock, the Ninth Circuit commented that "[t]he McClintock court conspicuously declined
to endorse a broad rule that probation or parole revocations always constitute confinement for the
original conviction for Rule 609(b) purposes, and we decline to extend McClintock here."
United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir. 1988).  Consequently, even in the Ninth
Circuit, a parole revocation that "was not substantively related or parallel to the original . . .
conviction . . . does not constitute confinement" for rule 609(b) purposes.  United States v.
Wallace, 848 F.2d at 1472-73.

The Court does not follow the Ninth Circuit's approach, because the Court cannot discern
a textual basis for that court's concern whether a parole or probation violation parallels the
original offense.  Rule 609(b) does not mention parole or probation revocations, or confinement
imposed for such revocations.  The rule references only imprisonment imposed for convictions.
See Fed. R. Evid. 608(b).  Further, applying the Ninth Circuit's rule requires courts to delve into
the facts underlying both the facts of particular convictions, and the facts underlying resulting
parole and probation revocations.  The rule that the Court applies, instead, does not require any
inquiry into underlying facts, which is in accord with Congress' intent when it adopted rule 609.
See Fed. R. Evid. 609(a)(2)("[T]he evidence must be admitted if the **court can readily
determine** that establishing the elements of the crime required proving -- or the witness's
admitting -- a dishonest act or false statement."  (emphasis added)).

the offense of conviction.  None is for the prior convictions or the defendant's 'status as a recidivist.'").[3]  If it were otherwise, using a defendant's criminal history to enhance the sentence for subsequent crimes would be unconstitutional.  See U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . .").  Consequently, rule 609(b) applies to Archuleta's 1986 and 1988 convictions even though those convictions were later used to enhance a sentence for a later conviction.  That rule 609(b) applies to those convictions means that those convictions are not admissible, because the Defendants have not established, for either conviction, that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1).

---

[3]In Mathis v. United States, 136 S. Ct. 2243 (2016), the Supreme Court indicates that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), "if statutory alternatives carry different punishments, then . . . they must be elements."  136 S. Ct. at 2256.  Because enhanced punishment can be imposed, under a recidivist statute, only if a defendant is a recidivist means that recidivist status is an element.  That recidivist status is an element is in tension with the view that repeat-offender laws punish only the latest offense that a defendant commits, and not recidivist status or a recidivist's earlier offenses.

That tension can be resolved by recognizing that, while elements "are what the jury must find beyond a reasonable doubt to convict a defendant," Mathis v. United States, 136 S. Ct. at 2248, society does not punish every element of an offense or every fact that is a but-for cause of punishment.  For example, in a federal prosecution, the jury cannot return a guilty verdict unless it determines that venue is proper.  See United States v. Record, 873 F.2d 1363, 1366 (10th Cir. 1989)("Venue in federal criminal cases is an element of the prosecution's case which must be proved, unlike the other elements, by a preponderance of the evidence.").  Nevertheless, federal courts punish federal crimes and not venue propriety even though they could not impose punishment if venue were improper.  Similarly, most criminals would escape punishment if law enforcement did not catch them, but criminals are punished for violating the law and not getting caught.  Likewise, when a recidivist violates the law, that offense is "often thought to reflect greater culpability" and "is often regarded as more serious because it portends greater future danger."  United States v. Rodriquez, 553 U.S. at 385.  Society, thus, imposes harsher punishment for that offense.  To impose that harsher punishment, the prosecution must show that the defendant is a recidivist, i.e., recidivist status is an element, but the punishment is for the crime committed and not for being a recidivist.

Even if rule 609 permits inquiry into the facts underlying a conviction, under rule 608(b), when the conviction itself is inadmissible,[4] -- which it does not -- the Court would not permit inquiry into the facts underlying Archuleta's old convictions, because those facts do not "attack or support [Archuleta's] character for truthfulness."  Fed. R. Evid. 608(b).  The facts underlying Archuleta's 1986 and 1988 convictions, which are both homicide offenses, show that Archuleta is a violent person and an immoral person, but they do not show that he is an untruthful person, so asking questions about those facts is not permissible under rule 608(b).  Using those facts as propensity evidence -- vis-à-vis a character trait other than truthfulness -- is impermissible under rule 404.  See Fed. R. Evid. 404(a)(1)("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); Fed. R. Evid. 404(b)(1)("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Rules 404, 608, and 609 do not govern whether Archuleta's convictions or their underlying facts are admissible for a non-character purpose.  Defendants Billy Garcia and Joe Lawrence Gallegos contend that the facts underlying Archuleta's convictions are admissible to show how Archuleta achieved his position in the SNM.  How Archuleta achieved his position in the SNM is not a "fact of consequence in determining the action," because Archuleta is not currently on trial.  Fed. R. Evid. 401(b).  See Fed. R. Evid. 402 ("Irrelevant evidence is not

---

[4]In its recent Memorandum Opinion and Order, filed April 18, 2018 (Doc. 2132), the Court concluded that, when evidence of a witness' conviction is admitted under rule 609 of the Federal Rules of Evidence, further inquiry into the facts underlying that conviction is not permissible under rule 608(b).  The Court concluded that when a conviction resulted from a set of facts, but evidence of that conviction is not introduced, then rule 608(b) inquiry is permissible. The Court did not address, however, situations where evidence of a witness' conviction is not admitted under rule 609, because rule 609 renders that evidence inadmissible.

admissible.").  The Court can discern no other relevant not-for-character purpose for introducing the facts underlying Archuleta's 1986 and 1988 convictions, and the parties have not identified other purposes.  Accordingly, the Court will not admit evidence of those convictions or permit questioning regarding their underlying facts.

**IT IS ORDERED** that the United States' oral motion is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
   Attorney for the United States
      Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

         *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

         *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

> *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

> *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

> *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

> *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

> *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

     *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

     *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

     *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

     *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

     *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

     *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

> *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

> *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

> *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

> *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

> *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

     *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

     *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

     *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Sam Winder
Walz and Associates
Albuquerque, New Mexico

     *Attorneys for Defendant Brandy Rodriguez*