IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**
        **Plaintiff,**
v.                                              Case No. 15-CR-4268

DeLeon, et al
**EUGENE MARTINEZ**
        **Defendant.**

### REQUEST FOR HEARING (DOC 1694; DOC 2110; DOC 2113)

Eugene Martinez, by his attorney Douglas E. Couleur, requests a hearing from the Court for presentment of a proposed order denying "Motion for Production Of Brady, Giglio Or Jencks Materials Contained In Presentence Reports Of Cooperating Witnesses, Or, In The Alternative, In Camera Review" (Doc 1694), and as grounds states:

1. Doc 1694 was filed January 25, 2018.

2. The Court filed its Order to Show Cause why "any drafts, probation notes or other documentation related to the preparation of their client's PSIR shall not be released to counsel for the government for their redaction of personal identifying information," Doc 2110 on April 13, 2018.

3. Defendant Eugene Martinez filed his objection on April 15, 2018 (Doc 2113).  There were no responses to Martinez' objection to disclosure.

4. On March 14, 2018, there was discussion during a motions hearing about disclosing the PSRs, and at that time the Court appeared to be ordering the Government to produce PSRs. See p. 90-112, Transcript, SNM MOTIONS 03-14-18 -Day 3.

On April 12, 2018, the PSR issue again arose and the Court stated it would order defense counsel to show cause why the PSRs should not be disclosed, and indicated the Court would deal with objections individually. See p. 92-93 Bryan Acee excerpted testimony trial 2_April 12-13.

On April 18th the Court again addressed the PSR issue during Julian Romero's testimony, and stated "And with that, I'm inclined not to produce the others, just because of case law that indicates that there is an overriding interest in the defendant cooperating with the Court and getting information." See p. 60-62, Julian Romero Trial testimony April 17-18 2018.

Undersigned counsel is not aware of any other discussion of this issue, however, was only present in court for part of Leonard Lujan's testimony and the entirety of Eugene Martinez' testimony; undersigned counsel has relied on the transcripts that have been disclosed to all counsel.

5. Eugene Martinez' PSR has not been disclosed yet.

6. The issues addressed in Docs. 1694, 2110 and 2113, have again arisen because the Government recently disclosed Frederico Munoz' PSR. Based on communication by undersigned counsel with the Government, there appears to be some confusion as to whether the Government should release as yet undisclosed PSRs, based on the lack of a written order addressing Docs. 1694, 2110 and 2113.

7. Undersigned counsel sought the position of all Trial II defendants by emailing a proposed order, including Christopher Chavez and Allen Patterson even though the issue appears to be moot as to Chavez and Patterson. The Government is not opposed to the proposed order. Responding counsel all opposed the proposed order denying Doc. 1694 and one counsel indicated he would prefer an evidentiary hearing. No counsel suggested any changes or additions to the proposed order. All positions are indicated on the proposed order submitted to the Court via proposedtext.

2

Therefore, Eugene Martinez respectfully requests that the Court set this matter for hearing on presentment of the proposed Order Denying Motion for Production of Materials Contained in Presentence Reports (Doc 1694).

        Respectfully submitted,

        <u>/s/ Douglas E. Couleur</u>
        Douglas E. Couleur
        1640 Old Pecos Trail, Suite A
        Santa Fe, NM 87505
        (505) 984-1962
        (505) 819-0522 (fax)
        doug@couleurlaw.com

I certify that on July 5, 2018, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the United States and co-defendants to be served with a copy of this pleading by electronic means.

*Electronically filed* /s/ Douglas E. Couleur