# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                   No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a. "Huero
Troup," LEONARD LUJAN, BILLY GARCIA,
a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a.
"Little Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo," ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"
BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN
HERNANDEZ; JERRY ARMENTA, a.k.a.
"Creeper," JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY
MARTINEZ, a.k.a. "Red," MAURICIO VARELA,
a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL
SANCHEZ, a.k.a. "Dan Dan," GERALD
ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma,"
CONRAD VILLEGAS, a.k.a. "Chitmon,"
ANTHONY RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY PAUL
MARTINEZ, a.k.a. "Shadow," CHRISTOPHER
GARCIA, CARLOS HERRERA, a.k.a. "Lazy,"
RUDY PEREZ, a.k.a. "Ru Dog," ANDREW
GALLEGOS, a.k.a. "Smiley," SANTOS
GONZALEZ; PAUL RIVERA, SHAUNA
GUTIERREZ, and BRANDY RODRIGUEZ,

      Defendants.

## SECOND PRELIMINARY MEMORANDUM OPINION[1]

---

[1]This Memorandum Opinion ruling on the admissibility of the United States' list of statements under United States v. James, 590 F.2d 575 (5th Cir. 1979), is incomplete and preliminary. See United States' Notice of Proposed James Statements, filed January 8, 2021 (Doc. 3228). The Court files this unfinished and incomplete Memorandum Opinion and to assist the parties by giving them an indication of the Court's rulings as early as possible in the United States

**THIS MATTER** comes before the Court on the United States' Notice of Proposed <u>James</u> Statements, filed January 8, 2021 (Doc. 3228)("Notice").  The Court held a hearing on February 2, 2021, pursuant to <u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979)("<u>James</u>").  See Transcript of Hearing (taken February 2, 2021), filed July 28, 2021 (Doc. 3337)("Tr.").  The primary issue is whether the Court should admit ninety-one co-conspirator statements under rule 801(d)(2)(E) of the Federal Rules of Evidence.  The Court concludes that: (i) statements 4, 6, 9, 13, 14, and 15 are admissible; (ii) statements 1, 2, 3, 10, and 11 are admissible in part; and (iii) statements 5, 7, 8, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 are not admissible.  The Court will, therefore, grant the Notice in part and deny the Notice in part.

## <u>FINDINGS OF FACT</u>

The Federal Rules of Criminal Procedure require the Court to state "its essential findings on the record" when "factual issues are involved in deciding a motion."  Fed. R. Crim. P. 12(d).  The Court makes these findings by a preponderance of the evidence and only to determine preliminary questions regarding whether evidence is admissible.  <u>See</u> Fed. R. Evid. 104(a).  The Court makes these findings under the authority of rule 104(a) of the Federal Rules of Evidence, which requires a judge to decide preliminary questions relating to the admissibility of evidence, including the legality of a search or seizure and the voluntariness of an individual's confession or consent to a search.  <u>See</u> <u>United States v. Merritt</u>, 695 F.2d 1263, 1269-70 (10th Cir. 1982).  In deciding such preliminary questions, the other rules of evidence, except those with respect to privileges, do not bind the Court.  <u>See</u> Fed. R. Evid. 104(a ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is

---

of America's case-in-chief.   This Memorandum Opinion is subject to change.   The final Memorandum Opinion and Order is forthcoming.

admissible.  In so doing, the court is not bound by evidence rules, except those on privilege."). The Court bases these conclusions on the testimony it heard at its <u>James</u> hearing as well as the evidence it admitted at that hearing, including  the "prior sworn testimony relating to the Castillo and Garza murder . . . from the witnesses," <u>see</u> Tr. at 13:9-10, Federico Munoz' plea agreement (Doc. 229 in CR 16-1613)("Munoz Plea"), Leonard Lujan's Plea Agreement, filed March 13, 2017 (Doc. 963)("Lujan Plea"), Eugene Martinez' Plea Agreement, filed May 5, 2017 (Doc. 1138)("Martinez Plea"), and Benjamin Clark's Sealed Plea Agreement, filed November 15, 2016 (Doc. 768)("Clark Plea"), <u>see</u> Tr. at 13:13-25 (Castellano, Court, Gorman).  Notwithstanding the Court's findings, DeLeon is presumed innocent.  The Court makes the following findings of fact:

1.      A conspiracy to kill Frank Castillo existed.  <u>See</u> Lujan Plea ¶ 7, at 4-5[2]; Clark Plea ¶ 7, at 6.

2.      The Castillo conspiracy included five indicted conspirators: (i) DeLeon, (ii) J. Gallegos; (iii) Troup; (iv) Lujan; and (v) B. Garcia.  <u>See</u> Lujan Plea ¶ 7, at 4-5.

3.      The Castillo conspiracy included six unindicted conspirators: (i) Angel Munoz, <u>see</u> Transcript of Motions Hearing at 9:17-10:9 (taken March 13, 2018)(Castellano, Stemo), filed April

---

[2]The Court accepted into evidence a letter by Assistant United States Attorney Jack Burkhead stating that Lujan would not be credible in the eyes of a rational factfinder.  <u>See</u> Tr. at 33:8-9 (Court); <u>id.</u> at 33:17-25 (reading from Exhibit A, Burkhead's letter, stating that "Mr. Lujan's credibility is in serious doubt").  As a result, the Lujan Plea on its own is not sufficient to establish the existence of a conspiracy.  Evidence that the Court can consider when deciding whether a conspiracy to kill Castillo existed, however, corroborates the Lujan Plea Agreement. <u>See</u>, <u>e.g.</u>, FBI 302 of Samuel Gonzales at 5, filed March 9, 2018 (Doc. 1909-3)("Francisco CASTILLO was killed in 2001 because he 'messed up' with Billy GARCIA."); FBI 1023 at 2, filed March 9, 2018 (Doc. 1909-5)("2001 Murder of Frank Castillo and Rolando Garcia at the Southern New Mexico Correctional Facility in Las Cruces were called by BILLY GARCIA ('Wild Bill').  Several members participated in the double homicide and EDWARD TROUP and CHRI[S]TOPHER CHAVEZ admitted to the murders during conversations with the [Confidential Human Source].");  Jaramillo 302 at 2 ("LUJAN relayed that GARCIA told LUJAN to find people to murder CASTILLO and LUJAN chose JARAMILLO, GALLEGOS and DELEON.").  This corroborating evidence assuages the Court's concern regarding Lujan's credibility.

3, 2019 (Doc. 2027)("March 13 Tr."); (ii) Leroy Lucero, <u>see</u> March 13 Tr. at 16:16-24 (Castellano, Stemo); (iii) Jaramillo, <u>see</u> March 13 Tr. at 18:22-4 (Castellano, Stemo); <u>id</u>. at 20:2-9 (Castellano, Stemo); (iv) Federico Munoz, <u>see</u> March 13 Tr. at 21:10-22 (Castellano, Stemo); (v) Willie Amador, <u>see</u> March 13 Tr. at 29:16-24 (Castellano, Stemo); and (vi) Jessie Ibarra, <u>see</u> March 13 Tr. at 29:16-24 (Castellano, Stemo).

4.     The Castillo conspiracy continued until Castillo's death on March 26, 2001.  <u>See</u> Lujan Plea ¶ 7, at 4-5.

<u>**ANALYSIS**</u>

The Court makes general determinations regarding the existence of conspiracies and their membership.  <u>See</u> Findings of Fact ("FOF"), <u>supra</u>.  The Court concludes that the United States establishes one conspiracy to kill Frank Castillo.  <u>See</u> FOF 1.  The Court makes particularized judgments regarding the <u>James</u> proffer statements' admissibility under the Federal Rules of Evidence.  The Court provides the following table:

| **James Proffered Statement** | **Ruling** |
|---|---|
| Statement 1: "Billy Garcia tasked Leonard Lujan with finding an inmate to carry out the murders of Garza and Castillo. The murders were to be executed simultaneous."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). See Tr. at 65:16-20 (Court).<br><br>As amended, Statement 1 reads: ""Billy Garcia tasked Leonard Lujan with finding an inmate to carry out the murder . . . Castillo." |
| Statement 2: "Billy Garcia wanted Castillo and Garza 'to be taken out' by strangulation."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). See Tr. at 66:6-21 (Court, LeBlanc, Castellano).<br><br>As amended, Statement 2 reads: "Billy Garcia wanted Castillo . . . 'to be taken out' by strangulation." |
| Statement 3: "The Castillo and Garza murders were an order. Anyone who did not follow that order was to be killed as well."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). See Tr. at 67:2-6 (Court).<br><br>As amended, Statement 3 reads: "The Castillo . . . murder[] [was] an order. Anyone who did not follow that order was to be killed as well." |
| Statement 4: "Billy Garcia was planning to kill everyone in the unit with a green light but was starting with Castillo and Garza."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is a statement of B. Garcia's then-existing state of mind, specifically his plan, so it is admissible for its truth under rule 803(3). |

| | |
|---|---|
| Statement 5: "These murders needed to be done because the SNM gang was losing status with other gangs."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement made in furtherance of the conspiracy, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 68:10-11 (Court). |
| Statement 6: "Leonard Lujan tells Eugene Martinez 'I'm telling you right now where it's coming from and everything,' referring to Billy Garcia."<br><br>Declarant: Leonard Lujan (first- level) and Billy Garcia (second- level)<br><br>Source: Leonard Lujan, Eugene Martinez<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against the members conspiracy under rule 801(d)(2)(E).  See Tr. at 70:16-12 (Court). Lujan is a member of the conspiracy. See FOF at 2. |
| Statement 7: "Billy Garcia ordered the murder of Castillo due to him cooperating with law enforcement."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement made in furtherance of the conspiracy, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 70:13 (Court). |
| Statement 8: "Billy Garcia ordered Garza to be killed for being a former Los Carnales member."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement made in furtherance of the conspiracy, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 70:13 (Court). |

| | |
|---|---|
| Statement 9: "'What the fuck is going on? I sent word a long time ago to clean house.' Billy Garcia was upset Leonard Lujan had not taken charge in the facility."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. See Tr. at 71. | This statement is admissible for its truth against the members conspiracy under rule 801(d)(2)(E), because it is an attempt to "'induce enlistment or further participation in the group's activities.'"   United States v. Alcorta, 853 F.3d 1123, 1137 (10th Cir. 2017)(quoting United States v. Perez, 989 F.2d 1574, 1578 (10th Cir. 1993)). See Tr. at 74:3-6 (Court). |
| Statement 10: "Leroy Lucero received word from Billy Garcia that several hits were supposed to happen. Garcia told him he didn't need help since Lucero was getting out."<br><br>Declarant: Billy Garcia<br><br>Source: Leroy Lucero<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. See Tr. at 74:16-75:75:11 (Gorman). | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). See Tr. at 76:9-13 (Court).<br><br>As amended, Statement 10 reads: "Garcia told [Lucero] that he didn't need help since Lucero was getting out." |
| Statement 11: "Leroy Lucero confirmed the message that several hits were supposed to happen with Angel Munoz. Munoz said 'Something has to happen Carnal Billy's on his way.'"<br><br>Declarant: Angel Munoz<br><br>Source: Leroy Lucero<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. See Tr. at 76:23-77:11 (Gorman). | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). See Tr. at 77:21-78:3 (Court).<br><br>As amended, Statement 11 reads: "Leroy Lucero confirmed the message that [a hit is] supposed to happen with Angel Munoz. Munoz said 'Something has to happen Carnal Billy's on his way.'" |

| | |
|---|---|
| Statement 12: "Leonard Lujan met with Eugene Martinez and tasked him with the murder of Garza by strangulation and told Martinez to pick people to help." <br><br> Declarant: Leonard Lujan <br><br> Source: Leonard Lujan, Eugene Martinez <br><br> Date: On or before March 26, 2001 | This statement is not admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. at 78:5-8 (Court). |
| Statement 13: "Leonard Lujan met with Joe Gallegos, Angel DeLeon, and 'Criminal' and ordered Castillo murdered by strangulation." <br><br> Declarant: Leonard Lujan <br><br> Source: Leonard Lujan <br><br> Date: On or before March 26, 2001 | This statement is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E), provided that there is evidence it was made before Castillo's death. <u>See</u> Tr. at 78:11-21 (Court). |
| Statement 14: "Billy Garcia wanted knowledge of the plan kept to very few individuals." <br><br> Declarant: Billy Garcia <br><br> Source: Leonard Lujan <br><br> Date: On or before March 26, 2001 | This statement is not admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  This is a statement of B. Garcia's then-existing state of mind, however, so it is admissible for its truth under rule 803(3). |
| Statement 15: "Once alarms were sounded and the murders discovered, Billy Garcia congratulated Leonard Lujan with 'Amor.'" <br><br> Declarant: Billy Garcia <br><br> Source: Leonard Lujan <br><br> Date: On or before March 26, 2001 | This statement not admissible under rule 801(d)(2)(E). It is admissible, however, as an implicit statement of B. Garcia's then-existing state of mind, i.e. that he approves of Lujan's work. <u>See</u> Fed. R. Evid. 803(3). |
| Statement 16: "Frederico Munoz part of the committee that sanctioned the hit on Garza and Castillo. Munoz wanted Garza killed for being Los Carnales." | The United States does not offer this statement for its truth under rule 801(d)(2)(E). <u>See</u> Tr. at 81:15-17 (Court, Castellano). |

| | |
|---|---|
| Declarant: Billy Garcia<br><br>Source: Federico Munoz<br><br>Date: On or before March 26, 2001 | |
| Statement 17: "Ben Clark passed around paperwork on Sanchez's cooperation with police. Stating 'everyone who needs to see it has seen it, get rid of it.'"<br><br>Declarant: Ben Clark<br><br>Source: Ruben Hernandez<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 81:18-20 (Court). |
| Statement 18: "Arturo Garcia wrote to Frankie Gonzales that Brian and Raymond Rascon were to take care of the next murder for SNM."<br><br>Declarant: Arturo Garcia<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 19: "Ben Clark put Javier Alonso in charge of making sure Sanchez was killed and told the Rascon brothers to complete the hit."<br><br>Declarant: Ben Clark<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |

| | |
|---|---|
| Statement 20: "Word was sent from the green pod that if Sanchez was not killed, others in the Blue pod would be killed."<br><br>Declarant: FNU [First Name Unknown] LNU [Last Name Unknown]<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). <u>See</u> Tr. at 82:1-3 (Court, Castellano). |
| Statement 21: "Edward Troup was told to go help with Sanchez's murder."<br><br>Declarant: Javier Alonso<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). <u>See</u> Tr. at 82:1-3 (Court, Castellano). |
| Statement 22: "While Edward Troup and Javier Alonso were finishing killing Sanchez, Brian and Raymond Rascon came and asked if they could help."<br><br>Declarant: Brian Rascon and/or Raymond Rascon<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). <u>See</u> Tr. at 82:1-3 (Court, Castellano). |
| Statement 23: "Javier Alonso told the Rascon brothers to keep a look out when the brothers asked if they could help."<br><br>Declarant: Javier Alonso<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). <u>See</u> Tr. at 82:1-3 (Court, Castellano). |

| | |
|---|---|
| Statement 24: "Edward Troup kissed Javier Alonso on the cheek and told him he was proud of him."<br><br>Declarant: Edward Troup<br><br>Source: Javier Alonso | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 25: "After Sanchez was murdered, Edward Troup began telling Ruben Hernandez that he was next."<br><br>Declarant: Edward Troup<br><br>Source: Javier Alonso; Ruben Hernandez<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 26: "Arturo Garcia sent word about Sanchez to Ben Clark."<br><br>Declarant: Arturo Garcia<br><br>Source: Ben Clark, Eric Duran<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 27: "Ben Clark and Arturo Garcia sent several letters about Sanchez to each other."<br><br>Declarant: Arturo Garcia<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 28: "Javier Alonso and Edward Troup were expected to oversee the murder, and Troup told the Rascon brothers to hit Sanchez."<br><br>Declarant: Ben Clark<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 29: "Leonard Lujan told Willie | The United States does not offer this |

| | |
|---|---|
| Amador and Jesse Ibarra to 'handle that' and told Eugene Martinez that 'I'm running this prison now.'"<br><br>Declarant: Leonard Lujan<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 30: "Christopher Chavez heard about the hit on Garza and volunteered to participate in the operation."<br><br>Declarant: Chris Chavez<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 31: "Willie Amador told Eugene Martinez to be lookout during the Garza murder and stated, 'If something happens, you already know.'"<br><br>Declarant: Willie Amador<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:8-13 (Court, Castellano). |
| Statement 32: While strangling Garza someone in the room yelled 'Close the door!'"<br><br>Declarant: Allen Patterson or Christopher Chavez<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:8-13 (Court, Castellano). |

| | |
|---|---|
| Statement 33: "Leonard Lujan approached Eugene Martinez and told him to talk to Willie Amador about the murders."<br><br>Declarant: Leonard Lujan<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. at 82:16-17 (Court, Castellano). |
| Statement 34: "Eugene Martinez asked Billy Garcia and Garcia confirmed the order and said 'it's coming from me' and 'make sure it happens.'"<br><br>Declarant: Billy Garcia<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. at 82:16-17 (Court, Castellano). |
| Statement 35: "Joe Gallegos later informed Leroy Lucero that Lawrence Torres saw and was concerned Torres might snitch."<br><br>Declarant: Joe Gallegos<br><br>Source: Leroy Lucero<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. at 82:16-17 (Court, Castellano). |
| Statement 36: "Edward Troup told Lawrence Torres, 'This has nothing to do with you. Don't come up here.'"<br><br>Declarant: Edward Troup<br><br>Source: Lawrence Torres<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. at 82:8-25 (Court, Castellano). |

| | |
|---|---|
| Statement 37: "Angel Deleon had a scratch on his finger and told a female CO that he cut himself."<br><br>Declarant: Angel Deleon<br><br>Source: Lawrence Torres<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 83:5-12 (Castellano, Court). |
| Statement 38: "Kyle Dwyer came to SNMCF with 'paperwork' on Sanchez."<br><br>Declarant: Kyle Dwyer<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 39: "The 'paperwork' came from the Crazy Town Roswell gang."<br><br>Declarant: Ben Clark<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 40: "Joe Gallegos placed a hit on Gomez because Joe Gallegos feared Gomez would testify against him on a state murder charge."<br><br>Declarant: Shauna Gutierrez and Brandy Rodriguez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |

| | |
|---|---|
| Statement 41: "Upon learning where Gomez was staying, Shauna Gutierrez and Brandy Rodriguez agreed they needed to go after Gomez."<br><br>Declarant: Shauna Gutierrez and Brandy Rodriguez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 42: "Paul Rivera agreed to help with the hit on Gomez."<br><br>Declarant: Paul Rivera<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 43: "You better not testify against my Jefe, or I'll kill you!"<br><br>Declarant: Brandy Rodriguez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 44: "Santos Gonzales also stated he was going to kill  Gomez."<br><br>Declarant: Santos Gonzalez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 45: "Told Shauna Gutierrez they had completed their mission. Shauna Gutierrez laughed and said she was 'happy to hear' Gomez was likely dead."<br><br>Declarant: Brandy Rodriguez, Paul Rivera, Santos Gonzales<br><br>Source: Paul Rivera | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |

| | |
|---|---|
| Date: On or about February 27, 2016 | |
| Statement 46: "Shauna Gutierrez told Santos Gonzalez to move the truck they used to another location and leave it for a few days."<br><br>Declarant: Shauna Gutierrez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 47: "'How come you guys didn't do the job more fully?' after she previously told Rivera, Gonzalez, and Rodriguez to 'Go get him.'<br><br>Declarant: Shauna Gutierrez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 48: "Don't Testify"<br><br>Declarant: Paul Rivera<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 49: "'Paperwork' on Sanchez was delivered from Arturo Garcia to Ben Clark, approving the murder."<br><br>Declarant: Arturo Garcia<br><br>Source: Samuel Gonzalez, John Montano, Javier Rubio<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |

| | |
|---|---|
| Statement 50: "'Cheeky' and 'Coquito' were tasked with the murder of Sanchez but did not want to carry it out."<br><br>Declarant: Cheeky and Coquito<br><br>Source: Samuel Gonzales<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 51: "Javier Alonso asked how to get rid of the marks on his hands from strangling Sanchez."<br><br>Declarant: Javier Alonso<br><br>Source: Samuel Gonzales<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 52: "'That'd be messed up if the paperwork on the guy I just got showed up.' Ben Clark also sent Arturo Garcia a list of names of people in the pod."<br><br>Declarant: Ben Clark<br><br>Source: John Montano<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 53: "Edward Troup and Javier Alonso attempted to hide in John Montano's cell after lock down after the murder of Sanchez."<br><br>Declarant:  Edward  Troup  and Javier Alonso<br><br>Source: John Montano<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |

| | |
|---|---|
| Statement 54: "Jimmie Gordon was asked to get information on Garza from Geraldine Martinez."<br><br>Declarant: Jimmie Gordon<br><br>Source: Jimmie Gordon<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 55: "Brandy Rodriguez kicked Gomez and said, 'This is a message from Joe!'"<br><br>Declarant: Brandy Rodriguez<br><br>Source: Paul Rivera<br><br>Date: On or about February 27, 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 56: "Shauna Gutierrez stated she is 'ride or die' with Joe Gallegos, after admitting that she and Joe Gallegos put a hit on Brandy Rodriguez based on the belief Rodriguez was a cooperator."<br><br>Declarant: Shauna Gutierrez<br><br>Source: Paul Rivera<br><br>Date: On or about November 2016 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:19-21 (Court). |
| Statement 57: "Christopher Chavez asked 'Is this right?' in reference to the Garza murders and Leroy Lucero said 'you got to do what you got to do.'"<br><br>Declarant: Christopher<br><br>Chavez Source: Leroy Lucero<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 83:23-84:1 (Court). |

| | |
|---|---|
| Statement 58: "Javier Alonso asked if the marks on his hands were noticeable."<br><br>Declarant: Javier Alonso<br><br>Source: John Montano<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 59: "Ordered the surveillance cameras covered."<br><br>Declarant: Edward Troup and/or Jesse Trujillo<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 60: "'Now hurry Bolo now you know what time it is.' (In reference to covering the cameras.)"<br><br>Declarant: Jesse Trujillo<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 61: "Just stay there and don't let no one in, use your crutch to block the door if you have to."<br><br>Declarant: Jesse Trujillo<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |

| | |
|---|---|
| Statement 62: "'Ya stuvo (all done) take them off.' (In reference to the camera covers.)"<br><br>Declarant: Jesse Trujillo<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 63: "Kyle asked Ruben Hernandez to take something to Samuel Gonzales and to tell Samuel Gonzales 'that was all he had.'"<br><br>Declarant: Kyle Dwyer<br><br>Source: Ruben Hernandez<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 64: "Samuel Gonzales asked if Sanchez was dead, then again asked 'For real is he dead?'"<br><br>Declarant: Samuel Gonzales<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 65: "'Chicky' was cutting his sleeves off and asked Ruben Hernandez to hang up his wet sleeves."<br><br>Declarant: "Chicky"<br><br>Source: John Montano<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |

| | |
|---|---|
| Statement 66: "Edward Troup told 'Chicky' to cut his sleeves in small pieces or give the sleeves to someone next door."<br><br>Declarant: Edward Troup<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 67: "First thing in the morning we need you to move the body in the fetal position and wipe down the toilet."<br><br>Declarant: Brian Rascon and/or Edward Troup<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 68: "'That's what we are all asking of you.' (Told to Ruben Hernandez when he didn't want to clean the cell.)"<br><br>Declarant: Brian Rascon<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 69: "'Not [sic] that's an order, you already know what time it is.' (Told to Ruben Hernandez when he continued to not want to clean the cell.)"<br><br>Declarant: Brian Rascon<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 70: "Ruben Hernandez asked if he was next for refusing to clean the cell and Brian Rascon said 'no, if the door is closed what can you do?'" | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |

| | |
|---|---|
| Declarant: Brian Rascon<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | |
| Statement 71: "'You're next mother fucker.' Said to Ruben Hernandez as they passed each other."<br><br>Declarant: Edward Troup<br><br>Source: Ruben Hernandez<br><br>Date: On or before June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 72: "We better be ready for hell cause we we're fixing to go through hell."<br><br>Declarant: Jesse Trujillo<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 73: Edward Troup stated that it was every man for themselves and if you can get a plea bargain for 15 or less do it but 'no fucking ratting,' 'that's a no no.'"<br><br>Declarant: Brian Rascon<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 74: "Go wipe down the toilet, don't worry about moving the body."<br><br>Declarant: Brian Rascon<br><br>Source: Ruben Hernandez<br><br>Date: On or about June 17, 2007 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  See Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 75: Leroy Lucero is a government witness. Lucero indicates | This statement is not admissible for its truth against members of the conspiracy under rule |

| | |
|---|---|
| Chavez and Joe Gallegos admitted involvement in the murder of Garza to him as did others. It is unknown whether Chavez and Gallegos implicated B. Garcia.<br><br>Declarant: Christopher Chavez, Joe Gallegos<br><br>Source: Leroy Lucero<br><br>Date: unknown | 801(d)(2)(E). <u>See</u> Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 76: Fred Quintana is a government witness. Quintana indicates both Troup and Chavez admitted to involvement in the 2001 murders. It is unknown whether Chavez and Gallegos implicated B. Garcia.<br><br>Declarant: Edward Troup, Christopher<br><br>Chavez Source: Fred Quintana<br><br>Date: unknown | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. 84:2-5 (Court)("So I'm going all the way over now to 77."). |
| Statement 77: Ben Clark is a witness for the government. Clark indicated Angel Deleon, Troup and Joe Gallegos confessed their involvement in the 2001 murders to him and that one or both may have indicated that B. Garcia called the hit.<br><br>Declarant: Angel Deleon, Edward Troup, Joe Gallegos<br><br>Source: Ben Clark Date: 2004 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. 84:3-7 (Court, Castellano). |
| Statement 78: Leonard Lujan told Michael Jaramillo that Billy Garcia told Lujan to find people to murder Frank Castillo and Lujan chose Jaramillo, Joe Gallegos, and Angel Deleon<br><br>Declarant: Leonard Lujan<br><br>Source: Michael Jaramillo | This statement is really two statements: (i) that Billy Garcia told Lujan to find people to murder Frank Castillo and Lujan chose Jaramillo, Joe Gallegos, and Angel DeLeon; and (ii) that Leonard Lujan told Michael Jaramillo what Billy Garcia said.<br><br>Statement (i), the underlying statement, is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. |

| | |
|---|---|
| Date: On or before March 26, 2001 | 84:10-85:10 (Court, LeBlanc, Castellano).<br><br>Statement (ii), that Lujan told Jaramillo about statement (i), is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. 84:10-85:10 (Court, LeBlanc, Castellano). |
| Statement 79: Leonard Lujan told Michael Jaramillo to discuss details with Joe Gallegos.<br><br>Declarant: Leonard Lujan<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. 85:10-11 (Court). |
| Statement 80: Leonard Lujan told Michael Jaramillo that Jaramillo was going to have to "put in work" for the SNM, and to speak with Joe Gallegos and Angel DeLeon about it.<br><br>Declarant: Leonard Lujan<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. 85:12-18 (Court, LeBlanc, Castellano). |
| Statement 81: Joe Gallegos told Michael Jaramillo and Angel DeLeon that they would wait for an anticipated heroin delivery before killing Castillo.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). |
| Statement 82: Once the heroin came in, Joe Gallegos called Michael Jaramillo and Angel DeLeon to his cell to order the murder of Castillo to take place in the morning.<br><br>Declarant: Joe Gallegos | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E). |

| | |
|---|---|
| Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | |
| Statement 83: Joe Gallegos told Michael Jaramillo and Angel DeLeon that the plan was go [sic] the Castillo cell when the doors open in the morning and use heroin with Castillo and then "take him out."<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. 86:12-18 (Court, LeBlanc, Castellano). |
| Statement 84: Joe Gallegos told Michael Jaramillo and Angel DeLeon that Gallegos's family would pay for an attorney if they got in trouble.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | If the United States establishes that this statement was made before the conspiracy ended, see FOF 4 supra, then this statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).<br><br>If the United States does not establish that this statement was made before the conspiracy ended, see FOF 4 supra, then this statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. 88:1-89:9 (Court, LeBlanc, Castellano). |
| Statement 85: Joe Gallegos told Michael Jaramillo and Angel DeLeon to refuse DNA testing if the police requested it.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. 89:10-17 (Court, Castellano, LeBlanc). |
| Statement 86: Joe Gallegos told Angel DeLeon, in the presence of Michael Jaramillo, that he was to hold Castillo down as he took a hit of heroin.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See Tr. 89:18-19 (Court, Castellano). |

| | |
|---|---|
| Statement 87: Joe Gallegos told Michael Jaramillo, in [the] presence of Angel DeLeon, that he was to "choke out" Castillo while Gallegos and DeLeon held Castillo down.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See   Tr.  89:20-25  (Court, Castellano, LeBlanc). |
| Statement 88: Joe Gallegos, in the presence of Michael Jaramillo and Angel DeLeon, called Edward Troup over to Gallegos's cell and told Troup to be the lookout during the murder and to keep everybody in their cell during the murder.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See   Tr.  89:20-25  (Court, Castellano, LeBlanc). |
| Statement 89: Joe Gallegos, in the presence of Michael Jaramillo and Angel DeLeon, told Jaramillo that he was going to have Edward Troup act as a lookout during the murder.<br><br>Declarant: Joe Gallegos<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See   Tr.   90:1-4   (Court, LeBlanc). |
| Statement 90: Edward Troup voiced his agreement to be the lookout during the murder and to keep everybody in their cell during the murder.<br><br>Declarant: Edward Troup<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).   See   Tr.   90:1-4   (Court, LeBlanc). |

| | |
|---|---|
| Statement 91: Joe Gallegos gave Michael Jaramillo the heroin.<br><br>Declarant: Edward Troup<br><br>Source: Michael Jaramillo<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. 90:9-12 (Court, Castellano). |

**IT IS ORDERED** that the United States' Notice of Proposed <u>James</u> Statements, filed January 8, 2021 (Doc. 3228) is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Acting United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Ryan Ellison
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Heather M. LeBlanc
Bailey, LeBlanc & Lane, P.C.
Albuquerque, New Mexico

--and--

Sarah M. Gorman
Law Offices of Robert D. Gorman
Albuquerque, New Mexico

     *Attorneys for Defendant Angel DeLeon*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russell Dean Clark
Las Cruces, New Mexico

    *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Robert R. Cooper Law Firm
Albuquerque, New Mexico

    *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

    *Attorney for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck Law Firm
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

Eduardo Solis
Law offices of Eduardo Solis
El Paso, Texas

--and--

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
The Law Office of Orlando Mondragon
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, Attorney at Law
Denver, Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Laura E. Udall
Cooper & Udall Law Offices
Tucson, Arizona

--and--

Scott Moran Davidson
Law Offices of Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Billy Blackburn Law Office
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

--and--

León Encinias
León Felipe Encinias, Attorney at Law
Albuquerque, New Mexico

    *Attorneys for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

     *Attorneys for Defendant Mario Rodriguez*

Steven Lorenzo Almanza
Las Cruces, New Mexico

--and--

Ray Velarde
El Paso, Texas

     *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

     *Attorneys for Defendant Mauricio Varela*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

     *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

--and--

Kimberly S. Bruselas-Benavidez
Albuquerque, New Mexico

     *Attorneys for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

     *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
CJM Law Firm
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Marcia J. Milner Attorney at Law
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Adams & Bischoff, L.L.C.
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
William R. Maynard Attorney at Law
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Justine Fox-Young Attorney at Law
Albuquerque, New Mexico

--and--

Ryan J. Villa
Law Office of Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Donavon A. Roberts
Donavon A. Roberts Attorney at Law
Albuquerque, New Mexico

--and--

Lisa Torraco
Lisa Torracco Attorney at Law
Albuquerque, New Mexico

    *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson
Albuquerque, New Mexico

    *Attorney for Defendant Santos Gonzalez*

Keith R. Romero
Keith R. Romero, Attorney and Counselor at Law
Albuquerque, New Mexico

 *Attorney for Paul Rivera*

Angela Arellanes
Angela Arellanes Attorney at Law
Albuquerque, New Mexico

 *Attorney for Defendant Shauna Gutierrez*

Jerry A. Walz
Alfred D. Creecy
Samuel Winder
Walz and Associates
Albuquerque, New Mexico

 *Attorneys for Defendant Brandy Rodriguez*